# Exhibit A

## ORDINANCE

**WHEREAS**, A recent study by the Centers for Disease Control and Prevention found that in the United States there were 30,896 deaths from firearms in 2006, making firearms one of the top ten causes of death in the country; and

**WHEREAS**, Annually, more than 100,000 people in our nation are shot or killed with a firearm, with more than 3,000 of these victims being children or teenagers; and

**WHEREAS**, The United States is one of the few remaining developed nations that places only a minimal restrictions on the sale or possession of firearms; and

**WHEREAS**, Firearm-related injuries and deaths are the cause of significant social and economic costs to the City and our communities and have a severe impact on our criminal justice and health care systems; and

**WHEREAS**, In 2009, in the City there were 1,815 aggravated batteries with a firearm, of which 83 were shootings inside a residence, and there were 379 murders with a firearm, of which 34 were murders involving a firearm inside a home; and

**WHEREAS**, Between the beginning of this year and June, 15, 2010, there were 742 aggravated batteries with a firearm, of which 36 took place inside a residence, and 152 murders with a firearm, of which 19 were inside a residence; and

**WHEREAS**, Given the dangerous and deadly nature of handguns, in 1982 the City of Chicago enacted a ban on registering handguns as a method to protect public safety and the health and welfare of its residents; and

**WHEREAS**, In 2008, the Supreme Court of the United States decided the case of *District of Columbia v. Heller*, which held that the Second Amendment to the United States Constitution protects an individual right to possess a firearm unconnected with service in the militia; and

**WHEREAS**, After the *Heller* decision, the City's handgun registration ban was challenged in the case of *McDonald v. the City of Chicago*; and

**WHEREAS**, On June 28, 2010, the Supreme Court issued its opinion in the *McDonald* case and ruled that the Second Amendment's right to possess a handgun for self-defense in the home also applied to the states; and

**WHEREAS**, Although the State of Illinois has already enacted several laws to regulate the sale and possession of firearms, these laws are not sufficient to protect the City from the unique and heightened risk of firearm violence, especially handgun violence, endemic in densely populated urban areas, and

**WHEREAS**, In order to provide for the ongoing protection of the public welfare and safety, it is essential for the City Council of the City of Chicago to promptly pass an ordinance that provides for reasonable regulation of firearms in compliance with the rulings of the United States Supreme Court, but still is effective in protecting the public from the potentially deadly consequences of gun violence in our City; and

**WHEREAS**, When a gun is registered with the City, certain personal identifying information, such as the registrant's address, is obtained so that a first responder can be advised that a gun is present in that home. In order to protect the privacy and safety of people registering guns, any information provided in the registration procedure should not be available to the public. The City is requesting that Illinois Attorney General Lisa Madigan issue an opinion, as expeditiously as possible, on whether the information provided to the City for gun registration is exempt from disclosure under the Illinois Freedom of Information Act, 5 ILCS 140, et seq.; and

**WHEREAS**, As a consequence of the United States Supreme Court decisions in *Heller* and *McDonald*, it is anticipated that gun ownership in many communities, including large urban areas, will increase. To ensure public safety and the welfare of a community, it is essential that local law enforcement agencies be made aware of any gun brought into their jurisdictions. Therefore, the United States Congress must pass a law mandating that the Bureau of Alcohol, Tobacco, Firearms and Explosives timely notify a local law enforcement agency of any purchase or sale of a firearm by a resident of that community; and

**WHEREAS**, In addition, the ability to have handguns in a home will expose taxpayers to greater costs and expenses associated with the increased number of incidents involving a first responder entering a home where a gun is present. In order to minimize the impact of these costs to the taxpayers, the United States Congress and the State of Illinois must pass laws that grant immunity for the City and its first responders from any civil liability for any accidental or lawfully intentional actions by the first responders in responding to a situation in a home where a gun is present and the first responder perceives a danger caused by the presence of the gun; now, therefore,

## BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF CHICAGO:

**SECTION 1.** Chapter 2-14 of the Municipal Code of Chicago is hereby amended by deleting the language struck through, and by adding the language underscored, as follows:

**2-14-132 Impoundment.**
(1) Whenever the owner of a vehicle seized and impounded pursuant to Sections 3-46-076, 3-56-155, 4-68-195, 9-80-220 or 9-112-555 of this Code (for purposes of this section, the "status-related offense sections"), or Sections 7-24-225, 7-24-226, 7-28-390, 7-28-440, 7-38-115(c-5), 8-4-130, 8-8-060, 8-20-015, 8-20-070, 9-12-090, 9-76-145, 9-80-240, 9-92-035, 11-4-1410, 11-4-1500 or 15-20-270 of this Code (for purposes of this section, the "use-related offense sections") requests a preliminary hearing in person and in writing at the department of administrative hearings, within 15 days after the vehicle is seized and impounded, an administrative law officer of the department of administrative hearings shall conduct such preliminary hearing within 48 hours of request, excluding Saturdays, Sundays and legal holidays, unless the vehicle was seized and impounded pursuant to Section 7-24-225 and the department of police determines that it must retain custody of the vehicle under the applicable state or federal forfeiture law. If, after the hearing, the administrative law officer determines that there is probable cause to believe that the vehicle was used in a violation of this Code for which seizure and impoundment applies, or, if the impoundment is pursuant to Section 9-92-035, that the subject vehicle is eligible for impoundment under that section, the administrative law officer shall order the continued impoundment of the vehicle as provided in this section unless the owner of the vehicle pays to the city the amount of the administrative penalty prescribed for the code violation plus fees for towing and storing the vehicle. If the vehicle is also subject to immobilization for unpaid parking and/or compliance violations, the owner of the vehicle must also pay the amounts due for all such outstanding violations prior to the release of the vehicle. If the administrative law officer determines

there is no such probable cause, or, if the impoundment is pursuant to Section 9-92-035, that the subject vehicle has previously been determined not to be eligible for impoundment under that section, the vehicle will be returned without penalty or other fees.

*(omitted text is unaffected by this ordinance)*

**2-14-190  Municipal hearings division – Jurisdiction.**
(a)     The department of administrative hearings is authorized to establish a system of administrative adjudication for the enforcement of all provisions of the Municipal Code that are not adjudicated by the vehicle, buildings, environmental safety or consumer affairs hearings divisions, except that it shall not adjudicate violations of the following chapters and sections: chapter 4-92 (Massage Establishments and Massage Services); chapter 4-144 (Weapons); and Section 7-28-190 (Health Nuisances – Throwing Objects into Roadways); chapter 8-20 (Weapons), other than Section 8-20-015 (Unlawful Firearm in Motor Vehicle – Impoundment); and chapter 8-24 (Firearms and Other Weapons).

*(omitted text is unaffected by this ordinance)*

SECTION 2.  Chapter 2-84 of the Municipal Code of Chicago is hereby amended by adding a new section 2-84-075, as follows:

**2-84-075 Sale of firearms and ammunition authorized by the superintendent.**
Notwithstanding any other provision of this code to the contrary, the superintendent may authorize the sale of firearms or ammunition by a person issued a federal firearms license to a member of the police department, if that member is authorized to carry such firearm or ammunition. Such sales shall be conducted at department of police facilities.

SECTION 3.  Title 4 of the Municipal Code of Chicago is hereby amended by adding a new section 4-144-065, by adding the language underscored, and by deleting the language struck through, as follows:

**4-144-010  License – Required.**
It shall be unlawful for any person to engage in the business of selling, or to sell, or give away or otherwise transfer, any pistol, revolver or other firearm, dagger, stiletto, billie, derringer, bowie knife, dirk, stun gun or taser, as defined in Section 24-1 of the Illinois Criminal Code, 720 ILCS 5/24-1, or other deadly weapon which can be carried or concealed on the person, or any ammunition, as that term is defined in Section 8-20-010, without securing a weapons dealer license. The license required by this chapter shall be in addition to any other license required by law.  It shall be unlawful for any person licensed under this chapter to engage in the business of selling, or to sell, give away or otherwise transfer, any firearm as that term is defined in Section 8-20-010.

**4-144-061  Sale of certain handgun ammunition prohibited.**
Except as allowed by section 8-20-100(e) subsection (e) of Section 8-20-170 of this Code, it shall be unlawful for any person to sell, offer for sale, expose for sale, barter or give away to any person within the city, any armor piercing or .50 caliber ammunition of the following calibers and types:

.45 automatic
.380 automatic
.38 special

.357 magnum
.25 caliber
.22 caliber, including .22 long
9 millimeter

Any other ammunition, regardless of the designation by the manufacturer, distributor or seller, that is capable of being used as a substitute for any of the foregoing.

**4-144-062  Sale of ammunition to minors-prohibited. handguns without childproofing or safety devices prohibited.**

No person licensed under this chapter shall sell or otherwise transfer any ammunition to a person who is under the age of 18.

Except as allowed by subsection (e) of Section 8-20-170 of this Code, it shall be unlawful for any person to sell, barter or give away to any person any handgun which does not contain:
(1)    A safety mechanism to hinder the use of the handgun by unauthorized users. Such devices shall include, but shall not be limited to, trigger locks, combination handle locks, and solenoid use-limitation devices, and
(2)    A load indicator device that provides reasonable warning to potential users such that users even unfamiliar with the weapon would be forewarned and would understand the nature of the warning.

Safety mechanism means a design adaption or nondetachable accessory that lessons the likelihood of unanticipated use of the handgun by other than the owner of the handgun and those specifically authorized by the owner to use the handgun.

A trigger lock means a device that when locked in place by means of a key, prevents a potential user from pulling the trigger of the handgun without first removing the trigger lock by use of the trigger lock's key.

A combination handle lock means a device that is part of the handgun which precludes the use of the handgun unless the combination tumblers are properly aligned.

A solenoid use-limitation device means a device which precludes, by use of a solenoid, the firing of the handgun unless a magnet of the appropriate strength is placed in proximity to the handle of the weapon.

A load indicator means a device which plainly indicates that a bullet is placed in the handgun in a way that pulling the trigger or otherwise handling the handgun may result in detonation.

**4-144-065 Sale of metal piercing bullets.**

No person licensed under this chapter shall sell, offer for sale, expose for sale, barter, give away or otherwise transfer any metal piercing bullets, as that term is defined in section 8-20-010.

**SECTION 4.**  Chapter 8-20, Articles I and II, section 8-20-010 through and including section 8-20-260 of the Municipal Code of Chicago are deleted in their entirety and replaced with the following language;

**ARTICLE I.  DEFINITIONS.**

- 4 -

**8-20-010 Definitions:**

For purposes of this chapter the following terms shall apply:

"The Act" means the Illinois Firearm Owners Identification Card Act, 430 ILCS 65/1 et seq., as amended.

"Ammunition" means any self-contained cartridge or shotgun shell, by whatever name known, which is designed to be used or adaptable to use in a firearm; excluding however;
> (1) any ammunition used exclusively for line-throwing, signaling, or safety and required or recommended by the United States Coast Guard or Interstate Commerce Commission; or
> (2) any ammunition designed exclusively for use with a stud or rivet driver or other similar industrial ammunition.

"Antique firearm" has the same meaning ascribed to that term in 18 U.S.C. § 921(a)(16).

"Assault weapon" means:
(1) A semiautomatic rifle that has the ability to accept a detachable magazine and has one or more of the following:
> (i)   a folding or telescoping stock
> (ii)  a handgun grip which protrudes conspicuously beneath the action
> (iii) a bayonet mount
> (iv)  a flash suppressor or a barrel having a threaded muzzle
> (v)   a grenade launcher; or

(2) A semiautomatic shotgun that has one or more of the following:
> (i)   a folding or telescoping stock
> (ii)  a handgun grip which protrudes conspicuously beneath the action
> (iii) a fixed magazine capacity in excess of 5 rounds
> (iv)  an ability to accept a detachable magazine; or

(3) A semiautomatic handgun that has an ability to accept a detachable magazine and has one or more of the following:
> (i)   an ammunition magazine that attaches to thehandgun outside thehandgun grip
> (ii)  a barrel having a threaded muzzle
> (iii) a shroud that is attached to, or partially or completely encircles the barrel, and permits the shooter to hold the firearm with the non-trigger hand without being burned;
> (iv)  a manufactured weight of 50 ounces or more when the handgun is unloaded
> (v)   a semiautomatic version of an automatic firearm.

"Chicago Firearm Permit" or "CFP" means the permit issued by the City which allows a person to possess a firearm.

"Corrections officer" means wardens, superintendents and keepers of prisons, penitentiaries, jails and other institutions for the detention of persons accused or convicted of an offense.

"Department" means the department of police.

"Dwelling unit" has the same meaning ascribed to that term in section 17-17-0248.

"Duty-related firearm" shall mean any firearm which is authorized by any law enforcement agency or employer to be utilized by their personnel in the performance of their official duties.

"Firearm" means any device, by whatever name known, which is designed or restored to expel a projectile or projectiles by the action of any explosive, expansion of gas or escape of gas. Provided, that such term shall not include:

    (1) any pneumatic gun, spring gun, paint ball gun or B-B gun which either expels a single globular projectile not exceeding .18 inch in diameter and which has a maximum muzzle velocity of less than 700 feet per second or breakable paint balls containing washable marking colors;

    (2) any device used exclusively for line-throwing, signaling, or safety and required or recommended by the United States Coast Guard or Interstate Commerce Commission; or

    (3) any device used exclusively for firing explosives, rivets, stud cartridges, or any similar industrial ammunition.

"Firearm case" means any firearm case, carrying box, shipping box or other similar container that is designed for the safe transportation of the firearm.

"FOID" means the Firearm Owner's Identification Card issued pursuant to the Act.

"Handgun" means a firearm designed to be held and fired by the use of a single hand, and includes a combination of parts from which such firearm can be assembled.

"High capacity magazine" means any ammunition magazine having a capacity of more than 12 rounds of ammunition.

"Home" means the inside of a person's dwelling unit which is traditionally used for living purposes, including the basement and attic. A "home" does not include: (i) any garage, including an attached garage, on the lot; (ii) any space outside the dwelling unit, including any stairs, porches, back, side or front yard space, or common areas; or (iii) any dormitory, hotel, or group living, as that term is defined in section 17-17-0102-A.

"Laser sight accessory" means a laser sighting device which is either integrated into a firearm or capable of being attached to a firearm.

"Lawful transportation" means the transportation of a firearm by a person:

    (1) in compliance with section 8-20-090; or

    (2) who has a valid FOID card, a CFP and firearm registration certificate, if applicable, and the firearm is: (i) broken down in a nonfunctioning state; (ii) not immediately accessible; and (iii) unloaded and in a firearm case.

"Long gun" means any firearm, other than a handgun.

"Machine gun" means any firearm which can fire multiple rounds of ammunition by a single function of the firing device or one press of the trigger.

"Metal piercing bullet" means any bullet that is manufactured with other than a lead or lead alloy core, or ammunition of which the bullet itself is wholly composed of, or machined from, a metal or metal alloy other than lead, or any other bullet that is manufactured to defeat or penetrate bullet resistant properties of soft body armor or any other type of bullet resistant clothing which meets the minimum requirements of the current National Institute for Justice Standards for "Ballistic

Resistance of Police Body Armor."

"Organization" means partnership, company, corporation or other business entity, or any group or association of two or more persons united for a common purpose.

"Peace officer" means any person who by virtue of his office or public employment is vested by law with a duty to maintain public order or make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses.

"Retired department police officer" means a person who is retired from the department in good standing and without any disciplinary charges pending, and who is, or is eligible to become, an annuitant of the Policemen's Annuity and Benefit Fund of the City of Chicago.

"Sawed-off shotgun" means a shotgun having one or more barrels less than 18 inches in length and any weapon made from a shotgun, whether by alteration, modification or otherwise, if such weapon, as modified, has an overall length of less than 26 inches.

"Security personnel" means special agents employed by a railroad or public utility to perform police functions, guards of armored car companies, watchmen, security guards or persons regularly employed in a commercial or industrial operation for the protection of persons employed by, or property related to, such commercial or industrial operation; and watchmen while in the performance of the duties of their employment.

"Short-barreled rifle" means a rifle having one or more barrels less than 16 inches in length, and any weapon made from a rifle, whether by alteration, modification, or otherwise, if such weapon, as modified, has an overall length of less than 26 inches.

"Superintendent" means the superintendent of the department or his designated representative.

"Safety mechanism" means a design adaption or nondetachable accessory that lessens the likelihood of unanticipated use of the handgun.

"Trigger lock" means a device that when locked in place by means of a key, prevents a potential user from pulling the trigger of the firearm without first removing the trigger lock by use of the trigger lock's key.

"Unregisterable firearm" means any firearm listed in section 8-20-170.

"Unsafe handgun" means any handgun that is listed on the superintendent's roster of unsafe handguns because, in the determination of the superintendent, the handgun is unsafe due to its size, ability to be concealed, detectability, quality of manufacturing, quality of materials, ballistic accuracy, weight, reliability, caliber, or other factors which makes the design or operation of the handgun otherwise inappropriate for lawful use.

"Violent crime" has the same meaning ascribed to that term in the Rights of Crime Victims and Witnesses Act, 725 ILCS 120/1, et seq., as amended.

## ARTICLE II. POSSESSION OF FIREARMS

## 8-20-020 Unlawful possession of handguns.

- 7 -

(a) It is unlawful for any person to carry or possess a handgun, except when in the person's home.

(b) The provisions of this section shall not apply to:

(1) peace officers, and any person summoned by a peace officer to assist in making arrests or preserving the peace, while assisting such officer;

(2) corrections officers while in the performance of their official duty, or while commuting between their homes and places of employment;

(3) members of the Armed Services or Reserve Forces of the United States or the Illinois National Guard or the Reserve Officers Training Corps, while in the performance of their official duty;

(4) security personnel;

(5) persons licensed as private security contractors, private detectives, or private alarm contractors, or employed by an agency certified by the Illinois Department of Professional Regulation;

(6) persons regularly employed in a commercial or industrial operation as a security guard for the protection of persons employed and private property related to such commercial or industrial operation, while in the performance of their duties or traveling between sites or properties belonging to the employer, and who, as a security guard, is registered with the Illinois Department of Professional Regulation;

(7) persons employed by a financial institution for the protection of other employees and property related to such financial institution, while in the performance of their duties, commuting between their homes and places of employment, or traveling between sites or properties owned or operated by such financial institution;

(8) persons employed by an armored car company to drive an armored car, while in the performance of their duties;

(9) persons who have been classified as peace officers pursuant to the Peace Officer Fire Investigation Act;

(10) investigators of the Office of the State's Attorneys Appellate Prosecutor authorized by the board of governors of the Office of the State's Attorneys Appellate Prosecutor to carry weapons pursuant to Section 7.06 of the State's Attorneys Appellate Prosecutor's Act;

(11) special investigators appointed by a State's Attorney under Section 3-9005 of the Counties Code;

(12) probation officers while in the performance of their duties, or while commuting between their homes, places of employment or specific locations that are part of their assigned duties, with the consent of the chief judge of the circuit for which they are employed;

(13) court security officers while in the performance of their official duties, or while

commuting between their homes and places of employment, with the consent of the sheriff;

(14) persons employed as an armed security guard at a nuclear energy, storage, weapons or development site or facility regulated by the Nuclear Regulatory Commission who have completed the background screening and training mandated by the rules and regulations of the Nuclear Regulatory Commission;

(15) duly authorized military or civil organizations while parading, with the special permission of the Governor;

(16) persons engaged in the manufacture, transportation, or sale of firearms to persons authorized under this subsection to possess those firearms;

(17) a person while engaged in the lawful transportation of a firearm.

## 8-20-030 Unlawful possession of long guns.

(a) It is unlawful for any person to carry or possess a long gun, except when in the person's home or fixed place of business.

(b)  The provisions of this section shall not apply to:
(1) any person listed in section 8-20-020(b); or
(2) any duly licensed hunter who has a valid FOID card, a CFP and firearm registration certificate, while engaged in hunting in an area where hunting is permitted.

## 8-20-035 Unlawful possession of unregisterable firearms.

(a) It is unlawful for any person to carry or posses any unregisterable firearm.

(b)  The provisions of this section shall not apply to corrections officers, members of the armed forces of the United States, or the organized militia of this or any other state, and peace officers, to the extent that any such person is otherwise authorized to acquire or possess assault weapons, and is acting within the scope of his duties, or to any person while engaged in the manufacturing, transportation or sale of assault weapons to people authorized to possess them under this section.

(c)  Notwithstanding the provisions of subsection (a), those firearms listed in section 8-20-170(a) may be possessed and used by the department for training and tactical operation, as authorized by the superintendent.

(d)  Any firearm carried or possessed in violation of this section is hereby declared to be contraband and shall be seized by and forfeited to the city.

## 8-20-040 Firearms kept or maintained in a home.

Subject to section 8-20-050, every person who keeps or possesses a firearm in his home shall keep no more than one firearm in his home assembled and operable.  If more than one person in the home has a valid CFP and registration certificate, each person with a valid CFP and registration certificate is entitled to have one such firearm assembled and operable in the home. All other firearms kept or possessed by that person in his home shall be broken down in a nonfunctioning state or shall have a trigger lock or other mechanism, other than the firearm safety mechanism, designed to render the firearm temporarily inoperable.

The provisions of this section shall not apply to peace officers.

**8-20-050 Firearms- Protection of minors.**
(a) It is unlawful for any person to keep or possess any firearm or ammunition in his home if the person knows or has reason to believe that a minor under the age of 18 years is likely to gain access to the firearm or ammunition, unless:

> (1) the person is physically present in the home and the firearm is either being held by the person or is physically secured on the person's body;

> (2) the firearm is secured by a trigger lock or other mechanism, other than the firearm safety mechanism, designed to render a firearm temporarily inoperable; or

> (3) the firearm and ammunition are placed in a securely locked box or container.

(b) No person shall be punished for a violation of this section under the following circumstances:

> (1) if the minor gains access to the firearm and uses it in a lawful act of self-defense or defense of another; or

> (2) if the minor gains access to the firearm because of an unlawful entry of the premises by the minor or another person.

The provisions of this section shall not apply to peace officers.

**8-20-060 Possession of a laser sight accessory, firearm silencer or muffler.**
(a) It is unlawful for any person to carry, possess, display for sale, sell or otherwise transfer any laser sight accessory, or a firearm silencer or muffler.

(b) The provisions of this section shall not apply to any members of the armed forces of the United States, or the organized militia of this or any other state, or peace officers, to the extent that any such person is otherwise authorized to acquire or possess a laser sight accessory, or firearm silencer or muffler, and is acting within the scope of his duties.

(c) Any laser sight accessory, or firearm silencer or muffler, carried, possessed, displayed or sold in violation of this section is hereby declared to be contraband and shall be seized by and forfeited to the city.

**8-20-070 Unlawful firearm, laser sight accessory, or firearm silencer or muffler in a motor vehicle – Impoundment.**
(a) The owner of record of any motor vehicle that contains a firearm registered to a person who is not the driver or occupant of the vehicle, an unregistered firearm, a firearm that is not being lawfully transported, an unregisterable firearm, a laser sight accessory, or a firearm silencer or muffler, shall be liable to the city for an administrative penalty of $1,000.00 plus any towing and storage fees applicable under Section 9-92-080. Any such vehicle shall be subject to seizure and impoundment pursuant to this section.

(b) Whenever a police officer has probable cause to believe that a vehicle is subject to seizure and impoundment pursuant to this section, the police officer shall provide for the towing of the vehicle to a facility controlled by the city or its agents. Before or at the time the vehicle is towed,

the police officer shall notify any person identifying himself as the owner of the vehicle at the time of the alleged violation, of the fact of the seizure and of the vehicle owner's right to request a vehicle impoundment hearing to be conducted under Section 2-14-132 of this Code.

(c)  The provisions of Section 2-14-132 shall apply whenever a motor vehicle is seized and impounded pursuant to this section.

### 8-20-080 Possession of ammunition.
(a) It is unlawful for any person to carry or possess any ammunition in the city, unless the person:

> (1)  has a valid CFP and registration certificate for a firearm of the same gauge or caliber as the ammunition possessed, and while in possession of the ammunition, has the CFP and registration certificate in his possession when he is not in his home, or, when he is in his home, has the CFP and registration certificate readily available in his home; or

> (2)  is a licensed weapons dealer; or

> (3)  is a person listed in section 8-20-020(b).

(b) Any ammunition carried or possessed in violation of this section is hereby declared to be contraband and shall be seized by and forfeited to the city.

### 8-20-085  High capacity magazines and metal piercing bullets – Sale and possession prohibited – Exceptions.
(a) It is unlawful for any person to carry, possess, sell, offer or display for sale, or otherwise transfer any high capacity magazine or metal piercing bullets.  This section shall not apply to corrections officers, members of the armed forces of the United States, or the organized militia of this or any other state, and peace officers, to the extent that any such person is otherwise authorized to acquire or possess metal piercing bullets, and is acting within the scope of his duties, or to any person while in the manufacturing, transportation or sale of high capacity magazines or metal piercing bullets to people authorized to possess them under this section.

(b)  Any high capacity magazine or metal piercing bullets carried, possessed, displayed, sold or otherwise transferred in violation of this section is hereby declared to be contraband and shall be seized by and forfeited to the city.

### 8-20-090 Interstate transportation of firearms.
It shall not be a violation of this chapter if a person transporting a firearm or ammunition while engaged in interstate travel is in compliance with 18 U.S.C.A. §926A.  There shall be a rebuttable presumption that any person within the city for more than 24 hours is not engaged in interstate travel, and is subject to the provisions of this chapter.

### 8-20-100 Permissible sales and transfers of firearms and ammunition.
(a)  Except as authorized by subsection (e) and section 2-84-075, no firearm may be sold, acquired or otherwise transferred within the city, except through inheritance of the firearm.

(b)  No ammunition may be sold or otherwise transferred within the city, except through a licensed weapons dealer, or as otherwise allowed by this code.

(c)  No firearm or ammunition shall be security for, or be taken or received by way of any mortgage, deposit, pledge or pawn.

(d)  No person may loan, borrow, give or rent to or from another person, any firearm or ammunition except in accordance with this chapter.

(e)  Notwithstanding any other provision of this section, a peace officer may sell or transfer any lawfully held firearm or ammunition to another peace officer in accordance with the other provisions of this chapter.

### ARTICLE III.  PERMITS FOR AND REGISTRATION OF FIREARMS.

#### 8-20-110 CFP-Required

(a)  Subject to subsection (d), it is unlawful for any person to carry or possess a firearm without a CFP.

(b)  No CFP application shall be approved unless the applicant:

(1)  is 21 years of age or older; provided that an application of a person 18 years or older but less than 21 years may be approved if the person has the written consent of his parent or legal guardian to possess and acquire a firearm or firearm ammunition and that he has never been convicted of a misdemeanor, other than a traffic offense or adjudged a delinquent; provided that such parent or legal guardian is not an individual prohibited from having a FOID or CFP, and that the parent files an affidavit with the department attesting that the parent is not an individual prohibited from having a FOID or CFP;

(2)  possesses a valid Illinois FOID;

(3)  has not been convicted by a court in any jurisdiction of:
(i)  a violent crime,
(ii)  two or more offenses for driving under the influence of alcohol or other drugs; or
(iii) an unlawful use of a weapon that is a firearm;

(4)  has vision better than or equal to that required to obtain a valid driver's license under the standards established by the Illinois Vehicle Code;

(5)  is not otherwise ineligible to possess a firearm under any federal, state or local law, statute or ordinance; and

(6)  has not been convicted, adjudicated, admitted to, or found liable for a violation of section 8-20-060 or 8-20-100.

(c)  Each CFP issued shall be accompanied by a copy of this ordinance.

(d)  Any person who has a valid firearm registration certificate issued before the effective date of this 2010 ordinance shall be exempted from acquiring a CFP until the expiration of the registration certificate; provided that upon the expiration of the registration certificate, the person shall be required to obtain a CFP.  Any such person who has submitted an application for a CFP prior to or on the date of the expiration of his current registration certificate shall be deemed to be

in compliance with the requirement for a CFP while his application is pending.

(e) The provisions of this section shall not apply to any person listed in section 8-20-020(b)(1)-(16) or a person engaged in interstate travel in compliance with section 8-20-100.

**8-20-120 CFP-application**

(a) An applicant for a CFP shall submit an application to the superintendent on a form or in a manner prescribed by the superintendent. The application shall include the following:

(1) name, residential address and telephone number of the applicant;

(2) the applicant's date of birth and sex;

(3) the applicant's Illinois firearm owner's identification number and a copy of the applicant's FOID card;

(4) evidence that the applicant meets the criteria of section 8-20-110;

(5) two identical photographs of the applicant taken within 30 days immediately prior to the date of filing the application, equivalent to passport size, showing the full face, head and shoulders of the applicant in a clear and distinguishing manner;

(6) the applicant's Illinois driver's license number and a copy of the applicant's driver's license or Illinois identification card;

(7) an affidavit signed by a firearm instructor certified by the State of Illinois to provide firearm training courses attesting that the applicant has completed a firearm safety and training course, which, at a minimum, provides one hour of range training and four hours of classroom instruction that is in compliance with the requirements of the classroom instruction course, as established in rules and regulations; and

(8) any other information as the superintendent shall find reasonably necessary to effectuate the purpose of this chapter and to arrive at a fair determination as to whether the terms of this chapter have been complied with.

The superintendent shall be the custodian of all applications for CFPs under this chapter.

(b) The applicant shall submit to fingerprinting in accordance with procedures established in rules and regulations promulgated by the superintendent.

(c) For an application for a CFP submitted within 180 days of the effective date of this 2010 ordinance, the superintendent shall either approve or deny such application no later than 120 days after the date the application is submitted, unless good cause is shown. For an application for a CFP submitted thereafter, the superintendent shall either approve or deny an application within 45 days from the date the application is submitted, unless good cause is shown. An application shall not be deemed submitted until the applicant provides all the required information or documentation.

(d) All CFPs issued by the superintendent shall contain the applicant's name, date of birth, sex, and signature. Each CFP shall have the expiration date boldly and conspicuously displayed on the face of the CFP.

**8-20-130  CFP card-fee and expiration.**
    (a) A CFP card shall expire 3 years after the date of issuance.

    (b) The fee shall be $100.00.

    (c) The CFP fee shall not be applicable to any resident of the city who is a retired department police officer.

**8-20-140  Firearm registration certificate-required**
    (a) Subject to subsection (d), it is unlawful for any person to carry or possess a firearm without a firearm registration certificate.

    (b) No application for a registration certificate shall be approved unless the applicant has been issued a valid CFP; provided no CFP shall be required for the issuance of a registration certificate if the person is an exempt person pursuant to section 8-20-110(e).

    (c) An applicant for a registration certificate shall submit an application to the superintendent on a form or in a manner prescribed by the superintendent. The application shall include the following:

        (1) name, telephone number and the address at which the firearm shall be located;

        (2) a copy of the applicant's CFP and Illinois FOID card;

        (3) the name of the manufacturer, the caliber or gauge, the model, type and the serial number identification of the firearm to be registered;

        (4) the source from which the firearm was obtained;

        (5) the address at which the firearm will be located;

        (6) if an antique firearm, the year of manufacture of the firearm;

        (7) the date the firearm was acquired; and

        (8) any other information as the superintendent shall find reasonably necessary to effectuate the purpose of this chapter and to arrive at a fair determination as to whether the terms of this chapter have been complied with.

    The superintendent shall be the custodian of all applications for registration certificates under this chapter.

    (d)        (1) Subject to subsection (d)(2), an application for a registration certificate shall be submitted no later than 5 business days after a person takes possession within the city of a firearm from any source; provided that any applicant who has submitted a complete application within the required 5 business days shall be considered in compliance with this subsection until his registration certificate is either approved or denied.

        (2) Notwithstanding any provision of this chapter to the contrary, a person has 90 days after the effective date of this 2010 ordinance to register a firearm, including a

handgun, which had not been previously registered; provided that the person and firearm meet all the requirements of this ordinance.

(e) For an application for a firearm registration certificate submitted within 180 days after the effective date of this 2010 ordinance, the superintendent shall either approve or deny such application no later than 45 days after the date the application is submitted. For an application for a firearm registration certificate submitted thereafter, the superintendent shall either approve or deny the application within 21 days of the submission of the application, unless good cause is shown. An application shall not be deemed submitted until the applicant provides all the required information or documentation.

(f) The provisions of this section shall not apply to:

(1) firearms owned or under the direct control or custody of any federal, state or local governmental authority maintained in the course of its official duties;

(2) duty-related firearms owned and possessed by peace officers who are not residents of the city;

(3) duty-related firearms owned or possessed by corrections officers and who are not residents of the city;

(4) firearms owned, manufactured or possessed by licensed manufacturers of firearms, bulk transporters or licensed sellers of firearms at wholesale or retail, provided that such persons have federal firearms license;

(5) any nonresident of the city participating in any lawful recreational firearm-related activity in the city, or on his way to or from such activity in another jurisdiction; provided that such firearm shall be (i) broken down in a nonfunctioning state; (ii) not immediately accessible; and (iii) unloaded and in a firearm case;

(6) persons licensed as private security contractors, security guards, private detectives, or private alarm contractors, or employed by an agency certified as such by the Department of Professional Regulation;

(7) duty-related firearms of investigators of the Office of the State's Attorneys Appellate Prosecutor authorized by the board of governors of the Office of the State's Attorneys Appellate Prosecutor to carry weapons pursuant to Section 7.06 of the State's Attorneys Appellate Prosecutor's Act;

(8) duty-related firearms of special investigators appointed by a State's Attorney under Section 3-9005 of the Counties Code;

(9) firearms being transported by a person engaged in interstate travel in compliance with section 8-20-100; or

(10) those persons summoned by a peace officer to assist in making an arrest or preserving the peace while actually engaged in assisting the peace officer.

(g) Each registration certificate issued shall contain a unique registration certificate number, the person's name, the address at which the firearm will be located, and any other information the superintendent deems necessary to identify the person and the firearm.

**8-20-145 Registration certificates- expiration**.

(a) A registration certificate issued prior to the effective date of this 2010 ordinance shall remain in effect until its expiration.

(b) For registration certificates issued after the effective date of this 2010 ordinance, a registration certificate shall expire on the same date as the date of the expiration of the CFP issued to that person.

(c) A person shall file an annual registration report with the superintendent on a form, and in a manner, prescribed by the superintendent. The annual registration report shall set forth such information as required by the superintendent in rules and regulations. If a person has multiple registration certificates, the superintendent may align the dates for the annual registration reports to the same reporting date and combine such annual registration reports into one report.

Failure to file an annual registration report may result in revocation of a person's CFP or registration certificate, and may cause that firearm to become unregisterable to that person.

**8-20-150 Application fees.**

(a) A nonrefundable application fee of $15.00 shall be payable for each firearm registered. The fee shall accompany each initial application for a registration certificate.

(b) Any person who files an annual registration report late shall pay a late filing fee of $60.00.

(c) The application fee shall not be applicable to: (1) any duty-related firearm of a peace officer domiciled in the city, or (2) any duty-related firearm that was registered to that retired department police officer at the time of the his separation from active duty in the department.

**8-20-160 Restrictions on issuance of registration certificates.**

(a) Subject to subsections(b) and (c), the superintendent shall issue no more than one firearm registration certificate to a person for a handgun during any 30-day period; provided that the superintendent may permit a person first becoming a city resident to register more than one handgun if those handguns were lawfully owned in another jurisdiction for a period of 6 months prior to the date of application.

(b) In addition to a registration certificate for a handgun pursuant to subsection (a), an applicant may be issued a registration certificate for:
> (1) any firearm possessed by an applicant that was lawfully registered on the date of the enactment of this ordinance;

> (2) any long gun which is eligible to be registered; or

> (3) any antique firearm, including antique handguns.

The burden of proving that a firearm is an antique firearm shall be on the applicant.

(c) In addition to a registration certificate for a handgun pursuant to subsection (a), a retired department police officer may be issued a registration certificate for each duty-related handgun that was registered to that retired department police officer at the time of the his separation from active duty in the department.

**8-20-170 Unregisterable firearms.**

No registration certificate shall be approved for any of the following types of firearms:

(a) a sawed-off shotgun, .50 caliber rifle, machine gun, or short-barreled rifle;

(b) an unsafe handgun;

(c) a firearm that becomes unregisterable under the provisions of this chapter; provided that it shall only be unregistrerable for that person; or

(d) assault weapons, unless they are owned by a person who is entitled to carry or possess them pursuant to section 8-20-035.

**8-20-180 CFP and registration certificate-General provisions.**
(a) After issuance of a CFP or a registration certificate to a person, the person shall examine the CFP or registration certificate to insure that the information thereon is correct. If the information is incorrect in any respect, the person shall return it to the superintendent with a signed statement showing the nature of the error. The superintendent shall correct the error if it occurred as a result of the superintendent's administrative process.

In the event that the error resulted from incorrect information contained in the application, the person shall submit an amended application setting forth the correct information and a statement explaining the error in the original application.

(b) A CFP and the registration certificate shall be valid only for the person to whom it was issued.

(c) A registration certificate shall only be valid for the address on the registration certificate. Except in the lawful transportation of a firearm, a person shall not carry or possess any firearm at any location other than that authorized by the registration certificate.

(d) A CFP or registration certificate shall not be subject to sale, assignment, or transfer, voluntary or involuntary.

(e) Any application for a CFP or a registration certificate shall be held in abeyance when there is a criminal proceeding for a violent crime, or an offense involving a weapon, or a proceeding to deny or revoke a CFP or firearm registration certificate pending against the person, until such proceeding has terminated.

**8-20-185 Additional duties**.
(a) Every person issued a CFP or a firearm registration certificate, in addition to any other requirements of this code, shall immediately notify the department in a manner prescribed by the superintendent of:

(1) the destruction of his firearm, or when the person knows, or should have known, that his firearm is lost, stolen or otherwise missing;

(2) the loss, theft or destruction of the CFP or registration certificate within 72 hours of the discovery of such loss, theft, or destruction;

(3) a change in any of the information appearing on the CFP or firearm registration certificate;

(4) the sale, transfer, inheritance, or other disposition of the firearm not less than 48 hours prior to delivery.

(b) Every person issued a CFP or a firearm registration certificate, in addition to any other requirements of this code, shall:

(1) immediately return to the superintendent his copy of the registration certificate for any firearm which is lost, stolen, destroyed or otherwise disposed of; and

(2) keep all information current. Any change in required information shall be reported, on a form and in manner prescribed by the superintendent, within 24 hours after the change.

## 8-20-190 Denials and revocations.

(a) An application for a CFP or a registration certificate shall be denied for any of the following reasons:

(1) any of the eligibility criteria of this chapter are not currently met;

(2) the firearm is an unregisterable firearm;

(3) the information furnished on or in connection with the application for a CFP or a registration certificate is false or misleading; or

(4) the person fails to respond to any additional information, or investigation inquiries, requested by the superintendent regarding any application.

(b) A registration certificate shall be revoked:

(1) when the firearm becomes an unregisterable firearm; or

(2) if the CFP of the person was revoked.

(c) A CFP shall be revoked if any of the eligibility criteria of this chapter are not currently met.

(d) A CFP or registration certificate may be denied or revoked for a violation of this chapter, or any rules or regulations promulgated hereunder.

(e) The CFP and all registration certificates of any person convicted of a felony after the issuance of a CFP or registration certificate to that person shall be automatically revoked by operation of law, without a further hearing. The person shall immediately dispose of all firearms by:

(i) peaceably surrendering to the department all firearms for which a registration certificate was issued;

(ii) removing such firearm from the city; or

(iii) otherwise lawfully disposing of his interest in such firearm.

The person shall submit to the superintendent evidence of the disposition of any such firearm in accordance with rules and regulations promulgated by the superintendent.

**8-20-200  Procedure for denial.**

(a)  If an application for a CFP or a registration certificate is denied by the superintendent, the superintendent shall notify the person making such application, in writing, of the denial.  The notice of denial shall:

> (1) set forth the basis of the denial;

> (2) include a statement that within ten days of the notice of denial, the person is entitled to request a hearing, in person and in writing, at the department of administrative hearings;

> (3) include a statement that the person is entitled to appear at the hearing to testify, present documents, including affidavits, and any other evidence to contest the denial;

> (4) include a statement that if the person fails to request a hearing within ten days, the person is deemed to have conceded the validity of the reason stated in the notice and the denial shall become final;

> (5) include a certificate of service; and

> (6) include an oath or affirmation by the superintendent certifying the correctness of the facts set forth in the notice of denial.

(b)  The person, within ten days after notice is sent of the denial, may file with the department of administrative hearings a request for a hearing. Such hearing request shall be made in person, and in writing, at the department of administrative hearings.  An administrative law officer of the department of administrative hearings shall conduct such hearing within 72 hours of the request, excluding Saturdays, Sundays, and legal holidays.

(c) The department of administrative hearings shall conclude the hearing no later than 7 days after the commencement of the hearing.

(d) Based upon the evidence contained in the record, an administrative law officer of the department of administrative hearings shall, within 5 days of the conclusion of the hearing, issue written findings and enter an order granting or denying the application.  A copy of the findings and order shall be served upon the person and all parties appearing or represented at the hearing.

(e)  If the person does not request a hearing within ten days after the notification of the denial is sent, the person shall be deemed to have conceded the validity of the reason stated in the notice and the denial shall become final.

(f) Within three days after all the time for hearings or appeals has expired, the person shall:
> (1) peaceably surrender to the department the firearm for which the registration certificate was denied;

> (2)  remove such firearm from the city; or

> (3) otherwise lawfully dispose of his interest in such firearm.

The person shall submit to the superintendent evidence of the disposition of any such firearm in accordance with rules and regulations promulgated by the superintendent.

**8-20-205   Procedure for revocation**.

(a) Except in cases where a CFP or registration certificate is automatically revoked pursuant to section 8-20-190(e), if, in the determination of the superintendent, a CFP or a registration certificate should be revoked, he shall notify the person whose CFP or registration certificate is the subject of such revocation, in writing, of the proposed revocation. The notice shall:

(1) set forth the basis for the revocation;

(2) specify the location, date, and time for a hearing on the revocation;

(3 include a statement that the person is entitled to appear at the hearing to testify, present documents, including affidavits, and any other evidence to contest the proposed revocation;

(4) include a statement that failure of the person to appear at the hearing may include an entry of an order revoking the person's CFP or registration certificate;

(5) include a certificate of service; and

(6) include an oath or affirmation by the superintendent certifying the correctness of the facts set forth in the notice.

(b) The department of administrative hearings shall convene the hearing at the location and on the date and time specified in the revocation notice.

(c) Based upon the evidence contained in the record, an administrative law officer of the department of administrative hearings shall, within 5 days of the conclusion of the hearing, issue written findings and enter an order granting or denying the proposed revocation.  A copy of the findings and order shall be served upon the person and all parties appearing or represented at the hearing.

(d)  Within three days after notification of a decision unfavorable to the person, and all time for appeals has expired, the person shall:

(1) for revocation of a registration certificate:
(i)  peaceably surrender to the department the firearm for which the registration certificate was revoked;

(ii)  remove such firearm from the city; or

(iii)  otherwise lawfully dispose of his interest in such firearm.

(2) for revocation of a CFP, dispose of all firearms in accordance with subsection (d)(1).

The person shall submit to the superintendent evidence of the disposition of any such firearm in accordance with rules and regulations promulgated by the superintendent.

(e)  In cases where a CFP or registration certificate is automatically revoked pursuant to section 8-20-190(e), the superintendent shall notify the person of the automatic revocation of the person's CFP or registration certificate. Within three days after notification of the automatic revocation, the person may file with the department of administrative hearings a request, in writing,

for a hearing on the sole issue of identity and whether he was the person so convicted. It shall be a rebuttable presumption that the person whose CFP or registration certificate was automatically revoked is the same person who was convicted of a felony.

An administrative law officer of the department of administrative hearings shall conduct such hearing within 5 days of the request for a hearing.

Based upon the evidence contained in the record, an administrative law officer of the department of hearings shall, within 5 days of the conclusion of the hearing, issue written findings as to sole issue of the identity of the person. A copy of the findings and order shall be served upon the person and all parties appearing or represented at the hearing.

If the person does not request a hearing within three days after the notification, the person shall be deemed to have conceded the validity of the identification.

**8-20-210 Automatic revocation of registration certificates.**
If, after a hearing, a CFP issued to a person is revoked, all firearm registration certificates issued to that person shall automatically be revoked and the person shall comply with section 8-20-205(d) for disposition of the firearms.

**ARTICLE IV. Miscellaneous Provisions.**

**8-20-220 False information – Forgery – Alteration.**
(a) It is unlawful for any person purchasing any firearm or ammunition, or applying for any CFP or registration certificate, or, in giving any information pursuant to the requirements of this chapter, to knowingly give false information or offer false information or evidence of identity.

(b) It is unlawful for any person to forge or materially alter any application for a CFP or firearm registration certificate.

(c) It is unlawful for any person to forge or materially alter a CFP or a firearm registration certificate.

(d) It is unlawful for any person to knowingly possess a forged or materially altered CFP or firearm registration certificate.

(f) It is unlawful for any person to knowingly make any false statement, submit any false information or misrepresent any information required in this chapter.

**8-20-230 Notice.**
For the purposes of this chapter, service of any notice, finding or decision upon a person shall be completed by any of the following methods by:

(a) personal delivery of a copy of such notice, finding or decision to the person;

(b) leaving a copy of such notice, finding or decision at the address identified on the application for a CFP or registration certificate; or

(c) mailing, by first class mail, a copy of the notice, finding or decision to the address identified on the application for a CFP or registration certificate, in which case service shall be complete as of the date the notice was mailed.

**8-20-240 Posting of unsafe handguns.**

(a) The superintendent shall post on the department's web site the roster of unsafe handguns.

(b) No less than 10 days prior to placing any handgun on the roster of unsafe handguns, the superintendent shall post on the department's web site the type or model of the handgun that will be placed on the roster.

**8-20-250 Seizure and forfeiture of firearms, ammunition, laser sight accessories and firearm silencers and mufflers-Authority and destruction.**

The superintendent has the authority to seize any firearm, assault weapon, ammunition, laser sight accessories, or firearm silencer or muffler carried or possessed in violation of this chapter or any applicable state or federal law. Such items are hereby declared contraband and shall be seized by and forfeited to the city.

Whenever any firearm, ammunition, laser sight accessories, or firearm silencer or muffler is surrendered or forfeited pursuant to the terms of this chapter, or any applicable state or federal law, the superintendent shall ascertain whether such firearm, ammunition, assault weapon, laser sight accessories, or firearm silencer or muffler is needed as evidence in any matter. All such items which are not required for evidence shall be destroyed at the direction of the superintendent; provided that those firearms and ammunition that the superintendent shall deem to be of use to the department may be retained for the use of the department. A record of the date and method of destruction and an inventory of the firearm or ammunition so destroyed shall be maintained.

**8-20-260 Rules and regulations.**

The superintendent has the authority to promulgate rules and regulations for the implementation of this chapter and to prescribe all forms and the information required. All rules and regulations promulgated by the superintendent pursuant to this chapter shall be posted on the department's web site.

**8-20-270 Acquisition or possession prohibited by law.**

Nothing in this chapter shall make lawful the acquisition or possession of firearms or ammunition which is otherwise prohibited by law.

**8-20-280 Prohibition on shooting galleries and target ranges.**

Shooting galleries, firearm ranges, or any other place where firearms are discharged are prohibited; provided that this provision shall not apply to any governmental agency. The discharge of a firearm in an area where hunting is permitted shall not be a violation of this section.

**8-20-290 Severability.**

If any provision or term of this chapter, or any application thereof, is held invalid, the invalidity shall not affect other applications of the provisions or terms of this chapter which reasonably can be given effect without the invalid provision or term for the application thereof.

**ARTICLE V. VIOLATION OF CHAPTER PROVISIONS.**

**8-20-300 Violation – Penalty.**

(a) Any person who violates section 8-20-020, 8-20-030, 8-20-035, 8-20-060, 8-20-080 or 8-20-110 shall upon conviction be fined not less than $1,000.00 nor more than $5000.00 and be incarcerated for a term not less than 20 days nor more than 90 days. Each day that such violation exists shall constitute a separate and distinct offense.

(b) Unless another fine or penalty is specifically provided, any person who violates any provision of this chapter, or any rule or regulation promulgated hereunder, shall upon conviction or a finding of liability for the first offense, be fined not less than $1,000.00, nor more than $5,000.00, or be incarcerated for not less than 20 days nor more than 90 days, or both. Any subsequent conviction for a violation of this chapter shall be punishable by a fine of not less than $5,000.00 and not more than $10,000.00, and by incarceration for a term of not less than 30 days, nor more than six months. Each day that such violation exists shall constitute a separate and distinct offense.

(c) In addition to any other fine or penalty provided in this chapter, the CFP or registration certificate of any person who violates any provision of this chapter, or rule or regulation promulgated hereunder, may be revoked. Any person whose CFP is revoked shall not be eligible for a CFP for 5 years from the date of the revocation; provided that the superintendent may waive this restriction if, in the determination of the superintendent, the applicant has demonstrated that the applicant has good reason to fear injury to his person or property.

(d) Upon the determination that a person has violated any provision of this chapter or any rule or regulation promulgated hereunder, the superintendent may institute an administrative adjudication proceeding with the department of administrative hearings by forwarding a copy of a notice of violation or a notice of hearing, which has been properly served, to the department of administrative hearings.

SECTION 5. The renumbering and amending of the sections in Chapter 8-20 are not intended to invalidate, alter, or otherwise affect in any way any action taken, or could have been taken, based upon those sections, nor shall it be construed to affect any offense or act committed, action or claim arising under those sections, penalty, forfeiture, or punishment incurred, except that any proceedings after the effective date of this 2010 ordinance shall conform, insofar as practicable, to the ordinance in effect at the time of the proceedings.

SECTION 6. Title 8 of the Municipal Code of Chicago is hereby amended by adding a new section 8-24-005, by deleting sections 8-24-025 and 8-24-026, by deleting the language struck through, and by adding the language underscored, as follows:

**8-16-090  Firearms for minors.**
No person shall sell, loan, or furnish to any minor any ~~gun, pistol or other firearm, or~~ any toy gun, toy pistol, or other toy firearm in which any explosive substance can be used, ~~within the city; except that minors may be permitted, with the consent of their parents or guardians, to use firearms on the premises of a duly licensed shooting gallery, gun club, or rifle club, or to shoot game birds in accordance with the provisions of Section 8-24-050 of this Code.~~

**8-24-005 Definitions**
For the purposes of this Chapter, the following definitions apply:

"Corrections officers," "firearm" and "peace officer" have the meaning ascribed to those terms in section 8-20-010.

**8-24-010  Discharging firearms.**
No person shall fire or discharge any ~~gun, pistol, or other~~ firearm within the city, except in the lawful self-defense or defense of another ~~upon premises used by a duly licensed shooting gallery, gun club, or rifle club,~~ or in accordance with the provisions of Section 8-24-050 of this Code.

No cannon or piece of artillery shall be discharged or fired off in any public way or other public place within the city, except upon the express permission of the city council.

Any person violating any of the provisions of this section shall be fined not less than $250.00 500.00 nor more than $500.00 1,000.00 for each offense.

The provisions of this section shall not apply to persons listed in section 8-20-020 (b)(1)-(15). sheriffs, coroners, constables, members of the police force, or other peace officers engaged in the discharge of their official duties, or to any person summoned by any of such officers to assist in making arrests or preserving the peace while such person so summoned is engaged in assisting such officer.

## 8-24-020 Carrying dangerous weapons.

(a) No person shall sell, offer for sale, keep, possess, loan or give to any person any knife, the blade of which is released by a spring mechanism, including knives known as "switch-blades", any blackjack, slingshot, sandclub, sandbag, metal knuckles or bludgeon. No person shall sell, offer for sale, loan or give to any person 18 years of age or under any type or kind of knife, any blade of which is two inches in length or longer.

(b) [Reserved] No person shall sell, manufacture, purchase, possess or carry any weapon from which eight or more shots or bullets may be discharged by a single function of the firing device.

(c) No person shall carry or possess any knife, the blade of which is released by a spring mechanism, including knives known as "switch-blades", any blackjack, slingshot, sandclub, sandbag, metal knuckles or bludgeon. No person 18 years of age or under shall carry or possess any knife, the blade of which is two inches in length or longer.

(d) No person shall carry or possess with intent to use same unlawfully against another a dagger, dirk, billy, dangerous knife, razor, stiletto or other dangerous or deadly weapon.

(e) [Reserved] No person shall carry concealed on or about his person a pistol, revolver, derringer or other firearm. Provided, however, that this provision shall not apply to the following officers while engaged in the discharge of their official duties: sheriffs, coroners, constables, policemen or other duly constituted police officers and wardens, superintendents and keepers of prisons, penitentiaries, jails and other institutions for the detention of persons accused or convicted of crime; nor to the following employees or agents while engaged in the discharge of the duties of their employment: conductors, baggagemen, messengers, drivers, watchmen, special agents and policemen employed by railroads or express companies; nor to persons lawfully summoned by an officer to assist in making arrests or preserving the peace, while so engaged in assisting such officer.

(f) No person shall carry concealed on or about his person a or dagger, dirk, stiletto, bowie knife, commando knife, any blade of which is released by a spring mechanism, including knives known as "switch-blades" or any other type or kind of knife, any blade of which is more than two and one-half inches in length, ordinary razor or other dangerous weapon except that no person 18 years of age or under shall carry concealed on or about his person, any knife, the blade of which is two inches in length or longer. Provided, however, that this provision shall not apply to the following officers while engaged in the discharge of their official duties: sheriffs, coroners, peace officers constables, policemen or other duly constituted police officers and corrections officers wardens, superintendents and keepers of prisons, penitentiaries, jails and other institutions for the detention of persons accused or convicted of crime; nor to the following employees or agents while engaged in the discharge of the duties of their employment: conductors, baggagemen, messengers, drivers,

- 24 -

watchmen, special agents and policemen employed by railroads or express companies; nor to persons lawfully summoned by an officer to assist in making arrests or preserving the peace, while so engaged in assisting such officer.

(g) Any person violating the provisions of subsections (a), (c), (d) or (f) of this section shall be fined $200.00 for each offense, or shall be punished by imprisonment for a period not to exceed six months, or by both such fine and imprisonment. ~~Any person violating the provisions of subsections (b) or (e) of this section shall be subject to a fine of $300.00 for each offense, and a mandatory minimum sentence of not less than five days imprisonment nor more than six months imprisonment for a first offense; a mandatory minimum sentence of not less than fifteen days imprisonment nor more than six months imprisonment for a second offense; and a mandatory minimum sentence of not less than thirty days imprisonment nor more than six months imprisonment for a third or subsequent offense.~~

(h) ~~In addition to all other penalties, weapons~~ Any weapons used in violation of this section are hereby declared contraband and shall be seized by and forfeited to~~, and confiscated by~~ the city.

## 8-24-021 Sale, display and use of utility knives.
(a) As used in this section, a "utility knife" is a knife consisting of a grip and single-edged sharp blade of the type typically used to cut such resistant surfaces as rugs, cardboard boxes, linoleum flooring and the like.

(b) No person shall display or offer for sale any utility knife except by placing the knife either (1) in an area immediately accessible only to an employee of the establishment, and beyond the reach of any customer less than seven feet tall; or (~~b~~ 2) in a locked display cabinet, which can only be opened by an employee of the establishment.

*(omitted text is unaffected by this ordinance)*

## ~~8-24-025 Assault weapons or ammunition – Sale prohibited – Exceptions.~~
~~(a) No person shall sell, offer or display for sale, give, lend, transfer ownership of, acquire or possess any assault weapon or assault ammunition, as those terms are defined in Chapter 8-20 of this Code. This section shall not apply to any officer, agent, or employee of this or any other municipality or state or of the United States, members of the armed forces of the United States, or the organized militia of this or any other state, and peace officers as defined in this Code to the extent that any such person is otherwise authorized to acquire or possess an assault weapon or assault ammunition and is acting within the scope of his or her duties. In addition, this section shall not apply to the acquisition or possession of assault ammunition by persons employed to provide security for armored carriers or mobile check cashing services while in the course of such duties, while commuting directly to or from the person's place of employment, and while at the person's home, if the assault ammunition (1) is acquired or possessed for use with a weapon that the person has been authorized to carry under Section 28 of the Illinois Private Detective, Private Alarm and Private Security Act of 1983; and (2) consists of an ammunition magazine that has a capacity of 15 or fewer rounds of ammunition.~~

~~(b) Any assault weapon or assault ammunition possessed, sold or transferred in violation of subsection (a) is hereby declared to be contraband and shall be seized, and disposed of in accordance with the provisions of Section 8-20-220.~~

~~(c) Any person found in violation of this section shall be subject to a fine of not less than~~

~~$500.00 nor more than $1,000.00 for each offense, and a mandatory minimum sentence of not less than five days imprisonment nor more than six months imprisonment for a first offense; a mandatory minimum sentence of not less than fifteen days imprisonment nor more than six months imprisonment for a second offense; and a mandatory minimum sentence of not less than thirty days imprisonment nor more than six months imprisonment for a third or subsequent offense.~~

~~(d)     Any person who, prior to the effective date of the ordinance codified in this section, was legally in possession of an assault weapon or assault ammunition prohibited by this section shall have 14 days from the effective date of the ordinance codified in this section to do any of the following without being subject to prosecution hereunder:~~

~~(1)  To remove the assault weapon or ammunition from within the limits of the City of Chicago; or~~

~~(2)  To modify the assault weapon either to render it permanently inoperable or to permanently make it a device no longer defined as an assault weapon; or~~

~~(3)  To surrender the assault weapon or ammunition to the superintendent of police or his designee for disposal in accordance with Section 8-20-220.~~

~~**8-24-026  Fragmenting bullets and metal piercing bullets -- Sale prohibited -- Exceptions.**~~
~~(a)  No person shall manufacture, sell, offer or display for sale, give, lend, transfer ownership of, acquire or possess any fragmenting bullets, metal piercing bullets, or disc projectile ammunition. This section shall not apply to any officer, agent, or employee of this or any other municipality or state or of the United States, members of the armed forces of the United States, or the organized militia of this or any other state, and peace officers as defined in this Code to the extent that any such person is otherwise authorized to acquire or possess fragmenting bullets, metal piercing bullets, or disc projectile ammunition and is acting within the scope of his or her duties.~~

~~(b)  Any fragmenting bullets, metal piercing bullets, or disc projectile ammunition manufactured, possessed, sold or transferred in violation of subsection (a) are hereby declared to be contraband and shall be seized and disposed of in accordance with the provisions of Section 8-20-220.~~

~~(c)  Any person found in violation of this section shall be sentenced to not more than six months imprisonment or fined $500.00, or both.~~

**8-24-027  Disguised firearms prohibited.**
(a)     No person shall purchase, acquire, sell, offer or expose for sale, or possess any firearm that is designed, constructed, modified or disguised to resemble any other object.
(b)     Any person who violates subsection (a) of this section ~~shall be guilty of a misdemeanor, and~~ shall be <u>incarcerated</u> ~~subject to incarceration~~ for not less than 30 days and not more than 180 days for each offense. Each day of a continuing violation, and each purchase, acquisition, sale, offering or exposing for sale, or possession of a different firearm described in subsection (a) shall constitute a separate and distinct offense.

(c)     Nothing in this section suspends, repeals or alters any other provision of this Code which limits, restricts or prohibits the purchase, acquisition, sale, offering or exposure for sale, or possession of a firearm.

SECTION 7.  The Municipal Code of Chicago is hereby amended by adding a new chapter 8-26, as follows:

**Chapter 8-26 Gun Offender Registration Ordinance**

**8-26-010  Definitions:**

For purposes of this chapter, the following definitions apply:

"Corrections facility" has the same meaning ascribed to that term in 720 ILCS 5/3-1-2.

"Conviction" or "convicted" means an adjudication by a court of competent jurisdiction that a person is guilty, and includes the sentence by the court, of the gun offense.

"Gun offender" or "offender" means any person convicted of a gun offense that is subject to the provisions of this chapter.

"Gun offense" means a criminal conviction of an offense for an unlawful use of a weapon that included a firearm under 720 ILCS 5/24, or criminal possession of a firearm in violation of any federal, state or local law.

"Department," "firearm," and "superintendent" have the meaning ascribed to those terms in section 8-20-010.

**8-26-020 Duty to register and to verity.**

(a) A gun offender who resides within the city, or remains in the city to work or attend school, shall register with the superintendent within 48 hours of either: (1) release, if the gun offender receives a sentence of imprisonment; or (2) the time sentence is imposed, if the sentence does not include imprisonment.

(b) The form and manner of registration shall be as provided in rules and regulations.

(c) The registration shall include the following information;
(1) the person's name, date of birth, and sex;
(2) the address where the gun offender resides, works, or attends school;
(3) any other legal name;
(4) copy of a driver's license or non-driver's photo identification card;
(5) a photograph of the gun offender;
(6) a description of the offense for which the offender was convicted;
(7) the name and address of the offender's place of work, or expected place of work, including the name and phone number of his supervisor;
(8) the name and address of any educational institution which the offender attends or expects to attend; and
(9) any other information that the superintendent shall find reasonably necessary to effect the purpose of this chapter.

The gun offender shall sign a statement under oath attesting to the accuracy of the information required in this subsection.

(d) The superintendent may photograph the gun offender and require the gun offender to provide such documentation as the superintendent considers acceptable to verify any information required pursuant to this chapter.

(d) The gun offender shall submit to fingerprinting in accordance with rules and regulations promulgated by the superintendent.

**8-26-030 Initial and annual registration.**

(a) For the initial registration, a gun offender shall personally appear to register at such office of the police that the superintendent may direct.

(b) No later than 20 days after the one-year anniversary of the gun offender's initial registration, the gun offender shall personally appear at such office of the police that the superintendent may direct for the purpose of verifying the information required in this chapter.

(c) If a gun offender required to register under this chapter is confined to any federal, state or local correctional center, residential treatment center, hospital, or institution throughout the 20-day period set forth in subsection (b), the gun offender shall personally appear as required by this subsection within 48 hours of release.

## 8-26-040 Registration period.

A gun offender shall comply with the requirements of this chapter for a period beginning when he is required to register and continuing until 4 years from the date of conviction, or 4 years after the expiration of any time being served on probation, parole, supervised release, or conditional release, or 4 years after the gun offender is unconditionally released from a correctional facility, prison, hospital or other place of confinement, whichever is last. The registration period is tolled any time the gun offender fails to register or otherwise fails to comply with the requirements of this chapter.

## 8-26-050 Duty to report.

A gun offender shall report any change in information required by this chapter with 48 hours of such change, in a manner and in a form prescribed by the superintendent.

## 8-26-060 Creation of gun offender registry.

(a) The superintendent is authorized to collect and maintain gun offender information obtained pursuant to this chapter.

(b) The superintendent shall create and maintain a registry of gun offenders registered pursuant to the provisions of this chapter.

(c) The superintendent is authorized to make the gun offender registry available to any other city sister agencies or any regional or national government-established gun offender registry and may accept files from such registries.

## 8-26-070 Cooperation with other agencies.

The superintendent is authorized to cooperate with the judiciary and state and other city sister agencies to facilitate the implementation of this chapter. Assistance and cooperation in the implementation of this chapter shall be provided by other city departments upon the request of the superintendent.

## 8-26-080 Gun offender community notification.

The superintendent shall post the gun offender registry on the department's web site, and must make the information contained in the registry database searchable with a mapping system which identifies registered gun offenders within 5 miles of an identified address. The information shall be updated as deemed necessary by the superintendent.

## 8-26-090   Rules and regulations.

The superintendent has the authority to promulgate rules and regulations for the implementation of this chapter and to prescribe all forms and the information required.

**8-26-100 Violation-Penalty.**

Any person who violates any provision of this chapter, or rule or regulation promulgated hereunder, shall, upon conviction, be fined not less than $300.00 nor more than $500.00 or be incarcerated for a term not to exceed six months, or both. Each day that such violation exists shall constitute a separate and distinct offense.

**8-26-110 Severability.**

If any provision or term of this chapter, or any application thereof, is held invalid, the invalidity shall not affect other applications of the provisions or terms of this chapter which reasonably can be given effect without the invalid provision or term for the application thereof.

**SECTION 8.** This ordinance shall take effect 10 days after its passage and approval.