**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BENSON, ET AL.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 10-CV-4184 |
| ) | Judge Ronald A. Guzman |
| **CITY OF CHICAGO, ET AL.,** ) | Magistrate Judge Geraldine Soat |
| ) | Brown |
| **Defendants.** ) | |

## DEFENDANTS' LOCAL RULE 40.4 MOTION TO REASSIGN CASE AS RELATED

Defendants City of Chicago (the "City") and Mayor Richard M. Daley (collectively,"Defendants"), by their counsel, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby respectfully move this Court to reassign the case *Ezell, et al. v. City of Chicago*, No. 10 CV 5135, currently pending in this District before Judge Virginia M. Kendall, to the calendar of this Court as a related case under Local Rule 40.4. In support of their motion, Defendants state as follows:

1. On July 6, 2010, Plaintiffs filed the instant lawsuit, and on August 13, 2010, they amended their complaint. At bottom, Plaintiffs allege that various provisions of the City's Responsible Gun Owners Ordinance regulating the ownership and/or possession of firearms violate the Second Amendment, as incorporated against the States by the Fourteenth Amendment. In particular, Plaintiffs challenge: (i) the limitation of firearm possession to the home in that the definition of home excludes any garage and any space outside the dwelling unit, including any stairs, porches, yard space, or common areas sections, *see* Chicago Mun. Code §§ 8-20-010, 8-20-020, 8-20-030; (ii) the City's prohibition on the sale or transfer of firearms within the City, *id.* §§ 4-144-010, 8-20-100; (iii) the prohibition on shooting and/or training ranges within the City, *id.* §§ 8-20-

110, 8-20-280, 8-24-010; (iv) the limitation of one operable firearm per person in the home, *id.* § 8-20-040; and (v) the ban on carrying a firearm outside the home or a fixed place of business, *id.* §§ 4-144-010, 8-20-010, 8-20-020, 8-20-030, 8-20-040, 8-20-100, 8-20-180(c), 8-20-280, 8-24-010.

2. On August 16, 2010, a different group of individual and organizational plaintiffs filed *Ezell* against the City, and a copy of that complaint is attached hereto as Exhibit A.[1] *Ezell* contains two counts. In Count I, the plaintiffs challenge, under the Second and Fourteenth Amendments, the prohibition of shooting and/or training ranges within the City, and they claim that "a variety of Chicago ordinances, individually and as a whole, bar the temporary lending and borrowing of firearms for purposes of training and shopping at a gun range." Ex. A., ¶¶ 23, 45-48. In Count II, the plaintiffs allege that the aforementioned restrictions violate their rights under the First and Fourteenth Amendments. *Id.* ¶¶ 49-50. Contemporaneously with the filing of their complaint, the plaintiffs filed a motion for a preliminary injunction, and that motion is set for presentment before Judge Kendall on Monday, August 23, 2010 at 9:00 a.m.

3. Local Rule 40.4(c) requires a motion for reassignment based on relatedness to be filed with the judge before whom the lowest-numbered case of the claimed related set is pending. A later-filed case may be reassigned based on relatedness to the calendar of a judge before whom an earlier-numbered case is assigned if two conditions are met: First, the two cases must be related within the meaning of Local Rule 40.4(a). A case is related under Local Rule 40.4(a) if one or more of the following conditions is met: "(1) the cases involve the same property; (2) the cases involve some of

---

[1] A third suit also challenging various provisions of the City's firearms regulations, styled *Second Amendment Arms, et al. v. City of Chicago, et al.*, No. 10-CV-4257, was recently filed and is assigned to Judge Robert M. Dow, Jr. The City has not yet been served with summons and a copy of the complaint in that case, and that case is not the subject of this motion.

the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." N.D. Ill. Local Rule 40.4(a). Second, each of the criteria for reassignment set forth in Local Rule 40.4(b) must be met. Those criteria are that: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." *Id.* at 40.4(b).

4. The City respectfully submits that *Ezell* should be reassigned to this calendar as related to the instant case pursuant to Local Rule 40.4. As to the criteria of Local Rule 40.4(a), common issues of fact or law pervade both suits. In particular, both suits challenge whether the City's prohibition against shooting/training ranges within the City violates the Second and Fourteenth Amendments. Although *Ezell* also brings a challenge to that ban under the First Amendment, that is merely a different theory of relief; the claim remains, at base, a challenge to the limitation on shooting/training ranges within the City. As a result, *Ezell* challenges a prohibition at issue in this case, and the relatedness requirement of Local Rule 40.4(a) is therefore easily satisfied.

5. Each of the criteria for reassignment set forth in Local Rule 40.4(b) is also met. First, both cases are pending in the Northern District of Illinois. Second, the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. In particular, judicial resources will be substantially conserved if a single judge addresses the constitutional validity of the City's prohibition against shooting and/or training ranges in the City. Third, as the amended complaint in the instant case was filed six days ago (and the action originated just over one month

ago), it has not progressed to the point where reassignment of *Ezell* would delay its resolution. Finally, given the commonality of issues, both cases are susceptible to resolution in a single proceeding. Indeed, both *Benson* and *Ezell* seek identical declaratory and injunctive relief.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that *Ezell, et al. v. City of Chicago*, No. 10 CV 5135, be reassigned to the calendar of this Court pursuant to Local Rule 40.4.

Date: August 20, 2010

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel for the City of Chicago

By: /s/William Macy Aguiar
Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendants