**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BENSON, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-4184 |
| | ) | Judge Ronald A. Guzman |
| CITY OF CHICAGO, ET AL., | ) | Magistrate Judge Geraldine Soat |
| | ) | Brown |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A MEMORANDUM IN
SUPPORT OF THEIR LOCAL RULE 40.4 MOTION TO REASSIGN
CASE AS RELATED AND TO EXPEDITE THE BRIEFING SCHEDULE**

Defendants City of Chicago (the "City") and Mayor Richard M. Daley (collectively,"Defendants"), by their counsel, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby respectfully move this Court for leave to file a memorandum in support of their Local Rule 40.4 Motion to Reassign Case as Related and for the Court to expedite the briefing schedule on Defendants' motion as set forth in its August 25, 2010 order. In support of their motion, Defendants state as follows:

1.  On July 6, 2010, Plaintiffs filed the instant lawsuit, and on August 13, 2010, they amended their complaint.

2.  On August 16, 2010, a different group of individual and organizational plaintiffs filed *Ezell, et al. v. City of Chicago*, No. 10-C-5135, which was assigned to Judge Virginia M. Kendall.

3.  Because *Ezell* challenges the constitutionality of the City's prohibition of firearms ranges within the City under the Second and Fourteenth Amendment, and Plaintiffs here raise that very same claim in Count III of their amended complaint, Defendants moved on August 20, 2010 to reassign *Ezell* to this Court's calendar pursuant to Local Rule 40.4. At the time Defendants filed

their motion, they did not file an accompanying memorandum in support. Defendants' motion was scheduled for presentment on August 26, 2010 at 9:30 a.m.

4. On August 25, 2010, the Court entered a briefing schedule on Defendants' motion to reassign and struck the August 25 presentment date. Pursuant to that schedule, Plaintiffs' response to Defendants' motion is due by September 15, 2010, Defendants cannot file a reply, and the Court will rule by mail.

5. When the Court issued its order on August 25, 2010, Defendants were preparing their memorandum in support of their motion to reassign for filing that same day. (A copy of Defendants' memorandum in support of their motion to reassign is attached hereto as Exhibit 1.) In their memorandum, Defendants further explain why reassignment of *Ezell* is appropriate under Rule 40.4 and update the Court on what has occurred in Judge Kendall's courtroom in *Ezell* since Defendants filed their motion on August 20.

6. Because the Court's scheduling order does not explicitly grant Defendants authority to file their memorandum, Defendants respectfully request leave to file their memorandum instanter.

7. Defendants also respectfully request that the Court amend its briefing schedule on Defendants' motion to reassign to expedite resolution of Defendants' motion. Although the plaintiffs in *Ezell* originally filed a motion for preliminary injunction scheduled to be heard before Judge Kendall on Monday, August 23, 2010, they instead filed a hasty motion for a temporary restraining order after counsel for Defendants made a courtesy call to their counsel to tell them that Defendants were filing the motion to reassign. In fact, in their Memorandum in Support of Ex Parte Motion for Temporary Restraining Order, the *Ezell* plaintiffs admit they filed the TRO motion because of the motion to reassign, and state that their TRO motion can make the motion to reassign

"pointless."

8. Judge Kendall heard the *Ezell* plaintiffs' motion for a temporary restraining order on August 23 and denied it the next day. Unbeknownst to this Court, Judge Kendall also entered a briefing schedule on the plaintiffs' motion for a preliminary injunction, with discovery to be completed by September 13, the City's response to the preliminary injunction motion due by September 20, the plaintiffs' reply due by September 27, and the hearing set for October 1. (A copy of Judge Kendall's August 24 order is attached hereto as Exhibit 2.)

9. When Judge Kendall's schedule for the *Ezell* plaintiffs' preliminary injunction hearing is considered in light of this Court's briefing schedule on Defendants' motion for reassignment, it is evident that one of the primary purposes of reassignment – the coordination of discovery – is being thwarted. The expedited discovery in *Ezell* must be completed by September 13, 2010, which is two days *before* the plaintiffs in the instant action must file their response to Defendants' motion. Because most, if not all, of the City's discovery respondents and witnesses regarding the constitutionality of the prohibition of firearms ranges will be the same in both *Benson* and *Ezell*, it follows that discovery should be coordinated to conserve the resources of both this Court and the parties and to avoid the potentially unnecessary duplication of discovery efforts. To prevent the duplication of discovery -- in accordance with the underlying purpose of Rule 40.4 -- Defendants request that the Court expedite the motion to reassign so that it is decided before the parties in *Ezell* proceed with discovery.[1]

---

[1] It is Defendants' position that, if reassignment is granted, the highly accelerated preliminary injunction schedule set by Judge Kendall should be vacated so that the dates by which Defendants must respond to both complaints can be coordinated as well. Given that Judge Kendall determined that the *Ezell* plaintiffs have not shown any irreparable harm (and, given the opportunity, Defendants will demonstrate the same thing to this Court), there is no need for such an expedited schedule.

10. Thus, because the parties in *Ezell* are engaged in expedited discovery on the constitutionality of the City's prohibition of firearms ranges – which is the very same claim contained in Count III of the amended complaint in this case – Defendants submit that the Court should rule on Defendants' motion to reassign expeditiously and before the discovery in *Ezell* advances.

11. Both the *Ezell* plaintiffs and the *Benson* plaintiffs were served with Defendants' Motion on August 20, 2010 and therefore have had ample opportunity to consider reassignment.[2] Defendants therefore request that the Court amend the briefing schedule to order Plaintiffs to respond no later than September 7, 2010 instead of September 15, thereby allowing the Court to rule more expeditiously on Defendants' motion for reassignment.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that the Court: (i) grant Defendants leave to file their memorandum in support of their motion for reassignment; and (ii) expedite the briefing schedule on Defendants' motion such that Plaintiffs' response to the motion is due no later than September 7, 2010; and (iii) grant the City such further relief as the Court deems just and appropriate.

Date: August 27, 2010

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel for the City of Chicago

By: /s/William Macy Aguiar
      Assistant Corporation Counsel

---

[2] Indeed, in *Ezell*, the City responded to the plaintiffs' TRO Motion and argued it before Judge Kendall less than 12 hours after receiving it.

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975  / 7129 / 4216

Attorneys for Defendants