IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT BENSON, RAYMOND SLEDGE, | ) | |
| KENNETH PACHOLSKI, KATHRYN TYLER, | ) | |
| MICHAEL HALL SR., RICK PERE, | ) | |
| and the ILLINOIS ASSOCATION OF | ) | |
| FIREARMS RETAILERS, | ) | FILED: August 27, 2010 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-04184 |
| | ) | Judge Ronald A. Guzman |
| THE CITY OF CHICAGO and | ) | Magistrate Judge Geraldine Soat |
| RICHARD M. DALEY, Mayor of the | ) | Brown |
| City of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures requiring that the parties submit a "written report outlining the discovery plan 3 business days before the initial status hearing," the parties respectfully submit the following report:

**A.     Rule 26(f)(3)(A): Discovery Disclosures**

Rule 26(f)(3)(A) requires the parties to state their "views and proposals on what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures will be made."

   **1.     *Rule 26(a)(1): Initial Disclosures***

**Plaintiffs' Position:** Pursuant to Fed R. Civ. P. 15(a)(3), Defendants' Answer to Plaintiffs' First Amended Complaint is due on August 30, 2010. Pursuant to Fed. R. Civ. P.

1

26(a)(1)(A), the parties' initial disclosures are due on September 3, 2010. At the parties' Rule 26(f) conference on August 20, 2010, Defendants represented that they would seek an extension of both deadlines to October 1, 2010. Plaintiffs do not object to such an extension *provided that*: (i) Plaintiffs may propound discovery requests pursuant to Fed. R. Civ. P. 30, 31, 33, 34, and 36 beginning on September 2, 2010; (ii) the normal time periods for responses to such requests, as specified in the Federal Rules, will apply; and (iii) Plaintiffs may move for summary judgment, or partial summary judgment, at any time that is appropriate under Fed. R. Civ. P. 56.

In light of the recent proceedings in *Ezell v. City of Chicago*, No. 10 CV 5135, Defendants have modified their position and contend that they should not have to take *any* responsive action in this five-count case until this Court determines whether a single count—the challenge to the City's total ban on firing ranges and firearms training—is related to the *Ezell* case. Plaintiffs believe this position is untenable for several reasons.

First, this case involves ongoing violations of Plaintiffs' fundamental constitutional rights. *See McDonald v. Chicago*, 130 S. Ct. 3020 (2010). Plaintiffs' claims are largely questions of law, and they wish to proceed to summary judgment in an expeditious manner. In fact, some of Plaintiffs' claims are amenable to disposition on summary judgment without any discovery because there are no factual disputes material to the resolution of these claims. While Plaintiffs are amenable to an orderly adjudication of their claims, there is simply no basis for an indefinite stay of all of Defendants' obligations to provide responsive pleadings and discovery.

Second, Defendants claim that "most of Defendants' counsel's time leading up to the October 1 hearing" will be spent preparing for the October 1 hearing in *Ezell*. Yet Plaintiffs filed their original Complaint in this case on July 6, 2010. Plaintiffs' First Amended Complaint does not add any new claims; indeed, it contains fewer claims than the original Complaint.

Accordingly, Defendants have already had two months to fashion an Answer to the counts at issue.

Third, discovery with respect to the firing-range issue is already underway in *Ezell*, so it is unclear why Plaintiffs in this case should be denied access to such discovery (if necessary). Defendants' claim for efficiency thus rings hollow unless they convince Judge Kendall to stay discovery in *Ezell*, and they have not moved for such a stay; instead, they affirmatively *sought* discovery in *Ezell* and cited the need for such discovery as a reason for delaying adjudication of the claims in that case.

Fourth, with respect to the four counts that do not relate to the City's ban on firing ranges and firearms training, Plaintiffs should be permitted to move forward with this litigation without awaiting a decision on relatedness. The City will not be prejudiced in any by having to defend against these other counts now.

Fifth, *Ezell* and this case are not related. *Ezell* involves an additional, separate, and wholly unrelated legal claim under the First Amendment. Indeed, based on the *Ezell* plaintiffs' briefing to date, their First Amendment claim appears to be their leading theory for relief. *Ezell* also involves complicated factual issues that are not relevant here because they relate to the preliminary injunction, such as (i) the *Ezell* plaintiffs' allegations regarding the availability, safety, and feasibility of importing mobile firing ranges into the Chicago, and (ii) the factual issues that surround the *Ezell* plaintiffs' motion for a preliminary injunction. Whereas Plaintiffs' firing-range claim is a legal question already susceptible to summary judgment, the *Ezell* plaintiffs' motion for preliminary injunctive relief has injected a number of factual and

procedural issues into their case that will require discovery.[1]

Accordingly, Plaintiffs' position is that this case can and should proceed pursuant to the deadlines established by the Federal Rules and Local Rules. As indicated above, Plaintiffs are amenable to a brief extension for the filing of an Answer only if discovery may proceed in the interim and if the normal procedures of Rule 56 will continue to apply.

**Defendants' Position:** Currently pending before this Court is Defendants' Local Rule 40.4 motion to reassign *Ezell v. City of Chicago*, No. 10 CV 5135, to this Court as related. The *Ezell* case is before Judge Kendall, who denied the plaintiffs' motion for a temporary restraining order on August 24, determining that plaintiffs had not shown irreparable harm or inadequate legal remedies. The *Ezell* plaintiffs' motion for a preliminary injunction remains pending, and Judge Kendall has set an expedited discovery and briefing schedule culminating with a hearing on October 1, 2010.

During the parties' Rule 26(f) conference on August 20, 2010, Defendants' counsel advised Plaintiffs' counsel of its intent to file the motion to reassign *Ezell* later that day. During the course of that discussion, Plaintiffs' counsel expressed no objection to Defendants' motion, and indeed, even stated that it "made sense." Now, however, following the TRO hearing held before Judge Kendall, Plaintiffs have apparently changed their position.

Because the *Ezell* plaintiffs challenge one of the same prohibitions of the City's Responsible Gun Owners Ordinance (the "Ordinance") at issue here – the prohibition on shooting and/or training ranges within the City (Chicago Mun. Code §§ 8-20-280) – factual and

---

[1] Defendants note that during the Rule 26(f) conference, Plaintiffs' counsel indicated that treating this case and *Ezell* as related might "make sense" with respect to efficiency. But the subsequent proceedings in *Ezell*, including the judicial resources already expended and the parties' statements regarding their legal and factual positions, make clear that the differences

legal issues overlap in the two cases. Indeed, most, if not all, of the City's discovery respondents and witnesses on this issue will be the same in the two cases. Defendants recognize that they have not moved for consolidation of the cases, but the underlying purpose of Local Rule 40.4 is to allow for *coordination* of overlapping factual and legal issues, in order to conserve the resources of both the court and the parties. Therefore, to allow the opportunity for such coordination, and to potentially avoid unnecessary duplication of discovery efforts, Defendants believe that discovery, including Rule 26(a)(1) initial disclosures, should not begin until the Court rules on Defendants' motion to reassign.

Further, it is Defendants' position that, if reassignment is granted, the highly accelerated preliminary injunction schedule set by Judge Kendall should be vacated so that the dates by which Defendants must answer the complaints can be coordinated as well. Given that Judge Kendall determined that the *Ezell* plaintiffs have not shown any irreparable harm (and, given the opportunity, Defendants will demonstrate the same thing to this Court), there is no need for such an expedited schedule. Moreover, while Defendants had tentatively agreed with Plaintiffs that Defendants would answer or otherwise plead to Plaintiffs' First Amended Complaint on or before October 1, 2010, that tentative agreement was made before Judge Kendall entered the expedited preliminary injunction schedule, which will demand most of Defendants' counsel's time leading up to the October 1 hearing. Accordingly, until the Court gives the parties guidance regarding the transfer of *Ezell* to this Court, and any resulting coordination of the two cases, Defendants respectfully request that no discovery schedules or answer dates be set.

    **2.**    *Rule 26(a)(2): Disclosure of Expert Testimony*

**Common Position of the Parties:** At present, the parties do not anticipate a need to

---

outweigh the similarities and that there is little to be gained in the way of judicial economy.

alter the timing, form, or requirement for disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2).

    3.    *Rule 26(a)(3): Pretrial Disclosures*

**Common Position of the Parties:** At present, the parties do not anticipate a need to alter the timing, form, or requirement for pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3).

    4.    *Rule 26(a)(4): Form of Disclosures*

**Common Position of the Parties:** At present, the parties do not anticipate a need to alter the form of disclosures pursuant to Fed. R. Civ. P. 26(a)(4).

**B.**    **Rule 26(f)(3)(B): Subject Matter and Timing of Discovery**

Rule 26(f)(3)(B) requires the parties to state their "views and proposals on the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues."

**Plaintiffs' Position:** With respect to the subject matter of discovery, at present Plaintiffs anticipate that no discovery is needed with respect to certain claims, such as Plaintiffs' challenge to the ban on firing ranges. With respect to Plaintiffs' other claims, Plaintiffs may seek discovery relating to (i) crime statistics in Chicago, (ii) emergency-call response time in Chicago, and (iii) Defendants' asserted justifications for the provisions challenged in the First Amended Complaint. As the case progresses, and depending upon Defendants' legal and factual assertions, the subject matter and scope of this discovery may change.

With respect to when discovery should be completed and whether it should be conducted in phases, Plaintiffs' position is that the factual discovery period should run from September 2, 2010, to November 15, 2010, and that expert discovery, if any, should run from November 15,

2010, to January 31, 2011. Plaintiffs believe, however, that expert discovery may not be necessary.

**Defendants' Position:** At present, Defendants anticipate seeking discovery related to the following topics: (1) plaintiffs' desire to purchase firearms within the City of Chicago; (2) plaintiffs' desire to transport and operate firearms within the City of Chicago and outside of their homes; (3) plaintiffs' desire to train and practice at gun ranges within the City of Chicago; (4) plaintiffs' desire to operate gun ranges and firearms shops within the City of Chicago; (5) plaintiffs' desire to possess more than one handgun within their homes; (6) the burden the regulations under the Ordinance place on plaintiffs; and (7) damages plaintiffs believe they have suffered as a result of the City's Ordinance. As the case progresses, the subject matter and scope of this discovery may change.

With respect to the timing of discovery, as stated above, Defendants believe that discovery should not begin until this Court has ruled on the pending motion to reassign, at which time Defendants believe that a logical and efficient discovery schedule, that may apply to both this case and *Ezell,* can be put in place.

**C.     Rule 26(f)(3)(C): Electronically Stored Information**

Rule 26(f)(3)(C) requires the parties to state their "views and proposals on any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced."

**Common Position of the Parties:** To the extent electronically stored information ("ESI") is disclosed during discovery, the parties agree that it should be produced pursuant to generally accepted practices for ESI discovery, including production in an easily accessible format that preserves all metadata (such as TIFF format). To the extent production of statistics

7

and numerical data is required, such information, if its native format is a manipulable data file (such as Excel), should be produced in its native format. As the scope and particulars of discovery are refined, the parties will work together to ensure that ESI is produced in an efficient and user-friendly manner.

D.     **Rule 26(f)(3)(D): Privilege Issues**

Rule 26(f)(3)(D) requires the parties to state their "views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order."

**Common Position of the Parties:** At present, the parties do not contemplate any disputes over claims of privilege and do not request the entry of an order pertaining to privilege issues. We respectfully request that the parties be permitted to address privilege issues at a later date should they arise during the course of proceedings.

E.     **Rule 26(f)(3)(E): Limitations on Discovery**

Rule 26(f)(3)(E) requires the parties to state their "views and proposals on what changes should be made in the limitations on discovery imposed under [the Federal Rules of Civil Procedure] or by local rule, and what other limitations should be imposed."

**Common Position of the Parties:** At present, the parties do not contemplate the need for any changes to the limitations on discovery imposed under the Federal Rules or the Local Rules.

F.     **Rule 26(f)(3)(F): Orders Under Rules 16(b), 16(c), or 26(c)**

Rule 26(f)(3)(F) requires the parties to state their "views and proposals on any other orders the court should issue under Rule 26(c) or under Rule 16(b) and (c)."

**Common Position of the Parties:** Aside from a scheduling order for discovery, at present, the parties do not contemplate at this time the need for any additional orders under Rules 16(b), 16(c), or 26(c).

Respectfully submitted,

| | |
|---|---|
| MARA S. GEORGES<br>Corporation Counsel for the City of Chicago<br><br>By: s/ William Macy Aguiar<br>Assistant Corporation Counsel<br>Michael A. Forti<br>Mardell Nereim<br>Andrew W. Worseck<br>William Macy Aguiar<br>Rebecca Alfert Hirsch<br>City of Chicago, Department of Law<br>Constitutional and Commercial Litigation Division<br>30 North LaSalle Street, Suite 1230<br>Chicago, Illinois 60602<br>(312) 744-9018 / 6975 / 7129 / 4216<br><br>*Attorneys for Defendants* | s/ Charles J. Cooper<br>Charles J. Cooper*<br>David H. Thompson*<br>Jesse Panuccio*<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Ave., NW<br>Washington, D.C. 20036<br>Tel: (202) 220-9600<br>Fax: (202) 220-9601<br>Email: ccooper@cooperkirk.com<br><br>Brian S. Koukoutchos*<br>28 Eagle Trace<br>Mandeville, LA 70471<br>Tel: (985) 626-5052<br>bkoukoutchos@gmail.com<br><br>*Admitted *pro hac vice*<br><br>Stephen Kolodziej<br>Atty. ID# 6216375<br>BRENNER FORD MONROE & SCOTT LTD.<br>33 N. Dearborn St., Suite 300<br>Chicago, IL 60602<br>Tel: (312) 781-1970<br>Fax: (312)781-9202<br>Email: skolodziej@brennerlawfirm.com<br><br>*Counsel for Plaintiffs* |