IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT BENSON, et al., | ) | Case No. 10-CV-4184 |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN OPPOSITION TO |
| v. | ) | MOTION FOR REVISED BRIEFING |
| | ) | SCHEDULE |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION FOR REVISED BRIEFING SCHEDULE

COME NOW the Plaintiffs in *Ezell* v. *City of Chicago*, No. 10-CV-5135, and submit their Memorandum of Points and Authorities in Opposition to the Motion for Revised Briefing Schedule:

1. On Friday, August 20, Defendants filed their motion to reassign *Ezell* v. *City of Chicago*, No. 10-CV-5135, as related to this case. That motion was to be presented before the Court on Thursday, August 26.

2. On Wednesday, August 25, this Court issued a minute order canceling the presentment hearing and establishing a briefing schedule, by which Plaintiffs' opposition would be due September 15, no reply, ruling by mail.

3. On Friday, August 27, Defendants filed this instant motion, (1) seeking leave to file a new, significant brief in support of its motion, all the while (2) cutting Plaintiffs' opposition time from a September 15 deadline to September 7 – the day after Labor Day.

4. Defendants omit mentioning several important developments that might interest this Court. The omitted facts:

- This is not the first time Defendant City has complained about the current discovery schedule in *Ezell*. Originally, on August 23, Judge Kendall ordered that Plaintiffs' motion for preliminary injunction be heard on October 15, with discovery set to close September 30, on Defendant's motion.

- Having then reviewed Plaintiffs motion for Temporary Restraining Order – which was filed because the Plaintiffs believe they are suffering irreparable harm and were alarmed at Defendant's admittedly dilatory tactics – Judge Kendall was sufficiently concerned that she advanced the preliminary injunction hearing date to October 1, and the discovery closure date to September 13.

- Defendant City moved Judge Kendall to reconsider and adopt the previous schedule – and that motion was *denied*. See Minute Order, Aug. 24.

- In denying Defendant's discovery motion, Judge Kendall advised Defendant's counsel:

There's little basis for discovery needed at this point. And most of what you are doing is arguing your cases on the law that exists now and the facts that you have now. I don't think you need it. I was generous enough to give you the 30 days. I don't think you need more than that. Today is only the 24th, and that gives you all of the rest of this week, next week, and two more weeks into September. That's plenty of time to do what you need to do, based upon what you said you needed it for yesterday, so the oral request is denied. I am going to continue with this schedule.

Tr. of Proceedings, *Ezell* v. *City of Chicago*, No. 10-CV-5135, Aug. 24, 2010, at 80 l. 2-12.

- Defendants' suggestion that they might have to respond to discovery twice is baseless. Plaintiffs believe discovery is a waste of time, since theirs is a narrow

2

challenge on a question of law. Plaintiffs will cooperate with Defendant's discovery but do not plan to seek any of their own prior to October 1, if ever. Plaintiffs never requested discovery in connection with the pending motion.

5. In other words, Defendant City having lost its oral discovery motion to restore the previous discovery schedule before Judge Kendall, it seeks to have it effectively granted by this Court by short-circuiting Plaintiffs' request for preliminary injunctive relief. This is not an appropriate use of Local Rule 40.4, which is designed to *enhance* judicial efficiency, not have judges of this Court reviewing each other's orders.

6. The discovery argument also makes no practical sense. If Defendants prevail on their Local Rule 40.4 motion, they could *then* ask this Court for a different discovery schedule. But not before. Respectfully, Judge Kendall is a judge of this Court and her scheduling orders in cases assigned to her docket – including her order denying the relief requested here by Defendants – are in effect. Should this Court grant the Local Rule 40.4 motion, it would of course enjoy the same power to calendar the case in its considered judgment.

7. Accordingly, the discovery rationale for shortening time on the underlying motion is merely an attempt to relitigate a motion Defendant City has already lost in front of a different judge. And if the underlying motion for reassignment is granted, Defendants could still make their case for a different schedule in this Court.

8. Plaintiffs have no objection to the filing of Defendants' brief. As Plaintiffs have consistently maintained, although Plaintiffs will strongly oppose the motion, they have no objection to the Court considering it in due time.

3

9. But the rules, and ordinary considerations of fairness, counsel that Plaintiffs should have a meaningful opportunity to respond.

10. Defendants' request to cut short the briefing schedule makes no sense. If, in the Court's judgment, Plaintiffs should have had until September 15 to file their written opposition prior to the filing of Defendants' brief, logic dictates that Plaintiffs should now have *more* time, not less, to respond, now that Defendants have substantially increased the volume of work requiring response.

11. Counsel's calendar is unusually packed during September and, in particular, the first half of the month. Lead counsel for *Ezell* plaintiffs faces the following deadlines and events:

**(1)** September 3, reply brief, *Dearth* v. *Holder*, D.C. Cir. No. 10-5062;
**(2)** September 7, status conference, White Plains, N.Y., *Kachalsky* v. *Cacase*, U.S. Dist. Ct. S.D.N.Y. No. 10-CV-5413-CS;
**(3)** September 7, opposition to two motions to dismiss, *Bateman* v. *Perdue*, U.S. Dist. Ct. E.D.N.C. No. 10-CV-265-H;
**(4)** September 9, Rosh Hashana holiday;
**(5)** September 10, opposition to a third motion to dismiss in *Bateman* (counsel is seeking to have all three *Bateman* deadlines moved to September 10);
**(6)** September 10, cross-motion for summary judgment, *Bateman*;
**(7)** September 15, opposition to Defendants' motion in this case;
**(8)** September 16, opening brief and joint appendix, *Oberwetter* v. *Hilliard*, D.C. Cir. No. 10-5078;
**(9)** September 16, Constitution Day CLE speaking engagement, Washington, D.C., presenting article for Cato Supreme Court Law Review;
**(10)** September 17, amicus brief, *Schwarzenegger* v. *Entertainment Merchants Ass'n*, U.S. Supreme Court No. 08-1448;
**(11)** September 18, Yom Kippur holiday;
**(12)** September 24-26, attendance and speaking event at client conference, San Francisco, Calif. Gura Decl., ¶ 2.

12. Local counsel for *Ezell* Plaintiffs faces the following upcoming deadlines and events:

**(1)**  September 1, *Wagner v. Kimball*, 10 AR 104 (DuPage) - Return Date
**(2)**  September 1, this motion
**(3)**  September 7, *Patterson adv. Burrows* – 08 LM 3282 (Will) – Status
**(4)**  September 7, *Knight v. County of DuPage* – 09 CV 6577 – Reply brief due
**(5)**  September 8, *Dubman v. Olita & Johnson* – 09 AR 3514 (DuPage) – Arbitration hearing
**(6)**  September 8, *Everlast Exteriors of Illinois adv. BAC Home Loans Servicing* – 10 CH 2577 (Kane) – Plaintiff's Motion for Summary Judgment
**(7)**  September 8, *Maides-Keane v. Embi* – 10 SR 180 (DuPage) – Plaintiff's Deposition
**(8)**  September 9, (Rosh Hashannah)
**(9)**  September 10, *Estate of Nalls* – 08 P 311 (Will) – Petition for Supervised Administration
**(10)** September 18, (Yom Kippur)

Local counsel also has depositions to schedule in *Patterson adv. Burrows, Otis v. Kane* (09 AR 793 (DuPage)), *Ponce v. Miller*, 08 L 242 (Will), and of course *Ezell*. Most or all of the aforementioned depositions are supposed to be scheduled to proceed during the month of September. Sigale Decl., ¶¶ 5, 6.

13. There is no emergency in this matter, because nothing is presently occurring or scheduled to occur in this case (*Benson*). Nothing will occur in *Benson* before the reassignment motion can be fully and adequately briefed.

14. In any event, Defendants plainly believe the matter requires significant briefing, as evidenced by their own brief. It would be unfair and prejudicial to use the occasion of Defendants' additional pleading to *reduce* Plaintiffs' time to respond, especially in light of counsel's heavy schedule. Defendants' request to expedite the underlying motion would have been better served had they refrained from increasing that motion's complexity.

CONCLUSION

Defendants have shown no eagerness to move the *Benson* case along. In fairness, they can wait until at least September 15 for Plaintiffs' opposition brief. Respectfully, however, counsel would ask that given the Defendants' new brief and the extraordinary schedule for the month, that they be given until October 4 to submit their written opposition to the underlying motion.

Accordingly, the instant motion should be granted in part and denied in part. Defendants should be allowed to brief their motion as they best see fit, and Plaintiffs should have adequate time to respond, preferably until October 4 but in no event earlier than the Court's existing September 15 deadline.

Dated: August 30, 2010               Respectfully submitted,

Alan Gura (admitted pro hac vice)    David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC               Law Firm of David G. Sigale, P.C.
101 N. Columbus Street, Suite 405    4300 Commerce Court, Suite 300-3
Alexandria, VA 22314                 Lisle, IL 60532
703.835.9085/Fax 703.997.7665        630.452.4547/Fax 630.596.4445

By: /s/ Alan Gura/                   By: /s/ David G. Sigale/
    Alan Gura                            David G. Sigale

                                     Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

      The undersigned, an attorney of record for the plaintiffs, hereby certifies that on August 30, 2010, he served a copy of the above Memorandum of Points and Authorities in Opposition to the Motion for Revised Briefing Schedule, and this certificate of service, on:

>William Macy Aguiar
>City of Chicago Department of Law
>30 N. LaSalle Street, Suite 900
>Chicago, IL 60602
>
>Stephen Kolodziej
>Brenner Ford Monroe & Scott LLP
>33 N. Dearborn Street, Suite 300
>Chicago, IL 60602
>
>Charles Cooper
>David Thompson
>Jesse Panuccio
>Cooper & Kirk PLLC
>1523 New Hampshire Avenue, N.W.
>Washington, DC 20036

by electronic means pursuant to Electronic Case Filing (ECF).

                                        /s/ Alan Gura
                                        Alan Gura