IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENSON, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-4184 |
| | ) | Judge Ronald A. Guzman |
| CITY OF CHICAGO, ET AL., | ) | Magistrate Judge Geraldine Soat |
| | ) |  Brown |
| Defendants. | ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
### LOCAL RULE 40.4 MOTION TO REASSIGN CASE AS RELATED

Defendants City of Chicago (the "City") and Mayor Richard M. Daley (collectively, "Defendants"), by their counsel, Mara S. Georges, Corporation Counsel of the City of Chicago, respectfully submit this memorandum in support of their Local Rule 40.4 Motion to Reassign Case as Related (the "Motion"), in which Defendants request that this court reassign *Ezell, et al. v. City of Chicago*, No. 10 CV 5135, currently pending in this District before Judge Virginia M. Kendall, to the calendar of this Court as a related case under Local Rule 40.4.

### INTRODUCTION

As set forth in Defendants' Motion and more fully below, reassignment of *Ezell* to this Court's calendar under Rule 40.4 is appropriate. *Benson* and *Ezell* are related, as that term is defined in Rule 40.4(a), and all four of the criteria for reassignment enumerated in Rule 40.4(b) are easily met. In response to Defendants' Motion, the *Ezell* plaintiffs filed in Judge Kendall's court a motion for a temporary restraining order to expedite a hearing on their claims before this Court could rule on Defendants' pending Motion. Judge Kendall heard the *Ezell* plaintiffs' motion for a temporary restraining order on August 23, 2010 and denied it the next day. As a result of the denial, *Ezell*

remains in exactly the same posture as *Benson*. The operative complaints in both cases were filed within the last month, and both cases are therefore in their initial stages. The *Ezell* plaintiffs' efforts to accelerate consideration of their claims and distinguish them from those of the *Benson* plaintiffs has failed, making it essential that this Court now expeditiously consider Defendants' Motion so that the purposes behind Rule 40.4 are served.

## BACKGROUND

On July 6, 2010, four days following enactment of the Responsible Gun Owners Ordinance (the "Ordinance") by the City Council, the *Benson* plaintiffs filed the instant lawsuit, and on August 13, 2010, they amended their complaint. The *Benson* plaintiffs allege that various provisions of the Ordinance regulating the ownership and/or possession of firearms violate the Second Amendment, as incorporated against the States by the Fourteenth Amendment. In particular, they challenge: (i) the limitation of firearm possession to the home in that the definition of home excludes any garage and any space outside the dwelling unit, including any stairs, porches, yard space, or common areas sections, *see* Chicago Mun. Code §§ 8-20-010, 8-20-020, 8-20-030; (ii) the City's prohibition on the sale or transfer of firearms within the City, *id.* §§ 4-144-010, 8-20-100; (iii) the prohibition on shooting and/or training ranges within the City, *id.* §§ 8-20-110, 8-20-280, 8-24-010; (iv) the limitation of one operable firearm per person in the home, *id.* § 8-20-040; and (v) the ban on carrying a firearm outside the home or a fixed place of business, *id.* §§ 4-144-010, 8-20-010, 8-20-020, 8-20-030, 8-20-040, 8-20-100, 8-20-180(c), 8-20-280, 8-24-010.

On August 16, 2010, a full 45 days following passage of the Ordinance, a different group of individual and organizational plaintiffs filed *Ezell* against the City. *See* Motion, Ex. A. *Ezell* contains two counts. In Count I, the plaintiffs challenge, under the Second and Fourteenth

Amendments, the prohibition of shooting and/or training ranges within the City, and they claim that "a variety of Chicago ordinances, individually and as a whole, bar the temporary lending and borrowing of firearms for purposes of training and shopping at a gun range." *Id.* ¶¶ 23, 45-48. In Count II, the plaintiffs allege that the aforementioned restrictions violate their rights under the First and Fourteenth Amendments. *Id.* ¶¶ 49-50.

## ARGUMENT

**I.     The Requirements of Local Rule 40.4 Are Satisfied.**

The conditions for reassignment of *Ezell* to this Court's calendar as related to *Benson* under Rule 40.4 are easily satisfied. Rule 40.4(a) first requires a finding that the two cases are "related," which occurs if one or more of the following conditions are met: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." N.D. Ill. Local Rule 40.4(a). In this instance, there can be no question that common issues of fact or law pervade both *Ezell* and *Benson*, thereby satisfying Local Rule 40.4(a)(2). In *Benson*, Plaintiffs Pacholski and Tyler allege that they would practice at firearms ranges within the City if such ranges were not prohibited by section 8-20-280 of the Ordinance, and Plaintiffs Pere and Illinois Association of Firearms Retailers allege that they would open firearms ranges but for section 8-20-280. *See Benson* Compl. ¶¶ 24, 46, 56-57. Count III of the *Benson* complaint directly challenges, under the Second and Fourteenth Amendments, the constitutional validity of section 8-20-280. *See id.* ¶¶ 67-72. In *Ezell*, the individual plaintiffs also assert that they would train at firearms ranges in the City if not for the ban imposed by section 8-20-280, and Action Target, Inc., Second Amendment Foundation, Inc., and the Illinois State Rifle Association allege that

3

they would construct and open firearm ranges within the City but for section 8-20-280. *See Ezell* Compl. ¶¶ 22, 28, 31, 33-34, 40-43. Count II of the *Ezell* Complaint seeks to invalidate the City's ban on firearms ranges within its boundaries, as provided for in section 8-20-280, as a violation of the Second and Fourteenth Amendment. *See id.* ¶¶ 44-47.

Because Count I of the *Ezell* complaint contains the same constitutional challenge to section 8-20-280 that is contained in Count III in *Benson*, they share a common issue of fact or law and are therefore related under Local Rule 40.4(a)(2). The fact that *Benson* challenges the constitutionality of other provisions of the Ordinance that are not at issue in *Ezell*, and that *Ezell* brings a challenge to the firearms range ban under the First Amendment does not mean that they are not related under Rule 40.4(a)(2).[1] "[T]he rule does not require complete identity of issues in order for cases to be considered related," *Murry v. America's Mortgage Banc, Inc.*, No. 03 C 5811, 2004 WL 407010 (N.D. Ill. Mar. 1, 2004) (Guzman, J.), and "[t]wo cases need not be absolutely identical to be suitable for reassignment under Rule 40.4," *BP Corp. N. Am., Inc. v. Northern Trust Investments, N.A.*, No. 08-C-6029, 2009 WL 1684531 (N.D. Ill. 2009) (Hibbler, J.). (Copies of *Murry* and *BP Corp.* are attached hereto as Exhibits A and B, respectively.) Thus, even though *Benson* challenges provisions of the Ordinance not at issue in *Ezell*, both cases challenge the constitutionality of section 8-20-280. Indeed, reassignment of *Ezell* will not require the Court to examine a provision of the Ordinance that is not already at issue in *Benson*. The relatedness requirement of Local Rule 40.4(a) is therefore satisfied.

In addition to satisfying the relatedness requirement of Rule 40.4(a), each of the criteria for

---

[1] As discussed in the City's Motion, *Ezell*'s challenge to the firearms range ban under the First Amendment is merely a different theory of relief; the claim remains, at base, a challenge to the limitation on shooting/training ranges within the City.

4

reassignment set forth in Rule 40.4(b) must also be met. Rule 40(b) permits reassignment of a related, later-filed case if: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." N.D. Ill. Local Rule 40.4(b). All of the requirements of Rule 40.4(b) are satisfied here.

First, there is no question that both cases are pending in the Northern District of Illinois. Second, the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. In particular, judicial resources will be substantially conserved if a single judge addresses the constitutional validity of the City's prohibition against shooting and/or training ranges in the City. Any judge determining the constitutionality of the City's firearms range prohibition will have to determine, *inter alia*, whether the prohibition implicates the Second Amendment right announced in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), and as applied to the states through the Fourteenth Amendment in *McDonald v. City of Chicago*,130 S. Ct. 3020 (2010), and the level of judicial scrutiny to apply to the prohibition. Having one judge determine these issues of first impression will not only substantially conserve judicial resources but will also preclude the possibility that the two judges will reach oppose conclusions on these critical questions. *See Anderson v. Cornejo*, 199 F.R.D. 228, 262 (N.D. Ill 2000) (Hart, J.) (finding that Rule 40.4(b)(2) is satisfied because having one judge decide the pertinent legal issues common to both cases will save judicial resources).

Indeed, prior legal challenges to both Chicago's and Oak Park's ordinances which banned

handguns were reassigned based on Local Rule 40.4, and those decisions support reassignment here. In June 2008, following the Supreme Court's decision in *Heller*, two cases were filed in the Northern District seeking to invalidate Chicago's gun ban, *McDonald v. City*, 08 C 3645, and *National Rifle Association v. City*, 08 C 3697. A third case, *National Rifle Association v. Oak Park*, 08 C 3696, was also filed, challenging Oak Park's handgun ban which was similar to Chicago's prohibition. *McDonald*, which was the first filed case, was assigned to Judge Milton I. Shadur. The NRA case against Chicago was before Judge Harry Leinenweber, and the NRA case against Oak Park was before Judge Joan Lefkow. Before the defendants responded to the three complaints, Rule 40.4 motions were filed promptly by Chicago and Oak Park. Despite opposition to the motions for reassignment, Judge Shadur expeditiously granted both motions for reassignment. *See* Transcript of Proceedings Before the Honorable Milton I. Shadur, dated August 18, 2008, a copy of which is attached hereto as Exhibit C, at pp. 8-16. In denying the NRA's motion to reconsider his reassignment order, Judge Shadur held that, even though Chicago's and Oak Park's ordinances were different, and that the cases may diverge at some point, the prohibition at issue in Oak Park's ordinance was "basically subsumed within any attack on the constitutionality of the Chicago ordinance." *Id.* at p.9. Thus, reassignment pursuant to Rule 40.4 resulted in one court, instead of three different courts, ruling in the first instance upon the constitutionality of the two gun bans in light of *Heller*. Similarly, the sole provision of the Ordinance challenged in *Ezell* is subsumed by *Benson*, and its constitutionality should be determined by one court.

Third, *Benson* -- the earlier filed case -- would not be delayed if *Ezell* were reassigned to this Court's calendar. *Benson* is in its infancy; the amended complaint was just filed on August 13, 2010 and the parties are not yet at issue. Thus, *Benson* would suffer no prejudice if *Ezell* is reassigned.

6

And as discussed more fully below in Part II, recent developments in *Ezell* do not change this result. Finally, given the commonality of issues, both cases are susceptible to resolution in a single proceeding. Indeed, both *Benson* and *Ezell* seek identical declaratory and injunctive relief, and, as stated above, both cases will require the court to determine not only whether the prohibition on firearms ranges implicates the Second Amendment right announced in *Heller* but, if it does, what standard of review should be applied to section 8-20-280.

For these reasons, there can be no question that *Benson* and *Ezell* are related under Rule 40.4(a)(2) in that they share a common question of law or fact, and the four requirements for reassignment under Rule 40.4(b) are met. This Court should therefore grant Defendants' motion and order that *Ezell* be reassigned to its calendar.

## II. Recent Developments in *Ezell*

In an admitted response to Defendants' Motion and in attempt to make the Motion "pointless," the *Ezell* plaintiffs filed a motion for a temporary restraining order in that case. (A copy of Plaintiff's Memorandum of Points and Authorities in Support of Ex Parte Motion for Temporary Restraining Order ("TRO Memorandum" or "TRO Mem.") is attached hereto as Exhibit D.) *See* TRO Mem., at p.1, 4. The plaintiffs originally filed a motion for a preliminary injunction and set that motion for presentment before Judge Kendall on Monday, August 23, 2010, but decided to seek a TRO instead because they believed that Defendants' Motion was intended solely to delay *Ezell* and derail their motion for a preliminary injunction. *See* TRO Mem. at 1, 3. Defendants filed their Motion to conserve judicial resources under a local rule that exists for precisely that reason and not to thwart the *Ezell* plaintiffs' motion for a preliminary injunction. Despite the pendency of Defendants' Motion, Judge Kendall heard full argument on the TRO on August 23 and denied the

TRO without prejudice on August 24. (A copy of Judge Kendall's order is attached hereto as Exhibit E.) Judge Kendall also set a briefing and discovery schedule on the *Ezell* plaintiff's motion for a preliminary injunction, with argument to occur on October 1, 2010.

In their TRO Memorandum, the *Ezell* plaintiffs posit that "the availability of immediate relief . . . could render the judicial reassignment motion pointless." TRO Mem. at 4. This is simply incorrect. As explained above, a later-filed case cannot be reassigned if it would substantially delay the proceedings in the earlier -- not the later -- numbered case. N.D. Ill. Local Rule. 40.4(b)(3). And even if delay in the later-filed case were a concern under Rule 40.4(b)(3), the fact remains that both *Ezell* and *Benson* are in their infancy despite Judge Kendall having heard -- and denied -- the *Ezell* plaintiffs' request for a TRO. Defendants have not answered either complaint, and discovery has not yet commenced in either case. As a result, even though Judge Kendall entertained the TRO, *Ezell* has not advanced to a point that it would be substantially delayed if reassigned as related to *Benson*. *See, e.g., Murry*, 2004 WL 407010, at *3 (finding that the later-filed case would not delay the earlier filed case, in which discovery had just begun); *Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002) (Kennelly, J.) (finding that even though the court ruled on a motion to dismiss the counterclaim and discovery had just begun in the earlier numbered case, the requirement of Rule 40.4(b)(3) was met). (A copy of *Fairbanks* is attached hereto as Exhibit F.)

The *Ezell* plaintiffs also argue in their TRO Memorandum that *Ezell* and *Benson* are not related because the *Benson* plaintiffs only "'desire' to operate gun ranges in Chicago" and that "[n]one of the *Benson* plaintiffs claim that the range ban impacts their ability to register firearms; none have built or operated ranges in Chicago, or secured the imminent delivery of gun ranges to

8

Chicago for training purposes." TRO Mem. at 3. In essence, the *Ezell* plaintiffs contend that they have a "superior" or more concrete claim against the City's prohibition on firearms ranges than the *Benson* plaintiffs do. Nothing in Rule 40.4(a) suggests that this Court, in determining whether the cases are related, should weigh the superiority of one claim against the other or evaluate whether a plaintiff in one case has "better" standing than a plaintiff in another case. Rule 40.4(a) only requires that the cases share a common issue of law or fact, and, as set forth above in Part I, that requirement is easily met here. In both *Benson* and *Ezell*, individual plaintiffs assert that the City's ban on firearms ranges impacts their Second Amendment rights, and institutional plaintiffs claim that but for the prohibition, they would establish firearms ranges within the City. The cases clearly have common issues of law or fact, and the *Ezell* plaintiffs' attempt to demonstrate otherwise fails.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that *Ezell, et al. v. City of Chicago*, No. 10 CV 5135, be promptly reassigned to the calendar of this Court pursuant to Local Rule 40.4.

Date: August 27, 2010                               Respectfully submitted,

                                                    MARA S. GEORGES,
                                                    Corporation Counsel for the City of Chicago

                                                    By:    /s/William Macy Aguiar
                                                           Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975  / 7129 / 4216

Attorneys for Defendants