IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENSON, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-4184 |
| | ) | Judge Ronald A. Guzman |
| CITY OF CHICAGO, ET AL., | ) | Magistrate Judge Geraldine Soat |
| | ) | Brown |
| Defendants. | ) | |

DEFENDANTS' MOTION TO CITE ADDITIONAL AUTHORITY
IN SUPPORT OF THEIR LOCAL RULE 40.4 MOTION TO REASSIGN
CASES AS RELATED

Defendants, City of Chicago ("City") and Mayor Richard M. Daley (collectively

"Defendants"), by their counsel, Mara S. Georges, Corporation Counsel of the City of Chicago,

hereby respectfully move this Court for leave to cite as additional authority in support of their

Local Rule 40.4 Motion to Reassign Case as Related this Court's decision of August 6, 2010 to

reassign *Local 727, International Brotherhood of Teamsters v. Metropolitan Pier and*

*Exposition Authority, et al,* No. 10 C 3484 (*"Teamsters"*) to this Court as related to *Chicago*

*Regional Counsel of Carpenters v. Reilly, et al.*, No. 10 C 3372 (*"Carpenters"*).  In support of

this motion, Defendants state as follows:

1.      At the status hearing held on the morning of September 1, 2010, in this matter,

counsel for Defendants observed the status hearing held in the matter of the above two cases and

noticed certain similarities to the posture of the present case and the case the Defendants are

seeking to reassign, *Ezell, et al v. City of Chicago, et al.*, No. 10 C 5135.  Upon the conclusion of

the status, counsel for the Defendants then examined the dockets and documents in the

*Carpenters* and *Teamsters* cases.

2.      This Court found that the *Carpenters* and *Teamsters* cases were related and reassigned them as related when they were in the same posture as *Benson* and *Ezell*.  One of the defendants in *Carpenters*, the lower numbered case, moved this Court to reassign *Teamsters* , assigned to Judge Kendall, as related pursuant to Local Rule 40.4.   The motion to reassign noted that two plaintiffs filed separate complaints naming the same defendants and challenging the same Illinois statutes.  *See* Illinois Attorney General's Motion to Reassign Related Case Pursuant to Local Rule 40.4 (attached hereto as Exhibit 1).  *Benson* and *Ezell*, too, are cases brought by two different groups of plaintiffs filing separate complaints naming the same defendants and challenging the same ordinance.

3.      One of the defendants in *Carpenters* and *Teamsters* responded to the Motion to Reassign by opposing it on the grounds that the cases were in a different procedural posture because Judge Kendall had already set a schedule for briefing and a hearing on the motion for a preliminary injunction filed by the plaintiff in the *Teamsters* case.  *See* Defendant MPEA's and Reilly's Response to Motion by Defendant Madigan to Reassign Case (attached hereto as Exhibit 2).  This is exactly the same as *Ezell,* in which Judge Kendall has set a schedule for briefing and a hearing on the plaintiffs' motion for a preliminary injunction.

4.      The Teamsters filed a response to the Motion to Reassign in *Carpenters*, opposing it on the grounds that reassignment would delay the proceedings already underway before Judge Kendall.  *See* Response to Motion to Reassign (attached hereto as Exhibit 3).  This is the same basis on which the *Ezell* plaintiffs have expressed opposition to the Defendants' Motion to Reassign in this case.   In addition, like the plaintiffs in *Ezell*, the Teamsters filed a motion for a temporary restraining order before Judge Kendall after the motion to reassign had been filed in

2

*Carpenters. See* Teamster's Motion for Temporary Restraining Order at 2 (attached hereto as Exhibit 4). In fact, the *Ezell* plaintiffs expressly stated in their Motion for a Temporary Restraining Order that they filed it because the City Defendants filed their Motion to Reassign.

4. On July 28, 2010, Judge Kendall heard and denied the motion for a temporary restraining order filed by the *Teamsters'* plaintiffs. *See* Notice of Docket Entry, *Teamsters v. MPEA et al.,* No. 10 C 3484 (July 28, 2010) (attached hereto as Exhibit 5). In *Ezell*, Judge Kendall heard and denied a motion for a TRO on August 24, 2010.

5. Despite the progress of the *Teamsters* case, this Court granted the motion to reassign *Teamsters* as related to *Carpenters* on August 6, 2010. (A copy of this order is attached hereto as Exhibit 6). Presumably, this Court found that notwithstanding the request for a temporary restraining order by the Teamsters that was denied by Judge Kendall, the cases remained in a similar posture, satisfying Local Rule 40.4(b)(2).

6. *Benson* and *Ezell* are in the very same procedural posture that *Carpenters* and *Teamsters* were in when this Court granted the motion to reassign filed in *Carpenter*. The cases are related: both name the same defendants and make the same constitutional challenge to the same ordinance. And *Ezell*, like the *Teamsters* case, has proceeded before Judge Kendall on preliminary motions: in both cases Judge Kendall has denied a motion for a TRO and has set a schedule on a motion for a preliminary injunction. This Court granted the motion to reassign in *Carpenters*. Defendants respectfully submit that there is no principled reason to treat *Benson* and *Ezell* differently than *Carpenters* and *Teamsters*.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that this

Court grant their Motion to Cite Additional Authority in Support of Their Motion to Reassign

Cases as Related.

Date: September 2, 2010

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel for the City of Chicago

By:   /s/ Michael A. Forti
         Deputy Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendants