# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 10 CV 3372 |
| JAMES REILLY, as Trustee of the Metropolitan Pier and Exposition Authority; METROPOLITAN PIER AND EXPOSITION AUTHORITY, a body politic and municipal corporation, and LISA MADIGAN, as Attorney General for the State of Illinois | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | The Honorable |
| | ) | RONALD A. GUZMAN, |
| Defendants. | ) | Judge Presiding. |

## ILLINOIS ATTORNEY GENERAL'S MOTION
## TO REASSIGN RELATED CASE PURSUANT TO LOCAL RULE 40.4

Two different labor unions have filed two separate complaints, naming the same

defendants, and raising the same legal challenges to the same Illinois statutes. Because the cases

filed by the Chicago Regional Council of Carpenters ("Carpenters") and Local 727, International

Brotherhood of Teamsters ("Teamsters") arise from the same statute and involve overlapping

issues of fact and law, they are related and should be reassigned pursuant to Local Rule 40.4.

## BACKGROUND

Public Acts 96-898 and 96-899 became effective on May 28, 2010. Teamster's Compl.

¶ 1.[1] On June 2, 2010, the Carpenters sued to have P.A. 96-898 declared unconstitutional.

Carpenters Compl. ¶ 2. On June 9, 2010, the Carpenters filed an amended complaint, alleging

---

[1] In accordance with LR 40.4(c), a copy of the Teamsters' complaint is attached to this motion.

1

that P.A. 86-899 also was unconstitutional. Carpenters' Am. Compl. ¶ 2. On June 7, 2010, the

Teamsters sued to have P.A. 96-898 and P.A. 96-899 declared unconstitutional. Teamsters'

Compl. ¶ 1.

The Carpenters and the Teamsters sued the same Defendants: James Reilly, the

administrator of the Metropolitan Pier and Exposition Authority ("Authority"), the Authority,

and the Illinois Attorney General, Lisa Madigan, in her official capacity. *Compare* Carpenters'

Compl. *with* Teamsters' Compl.

Both the Carpenters and the Teamsters alleged that P.A. 898 and 899 were preempted by

the National Labor Relations Act. Carpenters' Am. Compl. Counts I-II; Teamster's Compl.

Count III. Both alleged that the Acts unconstitutionally impaired their contractual rights under

certain collective bargaining agreements. Carpenters' Am. Compl. Counts III-IV; Teamsters'

Compl. Counts I-II. Both alleged violations of the equal protection clause because the Acts

allegedly discriminated against union employees in favor of non-union employees. Carpenters'

Am. Compl. Count V; Teamsters' Compl. Count IV. Both alleged violations of the Illinois

Constitution's prohibition on "special legislation." Carpenters' Am. Compl. Count VII;

Teamsters' Compl. Count V. And both complaints alleged that the Acts were unenforceable

because they conflicted with the Illinois State Labor Relations Act. Carpenters' Am. Compl.

Count VIII; Teamsters' Compl. Count VII.

The Illinois Attorney General now moves pursuant to Local Rule 40.4 to reassign the

Teamsters' case, which is the higher-numbered complaint.

## DISCUSSION

Local Rule 40.4 provides for the reassignment of related cases. Under section (a) of the rule, two cases are related if, *inter alia*, they "involve some of the same issues of fact or law," or "grow out of the same transaction or occurrence." Two related cases should be assigned to the judge presiding over the lower-numbered case if

> (1) both cases are pending in the this Court;
>
> (2) the handling of both cases by the same judge is likely to result in substantial saving of judicial time and effort;
>
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
>
> (4) the cases are susceptible to disposition in a single proceeding.

LR 40.4 (b).

All of the conditions set forth in Local Rule 40.4 are met. The cases share common legal and factual issues because all of the claims in both complaints challenge the same Illinois statutes, and the plaintiffs' legal claims are duplicative.

The cases are both pending in the United States District Court for the Northern District of Illinois. They are susceptible to disposition in a single proceeding because it makes obvious sense to resolve the same legal claims in the same proceeding. Indeed, doing so will save substantial judicial resources because only one, rather than two, judges will be necessary to adjudicate the legal issues involved in this case. Lastly, this motion to reassign is being filed before the defendants have filed any responsive pleadings so no judicial effort has yet been expended on either case.

Local Rule 40.4 states that a motion to reassign based on relatedness "should not generally be filed until after the answer or motions in lieu of answer." However, because the Teamsters, the plaintiff in the higher numbered case, filed a motion for a preliminary injunction, and set that motion for a hearing on June 21, 2010, it is likely that a substantial amount of judicial resources will be expended on the Teamsters' case before defendants file an answer or otherwise plead. Thus, this early filing is consistent with the purpose underlying Rule 40.4, which is to foster judicial economy and avoid wasting judicial resources.

Respectfully Submitted,

**LISA MADIGAN**
Attorney General
State of Illinois

By: /s/Paul Berks
**PAUL BERKS**
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
(312)814-2575

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, an unincorporated association, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 10-CV-3372 |
| v. | ) ) | Judge Ronald A. Guzman |
| JAMES REILLY, as Trustee of the Metropolitan Pier and Exposition Authority, METROPOLITAN PIER AND EXPOSITION AUTHORITY, a body politic and municipal corporation, and LISA MADIGAN, as Attorney General for the State of Illinois, | ) ) ) ) ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) ) | |

## DEFENDANT MPEA'S AND REILLY'S RESPONSE TO MOTION BY DEFENDANT MADIGAN TO REASSIGN CASE

Defendants James Reilly and Metropolitan Pier and Exposition Authority (collectively referred to as MPEA) hereby respond to Defendant Lisa Madigan's Motion to Reassign Case as follows:

## I.     MPEA'S POSITION ON REASSIGNMENT

For the reasons set forth in Attorney General Madigan's motion, MPEA agrees that the subject cases fit the criteria for reassignment as "related" cases under Local Rule 40.4(a)(2). However, the current procedural posture of the two cases makes reassignment inappropriate under Local Rule 40.4(b), which requires that reassignment is "likely to result in a substantial saving of judicial time and resources." This is particularly the case if the higher numbered case is reassigned as contemplated by Local Rule 40.4.

451043.1

Judge Kendall has set a briefing schedule and scheduled a hearing on the Teamsters' Motion for Preliminary Injunction for July 22, 2010 in the higher numbered case (*Local 727 International Brotherhood of Teamsters v. Metropolitan Pier and Exposition Authority et al.* Case No. 10 cv 03484).[1] By the time Defendant Madigan's reassignment motion is fully briefed and ripe for a decision, Judge Kendall already may have ruled on the Teamsters' motion for preliminary injunction, and, at the very least, will have heard the motion and be fully apprised of the factual and legal issues involved. Reassignment of the *Teamsters* matter to a new judge at that point would not result in a substantial saving of judicial time and effort as required to justify reassignment under Local Rule 40.4(b)(2).

Where reassignment is appropriate, Local Rule 40.4 contemplates reassignment of the higher numbered (later filed) case to the judge who has the earlier filed case. There is no explicit provision authorizing reassignment of the lower numbered case; however, no provision explicitly bars such reassignment. Local Rule 40.1 mandates that the rules of this Court and any procedures adopted by this Court that deal with the assignment and reassignment of cases shall be construed to secure "an equitable distribution" of cases. For the reasons set forth above, the higher numbered case in this instance should not be reassigned because doing so would result in the wasteful duplication of judicial time and effort. In contrast, given the underlying legal and factual similarity of the two cases and the fact that Judge Kendall will be well versed in these issues by the time any reassignment occurs, reassignment of the lower numbered case to Judge Kendall **would** further the interests of judicial economy and otherwise meet the criteria for reassignment under Local Rules 40.1 and 40.4. Accordingly, if any reassignment occurs, the

---

[1] The Chicago Regional Council of Carpenters filed a preliminary injunction motion in Case No. 10 cv 03372 on July 7, 2010. That motion has been referred to Magistrate Valdez and no briefing schedule or hearing date has been set on the motion as of the date of this filing.

2

cases should be reassigned to Judge Kendall pursuant to the Court's inherent authority under Local Rule 40.1 to mandate an "equitable distribution" of cases.

## II. CONCLUSION

For the reasons set forth above, MPEA respectfully submits that Defendant Madigan's Motion to Reassign Case should be denied to the extent that it requires the reassignment of the higher numbered case. Reassignment should occur only if the lower numbered case is reassigned.

Respectfully submitted,

METROPOLITAN PIER AND EXPOSITION AUTHORITY and JAMES REILLY

By: s/Michael A. Warner, Jr. 06208011
Michael A. Warner, Jr.

James C. Franczek, Jr.
jcf@franczek.com
Sally J. Scott
sjs@franczek.com
Michael A. Warner, Jr.
maw@franczek.com
FRANCZEK RADELET P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL 60606
(312) 986-0300
Dated: July 13, 2010

3

451043.1

## CERTIFICATE OF SERVICE

I hereby certify that on **July 13, 2010**, I electronically filed the foregoing **DEFENDANT MPEA'S AND REILLY'S RESPONSE TO MOTION BY DEFENDANT MADIGAN TO REASSIGN CASE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorney:

> Marvin Gittler
> Margaret Angelucci
> Ryan A. Hagerty
> ASHER, GITTLER & D'ALBA, LTD.
> 200 West Jackson,
> Suite 1900
> Chicago, IL  60606
>
> Paul Berks
> Thomas A. Ioppolo
> Complex Litigation Counsel
> Office of the Illinois Attorney General
> 100 West Randolph Street
> 12th Floor
> Chicago, IL 60601

> s/Michael A. Warner, Jr. 06208011
> Michael A. Warner, Jr.
>
> James C. Franczek
> jcf@franczek.com
> Sally J. Scott
> sjs@franczek.com
> Michael A. Warner, Jr.
> maw@franczek.com
> Franczek Radelet P.C.
> 300 South Wacker Drive
> Suite 3400
> Chicago, IL 60606
> 312.986.0300

451043.1

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 CV 3372 |
| | ) | |
| JAMES REILLY, *et al.*, | ) | The Honorable |
| | ) | Ronald A. Guzman, |
| Defendants. | ) | Judge Presiding. |

## RESPONSE TO MOTION TO REASSIGN

Local 727, International Brotherhood of Teamsters ("Local 727"), Plaintiff in Case No.

10 CV 03484, now pending before the Honorable Virginia Kendall, submits this response

relating to the Defendant Illinois Attorney General's Motion to Reassign Related Case as

follows:[1]

The Illinois Attorney General has moved this court to reassign the matter of Local 727,

International Brotherhood of Teamsters v. Metropolitan Pier and Exposition Authority, *et al.*,

Case No. 10 CV 03484, which case was filed on June 7, 2010. On June 21, 2010, Plaintiff Local

727 filed its Motion for a Preliminary Injunction and Declaratory Relief, served all defendants'

counsel and appeared before the Honorable Judge Kendall seeking a hearing date on the

Complaint. Counsel for the Defendants Metropolitan Pier and Exposition Authority, James

Reilly, as its Trustee, and Attorney General Lisa Madigan also appeared. Judge Kendall was

advised of the circumstances giving rise to the Complaint, the allegations of the Complaint and

---

[1]       Local Rule 40.4(c) allows ". . . all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment. . . ."

of the pendency of this case (10 CV 3372, the "Carpenters" case) pending in this court. As a

result of the dialogue in open court, Judge Kendall stated that she had read the Complaint and the

motion and brief,[2] was aware of the pendency of the Carpenters case before this court and entered

the following Order:

> MINUTE entry before Honorable Virginia M. Kendall: Motion
> hearing held regarding plaintiffs' motion for preliminary injunction
> [17]. Responses are to be filed by 7/7/2010. Replies are to be filed
> by 7/14/2010. Preliminary injunction Hearing is set for 7/22/2010
> at 10:00 AM. The parties are directed to advise the court by 4:00
> pm on 7/20/2010 is [sic] they will be calling witnessed [sic] on
> 7/22/2010. Advised in open court (jms, )

Apparently, on the same day this court entered the following Order:

> MINUTE entry before Honorable Ronald A. Guzman: Notice of
> motion hearing set for 6/24/10 is stricken. Set deadlines as to
> motion by Defendant Lisa Madigan to reassign case Pursuant to
> Local Rule 40.4[18]: Response due by 7/13/2010. Reply due by
> 7/27/2010. Ruling to be by mail. Mailed notice (cjg, )

## BACKGROUND

Local 727 accepts as accurate the statements set forth in the Illinois Attorney General's

motion section entitled "Background" with the following clarification:

At the time Local 727 filed its Complaint on or about June 7, 2010, the Carpenters'

Complaint was not as extensive as the Teamsters' Complaint containing fewer allegations and

counts but was subsequently amended to include additional violations akin to those set forth in

the Local 727 Complaint.

## ARGUMENT

As acknowledged by the Attorney General, motions urging relatedness and reassignment

---

[2]     Judge Kendall granted Local 727's Motion to File an Oversized Brief (26 pages).

2

should not under Local Rule 40.4 ". . . generally be filed until the answer or motions in lieu of answer have been filed in each of the proceedings involved." No such answers or motions in lieu of answers have as yet been filed. As was explained before Judge Kendall: the significant adverse impact of the disputed legislation on the many hundred of "union" targeted employees has not yet, to our knowledge, been implemented or announced. Under such circumstances, a temporary restraining order under Rule 65 would not appear appropriate at this time. A preliminary injunction and declaratory relief will avoid severe and irreparable harm if a hearing including appropriate briefs were expeditiously heard and considered. To this end, Judge Kendall entered the above-described order expediting the proceeding in her court. Although counsel for all defendants were present, no objection was made to the schedule.

In addition to the foregoing, Local 727 was served on Tuesday, June 22, 2010, with interrogatories and requests for production of documents by counsel for McCormick Place and Reilly, requesting compliance within seven (7) days. Local 727, on June 23, 2010, began the process of accumulating the requested discovery material and anticipates compliance within the seven day period.

It is obvious that while the Carpenters' case in this court has not progressed to the point where it would be delayed, a reassignment at this time would clearly delay the proceedings pending as now scheduled before Judge Kendall. It may be noted, for example, that the preliminary injunction hearing before Judge Kendall is set for July 22, 2010; the order on reassignment will be made by mail in this court after a briefing schedule which concludes on July 27, 2010, five (5) days after the injunction hearing.

Local 727, of course, has the highest regard and respect for both courts. And if the

3

calendar and schedule of Judge Guzman's court will allow the same briefing and hearing dates, there would appear to be no prejudice to Local 727 and the employees it represents.

Counsel's representation on page 3 of his motion to reassign is not accurate in saying that no effort has yet been expended. Plaintiff Local 727 has filed its Complaint and a fully briefed injunction motion which has been at least to some extent reviewed by Judge Kendall. When the potential harm to the targeted union employees was explained, and the unconstitutional allegations considered, a scheduling order was set. It may be that the Attorney General has not expended effort; all other counsel have.

Judicial economy and judicial resources will ultimately be conserved by allowing the case before Judge Kendall to proceed. By so doing, the court will secure to these parties a ". . . just, speedy and inexpensive determination . . ." as promised and anticipated by Rule 1 of the Federal Rules of Civil Procedure.

<div style="margin-left:40%">

Respectfully submitted,

Local 727, International Brotherhood
of Teamsters


By:    s/s MarvinGittler
       Marvin Gittler
       I.D. No. 00965472

</div>

Marvin Gittler
Margaret Angelucci
Ryan A. Hagerty
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Blvd., Suite 1900
Chicago, IL 60606
(312) 263-1500

<div style="text-align:center">4</div>

# EXHIBIT  4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 727, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. 10-CV-03484 |
| | ) ) | Judge Virginia M. Kendall |
| METROPOLITAN PIER AND EXPOSITION AUTHORITY, et al | ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | ) ) | |

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff, Local 727, International Brotherhood of Teamsters ("Local 727"), by and through its attorneys Marvin Gittler, Margaret Angelucci, and Ryan A. Hagerty of Asher, Gittler & D'Alba, hereby moves, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, for a temporary restraining order against Defendants, and in support hereof, states as follows:

1. On June 15, 2010, Plaintiff filed a motion for preliminary injunction and declaratory ruling ("Plaintiff's Motion") against Defendants based on recent amendments made by the Illinois General Assembly to the Metropolitan Pier and Exposition Authority ("MPEA") Act.

2. On June 21, 2010, the parties appeared in this Court to discuss the status of Plaintiff's Motion. As the Court may recall, Plaintiff's counsel advised the Court that Plaintiff opted to pursue a preliminary injunction (versus a temporary restraining order) in light of the fact that as of that date, Plaintiff had received no information to suggest that any Defendant had implemented or stated an intent to implement the MPEA Act amendments. The Court entered an order directing Defendants to file their respective briefs in response to Plaintiff's Motion on or

before July 7, 2010. The order further directed Plaintiff to file its reply brief on or before July 14, 2010. The Court's order also set Plaintiff's Motion for hearing on July 22, 2010.

3.　　On July 7, 2010, Defendants each filed a brief in response to Plaintiff's Motion and on July 14, 2010, Plaintiff filed its brief in reply to Defendants' response briefs and therefore Plaintiff's Motion has been fully briefed and awaits resolution by the Court.

4.　　On July 19, 2010, the Court, sua sponte, entered an order striking the hearing date previously set for Plaintiff's motion pending a decision by Judge Guzman in Case No. 10cv3372 concerning case reassignment, and set this matter over for a status on August 25, 2010.

5.　　As set forth in the attached affidavit of John T. Coli, Plaintiff has received new information to establish that Defendants intend to implement the recent amendments to the MPEA Act on August 1, 2010 as follows:

(a)　　On or about July 16, 2010, Plaintiff's Secretary-Treasurer, John T. Coli, received correspondence from a company known as "Freeman" – one of two primary contractors used at McCormick Place and Navy Pier and a signatory to Plaintiff's collective bargaining agreement (known as the "Trade Show Agreement"). See Coli Aff., at ¶2. In its letter to Mr. Coli, Freeman states:

> The MPEA Reform Act requires that all MPEA contracts with exhibitors, contractors and managers, such as Freeman, shall include certain specified terms and conditions for Union represented employees working at the McCormick Place complex and Navy Pier. As a matter of law, Freeman is required to abide by these revised terms and conditions. Specifically, a number of those terms and conditions supersede provisions of the Collective Bargaining Agreement between Teamsters Local 727 and Freeman. As Freeman is required by Illinois statute to enforce those terms and conditions, Freeman is unable to bargain

2

> over these changes to the terms and conditions of
> employment for its employees represented by your
> Union, and working at the McCormick Place and
> Navy Pier.

<u>See</u> Coli Aff., at ¶¶2-3, and Exh. 1.

 (b) Similarly, on or about July 16, 2010, Mr. Coli received

correspondence from a company known as "Viad" is another contractor that has

been used at McCormick Place and Navy Pier and is also signatory to the Trade

Show Agreement with Plaintiff. In its letter to Mr. Coli, Viad states:

> As you are aware, this legislation creates a number
> of provisions that exhibitors, contractors and
> managers such as GES are required to follow when
> working at either the McCormick Place complex or
> Navy Pier ... we cannot change the law as it impacts
> our collective bargaining agreements ....

<u>See</u> Coli Aff., at ¶¶2, 4, and Exh. 2.

 6. The letter from Viad contained an enclosure entitled "Notice Regarding New

Rules and Regulations Applicable to All Contractors" which was issued by Defendant MPEA

reflecting an intent by Defendant MPEA to implement new work rules as a result of the recent

amendments to the MPEA Act on August 1, 2010. <u>See</u> Coli Aff., at Exh. 2-3.

 7. The unsolicited correspondence from Freeman and Viad to Mr. Coli, <u>inter</u> <u>alia</u>,

substantiates Plaintiff's claims concerning the various impairments to the Trade Show

Agreement as a result of the amendments to the MPEA Act. <u>See</u> Coli Aff., at ¶2.

 8. Equally important, the unsolicited letters from Freeman and Viad substantiate

Plaintiff's claim that its members will sustain irreparable harm in the absence of a Court order

restraining Defendants from enforcing the legislation at issue.

<div align="center">3</div>

9.    For the reasons set forth by Plaintiff in its briefs to the Court, Plaintiff has a likelihood of success on the merits of one or more of its claims against Defendants and in the absence of a Court order enjoining Defendants from enforcing the amendments to the MPEA Act that are in question, Plaintiff will sustain irreparable harm in several distinct ways: (1) harm in the form of one or more of the constitutional violations argued by Plaintiffs; (2) harm in the form of interference with the right to bargain under the National Labor Relations Act; (3) harm in the form of damage to Plaintiff's reputation as an effective bargaining agent, and damage to Plaintiff's relationship with its membership; and (4) the likely loss of health care eligibility. Lastly, as previously explained by Plaintiff, Plaintiff has no adequate remedy at law for the harm it will sustain in the absence of the requested Court order. See, e.g., arguments at pp. 36-43 of Plaintiff's Reply brief. See Coli Aff., ¶5; see Voss Aff. attached to Plaintiff's brief at ¶8.

10.    Plaintiff requests that the Court issue an order restraining and enjoining Defendants from enforcing the legislation in question until such time as Plaintiff's Motion for Preliminary Injunction and Declaratory Ruling is heard. Plaintiff further requests that the Court waive any requirement that Plaintiff provide any form of security in the unlikely event that it should be later determined that requested relief was issued in error. As recently stated by the Seventh Circuit Court of Appeals ". . . a number of cases allow a district court to waive the requirements of an injunction bond. In some of these cases the Court is satisfied that there's no danger that the opposing party will incur any damages from the injunction." Habitat Educ. Center v. U.S. Forest Service, 607, F.3d 453, 458 (7th Cir., 2010). In this case, Plaintiff, upon information and belief, represents that any shows appearing at McCormick Place or Navy Pier on or for several months after August 1, 2010 were likely contracted for significantly prior to,

4

perhaps even several years prior to their opening on August 1, 2010. Under such a scenario ". . . there is no reason to require a bond in such a case." Ibid. Indeed, under such circumstances, an order requiring security would impose a further burden by way of costs on the employee's bargaining representative, Local 727; and may even result in a windfall for Defendant MPEA, or non-party contractors, by charging pre-MPEA Reform Act costs or rates, but paying reduced post-MPEA Reform Act costs or rates. Additionally, such an amount for a security bond, to the extent that it is even warranted, cannot be quantified with any measure of reason.

WHEREFORE, Plaintiff, Local 727, International Brotherhood of Teamsters, prays that this Honorable Court enter a Temporary Restraining Order (1) enjoining and restraining Defendants from enforcing the above-referenced amendments to the MPEA Act, including those discussed in Plaintiff's briefs to this Court, at least until the hearing of Plaintiff's Motion for Preliminary Injunction and Declaratory Ruling, (2) declaring such amendments to be in violation of the U.S. Constitution, the Constitution of the State of Illinois, the National Labor Relations Act, and the Illinois Public Labor Relations Act, and (3) issuing all other relief deemed just and proper by the Court.

Respectfully submitted,

/s/ Marvin Gittler
*Attorney for Local 727, International*
*Brotherhood of Teamsters.*

Marvin Gittler
Margaret Angelucci
Ryan A. Hagerty
ASHER, GITTLER & D'ALBA, LTD.
200 W. Jackson, Suite 1900
Chicago, Illinois 60606
312/263-1500 (phone)
312/263-1500 (fax)

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOCAL 727, INTERNATIONAL          )
BROTHERHOOD OF TEAMSTERS,          )
                                   )
                                   )
        Plaintiff,                 )
                                   )         Case No.:      10-CV-03484
v.                                 )
                                   )         Honorable Judge Virginia M.
                                   )         Kendall
METROPOLITAN PIER AND EXPOSITION   )
AUTHORITY, JAMES REILLY, as Trustee )        Magistrate Judge Jeffrey T. Gilbert
of the Metropolitan Pier and Exposition )
Authority, and LISA MADIGAN, as    )
Attorney General for the State of Illinois, )
                                   )
        Defendants.                )
                                   )

## AFFIDAVIT OF JOHN T. COLI

My name is John T. Coli and I make this sworn statement to the following which are true and
accurate to the best of my knowledge and belief:

1.       I am Secretary-Treasurer and Principal of Teamsters Local Union No. 727, a labor
organization which represents trade show and convention workers in and about Chicago, Illinois.
I am also the President of Teamsters Joint Council 25, an intermediate body of the International
Brotherhood of Teamsters which oversees Local Union affiliates representing more than 100,000
employees in Northern Illinois and Indiana.

2.       Attached to this Affidavit are the following documents which were received at my
office on or about July 16, 2010 from the Freeman Company (Affidavit Exhibit 1), and from the
Viad Corporation (Affidavit Exhibit 2), including McCormick Place Notice Regarding New Rules
and Regulations Applicable to All Contractors to be effective August 1, 2010, (Affidavit Exhibit 3

(4 pages)), both companies being signatory to the Teamsters Local 727 Trade Show Agreement (Complaint, Exh. D). Both letters were unsolicited and specifically cited Senate Bill 28 referred to as "the MPEA Reform Act" (Complaint, Exh. A.)

3.    The Freeman letter states in part:

> The MPEA Reform Act requires that all MPEA contracts with exhibitors, contractors and managers, such as Freeman, shall include certain specified terms and conditions for Union represented employees working at the McCormick Place complex and Navy Pier. As a matter of law, Freeman is required to abide by these revised terms and conditions. Specifically, as number of those terms and conditions supersede provisions of the Collective Bargaining Agreement between Teamsters Local 727 and Freeman. As Freeman is required by Illinois statute to enforce those terms and conditions, Freeman is unable to bargain over these changes to the terms and conditions of employment for its employees represented by your Union, and working at the McCormick Place and Navy Pier.

4.    The Viad letter states in part:

> As you are aware, this legislation creates a number of provisions that exhibitors, contractors and managers such as GES are required to follow when working at either the McCormick Place complex or Navy Pier. . . . we cannot change the law as it impacts our collective bargaining agreements . . . .

5.    The employees represented by Teamsters Local Union No. 727 under what is referred to as the Trade Show Agreement (Complaint, Exh. D) and MPEA Agreement (Complaint, Exh. C) covered employees must work 1,100 hours per year for signatory employers to be eligible for health care coverage. Based upon my experience, I believe that if Senate Bill 28 (Complaint, Exh. A) and 3215 (Complaint, Exh. B) are implemented in full, a significant number of Teamsters represented employees, including their families and other eligible dependents, will suffer reduced hours of work and loss of health care coverage.

2

I, again, state that the above statements are true and accurate to the best of my knowledge and belief.

Dated: Chicago, Illinois, this 21ST day of July, 2010.

*John T. Coli*

SIGNATURE

F:\KAREN\MG\727\MPEA\LITIGATION\Coli, John T Affidavit [version 2].wpd

# F R E E M A N

July 14, 2010

<u>VIA U.S. MAIL —RETURN RECEIPT REQUESTED</u>

Teamsters Local 727
5940 W. Montrose Ave.
Chicago, IL  60634
Attn: John T Coli

Re:   <u>Effects of Passage of 735 ILCS 30/25-5-25</u>

Dear Mr. Coli:

As you are no doubt aware, the Illinois Legislature has voted to override Governor Quinn's amendatory veto of Senate Bill 28.  As a result, SB 28 has amended 735 ILCS 30/25-5-25 (the "MPEA Reform Act" or the "Act"), which has an effective date of May 27, 2010.

The MPEA Reform Act requires that all MPEA contracts with exhibitors, contractors and managers, such as Freeman, shall include certain specified terms and conditions for Union represented employees working at the McCormick Place complex and Navy Pier.  As a matter of law, Freeman is required to abide by these revised terms and conditions.  Specifically, a number of those terms and conditions supersede provisions of the Collective Bargaining Agreement between Teamsters Local 727 and Freeman.  As Freeman is required by Illinois statute to enforce those terms and conditions, Freeman is unable to bargain over these changes to the terms and conditions of employment for its employees represented by your Union, and working at the McCormick Place and Navy Pier.

Nonetheless, Freeman recognizes its obligation to bargain over the effects of the MPEA Reform Act.  If you desire to meet with us to bargain over the effects of the Act, please provide us with dates on which you are available, and we will meet with you at a mutually convenient time and place.

Sincerely,

Doug Van Ort
Senior Vice President

EXHIBIT

1



Viad Corporation – 5248 S Cicero, Chicago, IL 60638

Mr. John Coli                                        7-13-10
Teamsters Local 727
5940 W Montrose Ave
Chicago, IL 60634

Via Certified Mail: 7008 1830 0000 6318 5004

Dear John,

We all noted the passage of Illinois SB 28 which became effective on May 27, 2010 and is known as the MPEA Reform Act.

As you are aware, this legislation creates a number of provisions that exhibitors, contractors and managers such as GES are required to follow when working at either the McCormick Place complex or Navy Pier. While we cannot change the law as it impacts our collective bargaining agreements, we are willing to meet with you to bargain over the effects of the MPEA Reform Act on our employees and your members.

For the purposes of discussion I have included with this letter a copy of the rules that we understand will be in place as of August 1, 2010. I'm sure you will find that these rules are in compliance with the law as enacted.

If you wish to meet concerning these issues, please provide me with dates you are available and we will schedule a mutually convenient time and place for us to meet to deal with these new changes.

Sincerely,

*Gary W. Behling*

**Gary W Behling**
Director of Labor Relations
Viad Corporation
Office – 773-284-5253
Cell – 773-447-3458

Attachment:    Contractor Rules 6-25-10

EXHIBIT
2



## NOTICE
### REGARDING
### NEW RULES AND REGULATIONS
### APPLICABLE TO
### ALL CONTRACTORS

| | |
|---|---|
| **TO:** | All General Service Contractors and Other Service Contractors |
| | All Exhibitor Appointed Contractors and Other Companies |
| **FROM:** | David R. Causton, General Manager, McCormick Place |
| **DATE:** | June 25, 2010 |

## I.  INTRODUCTION

As you are aware, as a condition of conducting business on the premises owned and operated by the Metropolitan Pier and Exposition Authority, all contractors' are required to register and execute a right of entry agreement with MPEA that establishes the terms and conditions governing the contractors' rights to perform work on MPEA property. A condition of this agreement is that all contractors comply with the rules and regulations that govern the use of MPEA premises and that are established or amended from time to time by the Authority. In the event a contractor violates this covenant, the Authority may prohibit the contractor from conducting business on MPEA premises, terminate any current agreements with such contractor and initiate legal proceedings.

On May 27, 2010, the Illinois General Assembly enacted legislation that directly impacts the Authority, show managers, contractors, exhibitors and event attendees and that ultimately will transform the way business is conducted on MPEA premises. While this legislation is effective upon enactment, the implementation process is in its initial stages. Certain changes will be implemented promptly. Other changes are wholesale modifications to the way business has been conducted on MPEA premises and thus will require a lengthier implementation period. The Authority embraces this challenge and reaffirms its commitment to implement this legislation in the most expeditious, efficient and communicative manner possible. To this end, the purpose of this

---

'"All contractors" includes, but is not limited to, official service contractors, general service contractors, event contractors, service contractors (e.g., audio-visual contractors or computer contractors), exhibitor appointed contractors and any other contractor or company providing services to exhibitors.

Initials _PC_

4491361

EXHIBIT

3

notice is to advise all contractors of the new rules and regulations that have been issued as part of this initial implementation phase.

## II. NEW RULES AND REGULATIONS

Prior to the legislation, exhibitors on MPEA premises were entitled to exercise certain labor-related rights during the run of a show and were granted certain privileges as a condition of exhibiting on MPEA property. The legislation expands these rights and privileges, and contractors are expected to honor them as a condition of operating on MPEA premises. Accordingly, effective August 1, 2010, contractors are required to acknowledge and abide by the following policies:

### A. Loading and Unloading

An exhibitor and exhibitor employees[1] (collectively referred to as "Exhibitor" or "Exhibitors") now have the right to unload materials from privately owned vehicles ("POVs") prior to a show and then load these materials into POVs after a show using non-motorized hand trucks and dollies. The Authority will publish detailed guidelines regarding this policy in the near future.

### B. In-Booth Work

The legislation contains an expansive definition of the type of work that Exhibitors may now perform within their booths. The legislation also charges the Authority with the responsibility for ensuring that the exercise of these rights by Exhibitors is consistent with training and safety requirements. While this safety analysis is an ongoing component of the implementation process, the Authority is prepared to announce the following changes in the type of work that may be performed by Exhibitors:

√ The "booth of 300 square feet or less" limitation no longer applies. Exhibitors may now perform work in a booth of any size.

√ Exhibitors may now perform work within their booths using their own ladders or hand tools, cordless tools, power tools and other tools designated by the Authority.

√ In addition to the work Exhibitors currently perform, Exhibitors may also begin performing the following work within their booths:

- Setting-up and dismantling exhibits;

- Assembling and disassembling materials, machinery or equipment;

- Installing all signs, graphics, props, balloons, other decorative items, and the Exhibitor's own drapery, including the skirting of Exhibitor tables;

- Delivering, setting-up, plugging in, interconnecting and operating the Exhibitor's electrical equipment, computers, audio-visual devices and other equipment; and

---

[1] The legislation defines an "exhibitor employee" as "any person who has been employed by the exhibitor as a full-time employee for a minimum of 6 months before the show's opening date."

2 of 4

Initials _____

449138.1

- Skidding, positioning and re-skidding all Exhibitor material, machinery and equipment using non-motorized hand trucks and dollies.

### C. Billing Practices

The legislation establishes new rules governing billing practices for labor services provided by contractors' employees. Specifically, contractors may only charge an Exhibitor for labor services (including the cost of fringe benefits and a reasonable mark-up) provided by their employees on a straight-time ("ST"), time-and-one-half ("OT") or double-time ("DT") basis in accordance with the following schedule:

| Window | MONDAY THROUGH FRIDAY | SATURDAY | SUNDAY AND HOLIDAYS |
|---|---|---|---|
| 6:00 a.m. to 10:00 p.m. | ST for 1st 8 Consecutive Hours *and* OT Only After 8 Hours | OT for 1st 8 Consecutive Hours *and* DT Only After 8 Hours | DT |
| 10:01 p.m. to 11:59 p.m. | OT | DT | |
| 12:00 a.m. to 5:59 a.m. | DT | DT | |

Effective August 1, 2010, the above schedule will apply for all skilled labor services related to loading and unloading, drayage, rigging, carpentry, decorating and electrical. Finally, when billing Exhibitors, contractors may only charge for labor services on a minimum half-hour basis.

### D. Communications

The Authority recognizes that questions will arise regarding these specific changes and their ongoing implementation on MPEA premises. Prior to or after a show, these inquiries should be directed to Luke Karas, Assistant Director of Guest Services, who may be contacted at 2301 South Lakeshore Drive, Chicago, Illinois, 60616, (312) 791-6456 or lkaras@mpea.com. During a show, any contractor that believes Exhibitors are performing unauthorized work or otherwise acting outside the scope of their existing rights shall direct the concern to the Facility Floor Manager and not the Exhibitors consistent with current practice. All contractors should remind their employees of this protocol and require them to abide by it.

### E. Existing Rules and Regulations

Effective August 1, 2010, the new rules and regulations set forth in this memorandum shall supersede any conflicting provisions in any existing policy or procedure and any inconsistent practices, including, but not limited to, those set forth in MPEA Meeting Planners Guides, Exhibitor Manuals, MPEA Facility Protection Guidelines, McCormick Place Exhibitor and Utility Ordering Guides and informational materials on the MPEA website. All other rules and regulations shall remain in effect in their current forms, unless and until they are amended by the Authority.

Initials *PC*

489181

## III.    CONCLUSION

As indicated above, the implementation of the new legislation is in its initial stages, and this communication regarding changes in policies and procedures is the first of many to follow.  In furtherance of this communication, the Authority invites all contractors to attend a meeting on July 21, 2010, and details will follow regarding the meeting's time and location.  Prior to July 21, 2010, each contractor must acknowledge receipt of this notice by initialing each page, completing the attached acknowledgement form and then submitting a copy of the entire notice to Luke Karas either electronically or by mail.  The Authority will continue to proceed efficiently and effectively with the implementation process and appreciates your attentiveness and cooperation during this collaborative venture.

Initials
4491384

EXHIBIT  5

## UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 4.0.3
## Eastern Division

Local 727, International Brotherhood of
Teamsters

                       Plaintiff,

v.
                                  Case No.: 1:10−cv−03484
                                  Honorable Virginia M.
                                  Kendall

Metropolitan Pier and Exposition Authority, et
al.

                       Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, July 28, 2010:

     MINUTE entry before Honorable Virginia M. Kendall: Temporary restraining
order hearing held. For the reasons stated in open court, plaintiff's motion for a temporary
restraining order is denied.Advised in open court (jms, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov.***

# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 4.0.3**
**Eastern Division**

Chicago Regional Council of Carpenters

                              Plaintiff,

v.                                    Case No.: 1:10−cv−03372
                                    Honorable Ronald A. Guzman

James Reilly, et al.

                              Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, August 6, 2010:

      MINUTE entry before Honorable Ronald A. Guzman: The Court finds that Local 727, International Brotherhood of Teamsters v. Metropolitan Pier and Exposition Authority, No 10 C 3484, assigned to Judge Kendall, is related to this suit as set forth in Local Rule 40.4. Therefore, the Court grants defendants' motion to reassign [doc. no. 18]. Status hearing set for 8/23/2010 at 09:30 AM. Mailed notice (cjg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*