**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRETT BENSON, RAYMOND SLEDGE,** | ) | |
| **KENNETH PACHOLSKI, KATHRYN TYLER,** | ) | |
| **MICHAEL HALL SR., RICK PERE,** | ) | |
| **and the ILLINOIS ASSOCATION OF** | ) | |
| **FIREARMS RETAILERS,** | ) | |
| | ) | **No. 10-CV-4184** |
| | ) | **Judge Ronald A. Guzman** |
| **Plaintiffs,** | ) | **Magistrate Judge Geraldine Soat** |
| | ) | **Brown** |
| **v.** | ) | |
| | ) | |
| **THE CITY OF CHICAGO and** | ) | |
| **RICHARD M. DALEY, Mayor of the** | ) | |
| **City of Chicago,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO REASSIGN CASE

Plaintiffs Brett Benson, Raymond Sledge, Kenneth Pacholski, Kathryn Tyler, Michael

Hall, Rick Pere, and the Illinois Association of Firearms Retailers respectfully submit this

memorandum in opposition to Defendants' motion requesting reassignment to this Court of *Ezell*

*v. City of Chicago*, No. 10-cv-5135. *See* Docs. 26, 34.

## INTRODUCTION

Defendants contend that *Ezell* should be deemed related to *Benson* and reassigned to this

Court because the cases involve "the same issues of fact or law" and that "the handling of both

cases by the same judge is likely to result in a substantial saving of judicial time and effort."

N.D. Ill. L.R. 40.4.  On September 1, 2010, this Court heard extensive oral argument on the

motion, and explained that:

unless [the Court] find[s] that the cases are sufficiently related and in tandem that we can do discovery on or about the same way in both of them and that we can resolve the issues in these cases in about the same manner, it's not likely [the Court is] going to find them to be sufficiently related to be joined…. [I]t's a practical test. The whole idea of the rule is to help the courts and the litigants in a practical way. And if the cases cannot be practically handled together, there's no reason to transfer one from one judge to the other.

Tr. of Hr'g of Sept. 1, 2010 at 23-24.

Nothing in the memorandum Defendants submitted following the hearing changes this calculus. Defendants argue at length about how the two cases meet the technical requirements of Local Rule 40.4, and imply that satisfaction of those requirements demands reassignment. Defendants fail to mention, however, that reassignment is discretionary. *See* N.D. Ill. L.R. 40.4(b) ("A case *may* be reassigned to the calendar of another judge if" certain criteria are met.) (emphasis added). Nothing in Defendants' memorandum changes the Court's calculus at oral argument: *Ezell* and *Benson* are proceeding on very different tracks, with very different discovery and factual issues in play. Indeed, those differences have become more pronounced since the September 1 status conference: the *Ezell* plaintiffs have now renewed their request for a temporary restraining order. As a practical matter, relating the two cases would not serve the interests of the parties or judicial economy.

## ARGUMENT

I. ***Ezell* and *Benson* Are Proceeding on Very Different Procedural Tracks and Present Distinct Factual Issues.**

Common to both this case and *Ezell* is the fact that the City's flat ban on firing ranges is infringing on the fundamental right to keep and bear arms pursuant to the Second and Fourteenth Amendments. But the plaintiffs in each case have elected to take very different approaches to vindicating these rights. Plaintiffs in *Benson* believe that the issue is essentially one of law and can be decided expeditiously on summary judgment, without the complicating procedural and

substantive factors that attend motions for preliminary relief. The *Benson* Plaintiffs further believe that a summary judgment record presents the best vehicle for judicial review, and have thus elected to proceed as quickly as possible to such adjudication. The *Ezell* Plaintiffs, on the other hand, contend that they require preliminary injunctive relief to exercise their right to practice with their firearms to avoid missing a deadline that would allow them to register previously legal firearms under the City's new licensing regime. In furtherance of their exercise of their rights, the *Ezell* plaintiffs have contracted for a mobile firing range to operate in Chicago.

This Court has thus rightly noted "the processes by which the plaintiffs are approaching their cases are clearly different." Tr. of Hr'g of Sept. 1, 2010, at 12. The cases are not "sufficiently … in tandem" such that the Court can "resolve the issues in these cases in about the same manner." *Id.* at 23. Judge Kendall has already expended significant judicial resources considering the issues related to the procedural track the *Ezell* plaintiffs have elected to pursue— including their claims of irreparable harm and the preliminary remedies that might mitigate that harm. Indeed, just today Judge Kendall held a second hearing on the *Ezell* plaintiffs' new motion for a temporary restraining order and is set to rule tomorrow. Beyond the merits of the motions for a temporary restraining order, Judge Kendall has also become familiar with the ongoing discovery disputes among the parties in *Ezell*. Nothing would be gained, and much would be lost, by injecting those procedural issues into the *Benson* case.

## II.     *Ezell* and *Benson* Are Factually and Legally Different.

*Ezell* is not only procedurally different from *Benson*, but also involves very different and complicated factual issues that are not relevant here—namely the *Ezell* plaintiffs' allegations regarding the availability, safety, and feasibility of importing mobile firing ranges into Chicago on an immediate basis. According to Defendants' counsel, the *Ezell* case thus requires extensive

3

discovery and factual development that is unnecessary in the *Benson* case:

> [T]he opening of a mobile gun range presents serious zoning issues,
> environmental issues, licensing issues, public safety issues, and the plaintiffs
> concede in their papers that those are all valid concerns of the City. We would,
> therefore, need to take discovery on the nuts and bolts of what this range is, how
> it would operate, the environmental impacts presented, the safety impacts
> presented, the security impacts presented, the zoning impacts presented.

*Ezell*, No. 10-5135, Tr. of Hr'g of Aug. 23, 2010 at 19. Indeed, recent filings by the parties in

*Ezell* demonstrate that they are mired in factual disputes about the mobile ranges. *See id.*, Docs.

27, 31. And the recent briefing has raised legal issues relating to Chicago's attempt to involve

the City's zoning authority to limit or even prevent operation of the mobile unit.

Moreover, aside from the legal issues attendant to preliminary relief, *Ezell* also involves

an additional, separate, and wholly unrelated legal claim under the First Amendment.

### III.    Defendants' Claims of Efficiency Ring Hollow.

Defendants' have made three arguments as to why reassignment would result in

efficiencies for the Court and the parties. First, Defendants claim that "judicial resources will be

substantially conserved if a single judge addresses the constitutional validity of the City's" ban

on firing ranges. Doc. 34 at 5. Second, Defendants claim that reassignment will "avoid

unnecessary duplication of discovery efforts." Doc. 31 at 5. Third, Defendants argue that

separate proceedings in *Ezell* and *Benson* would "put[] the defendant in the awkward position of

being in two different courtrooms at the same time." Tr. of Hr'g of Sept. 1, 2010 at 8. These

arguments are unavailing.

First, as noted above, the cases are proceeding on very different procedural tracks and

thus will require separate hearings and determinations by the court.

Second, Defendants' claim that discovery efforts will be duplicated is undercut by their

counsel's admission at the status conference that what is at issue here is "a finding of relatedness,

4

not a finding of consolidation … no one has moved for consolidation." Tr. of Hr'g of Sept. 1, 2010 at 11. Presumably, if the cases are not consolidated, discovery will proceed on different tracks. Indeed, even if the cases were consolidated, plaintiffs in both cases would still have the right to seek their own discovery, and Defendants would still presumably seek discovery about the individual plaintiffs in each case.

Third, the fact that Defendants will have to appear in two different courtrooms on similar issues is unremarkable. The City hastily passed a number of sweeping bans that criminalize the exercise of fundamental constitutional rights. These bans affect millions of Chicago residents and there may well be many cases in the coming months in which these bans are at issue, including criminal prosecutions the City may bring under the new firearms ordinance. The City has not suggested, and presumably will not suggest, that a single judge of this Court must hear every case that falls under the new firearms ordinance.

Finally, there is a conspicuous omission from Defendants' motion. Currently pending before Judge Dow is *Second Amendment Arms v. City of Chicago*, No. 10-cv-4257 (N.D. Ill., filed July 9, 2010). In their complaint, plaintiffs in *Second Amendment Arms* challenge the ban on firing ranges. An initial hearing is set in that case for September 23, 2010. Yet, Defendants have not moved to have *Second Amendment Arms* deemed related to either *Benson* or *Ezell*, thus undercutting their claim that judicial economy is served by ensuring that only one judge of this Court hears and decides all claims related to the firing-range ban.

Respectfully submitted,

Stephen Kolodziej                    s/ Charles J. Cooper
Atty. ID # 6216375                   Charles J. Cooper*
BRENNER FORD MONROE & SCOTT LTD.     David H. Thompson*
33 N. Dearborn St., Suite 300        Jesse Panuccio*

5

Chicago, IL 60602
Tel: (312) 781-1970
Fax: (312)781-9202
Email: skolodziej@brennerlawfirm.com

COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

Brian S. Koukoutchos*
28 Eagle Trace
Mandeville, LA 70471
Tel: (985) 626-5052
bkoukoutchos@gmail.com

*Admitted *pro hac vice*.

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Charles J. Cooper, hereby certify that on this 15th day of September, 2010, I caused a copy of the foregoing to be served by electronic filing on:

William Macy Aguiar
Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

and by first-class United States mail on:

| | |
|---|---|
| Alan Gura | David G. Sigale |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale |
| 101 N. Columbus St. | Corporate West I |
| Suite 405 | 4300 Commerce Court, Suite 300-3 |
| Alexandria, VA 22314 | Lisle, IL 6032 |

s/ Charles J. Cooper
Charles J. Cooper