**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRETT BENSON, *et al.*, | ) | Case No. 10-CV-4184 |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN OPPOSITION TO |
| v. | ) | MOTION TO RELATE CASES |
| | ) | |
| CITY OF CHICAGO, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' LOCAL RULE 40.4 MOTION TO REASSIGN CASE AS RELATED**

COME NOW the Plaintiffs in *Ezell, et al* v. *City of Chicago*, No. 10-CV-5135 (hereinafter "*Ezell*"), and submit their Memorandum of Points and Authorities in Opposition to the Defendants' Local Rule 40.4 Motion to Reassign *Ezell* to this Court as related.

**INTRODUCTION**

For multiple reasons, Defendants fail to meet the standard required by Local Rule 40.4 to reassign *Ezell* to this Court. L.R. 40.4(a) sets forth criteria to determine if cases are related. Then, even if so, the Court must find that Defendants have proven all factors of L.R. 40.4(b) in order to reassign the case. Defendants have not only failed to meet this standard, but have filed this Motion only in a blatant attempt to stall the quick progress already made in *Ezell*. Though this last is not outcome-determinative, it bears noting that L.R. 40.4 is not intended to be used to delay the resolution of a case; that is the opposite of the Rule's purpose.

Factors existing in this case that do *not* support L.R. 40.4(a) relatedness or L.R. 40.4(b) reassignment include a party's desire to delay a fast-moving case or derail its opponents' chosen strategy, or a party's hope that a change in courtroom would find a more sympathetic ear.

Where, as in *Ezell*, one judge has expended significant judicial time and resources advancing a case, and unusually voluminous discovery has *concluded*, plus the case is on the eve of decision on the merits, that is most definitely not the time to start over.

Accordingly, few Local Rule 40.4 motions can be less persuasive than the one before the Court. It should be denied.

## STATEMENT OF FACTS

1. *Ezell* was filed on August 16, 2010, and discretely alleges that the firing range ban in the City of Chicago, as made law by the recently-enacted firearms ordinance and any other related-laws the City would use to perpetuate such a ban, is unconstitutional pursuant to the First and Second Amendments to the United States Constitution.

2. Since *Ezell*'s filing, Judge Kendall conducted a lengthy hearing on Plaintiffs' first Motion for a TRO. Though it was denied without prejudice, Judge Kendall recognized that the specter of irreparable harm was looming closer every day (based on deadlines placed in the new firearms ordinance), and ordered both an expedited hearing date and discovery schedule. This was on August 24, 2010, when Judge Kendall expedited the hearing date and discovery schedule she had entered the day before. This was all due, according to Judge Kendall, to the immediacy of the issues presented in *Ezell*.

3. Since September 2, 2010, all six Plaintiffs have been deposed, as well as four non-parties. A fifth non-party was scheduled for deposition on September 15, 2010, but the deposition was continued at Defendant's request, due to a second TRO hearing set for September 15, 2010.

4. In addition, all six Plaintiffs have answered multiple written discovery requests from Defendants, all with demanded turnaround times of 48 or 72 hours.

5. Discovery in *Ezell* closed on September 13, 2010. Judge Kendall has a preliminary injunction hearing set for October 1, 2010. The result of this hearing will likely be outcome-determinative of the entire case.

6. The *Benson* Plaintiffs challenge almost every aspect of the City's new ordinance. There are no common plaintiffs, and the issue of firing ranges is discussed only briefly and tangentially in *Benson*. On September 1, 2010, this Court entered a 120 day briefing schedule in *Benson*, with full acquiescence by the parties. There are no hearing dates of any type set in *Benson*, nor any pending Motions, save this one.

## ARGUMENT

**The requirements of L.R. 40.4(a) are not met.**

"Two or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same." *Donahue v. Elgin Riverboat Resort*, 2004 WL 2495642 at *1 (N.D.IL 2004).

The cases do not involve property. For the second possibility, at best *Ezell* contains only the barest tangential relationship to the issues in *Benson*. While both cases are predicated on Chicago's new firearms ordinance, that is actually where the similarity ends. The Plaintiffs in *Ezell* are alleging irreparable harm arising from the upcoming deadlines placed in the ordinance, and have moved for a TRO and a preliminary injunction on that basis. The Plaintiffs in *Benson* are not. The *Ezell* Plaintiffs are invoking the First Amendment; the *Benson* Plaintiffs are not. And while both sets of Plaintiffs raise the Second Amendment with regard to the new ordinance, only the *Ezell* Plaintiffs have a contract and a concrete plan to immediately act following the

3

granting of relief. Therefore, while it may appear the cases are similar in fact or law, they are really quite different.

The third factor is not met either. The passage of the City's new firearms ordinance is not the transaction. Instead, the transaction is the various Plaintiffs' responses or plans with regard to the ordinance. The *Benson* plaintiffs allege no concrete plans, only a desire to conduct certain activities. In contract, the *Ezell* Plaintiffs have contracts, and dates of operation, and an irreparable harm alleged arising from the City's deadlines contained in the new ordinance. While it may all stem from the ordinance, the actual transactions, in the sense of the various Plaintiffs' situations and constitutional harms, are very different.

Finally, the fourth element is not met, since the two cases do not involve class actions.

Therefore, the cases cannot be considered related under L.R. 40.4(a).

**Defendants fail to prove all required elements for reassigning the case under L.R. 40.4(b).**

Even if the Court considers *Benson* and *Ezell* related, *Ezell* still should not be reassigned because the requirements of L.R. 40.4(b) have not been met. "[A] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." *Donahue*, 2004 WL 2495642 at *2.

Obviously both cases are pending in this Court, so the first element is easily disposed of. However, the final three elements are deficient, and that is two deficiencies more than is needed

4

to deny the Defendant's Motion. *See*, *e.g.*, *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 2010 WL 2178509 (N.D.IL 2010).

**The reassignment of *Ezell* would not result in the saving of judicial time, effort or resources.**

The touchstone of any motion to reassign cases pursuant to L.R. 40.4 is judicial efficiency. If reassigning cases merely causes duplication of effort and interferes with the flow of established litigation, it should be avoided. In *Ezell*, there have been two TRO hearings, ten depositions, an eleventh to come, and a scheduled preliminary injunction hearing for which Judge Kendall has already determined the Plaintiffs deserve both an expedited discovery schedule[1] and hearing on the merits.

Further, ". . . [I]f the cases will require different discovery, legal findings, defenses or summary judgment motions, it is unlikely that reassignment will result in a substantial judicial savings." *Williams v. Walsh Construction*, 2007 WL 178309 at *2 (N.D.IL 2007). Even if reassigning *Ezell* would save some resources, the savings would not be substantial, as is required. *See Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, 2003 WL 21011757 at *2 (N.D.IL 2003).

Relating the *Ezell* case to *Benson* would constitute a fantastic waste of judicial resources, especially those expended already by Judge Kendall. *Ezell* is on the cusp of final judgment; *Benson* is barely begun. *Ezell* has seen multiple substantive decisions; *Benson*, nothing. *Ezell* has witnessed the exchange of five sets of written discovery *just among the parties*, ten depositions – which Defendant would like to reopen, an eleventh deposition twice continued by

---

[1] By Court Order, and due to the urgency of the issues presented by the *Ezell* Plaintiffs, the original discovery closure date of September 30, 2010, was shortened to September 13, 2010. Defendant's oral Motion to restore the longer discovery period was denied. Tr. 8/24/10, pg. 77, ln. 16-21; pg. 78, ln. 11-17; pg. 79, ln. 12 – pg. 80, ln. 12.

5

agreement past the discovery closure date due to a significant TRO Motion in Judge Kendall's courtroom; and numerous threatened discovery motions. While discovery just officially *closed* in *Ezell*, discovery in *Benson* has yet to begin.

This is to say nothing of the differences among the substantive legal claims. *Ezell* is a narrow case challenging a complete ban on one activity: the operation of a range. While *Benson* touches upon this ban, it mainly challenges a host of other regulations and laws describing a permitting process for owning firearms, the manner of their transportation, and the like.

Thus the legal analyses required to decide both cases are profoundly different. *Ezell* presents a simple question of law, whether something is or is not constitutionally secured. *Benson*, in contrast, calls upon the Court to balance various regulatory burdens against the public interest. In *Donahue*, the Court denied an L.R.40.4 reassignment motion, in part, because ". . . each plaintiff's claim requires individualized proof and is subject to unique defenses." *Donahue*, 2004 WL 2495642 at *3. Accordingly, in *Ezell*, Judge Kendall recognized that discovery should be very limited, in fact, Judge Kendall opined that discovery is probably not necessary at all.[2]

> [THE COURT:] There's little basis for discovery needed at this point. And most of what you are doing is arguing your cases on the law that exists now and the facts that you have now. I don't think you need it. I was generous enough to give you the 30 days. I don't think you need more than that.

Tr., 8/24/10, pg. 80, ln. 2-5.

In *Benson*, this Court agreed that experts might be necessary and allowed a 120 day discovery period, four times the length of the *Ezell* discovery period which is now *closed*.

---

[2] Defendant's many abuses of the *limited* discovery allowed them by Judge Kendall are a matter for another day.

As in *Hollinger International, Inc. v. Hollinger, Inc.*, 2004 WL 1102327 (N.D.IL 2004), the two cases contain fundamentally distinct claims, which will require different discovery and different legal findings. *Id.* at *3 (finding that L.R.40.4(b) requirements not met).

Few greater wastes of judicial resources would exist than relating a case that is almost concluded, where multiple substantive motions have been determined, far reaching discovery (and discovery disputes) has occurred, and an outcome-determinative injunction hearing is scheduled in just weeks. Defendants have failed to meet the substantial standard of L.R. 40.4(b)(2).

**The later case has far progressed beyond the earlier case.**

Technically, the standard in L.R. 40.4(3) is whether the reassignment of the newer case would substantially delay the progress already made by the older case. However, while Plaintiffs do not have to win this point in order to prevail on the Motion, since L.R. 40.4 (b)(2) and (4) are clearly not met, the intent of L.R. 40.4(b)(3) would be violated with reassignment, as in this case it would be the **older** case substantially delaying the progress of the newer case.

In that respect, this case has similarities to this Court's decision in *Sunstar, Inc. v. Alberto-Culver Company, Inc.*, 2003 WL 21801428 at *3 (N.D.IL 2003). Here, *Ezell* has completed discovery and is set for a final determination on the merits, with Judge Kendall doing much work in the case over an intense period of time. The parties in *Benson* have not progressed in their case in the same fashion, with some of that apparently being a strategic choice by the Plaintiffs' counsel. Therefore, the *Ezell* Plaintiffs assert that if the intent of the subsection is to avoid substantial delay and promote progress of cases on the Court's docket, then reassignment of *Ezell* does not further this goal.

**The two cases cannot be disposed of in a single proceeding.**

"Also, cases are rarely susceptible to disposition in one proceeding pursuant to 40.4(b)(4) where the cases involve unique issues of law and fact and those unique characteristics are dominant." *Williams*, 2007 WL 178309 at *2. "Judges of this Court have ruled that a movant satisfies this condition if issues of *both* law and fact are the same in the related cases." *Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, 2003 WL 21011757 at *3 (N.D.IL 2003). That does not exist here.

This Court recently noted the matter of the differences among the Plaintiffs in the two cases and their chosen strategies. *Ezell* plaintiffs seek a TRO and preliminary injunctive relief, because the City's gun registration deadlines are inconsistent with the artificial limitations on obtaining required training. *Benson* plaintiffs have not indicated any particular interest in obtaining or providing training by any particular deadline. The *Ezell* plaintiffs have taken significant steps to move the entire case before Judge Kendall to a speedy resolution, the *Benson* case has barely progressed. The difference in tracks of the two cases, in terms of discovery and hearing dates was the reason for a denial based on L.R. 40.4(b)(4) in *Willliams*. 2007 WL 178309 at *3. The inability to dispose of the cases in a single proceeding was also the reason for the denial of a L.R. 40.4 Motion in *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 2010 WL 2178509 (N.D.IL 2010). The same situation exists here as in *Williams* and *Targin*. Therefore, Defendant has not shown L.R. 40.4(b)(4) is met, and that means the Court should deny Defendants' Motion on this ground as well.

**Defendants fail to company with L.R. 40.4(c) which is in and of itself grounds for denial.**

Even if Defendants could meet the standards of L.R. 40.4(a) and (b), other than offering legal conclusions Defendants have failed to specifically identify how the reassignment

8

requirements of L.R. 40.4 have been met. This deficiency alone would be grounds to deny the Motion. *See Davis v. Quebecor World*, 2002 WL 27660 at *3 (N.D.IL 2003); *See also*, *e.g.*, *Sunstar, Inc. v. Alberto-Culver Company, Inc.*, 2003 WL 21801428 at *3 (N.D.IL 2003).

## **CONCLUSION**

Defendants' Motion is without merit. It is questionable whether the cases are even related under L.R. 40.4(a). Assuming *arguendo* that they are, Defendants have failed to meet the requirements of L.R. 40.4(b)(2) or b(4). They fail to even meet the intent of L.R. 40.4(b)(3), which only underscores how different the two cases really are. Further, Plaintiffs assert Defendants have not met their pleading burden under L.R. 40.4 (c).

The *Ezell* Plaintiffs have undertaken a massive amount of work since August 23, 2010, in the form of a TRO hearing on August 23-24, 2010, responding to a multiple written discovery requests, ten depositions (including one on Massachusetts), with an eleventh scheduled, a TRO hearing on September 15, 2010, and a preliminary injunction hearing scheduled on October 1, 2010. This rapid pace came about specifically because Judge Kendall recognized that *Ezell* Plaintiffs were soon to be in need of immediate relief to alleviate irreparable harm, and even expedited the discovery schedule and hearing dates to achieve this. For whatever reason, and the *Benson* Plaintiffs are free to pursue their case however they see fit, they have chosen to take a slower pace with many different issues. It would not save judicial resources to reassign *Ezell*; it would waste all the effort put forth by Judge Kendall. Further, the Court itself noted that the vastly different tracks of the two cases mean they cannot be disposed of in a single proceeding.

Reassignment would only benefit the Defendants, who have sought at every turn to stall and delay the hearing date Judge Kendall has set, while delaying relief of the irreparable harm currently suffered by the *Ezell* Plaintiffs, and wasting judicial resources to boot. This Motion is against every purpose of L.R. 40.4, and this Court should deny it with prejudice.

WHEREFORE, the Plaintiffs, RHONDA EZELL, JOSEPH I. BROWN, WILLIAM HESPEN, ACTION TARGET, INC., SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, respectfully request this Honorable Court to deny Defendants' Motion in its entirety, and to grant Plaintiffs any and all relief deemed just and proper.

                                            Respectfully submitted,

                                               /s/ David G. Sigale
                                          One of the Attorneys for the *Ezell* Plaintiffs

Alan Gura (admitted *pro hac vice*)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085
alan@gurapossessky.com

David G. Sigale, Esq. (#6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
Corporate West I
4300 Commerce Court, Suite 300-3
Lisle, IL 60532
630.452.4547
dsigale@sigalelaw.com

## **CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

1. On September 15, 2010, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

2. Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


                                            /s/ David G. Sigale
                                              Attorney for Plaintiffs