**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BENSON, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 10-CV-4184 |
| ) | Judge Ronald A. Guzman |
| CITY OF CHICAGO, ET AL., ) | Magistrate Judge Geraldine Soat |
| ) | Brown |
| Defendants. ) | |

## DEFENDANTS' LOCAL RULE 40.4 MOTION TO REASSIGN CASE AS RELATED

Defendants City of Chicago (the "City") and Mayor Richard M. Daley (collectively,"Defendants"), by their counsel, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby respectfully move this Court to reassign the case *Second Amendment Arms, et al. v. City of Chicago et al.* ("*SAA*"), No. 10 CV 4257, currently pending in this District before Judge Robert M. Dow, Jr., to the calendar of this Court as a related case under Local Rule 40.4. In support of their motion, Defendants state as follows:

1. On July 6, 2010, Plaintiffs filed the instant lawsuit, and on August 13, 2010, they amended their complaint. At bottom, Plaintiffs allege that various provisions of the City's Responsible Gun Owners Ordinance regulating the ownership and/or possession of firearms violate the Second Amendment, as incorporated against the States by the Fourteenth Amendment. In particular, Plaintiffs challenge: (i) the limitation of firearm possession to the home in that the definition of home excludes any garage and any space outside the dwelling unit, including any stairs, porches, yard space, or common areas sections, *see* Chicago Mun. Code §§ 8-20-010, 8-20-020, 8-20-030; (ii) the City's prohibition on the sale or transfer of firearms within the City, *id.* §§ 4-144-010, 8-20-100; (iii) the prohibition on shooting and/or training ranges within the City, *id.* §§ 8-20-

110, 8-20-280, 8-24-010; (iv) the limitation of one operable firearm per person in the home, *id.* § 8-20-040; and (v) the ban on carrying a firearm outside the home or a fixed place of business, *id.* §§ 4-144-010, 8-20-010, 8-20-020, 8-20-030, 8-20-040, 8-20-100, 8-20-180(c), 8-20-280, 8-24-010.

    2.    On July 9, 2010, a different group of individual and organizational plaintiffs filed *SAA*, and before the City was served with a summons and the complaint on October 7, the *SAA* plaintiffs amended their complaint on September 21, 2010. In the First Claim for Relief, the *SAA* plaintiffs challenge, under the Second and Fourteenth Amendments, the City's prohibition on the sale or transfer of firearms within the City. *See* Amended Complaint, ¶¶ 19-30. The *SAA* plaintiffs also claim that several other provisions of the Ordinance are unconstitutional, including the City's prohibition against possession of a firearm outside the home, the definition of "home" in the Ordinance, the requirement that a City resident can only have one operable firearm in the home at any given time, and the ban on firing ranges, and in the prayer for relief for the First Claim, the *SAA* plaintiffs ask the Court to invalidate the Ordinance in its entirety. *Id.* ¶¶ 24B, 24C, 24N 30. In the Second Claim for Relief, an individual *SAA* plaintiff, Zieman, asks this Court, *inter alia*, to order the defendants to pay restitution for firearms that were seized under the City's prior ordinance banning handgun possession in the City and challenges under the Second Amendment the current requirement that Chicago residents annually re-register each firearm and the prohibition on gun stores in the City. *Id.* ¶¶ 31-35. The Third Claim for Relief is identical to the Second Claim except that it is brought on behalf of a putative class. *Id.* ¶¶ 36-40. The Fourth Claim for Relief is a state-law claim seeking a mandamus compelling the defendants to issue the weapons dealer business license applied for by Second Amendment Arms, *id.* ¶¶ 41-42, and the Fifth Claim for Relief is Zeiman's claim that the Ordinance violates various provisions of the Illinois Constitution. *Id.* ¶ 43-

44. In their Sixth Claim for Relief, the *SAA* plaintiffs seek a declaration pursuant to 735 ILCS 5/2-701 that the Ordinance violates various provisions of the Illinois Constitution.

   3.  Local Rule 40.4(c) requires a motion for reassignment based on relatedness to be filed with the judge before whom the lowest-numbered case of the claimed related set is pending. A later-filed case may be reassigned based on relatedness to the calendar of a judge before whom an earlier-numbered case is assigned if two conditions are met. First, the two cases must be related within the meaning of Local Rule 40.4(a). A case is related under Local Rule 40.4(a) if one or more of the following conditions is met: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." N.D. Ill. Local Rule 40.4(a). Second, each of the criteria for reassignment set forth in Local Rule 40.4(b) must be met. Those criteria are that: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." *Id.* at 40.4(b).

   4.  As set forth more fully in Defendants' Memorandum in Support of Their Local Rule 40.4 Motion to Reassign Case as Related, filed contemporaneously with this motion and which Defendants incorporate as set forth fully herein, the requirements of Local Rule 40.4 are easily satisfied.

   **WHEREFORE**, for the foregoing reasons, Defendants respectfully request that *Second Amendment Arms, et al. v. City of Chicago, et al.*, No. 10 C 4257, be reassigned to the calendar of

this Court pursuant to Local Rule 40.4.

Date: October 20, 2010                                  Respectfully submitted,

                                                               MARA S. GEORGES,
                                                               Corporation Counsel for the City of Chicago

                                                       By:    /s/Rebecca Alfert Hirsch
                                                                       Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendants