**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BENSON, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 10-CV-4184** |
| | ) | **Judge Ronald A. Guzman** |
| **CITY OF CHICAGO, ET AL.,** | ) | **Magistrate Judge Geraldine Soat** |
| | ) | **Brown** |
| **Defendants.** | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
LOCAL RULE 40.4 MOTION TO REASSIGN CASE AS RELATED**

Defendants City of Chicago (the "City") and Mayor Richard M. Daley (collectively, "Defendants"), by their counsel, Mara S. Georges, Corporation Counsel of the City of Chicago, respectfully submit this memorandum in support of their Local Rule 40.4 Motion to Reassign Case as Related (the "Motion"), in which Defendants request that this Court reassign *Second Amendment Arms, et al. v. City of Chicago, et al.* ("*SAA*"), No. 10 CV 4257, currently pending in this District before Judge Robert M. Dow, Jr., to the calendar of this Court as a related case under Local Rule 40.4.

**INTRODUCTION**

On July 6, 2010, four days following enactment of the Responsible Gun Owners Ordinance (the "Ordinance") by the Chicago City Council, the *Benson* plaintiffs filed the instant lawsuit, and on August 13, 2010, they amended their complaint. The *Benson* plaintiffs allege that various provisions of the Ordinance regulating the ownership and/or possession of firearms violate the Second Amendment, as incorporated against the States by the Fourteenth Amendment. In particular, they challenge: (i) the limitation of firearm possession to the home in that the definition of home

excludes any garage and any space outside the dwelling unit, including any stairs, porches, yard space, or common areas sections, *see* Chicago Mun. Code §§ 8-20-010, 8-20-020, 8-20-030; (ii) the City's prohibition on the sale or transfer of firearms within the City, *id.* §§ 4-144-010, 8-20-100; (iii) the prohibition on shooting and/or training ranges within the City, *id.* §§ 8-20-110, 8-20-280, 8-24-010; (iv) the limitation of one operable firearm per person in the home, *id.* § 8-20-040; and (v) the ban on carrying a firearm outside the home or a fixed place of business, *id.* §§ 4-144-010, 8-20-010, 8-20-020, 8-20-030, 8-20-040, 8-20-100, 8-20-180(c), 8-20-280, 8-24-010.

On July 9, 2010, a different group of individual and organizational plaintiffs filed *SAA*, and before the City in *SAA* was served with a summons and the complaint on October 7, the *SAA* plaintiffs amended their complaint on September 21, 2010. *See* Amended Complaint, a copy of which is attached hereto as Exhibit A. In the First Claim for Relief, the *SAA* plaintiffs challenge, under the Second and Fourteenth Amendments, the City's prohibition on the sale or transfer of firearms within the City. *Id.* ¶¶ 19-30. The *SAA* plaintiffs also claim that several other provisions of the Ordinance are unconstitutional, including the City's prohibition against possession of a firearm outside the home, the definition of "home" in the Ordinance, the requirement that a City resident can only have one operable firearm in the home at any given time, and the ban on firing ranges, and in the prayer for relief for the First Claim, the *SAA* plaintiffs ask the Court to invalidate the Ordinance in its entirety. *Id.* ¶¶ 24B, 24C, 24N 30. In the Second Claim for Relief, an individual *SAA* plaintiff, Zieman, asks this Court, *inter alia*, to order the defendants to pay restitution for firearms that were seized under the City's prior ordinance banning handgun possession in the City and challenges under the Second Amendment the current requirement that Chicago residents annually re-register each firearm and the prohibition on gun stores in the City. *Id.* ¶¶ 31-35. The

2

Third Claim for Relief is identical to the Second Claim except that it is brought on behalf of a putative class. *Id.* ¶¶ 36-40. The Fourth Claim for Relief is a state-law claim seeking a mandamus compelling the defendants to issue the weapons dealer business license applied for by Second Amendment Arms, *id.* ¶¶ 41-42, and the Fifth Claim for Relief is Zeiman's claim that the Ordinance violates various provisions of the Illinois Constitution. *Id.* ¶ 43-44. In their Sixth Claim for Relief, the *SAA* plaintiffs seek a declaration pursuant to 735 ILCS 5/2-701 that the Ordinance violates various provisions of the Illinois Constitution.

Reassignment of *SAA* to this Court's calendar under Rule 40.4 is appropriate. *Benson* and *SAA* are related, as that term is defined in Rule 40.4(a), and all four of the criteria for reassignment enumerated in Rule 40.4(b) are easily met. Most importantly, reassignment will also save judicial resources and eliminate the risk of contradictory decisions regarding the same provisions of the Ordinance from *three* separate judges, as *Ezell, et al. v. City of Chicago*, No. 10CV 5135, which, like *Benson*, challenges the City's ban on firing ranges, is currently pending before Judge Virginia Kendall.[1] Indeed, recent experience in *Ezell* and *Benson* demonstrates that the City's ability to adequately defend its Ordinance -- and to comply with judicial deadlines -- is jeopardized when it is required to simultaneously defend the same provisions of the Ordinance in three separate courtrooms. For these reasons set forth more fully below, this Court should grant Defendants' motion and reassign *SAA* to this Court's docket pursuant to Rule 40.4

---

[1] The City has moved this Court to reassign *Ezell* to this Court's calendar pursuant to Rule 40.4, and that motion is fully briefed. Indeed, since that motion was fully briefed, Judge Kendall denied the Ezell plaintiffs' motion for a preliminary injunction on October 12, 2010, and the parties in that matter are currently briefing the defendants' motion to dismiss. Nothing has occurred in *Ezell* these past weeks that alters the reasons why *Ezell* should be reassigned to this Court's docket.

**ARGUMENT**

**I.     The Requirements of Local Rule 40.4 Are Satisfied.**

**A.     Rule 40.4(a)**

The conditions for reassignment of *SAA* to this Court's calendar as related to *Benson* under Rule 40.4 are easily satisfied.  Rule 40.4(a) first requires a finding that the two cases are "related," which occurs if one or more of the following conditions are met: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same."  N.D. Ill. Local Rule 40.4(a).  In this instance, there can be no question that common issues of fact or law pervade both *SAA* and *Benson*.  Both cases challenge under the Second and Fourteenth Amendments the City's ban on the sale, purchase, or transfer of firearms in the City (section 4-44-010).  The *SAA* plaintiffs' First Claim for Relief also challenges the constitutionality of the City's  prohibition against possession of a firearm outside the home, the definition of "home" in the Ordinance, the requirement that a City resident can only have one operable firearm in the home at any given time, and the ban on firing ranges, Ex. A , ¶¶ 24B, 24C, 24N -- all of which are challenged in *Benson*.  Because all of the provisions of the Ordinance challenged in *Benson* are also at issue in *SAA,*  they share a common issue of fact or law and are therefore related under Local Rule 40.4(a)(2).

The fact that *SAA* challenges the constitutionality of other provisions of the Ordinance that are not at issue in *Benson*, and that *SAA* brings additional claims under Illinois law, does not mean that they are not related under Rule 40.4(a)(2).  "[T]he rule does not require complete identity of issues in order for cases to be considered related," *Murry v. America's Mortgage Banc, Inc.*, No. 03

4

C 5811, 2004 WL 407010 (N.D. Ill. Mar. 1, 2004) (Guzman, J.), and "[t]wo cases need not be absolutely identical to be suitable for reassignment under Rule 40.4," *BP Corp. N. Am., Inc. v. Northern Trust Investments, N.A.*, No. 08-C-6029, 2009 WL 1684531 (N.D. Ill. 2009) (Hibbler, J.). (Copies of *Murry* and *BP Corp.* are attached hereto as Exhibits B and C, respectively.) Thus, even though *SAA* challenges provisions of the Ordinance not at issue in *Benson*, both cases, at bottom, challenge the same provisions of the Ordinance. The relatedness requirement of Local Rule 40.4(a) is therefore satisfied.

### B. Rule 40.4(b)

In addition to the relatedness requirement of Rule 40.4(a), each of the criteria for reassignment set forth in Rule 40.4(b) must also be met. Rule 40(b) permits reassignment of a related, later-filed case if: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." N.D. Ill. Local Rule 40.4(b). All of the requirements of Rule 40.4(b) are satisfied here.

First, there is no question that both cases are pending in the Northern District of Illinois. Second, the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. In particular, judicial resources will be substantially conserved if a single judge addresses the constitutional validity of the City's prohibition on the sale or transfer of firearms within the City, the prohibition against possession of a firearm outside the home, the definition of "home" in the Ordinance, the requirement that a City resident can only have one operable firearm

5

in the home at any given time, and the ban on firing ranges. Any judge determining the
constitutionality of these provisions will have to determine, *inter alia*, whether they implicate the
Second Amendment right announced in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), and
as applied to the states through the Fourteenth Amendment in *McDonald v. City of Chicago*, 130 S.
Ct. 3020 (2010), and if so, what level of judicial scrutiny applies. Having one judge determine these
issues of first impression will not only substantially conserve judicial resources but will also preclude
the possibility that the two judges will reach oppose conclusions on these critical questions. *See
Anderson v. Cornejo*, 199 F.R.D. 228, 262 (N.D. Ill 2000) (Hart, J.) (finding that Rule 40.4(b)(2) is
satisfied because having one judge decide the pertinent legal issues common to both cases will save
judicial resources).

Indeed, prior legal challenges to both Chicago's and Oak Park's ordinances which banned
handguns were reassigned based on Local Rule 40.4, and those decisions support reassignment here.
In June 2008, following the Supreme Court's decision in *Heller*, two cases were filed in the Northern
District seeking to invalidate Chicago's gun ban, *McDonald v. City*, 08 C 3645, and *National Rifle
Association v. City*, 08 C 3697. A third case, *National Rifle Association v. Oak Park*, 08 C 3696,
was also filed, challenging Oak Park's handgun ban which was similar to Chicago's prohibition.
*McDonald*, which was the first filed case, was assigned to Judge Milton I. Shadur. The NRA case
against Chicago was before Judge Harry Leinenweber, and the NRA case against Oak Park was
before Judge Joan Lefkow. Before the defendants responded to the three complaints, Rule 40.4
motions were filed promptly by Chicago and Oak Park. Despite opposition to the motions for
reassignment, Judge Shadur expeditiously granted both motions for reassignment. *See* Transcript
of Proceedings Before the Honorable Milton I. Shadur, dated August 18, 2008, a copy of which is

6

attached hereto as Exhibit D, at pp. 8-16. In denying the NRA's motion to reconsider his reassignment order, Judge Shadur held that, even though Chicago's and Oak Park's ordinances were different, and that the cases may diverge at some point, the prohibition at issue in Oak Park's ordinance was "basically subsumed within any attack on the constitutionality of the Chicago ordinance." *Id.* at p.9. Thus, reassignment pursuant to Rule 40.4 resulted in one court, instead of three different courts, ruling in the first instance upon the constitutionality of the two gun bans in light of *Heller*.

Third, *Benson* -- the earlier filed case -- would not be delayed if *SAA* were reassigned to this Court's calendar. *Benson* is in its infancy. The City only recently answered the *Benson* Amended Complaint on October 12, 2010, and the parties have just exchanged Rule 26(a) disclosures. The *Benson* plaintiffs have issued discovery, and fact discovery does not close until January 7, 2011. Thus, *Benson* would suffer no prejudice if *SAA* is reassigned. *See, e.g., Murry*, 2004 WL 407010, at *3 (finding that the later-filed case would not delay the earlier filed case, in which discovery had just begun); *Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002) (Kennelly, J.) (finding that even though the court ruled on a motion to dismiss the counterclaim and discovery had just begun in the earlier numbered case, the requirement of Rule 40.4(b)(3) was met). (A copy of *Fairbanks* is attached hereto as Exhibit E.)

The recent experience of the City in litigating *Benson* and *Ezell* – both of which challenge the City's ban on firing ranges – demonstrates that the failure to reassign these cases could actually slow their progress. Since *Ezell* was filed on August 16, 2010, the City has devoted an extraordinary amount of time and energy in that case pending before Judge Kendall, including: (1) preparing for and attending three emergency hearings sought by Plaintiffs (two motions for a temporary restraining

7

order and a motion to quash a deposition); (2) preparing three written memoranda in response to Plaintiffs' two motions for a temporary restraining order and their motion for a preliminary injunction; (3) engaging in discovery in preparation for the preliminary injunction hearing, including propounding written discovery, reviewing discovery responses and documents produced by the plaintiffs, and preparing for and conducting 13 depositions; (4) preparing for the preliminary injunction hearing; and (5) conducting the preliminary injunction hearing, which occurred on October 1 and 4, 2010.[2] While the City's attorneys were consumed by the discovery schedule in *Ezell* and preparing for the preliminary injunction hearing, they had difficulty attending to *Benson*, not to mention their other matters. As a result, it is likely that litigating the validity of the Ordinance in three separate courtrooms – and engaging in costly, duplicative discovery (such as producing a City witness for deposition on the very same issue three times) -- could actually impede their prompt resolution. Reassignment of *SAA* (as well as *Ezell*), however, would eliminate the possibility that the City would have to juggle three separate cases with distinct discovery schedules yet concern the exact same provisions of the Ordinance. *Benson*, *SAA*, and *Ezell* would proceed more -- not less -- quickly if they were heard by the same judge who could coordinate discovery so that it proceeds efficiently in all three cases without unnecessary duplication or delay.

Finally, given the commonality of issues, both cases are susceptible to resolution in a single proceeding. Indeed, both *Benson* and *SAA* require the Court to determine not only whether the aforementioned provisions of the Ordinance implicate the Second Amendment right announced in *Heller* but, if it does, what standard of review should be applied. Even though *SAA* has requested

---

[2] Indeed, the lawyers representing the *Benson* plaintiffs attended court every day as observers and later filed appearances in *Ezell* and submitted an amicus brief, albeit on behalf of the National Rifle Association, which is not a party in *Benson*.

8

a jury trial, the Court would still have to make these threshold determinations in both cases. And summary judgment may dispose of all, or virtually all, of the plaintiffs' claims in both cases before ever reaching a jury. As a result, the Court can decide these issues in a single proceeding.

For these reasons, *Benson* and *SAA* are related under Rule 40.4(a)(2) in that they share a common question of law or fact, and the four requirements for reassignment under Rule 40.4(b) are met. This Court should therefore grant Defendants' motion and order that *SAA* be reassigned to its calendar.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that *Second Amendment Arms, et al. v. City of Chicago, et al.*, No. 10 C 4257, be promptly reassigned to the calendar of this Court pursuant to Local Rule 40.4.

Date: October 20, 2010                    Respectfully submitted,

                                          MARA S. GEORGES,
                                          Corporation Counsel for the City of Chicago

                                          By:    /s/Rebecca Alfert Hirsch
                                                 Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975  / 7129 / 4216

Attorneys for Defendants