IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENSON, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-4184 |
| | ) | Judge Ronald A. Guzman |
| CITY OF CHICAGO, ET AL., | ) | Magistrate Judge Geraldine Soat |
| | ) | Brown |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
LOCAL RULE 40.4 MOTION TO REASSIGN CASE AS RELATED**

Defendants City of Chicago (the "City") and Mayor Richard M. Daley (collectively, "Defendants"), by their counsel, Mara S. Georges, Corporation Counsel of the City of Chicago, respectfully submit this reply in support of their Local Rule 40.4 Motion to Reassign Case as Related (the "Motion"), in which Defendants request that this Court reassign *Second Amendment Arms, et al. v. City of Chicago, et al.* ("*SAA*"), No. 10 CV 4257, currently pending in this District before Judge Robert M. Dow, Jr., to the calendar of this Court as a related case under Local Rule 40.4.

**ARGUMENT**

As set forth in Defendants' Motion and Memorandum in Support ("Defendants' Memorandum" or "Def. Mem."), reassignment of *SAA* to this Court's calendar under Rule 40.4 is appropriate. *Benson* and *SAA* are related, as that term is defined in Rule 40.4(a), and all four of the criteria for reassignment enumerated in Rule 40.4(b) are easily met. In their Memorandum in Opposition to Defendants' Motion to Reassign Case ("Plaintiffs' Opposition" or "Pl. Opp."), the *Benson* Plaintiffs do not dispute that *SAA* and *Benson* are related under Rule 40.4(a), but they assert

that the requirements set forth in Rule 40.4(b)(2) and (b)(3) are not satisfied.[1] The *Benson* Plaintiffs are incorrect.

Subpart (b)(2) requires the Court to find that "the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort" before granting a motion to reassign. Plaintiffs argue that judicial savings will not be "substantial" because the discovery required in *SAA* will differ significantly from that in *Benson*. Pl. Opp. 4-5. But Plaintiffs miss the point. Substantial *judicial* savings will result from the reassignment of *SAA*, as well as *Ezell, et al. v. City of Chicago*, No. 10 CV 5135, currently pending before Judge Virginia Kendall, to this Court. *Benson*, *Ezell*, and *SAA* challenge the constitutionality of the City's Responsible Gun Owners' Ordinance (the "Ordinance") under the Second Amendment. As a result, the judge in each case will have to spend time determining whether the Ordinance implicates the Second Amendment right announced in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), and as applied to the states through the Fourteenth Amendment in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010). If the judge determines that the Second Amendment is implicated by the Ordinance, he or she will then have to determine the appropriate level of scrutiny to apply. These are substantial questions of first impression that must be answered in all three cases. The time of at least two judges will therefore be saved if only one judge makes those determinations in one case and then applies those determinations in the remaining two cases. Moreover, if only one judge rules on these issues of first impression, it prevents the three judges from possibly deciding these threshold questions differently. *See Anderson v. Cornejo*, 199 F.R.D. 228, 262 (N.D. Ill 2000) (Hart, J.) (finding that Rule 40.4(b)(2)

---

[1] The *SAA* Plaintiffs did not file an opposition to Defendants' Motion. To the extent this Court permits the *SAA* Plaintiffs to file a response, Defendants reserve their right to file a supplemental reply brief to address any arguments raised therein.

is satisfied because having one judge decide the pertinent legal issues common to both cases will save judicial resources). To the extent the breadth of permissible discovery on these questions of first impression is disputed, judicial resources will further be conserved if one judge resolves those discovery issues, and likewise, Defendants' scarce public resources will be preserved to the extent discovery can be coordinated between the cases.

Subpart (b)(3) is also satisfied. It requires that "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially." Local Rule 40.4(b)(3). As discussed in Defendants' Memorandum, *Benson* has not progressed to the point where reassignment of *SAA* would delay it. Moreover, as Plaintiffs correctly point out in their Opposition, the City has asked for *reassignment* of *SAA* to this Court's calendar – not consolidation of *SAA* with *Benson*. Pl. Opp. at 6. As a result, even if *Benson* has progressed further than *SAA*, this Court could allow the two cases to proceed on different tracks and/or coordinate ceratin components of discovery to reduce its cost and expense. Reassignment of *SAA* to this Court's calendar therefore would not necessarily slow *Benson*'s progress at all.

In short, Defendants should not be put to the task of defending the constitutionality of the same provisions of the Ordinance in three different courtrooms of the Northern District of Illinois. It is far more expeditious to have those cases heard by one judge who has full knowledge of what is occurring in each case and can therefore coordinate the schedule in each case accordingly. Considerable resources of the Northern District of Illinois will be conserved if *one* judge addresses the many critical questions of first impression raised in *Benson* and *SAA*, and the possibility of contradictory decisions in the Northen District on those questions would therefore be eliminated. Reassignment of *SAA* to this Court's calendar not only satisfies the requirements of Rule 40.4, but

also makes good sense.

## CONCLUSION

For the foregoing reasons and those in Defendants' Motion and Memorandum, Defendants respectfully request that *Second Amendment Arms, et al. v. City of Chicago, et al.*, No. 10 C 4257, be promptly reassigned to the calendar of this Court pursuant to Local Rule 40.4.

Date: November 29, 2010

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel for the City of Chicago

By:  /s/William Macy Aguiar
      Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendants