IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRETT BENSON, RAYMOND SLEDGE, KENNETH PACHOLSKI, KATHRYN TYLER, MICHAEL HALL SR., RICK PERE, and the ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, <br><br> Defendants. | No. 10 CV 4184 <br><br> Judge Ronald A. Guzman <br><br> Magistrate Judge Geraldine Soat Brown |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

Defendants City of Chicago ("City") and Mayor Richard M. Daley, by and through their attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby move, pursuant to Fed. R. Civ. P. 26(b)(2)(C) and 26(c)(1), for entry of a protective order: (1) quashing Topics 1, 2 & 4 of Plaintiffs' Rule 30(b)(6) deposition notice, and Topics 3, 8, 9, 12, 13, 14 & 15 to the extent that those topics extend to the legislative process and history, and (2) quashing the individual depositions of Jody Weis, the Superintendent of the Chicago Police Department; Ernest Brown, the Acting First Deputy of the Chicago Police Department; and Patricia Scudiero, the City's Zoning Administrator. In support of this motion, Defendants state the following:

1. Plaintiffs' lawsuit challenges five provisions in the City's firearms Ordinance as violating the Second Amendment: (1) the definition of "home," insofar as it prevents residents from possessing firearms on certain parts of their property, such as yards and garages; (2) the ban on the sale of firearms in the City; (3) the ban on the operation of shooting ranges in the City; (4)

the requirement that no more than one assembled and operable firearm be maintained in a home; and (5) the ban on carrying firearms in public.

2.  Plaintiffs have served upon the City a Rule 30(b)(6) deposition notice, which contains 20 topics for deposition spanning 5 pages. Exhibit E.[1] Plaintiffs have also served notices of the individual depositions of: Jody Weis, the Superintendent of the Chicago Police Department ("CPD"); Ernest Brown, the Acting First Deputy of the CPD; and Patricia Scudiero, the City's Zoning Administrator. Exhibit F.

3.  Fed. R. Civ. P. 26(c)(1) authorizes the Court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Further, Fed. R. Civ. P. 26(b)(2)(C) states that, on motion, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or "(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

4.  Topics 1, 2 & 4 of the Rule 30(b)(6) notice should be quashed because they seek

---

[1] References in this motion to exhibits refer to the exhibits attached to Defendants' Memorandum in Support of the instant motion, which is being filed concurrently herewith.

testimony about the legislative process and history leading to the Ordinance's passage. Topics 3, 8, 9, 12, 13, 14 & 15 should also be quashed to the extent that those topics extend to matters contained in the legislative process and history. This discovery is not relevant to the Second Amendment claims presented in this case. Further, any minimal relevance is substantially outweighed by the burden of compliance. Moreover, a witness cannot, as a legal matter, purport to testify on behalf of the City Council, whose efforts in passing the Ordinance are the focus of the disputed testimony. Finally, the testimony will intrude into matters protected by the legislative, executive, and/or deliberative process privileges.

5. Similarly, like the deposition topics listed above, the three individual depositions are not relevant. In addition, even if the testimony is somehow relevant, it is well-established that busy, high-ranking government officials such as these should not be subjected to deposition unless a plaintiff demonstrates a "real need" for their testimony. This requires a showing that alternative methods of discovery are insufficient to obtain the desired information. Plaintiffs have not made that showing here.

6. Pursuant to Local Rule 37.2, the parties have conferred via telephone and through written correspondence in good faith about these matters in an attempt to resolve them short of court intervention. Exhibits I & J. However, the parties have been unable to resolve them.

7. Defendants are filing concurrently with this motion a Memorandum in Support, which more fully sets forth the grounds warranting the relief requested herein, and which is incorporated herein.

WHEREFORE, for the reasons stated above and in Defendants' Memorandum in Support, Defendants respectfully request that the Court enter an order: (1) quashing Topics 1, 2

& 4 of Plaintiffs' Rule 30(b)(6) deposition notice, and Topics 3, 8, 9, 12, 13, 14 & 15 to the extent that those topics extend to the legislative process and history, and (2) quashing the individual depositions of Jody Weis, the Superintendent of the Chicago Police Department; Ernest Brown, the Acting First Deputy of the Chicago Police Department; and Patricia Scudiero, the City's Zoning Administrator.

Dated: January 7, 2010.

Respectfully submitted,

MARA S. GEORGES
CORPORATION COUNSEL
CITY OF CHICAGO

BY: /s/ Andrew Worseck
One of Its Attorneys

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Alfert Hirsch
Attorneys for the City of Chicago
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 744-9010

4