# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRETT BENSON, RAYMOND SLEDGE,** | ) | |
| **KENNETH PACHOLSKI, KATHRYN TYLER,** | ) | |
| **MICHAEL HALL SR., RICK PERE,** | ) | |
| **and the ILLINOIS ASSOCATION OF** | ) | |
| **FIREARMS RETAILERS,** | ) | |
| | ) | |
| | ) | **No. 10-CV-4184** |
| **Plaintiffs,** | ) | **Judge Ronald A. Guzman** |
| | ) | **Magistrate Judge Geraldine Soat** |
| **v.** | ) | **Brown** |
| | ) | |
| **THE CITY OF CHICAGO and** | ) | |
| **RICHARD M. DALEY, Mayor of the** | ) | |
| **City of Chicago,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby

propound upon Defendants the following Requests for Production. Defendants are requested to

produce and/or permit the Plaintiffs to inspect and copy each of the requested documents that

may be in the Defendants' possession, custody, or control, or those which are in the possession,

custody, or control of Defendants' attorneys, agents, or representatives. Pursuant to Rule

34(b)(2)(A), Defendants' requested documents are to be produced within thirty days of service of

these requests. This production should be made to the offices of Cooper & Kirk, PLLC, 1523

New Hampshire Ave., N.W., Washington, D.C. 20036, or at any other location and time to

which counsel mutually agree.

**DEFINITIONS**

As used herein, the following terms shall have the following meanings:

1

1.      "Defendants" refers to the City of Chicago ("the City") and Richard M. Daley, in his official capacity as Mayor of the City of Chicago, and all of the City's subdivisions, agencies and instrumentalities, including but not limited to the Chicago City Council, the Chicago City Council Committee on Police and Fire, the Office of the City Clerk of Chicago, the Office of the Mayor of the City of Chicago, the Chicago Police Department, and the Chicago Independent Police Review Authority.  The term "Defendants" also includes all officials, employees, agents, or representatives of Defendants.

2.      "Person" means and refers to not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local government or government agencies, offices, bureaus, departments, entities, including any court (or judge or other officer thereof); other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.  "Person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries.

3.      "Document(s)" should be construed in the broadest sense permissible, and includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, as well as all "communications" as defined below. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, electronic mail, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video

2

tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

4.     "Communication" means any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, electronic mail, voice mail, exchange, provision or relay of a document, or other occurrence whereby thoughts, opinions, data, or other information are transmitted between or among one or more persons, or through any photographic, mechanical, electrical or electronic device or devices for receiving, transmitting, or storing data or other information.

5.     The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

6.     The words or phrases "reflect," "refer," or "relate to"—or any tense or combination of those words or phrases—mean reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

7.      The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

8.      The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

9.      The word "each" shall be construed to include "every" and vice versa.

10.     The word "any" shall be construed to include "all" and vice versa.

11.     The present tense shall be construed to include the past tense and vice versa.

12.     The masculine shall be construed to include the feminine and vice versa.

13.     The "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

14.     The words "the present" mean the date on which Defendants respond to these requests.

15.     The term "the Ordinance" refers to the firearms ordinance (and all provisions and amendments thereof) passed by the Chicago City Council on July 2, 2010, including those provisions currently codified as Chicago Municipal Code §§ 2-14-132, 2-14-190, 2-84-075, 4-144-010, 4-144-061, 4-144-062, 4-144-065, 8-20-010, 8-20-020, 8-20-030, 8-20-035, 8-20-040, 8-20-050, 8-20-060, 8-20-070, 8-20-080, 8-20-085, 8-20-090, 8-20-100, 8-20-110, 8-20-120, 8-20-130, 8-20-140, 8-20-145, 8-20-150, 8-20-160, 8-20-170, 8-20-180, 8-20-185, 8-20-190, 8-20-200, 8-20-205, 8-20-210, 8-20-220, 8-20-230, 8-20-240, 8-20-250, 8-20-260, 8-20-270, 8-20-280, 8-20-290, 8-20-300, 8-16-090, 8-24-005, 8-24-010, 8-24-020, 8-24-021, 8-24-027, 8-26-010, 8-26-020, 8-26-030, 8-26-040, 8-26-050, 8-26-060, 8-26-070, 8-26-080, 8-26-090, 8-26-100, 8-26-110, or any past or future codification for the firearms ordinance that has been or shall

be used. The term "the Ordinance" also includes all drafts, earlier versions, precursors, or amendments in any way reflecting, referring, or relating to the firearms ordinance passed by the Chicago City Council on July 2, 2010.

16.     The terms "firearm," "handgun," and "long gun" have the meaning assigned to those terms in Chicago Municipal Code § 8-20-110.

17.      "The litigation in *District of Columbia v. Heller*," refers to *Parker et al. v. District of Columbia*, No. 1:03-cv-00213 (D.D.C., filed Feb. 10, 2003), and all appeals and proceedings related thereto.

18.     "The litigation in *McDonald v. Chicago*," refers to *McDonald et al. v. City of Chicago et al.*, No. 1:08-cv-03645 (N.D. Ill., filed June 26, 2008), and all appeals and proceedings related thereto.

19.     "The litigation in *NRA v. Chicago*," refers to *NRA, et al. v. City of Chicago et al.*, No. 1:08-cv-03697, (N.D. Ill. filed June 27, 2008), and all appeals and proceedings related thereto.

## **GENERAL INSTRUCTIONS**

1.     Pursuant to Fed. R. Civ. P. 26(e)(1), these production requests are continuing in nature and Defendants shall provide supplemental answers and documents, which will augment or modify any answers contained in Defendants' responses.

2.     Each request herein constitutes a request for each document referred to or a true, complete, and legible copy thereof.

3.     Each request seeks documents that are in any way in Defendants' possession, custody, or control from any source, wherever situated, including, but not limited to, the files, records, and documents of investigators Defendants or their attorneys hired or directed, and all

documents to which the Defendants have access, including all documents in the possession, custody, or control of contractors, experts, or consultants.

4.    A document is deemed to be in Defendants' "control" if Defendants or Defendants' attorneys have the right to secure the document or a copy thereof from another person or entity having actual possession of the document.

5.    If a requested document was, but no longer is, in Defendants' possession, custody, or control, Defendants shall identify the document, its current location, and the person who has possession, custody, or control of the document; if such information is unavailable, Defendants shall identify the last known location and person who had possession, custody, or control of the document and explain the reason for and circumstances under which the document left Defendants' possession, custody, or control.

6.    If Defendants do not answer any document request or part thereof, on the basis of privilege, Defendants shall provide with respect to each such document the following:

    a.  The nature of the document (letter, memorandum, chart, picture, report, etc.);

    b.  The number of pages comprising the document and a description of any identifying marks or designations (*e.g.*, Bates numbers) if any, on the document;

    c.  The date of the document;

    d.  The name(s) of the author(s) and of any recipient(s) of the document;

    e.  The name and address of any person who is not included in response to subpart (d) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the document; and

    f.  The nature of the privilege asserted.

7.      For each request or part of a request that Defendants refuse to answer on grounds of burdensomeness, Defendants shall explain in as much detail as possible the basis for its contention.

8.      If Defendants object to any request, or portion of a request herein, Defendants must produce all documents covered by the request, or portion of the request, not subject to the objection.  Similarly, if Defendants object to production of a document, Defendants must produce the parts of the document that are not subject to objection, redacting and clearly indicating the parts of the document that are subject to the objection.

9.      Defendants shall produce all documents as they are kept in the usual course of business and label them to correspond to the categories in the request.

10.     Defendant must produce all responsive documents in their original format.

**SPECIFIC INSTRUCTIONS CONCERNING REQUESTS FOR STATISTICS**

1.      If a request seeks documents reflecting statistics categorized in a particular manner and Defendants do not possess or control any document with the categorization requested, or documents that collectively will yield the categorization requested, Defendants should produce all documents that reflect, refer, or relate to the most specific statistics or data available that are partially or fully responsive to the request.  By way of example only, if a request were to seek all documents related to annual crimes against persons categorized by gender and age of the victim, and Defendants do not possess documents showing these victim characteristics of gender and age, Defendants should produce all documents showing annual crimes against persons.

2.      If a document request seeks documents "necessary and sufficient to relate, demonstrate, or show" a particular fact or statistic and Defendants do not possess or control such

documents necessary and sufficient to respond in full, then Defendants should produce any and all documents reflecting, referring to, or relating to the fact or statistic that is the subject matter of the request.

3.  If a request seeks crime data or statistics, such data or statistics should include, if available, separate measurements of (i) reports to, or knowledge of, the Chicago Police Department and excluding complaints found to be unfounded, false, or baseless; and (ii) clearances of offenses (defined as one or more persons having been charged and turned over for prosecution for that offense). If such measures of data or statistics are not available, the Defendants should produce data or statistics in the form in which they are available.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents in Defendants' possession, custody, or control (including but not limited to documents in the possession, custody, or control of City Council Aldermen, Mayor Daley, or the staff or employees of the City Council, Aldermen, or Mayor Daley) reflecting, referring, or relating to the Ordinance, including but not limited to emails, reports, correspondence, meeting notes, and memoranda.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents reflecting, referring to, relating to, constituting, comprising, or introduced as part of the legislative process and/or history that led to passage of the Ordinance. This request includes but is not limited to all documents reflecting, referring to, relating to, or introduced at any meeting or hearing of the City Council or a committee of the City Council including but not limited to (i) the meetings of the Police and Fire Committee held on June 8, 18, and 28, 2010, and (ii) the meetings referred to by Defendants' counsel at the September 1, 2010 hearing before Judge Guzman, *see* Tr. of Hr'g of Sept. 1, 2010 at 15 ("[T]here were three days of testimony before the City [C]ouncil before the

city enacted the … gun law. So there is a record."). This request also includes but is not limited to (i) transcripts, recordings, or records of all meetings and/or hearings in any way related to the Ordinance, and (ii) correspondence, email, or other communications with any person who was a witness at any meeting or hearing in any way related to the Ordinance.

**REQUEST FOR PRODUCTION NO. 3**: Please produce all documents reflecting, referring to, relating to, constituting, comprising, or introduced at any meeting or hearing of the Chicago City Council or a committee of the Chicago City Council occurring after July 2, 2010, and concerning firearms regulations in the City of Chicago.

**REQUEST FOR PRODUCTION NO. 4**: Please produce all documents in Defendants' possession, custody, or control (including communications or correspondence) reflecting, referring to, or relating to any involvement the Joyce Foundation had in, or relationship between the Joyce Foundation and, (i) the Ordinance, (ii) the litigation in *District of Columbia v. Heller*, (iii) the litigation in *McDonald v. Chicago*, or (iv) the litigation in *NRA v. Chicago*.

**REQUEST FOR PRODUCTION NO. 5:** Please produce documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the number and type (including whether with a weapon and the kind of weapon at issue) of crimes in Chicago occurring annually in or on (i) residential yards, (ii) residential garages, (iii) residential porches, (iv) common areas of apartment and condominium complexes, (v) other areas of residential homes, broken down by room, (vi) fixed places of business (including parking lots and garages) broken down by type of business, (vii) non-fixed places of business (e.g., vending trucks, vehicles of traveling service providers such as plumbers and electricians), and (viii) streets and sidewalks, for the period from 1970 to present. For crimes involving bodily assault or harm to a victim, include documents necessary and sufficient to relate, demonstrate, or show the

age and gender of the victim.

**REQUEST FOR PRODUCTION NO. 6:** Please produce documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the number of criminal offenses, categorized by type of offense (including whether with a weapon and the kind of weapon at issue), occurring annually in Chicago for the period from 1970 to present.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the relationship between lawful possession of more than one operable handgun and (i) the commission of crimes and/or (ii) the incidence of accidental shootings with those handguns, for the period from 1970 to present.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the number, name, and contact information of all (i) firearms retailers, firearms dealers, firearms shops, firearms wholesalers, and firearms stores, and (ii) all firearms firing ranges legally permitted to operate in Chicago for any purpose, for the period from 1970 to present.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to data suggesting or showing that the presence of firearms ranges has (i) caused or been related to the incidence of gun-related crime or accidental shootings, and/or (ii) caused or been related to proficient and safe handling of firearms. Subpart (i) of this request includes but is not limited to documents (including but not limited to reports, studies, or other data) reflecting, referring, or relating to the incidence of (i) crimes occurring at, originating at, or related to firearms ranges located in Chicago or anywhere

in the United States, and (ii) accidental shootings occurring at, originating at, or related to firearms ranges located in Chicago or anywhere else in the United States.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the average time elapsed from the time an emergency 911 call reports a crime on or in a residential and/or business property to the time first responders report to the scene of the reported incident, for the period from 1990 to present. This request includes but is not limited to documents that categorize or otherwise relate response times by geographic subdivisions of the City.

**REQUEST FOR PRODUCTION NO. 11:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the number of handguns possessed in Chicago annually—by persons other than security personnel, law enforcement personnel, or military personnel possessing handguns for official security, law-enforcement, or military purposes—categorized by lawful and unlawful ownership, for the period from 1970 to present.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the percentage and total number of handguns involved in criminal activity or accidental shootings on a yearly basis, where such handguns were lawfully possessed (by grandfathering or other means) in households in the City (by persons other than security personnel, law enforcement personnel, or military personnel for security, law-enforcement, or military purposes) following the enactment of the 1982 ban on possession (former Chicago Municipal Code §§ 8-20-040(a), -050(c)), for the period from 1982 to present. For any incidents of

criminal activity involving the lawfully owned handguns referenced in this request, please also produce all police reports, criminal judgments, or other files or information reflecting, referring to, or relating to these incidents.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to all discovery received or produced by the City of Chicago in *Ezel v. City of Chicago*, No. 10-05135 (N.D. Ill., filed Aug. 16, 2010), and/or *Second Amendment Arms v. City of Chicago*, No. 10-04257 (N.D. Ill., filed July 7, 2010), including but not limited to documents, interrogatory answers, deposition transcripts, and responses to requests for admission.

**REQUEST FOR PRODUCTION NO. 14:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to City customs, policies, and/or practices concerning firearms training.  This request includes but is not limited to documents reflecting, referring to, or relating to range training required for Chicago police officers, any other City personnel, and/or any private security personnel permitted to operate within the City.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual (i) total number of adults 21 years of age or older who reside(d) in Chicago, (ii) total number of such persons who possessed a valid Illinois drivers license, (iii) total number of registered automobiles in Chicago, and (iv) total number of persons who did not own, or otherwise keep in the City, an automobile, for the period from 1990 to present.

**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or

show the number of handgun-related crimes on an annual basis committed by persons unlawfully possessing handguns in the City, for the period from 1970 to present, categorized by type of crime.

**REQUEST FOR PRODUCTION NO. 17:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the number of handgun-related crimes on an annual basis committed by persons unlawfully possessing handguns in the City under federal law, for the period from 1970 to present, categorized by type of crime.

**REQUEST FOR PRODUCTION NO. 18:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual (i) total number of firearm-related crimes committed in homes in the City, and (ii) total number of firearm-related crimes committed in homes in the City by persons who were not owners of, residents of, or invitees in the home, for the period from 1970 to present.

**REQUEST FOR PRODUCTION NO. 19:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual (i) total number of handgun-related crimes committed in homes in the City, and (ii) total number of handgun-related crimes in homes in the City by persons who were not owners of, residents of, or invitees in the home, for the period from 1970 to the present.

**REQUEST FOR PRODUCTION NO. 20:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the annual total number of defensive gun uses in the City—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated (or were attempted to be ameliorated) in any way by use of a firearm—by security, law enforcement, or military personnel for the period

from 1970 to present.

**REQUEST FOR PRODUCTION NO. 21:**  Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the annual total number of defensive gun uses in the City—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated (or were attempted to be ameliorated) in any way by use of a firearm—for the period from 1970 to present, regardless of whether the firearm defensively used was lawfully possessed and excluding uses by security, law enforcement, or military personnel acting in an official capacity.

**REQUEST FOR PRODUCTION NO. 22:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring, or relating to the annual total number of defensive handgun uses in the City—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated (or were attempted to be ameliorated) in any way by use of a handgun—by persons lawfully possessing handguns for the period from 1970 to present but excluding security, law enforcement, or military personnel acting in an official capacity.

**REQUEST FOR PRODUCTION NO. 23:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the annual total number of defensive long gun uses in the City—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated (or were attempted to be ameliorated) in any way by use of a long gun—by persons lawfully possessing long guns for the period from 1970 to present but excluding security, law enforcement, or military personnel acting in an official capacity.

**REQUEST FOR PRODUCTION NO. 24:** Please produce all documents in

14

Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual total population of the City, categorized by age, for the period from 1970 to present.

**REQUEST FOR PRODUCTION NO. 25:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual total number of accidental shootings in the City of Chicago, categorized by (i) shootings with long guns and handguns, and (ii) whether the firearm was lawfully or unlawfully possessed, for the period from 1970 to present.

**REQUEST FOR PRODUCTION NO. 26:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the City's definition of "fixed placed of business" as that term is used in Chicago Municipal Code § 8-20-030.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the City's definition of "assembled and operable" as that term is used in Chicago Municipal Ordinance § 8-20-040.

**REQUEST FOR PRODUCTION NO. 28:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any compelling interest, justification, or reason the City had for enacting the provisions of the Ordinance that are challenged in Plaintiffs' First Amended Complaint. This request includes but is not limited to all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any and all compelling interests, justifications, or reasons the City had for enacting the requirement that persons applying for a Chicago Firearms Permit obtain "an affidavit signed by a

firearm instructor certified by the State of Illinois … attesting that the applicant has completed a firearm safety and training course, which, at a minimum provides one hour of range training."

**REQUEST FOR PRODUCTION NO. 29:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any substantial interest, justification, or reason the City had for enacting the provisions of the Ordinance that are challenged in Plaintiffs' First Amended Complaint.  This request includes but is not limited to all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any and all substantial interests, justifications, or reasons the City had for enacting the requirement that persons applying for a Chicago Firearms Permit obtain "an affidavit signed by a firearm instructor certified by the State of Illinois … attesting that the applicant has completed a firearm safety and training course, which, at a minimum provides one hour of range training."

**REQUEST FOR PRODUCTION NO. 30:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any rational basis the City had for enacting the provisions of the Ordinance that are challenged in Plaintiffs' First Amended Complaint.  This request includes but is not limited to all documents in Defendants' possession, custody, or control reflecting, referring, or relating to any and all rational bases the City had for enacting the requirement that persons applying for a Chicago Firearms Permit obtain "an affidavit signed by a firearm instructor certified by the State of Illinois … attesting that the applicant has completed a firearm safety and training course, which, at a minimum provides one hour of range training."

**REQUEST FOR PRODUCTION NO. 31:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to how the provisions of the Ordinance that are challenged in Plaintiffs' First Amended Complaint are

tailored to serve or otherwise further the City's (i) compelling interests, justifications, or reasons for enacting those provisions, (ii) substantial interests, justifications, or reasons for enacting those provisions, and/or (iii) rational bases for enacting those provisions.

**REQUEST FOR PRODUCTION NO. 32:** Please produce all documents in Defendants' possession, custody, or control (including but not limited to documents in the possession, custody, or control of City Council Aldermen, Mayor Daley, or the staff or employees of the City Council, Aldermen, or Mayor Daley) reflecting, referring to, or relating to litigation concerning the Second Amendment (such as *McDonald v. Chicago* or *NRA v. Chicago*) created, transmitted, sent, or received since January 1, 2007, including but not limited to emails, reports, correspondence, meeting notes, and memoranda. This request does not include documents privileged under the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 33:** Please produce all documents in Defendants' possession, custody, or control that Defendants will use to defend the provisions of the Ordinance challenged in Plaintiffs' First Amended Complaint, as well as any documents reflecting, referring to, or relating to such documents.

Respectfully submitted,

By: _____

Stephen Kolodziej
Atty. ID # 6216375
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn St., Suite 300
Chicago, IL 60602
Tel: (312) 781-1970
Fax: (312)781-9202
Email: skolodziej@brennerlawfirm.com

Charles J. Cooper*
David H. Thompson*
Jesse Panuccio*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

17

Brian S. Koukoutchos*
28 Eagle Trace
Mandeville, LA  70471
Tel: (985) 626-5052
bkoukoutchos@gmail.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jesse Panuccio, hereby certify that on this 16th day of September, 2010, I

caused a copy of the foregoing to be served by first-class United States mail on:

Mara S. Georges
William Macy Aguiar
Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

Jesse Panuccio

EXHIBIT A1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT BENSON, RAYMOND SLEDGE, | ) | |
| KENNETH PACHOLSKI, KATHRYN TYLER, | ) | |
| MICHAEL HALL SR., RICK PERE, | ) | No. 10 CV 4184 |
| and the ILLINOIS ASSOCIATION OF | ) | |
| FIREARMS RETAILERS, | ) | |
| | ) | |
| Plaintiffs, | ) | Judge Ronald A. Guzman |
| | ) | |
| v. | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| THE CITY OF CHICAGO and RICHARD M. | ) | |
| DALEY, Mayor of the City of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO
## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Defendants City of Chicago ("City") and Mayor Richard M. Daley, by and through their

attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby submit their

objections and responses to Plaintiffs' First Set of Requests for Production.

## GENERAL OBJECTIONS

A.    Defendants object to each definition, instruction, and document request to the

extent that it attempts to impose discovery obligations which are greater than those required

under the Federal Rules of Civil Procedure.

B.    Defendants object to each definition, instruction, and document request to the

extent that it seeks information that is protected from disclosure by the attorney-client privilege,

the attorney work-product doctrine, or any other applicable privilege or doctrine.

C.    Defendants object to each definition, instruction, and document request to the

extent that it requests information relating to matters that are not relevant to the pending lawsuit

or not reasonably calculated to lead to the discovery of admissible evidence, or otherwise

exceeds the scope and manner of discovery permitted by the Federal Rules of Civil Procedure.

D.      Defendants object to each definition, instruction, and document request to the

extent that it seeks legal bases, legal conclusions, or opinions.

E.      Defendants object to each document request to the extent that it requests

information outside the possession, custody, or control of Defendants.

F.      When Defendants state that they will produce responsive documents or provide

information, they state so only to the extent responsive documents or information exist and are in

their possession, custody, or control.

G.      Defendants reserve all objections to the admissibility of any information into

evidence in this litigation (including information contained in the answers to these document

requests), including, without limitation, objections of relevance and materiality.

H.      Defendants reserve the right to seasonably supplement their responses to

Plaintiffs' document requests and to proffer other information, beyond that in the legislative

record, that Defendants may use to defend against the claims in this lawsuit and/or support the

legality of the challenged ordinance provisions.

I.      Defendants object to the timeframe of those requests seeking documents from

1970 to the present.

## SPECIFIC OBJECTIONS AND RESPONSES

Without waiving the General Objections, which are hereby incorporated into each

response below as if set forth fully therein, Defendants respond to each of Plaintiffs' document

requests as follows:

**REQUEST FOR PRODUCTION NO. 1**:  Please produce all documents in Defendants'

possession, custody, or control (including but not limited to documents in the possession, custody, or control of City Council Aldermen, Mayor Daley, or the staff or employees of the City Council, Aldermen, or Mayor Daley) reflecting, referring, or relating to the Ordinance, including but not limited to emails, reports, correspondence, meeting notes, and memoranda.

**ANSWER:**  Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

state that they have previously produced to Plaintiffs the record of proceedings held by the

Chicago City Council Committee on Police and Fire on June 18, June 29, and July 1, 2010

relating to the amendments to the City's firearms laws enacted on July 2, 2010.  Defendants have

also previously directed Plaintiffs to the proceedings of the Chicago City Council held on July 2,

2010, which are not transcribed, but are available for viewing at:

http://www.chicityclerk.com/City_Council_Video/2010_Video_Meetings/July2_2010/.

Further answering, Defendants state that they are producing herewith: (i) the relevant

pages from the City Council Journal of Proceedings relating to the July 2, 2010 proceedings of

the City Council, and (ii) Chicago Police Department regulations promulgated pursuant to, and

implementing, the firearms legislation enacted on July 2, 2010.

**REQUEST FOR PRODUCTION NO. 2**:  Please produce all documents reflecting, referring to, relating to, constituting, comprising, or introduced as part of the legislative process and/or history that led to passage of the Ordinance.  This request includes but is not limited to all documents reflecting, referring to, relating to, or introduced at any meeting or hearing of the City Council or a committee of the City Council including but not limited to (i) the meetings of the Police and Fire Committee held on June 8, 18, and 28, 2010, and (ii) the meetings referred to by Defendants' counsel at the September 1, 2010 hearing before Judge Guzman, *see* Tr. of Hr'g of Sept. 1, 2010 at 15 ("[T]here were three days of testimony before the City [C]ouncil before the city enacted the ... gun law.  So there is a record.").  This request also includes but is not limited to (i) transcripts, recordings, or records of all meetings and/or hearings in any way related to the Ordinance, and (ii) correspondence, email, or other communications with any person who was a witness at any meeting or hearing in any way related to the Ordinance.

3

**ANSWER**:  Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

incorporate and refer to their response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 3**:  Please produce all documents reflecting, referring
to, relating to, constituting, comprising, or introduced at any meeting or hearing of the Chicago
City Council or a committee of the Chicago City Council occurring after July 2, 2010, and
concerning firearms regulations in the City of Chicago.

**ANSWER**:  Defendants object to this request as vague, overbroad, and seeking information that

is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

state that since July 2, 2010, neither the City Council, nor any Committee thereof, has held

meetings or hearings relating to legislation regulating firearms in Chicago.

**REQUEST FOR PRODUCTION NO. 4**:  Please produce all documents in Defendants'
possession, custody, or control (including communications or correspondence) reflecting,
referring to, or relating to any involvement the Joyce Foundation had in, or relationship between
the Joyce Foundation and, (i) the Ordinance, (ii) the litigation in *District of Columbia v. Heller*,
(iii) the litigation in *McDonald v. Chicago*, or (iv) the litigation in *NRA v. Chicago*.

**ANSWER**:  Defendants object to this request as vague, overbroad, and seeking information that

is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 5**:  Please produce documents in Defendants'
possession, custody, or control necessary and sufficient to relate, demonstrate, or show the
number and type (including whether with a weapon and the kind of weapon at issue) of crimes in
Chicago occurring annually in or on (i) residential yards, (ii) residential garages, (iii) residential
porches, (iv) common areas of apartment and condominium complexes, (v) other areas of
residential homes, broken down by room, (vi) fixed places of business (including parking lots
and garages) broken down by type of business, (vii) non-fixed places of business (e.g., vending
trucks, vehicles of traveling service providers such as plumbers and electricians), and (viii)
streets and sidewalks, for the period from 1970 to present.  For crimes involving bodily assault
or harm to a victim, include documents necessary and sufficient to relate, demonstrate, or show

4

the age and gender of the victim.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

incorporate and refer to their response to Request No. 1. Defendants further state that various

data relating to firearms possession and crime in Chicago, including the location of crimes and

the type of weapon used, is contained or reflected in reports maintained on the Chicago Police

Department's website at the following address:

https://portal.chicagopolice.org/portal/page/portal/ClearPath/News/Statistical%20Reports.

**REQUEST FOR PRODUCTION NO. 6**:  Please produce documents in Defendants'
possession, custody, or control necessary and sufficient to relate, demonstrate, or show the
number of criminal offenses, categorized by type of offense (including whether with a weapon
and the kind of weapon at issue), occurring annually in Chicago for the period from 1970 to
present.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

incorporate and refer to their response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 7**:  Please produce all documents in Defendants'
possession, custody, or control reflecting, referring to, or relating to the relationship between
lawful possession of more than one operable handgun and (i) the commission of crimes and/or
(ii) the incidence of accidental shootings with those handguns, for the period from 1970 to
present.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants incorporate and refer to their response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 8**: Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the number, name, and contact information of all (i) firearms retailers, firearms dealers, firearms shops, firearms wholesalers, and firearms stores, and (ii) all firearms firing ranges legally permitted to operate in Chicago for any purpose, for the period from 1970 to present.

**ANSWER**: Defendants object to this request as vague, overbroad, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 9**: Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to data suggesting or showing that the presence of firearms ranges has (i) caused or been related to the incidence of gun-related crime or accidental shootings, and/or (ii) caused or been related to proficient and safe handling of firearms. Subpart (i) of this request includes but is not limited to documents (including but not limited to reports, studies, or other data) reflecting, referring, or relating to the incidence of (i) crimes occurring at, originating at, or related to firearms ranges located in Chicago or anywhere in the United States, and (ii) accidental shootings occurring at, originating at, or related to firearms ranges located in Chicago or anywhere else in the United States.

**ANSWER**: Defendants object to this request as vague, overbroad, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants incorporate and refer to their response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 10**: Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the average time elapsed from the time an emergency 911 call reports a crime on or in a residential and/or business property to the time first responders report to the scene of the reported incident, for the period from 1990 to present. This request includes but is not limited to documents that categorize or otherwise relate response times by geographic subdivisions of the City.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

**REQUEST FOR PRODUCTION NO. 11**: Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the number of handguns possessed in Chicago annually—by persons other than security personnel, law enforcement personnel, or military personnel possessing handguns for official security, law-enforcement, or military purposes—categorized by lawful and unlawful ownership, for the period from 1970 to present.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

incorporate and refer to their response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 12**: Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the percentage and total number of handguns involved in criminal activity or accidental shootings on a yearly basis, where such handguns were lawfully possessed (by grandfathering or other means) in households in the City (by persons other than security personnel, law enforcement personnel, or military personnel for security, law-enforcement, or military purposes) following the enactment of the 1982 ban on possession (former Chicago Municipal Code §§ 8-20-040(a), -050(c)), for the period from 1982 to present. For any incidents of criminal activity involving the lawfully owned handguns referenced in this request, please also produce all police reports, criminal judgments, or other files or information reflecting, referring to, or relating to these incidents.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

incorporate and refer to their response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 13**: Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to all discovery received or produced by the City of Chicago in *Ezel v. City of Chicago,* No. 10-05135 (N.D. Ill., filed Aug. 16, 2010), and/or *Second Amendment Arms v. City of Chicago,* No. 10-04257 (N.D. Ill., filed

7

July 7, 2010), including but not limited to documents, interrogatory answers, deposition transcripts, and responses to requests for admission.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence, and as particularly seeking privileged information.

Subject to, and without waiving, Defendants' general and specific objections, Defendants state that no discovery has been served or answered in *Second Amendment Arms v. City of Chicago*, and that the City is producing herewith its responses to discovery served upon it in *Ezell v. City of Chicago*.

**REQUEST FOR PRODUCTION NO. 14**: Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to City customs, policies, and/or practices concerning firearms training. This request includes but is not limited to documents reflecting, referring to, or relating to range training required for Chicago police officers, any other City personnel, and/or any private security personnel permitted to operate within the City.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants incorporate and refer to their response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 15**: Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual (i) total number of adults 21 years of age or older who reside(d) in Chicago, (ii) total number of such persons who possessed a valid Illinois drivers license, (iii) total number of registered automobiles in Chicago, and (iv) total number of persons who did not own, or otherwise keep in the City, an automobile, for the period from 1990 to present.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

8

admissible evidence.

**REQUEST FOR PRODUCTION NO. 16**: Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the number of handgun-related crimes on an annual basis committed by persons unlawfully possessing handguns in the City, for the period from 1970 to present, categorized by type of crime.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

incorporate and refer to their response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 17**: Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the number of handgun-related crimes on an annual basis committed by persons unlawfully possessing handguns in the City under federal law, for the period from 1970 to present, categorized by type of crime.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

incorporate and refer to their response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 18**: Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual (i) total number of firearm-related crimes committed in homes in the City, and (ii) total number of firearm-related crimes committed in homes in the City by persons who were not owners of, residents of, or invitees in the home, for the period from 1970 to present.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

9

Subject to, and without waiving, Defendants' general and specific objections, Defendants

incorporate and refer to their response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 19**: Please produce all documents in Defendants'
possession, custody, or control necessary and sufficient to relate, demonstrate, or show the
annual (i) total number of handgun-related crimes committed in homes in the City, and (ii) total
number of handgun-related crimes in homes in the City by persons who were not owners of,
residents of, or invitees in the home, for the period from 1970 to the present.

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

incorporate and refer to their response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 20**: Please produce all documents in Defendants'
possession, custody, or control reflecting, referring to, or relating to the annual total number of
defensive gun uses in the City—that is, crimes against persons or property that were deterred,
stopped, prevented, or otherwise ameliorated (or were attempted to be ameliorated) in any way
by use of a firearm—by security, law enforcement, or military personnel for the period
from 1970 to present.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

**REQUEST FOR PRODUCTION NO. 21**: Please produce all documents in Defendants'
possession, custody, or control reflecting, referring to, or relating to the annual total number of
defensive gun uses in the City—that is, crimes against persons or property that were deterred,
stopped, prevented, or otherwise ameliorated (or were attempted to be ameliorated) in any way
by use of a firearm—for the period from 1970 to present, regardless of whether the firearm
defensively used was lawfully possessed and excluding uses by security, law enforcement, or
military personnel acting in an official capacity.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

10

admissible evidence.

**REQUEST FOR PRODUCTION NO. 22**: Please produce all documents in Defendants' possession, custody, or control reflecting, referring, or relating to the annual total number of defensive handgun uses in the City—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated (or were attempted to be ameliorated) in any way by use of a handgun—by persons lawfully possessing handguns for the period from 1970 to present but excluding security, law enforcement, or military personnel acting in an official capacity.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

**REQUEST FOR PRODUCTION NO. 23**: Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the annual total number of defensive long gun uses in the City—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated (or were attempted to be ameliorated) in any way by use of a long gun—by persons lawfully possessing long guns for the period from 1970 to present but excluding security, law enforcement, or military personnel acting in an official capacity.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

**REQUEST FOR PRODUCTION NO. 24**: Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual total population of the City, categorized by age, for the period from 1970 to present.

**ANSWER**: Defendants object to this request as vague, overbroad, and seeking information that

is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

state that various Chicago population data is contained or reflected in reports maintained on the

Chicago Police Department's website at the following address:

https://portal.chicagopolice.org/portal/page/portal/ClearPath/News/Statistical%20Reports.

**REQUEST FOR PRODUCTION NO. 25**: Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual total number of accidental shootings in the City of Chicago, categorized by (i) shootings with long guns and handguns, and (ii) whether the firearm was lawfully or unlawfully possessed, for the period from 1970 to present.

**ANSWER**: Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

**REQUEST FOR PRODUCTION NO. 26**: Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the City's definition of "fixed placed of business" as that term is used in Chicago Municipal Code § 8-20-030.

**ANSWER**: Defendants object to this request as vague, overbroad, and seeking information that

is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

incorporate and refer to their response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 27**: Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the City's definition of "assembled and operable" as that term is used in Chicago Municipal Ordinance § 8-20-040.

**ANSWER**: Defendants object to this request as vague, overbroad, and seeking information that

is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

incorporate and refer to their response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 28**: Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any compelling interest, justification, or reason the City had for enacting the provisions of the Ordinance that are challenged in Plaintiffs' First Amended Complaint. This request includes but is not limited to all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any and all compelling interests, justifications, or reasons the City had for enacting the requirement that persons applying for a Chicago Firearms Permit obtain "an affidavit signed by a firearm instructor certified by the State of Illinois ... attesting that the applicant has completed a firearm safety and training course, which, at a minimum provides one hour of range training."

**ANSWER:** Defendants object to this request as argumentative, vague, overbroad, unduly burdensome, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, or Defendants' rights to supplement their response to this request and to proffer other information, beyond that in the legislative record, that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions, Defendants incorporate and refer to their response to Request No. 1. Defendants further state that other documents that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions will be produced prior to trial according to such schedules as the Court or the Federal Rules of Civil Procedure may require.

**REQUEST FOR PRODUCTION NO. 29:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any substantial interest, justification, or reason the City had for enacting the provisions of the Ordinance that are challenged in Plaintiffs' First Amended Complaint. This request includes but is not limited to all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any and all substantial interests, justifications, or reasons the City had for enacting the requirement that persons applying for a Chicago Firearms Permit obtain "an affidavit signed by a firearm instructor certified by the State of Illinois ... attesting that the applicant has completed a firearm safety and training course, which, at a minimum provides one hour of range training."

**ANSWER:** Defendants object to this request as argumentative, vague, overbroad, unduly burdensome, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, or Defendants' rights to supplement their response to this request and to proffer other information, beyond that in the legislative record, that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions, Defendants

13

incorporate and refer to their response to Request No. 1. Defendants further state that other

documents that Defendants may use to defend against the claims in this lawsuit and/or support

the legality of the challenged ordinance provisions will be produced prior to trial according to

such schedules as the Court or the Federal Rules of Civil Procedure may require.

**REQUEST FOR PRODUCTION NO. 30**: Please produce all documents in Defendants'
possession, custody, or control reflecting, referring to, or relating to any rational basis the City
had for enacting the provisions of the Ordinance that are challenged in Plaintiffs' First Amended
Complaint. This request includes but is not limited to all documents in Defendants' possession,
custody, or control reflecting, referring, or relating to any and all rational bases the City had for
enacting the requirement that persons applying for a Chicago Firearms Permit obtain "an
affidavit signed by a firearm instructor certified by the State of Illinois ... attesting that the
applicant has completed a firearm safety and training course, which, at a minimum provides one
hour of range training."

**ANSWER**:  Defendants object to this request as argumentative, vague, overbroad, unduly

burdensome, and seeking information that is irrelevant or not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, or

Defendants' rights to supplement their response to this request and to proffer other information,

beyond that in the legislative record, that Defendants may use to defend against the claims in this

lawsuit and/or support the legality of the challenged ordinance provisions, Defendants

incorporate and refer to their response to Request No. 1. Defendants further state that other

documents that Defendants may use to defend against the claims in this lawsuit and/or support

the legality of the challenged ordinance provisions will be produced prior to trial according to

such schedules as the Court or the Federal Rules of Civil Procedure may require.

**REQUEST FOR PRODUCTION NO. 31**: Please produce all documents in Defendants'
possession, custody, or control reflecting, referring to, or relating to how the provisions of the
Ordinance that are challenged in Plaintiffs' First Amended Complaint are tailored to serve or
otherwise further the City's (i) compelling interests, justifications, or reasons for enacting those
provisions, (ii) substantial interests, justifications, or reasons for enacting those provisions,

14

and/or (iii) rational bases for enacting those provisions.

**ANSWER:** Defendants object to this request as argumentative, vague, overbroad, unduly burdensome, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, or Defendants' rights to supplement their response to this request and to proffer other information, beyond that in the legislative record, that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions, Defendants incorporate and refer to their response to Request No. 1. Defendants further state that other documents that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions will be produced prior to trial according to such schedules as the Court or the Federal Rules of Civil Procedure may require.

**REQUEST FOR PRODUCTION NO. 32:** Please produce all documents in Defendants' possession, custody, or control (including but not limited to documents in the possession, custody, or control of City Council Aldermen, Mayor Daley, of the staff or employees of the City Council, Aldermen, or Mayor Daley) reflecting, referring to, or relating to litigation concerning the Second Amendment (such as *McDonald v. Chicago* or *NRA v. Chicago*) created, transmitted, sent, or received since January 1, 2007, including but not limited to emails, reports, correspondence, meeting notes, and memoranda. This request does not include documents privileged under the attorney-client privilege.

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants incorporate and refer to their response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 33:** Please produce all documents in Defendants' possession, custody, or control that Defendants will use to defend the provisions of the

15

Ordinance challenged in Plaintiffs' First Amended Complaint, as well as any documents reflecting, referring to, or relating to such documents.

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence. Defendants further object to this request as premature.

Subject to, and without waiving, Defendants' general and specific objections, or

Defendants' rights to supplement their response to this request and to proffer other information,

beyond that in the legislative record, that Defendants may use to defend against the claims in this

lawsuit and/or support the legality of the challenged ordinance provisions, Defendants

incorporate and refer to their response to Request No. 1. Defendants further state that other

documents that Defendants may use to defend against the claims in this lawsuit and/or support

the legality of the challenged ordinance provisions will be produced prior to trial according to

such schedules as the Court or the Federal Rules of Civil Procedure may require.


Dated: October 21, 2010.                              Respectfully submitted,

                                                      MARA S. GEORGES
                                                      CORPORATION COUNSEL
                                                      CITY OF CHICAGO


                                      BY:     _____
                                                      One of Its Attorneys


Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Alfert Hirsch
Attorneys for the City of Chicago
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230

16

Chicago, IL 60602
(312) 744-7129

## CERTIFICATE OF SERVICE

I, Andrew Worseck, an attorney, hereby certify that on this, the 21[th] day of October,

2010, I caused a copy of **Defendants' Response to Plaintiffs' First Set of Requests for**

**Production** and **Defendants' Response to Plaintiffs' First Set of Interrogatories,** to be served

by first-class United States mail, postage prepaid, on:

> Charles J. Cooper
> David H. Thompson
> Jesse Panuccio
> Cooper & Kirk, PLLC
> 1523 New Hampshire Ave., NW
> Washington, DC 20036

and by messenger delivery on:

> Stephen Kolodziej
> BRENNER FORD MONROE & SCOTT LTD.
> 33 N. Dearborn Street, Suite 300
> Chicago, IL 60602

*Andrew Worseck*

18