# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT BENSON, RAYMOND SLEDGE, KENNETH PACHOLSKI, KATHRYN TYLER, MICHAEL HALL SR., RICK PERE, and the ILLINOIS ASSOCATION OF FIREARMS RETAILERS, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 10-CV-4184 Judge Ronald A. Guzman Magistrate Judge Geraldine Soat Brown |
| v. | ) ) | |
| THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendants City of Chicago and Mayor Richard Daley answer fully, in writing and under oath, each of the following interrogatories. Pursuant to Rule 33(b)(2), Defendants' answers must be provided within thirty days of service of these interrogatories. Answers to these interrogatories should be returned to Cooper & Kirk, PLLC, 1523 New Hampshire Ave., N.W., Washington, D.C. 20036, or at any other location and time to which counsel mutually agree.

## DEFINITIONS

As used herein, the following terms shall have the following meanings:

1. "Defendants" refers to the City of Chicago ("the City") and Richard M. Daley, in his official capacity as Mayor of the City of Chicago, and all of the City's subdivisions, agencies and instrumentalities, including but not limited to the Chicago City Council, the Chicago City

1

Council Committee on Police and Fire, the Office of the City Clerk of Chicago, the Office of the Mayor of the City of Chicago, the Chicago Police Department, and the Chicago Independent Police Review Authority. The term "Defendants" also includes all persons who are officials, employees, agents, or representatives of Defendants.

2. "Person" means and refers to not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local government or government agencies, offices, bureaus, departments, entities, including any court (or judge or other officer thereof); other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof. "Person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries.

3. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

4. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

5. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

6. The word "each" shall be construed to include "every" and vice versa.

7. The word "any" shall be construed to include "all" and vice versa.

8. The present tense shall be construed to include the past tense and vice versa.

2

9. The masculine shall be construed to include the feminine and vice versa.

10. The term "the Ordinance" refers to the firearms ordinance (and all provisions and amendments thereof) passed by the Chicago City Council on July 2, 2010, including those provisions currently codified as Chicago Municipal Code §§ 2-14-132, 2-14-190, 2-84-075, 4-144-010, 4-144-061, 4-144-062, 4-144-065, 8-20-010, 8-20-020, 8-20-030, 8-20-035, 8-20-040, 8-20-050, 8-20-060, 8-20-070, 8-20-080, 8-20-085, 8-20-090, 8-20-100, 8-20-110, 8-20-120, 8-20-130, 8-20-140, 8-20-145, 8-20-150, 8-20-160, 8-20-170, 8-20-180, 8-20-185, 8-20-190, 8-20-200, 8-20-205, 8-20-210, 8-20-220, 8-20-230, 8-20-240, 8-20-250, 8-20-260, 8-20-270, 8-20-280, 8-20-290, 8-20-300, 8-16-090, 8-24-005, 8-24-010, 8-24-020, 8-24-021, 8-24-027, 8-26-010, 8-26-020, 8-26-030, 8-26-040, 8-26-050, 8-26-060, 8-26-070, 8-26-080, 8-26-090, 8-26-100, 8-26-110, or any past or future codification for the firearms ordinance that has been or shall be used. The term "the Ordinance" also includes all drafts, earlier versions, precursors, or amendments in any way reflecting, referring, or relating to the firearms ordinance passed by the Chicago City Council on July 2, 2010.

## INSTRUCTIONS

1. Pursuant to Fed. R. Civ. P. 26(e)(1), these interrogatories are continuing in nature and Defendants shall provide supplemental answers, which will augment or modify any answers contained in Defendants' responses.

2. When an interrogatory asks Defendants to "describe" or "identify" a document or other item, provide the following with respect to each document or item, if applicable:

    a. the date appearing on or pertaining to the document or item; or, if it has no date, so state and give the date or approximate date such document or item was prepared, produced, created, occurred, or came into being;

3

    b.  any identifying or descriptive code or number, file number, title, or label of such document or other item;

    c.  the general nature or description of the document or other item;

    d.  the name of the person(s) who signed, authored, produced, or created the document or other item;

    e.  the name of the person(s) to whom such document or other item was addressed and the name of each such person other than the addressee to whom such document or other item, or copy or reproduction thereof, was given or sent;

    f.  the name of the person or entity having present possession, custody, or control of such document or other item, and the present location of such document or other item;

    g.  if such document or other item was, but no longer is, in the possession, custody, or control of Defendants, state what disposition was made of such document or other item, the reason for such disposition, and the date thereof;

    h.  whether any draft, copy, or reproduction of such document or other time contains any script, notation, change, addendum, or the like, not appearing on such document itself, and if so, provide the description and identification of each such draft, copy, or reproduction in accordance with these instructions.

3.    When an interrogatory requests Defendants to provide the "name" of, or to "identify" or "describe," a person, the answer shall contain the following information with respect to each such person: full name, current or last known business and home addresses, business and home telephone numbers, and email address.

4

4. In answering each interrogatory, furnish all information available to Defendants that is relevant or that might lead to the discovery of relevant evidence, including information in the possession of Defendants' attorneys, or their investigators, and all persons acting on Defendants' behalf, including but not limited to Defendants' employees, agents, officers, or representatives. If Defendants are unable to answer an interrogatory in full after exercising due diligence to supply a complete answer, so state and answer to the extent possible. Specify the reasons for Defendants' inability to answer and state whatever information or knowledge Defendants have concerning the unanswered portions.

5. If any interrogatory is objected to on the grounds of overbreadth, specifically state the manner in which it is overly broad and respond to the interrogatory as narrowed to conform to such objection.

6. In no event is an answer to be left blank. If the answer to an interrogatory is "none," "unknown," or "not applicable," such statement should be written in the answer.

7. If Defendants do not answer any interrogatory or part thereof, on the basis of privilege, Defendants shall state the following: (a) the date of the communication for which the privilege is claimed; (b) the author(s) of the communication; (c) the business or legal title or position of its author(s); (d) the recipient(s) or addree(s) of the communication and his or her business or legal title or position; (e) the subject matter of the information requested or the document withheld; and (f) the nature of the privilege asserted and the basis upon which it is claimed.

8. If Defendants refuse to answer an interrogatory on grounds of burdensomeness, Defendants shall explain in as much detail as possible the basis for their contention.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Please identify every legitimate governmental interest to which Defendants contend the provisions of the Ordinance challenged in Plaintiffs' First Amended Complaint are related, whether such interests are rational, important, or compelling.

**INTERROGATORY NO. 2:** Please identify every less restrictive alternative to the challenged provisions of the Ordinance that Defendants considered in order to accomplish the interests identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 3:** Please identify the legislative record or legislative history (including but not limited to all documents, hearings, meetings, or other material or events) for the Ordinance, including but not limited to all persons who testified at or participated in any hearing or meeting, all exhibits or materials introduced at any hearing or meeting, and all documents, materials, or other information considered by the Chicago City Council before passing the Ordinance. This Interrogatory includes but is not limited to all materials that constitute the "record" referred to by Defendants' counsel at the September 1, 2010 hearing before Judge Guzman. *See* Tr. of Hr'g of Sept. 1, 2010 at 15.

**INTERROGATORY NO. 4:** Please state the City's definition of "fixed placed of business" as that term is used in Chicago Municipal Code § 8-20-030, including but not limited to what areas or portions of a fixed place of business that term encompasses (such as whether it includes areas outside a building, parking lots, and garages).

**INTERROGATORY NO. 5:** Please state the City's definition of "assembled and operable" as that term is used in Chicago Municipal Ordinance § 8-20-040, including but not limited to whether a gun with a trigger lock affixed to it is considered "assembled and operable," whether a semiautomatic handgun with its ammunition clip removed is considered "assembled

6

and operable," and whether a gun secured in a safe or lock box is considered "assembled and operable."

**INTERROGATORY NO. 6:** Please identify the reasons why the City has enacted, put in place, or adheres to any other law, requirement, custom, or practice necessitating or regarding firearms instruction and/or training for any resident of, employee of, agent of, officer of, or visitor to the City of Chicago, including but not limited to the reasons why the City Council enacted the requirement that an applicant for a Chicago Firearms Permit must obtain "an affidavit signed by a firearm instructor certified by the State of Illinois … attesting that the applicant has completed a firearm safety and training course, which, at a minimum provides one hour of range training."

Respectfully submitted,

By: /s/

| | |
|---|---|
| Stephen Kolodziej | Charles J. Cooper* |
| Atty. ID # 6216375 | David H. Thompson* |
| BRENNER FORD MONROE & SCOTT LTD. | Jesse Panuccio* |
| 33 N. Dearborn St., Suite 300 | COOPER & KIRK, PLLC |
| Chicago, IL 60602 | 1523 New Hampshire Ave., NW |
| Tel: (312) 781-1970 | Washington, D.C. 20036 |
| Fax: (312)781-9202 | Tel: (202) 220-9600 |
| Email: skolodziej@brennerlawfirm.com | Fax: (202) 220-9601 |
| | Email: ccooper@cooperkirk.com |

Brian S. Koukoutchos*
28 Eagle Trace
Mandeville, LA 70471
Tel: (985) 626-5052
bkoukoutchos@gmail.com

*Admitted *pro hac vice*
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jesse Panuccio, hereby certify that on this 21st day of September, 2010, I, pursuant to Fed. R. Civ. P. 5(b)(2)(B), caused a copy of the foregoing to be served by delivering it to the offices of:

Mara S. Georges
William Macy Aguiar
Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

_____
Jesse Panuccio

# EXHIBIT B1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRETT BENSON, RAYMOND SLEDGE, KENNETH PACHOLSKI, KATHRYN TYLER, MICHAEL HALL SR., RICK PERE, and the ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, <br><br> Defendants. | No. 10 CV 4184 <br><br> Judge Ronald A. Guzman <br><br> Magistrate Judge Geraldine Soat Brown |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants City of Chicago ("City") and Mayor Richard M. Daley, by and through their attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby submit their objections and responses to Plaintiffs' First Set of Interrogatories.

## GENERAL OBJECTIONS

A.  Defendants object to each definition, instruction, and interrogatory to the extent that it attempts to impose discovery obligations which are greater than those required under the Federal Rules of Civil Procedure.

B.  Defendants object to each definition, instruction, and interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

C.  Defendants object to each definition, instruction, and interrogatory to the extent that it requests information relating to matters that are not relevant to the pending lawsuit or not

reasonably calculated to lead to the discovery of admissible evidence, or otherwise exceeds the scope and manner of discovery permitted by the Federal Rules of Civil Procedure.

D. Defendants object to each definition, instruction, and interrogatory to the extent that it seeks legal bases, legal conclusions, or opinions.

E. Defendants object to each interrogatory to the extent that it requests information outside the possession, custody, or control of Defendants.

F. When Defendants state that they will produce responsive documents or provide information, they state so only to the extent responsive documents or information exist and are in their possession, custody, or control.

G. Defendants reserve all objections to the admissibility of any information into evidence in this litigation (including information contained in the answers to these interrogatories), including, without limitation, objections of relevance and materiality.

H. Defendants reserve the right to seasonably supplement their responses to Plaintiffs' interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES

Without waiving the General Objections, which are hereby incorporated into each response below as if set forth fully therein, Defendants respond to each of Plaintiffs' interrogatories as follows:

**INTERROGATORY NO. 1:** Please identify every legitimate governmental interest to which Defendants contend the provisions of the Ordinance challenged in Plaintiffs' First Amended Complaint are related, whether such interests are rational, important, or compelling.

**ANSWER:** Defendants object to this interrogatory as argumentative, vague, and premature, as it is a contention interrogatory. Defendants will respond to this interrogatory at the appropriate time in the case, if necessary.

2

At present, and subject to, and without waiving, Defendants' general and specific objections, or Defendants' rights to supplement their response to this interrogatory and to proffer other information, beyond that in the legislative record, that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions, Defendants state that they have previously produced to Plaintiffs the record of proceedings held by the Chicago City Council Committee on Police and Fire on June 18, June 29, and July 1, 2010 relating to the amendments to the City's firearms laws enacted on July 2, 2010. Defendants have also previously directed Plaintiffs to the proceedings of the Chicago City Council held on July 2, 2010, which are not transcribed, but are available for viewing at: http://www.chicityclerk.com/City_Council_Video/2010_Video_Meetings/July2_2010/.

Further answering, Defendants state that they are producing herewith: (i) the relevant pages from the City Council Journal of Proceedings relating to the July 2, 2010 proceedings of the City Council, and (ii) Chicago Police Department regulations promulgated pursuant to, and implementing, the firearms legislation enacted on July 2, 2010.

**INTERROGATORY NO. 2**: Please identify every less restrictive alternative to the challenged provisions of the Ordinance that Defendants considered in order to accomplish the interests identified in response to Interrogatory No. 1.

**ANSWER:** Defendants object to this interrogatory as argumentative, vague, and premature, as it is a contention interrogatory. Defendants will respond to this interrogatory at the appropriate time in the case, if necessary.

At present, and subject to, and without waiving, Defendants' general and specific objections, or Defendants' rights to supplement their response to this interrogatory and to proffer other information, beyond that in the legislative record, that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance

provisions, Defendants incorporate and refer to their response to Interrogatory No. 1.

**INTERROGATORY NO. 3**: Please identify the legislative record or legislative history (including but not limited to all documents, hearings, meetings, or other material or events) for the Ordinance, including but not limited to all persons who testified at or participated in any hearing or meeting, all exhibits or materials introduced at any hearing or meeting, and all documents, materials, or other information considered by the Chicago City Council before passing the Ordinance. This Interrogatory includes but is not limited to all materials that constitute the "record" referred to by Defendants' counsel at the September 1, 2010 hearing before Judge Guzman. *See* Tr. of Hr'g of Sept. 1, 2010 at 15.

**ANSWER:** Defendants state that they have previously produced to Plaintiffs the record of proceedings held by the Chicago City Council Committee on Police and Fire ("Committee") on June 18, June 29, and July 1, 2010 relating to the amendments to the City's firearms laws enacted on July 2, 2010 (hereinafter, "the Committee Record"). Defendants have also previously directed Plaintiffs to the proceedings of the Chicago City Council held on July 2, 2010, which are not transcribed, but are available for viewing at:

http://www.chicityclerk.com/City_Council_Video/2010_Video_Meetings/July2_2010/.

Further answering, Defendants state that they are producing herewith the relevant pages from the City Council Journal of Proceedings relating to the July 2, 2010 proceedings of the City Council.

**INTERROGATORY NO. 4**: Please state the City's definition of "fixed placed of business" as that term is used in Chicago Municipal Code § 8-20-030, including but not limited to what areas or portions of a fixed place of business that term encompasses (such as whether it includes areas outside a building, parking lots, and garages).

**ANSWER:** Defendants object to this interrogatory as argumentative, vague, and premature, as it is a contention interrogatory. Defendants will respond to this interrogatory at the appropriate time in the case, if necessary.

At present, and subject to, and without waiving, Defendants' general and specific objections, or Defendants' rights to supplement their response to this interrogatory and to proffer

4

other information, beyond that in the legislative record, that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions, Defendants incorporate and refer to their response to Interrogatory No. 1.

**INTERROGATORY NO. 5**: Please state the City's definition of "assembled and operable" as that term is used in Chicago Municipal Ordinance § 8-20-040, including but not limited to whether a gun with a trigger lock affixed to it is considered "assembled and operable," whether a semiautomatic handgun with its ammunition clip removed is considered "assembled and operable," and whether a gun secured in a safe or lock box is considered "assembled and operable."

**ANSWER:** Defendants object to this interrogatory as argumentative, vague, and premature, as it is a contention interrogatory. Defendants will respond to this interrogatory at the appropriate time in the case, if necessary.

At present, and subject to, and without waiving, Defendants' general and specific objections, or Defendants' rights to supplement their response to this interrogatory and to proffer other information, beyond that in the legislative record, that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions, Defendants incorporate and refer to their response to Interrogatory No. 1.

**INTERROGATORY NO. 6**: Please identify the reasons why the City has enacted, put in place, or adheres to any other law, requirement, custom, or practice necessitating or regarding firearms instruction and/or training for any resident of, employee of, agent of, officer of, or visitor to the City of Chicago, including but not limited to the reasons why the City Council enacted the requirement that an applicant for a Chicago Firearms Permit must obtain "an affidavit signed by a firearm instructor certified by the State of Illinois ... attesting that the applicant has completed a firearm safety and training course, which, at a minimum provides one hour of range training."

**ANSWER:** Defendants object to this interrogatory as argumentative, vague, and premature, as it is a contention interrogatory. Defendants will respond to this interrogatory at the appropriate time in the case, if necessary.

At present, and subject to, and without waiving, Defendants' general and specific

5

objections, or Defendants' rights to supplement their response to this interrogatory and to proffer other information, beyond that in the legislative record, that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions, Defendants incorporate and refer to their response to Interrogatory No. 1.

Dated: October 21, 2010.

Respectfully submitted,

MARA S. GEORGES
CORPORATION COUNSEL
CITY OF CHICAGO

BY: /s/ Andrew Worseck
One of Its Attorneys

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Alfert Hirsch
Attorneys for the City of Chicago
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 744-7129