EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRETT BENSON, KENNETH PACHOLSKI,** | ) | |
| **KATHRYN TYLER, MICHAEL HALL SR.,** | ) | |
| **RICK PERE, and the ILLINOIS ASSOCATION** | ) | |
| **OF FIREARMS RETAILERS,** | ) | **No. 10-CV-4184** |
| | ) | **Judge Ronald A. Guzman** |
| **Plaintiffs,** | ) | **Magistrate Judge Geraldine Soat** |
| | ) | **Brown** |
| **v.** | ) | |
| | ) | |
| **THE CITY OF CHICAGO and** | ) | |
| **RICHARD M. DALEY, Mayor of the** | ) | |
| **City of Chicago,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>PLAINTIFFS' SECOND SET OF</u>
<u>REQUESTS FOR PRODUCTION AND INTERROGATORIES</u>**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiffs

hereby propound upon Defendants the following Requests for Production and Interrogatories.

Defendants are requested to produce and/or permit the Plaintiffs to inspect and copy each of the

requested documents that may be in the Defendants' possession, custody, or control, or those

which are in the possession, custody, or control of Defendants' attorneys, agents, or

representatives.  Defendants are further requested to answer fully, in writing and under oath,

each of the following Interrogatories.  Pursuant to Rules 33(b)(2) and 34(b)(2)(A), Defendants'

requested documents and answers are to be produced within thirty days of service of these

Requests and Interrogatories.  Document production and answers to the Interrogatories should be

delivered to the offices of Cooper & Kirk, PLLC, 1523 New Hampshire Ave., N.W.,

Washington, D.C. 20036, or at any other location and time to which counsel mutually agree.

## **DEFINITIONS**

As used herein, the following terms shall have the following meanings:

1.      "Defendants" refers to the City of Chicago ("the City") and Richard M. Daley, in his official capacity as Mayor of the City of Chicago, and all of the City's subdivisions, agencies and instrumentalities, including but not limited to the Chicago City Council, the Chicago City Council Committee on Police and Fire, the Office of the City Clerk of Chicago, the Office of the Mayor of the City of Chicago, the Chicago Police Department, and the Chicago Independent Police Review Authority.  The term "Defendants" also includes all officials, employees, agents, or representatives of Defendants.

2.      "Person" means and refers to not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local government or government agencies, offices, bureaus, departments, entities, including any court (or judge or other officer thereof); other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.  "Person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries.

3.      "Document(s)" should be construed in the broadest sense permissible, and includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, as well as all "communications" as defined below. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, electronic mail, or other retrievable

data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

4. "Communication" means any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, electronic mail, voice mail, exchange, provision or relay of a document, or other occurrence whereby thoughts, opinions, data, or other information are transmitted between or among one or more persons, or through any photographic, mechanical, electrical or electronic device or devices for receiving, transmitting, or storing data or other information.

5. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

6.      The words or phrases "reflect," "refer," or "relate to"—or any tense or combination of those words or phrases—mean reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

7.      The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

8.      The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

9.      The word "each" shall be construed to include "every" and vice versa.

10.     The word "any" shall be construed to include "all" and vice versa.

11.     The present tense shall be construed to include the past tense and vice versa.

12.     The masculine shall be construed to include the feminine and vice versa.

13.     The "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

14.     The words "the present" mean the date on which Defendants respond to these requests.

15.     The term "the Ordinance" refers to the firearms ordinance (and all provisions and amendments thereof) passed by the Chicago City Council on July 2, 2010, including those provisions currently codified as Chicago Municipal Code §§ 2-14-132, 2-14-190, 2-84-075, 4-144-010, 4-144-061, 4-144-062, 4-144-065, 8-20-010, 8-20-020, 8-20-030, 8-20-035, 8-20-040, 8-20-050, 8-20-060, 8-20-070, 8-20-080, 8-20-085, 8-20-090, 8-20-100, 8-20-110, 8-20-120, 8-20-130, 8-20-140, 8-20-145, 8-20-150, 8-20-160, 8-20-170, 8-20-180, 8-20-185, 8-20-190, 8-20-200, 8-20-205, 8-20-210, 8-20-220, 8-20-230, 8-20-240, 8-20-250, 8-20-260, 8-20-270, 8-20-

280, 8-20-290, 8-20-300, 8-16-090, 8-24-005, 8-24-010, 8-24-020, 8-24-021, 8-24-027, 8-26-010, 8-26-020, 8-26-030, 8-26-040, 8-26-050, 8-26-060, 8-26-070, 8-26-080, 8-26-090, 8-26-100, 8-26-110, or any past or future codification for the firearms ordinance that has been or shall be used. The term "the Ordinance" also includes all drafts, earlier versions, precursors, or amendments in any way reflecting, referring, or relating to the firearms ordinance passed by the Chicago City Council on July 2, 2010.

16.     The terms "firearm," "handgun," and "long gun" have the meaning assigned to those terms in Chicago Municipal Code § 8-20-110.

## GENERAL INSTRUCTIONS

1.      Pursuant to Fed. R. Civ. P. 26(e)(1), these Requests and Interrogatories are continuing in nature and Defendants shall provide supplemental answers and documents, which will augment or modify any answers contained in Defendants' responses.

2.      Each Request herein constitutes a request for each document referred to or a true, complete, and legible copy thereof.

3.      Each Request seeks documents that are in any way in Defendants' possession, custody, or control from any source, wherever situated, including, but not limited to, the files, records, and documents of investigators Defendants or their attorneys hired or directed, and all documents to which the Defendants have access, including all documents in the possession, custody, or control of contractors, experts, or consultants.

4.      A document is deemed to be in Defendants' "control" if Defendants or Defendants' attorneys have the right to secure the document or a copy thereof from another person or entity having actual possession of the document.

5.      If a requested document was, but no longer is, in Defendants' possession, custody, or control, Defendants shall identify the document, its current location, and the person who has

possession, custody, or control of the document; if such information is unavailable, Defendants shall identify the last known location and person who had possession, custody, or control of the document and explain the reason for and circumstances under which the document left Defendants' possession, custody, or control.

6.    If Defendants do not answer any Request or part thereof, on the basis of privilege, Defendants shall provide with respect to each such document the following:

    a.  The nature of the document (letter, memorandum, chart, picture, report, etc.);

    b.  The number of pages comprising the document and a description of any identifying marks or designations (*e.g.*, Bates numbers) if any, on the document;

    c.  The date of the document;

    d.  The name(s) of the author(s) and of any recipient(s) of the document;

    e.  The name and address of any person who is not included in response to subpart (d) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the document; and

    f.  The nature of the privilege asserted.

7.    For each Request or part of a Request that Defendants refuse to answer on grounds of burdensomeness, Defendants shall explain in as much detail as possible the basis for its contention.

8.    If Defendants object to any Request, or portion of a Request herein, Defendants must produce all documents covered by the Request, or portion of the request, not subject to the objection. Similarly, if Defendants object to production of a document, Defendants must produce the parts of the document that are not subject to objection, redacting and clearly indicating the parts of the document that are subject to the objection.

9.    Defendants shall produce all documents as they are kept in the usual course of business and label them to correspond to the categories in the request.

10.    Defendant must produce all responsive documents in their original format.

11.    When an Interrogatory asks Defendants to "describe" or "identify" a document or other item, provide the following with respect to each document or item, if applicable:

a.    the date appearing on or pertaining to the document or item; or, if it has no date, so state and give the date or approximate date such document or item was prepared, produced, created, occurred, or came into being;

b.    any identifying or descriptive code or number, file number, title, or label of such document or other item;

c.    the general nature or description of the document or other item;

d.    the name of the person(s) who signed, authored, produced, or created the document or other item;

e.    the name of the person(s) to whom such document or other item was addressed and the name of each such person other than the addressee to whom such document or other item, or copy or reproduction thereof, was given or sent;

f.    the name of the person or entity having present possession, custody, or control of such document or other item, and the present location of such document or other item;

g.    if such document or other item was, but no longer is, in the possession, custody, or control of Defendants, state what disposition was made of such document or other item, the reason for such disposition, and the date thereof;

      h.   whether any draft, copy, or reproduction of such document or other time

contains any script, notation, change, addendum, or the like, not appearing on

such document itself, and if so, provide the description and identification of

each such draft, copy, or reproduction in accordance with these instructions.

12.     When an Interrogatory requests Defendants to provide the "name" of, or to

"identify" or "describe," a person, the answer shall contain the following information with

respect to each such person: full name, current or last known business and home addresses,

business and home telephone numbers, and email address.

13.     In answering each Interrogatory, furnish all information available to Defendants

that is relevant or that might lead to the discovery of relevant evidence, including information in

the possession of Defendants' attorneys, or their investigators, and all persons acting on

Defendants' behalf, including but not limited to Defendants' employees, agents, officers, or

representatives. If Defendants are unable to answer an Interrogatory in full after exercising due

diligence to supply a complete answer, so state and answer to the extent possible. Specify the

reasons for Defendants' inability to answer and state whatever information or knowledge

Defendants have concerning the unanswered portions.

14.     If any Interrogatory is objected to on the grounds of overbreadth, specifically state

the manner in which it is overly broad and respond to the interrogatory as narrowed to conform

to such objection.

15.     In no event is an answer to be left blank. If the answer to an Interrogatory is

"none," "unknown," or "not applicable," such statement should be written in the answer.

16.     If Defendants do not answer any Interrogatory or part thereof, on the basis of

privilege, Defendants shall state the following: (a) the date of the communication for which the

privilege is claimed; (b) the author(s) of the communication; (c) the business or legal title or position of its author(s); (d) the recipient(s) or addree(s) of the communication and his or her business or legal title or position; (e) the subject matter of the information requested or the document withheld; and (f) the nature of the privilege asserted and the basis upon which it is claimed.

17.     If Defendants refuse to answer an Interrogatory on grounds of burdensomeness, Defendants shall explain in as much detail as possible the basis for their contention.


## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 34:** Please produce all exhibits that were introduced at—or proposed exhibits that were exchanged between parties prior to or during—the preliminary injunction hearing held on October 1 and 4, 2010, in *Ezell v. City of Chicago*, No.1:10-cv-05135 (N.D. Ill.).

**REQUEST FOR PRODUCTION NO. 35:** Please produce all documents that were in the City's possession *on or prior to* July 2, 2010, reflecting, referring to, relating to, confirming, or supporting:

(i) The following statement made by the Superintendent of the Chicago Police Department at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "One operable firearm is all a person should need for self-defense.  This rule does not burden the right to self-defense.  Allowing multiple operable guns per home increases the risk of non-self-defense related injuries and death from firearms."

(ii) The following statement made by the Corporation Counsel for the City of Chicago at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire:

"one handgun is sufficient for self-defense."

**REQUEST FOR PRODUCTION NO. 36:** Please produce all documents that came into the City's possession *after* July 2, 2010, reflecting, referring to, relating to, confirming, or supporting:

(i) The following statement made by the Superintendent of the Chicago Police Department at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "One operable firearm is all a person should need for self-defense. This rule does not burden the right to self-defense. Allowing multiple operable guns per home increases the risk of non-self-defense related injuries and death from firearms."

(ii) The following statement made by the Corporation Counsel for the City of Chicago at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "one handgun is sufficient for self-defense."

**REQUEST FOR PRODUCTION NO. 37:** Please produce "the timeline on the history of the gun registration ordinance in Chicago" referenced by Alderman Burke at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire.

**REQUEST FOR PRODUCTION NO. 38:** Please produce all documents that were in the City's possession *on or prior to* July 2, 2010, reflecting, referring to, relating to, confirming, or supporting the statement by Ernest Brown at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire that "[t]he risk of misuse or intimidation is very high when guns are carried in public," to the extent such documents relate to carriage by law-abiding persons.

**REQUEST FOR PRODUCTION NO. 39:** Please produce all documents that came into the City's possession *after* July 2, 2010, reflecting, referring to, relating to, confirming, or

supporting the statement by Ernest Brown at the June 29, 2010 meeting of the Chicago City

Council Committee on Police and Fire that "[t]he risk of misuse or intimidation is very high

when guns are carried in public," to the extent such documents relate to carriage by law-abiding

persons.

**REQUEST FOR PRODUCTION NO. 40:** Please produce the "investigations tracing

crime guns" referred to by Kevin Johnson at the June 29, 2010 meeting of the Chicago City

Council Committee on Police and Fire.

**REQUEST FOR PRODUCTION NO. 41:** Please produce all documents Defendants

intend to offer as evidence at the trial in this matter, or as evidence attached to a motion for

summary judgment or in response to a motion for summary judgment.

## **INTERROGATORIES**

**INTERROGATORY NO. 7**: Please identify all witnesses, including experts, you will or

may call at the trial in this matter, or from whom you may attach affidavits or declarations to a

motion for summary judgment or in response to a motion for summary judgment, and describe

the general subject matter upon which they will address.

**INTERROGATORY NO. 8**: Please identify any and all persons in possession of

information regarding the governmental justifications for, or governmental purposes or interests

in, each of the following provisions of the Ordinance:

(i) Chicago Municipal Code §§ 8-20-010, -020, -030, to the extent those provisions

prohibit the possession or use of firearms outside of one's "home" or "fixed place of business" as

those terms are defined therein;

(ii) Chicago Municipal Code §§ 4-144-010, 8-20-100;

(iii) Chicago Municipal Code § 8-20-120 to the extent it requires Chicago residents to

complete a firearms safety and training course before possessing a firearm in Chicago;

(iv) Chicago Municipal Code § 8-20-280;

(v) Chicago Municipal Code § 8-20-040;

(vi) Chicago Municipal Code §§ 8-20-010, -020, -030, -140(a), -180(c), to the extent

those provisions render it unlawful to carry or possess an operable firearm outside one's

home or fixed place of business as those terms are defined therein.

Dated: November 12, 2010

Respectfully submitted,

By: _____

Stephen Kolodziej
Atty. ID # 6216375
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn St., Suite 300
Chicago, IL 60602
Tel: (312) 781-1970
Fax: (312)781-9202
Email: skolodziej@brennerlawfirm.com

Charles J. Cooper*
David H. Thompson*
Jesse Panuccio*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

Brian S. Koukoutchos*
28 Eagle Trace
Mandeville, LA 70471
Tel: (985) 626-5052
bkoukoutchos@gmail.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jesse Panuccio, hereby certify that on this 12th day of November, 2010, I caused a copy of the foregoing to be served by first-class United States mail on:

Mara S. Georges
Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
William Macy Aguiar
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

Jesse Panuccio

# EXHIBIT C1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT BENSON, RAYMOND SLEDGE, | ) | |
| KENNETH PACHOLSKI, KATHRYN TYLER, | ) | |
| MICHAEL HALL SR., RICK PERE, | ) | No. 10 CV 4184 |
| and the ILLINOIS ASSOCIATION OF | ) | |
| FIREARMS RETAILERS, | ) | |
| | ) | |
| Plaintiffs, | ) | Judge Ronald A. Guzman |
| | ) | |
| v. | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| THE CITY OF CHICAGO and RICHARD M. | ) | |
| DALEY, Mayor of the City of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION AND SECOND SET
OF INTERROGATORIES**

Defendants City of Chicago ("City") and Mayor Richard M. Daley, by and through their

attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby submit their

objections and responses to Plaintiffs' Second Set of Requests for Production and Second Set of

Interrogatories.

**GENERAL OBJECTIONS**

A.    Defendants object to each definition, instruction, document request, and

interrogatory to the extent that it attempts to impose discovery obligations which are greater than

those required under the Federal Rules of Civil Procedure.

B.    Defendants object to each definition, instruction, document request, and

interrogatory to the extent that it seeks information that is protected from disclosure by the

attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or

doctrine.

C.     Defendants object to each definition, instruction, document request, and interrogatory to the extent that it requests information relating to matters that are not relevant to the pending lawsuit or not reasonably calculated to lead to the discovery of admissible evidence, or otherwise exceeds the scope and manner of discovery permitted by the Federal Rules of Civil Procedure.

D.     Defendants object to each definition, instruction, document request, and interrogatory to the extent that it seeks legal bases, legal conclusions, or opinions.

E.     Defendants object to each document request and interrogatory to the extent that it requests information outside the possession, custody, or control of Defendants.

F.     When Defendants state that they will produce responsive documents or provide information, they state so only to the extent responsive documents or information exist and are in their possession, custody, or control.

G.     Defendants reserve all objections to the admissibility of any information into evidence in this litigation (including information contained in the answers to, or produced in response to, Plaintiffs' discovery requests), including, without limitation, objections of relevance and materiality.

H.     Defendants reserve the right to seasonably supplement their responses to Plaintiffs' document requests and interrogatories and to proffer other information, beyond that in the legislative record, that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions.

I.     Defendants object to the timeframe of those requests seeking documents from

2

1970 to the present.

## SPECIFIC OBJECTIONS AND RESPONSES - PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS

Without waiving the General Objections, which are hereby incorporated into each response below as if set forth fully therein, Defendants respond to Plaintiffs' Second Set of Document Requests as follows:

**REQUEST FOR PRODUCTION NO. 34:** Please produce all exhibits that were introduced at—or proposed exhibits that were exchanged between parties prior to or during—the preliminary injunction hearing held on October 1 and 4, 2010, in *Ezell v. City of Chicago*, No.l:10-cv-05135(N. D. Ill.).

**ANSWER:** Defendants object to this request as seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the phrase "proposed exhibits that were exchanged between parties prior to or during" as vague to the extent it refers to documents exchanged between the parties that were not marked for identification as hearing exhibits. Defendants further object to the extent that the request seeks materials that are part of a public court record and are obtainable by Plaintiffs from that court. Defendants note that one of Plaintiffs' counsel attended and observed the preliminary injunction hearing in *Ezell*.

Subject to, and without waiving, Defendants' general and specific objections, Defendants state that they will produce copies of those exhibits that were admitted into evidence in the preliminary injunction hearing in *Ezell*.

**REQUEST FOR PRODUCTION NO. 35:** Please produce all documents that were in the City's possession on or prior to July 2, 2010, reflecting, referring to, relating to, confirming, or supporting:

(i) The following statement made by the Superintendent of the Chicago Police

3

Department at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "One operable firearm is all a person should need for self-defense. This rule does not burden the right to self-defense. Allowing multiple operable guns per home increases the risk of non-self-defense related injuries and death from firearms."

(ii) The following statement made by the Corporation Counsel for the City of Chicago at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "one handgun is sufficient for self-defense."

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to part (ii) of this request as particularly irrelevant, as the Ordinance does not limit the number of handguns that one may possess.

Subject to, and without waiving, Defendants' general and specific objections, Defendants state that they will produce any non-privileged documents pertaining to the testimony described in part (i) of this request that the identified witness referenced in his testimony, or used or contemplated in connection with preparing or delivering his testimony, to the extent that it is not unduly burdensome to do so.

**REQUEST FOR PRODUCTION NO. 36**: Please produce all documents that came into the City's possession after July 2, 2010, reflecting, referring to, relating to, confirming, or supporting:

(i) The following statement made by the Superintendent of the Chicago Police Department at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "One operable firearm is all a person should need for self-defense. This rule does not burden the right to self-defense. Allowing multiple operable guns per home increases the risk of non-self-defense related injuries and death from firearms."

(ii) The following statement made by the Corporation Counsel for the City of Chicago at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "one handgun is sufficient for self-defense."

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome, and

4

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence. Defendants further object to part (ii) of this request as particularly

irrelevant, as the Ordinance does not limit the number of handguns that one may possess.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

state that they will produce any non-privileged documents pertaining to the testimony described

in part (i) of this request that came into the possession of the identified witnesses after July 2,

2010, to the extent that it is not unduly burdensome to do so.

**REQUEST FOR PRODUCTION NO. 37**: Please produce "the timeline on the history of the gun registration ordinance in Chicago" referenced by Alderman Burke at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire.

**ANSWER:** Defendants object to this request as seeking information that is irrelevant or not

reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

state that documents responsive to this request are protected by privilege and will therefore not

be produced.

**REQUEST FOR PRODUCTION NO. 38**: Please produce all documents that were in the City's possession on or prior to July 2, 2010, reflecting, referring to, relating to, confirming, or supporting the statement by Ernest Brown at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire that "[t]he risk of misuse or intimidation is very high when guns are carried in public," to the extent such documents relate to carriage by law-abiding persons.

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

state that they will produce any non-privileged documents pertaining to the testimony described

in this request that the identified witness referenced in his testimony, or used or contemplated in

connection with preparing or delivering his testimony, to the extent that it is not unduly

burdensome to do so.

**REQUEST FOR PRODUCTION NO. 39**:  Please produce all documents that came into the City's possession after July 2, 2010, reflecting, referring to, relating to, confirming, or supporting the statement by Ernest Brown at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire that "[t]he risk of misuse or intimidation is very high when guns are carried in public," to the extent such documents relate to carriage by law-abiding persons.

**ANSWER:**  Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

state that they will produce any non-privileged documents pertaining to the testimony described

in this request that came into the possession of the identified witness after July 2, 2010, and to

the extent that it is not unduly burdensome to do so.

**REQUEST FOR PRODUCTION NO. 40**: Please produce the "investigations tracing crime guns" referred to by Kevin Johnson at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire.

**ANSWER:**  Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

state that, to the extent the identified witness contemplated specific investigations in connection

6

with his testimony, they will produce those investigations to the extent they are not privileged or

otherwise protected from disclosure, and to the extent that it is not unduly burdensome to do so.

**REQUEST FOR PRODUCTION NO. 41**: Please produce all documents Defendants intend to offer as evidence at the trial in this matter, or as evidence attached to a motion for summary judgment or in response to a motion for summary judgment.

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome,

premature.

Subject to, and without waiving, Defendants' general and specific objections, or

Defendants' rights to supplement their response to this request and to proffer other information,

beyond that in the legislative record, that Defendants may use to defend against the claims in this

lawsuit and/or support the legality of the challenged ordinance provisions, Defendants

incorporate and refer to the documents previously produced to Plaintiffs and those produced in

response to Plaintiffs' Second Set of Requests for Production. Defendants further state that other

documents that Defendants may use to defend against the claims in this lawsuit and/or support

the legality of the challenged ordinance provisions will be produced prior to trial according to

such schedules as the Court or the Federal Rules of Civil Procedure may require.

### SPECIFIC OBJECTIONS AND RESPONSES - PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS

Without waiving the General Objections, which are hereby incorporated into each

response below as if set forth fully therein, Defendants respond to Plaintiffs' Second Set of

Interrogatories as follows:

**INTERROGATORY NO. 7**:  Please identify all witnesses, including experts, you will or may call at the trial in this matter, or from whom you may attach affidavits or declarations to a motion for summary judgment or in response to a motion for summary judgment, and describe the general subject matter upon which they will address.

7

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome, premature.

Subject to, and without waiving, Defendants' general and specific objections, or Defendants' rights to supplement their response to this request and to proffer other information, beyond that in the legislative record, that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions, Defendants state that they will identify witnesses responsive to this request to the extent, and within the time period, required by such schedules as the Court or the Federal Rules of Civil Procedure may set forth.

**INTERROGATORY NO. 8**: Please identify any and all persons in possession of information regarding the governmental justifications for, or governmental purposes or interests in, each of the following provisions of the Ordinance:

(i) Chicago Municipal Code §§ 8-20-010, -020, -030, to the extent those provisions prohibit the possession or use of firearms outside of one's "home" or "fixed place of business" as those terms are defined therein;

(ii) Chicago Municipal Code §§ 4-144-010, 8-20-100;

(iii) Chicago Municipal Code § 8-20-120 to the extent it requires Chicago residents to complete a firearms safety and training course before possessing a firearm in Chicago;

(iv) Chicago Municipal Code § 8-20-280;

(v) Chicago Municipal Code § 8-20-040;

(vi) Chicago Municipal Code §§ 8-20-010, -020, -030, -140(a), -180(c), to the extent those provisions render it unlawful to carry or possess an operable firearm outside one's home or fixed place of business as those terms are defined therein.

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that this request is duplicative of

8

Plaintiffs' Rule 30(b)(6) deposition notice and/or can be accommodated by Defendants'

tendering of witness(es) in response to that notice. Defendants further object to the extent that

they have already produced documents or other information, such as the legislative record,

containing information regarding the purposes of or justifications for the Ordinance provisions

enumerated in this request, and/or disclosing the identities of City officials, employees, or

entities that possess information regarding the purposes or justifications for the Ordinance

provisions enumerated in this request. Defendants further object to the extent that Plaintiffs'

requests for production of documents encompass the information regarding the purposes or

justifications for the Ordinance provisions enumerated in this request.


Dated: December 13, 2010.                                Respectfully submitted,

                                                         MARA S. GEORGES
                                                         CORPORATION COUNSEL
                                                         CITY OF CHICAGO


                                               BY:       _____
                                                         One of Its Attorneys


Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Alfert Hirsch
Attorneys for the City of Chicago
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 744-7129

9

## CERTIFICATE OF SERVICE

I, Andrew Worseck, an attorney, hereby certify that on this, the 13th day of December, 2010, I caused a copy of **Defendants' Response to Plaintiffs' Second Set of Requests for Production and Second Set of Interrogatories,** to be served by first-class United States mail, postage prepaid, on:

Charles J. Cooper
David H. Thompson
Jesse Panuccio
Cooper & Kirk, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036

and by messenger delivery on:

Stephen Kolodziej
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn Street, Suite 300
Chicago, IL 60602

Andrew Worseck

10