# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BRETT BENSON, KENNETH PACHOLSKI,** ) | |
| **KATHRYN TYLER, MICHAEL HALL SR.,** ) | |
| **RICK PERE, and the ILLINOIS ASSOCATION** ) | |
| **OF FIREARMS RETAILERS,** ) | |
| ) | No. 10-CV-4184 |
| **Plaintiffs,** ) | Judge Ronald A. Guzman |
| ) | |
| v. ) | |
| ) | |
| **THE CITY OF CHICAGO and** ) | |
| **RICHARD M. DALEY, Mayor of the** ) | |
| **City of Chicago,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFFS' NOTICE OF A DEPOSITION OF THE CITY OF CHICAGO
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs will take the deposition by oral examination of Defendant City of Chicago at the offices of Brenner, Ford, Monroe & Scott, Ltd., 33 North Dearborn Street, Suite 300, Chicago, Illinois 60602, commencing at 9:30 a.m. on December 2, 2010, and continuing from day to day thereafter until completed. The City of Chicago is required to designate one or more persons to testify as to the matters known by, or reasonably available to, the City of Chicago as described more particularly in Exhibit A hereto.

1

November 9, 2010

Respectfully submitted,

By: /s/ _____

Charles J. Cooper*
David H. Thompson*
Jesse Panuccio*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

Stephen Kolodziej
Atty. ID # 6216375
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn St., Suite 300
Chicago, IL 60602
Tel: (312) 781-1970
Fax: (312)781-9202
Email: skolodziej@brennerlawfirm.com

Brian S. Koukoutchos*
28 Eagle Trace
Mandeville, LA 70471
Tel: (985) 626-5052
bkoukoutchos@gmail.com

*Admitted *pro hac vice*
*Counsel for Plaintiffs*

# EXHIBIT A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant City of Chicago is required to designate one or more officers, directors, managing agents, or other persons who consent to testify upon its behalf as to matters known or reasonably available to Defendant City of Chicago. Defendant City of Chicago shall set forth, for each person designated, the matters on which the person will testify.

## DEFINITIONS

As used herein, the following words and phrases shall have the following meanings:

1. "Defendant" refers to the City of Chicago ("the City") and all of the City's subdivisions, agencies and instrumentalities, including but not limited to the Chicago City Council, the Chicago City Council Committee on Police and Fire, the Office of the City Clerk of Chicago, the Mayor of the City of Chicago, the Office of the Mayor of the City of Chicago, the Chicago Police Department, and the Chicago Independent Police Review Authority. The terms "Defendant" and "the City" also include all persons who are officials, employees, agents, or representatives of Defendant.

2. "Person" means and refers to not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local government or government agencies, offices, bureaus, departments, entities, including any court (or judge or other officer thereof); other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof. "Person" includes the present and former officers, executives, partners, directors, trustees, employees,

1

attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries.

       3.      The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

       4.      The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

       5.      The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

       6.      The word "each" shall be construed to include "every" and vice versa.

       7.      The word "any" shall be construed to include "all" and vice versa.

       8.      The present tense shall be construed to include the past tense and vice versa.

       9.      The masculine shall be construed to include the feminine and vice versa.

       10.     The term "the Ordinance" refers to the firearms ordinance (and all provisions and amendments thereof) passed by the Chicago City Council on July 2, 2010, including those provisions currently codified as Chicago Municipal Code §§ 2-14-132, 2-14-190, 2-84-075, 4-144-010, 4-144-061, 4-144-062, 4-144-065, 8-20-010, 8-20-020, 8-20-030, 8-20-035, 8-20-040, 8-20-050, 8-20-060, 8-20-070, 8-20-080, 8-20-085, 8-20-090, 8-20-100, 8-20-110, 8-20-120, 8-20-130, 8-20-140, 8-20-145, 8-20-150, 8-20-160, 8-20-170, 8-20-180, 8-20-185, 8-20-190, 8-20-200, 8-20-205, 8-20-210, 8-20-220, 8-20-230, 8-20-240, 8-20-250, 8-20-260, 8-20-270, 8-20-280, 8-20-290, 8-20-300, 8-16-090, 8-24-005, 8-24-010, 8-24-020, 8-24-021, 8-24-027, 8-26-010, 8-26-020, 8-26-030, 8-26-040, 8-26-050, 8-26-060, 8-26-070, 8-26-080, 8-26-090, 8-26-100, 8-26-110, or any past or future codification for the firearms ordinance that has been or shall

be used. The term "the Ordinance" also includes all drafts, earlier versions, precursors, or amendments in any way reflecting, referring, or relating to the firearms ordinance passed by the Chicago City Council on July 2, 2010.

## MATTERS AS TO WHICH TESTIMONY IS REQUIRED

1. The position, practices, experiences, and understanding of the City, Mayor Daley, and the City Council, regarding the drafting of the Ordinance, including but not limited to who was involved, what was discussed, whether any other language or alternative regulations were discussed or considered, and the reasons why the text of the Ordinance was selected, including any rational, important, substantial, or compelling reason.

2. The position, practices, experiences, and understanding of the City, Mayor Daley, and the City Council, regarding the legislative process relating to the Ordinance, including but not limited to: (i) the proceedings of the City Council's Police and Fire Committee held on June 18, June 29, and July 1, 2010; (ii) the selection of and communications with witnesses or potential witnesses who the City asked to, or who themselves requested to, appear at the proceedings of the City Council's Police and Fire Committee held on June 18, June 29, and July 1, 2010; (iii) communications between and among City officials involved with the formulation of, drafting of, or negotiations about the Ordinance; (iv) communications between any Alderman (or his or her staff) and the Chicago Police Department regarding the purposes or need for the Ordinance; (v) communications between the Mayor (or his staff) and the Chicago Police Department regarding the purposes or need for the Ordinance; and (vi) communications between anyone involved in drafting the Ordinance and the Chicago Police Department regarding the purposes or need for the Ordinance.

3. The position, practices, experiences, and understanding of the City regarding the

3

governmental purposes served by the Ordinance.

4.     The position, practices, experiences, and understanding of the City regarding any less restrictive alternatives that the City considered enacting instead of the Ordinance.

5.     The position, practices, experiences, and understanding of the City regarding the following firearm, crime, accident, and other demographic data and statistics from 1970 to present:

   a. the time elapsed between notification of a crime in progress in Chicago and the arrival of Chicago police or other first-responders at the scene of the reported crime (i.e., "911 response time");

   b. the number and characteristics of crimes committed annually in Chicago in or on residential yards, residential garages, residential porches, common areas of apartment and condominium complexes, other areas of residential homes, fixed places of business (including parking lots and garages), non-fixed places of business, streets, or sidewalks;

   c. the number and characteristics of criminal offenses occurring annually in Chicago, including the type of weapon used, if any;

   d. the number and characteristics of handguns possessed annually by residents of Chicago, including as categorized by lawful and unlawful possession;

   e. the annual number and characteristics of illegally-possessed handguns confiscated by the City of Chicago;

   f. the annual number and characteristics of illegally-possessed long guns confiscated by the City of Chicago;

   g. the number and characteristics of lawfully-possessed handguns involved in

4

     criminal activity on an annual basis in Chicago;

   h. the number and characteristics of unlawfully-possessed handguns involved in criminal activity on an annual basis in Chicago;

   i. the annual number and characteristics of firearms-related crimes committed in homes in Chicago;

   j. the annual number and characteristics of defensive gun uses in Chicago—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated, or were attempted to be ameliorated, in any way by use of a firearm;

   k. the annual number and characteristics of accidental shootings in Chicago.

  6. The position, practices, experiences, and understanding of the City regarding how firearms, crime, and demographic data, statistics, or information about the City of Chicago are collected, stored, retrieved, calculated, processed, and used by the City.

  7. The position, practices, experiences, and understanding of the City regarding the customs, practices, and/or policies of Chicago police upon reporting to (i) the scene of a reported crime, (ii) the scene of a reported emergency, and/or (iii) a residence or business for the purposes of investigating a criminal suspect.

  8. The position, practices, experiences, and understanding of the City regarding the relationship between lawful possession of more than one operable handgun and the commission of crimes, for the period from 1970 to present.

  9. The position, practices, experiences, and understanding of the City regarding the relationship between lawful possession of more than one operable handgun and the incidence of accidental shootings, for the period from 1970 to present.

10. The position, practices, experiences, and understanding of the City regarding firearms sales, firearms retailers, firearms dealers, firearms shops, firearms wholesalers, and firearms stores, occurring or present in Chicago from 1970 to present.

11. The position, practices, experiences, and understanding of the City regarding firearms ranges and firearms trainers operating or conducting business in Chicago from 1970 to present.

12. The position, practices, experiences, and understanding of the City regarding the relationship, if any, between firearms ranges and the incidence of gun-related crime.

13. The position, practices, experiences, and understanding of the City regarding the relationship, if any, between firearms ranges and the incidence of accidental shootings.

14. The position, practices, experiences, and understanding of the City regarding the relationship, if any, between firearms ranges and the proficient and safe handling of firearms.

15. The position, practices, experiences, and understanding of the City regarding any City customs, policies, and/or practices relating to firearms training.

16. The position, practices, experiences, and understanding of the City regarding the relationship between (i) the City's zoning laws and/or practices and (ii) firearms ranges and/or businesses selling firearms.

17. The position, practices, experiences, and understanding of the City regarding the meaning of "fixed place of business" as that term is used in Chicago Municipal Code § 8-20-030, including any guidance provided to, or customs or practices of, City law enforcement personnel relating to enforcement of that provision.

18. The position, practices, experiences, and understanding of the City regarding the meaning of "assembled and operable," "broken down in a nonfunctioning state," "trigger lock,"

and "temporarily inoperable," as those terms are used in Chicago Municipal Code § 8-20-040, including any guidance provided to, or customs or practices of, City law enforcement personnel relating to enforcement of that provision.

19. The position, practices, experience, and understanding of the City regarding whether and how long guns may be lawfully transported in Chicago.

20. The position, practices, experiences, and understanding of the City regarding the City's document retention policies in general and its efforts to preserve documents and electronically stored information in this case specifically.

## **CERTIFICATE OF SERVICE**

      I, Jesse Panuccio, hereby certify that on this 9th day of November, 2010, I caused a copy of the foregoing to be served by first-class United States mail on:

Mara S. Georges
Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
William Macy Aguiar
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

/s/ Jesse Panuccio

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRETT BENSON, KENNETH PACHOLSKI, KATHRYN TYLER, MICHAEL HALL SR., RICK PERE, and the ILLINOIS ASSOCATION OF FIREARMS RETAILERS, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, <br><br> Defendants. | No. 10-CV-4184 <br> Judge Ronald A. Guzman |

### PLAINTIFFS' NOTICE OF DEPOSITIONS

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, Plaintiffs will depose by oral examination the following officers and employees of Defendant City of Chicago before a notary public or any officer authorized to administer oaths on the dates and times specified below. Such depositions will be recorded by stenographic means.

| **Name of Deponent** | **Date and Time** |
|---|---|
| Ernest Brown | December 1, 2010 at 9:30 a.m. |
| Daniel Bartoli | December 3, 2010 at 9:30 a.m. |
| Jody P. Weis | December 8, 2010 at 9:30 a.m. |
| Patricia A. Scudiero | December 9, 2010 at 9:30 a.m. |

The depositions will take place at the offices of Brenner, Ford, Monroe & Scott, Ltd., 33 North Dearborn Street, Suite 300, Chicago, Illinois 60602, and will continue day to day until completed.

November 12, 2010

Respectfully submitted,

By: _[signature]_

1

2

| | |
|---|---|
| Stephen Kolodziej<br>Atty. ID # 6216375<br>BRENNER FORD MONROE & SCOTT LTD.<br>33 N. Dearborn St., Suite 300<br>Chicago, IL 60602<br>Tel: (312) 781-1970<br>Fax: (312)781-9202<br>Email: skolodziej@brennerlawfirm.com | Charles J. Cooper*<br>David H. Thompson*<br>Jesse Panuccio*<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Ave., NW<br>Washington, D.C. 20036<br>Tel: (202) 220-9600<br>Fax: (202) 220-9601<br>Email: ccooper@cooperkirk.com<br><br>Brian S. Koukoutchos*<br>28 Eagle Trace<br>Mandeville, LA 70471<br>Tel: (985) 626-5052<br>bkoukoutchos@gmail.com<br><br>*Admitted *pro hac vice*<br>*Counsel for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

        I, Jesse Panuccio, hereby certify that on this 12th day of November, 2010, I caused a copy of the foregoing to be served by first-class United States mail on:

Mara S. Georges
Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
William Macy Aguiar
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

_____
Jesse Panuccio