IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL, | ) ) ) ) ) ) | No. 10 CV 4184 |
| Plaintiffs, | ) ) | Judge Edmond Chang |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO DISMISS COUNT V OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants City of Chicago (the "City") and Mayor Richard M. Daley, by and through their

attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, respectfully submit this

memorandum in support of their motion to dismiss Count V of Plaintiffs' Second Amended

Complaint For Declaratory Judgment And Injunctive Relief (hereinafter "Amended Complaint" or

"Am. Compl.") pursuant to Fed. R. Civ. P. 12(b)(1). In support thereof, Defendants show as

follows:

**BACKGROUND**

On June 28, 2010, the Supreme Court held that the Second Amendment was incorporated

against the states via the Fourteenth Amendment. *See McDonald v. City of Chicago*, 130 S. Ct. 3020

(2010). On July 2, 2010, the City repealed its existing firearms ordinance, which banned all

possession of handguns within the City, and enacted the Responsible Gun Ownership Ordinance (the

"Ordinance"). The Ordinance allows for the possession of handguns within the home, but places

certain restrictions on ownership and possession of such handguns and other firearms. Four days later, on July 6, 2010, Plaintiffs filed this lawsuit, challenging the constitutionality of numerous provisions of the Ordinance. On August 13, before Defendants had answered Plaintiffs' Complaint, Plaintiffs filed their First Amended Complaint. Defendants filed their answer to that complaint on October 12, 2010. Over the last several months, the parties have engaged in extensive discovery, including responding to written interrogatories, producing documents, and taking several depositions.

The case was reassigned from Judge Guzman's docket to this Court on January 7, 2011. Plaintiffs sought leave to file a second amended complaint on January 12, 2011, for the purpose of dropping two plaintiffs and adding a new claim. The Court granted that motion on January 27, and Plaintiffs filed their Second Amended Complaint on February 9, 2011.

Plaintiffs allege in their Second Amended Complaint that the Ordinance violates their Second Amendment rights in numerous ways. Specifically, Plaintiffs challenge five provisions of the Ordinance: (1) the definition of "home," insofar as it prevents residents from possessing firearms on certain parts of their property, such as yards and garages; (2) the ban on the sale of firearms in the City; (3) the ban on the operation of shooting ranges in the City; (4) the requirement that no more than one assembled and operable firearm per qualified person be maintained in a home; and (5) the ban on carrying firearms in public. *See* Am. Compl., Counts I-V. Plaintiffs also challenge the City's zoning code insofar as it prohibits the construction or operation of a firearms retail business or shooting range within the City. *See* Am. Compl., Count VI. Plaintiffs seek declaratory and injunctive relief only.

As set forth in detail below, Defendants now move to dismiss Count V of Plaintiffs'

Amended Complaint because Plaintiffs cannot satisfy the case or controversy requirement necessary to establish standing to bring that claim.

## PLAINTIFFS LACK STANDING TO PURSUE COUNT V

In Count V, Plaintiffs allege that the City's prohibition on carrying and possessing firearms in public violates their Second Amendment rights.  Specifically, Plaintiffs challenge the Ordinance's provisions that: (1) limit the carry or possession of a loaded, operable handgun to one's home (Chicago Mun. Code § 8-20-020); (2) limit the carry or possession of a loaded, operable long gun to one's home or fixed place of business (Chicago Mun. Code § 8-20-030); and (3) require that firearms be unloaded, broken down in an inoperable state, and in a firearm case in order for such firearms to be lawfully possessed outside of the these locations – *i.e.*, in public (Chicago Mun. Code § 8-20-010).  Plaintiffs allege that these provisions, taken together, violate their Second Amendment rights to carry and possess operable, loaded firearms freely in public.

Plaintiffs cannot pursue this claim, however, because it fails to meet the redressability requirement for Article III standing.[1]  Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  To establish standing, Plaintiffs must show: (1) an injury-in-fact, which is an invasion of a legally protected interest that is concrete and particularized and, thus, not conjectural or hypothetical; (2) a causal relation between the injury and the challenged conduct, such that the injury

---

[1] The City does not concede that Plaintiffs will be able to satisfy their burden of proof to establish other requirements of Article III standing, for instance injury-in-fact or, as to ILAFR, associational standing. Because standing is not a mere pleading requirement "but rather an indispensable part of the plaintiff's case," each element must be supported with "the manner and degree of evidence required at the successive stages of the litigation." *Mainstreet Organization of Realtors v. Calumet City*, 505 F.3d 742, (7th Cir. 2007).  Thus, Defendants reserve their right to challenge Plaintiffs' standing on other grounds after discovery has been completed and at the appropriate stage of litigation.

can be fairly traced to the challenged action of the defendant; and (3) a likelihood that the injury will be redressed by a favorable decision. *DH2, Inc. v. U.S. S.E.C.*, 422 F.3d 591, 596 (7th Cir. 2005), citing *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir.2003). The redressability requirement ensures that the litigation is not fruitless; in other words, "that the legal questions presented to the court will be resolved. . . in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Valley Forge Christian College v. Americans United For Separation of Church and State*, 454 U.S. 464, 472 (1982) (citation omitted); *Harp Advertising Illinois, Inc. v. Village of Chicago Ridge*, 9 F.3d 1290, 1292 (7th Cir. 1993) (key ingredient of standing is demonstration by plaintiff that injury will likely be redressed by favorable decision). Plaintiffs have the burden of establishing that each of these three requirements are satisfied. *Lujan*, 504 U.S. at 561.

Here, the injury Plaintiffs seek to redress in Count V is their inability to carry operable, loaded firearms in public. This alleged injury cannot be redressed by the Court, because Illinois state law prohibits Plaintiffs from engaging in the very same conduct. The Illinois Criminal Code makes it unlawful for any person to carry or possess a firearm outside of one's land, own abode, or fixed place of business unless the firearm is broken down in a non-functioning state, not immediately accessible, or unloaded in a case or container. *See* 720 ILCS § 5/24-1(a)(4)(i)-(iii). The Illinois Wildlife Code is even more restrictive – it requires that all firearms transported in any vehicle be unloaded and in a firearms case. *See* 520 ILCS § 5/2.33(n). Thus, Illinois law prohibits the carrying or possession of loaded, operable firearms in one's vehicle or on one's person in a manner virtually identical to the City's Ordinance and, therefore, acts as an independent bar to the Plaintiffs' requested relief. Even if the Court enjoined the Ordinance's ban on carrying in public, that would

afford Plaintiffs no real relief because Illinois law would continue to ban the conduct. Accordingly, Plaintiffs lack standing to assert this claim because, even if Plaintiffs achieved total success on the merits, the Court could not fashion relief that would redress their alleged injuries.[2]

The Seventh Circuit's decision in *Harp* is controlling. There, plaintiff advertising company sought to erect a 1200 square-foot billboard in the Village of Chicago Ridge, but certain provisions of the Village's sign and zoning codes prevented it from doing so. *Harp,* 9 F.3d at 1291. The plaintiff sued the Village alleging that its ordinances violated the plaintiff's First Amendment rights, and the magistrate judge recommended that the sign code be declared unconstitutional but the zoning code be upheld. *Id.* The Village then repealed the challenged provisions of the sign code, and the district court entered judgment declaring the zoning code constitutional. *Id.* On appeal, the Seventh Circuit vacated the district court's order, finding that the plaintiff did not have standing to challenge either the sign or zoning code. *Id.* Focusing on the redressability requirement, the Seventh Circuit noted that a separate Village ordinance not challenged by the plaintiff prevented any sign larger than 200 square-feet. Thus, because the plaintiff "could not put up its sign even if it achieved total victory . . . this litigation is irrelevant," *id.* at 1291-92, and the plaintiff therefore lacked standing to pursue its claims. *See also Lockridge v. Village of Alsip,* Case No. 03 CV 6720, 2005 WL 946880, * 2 (N.D. Ill. April 18, 2005) (applying *Harp* and finding that plaintiff lacked standing to bring claims where relief sought was barred by other provisions of zoning code); *Midwest Media Property, LLC*

---

[2]Indeed, it could be argued that Plaintiffs have also failed to satisfy the causation requirement of standing. The Illinois laws were in place long before the City enacted the Ordinance and, therefore, Plaintiffs' injury already existed by virtue of the state prohibitions on carrying and possessing firearms in public. *See, e.g.*, *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, (1976) (plaintiffs failed to meet causation and redressability requirements because purely speculative whether defendant was cause of denial of medical services to plaintiff).

*v. Symmes Township*, 503 F.3d 456, 461-63 (6th Cir. 2007) (same); *KH Outdoor, LLC v. Clay County*, 482 F.3d 1299, 1303 (11th Cir. 2007) (same).

*Harp* did not limit its holding to the fact that the unchallenged ordinance imposed different restrictions on the plaintiff that prevented it from erecting its sign, whereas here, the Ordinance and Illinois law place the same restrictions on Plaintiffs and would be subject to the same type of constitutional challenges. Plaintiffs have not challenged the Illinois state law provisions, and success in this case would not necessarily lead to the downfall of those state laws. Indeed, any argument that a favorable ruling here would eventually lead to the Illinois laws being struck down is far too remote and uncertain to satisfy the requirements for redressability, because when and if the state laws would be challenged–and the outcome of any such challenge in a different court – is highly speculative. *See, e.g.*, *DH2,* 422 F.3d at 596-97 (redressability must be more than speculative, especially when it involves discretion or actions of parties not before court); *Alger v. City of Chicago*, 748 F. Supp. 617, 622 n.3 (N.D. Ill. 1990) (redressability questioned where, even if court ruled law regarding designation of landmark status unconstitutional, designation still uncertain because depended on actions of other parties).

Moreover, the Supreme Court recognized a similar principle in *Renne v. Geary,* 501 U.S. 312 (1991), where the unchallenged law prohibited the same conduct. There, local democratic and republican party committee members and individual voters brought a First Amendment challenge to a provision of the California state constitution prohibiting party endorsements for nonpartisan office. 501 U.S. at 314. In particular, the plaintiffs challenged Article III, § 6(b), which did not allow any references to party endorsements in a candidate's voter pamphlet. *Id*. at 315. Although the Court ultimately held that the case lacked justiciability because it was not ripe, the Court also

expressed "serious questions" about whether the plaintiffs had standing to sue, because a separate

California statute also prohibited candidates from referencing party affiliation:

> There is reason to doubt, however, that the injury alleged by these voters can be redressed by a declaration of § 6(b)'s invalidity or an injunction against its enforcement . . . A separate California statute, the constitutionality of which was not litigated in this case, provides that a candidate's statement "shall not include the party affiliation of the candidate, nor membership or activity in partisan political organizations."

*Id*. at 319. Thus, because "this statute might be construed to prevent candidates from mentioning

party endorsements in voter pamphlets, even in the absence of § 6(b)," *id*., the Supreme Court was

highly skeptical that the plaintiffs' alleged injury could even be redressed. *See also Nuclear*

*Information and Resources Service v. Nuclear Regulatory Comm'n.,* 457 F.3d 941, 955 (9th Cir.

2006) (no standing where court could not give remedy that would redress injury: "even if we were

to set aside the current NRC rule . . . the DOT rule would control . . And the DOT regulation is not

before us.").

Like these cases, this Court cannot redress Plaintiffs' injuries complained about in Count V

of their Amended Complaint. Plaintiffs would still be prohibited from possessing and carrying

loaded, operable firearms in public under existing, enforceable Illinois laws which they have not

independently challenged. To permit Plaintiffs' claim to go forward would therefore thwart one of

the key purposes of the standing requirement – to limit the federal court's jurisdiction to actual cases

and controversies with real prospects for resolution. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 498

(1975) (case or controversy requirements respects "the proper–and properly limited – role of the

courts in a democratic society."). Therefore, Count V of Plaintiffs' Complaint should be dismissed.

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Dismiss

Count V of Plaintiffs' Second Amended Complaint For Declaratory and Injunctive Relief, and for

all further relief as the Court deems just.

Dated: February 17, 2011.                              Respectfully submitted,

                                                       MARA S. GEORGES
                                                       CORPORATION COUNSEL
                                                       CITY OF CHICAGO


                                           BY:     /s/ Rebecca Alfert Hirsch
                                                   One of Its Attorneys


Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Alfert Hirsch
Attorneys for the City of Chicago
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 742-0260

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the Defendants, hereby certifies that on February 17, 2011 she served a copy of the foregoing **Defendants' Memorandum of Law In Support of Their Motion to Dismiss Count V of Plaintiffs' Second Amended Complaint** on the parties listed below by electronic means pursuant to Electronic Case Filing (ECF):


Charles J. Cooper                           Stephen Kolodziej
David H. Thompson                           Brenner Ford Monroe & Scott Ltd.
Peter Patterson                             33 N. Dearborn Street, Suite 300
Cooper & Kirk, PLLC                         Chicago, IL 60602
1523 New Hampshire Ave., NW
Washington, DC 20036



                                            /s/ Rebecca Alfert Hirsch