IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS ) <br> RETAILERS, KENNETH PACHOLSKI, ) <br> KATHRYN TYLER, and MICHAEL HALL, ) <br> ) <br> Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> THE CITY OF CHICAGO and RICHARD M. ) <br> DALEY, Mayor of the City of Chicago, ) <br> ) <br> Defendants ) | No. 10 CV 4184 <br><br> Judge Edmond E. Chang <br><br> Magistrate Judge <br> Geraldine Soat Brown |

MOTION TO QUASH SUBPOENAS
SERVED ON TONY KOLE AND GHOST INDUSTRIES, LLC

The City of Chicago ("the City") has served subpoenas on Tony Kole ("Mr. Kole") and his business, Ghost Industries, LLC ("Ghost Industries"), who are not parties to this litigation. Mr. Kole and Ghost Industries hereby move to quash the subpoenas pursuant to Fed. R. Civ. P. 45(c)(3).

STATEMENT PURSUANT TO LOCAL RULE 37.2

A consultation took place by telephone between the attorney for Mr. Kole and Ghost Industries, Christian D. Ambler, and the attorney for the City, Andrew Worseck, on March 4, 2011 to attempt in good faith to resolve the dispute at issue herein. This consultation followed written communications between those attorneys dated February 22 and February 28, 2011. Notwithstanding these efforts, the parties hereto were unable to reach an agreement.

## BACKGROUND

The plaintiffs' Second Amended Complaint seeks a declaratory judgment that some or all of the City's municipal firearms ordinance is unconstitutional under the Second and Fourteenth Amendments of the United States Constitution and otherwise violate 42 U.S.C. § 1983. *Second Amended Complaint for Declaratory Judgment and Injunctive Relief (Doc. 80), at pages 16-17.* Mr. Kole is a federally licensed firearms dealer who operates his business as Ghost Industries in Norridge, Illinois. *See Affidavit of Tony Kole in Support of Motion to Quash ("Kole Affidavit"), attached hereto as Exhibit 1, at ¶ 2 and 3.* Neither Mr. Kole nor Ghost Industries are plaintiffs to this litigation. Nonetheless, the City has subpoenaed both Mr. Kole and Ghost Industries for documents and deposition testimony. *See subpoenas issued to Tony Kole and Ghost Industries, LLC, attached hereto as Exhibits 2 and 3, respectively.* Specifically, the City's subpoenas seek information concerning Mr. Kole's and Ghost Industries' historical firearms sales, provision of training courses, customer data, membership in the Illinois Association of Firearm Retailers ("ILAFR"), communications with the ILAFR concerning this litigation, and business and marketing plans for selling firearms or operating shooting ranges in the City if the ordinance is found unconstitutional. *Id.*

However, Mr. Kole and Ghost Industries possess little or none of the information the City seeks in its subpoenas. Mr. Kole only formed Ghost Industries in July of 2010, and he only obtained his federal firearms license in January of 2011. *See Kole Affidavit, Exhibit 1, at ¶ 4 and 5.* Mr. Kole has made only two firearms sales in his life, either individually or as Ghost Industries, and both sales took place in the 14 days preceding

2

the filing of this motion. *Id., at ¶ 6.* Mr. Kole's business does not include the operation of any shooting ranges or the provision of training courses. *Id, at ¶ 7.*

In their interrogatory answers, the plaintiffs identified Mr. Kole as a member of the Illinois Association of Firearm Retailers ("ILAFR"), which is one of the plaintiffs, and as a witness who may be called to testify at trial. However, Mr. Kole is no longer a member of the ILAFR *(Id., at ¶ 8)*, and the plaintiffs have since amended their interrogatory answers to delete Mr. Kole from their list of ILAFR members and to delete Mr. Kole and Ghost Industries from their list of potential witnesses. *Letter from Jesse Panuccio to Andrew Worseck, dated December 29, 2010, attached hereto as Exhibit 4.* Thus, neither Mr. Kole nor Ghost Industries are currently listed by any party as potential witnesses at trial. Mr. Kole and Ghost Industries have no documents relating to his past membership in the ILAFR, and they have no documents relating to communications with the ILAFR about this litigation. *See Kole Affidavit, Exhibit 1, at ¶ 9.* Mr. Kole does not know and to his knowledge he has never met any of the ILAFR members or any of the plaintiffs in this case, and he has no knowledge of their plans and intentions should the City's ordinance be invalidated. *Id., at ¶ 10.*

With respect to his own plans, Mr. Kole has not prepared a business plan pertaining to potential firearms sales operations in the City if the ordinance is found unconstitutional. *Id., at ¶ 11.* He has also not made any sales or profit projections, performed any market or customer studies, evaluated costs, analyzed potential locations or considered contracts or leases associated with any possible operation in Chicago. *Id., at ¶ 12.* Accordingly, neither Mr. Kole nor Ghost Industries have any

3

documents relating to these subjects. In short, Mr. Kole and Ghost Industries have not taken any steps toward the opening of a business in Chicago should the forearm sales ban be lifted.

## ARGUMENT

### THE SUBPOENA MUST BE QUASHED BECAUSE IT SEEKS IRRELEVANT INFORMATION FROM A NON-PARTY AND IS UNDULY BURDENSOME.

**A.   The Legal Standard.**

Rule 45 provides that an issuing court "*must* quash" a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv) (emphasis added). The Advisory Committee Notes to Rule 45 explain that it was promulgated to "provide[] protection against undue impositions on nonparties." If such a burden is present, the court has no discretion: "Rule 45 *mandates* that the court from which the subpoena was issued *must* 'quash or modify the subpoena.' " *Perez v. City of Chicago*, No. 02-1969, 2004 U.S. Dist. LEXIS 7415, at *13 (N.D. Ill. Apr. 28, 2004) (emphasis added).

Factors to be considered in the undue-burden inquiry include "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, and the burden imposed." *Wi-Lan, Inc. v. LG Elecs., USA, Inc.*, No. 10-7721, 2011 U.S. Dist. LEXIS 4606, at *5 (N.D. Ill. Jan. 18, 2011) (quotation marks and citations omitted). Pertinent considerations include "the likelihood that compliance will result in production of the information, whether the discovery is unreasonably cumulative or duplicative, whether the information sought is readily obtainable from another, more convenient, less

4

burdensome (but equally reliable) source, and whether the burden of the proposed discovery outweighs its likely benefit." *Mosely v. City of Chicago*, 252 F.R.D. 421, 427 (N.D. Ill. 2008).

Of particular significance is whether "the subpoenaed party is a non-party." *Wi-Lan*, 2011 U.S. Dist. LEXIS 4606, at *6. As this Court recently explained, "[i]t is significant that Mr. deGrasse [the subject of a subpoena] is not a party. In keeping with the text and purpose of Rule 45(c)(3)(A), it has been consistently held that 'non-party status' is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue. . . . It is one thing to subject *parties* to the trials and tribulations of discovery – rightly regarded as 'the bane of modern litigation,' . . . – but Mr. deGrasse doesn't have a horse in this race." *Robinson v. Morgan Stanley*, No. 06-5158, 2010 U.S. Dist. LEXIS 25073, at *7-8 (N.D. Ill. Mar. 17, 2010). *See also In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, No. 08-402, 2008 U.S. Dist. LEXIS 21098, at *4 (N.D. Ill. Mar. 14, 2008) ("The Journals' non-party status is a significant factor to be considered in determining whether the burden imposed by the subpoenas is undue, but it is not, in itself, dispositive."); *United States ex rel. Tyson v. Amerigroup Ill., Inc.*, No. 02-6074, 2005 U.S. Dist. LEXIS 24929, at *14 (N.D. Ill. Oct. 21, 2005) (" 'non-party status' is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue").

When the subpoenaed individual is not a party to the lawsuit, the ability of the requesting party to obtain the requested information from an opposing party or by other means is sufficient grounds for quashing the subpoena served on the non-party.

5

*See, e.g., Perez v. City of Chicago*, 2004 U.S. Dist. LEXIS 7415, at *13-14 (quashing subpoena City had served on non-party and explaining that there were other ways in which the City could obtain the same or similar information); *Peoria Day Surgery Ctr. v. OSF Healthcare Sys.*, No. 06-1236, 2008 U.S. Dist. LEXIS 20499, at *10-11 (C.D. Ill. Mar. 17, 2008) (quashing subpoena and explaining that, if information could be obtained directly from the plaintiff without subpoenaing the non-party, the defendant must do that instead); *In re Bextra & Celebrex*, 2008 U.S. Dist. LEXIS 21098, at *8 (quashing defendant's subpoena and explaining that defendant could just as easily access the information itself as get it from the subpoenaed non-party); *Mosely v. City of Chicago*, 252 F.R.D. at 427 (quashing subpoena City had served on non-party and explaining that information sought could be obtained more directly from sources other than the non-party).

### B. The Subpoena Should Be Quashed.

Compelling Mr. Kole and Ghost Industries to appear for depositions would clearly constitute an undue burden for the primary reason that these non-parties cannot offer information that is both relevant to this litigation and unavailable from the City's own information or from the plaintiffs. Indeed, no party claims an intent to call Mr. Kole to testify at trial.

The City defends its subpoenas of Mr. Kole and Ghost Industries on the grounds that it is entitled to test the proposition "whether it really is the Ordinance that causes the inability to operate [a firearms business] in Chicago, or whether other factors, such as the economics of operating a firearms business in Chicago, are prohibitive." *Letter from Andrew Worseck to Christian Ambler, dated February 28, 2011 ("City Letter"), attached*

*hereto as Exhibit 5, at page 1.*[1] The City further contends that Mr. Kole's "Chicago residency and his recent receipt of a [sic] FFL suggest that he intends, or has intended, to open a firearms store or range in Chicago. As such, he likely possesses information concerning the steps attendant to, and the viability of, such operations in Chicago." *City Letter, Exhibit 5, at page 3.*

This rationale is insufficient. It is undisputed that the City's ordinance flatly outlaws "the business of selling … any firearm" in Chicago. § 4-144-010. *See also* § 8-20-100. It is hard to imagine how such a law could *not* "cause[] the inability to operate" a firearms business in Chicago. The City's flat ban is plainly *the* cause for the complete absence of businesses selling firearms in Chicago. Other major American cities have businesses that sell firearms both at gun shows and at retail stores. It is simply implausible that a market of nearly 3 million individuals would go unserved in the absence of the City's ban. Thus, the discovery Chicago seeks is highly unlikely to be relevant to the adjudication of this case.

Even if the "viability" and "information concerning steps attendant to" setting up a firearms business in Chicago were relevant, the City is not entitled to seek discovery from Mr. Kole and Ghost Industries. The primary "step attendant to" setting up a firearms business in Chicago is complying with the City's legal and regulatory

---

[1] At this particular point in its letter, the City was defending its subpoena of individuals who are listed by the plaintiffs as possible witnesses in this litigation, but on page 3 of its letter the City defended the subpoena of Mr. Kole, who is not a potential witness, on the same basis: "As discussed above, these matter [sic] are relevant to Plaintiffs' claim that 'but for' the Ordinance, firearms dealers and range operators would be able to operate businesses in Chicago."

7

regimes. The City's Corporation Counsel hardly needs Mr. Kole or Ghost Industries to testify about the licensing and other administrative "steps" a would-be business owner must take to open a business in the City. The City can readily consult its own municipal zoning and business licensing laws. The City can, and must, instead seek that information from its own officers and employees or, at the very most, from the plaintiffs and their witnesses.

Similarly, with respect to an economic analysis of the potential profitability of such an enterprise, the City can and should receive this information from other sources. Information concerning costs for renting space is readily available to the City on the websites of commercial real estate brokers and a myriad of other sources. Likewise, the City has ready access to wage information for the City. Information about the profit margins associated with firearms is also available from public sources – a Google search on "profit margins of selling guns" turns up 85,000 hits.

If the City is looking for an expert economic projection of the potential volume of sales that a dealer could consummate, such testimony is beyond the province of Mr. Kole. Surely, the City can retain its own expert to provide such an opinion. Moreover, Mr. Kole has not commissioned any such study, nor has he even attempted to perform one himself. Accordingly, he cannot offer any testimony relating to economic projections associated with the operation of a firearms business in Chicago.

Notably, Mr. Kole only received a federal firearms license this year – approximately two months ago – and they have only made two sales, both in the last fourteen days. Therefore, Mr. Kole and Ghost Industries have little or no "historical

sales and marketing information" to reveal. Mr. Kole's lack of experience in this industry renders him a particularly inappropriate subject of City's quest for expert industry analysis.

Finally, plaintiffs have disclaimed any intention of calling Mr. Kole as a witness or utilizing any documents in his possession. The City insists that it is nonetheless entitled to subpoena Mr. Kole because he was, at an earlier point in the litigation, identified as a potential witness. *Id.* at 2-3. That is not the law.

The argument the City raises was rejected by this Court in *Sunrise Opportunities, Inc. v. Regier*, No. 05-2825, 2006 U.S. Dist. LEXIS 13024 (N.D. Ill. Mar. 7, 2006). There, the defendants had "originally listed Jeff Moor as a testifying expert. After he had been served with a subpoena for deposition, Defendants removed his name from their witness list." *Id.* at *20-21. The Court quashed the opposing party's subpoena, holding that, because he was no longer listed as a possible witness, they were not entitled to depose Mr. Moor, "even though he was identified previously as a testifying expert." *Id.* at *2. This Court "agree[d] with the majority of courts that Rule 26(b)(4)(A) allows only for the deposition of experts that a party intends to call at trial." *Id.* at *23 (citing *Employers Reinsurance Corp. v. Clarendon Nat'l Ins. Co.*, 213 F.R.D. 422 (D. Kan. 2003) (collecting cases)). " 'Although plaintiff may have originally designated the witness as a testifying expert, plaintiff has the prerogative of changing his mind.' " *Id.* at *23 (quoting *Ross v. Burlington N. R.R.*, 136 F.R.D. 638, 638-39 (N.D. Ill. 1991)).

In short, if the City wishes to explore the economics of operating a firearms business generally – and specifically in Chicago, where any such business has long

9

been, and continues to be, outlawed – then it should make inquiries of the plaintiffs and their witnesses whom they plan to call at trial or, better yet, of an expert witness that the City may itself retain. Those are the appropriate sources of such information, insofar as it might be relevant. But the City has no right to impose the undue burden of testimony and document discovery on Mr. Kole and Ghost Industries who are not named by the plaintiffs as a prospective witness. Therefore, the subpoenas to Mr. Kole and Ghost Industries should be quashed.

WHEREFORE, Tony Kole and Ghost Industries, LLC, respectfully request that this Honorable Court enter an order quashing the subpoenas issued to them by the City of Chicago.

>                   Respectively submitted,
>                   TONY KOLE and GHOST INDUSTRIES, LLC
>
>
>                   By: /s/ Christian D. Ambler

Christian D. Ambler
Attorney Number 6228749
Stone & Johnson, Chtd.
200 East Randolph St.
24th Floor
Chicago, Illinois 60601
Tel: (312) 332-5656
Fax: (312) 332-5858
cambler@stonejohnsonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March, 2011, I caused a copy of the foregoing to be served by electronic filing on:

Michael A. Forti
Andrew W. Worseck
Mardell Nereim
Rebecca Alfert Hirsch
William Macy Aguiar
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

Charles J. Cooper
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036

Brian S. Koukoutchos
28 Eagle Trace
Mandeville, LA 70471

Stephen Kolodziej
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn St., Suite 300
Chicago, IL 60602

## LIST OF EXHIBITS

Exhibit 1: Affidavit of Tony Kole

Exhibit 2: Subpoena to Tony Kole

Exhibit 3: Subpoena to Ghost Industries, LLC

Exhibit 4: Letter from Jesse Panuccio to Andrew Worseck, dated December 29, 2010

Exhibit 5: Letter from Andrew Worseck to Christian Ambler, dated February 28, 2011