IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 10-CV-4184 |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, ET AL., | ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO EXTEND THE DISCOVERY SCHEDULE

Defendants City of Chicago (the "City") and Mayor Richard M. Daley (collectively, "Defendants"), by their counsel, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby move this Court to extend the discovery schedule set by the Court's Order dated December 16, 2010. In support of their motion, Defendants state as follows:[1]

1. This case presents a challenge to various provisions of the City's Responsible Gun Owner's Ordinance (the "Ordinance") enacted on July 2, 2010. Plaintiffs challenge the constitutionality of: (a) the Ordinance's ban on the possession of firearms outside of the "home," to the extent the Ordinance's definition of "home" excludes such areas as garages, yards, and porches; (b) the ban on sales or transfers of firearms within the City; (c) the ban on shooting galleries and firearm ranges within the City; (d) the ban on the possession of more than one operable firearm per qualified person in the home; and (e) the ban on carrying firearms. Plaintiffs also challenge the City's Zoning Ordinance, Title 17 of the Chicago Municipal Code, to the extent it prohibits the

---

[1] Defendants' counsel conferred with Plaintiffs' counsel on March 8, 2011, about Defendants' request for an extension of time, and Plaintiffs' counsel stated on March 9 that they would not agree to any extension of discovery.

construction or operation of a firearm retail business or a shooting range.

2.  Plaintiffs initiated the instant action on July 6, 2010. They amended their initial complaint on August 13, 2010, and Defendants answered that complaint on October 12, 2010. Plaintiffs again amended their complaint on February 9, 2011, among other reasons, to add their challenge to the City's Zoning Ordinance. Defendants have moved to dismiss Count V of Plaintiffs' Second Amended Complaint, and briefing on that motion will be completed by March 16, 2011.

3.  Fact discovery began on September 1, 2010, and was originally set to close on January 7, 2010. The parties jointly moved for an extension of discovery, which Judge Ronald A. Guzman granted on December 16, 2010. Pursuant to the December 16, 2010 Order, fact discovery is set to close on March 31, 2011, expert disclosures are due by May 2, 2011, rebuttal expert disclosures are due by June 15, 2011, and expert discovery closes on June 30, 2011.

4.  This case involves important constitutional questions of first impression, and Defendants require additional time to develop a proper factual record in defense of the Ordinance. Defendants have been diligently working to complete fact discovery within the time frame set by the Court, but additional time is needed in light of, *inter alia*, the breadth of Plaintiffs' discovery requests (on which unresolved disputes remain which could dramatically affect the scope of discovery), the time and effort necessary to respond to those requests properly and completely, the defense of the Ordinance in three other pending cases, and the recent unexpected resignation of Superintendent of Police Jody Weis.

5.  Defendants therefore respectfully request that the Court extend fact discovery by 120 days, order the parties to disclose experts by August 1, 2011, and close expert discovery by October 1, 2011. It is common for fact discovery in civil actions to take more than one year to

complete, and Defendants' requested extension will bring *all* discovery in this complex constitutional case to a close by October 1, 2011 -- just barely one year after discovery commenced. Plaintiffs will not be prejudiced by the granting of this extension, whereas the absence of an extension will significantly impair Defendants' ability adequately to defend the Ordinance -- a critical piece of public safety legislation -- against Plaintiffs' constitutional attack.

### Plaintiffs' Document Requests

6. Defendants require additional time to respond to the voluminous written discovery served by Plaintiffs. On September 21, 2010, Plaintiffs issued their first set of document requests and interrogatories. On November 12, 2010, they issued a second set of document requests and interrogatories. A third set of documents requests followed on February 15, 2011. On February 28, 2011, Plaintiffs issued a fourth set of document requests and their First Set of Requests for Admission ("RFA"). Plaintiff's RFA, a copy of which is attached hereto as Exhibit 1, contains 42 specific requests for admission and ask Defendants, *inter alia*, to admit or deny whether they have any documents on a variety of topics.

7. Defendants have served written responses to the first and second set of document requests and produced approximately 1512 pages of documents to Plaintiffs. The documents produced by Defendants include the Ordinance's legislative history and record, statistics and data obtained from the Chicago Police Department's ("CPD") databases regarding crimes and firearms, the deposition of Zoning Administrator Patti Scudiero in *Ezell, et al. v. City of Chicago*, No. 10-C-5135, and the exhibits accepted into evidence in the preliminary injunction hearing held in *Ezell*.

8. Defendants' response to Plaintiff's third set of document requests is due by March 17, 2011, and their responses to Plaintiffs' fourth set of document requests and their RFAs are due by March 30, 2011.

9. Defendants are diligently attempting to determine whether there are any remaining documents that are responsive to Plaintiffs' requests. In particular, Defendants' counsel has been working closely with CPD, which has a large command structure and myriad locations, to identify where within CPD responsive documents -- in addition to those already produced -- might be located. That process is ongoing, but the recent resignation by Superintendent Weis creates additional administrative hurdles for Defendants' counsel in their effort to ensure that they have exhausted all avenues of locating documents responsive to Plaintiffs' requests.[2] Defendants will therefore not be in a position to fully respond to Plaintiffs' document requests – or to provide binding answers to Plaintiffs' RFAs which ask Defendants to admit or deny whether the City possesses certain documents – by the March 31 discovery cut-off.

10. Defendants therefore require an extension of the discovery schedule to ensure that they have thoroughly searched CPD and other departments for documents responsive to Plaintiffs' many requests.

**Depositions**

11. Defendants also require additional time to prepare and produce for deposition representatives to testify in response to Plaintiffs' Rule 30(b)(6) Notice of Deposition, a copy of

---

[2] Moreover, Acting Superintendent Terry Hillard has announced that he is not a candidate for the position of Superintendent of Police in the new administration, which takes office on May 16, 2011.

which is attached hereto as Exhibit 2, and individuals who have knowledge of the governmental interests served by the Ordinance, as Plaintiffs request in their Interrogatory No. 8.

12. Plaintiffs' Rule 30(b)(6) Notice has twenty separate topics on which they ask the City to produce a representative witness. As discussed above, Defendants dispute the propriety of topics 1, 2 and 4, but should the Court rule in Plaintiffs' favor and order the City to produce a witness on those topics, Defendants would need additional time to identify and prepare those witnesses.

13. Defendants have already scheduled the following depositions pursuant to Plaintiffs' Rule 30(b)(6) Notice: (a) Tim Lavery of CPD on March 18, 2011 to address topics 5 and 6; (b) Sergeant Daniel Bartoli on March 17, 2011 to address topics 11 through 15; and (c) Zoning Administrator Patti Scudiero on March 21, 2011 to address topic 16.

14. Defendants are still in the process of identifying a Rule 30(b)(6) witness(es) to speak on topics 3 (which asks the City to produce a witness on fourteen governmental purposes served by the Ordinance identified by Defendants), 7-10, and 17-19. The City is diligently attempting to identify witnesses to speak on these topics, but additional time is necessary due, in part, to the unexpected departure of former Superintendent of Police Weis on March 1, 2011. Because the City's witness(es) on many of these topics will likely be members of CPD, it is difficult at this juncture to determine their identities in light of the new leadership at CPD. Additional time is necessary for CPD's new leadership to determine whom from CPD will testify on behalf of the City.

15. In addition, Defendants are in the process of responding to Plaintiffs' Interrogatory No. 8, in which Plaintiffs ask Defendants to identify "any and all persons in possession of information regarding the governmental justifications for, or governmental purposes or interest in," the provisions of the Ordinance at issue in the case. To date, Defendants have identified the

following seven individuals: (i) Carol Brown, Chief of Policy, Mayor's Office; (ii) Ashley Van-Ness, Deputy Director of Policy and Strategic Initiatives, Office of Emergency Management and Communication; (iii) Ernest Brown, Deputy Superintendent, Bureau of Patrol, Chicago Police Department; (iv) Eugene Williams, Chief of Patrol, Chicago Police Department; (v) Judith Martin, Commander, 13th District, Chicago Police Department; (vi) Kevin Johnson, Sergeant, Chicago Anti-Gun Enforcement Program, Chicago Police Department; and (vii) Norma Reyes, Commissioner, Department of Business Affairs and Consumer Protection. Given the breadth of Plaintiffs' request, Defendants require additional time to identify additional individuals within the City's government who have knowledge of the City's governmental justifications for the Ordinance.

16. On March 10, 2011, Plaintiffs issued notices of deposition for every topic listed in their Rule 30(b)(6) Notice as well as for the seven individuals listed above in paragraph 15. Copies of Plaintiffs' March 10, 2011 notices are attached hereto as Exhibits 3 and 4. Plaintiffs seek to complete these depositions between March 17 and March 31.

17. The schedule proposed by Plaintiffs in their notices of deposition is simply unrealistic and unworkable.[3] First, as discussed above, Defendants have not yet been able to identify their Rule 30(b)(6) witnesses on topics 3, 7-10, and 17-19, and will not be able to identify, prepare, and produce those witnesses in two weeks. Furthermore, the next two weeks are already fully booked. The following depositions are already scheduled for the period from March 17 to March 31: (i) Sergeant Bartoli, both in his individual capacity and as the City's Rule 30(b)(6) witness on topics 11-15, on March 17; (ii) Tim Lavery, as the City's Rule 30(b)(6) witness on topics 5-6, on March 18; (iii) Patti

---

[3] To date, Defendants have taken the depositions of Plaintiffs Pacholski, Tyler, and Hall, and the third party deposition of William Campion/Camco Sales and Service, a member of ILAFR.

Scudiero, as the City's Rule 30(b)(6) witness on topic 16, on March 21; (iv) the Rule 30(b)(6) deposition of Plaintiff Illinois Association of Firearms Retailers ("ILAFR"), on March 22; (v) third-party depositions of two members of ILAFR on March 18 and 23; and (vi) third party depositions of Midwest Guns, Gun Works, and Chuck's Guns, which are local gun stores/ranges, on March 24 and 29, 2011. Defendants therefore will be busy preparing and presenting their witnesses for deposition and preparing to take the third-party depositions listed above. As a result, there is simply no time left in March for Defendants to identify the remaining Rule 30(b)(6) witnesses and prepare and present them -- in addition to the seven individuals listed in paragraph 15 above (as well as any other individual the City identifies as having knowledge of the governmental purposes supporting the Ordinance) -- for deposition.

18. Indeed, it would not be prudent to proceed with the depositions of those individuals identified by Defendants as having knowledge, *see supra* ¶ 15, until Defendants have completed their search for responsive documents, as discussed above in paragraphs 6-10. To proceed otherwise could lead to Plaintiffs requesting a second deposition of those individuals, which would be inefficient and a waste of resources and time.

19. Moreover, third-parties Tony Kole and Ghost Industries, Inc., who are scheduled to be deposed on March 23, have filed a motion to quash the deposition subpoenas served on them by Defendants. Those motions are set for presentment on March 17, 2011. Briefing on that motion and/or resolution by the Court will likely impact the timing and scope of these depositions.

**Pending Discovery Dispute**

20. An extension of discovery also is warranted because currently pending before the Court are two discovery motions, which if resolved in Plaintiffs' favor, would dramatically increase

7

the scope of discovery. Plaintiffs filed a Motion to Compel Discovery From Defendants or, in the Alternative, to Establish a Briefing Schedule Regarding Controlling Points of Law (Docket No. 65). Despite the parties' ability to resolve many of the disputes set forth therein, the following disputes remain and are currently pending before the Court: (a) the production of a City witness(es) pursuant to Rule 30(b)(6) on topics 1-2 (in their entirety) and topics 3, 8, 9, and 12-14, 15 to the extent they seek testimony on behalf of the City Council or pertain to the legislative process; (b) the production of documents pursuant to Plaintiffs' Requests for Production Nos. 28-31, 33, 41, and that part of No. 13 that seeks discovery requests drafted and served by the City's attorneys in *Ezell*; and (c) discovery requests that seek extensive discovery of the legislative process pursuant to which the Ordinance was enacted. *See* Defendants' Response to Plaintiffs' Motion to Compel Discovery, Docket No. 81, at 3-5.

21. Defendants also asked this Court in their Motion for a Protective Order (Docket No. 66) to quash topics 1, 2, and 4 of Plaintiffs' Rule 30(b)(6) notice because, *inter alia*, they seek discovery of the legislative process leading to the enactment of the Ordinance. *See* Defendants' Memorandum in Support of Their Motion for a Protective Order, at 4-12.[4]

22. If this Court resolves the pending discovery motions in Plaintiffs' favor, Defendants would have to produce documents, answer interrogatories, and identify individuals with knowledge in relation to the legislative process which preceded the enactment of the Ordinance. This discovery alone, if permitted by the Court, would take additional time to complete.

---

[4] Defendants also asked the Court to quash the individual deposition notices to Superintendent Weis, Acting First Deputy Superintendent of Police Ernest Brown, and Zoning Administrator Patti Scudiero, which this Court granted on January 27, 2011.

8

23. Moreover, several of the individuals whom Defendants have identified as having knowledge of the governmental interests served by the Ordinance and for whom Plaintiffs have issued notices of deposition, *see supra* ¶¶ 10, 16, would also have knowledge of the Ordinance's legislative process. It therefore would be efficient and prudent to depose these individuals only after the Court has ruled on the pending motions so that they only sit for deposition once.

24. In light of the pending discovery motions before the Court – and the impending end of discovery on March 31, 2011 -- discovery should be extended.

### Defendants' Counsel's Obligations in Other Challenges to the Ordinance and Other Matters

25. Defendants also require additional time to complete discovery in this case because of their work in other lawsuits challenging the Ordinance, as well as in other cases unrelated to the Ordinance.

26. Since Plaintiffs filed this case, Defendants' counsel has been vigorously defending the City's Ordinance in three other cases, which are pending before three different judges of the Northern District of Illinois: (i) *Ezell, et al. v. City of Chicago*, No. 10-C-5135 (Kendall, J.) (challenging the Ordinance's prohibition on shooting ranges under the First and Second Amendments); (ii) *Second Amendment Arms, et al. v. City of Chicago, et al.*, No. 10-C-4257 (Dow, J.) (broad challenge to every provision of the Ordinance under multiple constitutional provisions); and (iii) *Gowder v. City of Chicago, et al.*, No. 11-C-1304 (Der-Yeghiayan, J.) (constitutional challenge to administrative decision barring plaintiff from firearms possession under section 8-20-110(b)(3)(iii) of the Chicago Municipal Code due to a previous conviction for carrying a firearm on a public street in violation of 720 ILCS 5/24-1(a)(10)).

27. Due to the demands on Defendants' counsel in these cases, which recently included briefing a motion to dismiss the complaint in *Second Amendment Arms*, as well as other cases unrelated to the Ordinance, Defendants cannot complete the extensive discovery requested by Plaintiffs in the time allotted by the Court.

### Retention of Mayer Brown

28. In light of the extensive discovery requested by Plaintiffs, Defendants have retained additional counsel from Mayer Brown to assist in completing discovery. Defendants expect attorneys from Mayer Brown to file a motion seeking leave to file an appearance in this case in short order.

### Plaintiffs Will Not Suffer Any Prejudice

29. Plaintiffs will not suffer any prejudice from the granting of this extension of discovery. This case was initiated on July 6, 2010, and discovery did not commence until September 1, 2010. The extension of discovery requested by Defendants will bring *all* discovery – both fact and expert – to a close by October 31, 2011, which is only 14 months after discovery began. A fourteen month discovery period in a large civil case is reasonable and certainly not uncommon, particularly in a case with multiple counts that raises constitutional questions of first impression. Defendants should be allowed sufficient time to create a factual record in defense of its Ordinance against Plaintiffs' constitutional attacks, and a fourteen-month discovery period, while still aggressive, permits Defendants an opportunity to make their record. Plaintiffs, on the other hand, cannot point to any harm they will suffer from extending discovery as Defendants request.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that extend fact discovery by 120 days, order the parties to disclose experts by August 1, 2011, and close expert

discovery by October 1, 2011, and grant Defendants such further relief as the Court deems just and appropriate.

Date: March 14, 2011                          Respectfully submitted,

                                              MARA S. GEORGES,
                                              Corporation Counsel for the City of Chicago

                                              By:   /s/William Macy Aguiar
                                                    Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendants