# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL, | ) ) ) ) | Civil Action No. 10-cv-04184 |
| Plaintiffs, | ) ) | Judge Edmond E. Chang |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, | ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendants City of Chicago and Richard M. Daley answer fully, in writing, and under oath each of the following requests for admission and return all answers to Cooper & Kirk, PLLC, 1523 New Hampshire Ave. N.W., Washington, D.C. 20036, within 30 days of service of this First Set of Requests for Admission.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the following rules govern your response to the Requests for Admission that follow:

A. Defendants' denial of any statement as to which an admission is requested must fairly meet the substance of the requested admission.

B. When good faith requires that Defendants qualify their answer or deny only a part of the matter as to which an admission is requested, they shall specify so much of it as is true and qualify or deny the remainder.

1

C.      Defendants may not give lack of information or knowledge as a reason for their failure to admit or deny the truth of the statement as to which an admission is requested unless Defendants state that they have made reasonable inquiry and that the information known or readily obtainable by them is insufficient to enable them to admit or deny the truth of the matter as to which an admission has been requested.

D.      If Defendants consider that a matter as to which an admission has been requested presents a genuine issue for trial, they may not, on that ground alone, object to the request.

E.      Statements as to which admissions are now requested shall be deemed to be admitted if Defendants fail to admit, deny, or object to the statements within thirty days after service of this document.

F.      If any request for admission is objected to on the ground of overbreadth, specifically state the manner in which it is overly broad and respond to the request for admission as narrowed to conform to such objection.

G.      In conformity with Rule 37 of the Federal Rules of Civil Procedure, as to any matter denied, Plaintiffs may apply to the Court for an order requiring Defendants to pay the reasonable expenses incurred in proving the truth of any such matter, including the costs of depositions and attorneys' fees.

## DEFINITIONS

The definitions, instructions, and requirements of Federal Rules of Civil Procedure 26, 36, and 37 are adopted and incorporated by this reference. The following words and phrases shall have the following meanings in these Requests for Admission:

1.      "Defendants" refers to the City of Chicago and Richard M. Daley, in his official capacity as Mayor of the City of Chicago, and all of the City of Chicago's subdivisions, agencies

2

and instrumentalities, including but not limited to the Chicago City Council, the Chicago City Council Committee on Police and Fire, the Office of the City of Chicago Clerk of Chicago, the Office of the Mayor of the City of Chicago, the Chicago Police Department, and the Chicago Independent Police Review Authority. The term "Defendants" also includes all officials, employees, agents, or representatives of Defendants.

2.      The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

3.      The words or phrases "reflect," "refer," or "relate to"—or any tense or combination of those words or phrases—mean reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

4.      The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

5.      The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

6.      The word "each" shall be construed to include "every" and vice versa.

7.      The word "any" shall be construed to include "all" and vice versa.

8.      The present tense shall be construed to include the past tense and vice versa.

9.      The masculine shall be construed to include the feminine and vice versa.

10.     The "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

11.     The words "the present" mean the date on which Defendants respond to these Requests for Admission.

12.     The terms "firearm," "handgun," and "long gun" have the meaning assigned to those terms in Chicago Municipal Code § 8-20-110.

13.     Unless otherwise specified, each Request for Admission applies to the period of time from the 1970s to the present.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that Defendants do not possess or maintain reliable data or statistics regarding criminal incidents occurring in the City of Chicago for any period of time from 1970 to 1998.

### REQUEST FOR ADMISSION NO. 2:

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to categorize criminal incidents occurring in the City of Chicago by offense type for any period of time from 1970 to 1998.

### REQUEST FOR ADMISSION NO. 3:

Admit that Defendants do not know or have an estimate of the number of criminal incidents occurring in the City of Chicago by offense type for any period of time from 1970 to 1998.

### REQUEST FOR ADMISSION NO. 4:

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to categorize criminal incidents occurring in the City of Chicago by location description for any period of time from 1970 to 1998.

### REQUEST FOR ADMISSION NO. 5:

Admit that Defendants do not know or have an estimate of the number of criminal incidents occurring in the City of Chicago by location description for any period of time from

1970 to 1998.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to categorize criminal incidents occurring in the City of Chicago by the age and gender of the victim for any period of time from 1970 to 1998.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Defendants do not know or have an estimate of criminal incidents occurring in the City of Chicago by the age and gender of the victim for any period of time from 1970 to 1998.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to show the number accidental shootings with handguns occurring in the City of Chicago.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Defendants do not know or have an estimate of the number accidental shootings with handguns occurring in the City of Chicago for any period of time from 1970 to the present.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to show the number or proportion of the handguns involved in accidental shootings that were lawfully possessed in households in the City of Chicago.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Defendants do not know or have an estimate of the number or proportion of the handguns involved in accidental shootings that were lawfully possessed in households in the

City of Chicago for any period of time from 1970 to the present.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Defendants do not possess or maintain any data or statistics sufficient reliably to show the number or proportion of the handguns involved in criminal activity that were lawfully possessed in households in the City of Chicago.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Defendants do not know or have an estimate of the number or proportion of the handguns involved in criminal activity that were lawfully possessed in households in the City of Chicago for any period of time from 1970 to the present.

**REQUEST FOR ADMISSION NO. 14:**

Admit that before July 2010 the City of Chicago did not maintain data or statistics regarding whether handguns kept in the City of Chicago were kept in an operable or inoperable state.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Defendants do not possess or maintain reliable data or statistics regarding the relationship between lawful possession of more than one operable handgun and the commission of crimes in the City of Chicago.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Defendants do not know whether there is a relationship between lawful possession of more than one operable handgun and the commission of crimes in the City of Chicago.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Defendants do not possess or maintain reliable data or statistics regarding the

relationship between lawful possession of more than one operable handgun and accidental shootings with those handguns in the City of Chicago.

## REQUEST FOR ADMISSION NO. 18:

Admit that Defendants do not know whether there is a relationship between lawful possession of more than one operable handgun and accidental shootings with those handguns in the City of Chicago.

## REQUEST FOR ADMISSION NO. 19:

Admit that Defendants do not possess or maintain reliable data or statistics relating to crimes or accidents at shooting ranges in the City of Chicago.

## REQUEST FOR ADMISSION NO. 20:

Admit that Defendants do not know or have an estimate of the number of crimes or accidents at shooting ranges in the City of Chicago for any period of time from 1970 to the present.

## REQUEST FOR ADMISSION NO. 21:

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to show the average time elapsed from the time an emergency 911 call reports a crime on or in a residential and/or business property in the City of Chicago to the time first responders report to the scene of the reported incident.

## REQUEST FOR ADMISSION NO. 22:

Admit that Defendants do not know or have an estimate of the average time elapsed from the time an emergency 911 call reports a crime on or in a residential and/or business property in the City of Chicago to the time first responders report to the scene of the reported incident for any period of time in the last 10 years.

**REQUEST FOR ADMISSION NO. 23:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to show the number of handguns unlawfully possessed in the City of Chicago.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Defendants do not know or have an estimate of the number of handguns unlawfully possessed in the City of Chicago for any period of time from 1970 to present.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to show the number of handguns lawfully possessed in the City of Chicago, excluding handguns possessed by security, law enforcement, or military personnel in connection with their official duties, for years predating 2006.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Defendants do not know or have an estimate of the number of handguns lawfully possessed in the City of Chicago, excluding handguns possessed by security, law enforcement, or military personnel in connection with their official duties, for years predating 2006.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to show the number of crimes committed in homes in the City of Chicago that involved the use of a firearm by the perpetrator.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Defendants do not know or have an estimate of the number of crimes committed in homes in the City of Chicago that involved the use of a firearm by the perpetrator

for any period of time from 1970 to present.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to show the number of crimes committed in homes in the City of Chicago that involved the use of a handgun by the perpetrator.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Defendants do not know or have an estimate of the number of crimes committed in homes in the City of Chicago that involved the use of a handgun by the perpetrator for any period of time from 1970 to present.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to show the number of crimes committed in homes in the City of Chicago that involved the use of a firearm by a perpetrator that was not the owner, a resident, or an invitee of the home.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Defendants do not know or have an estimate of the number of crimes committed in homes in the City of Chicago that involved the use of a firearm by a perpetrator that was not the owner, a resident, or an invitee of the home for any period of time from 1970 to the present.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to show the number of crimes committed in homes in the City of Chicago that involved the use of a handgun by a perpetrator that was not the owner, a resident, or an invitee of the home.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Defendants do not know or have an estimate of the number of crimes committed in homes in the City of Chicago that involved the use of a handgun by a perpetrator that was not the owner, a resident, or an invitee of the home for any period of time from 1970 to the present.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to show the number or proportion of criminal incidents occurring in the City of Chicago that involved the use of a firearm by the perpetrator.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Defendants do not know or have an estimate of the number or proportion of criminal incidents occurring in the City of Chicago that involved the use of a firearm by the perpetrator for any period of time from 1970 to the present.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to show the number or proportion of criminal incidents occurring in the City of Chicago that involved the use of a handgun by the perpetrator.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Defendants do not know or have an estimate of the number or proportion of criminal incidents occurring in the City of Chicago that involved the use of a handgun by the perpetrator for any period of time from 1970 to the present.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to

show the number of firearm, handgun, or long gun uses in the City of Chicago ameliorating or

attempting to ameliorate crimes against persons or property, excluding uses by security, law

enforcement, or military personnel acting in an official capacity.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Defendants do not know or have an estimate of the number of firearm,

handgun, or long gun uses in the City of Chicago ameliorating or attempting to ameliorate crimes

against persons or property, excluding uses by security, law enforcement, or military personnel

acting in an official capacity for any period of time from 1970 to the present.

**REQUEST FOR ADMISSION NO. 41:**

Admit that Defendants do not possess or maintain data or statistics sufficient reliably to

show the number of firearm uses in the City of Chicago by security, law enforcement, or military

personnel acting in an official capacity ameliorating or attempting to ameliorate crimes against

persons or property.

**REQUEST FOR ADMISSION NO. 42:**

Admit that Defendants do not know or have an estimate of the number of firearm uses in

the City of Chicago by security, law enforcement, or military personnel acting in an official

capacity ameliorating or attempting to ameliorate crimes against persons or property for any

period of time from 1970 to the present.

Dated: February 28, 2011

Respectfully submitted,

By: _____

Stephen Kolodziej
Atty. ID # 6216375
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn St., Suite 300
Chicago, IL  60602
Tel: (312) 781-1970
Fax: (312)781-9202
Email: skolodziej@brennerlawfirm.com

Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C.  20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Megan Smith, hereby certify that on this 28th day of February, 2011, I caused a copy of

the foregoing to be served by electronic mail, first-class United States mail, and hand delivery

on:

> Mara S. Georges
> Michael A. Forti
> Andrew W. Worseck
> Rebecca Alfert Hirsch
> William Macy Aguiar
> City of Chicago, Department of Law
> Constitutional and Commercial Litigation Division
> 30 N. LaSalle St., Suite 1230
> Chicago, IL  60602

Megan Smith

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **BRETT BENSON, KENNETH PACHOLSKI,** | ) | |
| **KATHRYN TYLER, MICHAEL HALL SR.,** | ) | |
| **RICK PERE, and the ILLINOIS ASSOCATION** | ) | |
| **OF FIREARMS RETAILERS,** | ) | |
| | ) | **No. 10-CV-4184** |
| **Plaintiffs,** | ) | **Judge Ronald A. Guzman** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE CITY OF CHICAGO and** | ) | |
| **RICHARD M. DALEY, Mayor of the** | ) | |
| **City of Chicago,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' NOTICE OF A DEPOSITION OF THE CITY OF CHICAGO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6),

Plaintiffs will take the deposition by oral examination of Defendant City of Chicago at the

offices of Brenner, Ford, Monroe & Scott, Ltd., 33 North Dearborn Street, Suite 300, Chicago,

Illinois 60602, commencing at 9:30 a.m. on December 2, 2010, and continuing from day to day

thereafter until completed. The City of Chicago is required to designate one or more persons to

testify as to the matters known by, or reasonably available to, the City of Chicago as described

more particularly in Exhibit A hereto.

November 9, 2010                                   Respectfully submitted,

                                                  By: _____

                                                  Charles J. Cooper*
Stephen Kolodziej                                 David H. Thompson*
Atty. ID # 6216375                                Jesse Panuccio*
BRENNER FORD MONROE & SCOTT LTD.                  COOPER & KIRK, PLLC
33 N. Dearborn St., Suite 300                     1523 New Hampshire Ave., NW
Chicago, IL 60602                                 Washington, D.C. 20036
Tel: (312) 781-1970                               Tel: (202) 220-9600
Fax: (312)781-9202                                Fax: (202) 220-9601
Email: skolodziej@brennerlawfirm.com              Email: ccooper@cooperkirk.com


                                                  Brian S. Koukoutchos*
                                                  28 Eagle Trace
                                                  Mandeville, LA 70471
                                                  Tel: (985) 626-5052
                                                  bkoukoutchos@gmail.com

                                                  *Admitted *pro hac vice*
                                                  *Counsel for Plaintiffs*

## EXHIBIT A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant City of Chicago is required to designate one or more officers, directors, managing agents, or other persons who consent to testify upon its behalf as to matters known or reasonably available to Defendant City of Chicago. Defendant City of Chicago shall set forth, for each person designated, the matters on which the person will testify.

## DEFINITIONS

As used herein, the following words and phrases shall have the following meanings:

1.     "Defendant" refers to the City of Chicago ("the City") and all of the City's subdivisions, agencies and instrumentalities, including but not limited to the Chicago City Council, the Chicago City Council Committee on Police and Fire, the Office of the City Clerk of Chicago, the Mayor of the City of Chicago, the Office of the Mayor of the City of Chicago, the Chicago Police Department, and the Chicago Independent Police Review Authority. The terms "Defendant" and "the City" also include all persons who are officials, employees, agents, or representatives of Defendant.

2.     "Person" means and refers to not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local government or government agencies, offices, bureaus, departments, entities, including any court (or judge or other officer thereof); other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof. "Person" includes the present and former officers, executives, partners, directors, trustees, employees,

1

attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries.

3.     The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

4.     The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

5.     The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

6.     The word "each" shall be construed to include "every" and vice versa.

7.     The word "any" shall be construed to include "all" and vice versa.

8.     The present tense shall be construed to include the past tense and vice versa.

9.     The masculine shall be construed to include the feminine and vice versa.

10.     The term "the Ordinance" refers to the firearms ordinance (and all provisions and amendments thereof) passed by the Chicago City Council on July 2, 2010, including those provisions currently codified as Chicago Municipal Code §§ 2-14-132, 2-14-190, 2-84-075, 4-144-010, 4-144-061, 4-144-062, 4-144-065, 8-20-010, 8-20-020, 8-20-030, 8-20-035, 8-20-040, 8-20-050, 8-20-060, 8-20-070, 8-20-080, 8-20-085, 8-20-090, 8-20-100, 8-20-110, 8-20-120, 8-20-130, 8-20-140, 8-20-145, 8-20-150, 8-20-160, 8-20-170, 8-20-180, 8-20-185, 8-20-190, 8-20-200, 8-20-205, 8-20-210, 8-20-220, 8-20-230, 8-20-240, 8-20-250, 8-20-260, 8-20-270, 8-20-280, 8-20-290, 8-20-300, 8-16-090, 8-24-005, 8-24-010, 8-24-020, 8-24-021, 8-24-027, 8-26-010, 8-26-020, 8-26-030, 8-26-040, 8-26-050, 8-26-060, 8-26-070, 8-26-080, 8-26-090, 8-26-100, 8-26-110, or any past or future codification for the firearms ordinance that has been or shall

be used. The term "the Ordinance" also includes all drafts, earlier versions, precursors, or amendments in any way reflecting, referring, or relating to the firearms ordinance passed by the Chicago City Council on July 2, 2010.

<u>MATTERS AS TO WHICH TESTIMONY IS REQUIRED</u>

1. The position, practices, experiences, and understanding of the City, Mayor Daley, and the City Council, regarding the drafting of the Ordinance, including but not limited to who was involved, what was discussed, whether any other language or alternative regulations were discussed or considered, and the reasons why the text of the Ordinance was selected, including any rational, important, substantial, or compelling reason.

2. The position, practices, experiences, and understanding of the City, Mayor Daley, and the City Council, regarding the legislative process relating to the Ordinance, including but not limited to: (i) the proceedings of the City Council's Police and Fire Committee held on June 18, June 29, and July 1, 2010; (ii) the selection of and communications with witnesses or potential witnesses who the City asked to, or who themselves requested to, appear at the proceedings of the City Council's Police and Fire Committee held on June 18, June 29, and July 1, 2010; (iii) communications between and among City officials involved with the formulation of, drafting of, or negotiations about the Ordinance; (iv) communications between any Alderman (or his or her staff) and the Chicago Police Department regarding the purposes or need for the Ordinance; (v) communications between the Mayor (or his staff) and the Chicago Police Department regarding the purposes or need for the Ordinance; and (vi) communications between anyone involved in drafting the Ordinance and the Chicago Police Department regarding the purposes or need for the Ordinance.

3. The position, practices, experiences, and understanding of the City regarding the

3

governmental purposes served by the Ordinance.

    4.    The position, practices, experiences, and understanding of the City regarding any less restrictive alternatives that the City considered enacting instead of the Ordinance.

    5.    The position, practices, experiences, and understanding of the City regarding the following firearm, crime, accident, and other demographic data and statistics from 1970 to present:

    a.  the time elapsed between notification of a crime in progress in Chicago and the arrival of Chicago police or other first-responders at the scene of the reported crime (i.e., "911 response time");

    b.  the number and characteristics of crimes committed annually in Chicago in or on residential yards, residential garages, residential porches, common areas of apartment and condominium complexes, other areas of residential homes, fixed places of business (including parking lots and garages), non-fixed places of business, streets, or sidewalks;

    c.  the number and characteristics of criminal offenses occurring annually in Chicago, including the type of weapon used, if any;

    d.  the number and characteristics of handguns possessed annually by residents of Chicago, including as categorized by lawful and unlawful possession;

    e.  the annual number and characteristics of illegally-possessed handguns confiscated by the City of Chicago;

    f.  the annual number and characteristics of illegally-possessed long guns confiscated by the City of Chicago;

    g.  the number and characteristics of lawfully-possessed handguns involved in

4

criminal activity on an annual basis in Chicago;

h.   the number and characteristics of unlawfully-possessed handguns involved in criminal activity on an annual basis in Chicago;

i.   the annual number and characteristics of firearms-related crimes committed in homes in Chicago;

j.   the annual number and characteristics of defensive gun uses in Chicago—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated, or were attempted to be ameliorated, in any way by use of a firearm;

k.   the annual number and characteristics of accidental shootings in Chicago.

6.     The position, practices, experiences, and understanding of the City regarding how firearms, crime, and demographic data, statistics, or information about the City of Chicago are collected, stored, retrieved, calculated, processed, and used by the City.

7.     The position, practices, experiences, and understanding of the City regarding the customs, practices, and/or policies of Chicago police upon reporting to (i) the scene of a reported crime, (ii) the scene of a reported emergency, and/or (iii) a residence or business for the purposes of investigating a criminal suspect.

8.     The position, practices, experiences, and understanding of the City regarding the relationship between lawful possession of more than one operable handgun and the commission of crimes, for the period from 1970 to present.

9.     The position, practices, experiences, and understanding of the City regarding the relationship between lawful possession of more than one operable handgun and the incidence of accidental shootings, for the period from 1970 to present.

10.     The position, practices, experiences, and understanding of the City regarding firearms sales, firearms retailers, firearms dealers, firearms shops, firearms wholesalers, and firearms stores, occurring or present in Chicago from 1970 to present.

11.     The position, practices, experiences, and understanding of the City regarding firearms ranges and firearms trainers operating or conducting business in Chicago from 1970 to present.

12.     The position, practices, experiences, and understanding of the City regarding the relationship, if any, between firearms ranges and the incidence of gun-related crime.

13.     The position, practices, experiences, and understanding of the City regarding the relationship, if any, between firearms ranges and the incidence of accidental shootings.

14.     The position, practices, experiences, and understanding of the City regarding the relationship, if any, between firearms ranges and the proficient and safe handling of firearms.

15.     The position, practices, experiences, and understanding of the City regarding any City customs, policies, and/or practices relating to firearms training.

16.     The position, practices, experiences, and understanding of the City regarding the relationship between (i) the City's zoning laws and/or practices and (ii) firearms ranges and/or businesses selling firearms.

17.     The position, practices, experiences, and understanding of the City regarding the meaning of "fixed place of business" as that term is used in Chicago Municipal Code § 8-20-030, including any guidance provided to, or customs or practices of, City law enforcement personnel relating to enforcement of that provision.

18.     The position, practices, experiences, and understanding of the City regarding the meaning of "assembled and operable," "broken down in a nonfunctioning state," "trigger lock,"

and "temporarily inoperable," as those terms are used in Chicago Municipal Code § 8-20-040,

including any guidance provided to, or customs or practices of, City law enforcement personnel

relating to enforcement of that provision.

19.     The position, practices, experience, and understanding of the City regarding

whether and how long guns may be lawfully transported in Chicago.

20.     The position, practices, experiences, and understanding of the City regarding the

City's document retention policies in general and its efforts to preserve documents and

electronically stored information in this case specifically.

## CERTIFICATE OF SERVICE

I, Jesse Panuccio, hereby certify that on this 9th day of November, 2010, I caused a copy

of the foregoing to be served by first-class United States mail on:

Mara S. Georges
Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
William Macy Aguiar
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

Jesse Panuccio

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ILLINOIS ASSOCIATION OF FIREARMS      )
RETAILERS, KENNETH PACHOLSKI,          )        Civil Action No. 10-cv-04184
KATHRYN TYLER, and MICHAEL HALL,       )
                                       )
    Plaintiffs,                        )        Judge Edmond E. Chang
                                       )
v.                                     )        Magistrate Judge Geraldine Soat
                                       )            Brown
THE CITY OF CHICAGO and                )
RICHARD M. DALEY, Mayor of the         )
City of Chicago,                       )
                                       )
    Defendants.                        )

## PLAINTIFFS' NOTICE OF DEPOSITION OF THE CITY OF CHICAGO
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs will depose by oral examination Defendant City of Chicago before a notary public or any officer authorized to administer oaths on the dates and times specified below. Such depositions will be recorded by stenographic means. The City of Chicago is required to designate one or more persons to testify as to the matters known by, or reasonably available to, the City of Chicago on the topics specified below and described more particularly in Exhibit A.[1]

| Deposition Topic Number | Date and Time |
|---|---|
| Topic Nos. 11, 12, 13, 14, and 15 | March 17, 2011 at 10:30 a.m. |
| Topic Nos. 5 and 6 | March 18, 2011 at 9:00 a.m. |
| Topic No. 8 | March 18, 2011 at 9:00 a.m. |
| Topic No. 9 | March 18, 2011 at 11:00 a.m. |
| Topic No. 10 | March 18, 2011 at 2:00 p.m. |

---

[1]The scope of some of the topics to be addressed in these deposition has been limited by agreement between the parties. Plaintiffs reserve the right to notice additional dates and times for deposing the City with respect to each of the topics set forth in Exhibit A.

Topic No. 16                          March 21, 2011 at 9:00 a.m.

Topic No. 3                           March 25, 2011 at 9:00 a.m.

Topic No. 7                           March 28, 2011 at 9:00 a.m.

   The depositions will take place at the offices of McCorkle Court Reporters, 200 N. LaSalle Street, Suite 300, Chicago, Illinois 60601, and will continue day to day until completed.


March 10, 2011                        Respectfully submitted,

                                      By: _____

Stephen Kolodziej                     Charles J. Cooper*
Atty. ID # 6216375                    David H. Thompson*
BRENNER FORD MONROE & SCOTT LTD.      Peter A. Patterson*
33 N. Dearborn St., Suite 300         COOPER & KIRK, PLLC
Chicago, IL 60602                     1523 New Hampshire Ave., NW
Tel: (312) 781-1970                   Washington, D.C. 20036
Fax: (312)781-9202                    Tel: (202) 220-9600
Email: skolodziej@brennerlawfirm.com  Fax: (202) 220-9601
                                      Email: ccooper@cooperkirk.com


                                      *Admitted *pro hac vice*
                                      *Counsel for Plaintiffs*

2

**EXHIBIT A**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant City of Chicago is required to designate one or more officers, directors, managing agents, or other persons who consent to testify upon its behalf as to matters known or reasonably available to Defendant City of Chicago. Defendant City of Chicago shall set forth, for each person designated, the matters on which the person will testify.

DEFINITIONS

As used herein, the following words and phrases shall have the following meanings:

1.     "Defendant" refers to the City of Chicago ("the City") and all of the City's subdivisions, agencies and instrumentalities, including but not limited to the Chicago City Council, the Chicago City Council Committee on Police and Fire, the Office of the City Clerk of Chicago, the Mayor of the City of Chicago, the Office of the Mayor of the City of Chicago, the Chicago Police Department, and the Chicago Independent Police Review Authority. The terms "Defendant" and "the City" also include all persons who are officials, employees, agents, or representatives of Defendant.

2.     "Person" means and refers to not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local government or government agencies, offices, bureaus, departments, entities, including any court (or judge or other officer thereof); other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof. "Person" includes the present and former officers, executives, partners, directors, trustees, employees,

attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries.

3.      The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

4.      The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

5.      The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

6.      The word "each" shall be construed to include "every" and vice versa.

7.      The word "any" shall be construed to include "all" and vice versa.

8.      The present tense shall be construed to include the past tense and vice versa.

9.      The masculine shall be construed to include the feminine and vice versa.

10.     The term "the Ordinance" refers to the firearms ordinance (and all provisions and amendments thereof) passed by the Chicago City Council on July 2, 2010, including those provisions currently codified as Chicago Municipal Code §§ 2-14-132, 2-14-190, 2-84-075, 4-144-010, 4-144-061, 4-144-062, 4-144-065, 8-20-010, 8-20-020, 8-20-030, 8-20-035, 8-20-040, 8-20-050, 8-20-060, 8-20-070, 8-20-080, 8-20-085, 8-20-090, 8-20-100, 8-20-110, 8-20-120, 8-20-130, 8-20-140, 8-20-145, 8-20-150, 8-20-160, 8-20-170, 8-20-180, 8-20-185, 8-20-190, 8-20-200, 8-20-205, 8-20-210, 8-20-220, 8-20-230, 8-20-240, 8-20-250, 8-20-260, 8-20-270, 8-20-280, 8-20-290, 8-20-300, 8-16-090, 8-24-005, 8-24-010, 8-24-020, 8-24-021, 8-24-027, 8-26-010, 8-26-020, 8-26-030, 8-26-040, 8-26-050, 8-26-060, 8-26-070, 8-26-080, 8-26-090, 8-26-100, 8-26-110, or any past or future codification for the firearms ordinance that has been or shall

2

be used. The term "the Ordinance" also includes all drafts, earlier versions, precursors, or amendments in any way reflecting, referring, or relating to the firearms ordinance passed by the Chicago City Council on July 2, 2010.

## MATTERS AS TO WHICH TESTIMONY IS REQUIRED

1.    The position, practices, experiences, and understanding of the City, Mayor Daley, and the City Council, regarding the drafting of the Ordinance, including but not limited to who was involved, what was discussed, whether any other language or alternative regulations were discussed or considered, and the reasons why the text of the Ordinance was selected, including any rational, important, substantial, or compelling reason.

2.    The position, practices, experiences, and understanding of the City, Mayor Daley, and the City Council, regarding the legislative process relating to the Ordinance, including but not limited to: (i) the proceedings of the City Council's Police and Fire Committee held on June 18, June 29, and July 1, 2010; (ii) the selection of and communications with witnesses or potential witnesses who the City asked to, or who themselves requested to, appear at the proceedings of the City Council's Police and Fire Committee held on June 18, June 29, and July 1, 2010; (iii) communications between and among City officials involved with the formulation of, drafting of, or negotiations about the Ordinance; (iv) communications between any Alderman (or his or her staff) and the Chicago Police Department regarding the purposes or need for the Ordinance; (v) communications between the Mayor (or his staff) and the Chicago Police Department regarding the purposes or need for the Ordinance; and (vi) communications between anyone involved in drafting the Ordinance and the Chicago Police Department regarding the purposes or need for the Ordinance.

3.    The position, practices, experiences, and understanding of the City regarding the

3

governmental purposes served by the Ordinance.

    4.      The position, practices, experiences, and understanding of the City regarding any less restrictive alternatives that the City considered enacting instead of the Ordinance.

    5.      The position, practices, experiences, and understanding of the City regarding the following firearm, crime, accident, and other demographic data and statistics from 1970 to present:

        a.  the time elapsed between notification of a crime in progress in Chicago and the arrival of Chicago police or other first-responders at the scene of the reported crime (i.e., "911 response time");

        b.  the number and characteristics of crimes committed annually in Chicago in or on residential yards, residential garages, residential porches, common areas of apartment and condominium complexes, other areas of residential homes, fixed places of business (including parking lots and garages), non-fixed places of business, streets, or sidewalks;

        c.  the number and characteristics of criminal offenses occurring annually in Chicago, including the type of weapon used, if any;

        d.  the number and characteristics of handguns possessed annually by residents of Chicago, including as categorized by lawful and unlawful possession;

        e.  the annual number and characteristics of illegally-possessed handguns confiscated by the City of Chicago;

        f.  the annual number and characteristics of illegally-possessed long guns confiscated by the City of Chicago;

        g.  the number and characteristics of lawfully-possessed handguns involved in

criminal activity on an annual basis in Chicago;

h.  the number and characteristics of unlawfully-possessed handguns involved in criminal activity on an annual basis in Chicago;

i.  the annual number and characteristics of firearms-related crimes committed in homes in Chicago;

j.  the annual number and characteristics of defensive gun uses in Chicago—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated, or were attempted to be ameliorated, in any way by use of a firearm;

k.  the annual number and characteristics of accidental shootings in Chicago.

6.  The position, practices, experiences, and understanding of the City regarding how firearms, crime, and demographic data, statistics, or information about the City of Chicago are collected, stored, retrieved, calculated, processed, and used by the City.

7.  The position, practices, experiences, and understanding of the City regarding the customs, practices, and/or policies of Chicago police upon reporting to (i) the scene of a reported crime, (ii) the scene of a reported emergency, and/or (iii) a residence or business for the purposes of investigating a criminal suspect.

8.  The position, practices, experiences, and understanding of the City regarding the relationship between lawful possession of more than one operable handgun and the commission of crimes, for the period from 1970 to present.

9.  The position, practices, experiences, and understanding of the City regarding the relationship between lawful possession of more than one operable handgun and the incidence of accidental shootings, for the period from 1970 to present.

5

10. The position, practices, experiences, and understanding of the City regarding firearms sales, firearms retailers, firearms dealers, firearms shops, firearms wholesalers, and firearms stores, occurring or present in Chicago from 1970 to present.

11. The position, practices, experiences, and understanding of the City regarding firearms ranges and firearms trainers operating or conducting business in Chicago from 1970 to present.

12. The position, practices, experiences, and understanding of the City regarding the relationship, if any, between firearms ranges and the incidence of gun-related crime.

13. The position, practices, experiences, and understanding of the City regarding the relationship, if any, between firearms ranges and the incidence of accidental shootings.

14. The position, practices, experiences, and understanding of the City regarding the relationship, if any, between firearms ranges and the proficient and safe handling of firearms.

15. The position, practices, experiences, and understanding of the City regarding any City customs, policies, and/or practices relating to firearms training.

16. The position, practices, experiences, and understanding of the City regarding the relationship between (i) the City's zoning laws and/or practices and (ii) firearms ranges and/or businesses selling firearms.

17. The position, practices, experiences, and understanding of the City regarding the meaning of "fixed place of business" as that term is used in Chicago Municipal Code § 8-20-030, including any guidance provided to, or customs or practices of, City law enforcement personnel relating to enforcement of that provision.

18. The position, practices, experiences, and understanding of the City regarding the meaning of "assembled and operable," "broken down in a nonfunctioning state," "trigger lock,"

6

and "temporarily inoperable," as those terms are used in Chicago Municipal Code § 8-20-040, including any guidance provided to, or customs or practices of, City law enforcement personnel relating to enforcement of that provision.

19.     The position, practices, experience, and understanding of the City regarding whether and how long guns may be lawfully transported in Chicago.

20.     The position, practices, experiences, and understanding of the City regarding the City's document retention policies in general and its efforts to preserve documents and electronically stored information in this case specifically.

## CERTIFICATE OF SERVICE

I, Kelsie Hanson, hereby certify that on this 10th day of March, 2011, I caused a copy of

the foregoing to be served by first-class United States mail on:

Mara S. Georges
Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
William Macy Aguiar
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602


*Kelsie Hanson*

Kelsie Hanson

# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL,** | ) ) ) ) | **Civil Action No. 10-cv-04184** |
| **Plaintiffs,** | ) ) | **Judge Edmond E. Chang** |
| **v.** | ) ) | **Magistrate Judge Geraldine Soat Brown** |
| **THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## PLAINTIFFS' NOTICE OF DEPOSITIONS

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, Plaintiffs will depose by oral examination the following officers and employees of Defendant City of Chicago before a notary public or any officer authorized to administer oaths on the dates and times specified below.  Such depositions will be recorded by stenographic means.

| Name of Deponent | Date and Time |
|---|---|
| Daniel Bartoli | March 17, 2011 at 10:30 a.m. |
| Norma Reyes | March 17, 2011 at 10:30 a.m. |
| Tim Lavery | March 18, 2011 at 9:00 a.m. |
| Kevin Johnson | March 22, 2011 at 9:00 a.m. |
| Carol Brown | March 23, 2011 at 9:00 a.m. |
| Asheley Van-Ness | March 24, 2011 at 9:00 a.m. |
| Ernest Brown | March 25, 2011 at 9:00 a.m. |
| Eugene Williams | March 30, 2011 at 9:00 a.m. |
| Judith Martin | March 31, 2011 at 9:00 a.m. |

The depositions will take place at the offices of McCorkle Court Reporters, 200 N. LaSalle Street, Suite 300, Chicago, Illinois 60601, and will continue day to day until completed.

March 10, 2011

Respectfully submitted,

By: _____

Stephen Kolodziej
Atty. ID # 6216375
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn St., Suite 300
Chicago, IL 60602
Tel: (312) 781-1970
Fax: (312)781-9202
Email: skolodziej@brennerlawfirm.com

Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

*Admitted *pro hac vice*
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Kelsie Hanson, hereby certify that on this 10th day of March, 2011, I caused a copy of

the foregoing to be served by first-class United States mail on:

Mara S. Georges
Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
William Macy Aguiar
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

*Kelsie Hanson*

Kelsie Hanson