IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 10-cv-04184 Judge Edmond E. Chang |
| THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, | ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO EXTEND THE DISCOVERY SCHEDULE**

Plaintiffs hereby submit their response to Defendants' ("City") Motion to Extend the Discovery Schedule ("Motion"). In opposition to the Motion, Plaintiffs state as follows:

1. Plaintiffs challenge several provisions of the City of Chicago's firearms ordinance that infringe upon their fundamental Second Amendment rights. Discovery commenced on September 1, 2010. At that time the Court ordered fact discovery closed by January 7, 2011, experts disclosed by February 7, 2011, and expert discovery closed by March 9, 2011.

2. On December 3, 2010, the parties jointly moved to extend the discovery deadlines, proposing a fact discovery deadline of March 31, 2011, an expert disclosure deadline of May 2, 2011, a rebuttal expert disclosure deadline of June 15, 2011, and closure of expert discovery by June 30, 2011. *See* Doc. 56. On December 16, this Court granted the parties' motion and ordered the discovery deadlines extended in accordance with the parties' proposal. The Court also directed that there would be "NO EXTENSIONS." Doc. 62.

1

3. The City has now asked this Court to extend the fact discovery deadline by 120 days (which would result in a fact discovery deadline of July 29, 2011), the deadline to disclose experts to August 1, 2011, and the close of expert discovery to October 1, 2011.

### Fact Discovery

4. Remarkably, in its motion to extend fact discovery in this case by four months, the City does not identify *any* fact discovery that it would like to take that it will not be able to complete by March 31. Indeed, the City acknowledges that it has deposed the individual Plaintiffs, *see* Doc. 95 at 6 n.3, scheduled the deposition of Plaintiff Illinois Association of Firearms Retailers ("ILAFR") for March 22, *see id.* at 7, and deposed or scheduled the depositions of several third parties, *see id.* at 6 n.3, 7.[1]

5. The City instead focuses on discovery propounded by Plaintiffs, and insists that it needs additional time to respond to that discovery. The City's arguments on this score fail for several reasons.

6. As an initial matter, the City's motion makes clear that the likely consequence of maintaining March 31 as the fact discovery deadline is that *Plaintiffs* will not have the opportunity to complete the discovery they have sought and to which they are legally entitled. While this has the potential to prejudice Plaintiffs' case, extending the fact discovery deadline will also further extend the City's deprivation of Plaintiffs' fundamental constitutional rights. *Cf. Elrod v. Burns*, 427 U.S. 347, 373 (1976) (loss of fundamental right, "for even minimal periods of time, unquestionably constitutes irreparable injury"). Plaintiffs, not the City, should be entitled to balance these harms. And having done so, Plaintiffs have decided against seeking to extend the dis-

---

[1] The City represents that the third-party depositions it has scheduled for March 18 and March 23 are of "two members of ILAFR." While those third parties were once ILAFR members, that is no longer the case. *See* Dec. 29, 2010 Ltr. From J. Panuccio to A. Worseck (Exhibit 1); March 10, 2011 Ltr. From P. Patterson to A. Worseck (Exhibit 2).

2

covery schedule in this case.[2]

7. Furthermore, extending the discovery *deadline* will not extend the City's legal discovery *obligations*. The City has not moved for an extension of the time in which they are required to respond to our outstanding discovery requests.[3] The deadline for responding to many of those requests came and went months ago. And responses to the remaining requests are due before March 31. *See* Plaintiffs' Third Set of Requests for Production (served February 15, 2011) (Exhibit 3); Plaintiffs' Fourth Set of Requests for Production (served February 28, 2011) (Exhibit 4)[4]; Plaintiffs First Set of Requests for Admission, Doc. 95-1 at 14 (served February 28, 2011); Fed. R. Civ. Proc. 34(b)(2) ("The party to whom the request is directed must respond in writing within 30 days after being served."); Fed. R. Civ. Proc. 36 (a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").[5] By stating that it "require[s] additional time to respond" to our discovery requests without also moving for an extension of the time in which they are obligated to respond, Doc. 95 at 3, the City effectively signals that it does not intend to meet its discovery obligations. This failure is plainly not a proper reason for extending the discovery schedule in this case. *See Hard Surface Solutions, Inc. v. Sherwin-Williams Co.* 78 Fed. R. Serv. 3d 318, 2010 WL 5129224, at

---

[2] Plaintiffs reserve the right to seek any appropriate remedies for any failures of the City to meet its discovery obligations.

[3] The parties' motions addressing Plaintiffs' discovery into the ordinance's legislative history remain pending. Any prejudice from a decision of this Court that permits such discovery but that is entered at a date such that it cannot be completed by March 31 will accrue to Plaintiffs, not the City.

[4] We mistakenly labeled this our third set of requests but it is, in fact, our fourth.

[5] Plaintiffs highlight the "42 specific requests for admission" we have issued, Doc. 95 at 3, but fail to mention that those requests closely track document requests we served on September 16, 2010, *see* Plaintiffs First Set of Requests for Production (Exhibit 5). Our RFAs thus should not entail significant additional work for the City.

3

\*6 (N.D. Ill. 2010) ("A party does not have the option of complying with [discovery] deadlines or ignoring them and then demanding that the court and the opposing party restructure the discovery schedule to accommodate the violation."); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 340-41 (N.D. Ill. 2005) ("Sophisticated or oblique, no less than stark, methods of nullification of discovery cut-offs and evasion of the Rules (whether or not intended) are prohibited.").

    8. The City's response to Interrogatory No. 8 exemplifies how the City's actions have led to present situation.[6] That interrogatory asks the City to identify persons in possession of information regarding the governmental justifications for, or governmental purposes or interests in, several provisions of the firearms ordinance, and it was served on November 12, 2010. *See* Plaintiffs' Second Set of Requests for Production and Interrogatories at 11, 13 (Exhibit 6). The City lodged objections on December 13 and thus did not provide the names of any individuals at that time. *See* Defendants' Response to Plaintiffs' Second Set of Requests for Production and Second Set of Interrogatories at 8-9 (Exhibit 7). Based on the City's agreement to reconsider its position, Plaintiffs did not include Interrogatory No. 8 in their January 7, 2011 motion to compel. *See* Doc. 65-2 at 11 n.11. Then, on January 19, the City stated that it would "endeavor to provide names of City personnel that are responsive" to Interrogatory No. 8. Jan. 19, 2011 Ltr. of A. Worseck to J. Panuccio at 2 (Exhibit 8). The City still had not identified any individuals by February 25, but on that date the City represented that it would complete its response by March 8. Plaintiffs relied on that representation in deciding not to bring the issue before the Court at that time. *See* Feb. 25, 2011 Email from P. Patterson to A. Worseck (Exhibit 9). The City failed

---

[6] The same is true of the City's response to our Rule 30(b)(6) deposition notice. That notice was originally served in early November 2010, yet the City claims that it still needs more time to identify witnesses for several topics as to which it has agreed to produce witnesses. At any rate, it is not true that on March 10, 2011 we issued a notice "of deposition for every topic listed in [our] Rule 30(b)(6) Notice," Doc. 95 at 6; rather, that notice sets dates for only a subset of those topics, *see* Doc. 95-1 at 28-29.

4

to meet this commitment, and it has the temerity to use this failure, along with Plaintiffs' efforts to depose the seven individuals the City has identified, as a purported basis for extending the discovery deadline. *See* Doc. 95 at 6.[7] It is true that during the weeks of February 28 and March 7 the City finally revealed some of the names responsive to Interrogatory No. 8, but the City has steadfastly refused to provide any dates when any of those witnesses would be available. *See, e.g.,* March 9, 2011 Email from M. Forti to D. Thompson et al. (Exhibit 11).

9. The City's additional arguments for extending the fact discovery deadline lack merit.

10. *Retention of Mayer Brown.* The City could have retained outside counsel to assist in its discovery obligations at any time in the past seven months. The fact that it has apparently waited until the 11th hour of fact discovery to do so cuts against, not in favor of, extending the discovery deadline.

11. *Resignation of Superintendent of Police Jody Weis.* News reports indicate that Superintendent Weis resigned on March 1, 2011. *See* Hal Dardick, *Weis Out as Police Supt.; Hilliard Back as Interim*, Chicago Tribune, March 1, 2011, *available at* http://www.chicagotribune.com/news/local/breaking/chibrknews-chicago-police-boss-weis-out-at-end-of-day-20110301,0,2600891.story. Plaintiffs surely cannot need four extra months to respond to discovery requests on the basis of a resignation that occurred six months into a seven-month fact discovery period. Indeed, the City's claim that Superintendent Weis's resignation has contributed to its failure to identify witnesses for several Rule 30(b)(6) deposition topics rings particularly hollow. *See* Doc. No. 95 at 5 (citing, *inter alia*, Topic Nos. 3, 7-10, and 17-18). Those topics were noticed over four months ago, and by January 25 the City had agreed to pro-

---

[7] In light of the City's Motion, Plaintiffs have re-noticed from this week to the week of March 21 the depositions of one of the individuals the City has identified in response to Interrogatory No. 8 and several of the Rule 30(b)(6) topics. *See* March 15, 2011 Ltr. of P. Patterson to W. Aguiar (Exhibit 10).

duce responsive witnesses. *See* Dec. 10, 2010 Ltr. from J. Panuccio to A. Worseck at 5-6 (Exhibit 12); Jan. 25, 2010 Ltr. from A. Worseck to J. Panuccio at 1-2 (Exhibit 13). Superintendent Weis's March 1 resignation simply cannot excuse the City's dilatory designation of Rule 30(b)(6) witnesses.

12. *The City's Counsel's Obligations in Other Challenges to the Ordinance and Other Matters*. The City asserts that the press of business in other matters means that it cannot complete its discovery obligations by the deadline established by this Court. But other than stating that it recently briefed a motion to dismiss in another case challenging Chicago's firearms ordinance, the City does not explain with any particularity why its other cases preclude it from meeting its discovery obligations in this one. And the City's retention of Mayer Brown demonstrates that it has the capacity to obtain outside assistance if it deems the burdens on it too great to meet internally. At any rate, as we have explained, the discovery obligations the City must meet are imposed by the Federal Rules, not simply by this Court's discovery cut-off, and granting the City's Motion will not relieve the City of the obligations imposed by the Rules.

13. In sum, the City has failed to justify its request for this Court to extend the fact discovery deadline by 120 days. To the extent this Court enters any extension of the fact discovery deadline, it should be limited to weeks, not months. And given focus of the City's motion on its outstanding discovery obligations, any such extension should be further limited to permitting the City to respond to our discovery requests.

**Expert Discovery**

14. The City does not purport to identify any reasons why expert discovery should be extended independent of those it claims support extending fact discovery. But there is an additional reason why expert discovery should not be extended: there is no need for expert testimony

6

to resolve this case. Expert testimony potentially would address the degree to which the challenged ordinance provisions advance the governmental interests they purportedly serve. Experts testifying on this subject would likely summarize the results of social scientific research, including social scientific research that is already referenced in the legislative testimony regarding the ordinance. It strikes us as an ill-advised use of party and judicial resources to expend time and effort on experts when the parties can simply cite and discuss this scholarly literature in their briefing.

      15. As a legal matter it is plain that there is no need for expert testimony on such matters. The degree to which social science data supports Chicago's gun restrictions is a broad social policy question, not a question specific to the parties to this suit. The issue is in other words a paradigmatic example of legislative fact, as opposed to adjudicative fact. *See Indiana H. B. R.R. Co. v. American Cyanamid Co.*, 916 F.2d 1174, 1182 (7th Cir. 1990) ("The distinction is between facts germane to the specific dispute, which often are best developed through testimony and cross-examination, and facts relevant to shaping a general rule, which … more often are facts reported in books and other documents not prepared specially for litigation or refined in its fires."); *Menora v. Illinois High School Ass'n*, 683 F.2d 1030, 1036 (7th Cir. 1982) ("Legislative facts are those general considerations that move a lawmaking or rulemaking body to adopt a rule, as distinct from the facts which determine whether the rule was correctly applied. … [A] fact that goes to the reasonableness of a rule or other enactment is a classic example of a legislative fact."). The Court thus has broad discretion in determining how to build a record on the issue. *See* Fed. R. Evid. 201, 1972 advisory committee note ("the view which should govern access to legislative facts … renders inappropriate any limitation in the form of indisputability, any formal requirements of notice other than those already inherent in affording opportunity to hear and be

7

heard and exchanging briefs, and any requirement of formal findings at any level"). Given the practical considerations we have outlined above, such a record would best be built by the parties citing relevant scholarly literature in briefing to this Court.

16. At any rate, even if this Court decides that expert testimony is appropriate in this case, the City has made no showing why expert discovery should be extended.

## CONCLUSION

For these reasons, the City's Motion should be denied.

Dated: March 16, 2011

Respectfully submitted,

Stephen Kolodziej
Atty. ID # 6216375
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn St., Suite 300
Chicago, IL 60602
Tel: (312) 781-1970
Fax: (312)781-9202
Email: skolodziej@brennerlawfirm.com

s/ Charles J. Cooper
Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com
*Admitted *pro hac vice*.
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Charles J. Cooper, hereby certify that on this 16th day of March, 2011, I caused a copy of the foregoing to be served by electronic filing on:

    Michael A. Forti
    Andrew W. Worseck
    Mardell Nereim
    Rebecca Alfert Hirsch
    William Macy Aguiar
    City of Chicago, Department of Law
    Constitutional and Commercial Litigation Division
    30 N. LaSalle St., Suite 1230
    Chicago, IL  60602

                                                  s/ Charles J. Cooper
                                                Charles J. Cooper