EXHIBIT 1

# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

Jesse Panuccio
jpanuccio@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

December 29, 2010

By First Class Mail and Email

Andrew Worseck
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL  60602
Email: andrew.worseck@cityofchicago.org

Re:  *Benson v. City of Chicago*, No. 10-4184 (N.D. Ill.)

Dear Drew,

Pursuant to Fed. R. Civ. P. Civ. P. 26(e), I write to supplement and correct Plaintiffs' Objections and Responses to Defendants' First Set of Requests for Production of Documents and First Set of Interrogatories.  I also write in response to Defendants' Notice of Subpoena on Tony Kole and Ghost Industries, LLC.

First, consistent with Plaintiffs' objections and responses to Request Nos. 1, 4, 5, and with my letter of November 30, 2010, please find enclosed a supplemental production for Plaintiffs Pacholski and Tyler, Bates stamped PLKTKP 000053-55.

Second, with respect to Interrogatory No. 13, new information has come to light that requires a correction to Plaintiff ILAFR's answer.  Tony Kole and Ghost Industries, LLC are no longer members of ILAFR.  Accordingly, the answer to Interrogatory No. 13 is hereby amended to delete the following:

"4)     Tony Kole
        Ghost Industries, LLC
        6528 N. Lakewood Ave., #4
        Chicago, IL  60626

        Registered Agent for Service of Process:
        Arthur E. Mertes
        730 Randolph, St.
        Suite 600

# Cooper & Kirk
### Lawyers

Andrew Worseck, Esq.
December 29, 2010
Page 2 of 2

Chicago, IL 60661."

Likewise, Plaintiffs' answer to Interrogatory No. 14 is hereby amended to delete the following: "30) Tony Kole." Because Ghost Industries and Mr. Kole are no longer members of ILAFR, and because Plaintiffs do not plan to call them as witnesses at trial, we assume Defendants will no longer seek to enforce the Rule 45 subpoenas relating to this entity and individual. Please let me know as soon as possible whether that assumption is correct. In any event, pursuant to your verbal confirmation, I have informed Mr. Kole that the January 4, 2011 deposition date has been postponed in light of the extension in the deadline for the close of fact discovery.

Sincerely,

Jesse Panuccio

Enclosures

Cc:  Michael Forti, Esq.
     William Aguiar, Esq.
     Rebecca Hirsch, Esq.
     David Thompson, Esq.
     Stephen Kolodziej, Esq.

# EXHIBIT 2

# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

1523 New Hampshire Avenue, N.W.

Washington, D.C. 20036

Pete Patterson
ppatterson@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

March 10, 2011

By First Class Mail and Email

Andrew Worseck
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL 60602
Email: andrew.worseck@cityofchicago.org

Re: *ILAFR v. City of Chicago*, No. 10-4184 (N.D. Ill.)

Dear Andrew,

It has come to our attention that Don Norton has retired from the firearms-dealing business. On Friday, March 4 an ATF agent audited Mr. Norton. The agent apparently raised issues with Mr. Norton's record-keeping and asked Mr. Norton to remedy those issues. Mr. Norton is 74 years old, and rather than going to the effort to correct his books, Mr. Norton opted to retire from dealing in firearms and thus voluntarily gave up his federal firearms license. He is also no longer a member of Plaintiff ILAFR. Given this turn of events, we no longer plan to rely upon any testimony from Mr. Norton or any documents in his possession for any purpose at any stage of this litigation. Nor does Mr. Norton have any information about any plans other ILAFR members may have to open shooting ranges or sell firearms in the City of Chicago.

Pursuant to Fed. R. Civ. P. 26(e), we thus supplement and correct Plaintiffs' Objections and Responses to Defendants' First Set of Requests for Production of Documents and First Set of Interrogatories accordingly. The answer to Interrogatory No. 13 is hereby amended to delete the following:

"3)    Donald R. Norton, Sr.
        Rt. 3
        Box 137
        Golconda, IL 62938"

Likewise, Plaintiffs' answer to Interrogatory No. 14 is hereby amended to delete the following:

"29) Donald R. Norton, Sr."

# Cooper & Kirk
### Lawyers

Andrew Worseck, Esq.
March 10, 2011
Page 2 of 2

Sincerely,

Pete Patterson

Cc:     Michael Forti, Esq.
        William Aguiar, Esq.
        Rebecca Hirsch, Esq.
        David Thompson, Esq.
        Stephen Kolodziej, Esq.
        Christian Ambler, Esq.

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ILLINOIS ASSOCIATION OF FIREARMS** | ) | |
| **RETAILERS, KENNETH PACHOLSKI,** | ) | |
| **KATHRYN TYLER, and MICHAEL HALL,** | ) | **No. 10-CV-4184** |
| | ) | **Judge Edmond E. Chang** |
| **Plaintiffs,** | ) | **Magistrate Judge Geraldine Soat** |
| | ) | **Brown** |
| **v.** | ) | |
| | ) | |
| **THE CITY OF CHICAGO and** | ) | |
| **RICHARD M. DALEY, Mayor of the** | ) | |
| **City of Chicago,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' THIRD SET OF**
**REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby

propound upon Defendants the following Requests for Production. Defendants are requested to

produce and/or permit the Plaintiffs to inspect and copy each of the requested documents that

may be in the Defendants' possession, custody, or control, or those which are in the possession,

custody, or control of Defendants' attorneys, agents, or representatives. Pursuant to Rule

34(b)(2)(A), Defendants' requested documents are to be produced within thirty days of service of

these Requests. Document production should be delivered to the offices of Cooper & Kirk,

PLLC, 1523 New Hampshire Ave., N.W., Washington, D.C. 20036, or at any other location and

time to which counsel mutually agree.

**DEFINITIONS**

As used herein, the following terms shall have the following meanings:

1

1.      "Defendants" refers to the City of Chicago ("the City") and Richard M. Daley, in his official capacity as Mayor of the City of Chicago, and all of the City's subdivisions, agencies and instrumentalities, including but not limited to the Chicago City Council, the Chicago City Council Committee on Police and Fire, the Office of the City Clerk of Chicago, the Office of the Mayor of the City of Chicago, the Chicago Police Department, and the Chicago Independent Police Review Authority.  The term "Defendants" also includes all officials, employees, agents, or representatives of Defendants.

2.      "Person" means and refers to not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local government or government agencies, offices, bureaus, departments, entities, including any court (or judge or other officer thereof); other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.  "Person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries.

3.      "Document(s)" should be construed in the broadest sense permissible, and includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, as well as all "communications" as defined below. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, electronic mail, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video

2

tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

4.      "Communication" means any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, electronic mail, voice mail, exchange, provision or relay of a document, or other occurrence whereby thoughts, opinions, data, or other information are transmitted between or among one or more persons, or through any photographic, mechanical, electrical or electronic device or devices for receiving, transmitting, or storing data or other information.

5.      The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

6.      The words or phrases "reflect," "refer," or "relate to"—or any tense or combination of those words or phrases—mean reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

3

7.     The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

8.     The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

9.     The word "each" shall be construed to include "every" and vice versa.

10.    The word "any" shall be construed to include "all" and vice versa.

11.    The present tense shall be construed to include the past tense and vice versa.

12.    The masculine shall be construed to include the feminine and vice versa.

13.    The "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

14.    The words "the present" mean the date on which Defendants respond to these requests.

15.    The term "the Ordinance" refers to the firearms ordinance (and all provisions and amendments thereof) passed by the Chicago City Council on July 2, 2010, including those provisions currently codified as Chicago Municipal Code §§ 2-14-132, 2-14-190, 2-84-075, 4-144-010, 4-144-061, 4-144-062, 4-144-065, 8-20-010, 8-20-020, 8-20-030, 8-20-035, 8-20-040, 8-20-050, 8-20-060, 8-20-070, 8-20-080, 8-20-085, 8-20-090, 8-20-100, 8-20-110, 8-20-120, 8-20-130, 8-20-140, 8-20-145, 8-20-150, 8-20-160, 8-20-170, 8-20-180, 8-20-185, 8-20-190, 8-20-200, 8-20-205, 8-20-210, 8-20-220, 8-20-230, 8-20-240, 8-20-250, 8-20-260, 8-20-270, 8-20-280, 8-20-290, 8-20-300, 8-16-090, 8-24-005, 8-24-010, 8-24-020, 8-24-021, 8-24-027, 8-26-010, 8-26-020, 8-26-030, 8-26-040, 8-26-050, 8-26-060, 8-26-070, 8-26-080, 8-26-090, 8-26-100, 8-26-110, or any past or future codification for the firearms ordinance that has been or shall

be used. The term "the Ordinance" also includes all drafts, earlier versions, precursors, or amendments in any way reflecting, referring, or relating to the firearms ordinance passed by the Chicago City Council on July 2, 2010.

16.     The terms "firearm," "handgun," and "long gun" have the meaning assigned to those terms in Chicago Municipal Code § 8-20-110.

### <u>GENERAL INSTRUCTIONS</u>

1.     Pursuant to Fed. R. Civ. P. 26(e)(1), these Requests are continuing in nature and Defendants shall provide supplemental answers and documents, which will augment or modify any answers contained in Defendants' responses.

2.     Each Request herein constitutes a request for each document referred to or a true, complete, and legible copy thereof.

3.     Each Request seeks documents that are in any way in Defendants' possession, custody, or control from any source, wherever situated, including, but not limited to, the files, records, and documents of investigators Defendants or their attorneys hired or directed, and all documents to which the Defendants have access, including all documents in the possession, custody, or control of contractors, experts, or consultants.

4.     A document is deemed to be in Defendants' "control" if Defendants or Defendants' attorneys have the right to secure the document or a copy thereof from another person or entity having actual possession of the document.

5.     If a requested document was, but no longer is, in Defendants' possession, custody, or control, Defendants shall identify the document, its current location, and the person who has possession, custody, or control of the document; if such information is unavailable, Defendants shall identify the last known location and person who had possession, custody, or control of the

5

document and explain the reason for and circumstances under which the document left Defendants' possession, custody, or control.

6.     If Defendants do not answer any Request or part thereof, on the basis of privilege, Defendants shall provide with respect to each such document the following:

     a.  The nature of the document (letter, memorandum, chart, picture, report, etc.);

     b.  The number of pages comprising the document and a description of any identifying marks or designations (*e.g.*, Bates numbers) if any, on the document;

     c.  The date of the document;

     d.  The name(s) of the author(s) and of any recipient(s) of the document;

     e.  The name and address of any person who is not included in response to subpart (d) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the document; and

     f.  The nature of the privilege asserted.

7.     For each Request or part of a Request that Defendants refuse to answer on grounds of burdensomeness, Defendants shall explain in as much detail as possible the basis for its contention.

8.     If Defendants object to any Request, or portion of a Request herein, Defendants must produce all documents covered by the Request, or portion of the request, not subject to the objection. Similarly, if Defendants object to production of a document, Defendants must produce the parts of the document that are not subject to objection, redacting and clearly indicating the parts of the document that are subject to the objection.

9.     Defendants shall produce all documents as they are kept in the usual course of business and label them to correspond to the categories in the request.

10.     Defendant must produce all responsive documents in their original format.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 42:** Please produce all documents that Jody

Weis, the Superintendent of the Chicago Police Department, relied on, considered, used or

contemplated in connection with preparing or delivering his testimony at (i) the June 29, 2010

meeting of the Chicago City Council Committee on Police and Fire and (ii) the July 1, 2010

meeting of the Chicago City Council Committee on Police and Fire.

**REQUEST FOR PRODUCTION NO. 43:** Please produce all documents that Ernest

Brown, the Acting Deputy Superintendent of the Bureau of Patrol for the Chicago Police

Department, relied on, considered, used or contemplated in connection with preparing or

delivering his testimony at the June 29, 2010 meeting of the Chicago City Council Committee on

Police and Fire.

Dated: February 15, 2011                        Respectfully submitted,

                                                By: _Stephen A Kolodziej_

Stephen Kolodziej                               Charles J. Cooper*
Atty. ID # 6216375                              David H. Thompson*
BRENNER FORD MONROE & SCOTT LTD.                Peter A. Patterson*
33 N. Dearborn St., Suite 300                   COOPER & KIRK, PLLC
Chicago, IL  60602                              1523 New Hampshire Ave., NW
Tel: (312) 781-1970                             Washington, D.C.  20036
Fax: (312)781-9202                              Tel: (202) 220-9600
Email: skolodziej@brennerlawfirm.com            Fax: (202) 220-9601
                                                Email: ccooper@cooperkirk.com

                                                *Admitted *pro hac vice*
                                                *Counsel for Plaintiffs*

7

## CERTIFICATE OF SERVICE

I, Stephen Kolodziej, hereby certify that on this 15th day of February, 2011, I caused a copy of the foregoing to be served by delivery to the offices of:

Mara S. Georges
Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
William Macy Aguiar
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

Stephen Kolodziej

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ILLINOIS ASSOCIATION OF FIREARMS** | ) | |
| **RETAILERS, KENNETH PACHOLSKI,** | ) | **Civil Action No. 10-cv-04184** |
| **KATHRYN TYLER, and MICHAEL HALL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Judge Edmond E. Chang** |
| | ) | |
| **v.** | ) | **Magistrate Judge Geraldine Soat** |
| | ) | **Brown** |
| **THE CITY OF CHICAGO and** | ) | |
| **RICHARD M. DALEY, Mayor of the** | ) | |
| **City of Chicago,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby propound upon Defendants the following Request for Production. Defendants are requested to produce and/or permit the Plaintiffs to inspect and copy each of the requested documents that may be in the Defendants' possession, custody, or control, or those which are in the possession, custody, or control of Defendants' attorneys, agents, or representatives. Pursuant to Rules 33(b)(2) and 34(b)(2)(A), Defendants' requested documents are to be produced within thirty days of service of this Requests. Document production should be delivered to the offices of Cooper & Kirk, PLLC, 1523 New Hampshire Ave., N.W., Washington, D.C. 20036, or at any other location and time to which counsel mutually agree.

## DEFINITIONS

As used herein, the following terms shall have the following meanings:

1.      "Defendants" refers to the City of Chicago ("the City") and Richard M. Daley, in his official capacity as Mayor of the City of Chicago, and all of the City's subdivisions, agencies and instrumentalities, including but not limited to the Chicago City Council, the Chicago City Council Committee on Police and Fire, the Office of the City Clerk of Chicago, the Office of the Mayor of the City of Chicago, the Chicago Police Department, and the Chicago Independent Police Review Authority.  The term "Defendants" also includes all officials, employees, agents, or representatives of Defendants.

2.      "Person" means and refers to not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local government or government agencies, offices, bureaus, departments, entities, including any court (or judge or other officer thereof); other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.  "Person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries.

3.      "Document(s)" should be construed in the broadest sense permissible, and includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, as well as all "communications" as defined below. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, electronic mail, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video

2

tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

4. "Communication" means any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, electronic mail, voice mail, exchange, provision or relay of a document, or other occurrence whereby thoughts, opinions, data, or other information are transmitted between or among one or more persons, or through any photographic, mechanical, electrical or electronic device or devices for receiving, transmitting, or storing data or other information.

5. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

6. The words or phrases "reflect," "refer," or "relate to"—or any tense or combination of those words or phrases—mean reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

3

7.      The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

8.      The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

9.      The word "each" shall be construed to include "every" and vice versa.

10.     The word "any" shall be construed to include "all" and vice versa.

11.     The present tense shall be construed to include the past tense and vice versa.

12.     The masculine shall be construed to include the feminine and vice versa.

13.     The "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

14.     The words "the present" mean the date on which Defendants respond to these requests.

15.     The term "the Ordinance" refers to the firearms ordinance (and all provisions and amendments thereof) passed by the Chicago City Council on July 2, 2010, including those provisions currently codified as Chicago Municipal Code §§ 2-14-132, 2-14-190, 2-84-075, 4-144-010, 4-144-061, 4-144-062, 4-144-065, 8-20-010, 8-20-020, 8-20-030, 8-20-035, 8-20-040, 8-20-050, 8-20-060, 8-20-070, 8-20-080, 8-20-085, 8-20-090, 8-20-100, 8-20-110, 8-20-120, 8-20-130, 8-20-140, 8-20-145, 8-20-150, 8-20-160, 8-20-170, 8-20-180, 8-20-185, 8-20-190, 8-20-200, 8-20-205, 8-20-210, 8-20-220, 8-20-230, 8-20-240, 8-20-250, 8-20-260, 8-20-270, 8-20-280, 8-20-290, 8-20-300, 8-16-090, 8-24-005, 8-24-010, 8-24-020, 8-24-021, 8-24-027, 8-26-010, 8-26-020, 8-26-030, 8-26-040, 8-26-050, 8-26-060, 8-26-070, 8-26-080, 8-26-090, 8-26-100, 8-26-110, or any past or future codification for the firearms ordinance that has been or shall

4

be used. The term "the Ordinance" also includes all drafts, earlier versions, precursors, or amendments in any way reflecting, referring, or relating to the firearms ordinance passed by the Chicago City Council on July 2, 2010.

16.     The terms "firearm," "handgun," and "long gun" have the meaning assigned to those terms in Chicago Municipal Code § 8-20-110.

## GENERAL INSTRUCTIONS

1.      Pursuant to Fed. R. Civ. P. 26(e)(1), these Requests and Interrogatories are continuing in nature and Defendants shall provide supplemental answers and documents, which will augment or modify any answers contained in Defendants' responses.

2.      Each Request herein constitutes a request for each document referred to or a true, complete, and legible copy thereof.

3.      Each Request seeks documents that are in any way in Defendants' possession, custody, or control from any source, wherever situated, including, but not limited to, the files, records, and documents of investigators Defendants or their attorneys hired or directed, and all documents to which the Defendants have access, including all documents in the possession, custody, or control of contractors, experts, or consultants.

4.      A document is deemed to be in Defendants' "control" if Defendants or Defendants' attorneys have the right to secure the document or a copy thereof from another person or entity having actual possession of the document.

5.      If a requested document was, but no longer is, in Defendants' possession, custody, or control, Defendants shall identify the document, its current location, and the person who has possession, custody, or control of the document; if such information is unavailable, Defendants shall identify the last known location and person who had possession, custody, or control of the

5

document and explain the reason for and circumstances under which the document left Defendants' possession, custody, or control.

6.     If Defendants do not answer any Request or part thereof, on the basis of privilege, Defendants shall provide with respect to each such document the following:

> a. The nature of the document (letter, memorandum, chart, picture, report, etc.);
>
> b. The number of pages comprising the document and a description of any identifying marks or designations (*e.g.*, Bates numbers) if any, on the document;
>
> c. The date of the document;
>
> d. The name(s) of the author(s) and of any recipient(s) of the document;
>
> e. The name and address of any person who is not included in response to subpart (d) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the document; and
>
> f. The nature of the privilege asserted.

7.     For each Request or part of a Request that Defendants refuse to answer on grounds of burdensomeness, Defendants shall explain in as much detail as possible the basis for its contention.

8.     If Defendants object to any Request, or portion of a Request herein, Defendants must produce all documents covered by the Request, or portion of the request, not subject to the objection. Similarly, if Defendants object to production of a document, Defendants must produce the parts of the document that are not subject to objection, redacting and clearly indicating the parts of the document that are subject to the objection.

9.     Defendants shall produce all documents as they are kept in the usual course of business and label them to correspond to the categories in the request.

10. Defendant must produce all responsive documents in their original format.

11. When an Interrogatory asks Defendants to "describe" or "identify" a document or other item, provide the following with respect to each document or item, if applicable:

    a. the date appearing on or pertaining to the document or item; or, if it has no date, so state and give the date or approximate date such document or item was prepared, produced, created, occurred, or came into being;

    b. any identifying or descriptive code or number, file number, title, or label of such document or other item;

    c. the general nature or description of the document or other item;

    d. the name of the person(s) who signed, authored, produced, or created the document or other item;

    e. the name of the person(s) to whom such document or other item was addressed and the name of each such person other than the addressee to whom such document or other item, or copy or reproduction thereof, was given or sent;

    f. the name of the person or entity having present possession, custody, or control of such document or other item, and the present location of such document or other item;

    g. if such document or other item was, but no longer is, in the possession, custody, or control of Defendants, state what disposition was made of such document or other item, the reason for such disposition, and the date thereof;

    h. whether any draft, copy, or reproduction of such document or other time contains any script, notation, change, addendum, or the like, not appearing on

such document itself, and if so, provide the description and identification of each such draft, copy, or reproduction in accordance with these instructions.

12.     When an Interrogatory requests Defendants to provide the "name" of, or to "identify" or "describe," a person, the answer shall contain the following information with respect to each such person: full name, current or last known business and home addresses, business and home telephone numbers, and email address.

13.     In answering each Interrogatory, furnish all information available to Defendants that is relevant or that might lead to the discovery of relevant evidence, including information in the possession of Defendants' attorneys, or their investigators, and all persons acting on Defendants' behalf, including but not limited to Defendants' employees, agents, officers, or representatives. If Defendants are unable to answer an Interrogatory in full after exercising due diligence to supply a complete answer, so state and answer to the extent possible. Specify the reasons for Defendants' inability to answer and state whatever information or knowledge Defendants have concerning the unanswered portions.

14.     If any Interrogatory is objected to on the grounds of overbreadth, specifically state the manner in which it is overly broad and respond to the interrogatory as narrowed to conform to such objection.

15.     In no event is an answer to be left blank. If the answer to an Interrogatory is "none," "unknown," or "not applicable," such statement should be written in the answer.

16.     If Defendants do not answer any Interrogatory or part thereof, on the basis of privilege, Defendants shall state the following: (a) the date of the communication for which the privilege is claimed; (b) the author(s) of the communication; (c) the business or legal title or position of its author(s); (d) the recipient(s) or addree(s) of the communication and his or her

8

business or legal title or position; (e) the subject matter of the information requested or the document withheld; and (f) the nature of the privilege asserted and the basis upon which it is claimed.

17.     If Defendants refuse to answer an Interrogatory on grounds of burdensomeness, Defendants shall explain in as much detail as possible the basis for their contention.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 42:** Please produce all documents that tend to support or refute any one of your responses to Plaintiffs' Requests for Admission Nos. 1-42, propounded on February 28, 2011, that is not an unequivocal admission.

Dated: February 28, 2011                        Respectfully submitted,

By: _____

Stephen Kolodziej                               Charles J. Cooper*
Atty. ID # 6216375                              David H. Thompson*
BRENNER FORD MONROE & SCOTT LTD.                Jesse Panuccio*
33 N. Dearborn St., Suite 300                   COOPER & KIRK, PLLC
Chicago, IL  60602                              1523 New Hampshire Ave., NW
Tel: (312) 781-1970                             Washington, D.C.  20036
Fax: (312)781-9202                              Tel: (202) 220-9600
Email: skolodziej@brennerlawfirm.com            Fax: (202) 220-9601
                                                Email: ccooper@cooperkirk.com


                                                Brian S. Koukoutchos*
                                                28 Eagle Trace
                                                Mandeville, LA  70471
                                                Tel: (985) 626-5052
                                                bkoukoutchos@gmail.com

                                                *Admitted *pro hac vice*

                                                *Counsel for Plaintiffs*

9

## CERTIFICATE OF SERVICE

I, Megan Smith, hereby certify that on this 28th day of February, 2011, I caused a copy of

the foregoing to be served by electronic mail, first-class United States mail, and hand delivery

on:

> Mara S. Georges
> Michael A. Forti
> Andrew W. Worseck
> Rebecca Alfert Hirsch
> William Macy Aguiar
> City of Chicago, Department of Law
> Constitutional and Commercial Litigation Division
> 30 N. LaSalle St., Suite 1230
> Chicago, IL 60602

Megan Smith

EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRETT BENSON, RAYMOND SLEDGE,** | ) | |
| **KENNETH PACHOLSKI, KATHRYN TYLER,** | ) | |
| **MICHAEL HALL SR., RICK PERE,** | ) | |
| **and the ILLINOIS ASSOCATION OF** | ) | |
| **FIREARMS RETAILERS,** | ) | |
| | ) | |
| | ) | **No. 10-CV-4184** |
| **Plaintiffs,** | ) | **Judge Ronald A. Guzman** |
| | ) | **Magistrate Judge Geraldine Soat** |
| **v.** | ) | **Brown** |
| | ) | |
| **THE CITY OF CHICAGO and** | ) | |
| **RICHARD M. DALEY, Mayor of the** | ) | |
| **City of Chicago,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby

propound upon Defendants the following Requests for Production.  Defendants are requested to

produce and/or permit the Plaintiffs to inspect and copy each of the requested documents that

may be in the Defendants' possession, custody, or control, or those which are in the possession,

custody, or control of Defendants' attorneys, agents, or representatives.  Pursuant to Rule

34(b)(2)(A), Defendants' requested documents are to be produced within thirty days of service of

these requests.  This production should be made to the offices of Cooper & Kirk, PLLC, 1523

New Hampshire Ave., N.W., Washington, D.C. 20036, or at any other location and time to

which counsel mutually agree.

**DEFINITIONS**

As used herein, the following terms shall have the following meanings:

1

1.      "Defendants" refers to the City of Chicago ("the City") and Richard M. Daley, in his official capacity as Mayor of the City of Chicago, and all of the City's subdivisions, agencies and instrumentalities, including but not limited to the Chicago City Council, the Chicago City Council Committee on Police and Fire, the Office of the City Clerk of Chicago, the Office of the Mayor of the City of Chicago, the Chicago Police Department, and the Chicago Independent Police Review Authority.  The term "Defendants" also includes all officials, employees, agents, or representatives of Defendants.

2.      "Person" means and refers to not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local government or government agencies, offices, bureaus, departments, entities, including any court (or judge or other officer thereof); other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.  "Person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries.

3.      "Document(s)" should be construed in the broadest sense permissible, and includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, as well as all "communications" as defined below. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, electronic mail, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video

tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

4. "Communication" means any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, electronic mail, voice mail, exchange, provision or relay of a document, or other occurrence whereby thoughts, opinions, data, or other information are transmitted between or among one or more persons, or through any photographic, mechanical, electrical or electronic device or devices for receiving, transmitting, or storing data or other information.

5. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

6. The words or phrases "reflect," "refer," or "relate to"—or any tense or combination of those words or phrases—mean reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

7.      The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

8.      The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

9.      The word "each" shall be construed to include "every" and vice versa.

10.     The word "any" shall be construed to include "all" and vice versa.

11.     The present tense shall be construed to include the past tense and vice versa.

12.     The masculine shall be construed to include the feminine and vice versa.

13.     The "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

14.     The words "the present" mean the date on which Defendants respond to these requests.

15.     The term "the Ordinance" refers to the firearms ordinance (and all provisions and amendments thereof) passed by the Chicago City Council on July 2, 2010, including those provisions currently codified as Chicago Municipal Code §§ 2-14-132, 2-14-190, 2-84-075, 4-144-010, 4-144-061, 4-144-062, 4-144-065, 8-20-010, 8-20-020, 8-20-030, 8-20-035, 8-20-040, 8-20-050, 8-20-060, 8-20-070, 8-20-080, 8-20-085, 8-20-090, 8-20-100, 8-20-110, 8-20-120, 8-20-130, 8-20-140, 8-20-145, 8-20-150, 8-20-160, 8-20-170, 8-20-180, 8-20-185, 8-20-190, 8-20-200, 8-20-205, 8-20-210, 8-20-220, 8-20-230, 8-20-240, 8-20-250, 8-20-260, 8-20-270, 8-20-280, 8-20-290, 8-20-300, 8-16-090, 8-24-005, 8-24-010, 8-24-020, 8-24-021, 8-24-027, 8-26-010, 8-26-020, 8-26-030, 8-26-040, 8-26-050, 8-26-060, 8-26-070, 8-26-080, 8-26-090, 8-26-100, 8-26-110, or any past or future codification for the firearms ordinance that has been or shall

be used. The term "the Ordinance" also includes all drafts, earlier versions, precursors, or amendments in any way reflecting, referring, or relating to the firearms ordinance passed by the Chicago City Council on July 2, 2010.

16. The terms "firearm," "handgun," and "long gun" have the meaning assigned to those terms in Chicago Municipal Code § 8-20-110.

17. "The litigation in *District of Columbia v. Heller*," refers to *Parker et al. v. District of Columbia*, No. 1:03-cv-00213 (D.D.C., filed Feb. 10, 2003), and all appeals and proceedings related thereto.

18. "The litigation in *McDonald v. Chicago*," refers to *McDonald et al. v. City of Chicago et al.*, No. 1:08-cv-03645 (N.D. Ill., filed June 26, 2008), and all appeals and proceedings related thereto.

19. "The litigation in *NRA v. Chicago*," refers to *NRA, et al. v. City of Chicago et al.*, No. 1:08-cv-03697, (N.D. Ill. filed June 27, 2008), and all appeals and proceedings related thereto.

## <u>GENERAL INSTRUCTIONS</u>

1. Pursuant to Fed. R. Civ. P. 26(e)(1), these production requests are continuing in nature and Defendants shall provide supplemental answers and documents, which will augment or modify any answers contained in Defendants' responses.

2. Each request herein constitutes a request for each document referred to or a true, complete, and legible copy thereof.

3. Each request seeks documents that are in any way in Defendants' possession, custody, or control from any source, wherever situated, including, but not limited to, the files, records, and documents of investigators Defendants or their attorneys hired or directed, and all

documents to which the Defendants have access, including all documents in the possession, custody, or control of contractors, experts, or consultants.

4.      A document is deemed to be in Defendants' "control" if Defendants or Defendants' attorneys have the right to secure the document or a copy thereof from another person or entity having actual possession of the document.

5.      If a requested document was, but no longer is, in Defendants' possession, custody, or control, Defendants shall identify the document, its current location, and the person who has possession, custody, or control of the document; if such information is unavailable, Defendants shall identify the last known location and person who had possession, custody, or control of the document and explain the reason for and circumstances under which the document left Defendants' possession, custody, or control.

6.      If Defendants do not answer any document request or part thereof, on the basis of privilege, Defendants shall provide with respect to each such document the following:

     a.  The nature of the document (letter, memorandum, chart, picture, report, etc.);

     b.  The number of pages comprising the document and a description of any identifying marks or designations (*e.g.*, Bates numbers) if any, on the document;

     c.  The date of the document;

     d.  The name(s) of the author(s) and of any recipient(s) of the document;

     e.  The name and address of any person who is not included in response to subpart (d) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the document; and

     f.  The nature of the privilege asserted.

7.      For each request or part of a request that Defendants refuse to answer on grounds of burdensomeness, Defendants shall explain in as much detail as possible the basis for its contention.

8.      If Defendants object to any request, or portion of a request herein, Defendants must produce all documents covered by the request, or portion of the request, not subject to the objection.  Similarly, if Defendants object to production of a document, Defendants must produce the parts of the document that are not subject to objection, redacting and clearly indicating the parts of the document that are subject to the objection.

9.      Defendants shall produce all documents as they are kept in the usual course of business and label them to correspond to the categories in the request.

10.     Defendant must produce all responsive documents in their original format.

## SPECIFIC INSTRUCTIONS CONCERNING REQUESTS FOR STATISTICS

1.      If a request seeks documents reflecting statistics categorized in a particular manner and Defendants do not possess or control any document with the categorization requested, or documents that collectively will yield the categorization requested, Defendants should produce all documents that reflect, refer, or relate to the most specific statistics or data available that are partially or fully responsive to the request.  By way of example only, if a request were to seek all documents related to annual crimes against persons categorized by gender and age of the victim, and Defendants do not possess documents showing these victim characteristics of gender and age, Defendants should produce all documents showing annual crimes against persons.

2.      If a document request seeks documents "necessary and sufficient to relate, demonstrate, or show" a particular fact or statistic and Defendants do not possess or control such

documents necessary and sufficient to respond in full, then Defendants should produce any and all documents reflecting, referring to, or relating to the fact or statistic that is the subject matter of the request.

3.      If a request seeks crime data or statistics, such data or statistics should include, if available, separate measurements of (i) reports to, or knowledge of, the Chicago Police Department and excluding complaints found to be unfounded, false, or baseless; and (ii) clearances of offenses (defined as one or more persons having been charged and turned over for prosecution for that offense). If such measures of data or statistics are not available, the Defendants should produce data or statistics in the form in which they are available.

## <u>REQUESTS FOR PRODUCTION</u>

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents in Defendants' possession, custody, or control (including but not limited to documents in the possession, custody, or control of City Council Aldermen, Mayor Daley, or the staff or employees of the City Council, Aldermen, or Mayor Daley) reflecting, referring, or relating to the Ordinance, including but not limited to emails, reports, correspondence, meeting notes, and memoranda.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents reflecting, referring to, relating to, constituting, comprising, or introduced as part of the legislative process and/or history that led to passage of the Ordinance. This request includes but is not limited to all documents reflecting, referring to, relating to, or introduced at any meeting or hearing of the City Council or a committee of the City Council including but not limited to (i) the meetings of the Police and Fire Committee held on June 8, 18, and 28, 2010, and (ii) the meetings referred to by Defendants' counsel at the September 1, 2010 hearing before Judge Guzman, *see* Tr. of Hr'g of Sept. 1, 2010 at 15 ("[T]here were three days of testimony before the City [C]ouncil before the

city enacted the … gun law.  So there is a record.").  This request also includes but is not limited to (i) transcripts, recordings, or records of all meetings and/or hearings in any way related to the Ordinance, and (ii) correspondence, email, or other communications with any person who was a witness at any meeting or hearing in any way related to the Ordinance.

**REQUEST FOR PRODUCTION NO. 3**: Please produce all documents reflecting, referring to, relating to, constituting, comprising, or introduced at any meeting or hearing of the Chicago City Council or a committee of the Chicago City Council occurring after July 2, 2010, and concerning firearms regulations in the City of Chicago.

**REQUEST FOR PRODUCTION NO. 4**:  Please produce all documents in Defendants' possession, custody, or control (including communications or correspondence) reflecting, referring to, or relating to any involvement the Joyce Foundation had in, or relationship between the Joyce Foundation and, (i) the Ordinance, (ii) the litigation in *District of Columbia v. Heller*, (iii) the litigation in *McDonald v. Chicago*, or (iv) the litigation in *NRA v. Chicago*.

**REQUEST FOR PRODUCTION NO. 5:** Please produce documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the number and type (including whether with a weapon and the kind of weapon at issue) of crimes in Chicago occurring annually in or on (i) residential yards, (ii) residential garages, (iii) residential porches, (iv) common areas of apartment and condominium complexes, (v) other areas of residential homes, broken down by room, (vi) fixed places of business (including parking lots and garages) broken down by type of business, (vii) non-fixed places of business (e.g., vending trucks, vehicles of traveling service providers such as plumbers and electricians), and (viii) streets and sidewalks, for the period from 1970 to present.  For crimes involving bodily assault or harm to a victim, include documents necessary and sufficient to relate, demonstrate, or show the

age and gender of the victim.

**REQUEST FOR PRODUCTION NO. 6:** Please produce documents in Defendants'
possession, custody, or control necessary and sufficient to relate, demonstrate, or show the
number of criminal offenses, categorized by type of offense (including whether with a weapon
and the kind of weapon at issue), occurring annually in Chicago for the period from 1970 to
present.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all documents in Defendants'
possession, custody, or control reflecting, referring to, or relating to the relationship between
lawful possession of more than one operable handgun and (i) the commission of crimes and/or
(ii) the incidence of accidental shootings with those handguns, for the period from 1970 to
present.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all documents in Defendants'
possession, custody, or control reflecting, referring to, or relating to the number, name, and
contact information of all (i) firearms retailers, firearms dealers, firearms shops, firearms
wholesalers, and firearms stores, and (ii) all firearms firing ranges legally permitted to operate in
Chicago for any purpose, for the period from 1970 to present.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents in Defendants'
possession, custody, or control reflecting, referring to, or relating to data suggesting or showing
that the presence of firearms ranges has (i) caused or been related to the incidence of gun-related
crime or accidental shootings, and/or (ii) caused or been related to proficient and safe handling of
firearms.  Subpart (i) of this request includes but is not limited to documents (including but not
limited to reports, studies, or other data) reflecting, referring, or relating to the incidence of (i)
crimes occurring at, originating at, or related to firearms ranges located in Chicago or anywhere

in the United States, and (ii) accidental shootings occurring at, originating at, or related to firearms ranges located in Chicago or anywhere else in the United States.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the average time elapsed from the time an emergency 911 call reports a crime on or in a residential and/or business property to the time first responders report to the scene of the reported incident, for the period from 1990 to present. This request includes but is not limited to documents that categorize or otherwise relate response times by geographic subdivisions of the City.

**REQUEST FOR PRODUCTION NO. 11:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the number of handguns possessed in Chicago annually—by persons other than security personnel, law enforcement personnel, or military personnel possessing handguns for official security, law-enforcement, or military purposes—categorized by lawful and unlawful ownership, for the period from 1970 to present.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the percentage and total number of handguns involved in criminal activity or accidental shootings on a yearly basis, where such handguns were lawfully possessed (by grandfathering or other means) in households in the City (by persons other than security personnel, law enforcement personnel, or military personnel for security, law-enforcement, or military purposes) following the enactment of the 1982 ban on possession (former Chicago Municipal Code §§ 8-20-040(a), -050(c)), for the period from 1982 to present. For any incidents of

11

criminal activity involving the lawfully owned handguns referenced in this request, please also produce all police reports, criminal judgments, or other files or information reflecting, referring to, or relating to these incidents.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to all discovery received or produced by the City of Chicago in *Ezel v. City of Chicago*, No. 10-05135 (N.D. Ill., filed Aug. 16, 2010), and/or *Second Amendment Arms v. City of Chicago*, No. 10-04257 (N.D. Ill., filed July 7, 2010), including but not limited to documents, interrogatory answers, deposition transcripts, and responses to requests for admission.

**REQUEST FOR PRODUCTION NO. 14:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to City customs, policies, and/or practices concerning firearms training. This request includes but is not limited to documents reflecting, referring to, or relating to range training required for Chicago police officers, any other City personnel, and/or any private security personnel permitted to operate within the City.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual (i) total number of adults 21 years of age or older who reside(d) in Chicago, (ii) total number of such persons who possessed a valid Illinois drivers license, (iii) total number of registered automobiles in Chicago, and (iv) total number of persons who did not own, or otherwise keep in the City, an automobile, for the period from 1990 to present.

**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or

show the number of handgun-related crimes on an annual basis committed by persons unlawfully possessing handguns in the City, for the period from 1970 to present, categorized by type of crime.

**REQUEST FOR PRODUCTION NO. 17:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the number of handgun-related crimes on an annual basis committed by persons unlawfully possessing handguns in the City under federal law, for the period from 1970 to present, categorized by type of crime.

**REQUEST FOR PRODUCTION NO. 18:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual (i) total number of firearm-related crimes committed in homes in the City, and (ii) total number of firearm-related crimes committed in homes in the City by persons who were not owners of, residents of, or invitees in the home, for the period from 1970 to present.

**REQUEST FOR PRODUCTION NO. 19:**  Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual (i) total number of handgun-related crimes committed in homes in the City, and (ii) total number of handgun-related crimes in homes in the City by persons who were not owners of, residents of, or invitees in the home, for the period from 1970 to the present.

**REQUEST FOR PRODUCTION NO. 20:**  Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the annual total number of defensive gun uses in the City—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated (or were attempted to be ameliorated) in any way by use of a firearm—by security, law enforcement, or military personnel for the period

from 1970 to present.

**REQUEST FOR PRODUCTION NO. 21:**  Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the annual total number of defensive gun uses in the City—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated (or were attempted to be ameliorated) in any way by use of a firearm—for the period from 1970 to present, regardless of whether the firearm defensively used was lawfully possessed and excluding uses by security, law enforcement, or military personnel acting in an official capacity.

**REQUEST FOR PRODUCTION NO. 22:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring, or relating to the annual total number of defensive handgun uses in the City—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated (or were attempted to be ameliorated) in any way by use of a handgun—by persons lawfully possessing handguns for the period from 1970 to present but excluding security, law enforcement, or military personnel acting in an official capacity.

**REQUEST FOR PRODUCTION NO. 23:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the annual total number of defensive long gun uses in the City—that is, crimes against persons or property that were deterred, stopped, prevented, or otherwise ameliorated (or were attempted to be ameliorated) in any way by use of a long gun—by persons lawfully possessing long guns for the period from 1970 to present but excluding security, law enforcement, or military personnel acting in an official capacity.

**REQUEST FOR PRODUCTION NO. 24:** Please produce all documents in

Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual total population of the City, categorized by age, for the period from 1970 to present.

**REQUEST FOR PRODUCTION NO. 25:** Please produce all documents in Defendants' possession, custody, or control necessary and sufficient to relate, demonstrate, or show the annual total number of accidental shootings in the City of Chicago, categorized by (i) shootings with long guns and handguns, and (ii) whether the firearm was lawfully or unlawfully possessed, for the period from 1970 to present.

**REQUEST FOR PRODUCTION NO. 26:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the City's definition of "fixed placed of business" as that term is used in Chicago Municipal Code § 8-20-030.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to the City's definition of "assembled and operable" as that term is used in Chicago Municipal Ordinance § 8-20-040.

**REQUEST FOR PRODUCTION NO. 28:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any compelling interest, justification, or reason the City had for enacting the provisions of the Ordinance that are challenged in Plaintiffs' First Amended Complaint. This request includes but is not limited to all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any and all compelling interests, justifications, or reasons the City had for enacting the requirement that persons applying for a Chicago Firearms Permit obtain "an affidavit signed by a

15

firearm instructor certified by the State of Illinois … attesting that the applicant has completed a firearm safety and training course, which, at a minimum provides one hour of range training."

**REQUEST FOR PRODUCTION NO. 29:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any substantial interest, justification, or reason the City had for enacting the provisions of the Ordinance that are challenged in Plaintiffs' First Amended Complaint. This request includes but is not limited to all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any and all substantial interests, justifications, or reasons the City had for enacting the requirement that persons applying for a Chicago Firearms Permit obtain "an affidavit signed by a firearm instructor certified by the State of Illinois … attesting that the applicant has completed a firearm safety and training course, which, at a minimum provides one hour of range training."

**REQUEST FOR PRODUCTION NO. 30:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to any rational basis the City had for enacting the provisions of the Ordinance that are challenged in Plaintiffs' First Amended Complaint. This request includes but is not limited to all documents in Defendants' possession, custody, or control reflecting, referring, or relating to any and all rational bases the City had for enacting the requirement that persons applying for a Chicago Firearms Permit obtain "an affidavit signed by a firearm instructor certified by the State of Illinois … attesting that the applicant has completed a firearm safety and training course, which, at a minimum provides one hour of range training."

**REQUEST FOR PRODUCTION NO. 31:** Please produce all documents in Defendants' possession, custody, or control reflecting, referring to, or relating to how the provisions of the Ordinance that are challenged in Plaintiffs' First Amended Complaint are

16

tailored to serve or otherwise further the City's (i) compelling interests, justifications, or reasons for enacting those provisions, (ii) substantial interests, justifications, or reasons for enacting those provisions, and/or (iii) rational bases for enacting those provisions.

**REQUEST FOR PRODUCTION NO. 32:** Please produce all documents in Defendants' possession, custody, or control (including but not limited to documents in the possession, custody, or control of City Council Aldermen, Mayor Daley, or the staff or employees of the City Council, Aldermen, or Mayor Daley) reflecting, referring to, or relating to litigation concerning the Second Amendment (such as *McDonald v. Chicago* or *NRA v. Chicago*) created, transmitted, sent, or received since January 1, 2007, including but not limited to emails, reports, correspondence, meeting notes, and memoranda. This request does not include documents privileged under the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 33:** Please produce all documents in Defendants' possession, custody, or control that Defendants will use to defend the provisions of the Ordinance challenged in Plaintiffs' First Amended Complaint, as well as any documents reflecting, referring to, or relating to such documents.

Respectfully submitted,

By: _____

Stephen Kolodziej
Atty. ID # 6216375
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn St., Suite 300
Chicago, IL 60602
Tel: (312) 781-1970
Fax: (312)781-9202
Email: skolodziej@brennerlawfirm.com

Charles J. Cooper*
David H. Thompson*
Jesse Panuccio*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

17

Brian S. Koukoutchos*
28 Eagle Trace
Mandeville, LA  70471
Tel: (985) 626-5052
bkoukoutchos@gmail.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Jesse Panuccio, hereby certify that on this 16th day of September, 2010, I

caused a copy of the foregoing to be served by first-class United States mail on:

Mara S. Georges
William Macy Aguiar
Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

Jesse Panuccio

EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRETT BENSON, KENNETH PACHOLSKI,** | ) | |
| **KATHRYN TYLER, MICHAEL HALL SR.,** | ) | |
| **RICK PERE, and the ILLINOIS ASSOCATION** | ) | |
| **OF FIREARMS RETAILERS,** | ) | **No. 10-CV-4184** |
| | ) | **Judge Ronald A. Guzman** |
| **Plaintiffs,** | ) | **Magistrate Judge Geraldine Soat** |
| | ) | **Brown** |
| **v.** | ) | |
| | ) | |
| **THE CITY OF CHICAGO and** | ) | |
| **RICHARD M. DALEY, Mayor of the** | ) | |
| **City of Chicago,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION AND INTERROGATORIES**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiffs

hereby propound upon Defendants the following Requests for Production and Interrogatories.

Defendants are requested to produce and/or permit the Plaintiffs to inspect and copy each of the

requested documents that may be in the Defendants' possession, custody, or control, or those

which are in the possession, custody, or control of Defendants' attorneys, agents, or

representatives.  Defendants are further requested to answer fully, in writing and under oath,

each of the following Interrogatories.  Pursuant to Rules 33(b)(2) and 34(b)(2)(A), Defendants'

requested documents and answers are to be produced within thirty days of service of these

Requests and Interrogatories.  Document production and answers to the Interrogatories should be

delivered to the offices of Cooper & Kirk, PLLC, 1523 New Hampshire Ave., N.W.,

Washington, D.C. 20036, or at any other location and time to which counsel mutually agree.

## **DEFINITIONS**

As used herein, the following terms shall have the following meanings:

1.      "Defendants" refers to the City of Chicago ("the City") and Richard M. Daley, in his official capacity as Mayor of the City of Chicago, and all of the City's subdivisions, agencies and instrumentalities, including but not limited to the Chicago City Council, the Chicago City Council Committee on Police and Fire, the Office of the City Clerk of Chicago, the Office of the Mayor of the City of Chicago, the Chicago Police Department, and the Chicago Independent Police Review Authority.  The term "Defendants" also includes all officials, employees, agents, or representatives of Defendants.

2.      "Person" means and refers to not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local government or government agencies, offices, bureaus, departments, entities, including any court (or judge or other officer thereof); other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.  "Person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries.

3.      "Document(s)" should be construed in the broadest sense permissible, and includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, as well as all "communications" as defined below. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, electronic mail, or other retrievable

data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

4.      "Communication" means any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, electronic mail, voice mail, exchange, provision or relay of a document, or other occurrence whereby thoughts, opinions, data, or other information are transmitted between or among one or more persons, or through any photographic, mechanical, electrical or electronic device or devices for receiving, transmitting, or storing data or other information.

5.      The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

6.      The words or phrases "reflect," "refer," or "relate to"—or any tense or combination of those words or phrases—mean reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

7.      The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

8.      The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

9.      The word "each" shall be construed to include "every" and vice versa.

10.     The word "any" shall be construed to include "all" and vice versa.

11.     The present tense shall be construed to include the past tense and vice versa.

12.     The masculine shall be construed to include the feminine and vice versa.

13.     The "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

14.     The words "the present" mean the date on which Defendants respond to these requests.

15.     The term "the Ordinance" refers to the firearms ordinance (and all provisions and amendments thereof) passed by the Chicago City Council on July 2, 2010, including those provisions currently codified as Chicago Municipal Code §§ 2-14-132, 2-14-190, 2-84-075, 4-144-010, 4-144-061, 4-144-062, 4-144-065, 8-20-010, 8-20-020, 8-20-030, 8-20-035, 8-20-040, 8-20-050, 8-20-060, 8-20-070, 8-20-080, 8-20-085, 8-20-090, 8-20-100, 8-20-110, 8-20-120, 8-20-130, 8-20-140, 8-20-145, 8-20-150, 8-20-160, 8-20-170, 8-20-180, 8-20-185, 8-20-190, 8-20-200, 8-20-205, 8-20-210, 8-20-220, 8-20-230, 8-20-240, 8-20-250, 8-20-260, 8-20-270, 8-20-

280, 8-20-290, 8-20-300, 8-16-090, 8-24-005, 8-24-010, 8-24-020, 8-24-021, 8-24-027, 8-26-010, 8-26-020, 8-26-030, 8-26-040, 8-26-050, 8-26-060, 8-26-070, 8-26-080, 8-26-090, 8-26-100, 8-26-110, or any past or future codification for the firearms ordinance that has been or shall be used. The term "the Ordinance" also includes all drafts, earlier versions, precursors, or amendments in any way reflecting, referring, or relating to the firearms ordinance passed by the Chicago City Council on July 2, 2010.

16.     The terms "firearm," "handgun," and "long gun" have the meaning assigned to those terms in Chicago Municipal Code § 8-20-110.

## GENERAL INSTRUCTIONS

1.     Pursuant to Fed. R. Civ. P. 26(e)(1), these Requests and Interrogatories are continuing in nature and Defendants shall provide supplemental answers and documents, which will augment or modify any answers contained in Defendants' responses.

2.     Each Request herein constitutes a request for each document referred to or a true, complete, and legible copy thereof.

3.     Each Request seeks documents that are in any way in Defendants' possession, custody, or control from any source, wherever situated, including, but not limited to, the files, records, and documents of investigators Defendants or their attorneys hired or directed, and all documents to which the Defendants have access, including all documents in the possession, custody, or control of contractors, experts, or consultants.

4.     A document is deemed to be in Defendants' "control" if Defendants or Defendants' attorneys have the right to secure the document or a copy thereof from another person or entity having actual possession of the document.

5.     If a requested document was, but no longer is, in Defendants' possession, custody, or control, Defendants shall identify the document, its current location, and the person who has

5

possession, custody, or control of the document; if such information is unavailable, Defendants

shall identify the last known location and person who had possession, custody, or control of the

document and explain the reason for and circumstances under which the document left

Defendants' possession, custody, or control.

      6.     If Defendants do not answer any Request or part thereof, on the basis of privilege,

Defendants shall provide with respect to each such document the following:

     a.  The nature of the document (letter, memorandum, chart, picture, report, etc.);

     b.  The number of pages comprising the document and a description of any

        identifying marks or designations (*e.g.*, Bates numbers) if any, on the document;

     c.  The date of the document;

     d.  The name(s) of the author(s) and of any recipient(s) of the document;

     e.  The name and address of any person who is not included in response to subpart

        (d) with respect to such document and who has access to or has seen, read, or

        heard any portion of the material in the document; and

     f.  The nature of the privilege asserted.

      7.     For each Request or part of a Request that Defendants refuse to answer on

grounds of burdensomeness, Defendants shall explain in as much detail as possible the basis for

its contention.

      8.     If Defendants object to any Request, or portion of a Request herein, Defendants

must produce all documents covered by the Request, or portion of the request, not subject to the

objection.  Similarly, if Defendants object to production of a document, Defendants must

produce the parts of the document that are not subject to objection, redacting and clearly

indicating the parts of the document that are subject to the objection.

9.      Defendants shall produce all documents as they are kept in the usual course of business and label them to correspond to the categories in the request.

10.     Defendant must produce all responsive documents in their original format.

11.     When an Interrogatory asks Defendants to "describe" or "identify" a document or other item, provide the following with respect to each document or item, if applicable:

   a.  the date appearing on or pertaining to the document or item; or, if it has no date, so state and give the date or approximate date such document or item was prepared, produced, created, occurred, or came into being;

   b.  any identifying or descriptive code or number, file number, title, or label of such document or other item;

   c.  the general nature or description of the document or other item;

   d.  the name of the person(s) who signed, authored, produced, or created the document or other item;

   e.  the name of the person(s) to whom such document or other item was addressed and the name of each such person other than the addressee to whom such document or other item, or copy or reproduction thereof, was given or sent;

   f.  the name of the person or entity having present possession, custody, or control of such document or other item, and the present location of such document or other item;

   g.  if such document or other item was, but no longer is, in the possession, custody, or control of Defendants, state what disposition was made of such document or other item, the reason for such disposition, and the date thereof;

        h.    whether any draft, copy, or reproduction of such document or other time

              contains any script, notation, change, addendum, or the like, not appearing on

              such document itself, and if so, provide the description and identification of

              each such draft, copy, or reproduction in accordance with these instructions.

12.    When an Interrogatory requests Defendants to provide the "name" of, or to "identify" or "describe," a person, the answer shall contain the following information with respect to each such person: full name, current or last known business and home addresses, business and home telephone numbers, and email address.

13.    In answering each Interrogatory, furnish all information available to Defendants that is relevant or that might lead to the discovery of relevant evidence, including information in the possession of Defendants' attorneys, or their investigators, and all persons acting on Defendants' behalf, including but not limited to Defendants' employees, agents, officers, or representatives. If Defendants are unable to answer an Interrogatory in full after exercising due diligence to supply a complete answer, so state and answer to the extent possible. Specify the reasons for Defendants' inability to answer and state whatever information or knowledge Defendants have concerning the unanswered portions.

14.    If any Interrogatory is objected to on the grounds of overbreadth, specifically state the manner in which it is overly broad and respond to the interrogatory as narrowed to conform to such objection.

15.    In no event is an answer to be left blank. If the answer to an Interrogatory is "none," "unknown," or "not applicable," such statement should be written in the answer.

16.    If Defendants do not answer any Interrogatory or part thereof, on the basis of privilege, Defendants shall state the following: (a) the date of the communication for which the

privilege is claimed; (b) the author(s) of the communication; (c) the business or legal title or position of its author(s); (d) the recipient(s) or addree(s) of the communication and his or her business or legal title or position; (e) the subject matter of the information requested or the document withheld; and (f) the nature of the privilege asserted and the basis upon which it is claimed.

17.     If Defendants refuse to answer an Interrogatory on grounds of burdensomeness, Defendants shall explain in as much detail as possible the basis for their contention.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 34:** Please produce all exhibits that were introduced at—or proposed exhibits that were exchanged between parties prior to or during—the preliminary injunction hearing held on October 1 and 4, 2010, in *Ezell v. City of Chicago*, No.1:10-cv-05135 (N.D. Ill.).

**REQUEST FOR PRODUCTION NO. 35:** Please produce all documents that were in the City's possession *on or prior to* July 2, 2010, reflecting, referring to, relating to, confirming, or supporting:

(i) The following statement made by the Superintendent of the Chicago Police Department at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "One operable firearm is all a person should need for self-defense.  This rule does not burden the right to self-defense.  Allowing multiple operable guns per home increases the risk of non-self-defense related injuries and death from firearms."

(ii) The following statement made by the Corporation Counsel for the City of Chicago at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire:

"one handgun is sufficient for self-defense."

**REQUEST FOR PRODUCTION NO. 36:** Please produce all documents that came into the City's possession *after* July 2, 2010, reflecting, referring to, relating to, confirming, or supporting:

(i) The following statement made by the Superintendent of the Chicago Police Department at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "One operable firearm is all a person should need for self-defense. This rule does not burden the right to self-defense. Allowing multiple operable guns per home increases the risk of non-self-defense related injuries and death from firearms."

(ii) The following statement made by the Corporation Counsel for the City of Chicago at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "one handgun is sufficient for self-defense."

**REQUEST FOR PRODUCTION NO. 37:** Please produce "the timeline on the history of the gun registration ordinance in Chicago" referenced by Alderman Burke at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire.

**REQUEST FOR PRODUCTION NO. 38:** Please produce all documents that were in the City's possession *on or prior to* July 2, 2010, reflecting, referring to, relating to, confirming, or supporting the statement by Ernest Brown at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire that "[t]he risk of misuse or intimidation is very high when guns are carried in public," to the extent such documents relate to carriage by law-abiding persons.

**REQUEST FOR PRODUCTION NO. 39:** Please produce all documents that came into the City's possession *after* July 2, 2010, reflecting, referring to, relating to, confirming, or

supporting the statement by Ernest Brown at the June 29, 2010 meeting of the Chicago City

Council Committee on Police and Fire that "[t]he risk of misuse or intimidation is very high

when guns are carried in public," to the extent such documents relate to carriage by law-abiding

persons.

**REQUEST FOR PRODUCTION NO. 40:** Please produce the "investigations tracing

crime guns" referred to by Kevin Johnson at the June 29, 2010 meeting of the Chicago City

Council Committee on Police and Fire.

**REQUEST FOR PRODUCTION NO. 41:** Please produce all documents Defendants

intend to offer as evidence at the trial in this matter, or as evidence attached to a motion for

summary judgment or in response to a motion for summary judgment.

## INTERROGATORIES

**INTERROGATORY NO. 7**: Please identify all witnesses, including experts, you will or

may call at the trial in this matter, or from whom you may attach affidavits or declarations to a

motion for summary judgment or in response to a motion for summary judgment, and describe

the general subject matter upon which they will address.

**INTERROGATORY NO. 8**: Please identify any and all persons in possession of

information regarding the governmental justifications for, or governmental purposes or interests

in, each of the following provisions of the Ordinance:

(i) Chicago Municipal Code §§ 8-20-010, -020, -030, to the extent those provisions

prohibit the possession or use of firearms outside of one's "home" or "fixed place of business" as

those terms are defined therein;

(ii) Chicago Municipal Code §§ 4-144-010, 8-20-100;

(iii) Chicago Municipal Code § 8-20-120 to the extent it requires Chicago residents to

11

complete a firearms safety and training course before possessing a firearm in Chicago;

(iv) Chicago Municipal Code § 8-20-280;

(v) Chicago Municipal Code § 8-20-040;

(vi) Chicago Municipal Code §§ 8-20-010, -020, -030, -140(a), -180(c), to the extent

those provisions render it unlawful to carry or possess an operable firearm outside one's

home or fixed place of business as those terms are defined therein.

Dated: November 12, 2010                    Respectfully submitted,

                                            By: _____

Stephen Kolodziej                           Charles J. Cooper*
Atty. ID # 6216375                          David H. Thompson*
BRENNER FORD MONROE & SCOTT LTD.            Jesse Panuccio*
33 N. Dearborn St., Suite 300               COOPER & KIRK, PLLC
Chicago, IL 60602                           1523 New Hampshire Ave., NW
Tel: (312) 781-1970                         Washington, D.C. 20036
Fax: (312)781-9202                          Tel: (202) 220-9600
Email: skolodziej@brennerlawfirm.com        Fax: (202) 220-9601
                                            Email: ccooper@cooperkirk.com


                                            Brian S. Koukoutchos*
                                            28 Eagle Trace
                                            Mandeville, LA 70471
                                            Tel: (985) 626-5052
                                            bkoukoutchos@gmail.com


                                            *Admitted *pro hac vice*

                                            *Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Jesse Panuccio, hereby certify that on this 12th day of November, 2010, I
caused a copy of the foregoing to be served by first-class United States mail on:

Mara S. Georges
Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
William Macy Aguiar
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

Jesse Panuccio

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRETT BENSON, RAYMOND SLEDGE,       )
KENNETH PACHOLSKI, KATHRYN TYLER,   )
MICHAEL HALL SR., RICK PERE,        )        No. 10 CV 4184
and the ILLINOIS ASSOCIATION OF     )
FIREARMS RETAILERS,                 )
                                    )
                    Plaintiffs,     )   Judge Ronald A. Guzman
                                    )
            v.                      )   Magistrate Judge Geraldine Soat Brown
                                    )
THE CITY OF CHICAGO and RICHARD M.  )
DALEY, Mayor of the City of Chicago, )
                                    )
                    Defendants.     )

## DEFENDANTS' RESPONSE TO
## PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION AND SECOND SET
## OF INTERROGATORIES

Defendants City of Chicago ("City") and Mayor Richard M. Daley, by and through their

attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby submit their

objections and responses to Plaintiffs' Second Set of Requests for Production and Second Set of

Interrogatories.

## GENERAL OBJECTIONS

A.      Defendants object to each definition, instruction, document request, and

interrogatory to the extent that it attempts to impose discovery obligations which are greater than

those required under the Federal Rules of Civil Procedure.

B.      Defendants object to each definition, instruction, document request, and

interrogatory to the extent that it seeks information that is protected from disclosure by the

attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or

doctrine.

C.      Defendants object to each definition, instruction, document request, and interrogatory to the extent that it requests information relating to matters that are not relevant to the pending lawsuit or not reasonably calculated to lead to the discovery of admissible evidence, or otherwise exceeds the scope and manner of discovery permitted by the Federal Rules of Civil Procedure.

D.      Defendants object to each definition, instruction, document request, and interrogatory to the extent that it seeks legal bases, legal conclusions, or opinions.

E.      Defendants object to each document request and interrogatory to the extent that it requests information outside the possession, custody, or control of Defendants.

F.      When Defendants state that they will produce responsive documents or provide information, they state so only to the extent responsive documents or information exist and are in their possession, custody, or control.

G.      Defendants reserve all objections to the admissibility of any information into evidence in this litigation (including information contained in the answers to, or produced in response to, Plaintiffs' discovery requests), including, without limitation, objections of relevance and materiality.

H.      Defendants reserve the right to seasonably supplement their responses to Plaintiffs' document requests and interrogatories and to proffer other information, beyond that in the legislative record, that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions.

I.      Defendants object to the timeframe of those requests seeking documents from

2

1970 to the present.

## SPECIFIC OBJECTIONS AND RESPONSES - PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS

Without waiving the General Objections, which are hereby incorporated into each response below as if set forth fully therein, Defendants respond to Plaintiffs' Second Set of Document Requests as follows:

**REQUEST FOR PRODUCTION NO. 34:** Please produce all exhibits that were introduced at—or proposed exhibits that were exchanged between parties prior to or during—the preliminary injunction hearing held on October 1 and 4, 2010, in *Ezell v. City of Chicago*, No.l:10-cv-05135(N. D. Ill.).

**ANSWER:** Defendants object to this request as seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the phrase "proposed exhibits that were exchanged between parties prior to or during" as vague to the extent it refers to documents exchanged between the parties that were not marked for identification as hearing exhibits. Defendants further object to the extent that the request seeks materials that are part of a public court record and are obtainable by Plaintiffs from that court. Defendants note that one of Plaintiffs' counsel attended and observed the preliminary injunction hearing in *Ezell*.

Subject to, and without waiving, Defendants' general and specific objections, Defendants state that they will produce copies of those exhibits that were admitted into evidence in the preliminary injunction hearing in *Ezell*.

**REQUEST FOR PRODUCTION NO. 35:** Please produce all documents that were in the City's possession on or prior to July 2, 2010, reflecting, referring to, relating to, confirming, or supporting:

(i) The following statement made by the Superintendent of the Chicago Police

3

Department at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "One operable firearm is all a person should need for self-defense. This rule does not burden the right to self-defense. Allowing multiple operable guns per home increases the risk of non-self-defense related injuries and death from firearms."

(ii) The following statement made by the Corporation Counsel for the City of Chicago at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "one handgun is sufficient for self-defense."

**ANSWER:**      Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence. Defendants further object to part (ii) of this request as particularly

irrelevant, as the Ordinance does not limit the number of handguns that one may possess.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

state that they will produce any non-privileged documents pertaining to the testimony described

in part (i) of this request that the identified witness referenced in his testimony, or used or

contemplated in connection with preparing or delivering his testimony, to the extent that it is not

unduly burdensome to do so.

**REQUEST FOR PRODUCTION NO. 36**: Please produce all documents that came into the City's possession after July 2, 2010, reflecting, referring to, relating to, confirming, or supporting:

(i) The following statement made by the Superintendent of the Chicago Police Department at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "One operable firearm is all a person should need for self-defense. This rule does not burden the right to self-defense. Allowing multiple operable guns per home increases the risk of non-self-defense related injuries and death from firearms."

(ii) The following statement made by the Corporation Counsel for the City of Chicago at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire: "one handgun is sufficient for self-defense."

**ANSWER:**      Defendants object to this request as vague, overbroad, unduly burdensome, and

4

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to part (ii) of this request as particularly irrelevant, as the Ordinance does not limit the number of handguns that one may possess.

Subject to, and without waiving, Defendants' general and specific objections, Defendants state that they will produce any non-privileged documents pertaining to the testimony described in part (i) of this request that came into the possession of the identified witnesses after July 2, 2010, to the extent that it is not unduly burdensome to do so.

**REQUEST FOR PRODUCTION NO. 37**: Please produce "the timeline on the history of the gun registration ordinance in Chicago" referenced by Alderman Burke at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire.

**ANSWER:** Defendants object to this request as seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants state that documents responsive to this request are protected by privilege and will therefore not be produced.

**REQUEST FOR PRODUCTION NO. 38**: Please produce all documents that were in the City's possession on or prior to July 2, 2010, reflecting, referring to, relating to, confirming, or supporting the statement by Ernest Brown at the June 29, 2010 meeting of the Chicago City Council Committee on Police and Fire that "[t]he risk of misuse or intimidation is very high when guns are carried in public," to the extent such documents relate to carriage by law-abiding persons.

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

state that they will produce any non-privileged documents pertaining to the testimony described

in this request that the identified witness referenced in his testimony, or used or contemplated in

connection with preparing or delivering his testimony, to the extent that it is not unduly

burdensome to do so.

**REQUEST FOR PRODUCTION NO. 39**:  Please produce all documents that came into the
City's possession after July 2, 2010, reflecting, referring to, relating to, confirming, or
supporting the statement by Ernest Brown at the June 29, 2010 meeting of the Chicago City
Council Committee on Police and Fire that "[t]he risk of misuse or intimidation is very high
when guns are carried in public," to the extent such documents relate to carriage by law-abiding
persons.

**ANSWER:**  Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

state that they will produce any non-privileged documents pertaining to the testimony described

in this request that came into the possession of the identified witness after July 2, 2010, and to

the extent that it is not unduly burdensome to do so.

**REQUEST FOR PRODUCTION NO. 40**: Please produce the "investigations tracing crime
guns" referred to by Kevin Johnson at the June 29, 2010 meeting of the Chicago City Council
Committee on Police and Fire.

**ANSWER:**  Defendants object to this request as vague, overbroad, unduly burdensome, and

seeking information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to, and without waiving, Defendants' general and specific objections, Defendants

state that, to the extent the identified witness contemplated specific investigations in connection

with his testimony, they will produce those investigations to the extent they are not privileged or

otherwise protected from disclosure, and to the extent that it is not unduly burdensome to do so.

**REQUEST FOR PRODUCTION NO. 41**: Please produce all documents Defendants intend to offer as evidence at the trial in this matter, or as evidence attached to a motion for summary judgment or in response to a motion for summary judgment.

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome,

premature.

Subject to, and without waiving, Defendants' general and specific objections, or

Defendants' rights to supplement their response to this request and to proffer other information,

beyond that in the legislative record, that Defendants may use to defend against the claims in this

lawsuit and/or support the legality of the challenged ordinance provisions, Defendants

incorporate and refer to the documents previously produced to Plaintiffs and those produced in

response to Plaintiffs' Second Set of Requests for Production. Defendants further state that other

documents that Defendants may use to defend against the claims in this lawsuit and/or support

the legality of the challenged ordinance provisions will be produced prior to trial according to

such schedules as the Court or the Federal Rules of Civil Procedure may require.

## SPECIFIC OBJECTIONS AND RESPONSES - PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS

Without waiving the General Objections, which are hereby incorporated into each

response below as if set forth fully therein, Defendants respond to Plaintiffs' Second Set of

Interrogatories as follows:

**INTERROGATORY NO. 7**: Please identify all witnesses, including experts, you will or may call at the trial in this matter, or from whom you may attach affidavits or declarations to a motion for summary judgment or in response to a motion for summary judgment, and describe the general subject matter upon which they will address.

7

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome, premature.

Subject to, and without waiving, Defendants' general and specific objections, or Defendants' rights to supplement their response to this request and to proffer other information, beyond that in the legislative record, that Defendants may use to defend against the claims in this lawsuit and/or support the legality of the challenged ordinance provisions, Defendants state that they will identify witnesses responsive to this request to the extent, and within the time period, required by such schedules as the Court or the Federal Rules of Civil Procedure may set forth.

**INTERROGATORY NO. 8**: Please identify any and all persons in possession of information regarding the governmental justifications for, or governmental purposes or interests in, each of the following provisions of the Ordinance:

(i) Chicago Municipal Code §§ 8-20-010, -020, -030, to the extent those provisions prohibit the possession or use of firearms outside of one's "home" or "fixed place of business" as those terms are defined therein;

(ii) Chicago Municipal Code §§ 4-144-010, 8-20-100;

(iii) Chicago Municipal Code § 8-20-120 to the extent it requires Chicago residents to complete a firearms safety and training course before possessing a firearm in Chicago;

(iv) Chicago Municipal Code § 8-20-280;

(v) Chicago Municipal Code § 8-20-040;

(vi) Chicago Municipal Code §§ 8-20-010, -020, -030, -140(a), -180(c), to the extent those provisions render it unlawful to carry or possess an operable firearm outside one's home or fixed place of business as those terms are defined therein.

**ANSWER:** Defendants object to this request as vague, overbroad, unduly burdensome, and seeking information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that this request is duplicative of

8

Plaintiffs' Rule 30(b)(6) deposition notice and/or can be accommodated by Defendants' tendering of witness(es) in response to that notice. Defendants further object to the extent that they have already produced documents or other information, such as the legislative record, containing information regarding the purposes of or justifications for the Ordinance provisions enumerated in this request, and/or disclosing the identities of City officials, employees, or entities that possess information regarding the purposes or justifications for the Ordinance provisions enumerated in this request. Defendants further object to the extent that Plaintiffs' requests for production of documents encompass the information regarding the purposes or justifications for the Ordinance provisions enumerated in this request.

Dated: December 13, 2010.

Respectfully submitted,

MARA S. GEORGES
CORPORATION COUNSEL
CITY OF CHICAGO

BY:  _____
One of Its Attorneys

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Alfert Hirsch
Attorneys for the City of Chicago
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 744-7129

9

## CERTIFICATE OF SERVICE

I, Andrew Worseck, an attorney, hereby certify that on this, the 13th day of December,

2010, I caused a copy of **Defendants' Response to Plaintiffs' Second Set of Requests for**

**Production and Second Set of Interrogatories,** to be served by first-class United States mail,

postage prepaid, on:

    Charles J. Cooper
    David H. Thompson
    Jesse Panuccio
    Cooper & Kirk, PLLC
    1523 New Hampshire Ave., NW
    Washington, DC 20036

and by messenger delivery on:

    Stephen Kolodziej
    BRENNER FORD MONROE & SCOTT LTD.
    33 N. Dearborn Street, Suite 300
    Chicago, IL 60602

                                   Andrew Worseck

EXHIBIT 8



**City of Chicago**
**Richard M. Daley, Mayor**

**Department of Law**

Mara S. Georges
Corporation Counsel

Constitutional and Commercial
Litigation
Suite 1230
30 North LaSalle Street
Chicago, Illinois 60602-2580
(312) 744-4342
(312) 742-3925 (FAX)

http://www.cityofchicago.org

January 19, 2011

Jesse Panuccio
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
*Delivered via U.S. Mail and email*

**Re: Benson v. City of Chicago, 10 C 4184**

Dear Jesse:

I write to provide certain follow-up information in response to your January 5 email and January 17 letter concerning Plaintiffs' Second Set of Discovery Requests.

RFP Nos. 35(ii) & 36(ii): We remain of the view that these requests are not relevant. They seek documents relating to a proposal (a limit of one handgun per person per home) that is not being challenged in the lawsuit. (Indeed, the proposal was not even enacted by the City Council). Further, the requests are misguided and argumentative. They ignore that the Corporation Counsel indicated that her statements on the matter reflect her view of the legality of the proposed measure, rather than fact testimony. See June 29 Hearing Tr. at 6, 28-29.

In any event, without waiving any objections, and subject to the scope limitation set forth in Defendants' initial responses to RFP Nos. 35(i) and 36(i), Defendants state that material responsive to this request is privileged. We will identify such material in a privilege log.

RFP No. 40: As indicated previously, we have agreed to produce crime gun tracing investigations to the extent that, in connection with his hearing testimony, Sgt. Johnson: (i) contemplated specific investigations, (ii) such materials are not privileged or otherwise protected from disclosure, and (iii) production would not be unduly burdensome. We have also agreed to provide further information regarding the general nature of the crime gun tracing investigations referenced in this request. However, I have been informed that Sgt. Johnson is on medical leave until early March. We will thus provide the additional information as soon as we are able.

RFP No. 41 & Interrogatory No. 7: We remain of the view that these requests (which seek information that Defendants will use at trial or during summary judgment) are premature to the extent that they call for Defendants to produce materials beyond those that Defendants have already produced or will







**City of Chicago**
**Richard M. Daley, Mayor**

**Department of Law**

Mara S. Georges
Corporation Counsel

Constitutional and Commercial
Litigation
Suite 1230
30 North LaSalle Street
Chicago, Illinois 60602-2580
(312) 744-4342
(312) 742-3925 (FAX)

http://www.cityofchicago.org

produce in response to other requests. No summary judgment or trial schedule has yet been set by the Court and discovery will not close for over two months. Further, the requests are improper to the extent that they call for disclosure of trial or summary judgment information that is not required by the Federal Rules of Civil Procedure or rules of the Court.

Interrogatory No. 8: As indicated previously, this request, which asks Defendants to identify "any and all persons" in possession of "information" regarding the governmental justifications or purposes behind various Ordinance provisions is (among other objections) vague, overbroad, and unduly burdensome. The City has thousands of employees, a great number of whom may "possess" in one way or another some sort of "information" relating to the grounds supporting one or more of the ten Ordinance provisions listed in the Interrogatory. Further, Defendants have produced extensive documents, including the legislative record, containing the names of numerous City personnel responsive to this request. Nonetheless, without waiving any objections, Defendants will endeavor to provide names of City personnel that are responsive to this request.

*       *       *

Finally, since Plaintiffs have moved for a stay of discovery, Defendants should not be put to the burden of proffering the responsive information described above, or further information responsive to other of Plaintiffs' discovery requests, at least until after Plaintiffs present their motion on January 27. As you know, Plaintiffs' asserted basis for that motion is to obtain guidance from the Court regarding the bounds of permissible discovery. And Defendants reserve the right to revisit, augment, or otherwise change their position on the discovery matters described herein (indeed, on all discovery matters) in light of any such guidance the Court may provide in the future.

Sincerely,

Andrew Worseck

Andrew Worseck
312-744-7129



2



# EXHIBIT 9

**From:**        Pete Patterson
**Sent:**        Friday, February 25, 2011 5:46 PM
**To:**          Worseck, Andrew
**Cc:**           David Thompson
**Subject:**     benson

Drew,

Thanks for your call today regarding the City's responses to Interrogatory No. 8 and identification of witnesses for the remaining 30(b)(6) topics, and for your continued efforts to keep us apprised of the City's discovery efforts.  We must note that with the end of discovery approaching we need to get this information, which has been due for some time, in an expeditious manner.  We appreciate your representation that you will provide us informally with names on a rolling basis before finally supplementing the City's discovery responses by March 8.  Should that date get pushed back once again we may be left with no choice but to go to the court on these matters, a step we have declined to take thus far on the basis of your representations and continued efforts to fulfill them.

Regards,

Pete

EXHIBIT 10

# Cooper & Kirk
### Lawyers
A Professional Limited Liability Company
## 1523 New Hampshire Avenue, N.W.
## Washington, D.C.  20036

Pete Patterson
ppatterson@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

March 15, 2011

By First Class Mail and Email

William Macy Aguiar
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL  60602
Email: william.aguiar@cityofchicago.org

Re:  *ILAFR v. City of Chicago*, No. 10-4184 (N.D. Ill.)

Dear William:

I am writing in response to your letter of March 14, 2001 regarding the deposition of Norma Reyes and the depositions addressing Topics 8, 9, and 10 of our Rule 30(b)(6) deposition notice.  As you note in your letter, the City's Motion to Extend the Discovery Schedule is set for presentment at the March 17 status hearing.  In light of that fact, we are renoticing these depositions for the week of March 21.  If your motion is denied, we will plan to proceed with all noticed depositions as scheduled unless we are provided with acceptable alternative dates by close of business Friday.

Sincerely,

Pete Patterson

Enclosures

Cc:  Michael Forti
     Andrew Worseck
     Rebecca Hirsch
     Mardell Nereim
     David Thompson
     Stephen Kolodziej

# EXHIBIT 11

| | |
|---|---|
| **From:** | Forti, Michael [michael.forti@cityofchicago.org] |
| **Sent:** | Wednesday, March 09, 2011 3:41 PM |
| **To:** | David Thompson; Worseck, Andrew; Pete Patterson |
| **Cc:** | Aguiar, William |
| **Subject:** | Re: Benson |

David, thank you for your email. I am disappointed with your decision but will file our motion with the court as planned. . I am at a settlement conference today but will confer with Drew upon my return to the office. At this juncture, I don't know whether we will be able to provide you with deposition dates during the month of March for these additional deponents. As we discussed yesterday, the calendar is quite full already. Best, Mike.

**From**: David Thompson [mailto:dthompson@cooperkirk.com]
**Sent**: Wednesday, March 09, 2011 02:37 PM
**To**: Worseck, Andrew; Pete Patterson <ppatterson@cooperkirk.com>
**Cc**: Forti, Michael
**Subject**: RE: Benson

Dear Drew and Michael,

We have considered your request for additional time for discovery, and we are not able to agree to it. By March 31, discovery will have been ongoing for 7 months. We continue to believe that this is a legal case and thus do not think an extension of time to take discovery is warranted.

We have requested dates for the availability of the witnesses below, the witnesses identified last week, as well as for 30b6 topics 3, 7, 8, 9, and 10. To date, we have not received any indication of their availability. Given that the end of fact discovery is upon us, we must proceed to schedule these depositions. It is our preference to schedule the depositions at mutually convenient dates in March, but if we do not receive notice of the witnesses' availability by tomorrow morning, we will notice the depositions tomorrow. If witnesses need to switch dates, please let us know by the end of the week since we will need to make travel plans on Monday.

In addition, Drew had represented that we would have the list of individuals with discoverable information by March 8. Although we appreciate having received some names, we still do not have a complete answer to our interrogatory. We will move the Court to strike any witness that has not been identified by close of business tomorrow.

Thanks,
David

**From:** Worseck, Andrew [mailto:andrew.worseck@cityofchicago.org]
**Sent:** Tuesday, March 08, 2011 1:09 PM
**To:** Pete Patterson

**Cc:** David Thompson; Forti, Michael
**Subject:** Benson

Pete - Despite our best efforts in conferring with our clients, we are not yet in a position to tender a formal supplemental response to Plaintiffs' Interrogatory No. 8. Nonetheless, we can provide today the following additional responsive names:

Ernest Brown, Deputy Superintendent, Bureau of Patrol, Chicago Police Department;
Eugene Williams, Chief of Patrol, Chicago Police Department;
Judith Martin, Commander, 13th District, Chicago Police Department;
Kevin Johnson, Sergeant, Chicago Anti-Gun Enforcement Program, Chicago Police Department;
Norma Reyes, Commissioner, Department of Business Affairs and Consumer Protection.

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.
This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

EXHIBIT 12

# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

## 1523 New Hampshire Avenue, N.W.
### Washington, D.C. 20036

Jesse Panuccio
jpanuccio@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

December 10, 2010

By First Class Mail and Email

Andrew Worseck
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL 60602
Email: andrew.worseck@cityofchicago.org

Re: *Benson v. City of Chicago*, No. 10-4184 (N.D. Ill.)

Dear Drew,

Thank you for your letter of December 8, 2010, which was a follow-up to our telephone conference of December 3, 2010. The letter sets out the City's position as to (i) whether it will produce witnesses to testify about the topics listed in Plaintiffs' notice of a deposition pursuant to Fed. R. Civ. P. 30(b)(6), and (ii) whether the City will produce individual city officials upon whom Plaintiffs have served notices of deposition. We have considered the City's positions and respond as follows.

## RULE 30(b)(6) DEPOSITION NOTICE

Topics 1, 2, & 4

The City objects to producing a witness that can speak to these topics to the extent "they seek testimony about the drafting history of the Ordinance and the legislative process leading to its passage." For the reasons stated in my November 5 letter, Plaintiffs believe these matters are relevant and discoverable and will thus continue to seek deposition testimony on this topic.

The City further objects that "a single City witness … cannot speak for the City Council, including its bases for enacting the ordinance." But Plaintiffs are not asking the City to produce a witness who can speak for the entire City Council; we are asking for a witness who can testify on behalf of the City of Chicago as a party to this case—a request that is entirely appropriate under the Federal Rules. *See* Fed. R. Civ. P. 30(b)(6) ("In its notice of subpoena, a party may name as the deponent … a governmental agency…."). It is equally true that a corporation often cannot produce a Rule 30(b)(6) representative who can reasonably be said to the know the mind

# Cooper & Kirk
### Lawyers

Andrew Worseck, Esq.
December 10, 2010
Page 2 of 8

of every employee of the corporation; but a corporation served with a Rule 30(b)(6) deposition notice must still produce witnesses that can "testify about information known or reasonably available to the organization."  Plaintiffs believe that the factual details of the legislative process surrounding the Ordinance is information reasonably available to the City; after all, some City employee (or small group of employees) was likely responsible for drafting the ordinance and organizing the hearings held by the City Council.  *See, e.g.*, Proceedings of City of Chicago, Committee on Police and Fire, July 1, 2010, Tr. at 7 (testimony of Mara Georges) (stating that "Rose Kelly" was "the drafter of the Responsible Gun Ownership Ordinance").  Likewise, the City, as a party to this suit, will defend the Ordinance by putting forward the governmental purposes, and bases for those purposes, that allegedly support the ordinance.  Thus, just as the City can answer, and has an obligation to answer, interrogatories seeking this information, it would seem that the City can identify a witness who can testify about these purposes.

The City further objects that "it is not possible to produce a witness or even a handful of witnesses who could competently speak to each Alderman's or City official's individual course of communications or other involvement with passage of the Ordinance."  This is a fair point and we are willing to stipulate that the City need not produce a Rule 30(b)(6) witness (or witnesses) who can speak to the entirety of communications by City officials regarding the Ordinance.[1] This does not mean, however, that the City is unable to produce a witness who can speak about the legislative process in general—e.g., the drafting process, the selection of witnesses for the hearings, and the role of the Mayor's office and other key players in the process.

One further note on these issues: Topic 1 seeks testimony regarding "whether any … alternative regulations were discussed or considered" and Topic 4 seeks testimony "regarding any less restrictive alternatives that the City considered in enacting instead of the Ordinance."  If the City is willing to enter a stipulation that the only alternative regulations or less restrictive alternatives considered by the City are found in (i) the transcripts of the June 18, June 19, July 1 hearings of the Committee on Police and Fire, and/or (ii) the video recording of the July 2, 2010 proceedings of the Chicago City Council (and City Council Journal pages relating thereto), then Plaintiffs are willing to withdraw the request for a witness as to these portions of Topics 1 and 4.

Topic 3

---

[1] We continue to disagree about whether such documents must be produced pursuant to Plaintiffs' document requests, and thus the matter will ultimately be settled by the Court. Plaintiffs thus reserve the right to depose specific City employees about their communications if and when those communications are produced.

Cooper & Kirk
  Lawyers

Andrew Worseck, Esq.
December 10, 2010
Page 3 of 8

Topic 3 seeks testimony "regarding the governmental purposes served by the Ordinance."
The City's position is that it will produce a witness to testify about "governmental purposes that
are not reflected in the legislative record" but will not produce a witness to testify about "matters
reflected in the legislative record." For reasons noted above and in my November 5 letter,
Plaintiffs believe testimony regarding governmental purposes reflected in the legislative record is
relevant and discoverable and thus the notice stands to the extent it seeks such testimony.

Furthermore, as you know, it is Plaintiffs' position that the City cannot formulate ex post
governmental purposes that do not appear in the legislative record. But to the extent the City
plans to defend on such grounds, we have a right to discover this information. *See* Fed. R. Civ.
P. 26 (b)(1) ("Parties may obtain discovery regarding any nonprivileged matter to any party's …
defense.").

Topics 5 & 6

We are generally in agreement on these topics: to the extent the City produces a witness
who can testify regarding the technical nature of data (how it is kept, whether it exists, what it
means as a technical matter), Plaintiffs will not ask that witness to testify as to "what
conclusions, inferences, or other uses may be drawn from the data." Plaintiffs reserve the right,
however, to ask this latter set of questions about this data to witnesses tendered to testify about
other topics to which the data relates (e.g., to the bases underlying the City's purported
government purposes).

Topic 7

Your letter correctly states that Plaintiffs are "willing to limit this topic to the training and
assumptions of police officers regarding the presence of firearms at homes or businesses to
which they are called to respond on an emergency basis." If the City will agree to a stipulation
that the purpose or basis for the challenged Ordinance provisions is not to protect first
responders, then Plaintiffs will agree that no testimony on this topic is needed. But if the City
cannot so stipulate, the topic is relevant and the deposition is warranted. The City's argument to
the contrary assumes the very facts that may be in dispute and that the testimony at issue may
illuminate.

Topics 8, 9, 12, 13, 14

If the City will agree to a stipulation that the relationship between lawful possession of
more than one operable firearm and the commission of crimes is not a basis for, or related to, the
ban on possession of more than one operable firearm, then no testimony on Topic 8 is needed. If
the City will agree to a stipulation that the relationship between lawful possession of more than
one operable firearm and the incidence of accidental shootings is not a basis for, or related to, the
ban on possession of more than one operable firearm, then no testimony on Topic 9 is needed. If

# Cooper & Kirk
### Lawyers

Andrew Worseck, Esq.
December 10, 2010
Page 4 of 8

the City will agree to a stipulation that the relationship between firearms ranges and the
incidence of gun-related crime is not a basis for, or related to, the ban on firearms ranges, then no
testimony on Topic 12 is needed. If the City will agree to a stipulation that the relationship
between firearms ranges and the incidence of accidental shootings is not a basis for, or related to,
the ban on firearms ranges, then no testimony on Topic 13 is needed. But if the City cannot
agree to the particular stipulation for a given topic, then Plaintiffs maintain that the testimony is
relevant and warranted. On these topics, Plaintiffs are not willing to agree to the limitation
discussed with respect to Topics 5 & 6.

As for Topic 14—testimony regarding "the relationship, if any, between firearms ranges
and the proficient and safe handling of firearms"—Plaintiffs believe this is directly relevant to,
among other things, the City's defense of its ban on firing ranges. The City has maintained that
the ban does not pose an "undue burden" on Chicago residents seeking to exercise their right to
keep and bear arms and that it is a "reasonable regulation." The relationship between firearms
ranges and the proficient and safe handling of firearms would likely be a significant factor in the
balancing tests that these defenses seem to invite.[2]

Plaintiffs appreciate that "to the extent that the City proffers as a basis for the challenged
Ordinance provisions an understanding of or experience with [Topics 8, 9, 12, 13, and 14]
beyond that disclosed in the legislative record," Defendants will produce a witness to testify
regarding that understanding and experience. As we have noted, however, Plaintiffs do not agree
that the testimony may be restricted only to these extra-record understandings and experiences.
Again, while the legislative record is fixed as to purposes and evidence that Defendants may use
to defend the challenged Ordinance provisions, Plaintiffs are certainly free to question and probe
those purposes and evidence.

Topics 10 & 11

These topics seek testimony regarding firearms vendors and firearms ranges present in
the City prior to and after the enactment of the 1982 firearms ordinance. As your letter notes,
Plaintiffs are generally willing to limit the topics "to the location of such entities and any
deleterious effects resulting" for their presence or operation. (We also reserve the right to
inquire about the relationship between the City's zoning laws and policies and these entities.)
The City's position, however, is that even subject to this limitation it is willing "to produce a
witness to speak to the topics only insofar as they encompass CPD vendors or ranges." Plaintiffs
will depose a witness on this subcategory, but the bans at issue deal with *private* vendors and
ranges, and thus the topic is clearly relevant and Plaintiffs cannot agree to this restriction.

---

[2] Plaintiffs, of course, do not concede that either standard is appropriate or permissible in
the Second Amendment context.

# Cooper & Kirk
### Lawyers

Andrew Worseck, Esq.
December 10, 2010
Page 5 of 8

Topic 15

      This topic seeks testimony regarding the City's "customs, policies, and/or practices relating to firearms training."  Plaintiffs appreciate that the City will produce a witness to testify regarding the CPD's regulations and training policies and practices.  Plaintiffs cannot agree, however, to limit the topic to this subcategory.  Plaintiffs would also like the City to produce a witness who can speak to the City's customs, policies, and/or practices with respect to non-CPD security personnel (such as private security guards).  And as to "testimony on the Ordinance or its history," the parties disagreement is now manifest and need not be reiterated here; Plaintiffs maintain the deposition notice in this regard.

Topic 16

      Topic 16 seeks testimony regarding "the relationship between (i) the City's zoning laws and/or practices and (ii) firearms ranges and/or businesses selling firearms."  This topic does *not* encompass testimony regarding requirements the Zoning Ordinance places on all businesses (e.g., rules relating to setbacks, floor-area ratios, parking spaces, window transparency), but it does generally seek testimony regarding the City's position on whether firearms retail businesses and firing ranges are permitted under the Zoning Ordinance—and, if not: (i) the reasons why, and (ii) the process for acquiring permitted use status.  Such testimony is plainly relevant.  Indeed, this is *precisely* the testimony the City elicited from Commissioner Scudiero during the preliminary injunction hearing in *Ezell*.  Moreover, as we have noted in conversation and correspondence, Plaintiffs will soon amend their complaint to challenge the Zoning Ordinance to the extent it bans firearms retailers and ranges.  This topic directly relates to that claim and to the scope of the relief Plaintiffs may require.  Accordingly, upon due consideration, we believe the City is under an obligation to tender a witness who can testify as to this topic and we do not see any reason to defer the issue further.[3]

Topics 17 & 18

---

     [3] Your letter states that "it is [the City's] understanding that the topic will be deferred for the time being."  It was our understanding that further consideration would be deferred pending the City's elaboration of its position on the Zoning Ordinance in your letter.  I apologize if there was a misunderstanding in this regard.  In any event, upon review of Commissioner Scudiero's testimony, we believe this deposition is necessary unless the City enters a stipulation stating that firearms retail businesses and firearms ranges are permitted uses under the current Zoning Ordinance.

# Cooper & Kirk
### Lawyers

Andrew Worseck, Esq.
December 10, 2010
Page 6 of 8

We are in agreement and Defendants will "produce a witness to testify as to how these terms are interpreted and applied by the CPD in enforcing the Ordinance."

Topic 19

Plaintiffs respectfully withdraw Topic 19 as written. Its inclusion in the deposition notice resulted from a misunderstanding of the Ordinance's requirements and restrictions, which we have now clarified to our satisfaction. Plaintiffs do, however, request that the City produce a witness to testify as to how the term "lawful transportation," as used in MCC § 8-20-020(b)(17) and as incorporated in MCC § 8-20-030(b)(1), is interpreted and applied by the CPD in enforcing the Ordinance.

Topic 20

We are in agreement that we can "defer this topic for now and revisit it should any future document production indicate a need to conduct discovery on this topic."

### DEPOSITIONS OF CITY OFFICIALS

Your letter states that the City "will produce Sgt. Bartoli, who will testify as to CPD firearms ranges and training." We appreciate that this deposition can move forward without further dispute, and we propose January 26, 27, or 28, 2011, as the date. Please let me know as soon as possible if one of these dates will work for your office and for Sgt. Bartoli.

As to Superintendent Weis, Sgt. Brown, and Commissioner Scudiero, your letter states that the City will not produce these officials pursuant to Plaintiffs' notices. The City's position is that "these are high-ranking and very busy senior City officials" who are "not subject to deposition unless a plaintiff demonstrates a need for the information sought through testimony, and that the information cannot be obtained through alternative forms of discovery." For this proposition, the City cites *Olivieri v. Rodriguez*, 122 F.3d 406 (7th Cir. 1997). But *Olivieri* is about cases involving defenses of "official immunity" and the actual standard enunciated there was that high-level city officials "should not have to spend their time giving depositions … unless there is some reason to believe that the deposition will produce or lead to admissible evidence." *Id.* at 409-10. The depositions at issue here meet this standard—and, in any event, they also meet the standard enunciated in your letter. Plaintiffs have not randomly selected City officials for deposition: each has been chosen because he or she has actual first-hand knowledge of facts that may be critical in this lawsuit.

Superintendent Weis and Sgt. Brown each testified at the hearings held by the City Council Committee on Police and Fire; they offered numerous facts as well as positions on the meaning of those facts. The City Council has pointed to this testimony as the basis for the

# Cooper & Kirk
### Lawyers

Andrew Worseck, Esq.
December 10, 2010
Page 7 of 8

Ordinance. For the reasons indicated in my letter of November 5, as well as during our several meet-and-confers, Plaintiffs are entitled to probe this testimony.

As for the deposition of Commissioner Scudiero, we think the relevancy of, and need for, her testimony should be readily apparent to Defendants as the City has already called her as a key fact witness in the *Ezell* case, which—like this case—challenges the constitutionality of the City's ban on ranges. In that case, Commissioner Scudiero testified about the Zoning Ordinance and its relationship to "gun ranges" generally (and not specifically about the mobile ranges at issue in that case). They City introduced this witness over the *Ezell* plaintiffs' objection that "the whole testimony is irrelevant."

## PROPOSAL FOR BRIEFING

We had previously agreed that if the parties could not come to agreement about the propriety of these depositions, the City would file a motion to quash by December 13, so that briefing on this and other discovery issues could unfold, at least in substantial part, during the month of December. Based on our most recent telephonic conversations, I understand that this date may no longer be feasible. Upon further consideration, and in light of the fact that Plaintiffs will be moving to compel on some of our document requests and interrogatories, we propose that instead of Defendants filing a motion to quash next week, Plaintiffs file an omnibus motion to compel by December 31, 2010.[4] This would put all the issues before the Court in one round of briefing, rather than requiring the two rounds of (substantively overlapping) briefing that would accompany a motion to quash by Defendants and a motion to compel by Plaintiffs. We hope this would permit the Court to rule, if it so chose, by the end of January. In the meantime, Plaintiffs could proceed with those depositions to which the City has agreed (Sgt. Bartoli and certain topics under in the Rule 30(b)(6) notice).

\*\*\*

In closing, allow me to echo your appreciation for the good-faith nature in which our discussions over discovery have unfolded thus far. I hope the cordiality will continue even in the face of disagreement on the merits of various issues and robust advocacy on behalf of our respective clients.

---

[4] Plaintiffs recognize that the when a party refuses to sit for a duly noticed deposition, the burden is on the deponent to move to quash rather than on the noticing party to move to compel. For purposes of efficiency for the parties and the Court, however, we are proposing this alternative. By advancing this proposal, Plaintiffs in no way agree to shift the burdens incumbent upon each party under the Federal Rules of Civil Procedure and do not concede in any way that the style of briefing reflects on the merits of the parties' positions.

# Cooper & Kirk

Lawyers

Andrew Worseck, Esq.
December 10, 2010
Page 8 of 8

Sincerely,

Jesse Panuccio

Enclosures

Cc:    Michael Forti, Esq.
       William Aguiar, Esq.
       Rebecca Hirsch, Esq.
       David Thompson, Esq.
       Stephen Kolodziej, Esq.

EXHIBIT 13



**City of Chicago**
**Richard M. Daley, Mayor**

**Department of Law**

Mara S. Georges
Corporation Counsel

Constitutional and Commercial
Litigation
Suite 1230
30 North LaSalle Street
Chicago, Illinois 60602-2580
(312) 744-4342
(312) 742-3925 (FAX)

http://www.cityofchicago.org

January 25, 2011

Jesse Panuccio
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
*Delivered via U.S. Mail and email*

**Re: Benson v. City of Chicago, 10 C 4184**

Dear Jesse:

      I write to provide updates regarding Defendants' position concerning certain of Plaintiffs' discovery requests.

Plaintiffs' First Set of Interrogatories

      Enclosed herewith, please find supplemental responses to Interrogatory Nos. 1, 2, & 6.

Plaintiffs' First Set of Requests for Production

      With respect to RFP Nos. 7, 8, 9 & 14, Defendants reassert their previous objections, including vagueness, overbreadth, and undue burden. Notwithstanding those objections, Defendants will produce responsive, non-privileged documents that can be located through reasonable and targeted efforts. In particular, as to RFP No. 8, Defendants will produce documents concerning firearms vendors and ranges open to the public. These efforts do not include searches for CPD database information, a matter that the Defendants have previously examined and that the parties have previously discussed.

Plaintiffs' Rule 30(b)(6) Deposition Notice

      With respect to deposition topics 3, 8, 9, 12, 13, 14 & 15, Defendants reassert their previous objections. Notwithstanding those objections, Defendants are willing to produce a responsive witness to the extent that the City's executive function has specific experience with the topic, and to the extent that the City can produce a competent witness. However, for reasons we have previously set forth, such witness(es) (indeed, any Rule 30(b)(6) witness the City may produce) cannot and will not speak on behalf of the City Council or as to the meaning or understanding of the legislative record.







**City of Chicago**
**Richard M. Daley, Mayor**

**Department of Law**

Mara S. Georges
Corporation Counsel

Constitutional and Commercial
Litigation
Suite 1230
30 North LaSalle Street
Chicago, Illinois 60602-2580
(312) 744-4342
(312) 742-3925 (FAX)

http://www.cityofchicago.org

With respect to topic 7, Defendants reassert their previous objections. Notwithstanding those objections, we are willing to produce a responsive witness subject to the limitation set forth in my December 8 letter and your December 10 letter – namely, the topic extends only to "the training and assumptions of police officers regarding the presence of firearms at homes or business to which they are called to respond on an emergency basis."

With respect to topics 10 & 11, Defendants reassert their previous objections. Notwithstanding those objections, and subject to the limitation set forth in my December 8 letter and your December 10 letter that the topic is limited to "the location of [vendors or ranges] and any deleterious effects resulting" from them, our production on this topic will include testimony concerning vendors and ranges open to the public, to the extent that the City has specific experience with the matter, and to the extent that it can produce a competent witness.

With respect to topic 16, we are willing to produce a responsive witness to testify to the City Zoning Code's impact on the operation of firearms ranges or businesses that would sell firearms.

\*     \*     \*

At this point, we believe that most of the discovery disputes set forth in Plaintiffs' Motion to Compel – which the Motion groups into 6 categories – are moot. As to Category (b) (crime and firearms data and statistics), there was never any dispute requiring Court intervention; the only issue is how long it will take to produce the data. As to Categories (e) (the treatment of firearms ranges and retailers under the Chicago Zoning Code) and (f) (practices of first responders), we believe the representations contained herein moot those categories completely. Likewise, these representations moot the vast majority of Category (d) (firearms training, firearms ranges, and firearms stores). As to that category, all that remains is RFP No. 13, which improperly seeks materials that are the product of the City's counsel's efforts in litigating the *Ezell* case. Finally, these representations moot many of the particular discovery requests grouped under Category (c) (the purposes of the challenged Ordinance provisions).

In sum, the profile of the parties' discovery disputes has appreciably changed since Plaintiffs filed their Motion over two weeks ago, and much of that Motion is now moot. As such, we believe the most efficient course for the parties and the Court is for Plaintiffs to withdraw their current Motion and file a narrower motion limited to those issues that may be properly characterized as disputed between the parties.







**City of Chicago**
**Richard M. Daley, Mayor**

**Department of Law**

Mara S. Georges
Corporation Counsel

Constitutional and Commercial
Litigation
Suite 1230
30 North LaSalle Street
Chicago, Illinois 60602-2580
(312) 744-4342
(312) 742-3925 (FAX)

http://www.cityofchicago.org

Sincerely,

Andrew Worseck
312-744-7129



3

