IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL, | ) ) ) ) ) ) | No. 10 CV 4184 |
| Plaintiffs, | ) ) | Judge Edmond E. Chang |
| v. | ) ) ) | Magistrate Judge Geraldine Soat Brown |
| THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS COUNT V OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

At the status hearing on March 17, 2011, the Court asked Defendants to submit a supplemental brief answering whether prosecution for firearms possession under the applicable provisions of the Illinois Criminal Code or Wildlife Code would preclude, as a matter of law, a prosecution under the City's Responsible Gun Ownership Ordinance (the "Ordinance"). As explained below, the answer is yes under well-settled principles of law, which further supports Defendants' Motion to Dismiss Count V of Plaintiffs' Second Amended Complaint.

Double jeopardy would preclude Plaintiffs from being prosecuted under the Ordinance if they had already been prosecuted under Illinois law. The double jeopardy clause of the Fifth Amendment provides, in part, that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., amend. V. Both the Illinois Constitution and the Illinois Criminal Code contain similar provisions. *See* Ill. Const., art. I, § 10; 720 ILCS 5/3-4. Three separate guarantees are incorporated within the double jeopardy doctrine: (1) protection against a second prosecution for

the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *See, e.g.*, *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969).

These constitutional protections against double jeopardy prevent simultaneous and subsequent prosecutions for the same offense under concurrent state and municipal laws. *Waller v. Florida*, 397 U.S. 387, 394-95 (1970) (petitioner could not be tried for same offenses under City of St. Petersburg's municipal code and Florida criminal code). Because "the judicial power to try the petitioner on the first charges in municipal court springs from the same powers that created the state court of general jurisdiction," a state and its municipalities must be considered the same sovereign entity for double-jeopardy purposes. *Waller*, 397 U.S. at 395. *See also People v. Allison*, 46 Ill.2d 147, 148, 263 N.E.2d 80, 81 (1970) (prosecution of defendant under city's disorderly conduct ordinance barred subsequent prosecution under state disorderly conduct statute); *People v. Stefan*, 146 Ill.2d 324, 332-36, 586 N.E.2d 1239, 1244-46 (Ill. 1992) (double jeopardy barred subsequent prosecution of certain counts under Illinois Environmental Protection Act after defendant was convicted of criminal and reckless disposal of hazardous wastes under municipal ordinance provisions); *People v. King*, 1 Ill. App.3d 757, 758, 275 N.E.2d 213, 214 (4th Dist. 1971) (defendant could not be prosecuted under both Illinois and municipal law for indecent conduct). Therefore, double jeopardy principles apply to duplicate prosecutions under the Ordinance and Illinois law.

Furthermore, there is no doubt that the carry restrictions contained in the Ordinance and Illinois law discussed in Defendants' Motion constitute the "same offense." To determine whether two offenses are the same for purposes of double jeopardy, courts must consider the elements of each offense without regard to the underlying conduct. *See United States v. Dixon*, 509 U.S. 688, 711-12

(1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).[1] The offenses will be considered different only where "the statutory elements of each of the offenses require an element of proof which the other offense does not include." *Dixon*, 509 U.S. at 712. Thus, double jeopardy will attach unless *each* offense contains an element of proof not included in the other. *See United States v. Rea*, 621 F.3d 595, 600 (7th Cir. 2010) (offenses considered the same if first offense is lesser-included offense of second).

For example, in *United States ex rel. Woolums v. Greer,* 728 F.2d. 918 (7th Cir. 1983), the defendant was attempting to steal a car and when police officers confronted him, he struck and kicked one of the officers while trying to flee the scene. 728 F.2d at 919. He was issued a municipal code citation for public intoxication and interfering with a police officer; when he failed to appear for trial, the court entered *ex parte* judgment against him on both counts, and ordered that his cash bond be applied to satisfy the judgment. *Id*. He was then indicted on Illinois state charges of aggravated battery, found guilty, and sentenced to jail. *Id*. The defendant sought habeas corpus relief, arguing that his conviction for aggravated battery was barred by the double jeopardy clause, but the district court denied his petition. *Id*. at 922. The Seventh Circuit reversed, finding that interfering with a police officer (municipal law) and aggravated battery for knowingly causing bodily harm to a peace officer engaged in official duties (state law) were the same offense because they did not require proof of different elements. *Id.* at 923. The Court of Appeals rejected the "local connection" as a distinction – *i.e*., the fact that the city required proof that the person interfered with

---

[1] In *Grady v. Corbin*, 495 U.S. 508 (1990), the Supreme Court added a second inquiry to the test that focused on the underlying conduct rather than the elements of each crime. The *Dixon* Court declared *Grady* a "mistake," however, and overruled it, reaffirming that the elements test set forth in *Blockberger* was the sole inquiry for the double jeopardy analysis. 509 U.S. at 703-712.

was a city officer and not *any* peace officer – and it also found unpersuasive the fact that the state law required proof of bodily harm whereas the ordinance did not require physical contact. *Id.* at 922. Since proof of bodily harm under state law would necessarily support a conviction of interference with an officer, the Court held that defendant had been twice convicted for the same offense and reversed the judgment. *Id.; see also People v. Hoskinson*, 201 Ill. App.3d 411, 414, 559 N.E.2d 11, 13 (1st Dist. 1990) (same).

Applying this standard to the present case it is clear that the applicable provisions of the Illinois criminal code and the Ordinance constitute the same offense. Under Illinois law, a person commits the offense of unlawful use of weapons when he knowingly:

> Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm . . . (720 ILCS § 5/24-1(a)(4));

> *or*

> Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm . . . (720 ILCS § 5/24-1(a)(10)).

Both of these provisions allow for the transportation of such weapons as long as they are (I) broken down in a non-functioning state; (ii) not immediately accessible; or (iii) unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification ("FOID") Card. 720 ILCS § 5/24-1(a)(4) and (10).

Similarly, under the Ordinance, it is unlawful for any person to carry or possess a handgun

4

except when in the person's home (Chicago Mun. Code § 8-20-020(a)), or carry or possess a long gun except when in the person's home or fixed place of business. Chicago Mun. Code § 8-20-030(a). Firearms may be lawfully transported by a person who possesses a valid FOID card and the weapon is: (I) broken down in a nonfunctioning state; (ii) not immediately accessible; and (iii) unloaded and in a firearm case. Chicago Mun. Code § 8-20-010.

This comparison demonstrates that the two provisions contain the same elements. And, while Plaintiffs may quibble that the Ordinance is more restrictive in certain respects, the Illinois law certainly does not contain any elements of proof not found in the Ordinance. A state prosecutor who proved that a defendant violated Illinois law by carrying an operable handgun (either openly or concealed) on his person while walking on the sidewalk would also necessarily prove a violation of the Ordinance. Likewise, if a person were found guilty under state law of unlawfully transporting his weapon in a vehicle, or not having such weapon unloaded and in a firearms case as required by the Illinois Wildlife Code (520 ILCS § 5/2.33(n)), he would necessarily have violated the Ordinance. Thus, for purposes of double jeopardy, these offenses are the same, and Plaintiffs could not be subjected to prosecution under both Illinois and municipal law arising from the same events. *See Dixon,* 509 U.S. at 711; *Greer,* 728 F.2d at 922.

Accordingly, because Plaintiffs are only subject to one prosecution for unlawfully possessing or carrying firearms, Plaintiffs would not be afforded any relief if the Court struck down the Ordinance's prohibitions on possession and carrying. Illinois law would still prohibit almost all of the same conduct, and Plaintiffs would still be subject to prosecution and imprisonment under Illinois law. Moreover, even if some of the penalties under the Ordinance could be characterized as more onerous than Illinois law, it is simply not relevant to the redressability analysis. As set forth

5

in Defendants' reply brief, pp. 4-5, redressability focuses on the *injury* about which Plaintiffs complain. Here, Plaintiffs' alleged injury is the inability to exercise to their constitutional right to freely carry operable firearms within the City – not that they suffered injury under the Ordinance because its penalties are too onerous. That injury would still exist even if the Ordinance is enjoined, because Plaintiffs do not challenge the Illinois law nor assert that they would carry firearms in public if the Ordinance were enjoined *notwithstanding* the Illinois law. The Ordinance and Illinois law both prohibit carrying firearms in public – the conduct that Plaintiffs seek to vindicate in Count V – and Count V should be dismissed for lack of redressability.

Dated: March 24, 2011

Respectfully submitted,

MARA S. GEORGES
CORPORATION COUNSEL
CITY OF CHICAGO

BY: /s/ Rebecca Alfert Hirsch
One of Its Attorneys

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Alfert Hirsch
Attorneys for the City of Chicago
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 742-0260