IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS ASSOCATION OF FIREARMS ) <br> RETAILERS , KENNETH PACHOLSKI, ) <br> KATHRYN TYLER, and MICHAEL HALL, ) <br>  ) <br>  Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> THE CITY OF CHICAGO and ) <br> RICHARD M. DALEY, Mayor of the ) <br> City of Chicago, ) <br>  ) <br>  Defendants. ) | No. 10-CV-4184 <br> Judge Edmond E. Chang <br> Magistrate Judge Geraldine Soat Brown |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS COUNT V.**

The City contends that "[d]ouble jeopardy would preclude Plaintiffs from being prosecuted under the Ordinance if they had already been prosecuted under Illinois law." Defendants' Supplemental Brief in Support of Motion to Dismiss ("City Suppl.") at 1. The question is wholly abstract, because Plaintiffs have not been prosecuted under either Illinois law or the City's Ordinance. This is not a criminal case, but a civil action seeking declaratory and injunctive relief against the enforcement of the City's Ordinance – and only the Ordinance – on constitutional grounds; no relief is sought against any Illinois statute. Nevertheless, the City argues that its motion to dismiss Count V for lack of standing (under Article III of the Constitution) should be decided by analogy to a hypothetical risk of double jeopardy (under the Fifth Amendment to the Constitution) if the Plaintiffs were to be prosecuted first under Illinois law and then under the City's Ordinance. Although the principles of double jeopardy are far removed from the principles of redressability and standing, the City's Supplemental Brief

1

nevertheless sheds some light on the City's motion to dismiss, because in both instances the City's position is predicated on a mischaracterization of the Illinois and Chicago firearms regulations.

The City's Supplemental Brief argues that double jeopardy would protect plaintiffs against prosecution for the same conduct that violated both Chicago's and Illinois's bans on the carriage of firearms, and that "Plaintiffs are only subject to one prosecution for unlawfully possessing or carrying firearms." City Suppl. at 5. This assumes that the Illinois and City laws define the same offense and proscribe the same conduct. But they do not. Indeed, the City now concedes – as it must – that Illinois law is less restrictive than the City's Ordinance because it permits wider firearms carriage and authorizes possession and carriage of *any* type of firearm, including "any pistol" or "revolver," so long as the person is "on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission." § 720 ILCS 5/24-1(a)(4) & (10) (quoted in City Suppl. at 4). *This* is the conduct that is at issue in Count V – we do not challenge conduct prohibited by Illinois's statute, but only conduct permitted under Illinois law that is forbidden by the City.

As a hypothetical matter, there may well be some potential prosecutions under the City's Ordinance that would indeed be precluded by double jeopardy in the wake of a prior prosecution under Illinois law. The City bases its argument on a single such hypothetical: an Illinois prosecution that proved that an individual "violated Illinois law by carrying an operable handgun (either openly or concealed) on his person *while walking on the sidewalk* would also necessarily prove a violation of the Ordinance." City Suppl. at 5 (emphasis added). The italicized passage limits the City's double-jeopardy argument to a restricted class of acts of gun possession *on*

2

*public byways* that would violate *both* Illinois and Chicago law. In such circumstances one might, indeed, "be subject for the same offense to be twice put in jeopardy." U.S. CONST., amend. V.

But the City's argument immediately breaks down if, instead of a public sidewalk, the gun possession that is prosecuted under the City Ordinance takes place on the criminal defendant's land, on his front porch or lawn, or in his garage. In *those* circumstances, prosecution is permissible under the Ordinance but *no prosecution (whether prior or subsequent or simultaneous) is possible under the Illinois statute* because that law expressly authorizes firearms carry in those circumstances. Thus prosecution under the Illinois law would not be barred by double jeopardy – it would simply be pointless and doomed because the Illinois statute does not criminalize the conduct at issue. Another instance of different outcomes under Illinois and Chicago law would be where the individual possessed a handgun in his fixed place of business, which Illinois expressly authorizes but Chicago criminalizes, or where the individual had a gun on somebody else's land where he was an invitee and had the owner's permission to carry a gun – which, again, Illinois law permits but Chicago outlaws. Again, there is simply no possible issue of double jeopardy, because the conduct that puts a person at risk of criminal prosecution under the City Ordinance is permitted under the Illinois statute.

The City qualifies its double-jeopardy argument by saying that "Illinois law would still prohibit *almost all* of the same conduct, and Plaintiffs would still be subject to prosecution and imprisonment under Illinois law." City Suppl. at 5 (emphasis added). The City would like the Court to overlook that italicized language, "almost all," but this avails the City naught because the conduct proscribed by the Illinois and City laws, and the criminal offenses they define, are *not, in fact, the same.* The City's bald assertion that "the Illinois law certainly does not contain

3

any elements of proof not found in the Ordinance," City Suppl. at 5, flatly misstates the state and municipal laws. The City's resurrection of this false assertion in its Supplemental Brief is baffling, given that, in its Reply Brief, the City conceded that "Plaintiffs are correct that some differences exist between the two laws," and that "Plaintiffs correctly catalogue some differences in the applicable language and provisions of the two laws." Defendants' Reply In Support of Motion to Dismiss ("City Reply") at 1, 2.

Because the City insists on this erroneous reading of the laws, we are obliged to correct its errors. As noted above, in many instances a person could be convicted under the City's Ordinance but not under Illinois law, not due to technical differences in how the offense is defined, but because the Illinois statute expressly legalizes conduct that the City Ordinance criminalizes. The authorizations for firearms carriage in the Illinois statute are material elements of any criminal offense prosecuted under that statute and therefore the state must prove them. Illinois requires the government to prove *additional* elements that are simply not part of a prosecution under the City's ordinance. *See, e.g., People v. Chmilenko*, 44 Ill. App. 3d 1060, 1061-63 (1st Dist. 1976) (reversing conviction under Illinois statute where defendant, confronting an intruder, brandished a handgun in defendant's garage, on his front porch, on his front steps, and in his front yard, because "the state's evidence did not prove that defendant was not on his land," where gun possession was expressly allowed by the statute); *People v. Navarrete,* 258 Ill. App. 3d 39, 44 (1st Dist. 1994) (conviction for unlawful use of weapon based on a statute precluding possession of a revolver other than on defendant's own land or abode or fixed place of business requires proof that defendant was not on his own land or in his fixed place of business); *People v. Anderson,* 117 Ill. App. 3d 806, 808 (1st Dist. 1983) (where the state's evidence established that the defendant was not in her own abode, but no evidence was

4

introduced which proved that defendant was not on her own land or in her fixed place of business, the evidence was insufficient to sustain a conviction). Thus, the City's double-jeopardy argument fails for precisely the same reason that its standing argument fails: the Illinois and City laws have different elements and proscribe different conduct – with the City Ordinance outlawing conduct that is not a crime under the Illinois statute.[1]

The City's Supplemental Brief misapprehends Plaintiffs' claims under Count V. The City asserts that the "Plaintiffs' alleged injury is the inability to exercise [] their constitutional right to freely carry operable firearms within the City. . . ." City Suppl. at 6. We make no such broad claim to carry firearms everywhere and anywhere in the City. Count V in fact seeks to vindicate only a narrow interest: the right to carry firearms *in ways permitted by Illinois law, but disallowed by the City*. Thus:

- Illinois law authorizes possession and carriage of any kind of firearm anywhere on one's own land, including the buildings and curtilage areas where the Ordinance outlaws firearms. *See* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Mem.") at 6-7. Plaintiff Michael Hall alleges that he would carry a firearm in these areas for self-defense, but for the Ordinance's prohibition. Second Amended Complaint ¶¶ 36, 69.

- Illinois law allows one to keep a handgun at one's fixed place of business, but this is outlawed by the Ordinance – as the City expressly concedes. City Reply at 6 & n. 2; *see also* Plaintiffs' Mem. at 7. Plaintiff Dr. Kathryn Tyler alleges that she would possess and carry a handgun at her veterinary clinic but is barred by the Ordinance from doing so. Second Amended Complaint ¶¶ 29, 31, 69.

---

[1] Indeed, Illinois law in some respects deliberately preempts more restrictive municipal firearms regulations. Concerned that local governments were abrogating the gun-carry rights provided under state law, Illinois enacted a statute providing an affirmative defense to anyone prosecuted by a city for violating "a municipal ordinance that prohibits, regulates, or restricts the private ownership of firearms if the individual who is charged with the violation *used the firearm in an act of self-defense or defense of another ... when on his or her land or in his or her abode or fixed place of business*." § 720 ILCS 5/24-10 (emphasis added). The Illinois Legislature enacted this statute specifically to curb the enforcement of municipal firearms regulations that are more restrictive than the State's own laws, which expressly authorize carriage of any kind of firearm, even a handgun, anywhere on one's own land, in one's abode, or in one's place of business. *See People v. Price*, 375 Ill. App. 3d 684, 693, 695 (1st Dist. 2007).

5

- Illinois law authorizes an individual to carry any kind of firearm anywhere on the land of another person as an invitee with that person's permission, whereas the Ordinance outlaws this and restricts carriage of a handgun to one's own home. *See* Plaintiffs Mem. at 7-9. Such firearms carriage on another's property would include, for example (but without limitation), carrying a gun while at a firearms range, which plaintiffs allege they would do but for the Ordinance. *See id*. at ¶¶ 32, 38, 41.

Finally, even if Fifth Amendment double-jeopardy principles were *relevant* to the Article III standing inquiry – which they are not – the City's double-jeopardy argument fails to make sense even on its own terms. The City argues that, "*because Plaintiffs are only subject to one prosecution* for unlawfully possessing or carrying firearms, Plaintiffs would not be afforded any relief if the Court struck down the Ordinance's prohibitions on possession and carrying. Illinois law would still prohibit almost all of the same conduct, and *Plaintiffs would still be subject to prosecution and imprisonment under Illinois law*." City Suppl. at 5 (emphasis added). But surely, even under the City's strange analysis, the second sentence quoted above is a *non sequitur*. If Plaintiffs are indeed "only subject to one prosecution," it cannot be true that, even after constitutional relief is awarded against the City Ordinance on Second Amendment grounds, the Plaintiffs would somehow "still be subject to prosecution and imprisonment under Illinois law." Indeed, if Plaintiffs were prosecuted under the Chicago ordinance and successfully defended on the ground that the law was unconstitutional, the Double Jeopardy Clause would bar a subsequent prosecution under the Illinois statute for the same conduct. Thus, even if Chicago were correct that the Illinois statue covered the same conduct as the Chicago ordinance, and even if the City were also correct that double jeopardy analysis was somehow relevant to standing, Chicago's arguments would only confirm that a judgment invalidating its ordinance would grant Plaintiffs all the relief that they seek.

In summary, nothing in the City's Supplemental Brief disturbs the conclusion that injunctive and declaratory relief against the Ordinance would relieve the Plaintiffs from the

restrictions on their Second Amendment rights that are imposed by the City's Ordinance but not by the Illinois statute. Plaintiffs therefore have Article III standing to pursue a challenge to those features of the City's Ordinance that burden the right to carry firearms to a greater extent than state law.

Dated: March 29, 2011

Respectfully submitted,

Stephen Kolodziej
Atty. ID # 6216375
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn St., Suite 300
Chicago, IL 60602
Tel: (312) 781-1970
Fax: (312)781-9202
Email: skolodziej@brennerlawfirm.com

/s/ Charles J. Cooper
Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

Brian S. Koukoutchos*
28 Eagle Trace
Mandeville, LA 70471
Tel: (985) 626-5052
bkoukoutchos@gmail.com

*Admitted *pro hac vice*.

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Charles J. Cooper, hereby certify that on this 29th day of March, 2011, I caused a copy of the foregoing to be served by electronic filing on:

    Michael A. Forti
    Andrew W. Worseck
    Mardell Nereim
    Rebecca Alfert Hirsch
    William Macy Aguiar
    City of Chicago, Department of Law
    Constitutional and Commercial Litigation Division
    30 N. LaSalle St., Suite 1230
    Chicago, IL 60602

                                          /s/ Charles J. Cooper
                                          Charles J. Cooper