**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ILLINOIS ASSOCIATION OF** | ) | |
| **FIREARMS RETAILERS, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 10-CV-4184** |
| | ) | **Judge Edmond E. Chang** |
| **CITY OF CHICAGO, ET AL.,** | ) | **Magistrate Judge Geraldine Soat** |
| | ) | **Brown** |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO ANSWER
MAYOR DALEY'S FIRST SET OF INTERROGATORIES**

Defendants City of Chicago (the "City") and Mayor Richard M. Daley (collectively, "Defendants"), by and through their attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, respectfully move this Court for an order compelling Plaintiffs to answer Mayor Richard Daley's First Set of Interrogatories ("Interrogatories") served on May 2, 2011. In support thereof, Defendants state as follows:

**<u>INTRODUCTION</u>**

Plaintiffs contend that they are not required to answer interrogatories served on them thirty days before the close of discovery because the form of service used by Defendants gives them an extra three days to respond, thus taking their response date beyond the discovery cut-off period. Plaintiffs' position is the epitome of elevating form over substance. Plaintiffs' wholesale refusal to respond to the Interrogatories rests solely on technical adherence to a procedural rule intended to give the receiving party additional time to respond when service is not instantaneous. Here, notice was instantaneous, and Defendants have otherwise satisfied the spirit and substance of the federal rules, if not the letter. As explained below, because there is no dispute that the spirit and intent of

the federal rules were satisfied, that notice of the Interrogatories was provided thirty days before the close of discovery, and that Plaintiffs will not be prejudiced by being required to respond, the Court should order Plaintiffs to respond to the Interrogatories.

## FACTS

Plaintiffs filed this action challenging numerous provisions of Chicago's Responsible Gun Ownership Ordinance (the "Ordinance") on July 6, 2010, and discovery first began on September 1, 2010. Since that time – less than nine months ago – the parties have been actively engaged in the discovery process. In the last two months alone, Defendants have taken and defended 14 depositions and responded to, or are in the process of responding to, Plaintiffs' First and Second Requests to Admit and Plaintiffs' Fourth, Fifth, Sixth, and Seventh Set of Document Requests. In the midst of this activity and as the fact discovery deadline of June 1, 2011 fast approached, Defendants took stock of what final, additional discovery they needed. To this end, on May 2, Defendant Richard M. Daley served his only set of Interrogatories.[1] *See* Exhibit A, attached hereto. These Interrogatories concern Count V of Plaintiffs' Second Amended Complaint – Plaintiffs' claim that the Ordinance burdens their right to carry firearms outside of their homes. Defendants moved to dismiss Count V on February 17, but the Court has not ruled on that motion yet and, therefore, Defendants seek information underlying Plaintiffs' claim before the discovery period closes.

Defendants served these Interrogatories on May 2 by placing them in the U.S. Mail and simultaneously emailing them to Plaintiffs. *See* Exhibit B (copy of email attaching Interrogatories).

---

[1] Defendants also disclosed three additional fact witnesses to Plaintiffs on May 11 and provided deposition dates for them within the discovery period (Defendants stipulated to Plaintiffs going beyond their ten-deposition limit as proscribed by Rule 30(b)(2)(A)(I)), and took the deposition of a third-party witness identified by Plaintiffs in Washington D.C. on May 17.

On May 9, Plaintiffs informed Defendants that they deemed the Interrogatories untimely and therefore refused to respond to them. *See* Exhibit C (May 9 letter from Mr. Patterson). Plaintiffs explained that, because Defendants had not agreed to electronic service, and because Plaintiffs were entitled to add three days for service by mail under Fed. R. Civ. Rule 6(d), their response date was Monday, June 6, five days beyond the close of fact discovery. *Id*. Therefore, Plaintiffs contend, they have no obligation – and indeed will not – respond to the Interrogatories.

## ARGUMENT

This Court has broad discretion to manage discovery matters arising in its cases. *Semien v. Life Insurance Co. Of N.A*., 436 F.3d 805, 813 (7th Cir. 2006). *See also Gile v. United Airlines, Inc*., 95 F.3d 492, 496 (7th Cir. 1996) (district courts granted broad discretion when reviewing discovery disputes and "should independently determine the proper course of discovery based on the arguments of the parties."). The burden is on the party resisting discovery "to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules." *Zenith Electronics Corp. v. Exzecs, Inc*., 1998 WL 9181, *8 (N.D. Ill. Jan. 5, 1998). Under this standard and the circumstances of the case, Plaintiffs should respond to the Interrogatories.

Federal Rule 33 provides that a party responding to discovery requests be given 30 days to serve its answers and any objections, and that a shorter or longer time may be stipulated to or be ordered by the court. *See* Fed. R. Civ. P. 33(b)(2). In addition, pursuant to the Court's Standing Order Establishing Pretrial Procedure ("Standing Order"), discovery must be scheduled to be completed before the discovery closing date in order to be considered timely. *See* Standing Order, § 4. Defendants adhered to these rules. On May 2, 2011, Defendant Daley served his first and only set of interrogatories in this suit, by placing them in the U.S. Mail and by emailing an electronic

3

copy. Under Rule 33, responses and objections to these interrogatories are due on June 1, 2011 – which is the discovery deadline in this case, thus satisfying Standing Order § 4.

Plaintiffs do not contend that they did not actually receive a copy of the Interrogatories on May 2. Rather, Plaintiffs' sole complaint is that because the Interrogatories were transmitted via electronic and regular mail rather than by hand delivery, they are entitled to an extra three days to respond under Rule 6(d). *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire..."). Accordingly, adding three days (and accounting for the intervening weekend) takes Plaintiffs' response time to June 6, five days beyond the fact discovery deadline. Thus, Plaintiffs state, they are under no obligation to respond.

The result urged by Plaintiffs, while suggested by the *letter* of the rules, is not required by the underlying policy rationales, the spirit of the rules and the Standing Order, nor fairness and equity. The purpose of the three additional days provided by Fed. R. Civ. P. 6(d) is to accommodate the expected lapse in time between the mailing of documents and their actual receipt. *See*, *e.g.*, *Epperly v. Lehmann Co.*, 161 F.R.D. 72, 75 (S.D. Ind. 1994) (the rule "clearly is intended to protect parties who are served notice by mail from suffering a diminution of their time to respond [since service is deemed effected upon mailing, not receipt]..."), quoting 4A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1171 at 514 (1987). That purpose is simply not served here, as Plaintiffs do not dispute that they actually received the electronic copy of the Interrogatories on May 2.

The highly active litigation history of this dispute illustrates that email is, in fact, the means of delivery best calculated to reach opposing counsel if not instantaneously, at least *most quickly*.

4

The parties communicate regularly, if not daily, via email. Plaintiffs' counsel is located in Washington, D.C., while Mr. Patterson, an associate at Cooper & Kirk who has been most active in the day-to-day communications and discovery issues of the case, lives and works in Cincinnati, Ohio, so hand delivery is usually not an option. Defendants' counsel anticipated and intended that sending these Interrogatories by email on May 2, 2011, together with placing them in U.S. Mail, would result in Plaintiffs' counsel receiving them most quickly. Indeed, Defendants could have eliminated Plaintiffs' recourse to the additional three days if they had simply hand delivered the Interrogatories to the front desk of Plaintiffs' local counsel. *See* Fed. R. Civ. P. 5(b)(2)(B). But that method would have been *less* likely to result in Plaintiffs' immediate notice of the Interrogatories, since local counsel has not participated in the discovery process and local counsel would have had to transmit them to Plaintiffs' primary litigation counsel anyway. Defendants should not be penalized for relieving local counsel of that burden and sending them to primary counsel directly that very same day via email.

Moreover, Defendants did not intend to thwart the rules or intentionally delay the serving of the Interrogatories until the last minute: Given the pace and volume of the other discovery activity in the case, Defendants drafted and served the Interrogatories when they could, believing they were satisfying all procedural rules by serving them on May 2. The fact that Defendants did not take the extra three days into account was an inadvertent oversight.

The federal rules of civil procedure are to be construed liberally to promote justice. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996); s*ee also Harford Cas. Ins. Co. v. Borg-Warner Corp.*, 913 F.2d 419, 424 (7th Cir. 1990) ("The result we reach today comports with the general admonishment that we should construe our procedural rules to do

5

substantial justice."). Defendants respect that the Court has a strong interest in ensuring "that parties abide by scheduling orders to ensure prompt and orderly litigation." *United States v. 1948 Martin Luther King Dr.*, 270 F.3d 1102, 1110 (7th Cir. 2001). That interest, however, should be balanced against the important role discovery plays in litigation; namely, uncovering facts so the case can be decided on the merits. *See, e.g., Federated Dep't Stores, Inc. v. M.J. Clark, Inc.,* 2007 WL 489487, * 1-*2 (N.D. Ill. Feb. 15, 2007) (noting the competing interests implicated in belated discovery requests and finding that documents should be produced). To that end, "it is entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [ ] mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962) (while notice of appeal did not satisfy technical requirements of procedural rules, they were "an effective, although inept, attempt..."). *See also Torres v. Oakland Scavenger Co*., 487 U.S. 312, 317-18 (1988) ("if a litigant files papers that are at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.").

Here, Defendants provided Plaintiffs with the functional equivalent of same-day service by electronically mailing the Interrogatories to Plaintiffs' primary litigation counsel who, by Plaintiffs' choice, are based out of town. And – just as important – Plaintiffs have provided Defendants no reason why they would be prejudiced by having to answer the Interrogatories thirty days after receiving them, and indeed there is none, as that is the usual time allotted by the federal rules to respond to discovery. Fed. R. Civ. P. 33(b)(2). Finally, even if this Court determines that Rule 6(d) and the Standing Order should be strictly construed to render the Interrogatories untimely, Plaintiffs should still answer them by June 6. Expert discovery will continue for the next few months, and

there are no other pending deadlines that will be affected by allowing a few extra days for Plaintiffs to respond to written discovery.  Under the circumstances of this case, where Defendants have diligently participated in discovery and satisfied the spirit and purpose of the rules, such result is warranted. [2]

### Rule 37(a)(1) Conference Certification

On Friday, May 13, 2011, counsel for Defendants conferred with counsel for Plaintiffs in an attempt to resolve this issue, but could not reach agreement.  Plaintiffs' counsel informed Defendants' counsel that it had other objections to the Interrogatories and would provide a list of those to Defendants' counsel by May 18.  During another telephone conference between the parties on May 17, however, Plaintiffs reiterated that notification of these objections were not formal responses to the Interrogatories and Plaintiffs would stand by their refusal to respond to the Interrogatories based un untimeliness.[3]  Accordingly, Defendants have complied with the

---

[2] Indeed, cases from this district that have permitted untimely discovery requests to be ignored concern parties who had not been diligent throughout the discovery process and who served discovery on the last or near to last day of the discovery period – quite distinguishable from the present case.  *See, e.g., Sofo v. Pan-American Life Ins. Co.*, 13 F.3d 239, 242 (7th Cir. 1994) (after nine months of not serving any discovery, district court did not abuse discretion in finding that plaintiff had acted untimely by serving discovery nine days before deadline); *Coram Health Care Corp. of Illinois v. MCI Worldcom Communications, Inc.,* 2001 WL 1467681, * 3 (N.D. Ill. Nov. 15, 2001) (requests to admit served on discovery cut-off date); *Fahey v. Creo Products, Inc.*, 1998 WL 474114, *2 (N.D. Ill. Aug. 4, 1998) (after year and a half discovery period in which plaintiff served no written discovery, defendant under no obligation to respond to interrogatories, production requests, and requests to admit served one day before deadline).

[3] On May 18, Plaintiffs informed Defendants via email that the Interrogatories were also objectionable because they sought legal conclusions and because they went beyond the scope of their right to carry claim in the case.  *See* Exhibit D (May 18 Patterson email).  While neither of these objections has merit, Plaintiffs has made clear that these were not intended to be formal responses to the Interrogatories because they have no duty to respond; accordingly, Defendants do not address these additional objections here.

requirements of Fed. R. Civ. P. 37(a)(1) and this motion to compel is ripe for the Court to decide.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court order

Plaintiffs to respond to Mayor Daley's First Set of Interrogatories and grant Defendants such further

relief as the Court deems just and appropriate.

Date: May 20, 2011                          Respectfully submitted,

                                            MARA S. GEORGES,
                                            Corporation Counsel for the City of Chicago

                                            By:____/s/William Macy Aguiar_____
                                                      Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975  / 7129 / 4216

Attorneys for Defendants