# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ILLINOIS ASSOCIATION OF<br>FIREARMS RETAILERS, ET AL., | ) | No. 10 CV 4184 |
|  | ) |  |
|  | ) |  |
| Plaintiffs, | ) | Judge Edmond E. Chang |
|  | ) |  |
| v. | ) | Magistrate Judge Geraldine Soat Brown |
|  | ) |  |
| THE CITY OF CHICAGO and RICHARD M.<br>DALEY, Mayor of the City of Chicago, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

### DEFENDANT RICHARD M. DALEY'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Defendant Richard M. Daley, by and through his attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, hereby requests that Plaintiffs answer the following interrogatories under oath and serve such answers on the City at the offices of the City of Chicago, Department of Law, Constitutional & Commercial Litigation Division, 30 North LaSalle Street, Suite 1230, Chicago, Illinois 60602, by June 1, 2011.

### DEFINITIONS

A.    "City" means the City of Chicago, its departments, officers, employees, representatives, attorneys, agents, and any other person or entity acting on its behalf or at its direction, including, but not limited to, the Chicago Police Department.

B.    "You" means each Plaintiff, individually.

C.    "Identify" when used with reference to a document, means to set forth the date, author or originator, persons to whom the document was addressed or sent, type of document

(*e.g.* letter, contract, chart, etc.), subject matter, and the present or last known custodian of the original and any copies.

      D.    "Identify" when used with reference to a natural person, means to state his or her present or last-known full name, home address, home telephone number, business affiliation, business address, and business telephone number.

      E.    "Identify" when used with reference to a person other than a natural person, means to set forth the full name of the person, the form of the person (*e.g.*, corporation, joint venture, partnership, sole proprietorship, etc.), the partners, officers, directors, or other principals, and the present or last-known place of business.

      F.    "Person" means any natural person, corporation, partnership, association, governmental unit, or other entity.

      G.    "Relate," "related," and "relating" means directly or indirectly referring, reflecting, containing, constituting, describing, discussing, stating, assessing, recording, or otherwise connected with the matter described.

      H.    "Including" means including, but not limited to.

## INSTRUCTIONS

      A.    Unless otherwise stated, the time frame for each request shall be from January 1, 1990 to the present.

      B.    Any ambiguity in these interrogatories shall be resolved so as to construe them as broadly as possible.

      C.    Any word in the singular shall be understood to refer to the singular and/or plural forms of the word. Any word used in the plural shall be understood to refer to the singular

and/or plural forms of the word.

D.      The terms "and" and "or" shall be construed conjunctively or disjunctively so as to give the broadest possible response to any request.

E.      In accordance with Fed. R. Civ. P. 33, these interrogatories are to be regarded as continuing and you are to seasonably supplement your responses to the extent you or anyone acting on your behalf obtains additional information.

F.      A reference to a particular Plaintiff includes that Plaintiff's successors, assigns, representatives, attorneys, agents, and any other person or entity acting on his/her/its behalf or at his/her/its direction.

## INTERROGATORIES

1.      State whether the City may prohibit the open carry of firearms on Chicago public school grounds without violating the Second Amendment, and explain all reasons why or why not.

2.      State whether the City may prohibit the concealed carry of firearms on Chicago public schools grounds without violating the Second Amendment, and explain all reasons why or why not.

3.      State whether the City may prohibit the open carry of firearms on Chicago private school grounds without violating the Second Amendment, and explain all reasons why or why not.

4.      State whether the City may prohibit the concealed carry of firearms on Chicago private school grounds without violating the Second Amendment, and explain all reasons why or why not.

3

5.      State whether the City may prohibit the open carry of firearms in governmental buildings, including courthouses, post offices, and libraries, located in Chicago without violating the Second Amendment, and explain all reasons why or why not.

6.      State whether the City may prohibit the concealed carry of firearms in governmental buildings, including courthouses, post offices, and libraries, located in Chicago without violating the Second Amendment, and explain all reasons why or why not.

7.      Identify all public spaces, including but not limited to parks, streets, and sidewalks,  where the City may prohibit the open carry of firearms without violating the Second Amendment, and for each location explain all reasons why.

8.      Identify all public spaces, including but not limited to parks, streets, and sidewalks, where the City may prohibit the concealed carry of firearms without violating the Second Amendment, and for each location explain all reasons why.

9.      Identify all privately-owned spaces that are open to the public, such as museums, shopping malls, arenas, stadiums, concert halls, theaters, and restaurants, where the City may prohibit the open carry of firearms without violating the Second Amendment, and for each location explain all reasons why.

10.      Identify all privately-owned spaces that are open to the public, such as museums, shopping malls, arenas, stadiums, concert halls, theaters, and restaurants where the City may prohibit the concealed carry of firearms without violating the Second Amendment, and for each location explain all reasons why.

Date: May 2, 2011                              Respectfully submitted,

4

MARA S. GEORGES,
Corporation Counsel for the City of Chicago

By: _____
Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendant City of Chicago

## CERTIFICATE OF SERVICE

I, Rebecca Alfert Hirsch, an attorney, hereby certify that on May 2, 2011, I caused a copy

of **Defendant Richard M. Daley's First Set of Interrogatories** to be served by electronic mail

and first-class United States mail, postage prepaid, on:

      Charles J. Cooper
      David H. Thompson
      Cooper & Kirk, PLLC
      1523 New Hampshire Ave., NW
      Washington, DC 20036

      Stephen Kolodziej
      BRENNER FORD MONROE & SCOTT LTD.
      33 N. Dearborn Street, Suite 300
      Chicago, IL 60602

 

                                          _____
                                          Rebecca Alfert Hirsch

# EXHIBIT B

# ILAFR v. City of Chicago

## Hirsch, Rebecca

| | |
|---|---|
| **Sent:** | Monday, May 02, 2011 4:26 PM |
| **To:** | dthompson@cooperkirk.com; ppatterson@cooperkirk.com; skolodziej@brennerlawfirm.com |
| **Cc:** | Forti, Michael; Nereim, Mardell; Aguiar, William; Worseck, Andrew |
| **Attachments:** | Benson_1st_Set_Interrogato~1.pdf (207 KB) |

Please see courtesy copy attached--hard copy to follow in mail.  Thanks.


Rebecca Hirsch
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Suite 1230
Chicago, IL 60602
(312) 742-0260

# EXHIBIT C

# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
### 1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

Pete Patterson
ppatterson@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

May 9, 2011

<u>By First Class Mail and Email</u>

Andrew Worseck
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL  60602
Email: andrew.worseck@cityofchicago.org

Re:  *ILAFR v. City of Chicago*, No. 10-4184 (N.D. Ill.)

Dear Andrew:

I'm writing in regards to two matters.

1.  The City has requested to depose Plaintiff Michael Hall a second time because he produced documents indicating that he purchased two firearm locking devices in February 2011, about two months after his initial deposition.  We are by no means required to produce Mr. Hall for a second deposition because of this turn of events.  As an initial matter, the nature of Mr. Hall's particular firearm locking devices bears no relevance to the issues at stake in this litigation.  Furthermore, the City made the choice to depose Mr. Hall before issuing interrogatories and requests for production related to his locking devices, and the consequences of that choice thus rest with the City.  *Cf.* Fed. R. Civ. P. 30, Advisory Committee Note to 2000 Amendment ("If the examination reveals that documents *have been requested but not produced,* that may justify further examination once production has occurred.") (emphasis added).

Nevertheless, we will agree to produce Mr. Hall for a second deposition subject to two conditions.  First, the scope of questioning will be limited to the two locking devices he purchased in February 2011.  Second, for the convenience of the parties, the deposition will take place either the day before or the day after Plaintiffs' 30(b)(6) deposition of the City on Topic No. 7.  We noticed that deposition for April 29 at the City's request, but the City unilaterally refused to produce a witness on that date.  Please let me know when you are available to discuss dates for these depositions.

2.  On May 2, 2011, the City served Defendant Richard M. Daley's First Set of Interrogatories by electronic mail and first-class United States mail.  As an initial matter, I note

# Cooper & Kirk
### Lawyers

Andrew Worseck
May 9, 2011
Page 2 of 2

that, despite our requests, the City has not entered into an electronic service agreement. Be that as it may, the Federal Rules establish June 6, 2011 as Plaintiffs' deadline for responding to these interrogatories. *See* Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 6(a)(1). We do not agree to the City's request to shorten our time to respond to June 1, 2011, *see* Defendant Richard M. Daley's First Set of Interrogatories at 1, and because the deadline established by the rules falls after the June 1 fact discovery deadline the interrogatories are untimely and we will not be answering them.

Sincerely,

Pete Patterson

Enclosures

Cc:    Michael Forti
        William Aguiar
        Rebecca Hirsch
        Mardell Nereim
        David Thompson
        Stephen Kolodziej

# EXHIBIT D

# RE: ILAFR v. City of Chicago

Pete Patterson [ppatterson@cooperkirk.com]

**Sent:** Wednesday, May 18, 2011 4:28 PM
**To:** Hirsch, Rebecca; David Thompson [dthompson@cooperkirk.com]
**Cc:** Forti, Michael; Nereim, Mardell; Aguiar, William; Worseck, Andrew

---

Rebecca,

There are at least three independent grounds for our not answering Mayor Daley's First Set of Interrogatories. In addition to the timeliness objection we have raised with you, the Interrogatories (1) improperly seek legal bases, conclusions, or opinions and (2) are not relevant to the narrow right to carry claim at issue in this case.

We of course reserve the right to supplement this list of objections in the event we are required to respond to the interrogatories.

Thanks,

Pete

---

**From:** Pete Patterson
**Sent:** Friday, May 13, 2011 4:46 PM
**To:** 'Hirsch, Rebecca'; David Thompson
**Cc:** Forti, Michael; Nereim, Mardell; Aguiar, William; Worseck, Andrew
**Subject:** RE: ILAFR v. City of Chicago

Rebekah,

Thank you for your email, and thank you for taking the time to confer today. We would like to reiterate, as I mentioned on the phone, that Mayor Daley's First Set of Interrogatories are objectionable on grounds other than and in addition to the timeliness objection we have raised. We will email you a list of those objections by Wednesday, May 18. Thanks,

Pete

---

**From:** Hirsch, Rebecca [mailto:rebecca.hirsch@cityofchicago.org]
**Sent:** Friday, May 13, 2011 3:26 PM
**To:** Pete Patterson; David Thompson
**Cc:** Forti, Michael; Nereim, Mardell; Aguiar, William; Worseck, Andrew
**Subject:** RE: ILAFR v. City of Chicago

Pete,

I am writing to confirm Defendants' agreement to stipulate that Plaintiffs may go beyond the ten deposition limit set forth in Rule 30(a)(2) and take the depositions of Deputy Chief of Staff Henry and Deputy Chief Alexander.

Thanks,

Rebecca

---

**From:** Pete Patterson [ppatterson@cooperkirk.com]
**Sent:** Friday, May 13, 2011 11:06 AM
**To:** Hirsch, Rebecca; David Thompson
**Cc:** Forti, Michael; Nereim, Mardell; Aguiar, William; Worseck, Andrew
**Subject:** RE: ILAFR v. City of Chicago

Rebecca,

What number should we call for this afternoon's conference?  And please let us know what time on Monday you are available to meet and confer on the issues you are not prepared to address today.  We are available at any time.  Thanks,

Pete

---

**From:** Hirsch, Rebecca [mailto:rebecca.hirsch@cityofchicago.org]
**Sent:** Friday, May 13, 2011 11:10 AM
**To:** Pete Patterson; David Thompson
**Cc:** Forti, Michael; Nereim, Mardell; Aguiar, William; Worseck, Andrew
**Subject:** RE: ILAFR v. City of Chicago

Pete,

Thanks for agreeing to a 1:30 meet and confer with regard to Mayor Daley's First Set of Interrogatories; that time works for us.

With respect to the other issues you raised, we are not in a position to address all of them this afternoon given the late notice.  We are able, however, to meet and confer about the last two issues:  (1) Defendants' production of a 30(b)(6) witness on topic 7, and (2) your proposal that the City stipulate to plaintiffs' deposing the additional individuals recently identified as responsive to interrogatory No. 8.  We can discuss the other issues with you on Monday.

Thanks,

Rebecca

---

**From:** Pete Patterson [ppatterson@cooperkirk.com]
**Sent:** Friday, May 13, 2011 8:24 AM
**To:** Hirsch, Rebecca; David Thompson
**Cc:** Forti, Michael; Nereim, Mardell; Aguiar, William; Worseck, Andrew
**Subject:** RE: ILAFR v. City of Chicago

Rebecca,

We propose to have our meet and confer with you at 1:30 central time today.  We would like also like to meet and confer today regarding the City's responses to our document requests, the City's response to our First Set of Requests for Admission, the City's failure to produce a witness for 30(b)(6) topic 7, and our proposal that the City stipulate to our deposing the additional individuals identified as responsive to Interrogatory No. 8.  Thanks,

Pete

---

**From:** Hirsch, Rebecca [mailto:rebecca.hirsch@cityofchicago.org]
**Sent:** Thursday, May 12, 2011 4:30 PM
**To:** Pete Patterson; David Thompson
**Cc:** Forti, Michael; Nereim, Mardell; Aguiar, William; Worseck, Andrew
**Subject:** ILAFR v. City of Chicago

Pete,

As Bill mentioned to you earlier today, we'd like to have a Rule 37 conference with you tomorrow about your refusal to answer Mayor Daley's First Set of Interrogatories served on May 2.  Please let me know what times are good for you.

Thanks,

Rebecca Hirsch
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Suite 1230
Chicago, IL 60602
(312) 742-0260

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the

individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.