IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS ASSOCATION OF FIREARMS RETAILERS , KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 10-CV-4184 Judge Edmond E. Chang Magistrate Judge Geraldine Soat Brown |
| v. | ) ) | |
| THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO RECONSIDER ORDER
GRANTING DEFENDANTS' MOTION TO COMPEL**

Plaintiffs Illinois Association of Firearms Retailers, Kenneth Pacholski, Kathryn Tyler, and Michael Hall, respectfully move this Court to reconsider its Order granting Defendants' Motion to Compel Plaintiffs to Answer Mayor Richard Daley's First Set of Interrogatories.[1] *See* Doc. No. 121.

---

[1] While the 10 interrogatories at issue here are contained in the first set of interrogatories issued by Mayor Daley, Defendant City of Chicago has issued three sets of interrogatories containing a total of 18 interrogatories. *See* Exhibits A-C. Plaintiffs have served written responses to those interrogatories. *See* Exhibits D-F. Of course, were it not for the technicality that Mayor Daley and the City of Chicago nominally are separate parties, Defendants' requests would have exceeded the limit on the number of interrogatories established by the Federal Rules. *See* FED. R. CIV. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). Indeed, the interrogatories may have exceeded the limit notwithstanding that nominal separation. *See* CHARLES ALAN WRIGHT ET AL., 8B FED. PRAC. & PROC. CIV. § 2168.1 (3d ed.) (explaining that "it frequently happens that a number of parties on the same side are represented by a single attorney and in that sense act in unison" and that "[t]he best result would seem to be to recognize that in some instances nominally separate parties should be considered one party for purposes of the 25-interrogatory limitation").

1

Plaintiffs are constrained to file this motion to provide the Court with an accurate and complete basis for its disposition of the underlying motion to compel. If untimeliness were the only infirmity in Mayor Daley's Interrogatories, Plaintiffs would not ask this court to reconsider its order granting Defendants' Motion to Compel. But as Plaintiffs emphasized to Defendants, "[t]here are at least *three* independent grounds for our not answering Mayor Daley's First Set of Interrogatories. In addition to the timeliness objection …, the Interrogatories (1) improperly seek legal bases, conclusions, or opinions and (2) are not relevant to the narrow right to carry claim at issue in this case." May 18 Patterson Email, Doc. No. 119-1 at 14 (emphasis added). It is in light of these latter two objections that we ask the Court to reconsider its order granting Defendants' Motion to Compel.

1. Mayor Daley's Interrogatories ask Plaintiffs to state whether the Second Amendment permits the City of Chicago to prohibit open or concealed carry of firearms on Chicago public school grounds, on Chicago private school grounds, or in governmental buildings, and they also ask Plaintiffs to identify all public spaces and all privately-owned spaces open to the public where the City of Chicago may prohibit the concealed or open carry of firearms without violating the Second Amendment. *See* Doc. No. 119-1 at 4-5. Each interrogatory also asks Plaintiffs to "explain all reasons why" their answer is correct. *Id*.

On their face, it is plain that Mayor Daley's Interrogatories seek purely legal information. And that legal information is wholly disconnected from the facts of this case. As Plaintiffs have emphasized, "[w]e make no … broad claim to carry firearms everywhere and anywhere in the City," but "seek[] to vindicate only a narrow interest: the right to carry firearms *in ways permitted by Illinois law, but disallowed by the City.*" Plaintiffs' Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss Count V, Doc. No. 114 at 5 (emphasis in original). Plaintiffs thus assert a right to carry firearms on their own land, in their own fixed places of business,

2

and on the land or in the homes of others with those persons' permission, *see* 720 ILCS § 5/24-1(a)(4) & (10), not in schools, government buildings, or in public generally.

Wholly apart from the irrelevance of these questions to Plaintiffs' claims, Defendants run afoul of the principle that "interrogatories may not extend to issues of 'pure law.' " Fed. R. Civ. Proc. 33, 1970 Advisory Committee Note (citing *United States v. Maryland & Va. Milk Producers Ass'n., Inc.*, 22 F.R.D. 300 (D.D.C. 1958); *see also* Charles Alan Wright et al., 8B FED. PRAC. & PROC. CIV. § 2167 (3d ed.) (federal rules do "not authorize interrogatories calling for legal conclusions as such"). Indeed, answering Mayor Daley's Interrogatories improperly would require Plaintiffs "in effect, to submit a skeletonized brief on the facts and the law." *Maryland & Va. Milk Producers Ass'n., Inc.*, 22 F.R.D. at 302.

The principle that legal issues are not the proper subject of fact discovery is one that is familiar to this Court. Indeed, the Court denied Plaintiffs' motion to compel Defendants to "categorize the interests [Defendants assert are] advanced by the Ordinance" by whether such interests are 'compelling,' 'substantial,' or 'rational,' " because "*Plaintiffs' motion to compel that categorization … [sought] legal conclusions rather than factual information.*" Doc. No. 108 at 2 (emphasis added). The same reasoning bars the discovery sought by Mayor Daley's Interrogatories.[2]

2. Mayor Daley's Interrogatories are also objectionable because they seek information that is not "relevant to any party's claim or defense." FED. R. CIV. PROC. 26(b)(1). As we have already explained, the interrogatories seek a legal opinion from Plaintiffs on right-to-carry issues

---

[2] Other courts in the Northern District of Illinois have refused to enforce interrogatories that, like Mayor Daley's, seek legal conclusions. *See, e.g.*, *Nautilus Ins. Co. v. Raatz*, No. 08 C 6182, 2011 WL 98843, at 5 (N.D. Ill. Jan. 12, 2011) (holding that "interrogatory is improperly requesting legal conclusions"); *Burger King Corp. v. Grais*, No. 90 C 6562, 1992 WL 44406, at *1 (N.D. Ill. Feb. 28, 1992) ("Since the interrogatory seeks legal conclusions it is improper, and the motion to compel is denied.").

that are not at issue in this case.

* * * * *

In granting Defendants' Motion to Compel, the Court reasoned that "Defendant could be potentially seriously hampered in litigating" Plaintiffs' right-to-carry claim if Plaintiffs were not required to answer Mayor Daley's Interrogatories. Doc. No. 121 at 1. The Court thus excused the interrogatories' untimeliness and granted Defendants' Motion to Compel. But as we have explained in this Motion, Mayor Daley's Interrogatories not only improperly call for legal conclusions, but they improperly call for legal conclusions that bear little connection to the right-to-carry claim at issue in this case. Upon closer inspection, in other words, it is apparent that Mayor Daley's Interrogatories do not implicate Defendants' ability to litigate this case in the least. We thus respectfully request this Court to grant Plaintiffs' Motion to Reconsider and enter an order denying Defendants' Motion to Compel Plaintiffs to Answer Mayor Richard Daley's First Set of Interrogatories.

Dated: May 23, 2011                                                  Respectfully submitted,

Stephen Kolodziej
Atty. ID # 6216375
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn St., Suite 300
Chicago, IL 60602
Tel: (312) 781-1970
Fax: (312)781-9202
Email: skolodziej@brennerlawfirm.com

/s/Charles J. Cooper
Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

*Admitted *pro hac vice*.

*Counsel for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

      I, Charles J. Cooper, hereby certify that on this 23rd day of May, 2011, I caused a copy of the foregoing to be served by electronic filing on:

Mara S. Georges
Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL  60602

                                                /s/Charles J. Cooper
                                                Charles J. Cooper