# EXHIBIT A



City of Chicago
Richard M. Daley, Mayor

Department of Law

Mara S. Georges
Corporation Counsel

Constitutional and Commercial
Litigation
Suite 1230
30 North LaSalle Street
Chicago, Illinois 60602-2580
(312) 744-4342
(312) 742-3925 (FAX)

http://www.cityofchicago.org

October 22, 2010

Jesse Panuccio
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
*Delivered via Us. Mail*

Stephen Kolodziej
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn Street, Suite 300
Chicago, IL 60602
*Delivered via messenger*

Re: Benson v. City of Chicago, 10 C 4184

Dear Counsel:

    Enclosed please find Defendant City of Chicago's First Set of Requests for Production of Documents and First Set of Interrogatories.

        Sincerely,

Andrew Worseck
312-744-7129





IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT BENSON, RAYMOND SLEDGE, | ) | |
| KENNETH PACHOLSKI, KATHRYN TYLER, | ) | |
| MICHAEL HALL SR., RICK PERE, | ) | No. 10 CV 4184 |
| and the ILLINOIS ASSOCIATION OF | ) | |
| FIREARMS RETAILERS, | ) | |
| | ) | |
| Plaintiffs, | ) | Judge Ronald A. Guzman |
| | ) | |
| v. | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| THE CITY OF CHICAGO and RICHARD M. | ) | |
| DALEY, Mayor of the City of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33 & 34, Defendant City of Chicago, by and through its

attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, hereby requests that

Plaintiffs produce for inspection and copying the documents requested below by November 22,

2010 at the offices of the City of Chicago, Department of Law, Constitutional & Commercial

Litigation Division, 30 North LaSalle Street, Suite 1230, Chicago, Illinois 60602, and answer the

following interrogatories under oath and serve such answers on the City at the aforementioned

address by November 22, 2010.

**DEFINITIONS**

A.      "City" means the City of Chicago, its departments, officers, employees,

representatives, attorneys, agents, and any other person or entity acting on its behalf or at its

direction, including, but not limited to, the Chicago Police Department.

B.　　"You" means each Plaintiff, individually.

C.　　"Document" means every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, electronic, or electrical means whatsoever, including but not limited to investigative reports, books, articles, monographs, curriculum vitae, records, papers, pamphlets, correspondence, communications, memorandum, notes, notebooks, worksheets, reports, lists, analyses, summaries, written memorials of oral communications, photographs, photographic slides or negatives, films, filmstrips, video tapes, audio tapes, recordings, computer tapes, discs, compact discs (CDs), emails, webpages, text messages, and any matter stored on any computer system or hard drive. "Document" shall also include any and all nonidentical copies of a document.

D.　　"Identify" when used with reference to a document, means to set forth the date, author or originator, persons to whom the document was addressed or sent, type of document *(e.g.* letter, contract, chart, etc.), subject matter, and the present or last known custodian of the original and any copies.

E.　　"Identify" when used with reference to a natural person, means to state his or her present or last-known full name, home address, home telephone number, business affiliation, business address, and business telephone number.

F.　　"Identify" when used with reference to a person other than a natural person, means to set forth the full name of the person, the form of the person *(e.g.,* corporation, joint venture, partnership, sole proprietorship, etc.), the partners, officers, directors, or other principals, and the present or last-known place of business.

G.　　"Person" means any natural person, corporation, partnership, association,

2

governmental unit, or other entity.

H.      "Relate," "related," and "relating" means directly or indirectly referring, reflecting, containing, constituting, describing, discussing, stating, assessing, recording, or otherwise connected with the matter described.

l.      "Including" means including, but not limited to.

## INSTRUCTIONS

A.      Unless otherwise stated, the time frame for each request shall be from August 1, 2005 to the present.

B.      If any document has been destroyed, lost, misplaced, or is otherwise unavailable, identify the document, state whether the document was lost, destroyed or misplaced, and identify the person who last had custody of the document.

C.      If any document is withheld on the basis of privilege, identify the document, identify the author(s) and any recipient(s), describe the subject matter of the document, and state the privilege invoked.

D.      Any ambiguity in these requests or interrogatories shall be resolved so as to construe these requests and interrogatories as broadly as possible.

E.      Any word in the singular shall be understood to refer to the singular and/or plural forms of the word.  Any word used in the plural shall be understood to refer to the singular and/or plural forms of the word.

F.      The terms "and" and "or" shall be construed conjunctively or disjunctively so as to give the broadest possible response to any request.

G.      In accordance with Fed. R. Civ. P. 33 and 34, these document requests and

3

interrogatories are to be regarded as continuing and you are to seasonably supplement your responses to the extent you or anyone acting on your behalf obtains additional information.

H. A reference to a particular Plaintiff includes that Plaintiffs successors, assigns, representatives, attorneys, agents, and any other person or entity acting on his/her/its behalf or at his/her/its direction.

<u>**DOCUMENT REQUESTS**</u>

1. All documents relating to any firearm in your possession, custody, or control, whether or not such firearm is currently possessed in, or registered with, the City of Chicago, including but not limited to: (i) purchase records or receipts; (ii) insurance policies for the firearm; (iii) records of permits, licenses, certifications, or registrations obtained from any governmental entity or agency for the firearm; or (iv) documents relating to any suspensions or revocations of any permits, licenses, certifications, or registrations, or any other discipline, imposed by the entity or agency.

2. All documents relating to permits, licenses, certifications, or registrations obtained from any governmental entity or agency authorizing you to possess firearms, including but not limited to: (i) applications submitted; (ii) documents submitted in connection with those applications; (iii) documents issued by the issuing governmental entity or agency; or (iv) documents relating to any suspensions or revocations of any permits, licenses, certifications, or registrations, or any other discipline, imposed by the entity or agency.

3. All documents relating to any application you submitted to the City to possess a firearm, including but not limited to: (i) applications for a Chicago Firearms Permit; (ii) applications for a Firearm Registration Certificate; (iii) documents submitted in connection with

4

such applications; (iv) documents issued by the City in connection with such applications; or (v) documents relating to any suspensions or revocations of any permits, licenses, certifications, or registrations, or any other discipline, imposed by the City.

4. All documents relating to any visit you have made to a firearms shooting range, including but not limited to any ranges in Illinois, Wisconsin, or Indiana, and including but not limited to: (i) the date of the visit; (ii) the manner, duration, and cost of travel to the range; (iii) any shooting and/or firearms training services or courses offered at the range; or (iv) any shooting and/or firearms training services or courses you engaged or participated in at the range.

5. All documents relating to any firearms shooting range in Illinois, Wisconsin, or Indiana, including but not limited to: (i) the location of the range; or (ii) any shooting and/or firearms training services or courses offered at the range.

6. All documents relating to any visit made by you or a person acting on your behalf to a store or vendor that sells firearms, including but not limited to any stores or vendors in Illinois, Wisconsin, or Indiana, and including but not limited to: (i) the date of the visit; (ii) the manner, duration, and cost of travel to the store or vendor; (iii) the firearms offered for sale at the location; or (iv) any firearms purchased by you or a person acting on your behalf at the location.

7. All documents relating to the location of any store or vendor in Illinois, . Wisconsin, or Indiana that sells firearms, including but not limited to: (i) the location of the store or vendor; or (ii) the firearms offered for purchase at the location.

8. All documents relating to any purchase of firearms by you or a person acting on your behalf through mail order, internet order, or telephone order, including but not limited to: (i) the physical location of the store or vendor; (ii) the date of purchase; (iii) the cost of purchase,

including any processing or shipping charges; (iv) the firearm purchased; (v) the length of time it took for the purchased firearm to arrive; or (vi) the firearms offered for sale by the store or vendor.

9. All documents relating to communications to, from, or concerning the National Rifle Association of America, or any person or entity acting on its behalf, and relating to: (i) this lawsuit; (ii) the City's firearms ordinances and/or regulations; or (iii) filing a lawsuit to challenge the City's firearms ordinances and/or regulations.

10. All documents relating to any crime committed against you, a family member, a person with whom you reside(d), your property (whether real or personal, and whether owned or leased), or property you merely useed), including but not limited to: (i) communications or reports submitted to police departments or other law enforcement entities; (ii) communications, reports, or claims submitted to insurance companies or agents; (iii) photographs relating to the crime; (iv) medical records of any injury relating to the crime.

11. All documents relating to any instance in which you have brandished, discharged or otherwise used, or threatened to brandish, discharge, or otherwise use, a firearm. This request includes, but is not limited to, instances taken in response to perceived, threatened, attempted, or completed criminal acts against you, a family member, a person with whom you reside(d), your property (whether real or personal, and whether owned or leased), or property you merely use(d). This request does not encompass instances constituting lawful use of a shooting range or lawful hunting or target shooting activities, or instances in connection with military service.

12. All documents relating to any firearms shooting range, or to any store or other vendor that sells firearms, operated in whole or in part by any Plaintiff, any entity in which any

6

Plaintiff has an interest, or any entity that is a member of any Plaintiff, including but not limited to:  (i) permits, licenses, certifications, or registrations issued by any governmental entity or agency; (ii) applications submitted in connection with such permits, licenses, or certifications; (iii) documents reflecting the location of the enterprise; or (iv) documents reflecting the services or firearms offered at the location.

13.     All documents relating to any firearms training or firearms vending activities offered by any Plaintiff, or any entity that is a member of any Plaintiff, including but not limited to:  (i) permits, licenses, certifications, or registrations issued by any governmental entity or agency; or (ii) applications submitted in connection with such permits, licenses, certifications, or registrations.

14.     All documents describing or depicting any real property owned, leased, or used by any Plaintiff for residential or business purposes, whether full or part-time, including but not limited to:  (i) records of title, plats of survey, or property leases; (ii) documents describing or depicting any residences, businesses, or other structures thereon; or (iii) documents describing or depicting the interior or exterior layout of any residence, business, or other structures thereon.

15.     All documents relating to any instance in which you or a person with whom you reside has been arrested, criminally charged, tried, convicted, or sentenced.

16.     All documents you intend to offer as evidence at the trial in this matter.

7

## INTERROGATORIES

1.    Identify the address of each residence, business, or other real property that you own, occupy, or work at, and indicate your primary place of residence.

**ANSWER:**


2.    For each address identified in response to Interrogatory No. 1, identify each individual who resides at that address.

**ANSWER:**


3.    For each vehicle you own, possess, or use, identify the make, model, and year.

**ANSWER:**


4.    For each firearm you own, possess, or use, identify the make, model, serial number, date of acquisition, source of acquisition, and each address and room where the firearm is stored or kept, whether full or part-time, and regardless of whether such firearm is registered with the City of Chicago.

**ANSWER:**


5.    If any firearm identified in response to interrogatory number 4 is registered with the City of Chicago, identify the date on which you registered it with the City and the date(s) on which you renewed that registration, if applicable.

**ANSWER:**

8

6.      Identify and describe all firearms shooting ranges, stores that sell firearms, or other firearms vendors that you or a person acting on your behalf has visited in the past five years, including the dates and locations of such visits, any training obtained during such visits, and any firearms purchased or acquired by you or a person acting on your behalf during such visits.

ANSWER:


7.      Identify and describe all perceived, threatened, attempted, or completed criminal acts against you, a family member, a person with whom you reside(d), your property (whether real or personal, and whether owned or leased), or property you merely useed), including the date, location, outcome, and whether you or someone else other than the perpetrator(s) was present.

ANSWER:


8.      Identify and describe all instances in which you have, brandished, discharged or otherwise used, or threatened to brandish, discharge, or otherwise use, a firearm, including the date, location, outcome, and whether someone else was present.  This request includes, but is not limited to, instances taken in response to perceived, threatened, attempted, or completed criminal acts against you, a family member, a person with whom you reside(d), your property (whether real or personal, and whether owned or leased), or property you merely useed).  This request does not encompass instances constituting lawful use of a shooting range or lawful hunting or target shooting activities, or instances in connection with military service.

ANSWER:

9

9.      Identify and describe all firearms shooting ranges or firearms stores operated in whole or in part by any Plaintiff, any entity in which any Plaintiff has an interest, or any entity that is a member of any Plaintiff, including the name of each range or store, its location, and the length of time it has been in operation.

**ANSWER:**


10.     Identify and describe all firearms training or firearms vending activities offered by any Plaintiff, or any entity that is a member of any Plaintiff, including the location(s) where such activities are offered or take place, the business or other name under which the activities are offered, and the length of time such activities have been offered.

**ANSWER:**


11.     Identify and describe any real property owned, leased, or used by any Plaintiff for residential or business purposes, whether full or part-time, including a description of the nature, size, and interior and exterior layout of any residences, businesses, or other structures thereon.

**ANSWER:**


12.     Identify and describe all instances in which you or a person with whom you reside has been arrested, criminally charged, tried, convicted, or sentenced, including but not limited to the date, location, and nature of the underlying incident, the forum and case number associated with any legal proceedings taken against you or the perpetrator, and the date and nature of any final disposition of any such proceedings.

**ANSWER:**


      13.     Identify all members of Plaintiff Illinois Association of Firearms Retailers.

**ANSWER:**


      14.     Identify all witnesses, including experts, you will or may call at the trial in this matter.

**ANSWER:**




Date: October 22, 2010             Respectfully submitted,
                                 MARA S. GEORGES,
                                 Corporation Counsel for the City of Chicago

                                 By:                               
                                 Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129/4216

Attorneys for Defendant City of Chicago

11

## CERTIFICATE OF SERVICE

I, Andrew Worseck, an attorney, hereby certify that on this, the 22nd day of October, 2010, I caused a copy of **Defendant City of Chicago's First Set of Requests for Production of Documents and First Set of Interrogatories,** to be served by first-class United States mail, postage prepaid, on:

Charles J. Cooper
David H. Thompson
Jesse Panuccio
Cooper & Kirk, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036

and by messenger delivery on:

Stephen Kolodziej
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn Street, Suite 300
Chicago, IL 60602

Andrew Worseck
Andrew Worseck

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT BENSON, RAYMOND SLEDGE, KENNETH PACHOLSKI, KATHRYN TYLER, MICHAEL HALL SR., RICK PERE, and the ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, | ) ) ) ) ) ) | No. 10 CV 4184 |
| Plaintiffs, | ) ) | Judge Ronald A. Guzman |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND SECOND SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33 & 34, Defendant City of Chicago, by and through its

attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, hereby requests that

Plaintiffs produce for inspection and copying the documents requested below by December 6,

2010 at the offices of the City of Chicago, Department of Law, Constitutional & Commercial

Litigation Division, 30 North LaSalle Street, Suite 1230, Chicago, Illinois 60602, and answer the

following interrogatories under oath and serve such answers on the City at the aforementioned

address by December 6, 2010.

**DEFINITIONS**

A.       "City" means the City of Chicago, its departments, officers, employees,

representatives, attorneys, agents, and any other person or entity acting on its behalf or at its

direction, including, but not limited to, the Chicago Police Department.

B.     "You" means each Plaintiff, individually.

C.     "Document" means every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, electronic, or electrical means whatsoever, including but not limited to investigative reports, books, articles, monographs, curriculum vitae, records, papers, pamphlets, correspondence, communications, memorandum, notes, notebooks, worksheets, reports, lists, analyses, summaries, written memorials of oral communications, photographs, photographic slides or negatives, films, filmstrips, video tapes, audio tapes, recordings, computer tapes, discs, compact discs (CDs), emails, webpages, text messages, and any matter stored on any computer system or hard drive. "Document" shall also include any and all nonidentical copies of a document.

D.     "Identify" when used with reference to a document, means to set forth the date, author or originator, persons to whom the document was addressed or sent, type of document (*e.g.* letter, contract, chart, etc.), subject matter, and the present or last known custodian of the original and any copies.

E.     "Identify" when used with reference to a natural person, means to state his or her present or last-known full name, home address, home telephone number, business affiliation, business address, and business telephone number.

F.     "Identify" when used with reference to a person other than a natural person, means to set forth the full name of the person, the form of the person (*e.g.*, corporation, joint venture, partnership, sole proprietorship, etc.), the partners, officers, directors, or other principals, and the present or last-known place of business.

G.     "Person" means any natural person, corporation, partnership, association,

2

governmental unit, or other entity.

H.      "Relate," "related," and "relating" means directly or indirectly referring, reflecting, containing, constituting, describing, discussing, stating, assessing, recording, or otherwise connected with the matter described.

I.      "Including" means including, but not limited to.

## INSTRUCTIONS

A.      Unless otherwise stated, the time frame for each request shall be from January 1, 1990 to the present.

B.      If any document has been destroyed, lost, misplaced, or is otherwise unavailable, identify the document, state whether the document was lost, destroyed or misplaced, and identify the person who last had custody of the document.

C.      If any document is withheld on the basis of privilege, identify the document, identify the author(s) and any recipient(s), describe the subject matter of the document, and state the privilege invoked.

D.      Any ambiguity in these requests or interrogatories shall be resolved so as to construe these requests and interrogatories as broadly as possible.

E.      Any word in the singular shall be understood to refer to the singular and/or plural forms of the word. Any word used in the plural shall be understood to refer to the singular and/or plural forms of the word.

F.      The terms "and" and "or" shall be construed conjunctively or disjunctively so as to give the broadest possible response to any request.

G.      In accordance with Fed. R. Civ. P. 33 and 34, these document requests and

3

interrogatories are to be regarded as continuing and you are to seasonably supplement your responses to the extent you or anyone acting on your behalf obtains additional information.

H.    A reference to a particular Plaintiff includes that Plaintiff's successors, assigns, representatives, attorneys, agents, and any other person or entity acting on his/her/its behalf or at his/her/its direction.

## DOCUMENT REQUESTS

1.    All documents relating to Chicago residents who have purchased or otherwise acquired firearms or used shooting ranges at any member of the Illinois Association of Firearms Retailers, including but not limited to documents reflecting or describing: (a) the number of Chicago residents who have acquired firearms or used shooting ranges at each member; (b) the residential and business address of such Chicago residents; (c) the cost of any firearms or shooting range activities purchased by such Chicago residents at each member; (d) the nature and type of any firearms acquired or shooting range activities engaged in by such Chicago residents at each member.

2.    All documents relating to Chicago residents who have purchased or otherwise acquired firearms or used shooting ranges at any entity or person that is not a member of the Illinois Association of Firearms Retailers, including but not limited to documents reflecting or describing: (a) the number of Chicago residents who have acquired firearms or used shooting ranges at each non-member; (b) the residential and business address of such Chicago residents; (c) the cost of any firearms or shooting range activities purchased by such Chicago residents at each non-member; (d) the nature and type of any firearms acquired or shooting range activities engaged in by such Chicago residents at each non-member.

## INTERROGATORIES

1.      For each of the past 20 years, identify and describe the number of Chicago residents who have purchased or otherwise acquired firearms or used shooting ranges at any member of the Illinois Association of Firearms Retailers, the revenue and profit obtained by any member in connection with offering firearms or shooting range activities to Chicago residents, and the nature and type of any firearms acquired or shooting range activities engaged in by Chicago residents at any member.

**ANSWER:**

2.      For each of the past 20 years, identify and describe the number of Chicago residents who have purchased or otherwise acquired firearms or used shooting ranges at any entity or person that is not a member of the Illinois Association of Firearms Retailers, the revenue and profit obtained by any non-member in connection with offering firearms or shooting range activities to Chicago residents, and the nature and type of any firearms acquired or shooting range activities engaged in by Chicago residents at any non-member.

**ANSWER:**

Date: November 5, 2010                    Respectfully submitted,
                                         MARA S. GEORGES,
                                         Corporation Counsel for the City of Chicago

                                  By:    _Andrew Worsek_

Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975  / 7129 / 4216

Attorneys for Defendant City of Chicago

## **CERTIFICATE OF SERVICE**

I, Andrew Worseck, an attorney, hereby certify that on November 5, 2010, I caused a

copy of **Defendant City of Chicago's Second Set of Requests for Production of Documents**

and **Second Set of Interrogatories,** to be served by first-class United States mail, postage

prepaid, on:

      Charles J. Cooper
      David H. Thompson
      Jesse Panuccio
      Cooper & Kirk, PLLC
      1523 New Hampshire Ave., NW
      Washington, DC 20036

and by messenger delivery on:

      Stephen Kolodziej
      BRENNER FORD MONROE & SCOTT LTD.
      33 N. Dearborn Street, Suite 300
      Chicago, IL 60602

                                         Andrew Worseck

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| BRETT BENSON, RAYMOND SLEDGE, KENNETH PACHOLSKI, KATHRYN TYLER, MICHAEL HALL SR., RICK PERE, and the ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, | ) ) ) ) ) ) | No. 10 CV 4184 |
| Plaintiffs, | ) ) | Judge Ronald A. Guzman |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THIRD SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33 & 34, Defendant City of Chicago, by and through its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, hereby requests that Plaintiffs produce for inspection and copying the documents requested below by March 7, 2011 at the offices of the City of Chicago, Department of Law, Constitutional & Commercial Litigation Division, 30 North LaSalle Street, Suite 1230, Chicago, Illinois 60602, and answer the following interrogatories under oath and serve such answers on the City at the aforementioned address by March 7, 2011.

**DEFINITIONS**

A.    "City" means the City of Chicago, its departments, officers, employees, representatives, attorneys, agents, and any other person or entity acting on its behalf or at its direction, including, but not limited to, the Chicago Police Department.

B.    "You" means each Plaintiff, individually.

C.    "Document" means every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, electronic, or electrical means whatsoever, including but not limited to investigative reports, books, articles, monographs, curriculum vitae, records, papers, pamphlets, correspondence, communications, memorandum, notes, notebooks, worksheets, reports, lists, analyses, summaries, written memorials of oral communications, photographs, photographic slides or negatives, films, filmstrips, video tapes, audio tapes, recordings, computer tapes, discs, compact discs (CDs), emails, webpages, text messages, and any matter stored on any computer system or hard drive. "Document" shall also include any and all nonidentical copies of a document, including drafts thereof.

D.    "Identify" when used with reference to a document, means to set forth the date, author or originator, persons to whom the document was addressed or sent, type of document (*e.g.* letter, contract, chart, etc.), subject matter, and the present or last known custodian of the original and any copies.

E.    "Identify" when used with reference to a natural person, means to state his or her present or last-known full name, home address, home telephone number, business affiliation, business address, and business telephone number.

F.    "Identify" when used with reference to a person other than a natural person, means to set forth the full name of the person, the form of the person (*e.g.*, corporation, joint venture, partnership, sole proprietorship, etc.), the partners, officers, directors, or other principals, and the present or last-known place of business.

G.      "Person" means any natural person, corporation, partnership, association, governmental unit, or other entity.

H.      "Relate," "related," and "relating" means directly or indirectly referring, reflecting, containing, constituting, describing, discussing, stating, assessing, recording, or otherwise connected with the matter described.

I.      "Including" means including, but not limited to.

## INSTRUCTIONS

A.      Unless otherwise stated, the time frame for each request shall be from January 1, 1990 to the present.

B.      If any document has been destroyed, lost, misplaced, or is otherwise unavailable, identify the document, state whether the document was lost, destroyed or misplaced, and identify the person who last had custody of the document.

C.      If any document is withheld on the basis of privilege, identify the document, identify the author(s) and any recipient(s), describe the subject matter of the document, and state the privilege invoked.

D.      Any ambiguity in these requests or interrogatories shall be resolved so as to construe these requests and interrogatories as broadly as possible.

E.      Any word in the singular shall be understood to refer to the singular and/or plural forms of the word.  Any word used in the plural shall be understood to refer to the singular and/or plural forms of the word.

F.      The terms "and" and "or" shall be construed conjunctively or disjunctively so as to give the broadest possible response to any request.

3

G.    In accordance with Fed. R. Civ. P. 33 and 34, these document requests and interrogatories are to be regarded as continuing and you are to seasonably supplement your responses to the extent you or anyone acting on your behalf obtains additional information.

H.    A reference to a particular Plaintiff includes that Plaintiff's successors, assigns, representatives, attorneys, agents, and any other person or entity acting on his/her/its behalf or at his/her/its direction.

## DOCUMENT REQUESTS

1.    All documents relating to any ILAFR member's desire, intention, anticipation, and/or plan to sell firearms and/or operate shooting ranges inside Chicago, including but not limited to all documents reflecting or describing: (a) business plans, sales or profit projections or forecasts, and market or customer analyses or studies, whether contemplated, anticipated, projected, actual; (b) the cost or other investment or outlay entailed in opening the business, whether contemplated, anticipated, projected, or actual; (c) the location, size, type, and nature of the business; (d) the inventory, goods, and/or services to be offered at the business, including the prices at which they will be offered to the public; (e) purchase contracts, leases, architectural renderings, or other documents relating to the acquisition and/or use of land in Chicago on which the business would be operated; (f) communications with attorneys, real estate agents, accountants, bankers, construction contractors, vendors, suppliers, governmental licensing or permitting authorities, or any other person or entity regarding the business.

2.    All documents relating to or depicting every trigger lock, barrel lock, or other mechanism (other than a firearm safety mechanism) designed to render a firearm temporarily inoperable that is used, is usable, or has been used on a firearm owned or possessed by any

4

individual Plaintiff.

## **INTERROGATORIES**

1.     For each of the past 20 years, and as to each ILAFR member that desires, intends, anticipates, and/or plans to sell firearms and/or operate shooting ranges inside Chicago, identify that member and identify and describe all facts relating to that desire, intention, anticipation, and/or plan, including but not limited to: (a) business plans, sales or profit projections or forecasts, and market or customer analyses or studies, whether contemplated, anticipated, projected, actual; (b) the cost or other investment or outlay entailed in opening the business, whether contemplated, anticipated, projected, or actual; (c) the location, size, type, and nature of the business; (d) the inventory, goods, and/or services to be offered at the business, including the prices at which they will be offered to the public; (e) purchase contracts, leases, architectural renderings, or other documents relating to the acquisition and/or use of land in Chicago on which the business would be operated; (f) communications with attorneys, real estate agents, accountants, bankers, construction contractors, vendors, suppliers, governmental licensing or permitting authorities, or any other person or entity regarding the business.

**ANSWER:**


2.     Identify and describe, including by make, model, and manufacturer, every trigger lock, barrel lock, or other mechanism (other than a firearm safety mechanism) designed to render a firearm temporarily inoperable that is used, is usable, or has been used on a firearm owned or possessed by any individual Plaintiff.

**ANSWER:**

Date: February 4, 2011

Respectfully submitted,
MARA S. GEORGES,
Corporation Counsel for the City of Chicago

By: _____
Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendant City of Chicago

## CERTIFICATE OF SERVICE

I, Andrew Worseck, an attorney, hereby certify that on February 4, 2011, I caused a copy

of **Defendant City of Chicago's Third Set of Requests for Production of Documents** and

**Third Set of Interrogatories,** to be served by first-class United States mail, postage prepaid, on:

> Charles J. Cooper
> David H. Thompson
> Cooper & Kirk, PLLC
> 1523 New Hampshire Ave., NW
> Washington, DC 20036

and by messenger delivery on:

> Stephen Kolodziej
> BRENNER FORD MONROE & SCOTT LTD.
> 33 N. Dearborn Street, Suite 300
> Chicago, IL 60602

Andrew Worseck

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRETT BENSON, KENNETH PACHOLSKI,** | ) | |
| **KATHRYN TYLER, MICHAEL HALL SR.,** | ) | |
| **RICK PERE, and the ILLINOIS ASSOCATION** | ) | |
| **OF FIREARMS RETAILERS,** | ) | **No. 10-CV-4184** |
| | ) | **Judge Ronald A. Guzman** |
| **Plaintiffs,** | ) | **Magistrate Judge Geraldine Soat** |
| | ) | **Brown** |
| **v.** | ) | |
| | ) | |
| **THE CITY OF CHICAGO and** | ) | |
| **RICHARD M. DALEY, Mayor of the** | ) | |
| **City of Chicago,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST
SET OF REQUESTS FOR PRODUCTION AND FIRST SET OF INTERROGATORIES**

Plaintiffs Brett Benson, Kenneth Pacholski, Kathryn Tyler, Michael Hall, Rick Pere, and

the Illinois Association of Firearms Retailers ("ILAFR"), by an through their attorneys, hereby

submit their objections and responses to Defendants' First Set of Requests for Production and

First Set of Interrogatories.

**GENERAL OBJECTIONS**

1.       Plaintiffs object to each definition, instruction, document request, and

interrogatory to the extent that it attempts to impose discovery obligations greater than those

required under the Federal Rules of Civil Procedure, the Local Rules of the United States District

Court for the Northern District of Illinois, and/or the orders of the Court in this case.

2.       Plaintiffs object to each definition, instruction, document request, and

interrogatory to the extent that it requests information not relevant to this litigation or not

reasonably calculated to lead to the discovery of admissible evidence.

1

3.       Plaintiffs object to each definition, instruction, document request, and interrogatory to the extent that it calls for the disclosure of any information or document that (a) contains privileged attorney-client communications, (b) constitutes attorney work product, (c) is otherwise protected from disclosure under applicable privileges, immunities, laws, or rules. Plaintiffs' counsel has proposed to Defendants' counsel a reciprocal agreement whereby communications between litigation counsel and clients about the *Benson, Ezell, and Second Amendment Arms* litigations would not be considered responsive to discovery requests and would not have to be logged on a privilege log.  Defendants' counsel has taken the proposal under advisement but has agreed that, in the interim, a privilege log of such documents need not be produced simultaneously with these Objections and Responses.  If Defendants' counsel and Plaintiffs' counsel do not reach an agreement, Plaintiffs will promptly produce a privilege log of responsive but privileged documents that fall in this category.

4.       Plaintiffs object to each definition, instruction, document request, and interrogatory to the extent that it requests information outside the Plaintiffs' possession, custody, or control.

5.       Plaintiffs object to each definition, instruction, document request, and interrogatory as unduly burdensome and beyond the scope of obligations imposed by the Federal Rules of Civil Procedure to the extent it seeks documents and information that are publicly available and/or otherwise in the custody and control of third parties.  To the extent Defendants' discovery requests place an obligation on Plaintiffs to produce documents and information from individuals and/or entities who are not uniquely within Plaintiffs' custody and control, the Requests are objectionable.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

6.       Plaintiffs object to each definition, instruction, document request, and

interrogatory to the extent that it seeks legal bases, legal conclusions, or opinions.

7.     Plaintiffs object to each definition, instruction, document request, and interrogatory to the extent it prematurely calls for production or identification of documents and information that need not be made available under the Court's orders and/or are otherwise unavailable to Plaintiffs in final form at this time.  Accordingly, although Plaintiffs are responding to these discovery requests to the best of their present ability subject to the objections noted herein, the information contained herein is necessarily and expressly subject to change and to supplementation as circumstances associated with and surrounding this litigation continue to develop and unfold.  Plaintiffs reserve the right to seasonably supplement their responses to Defendants' discovery requests and to proffer other information that Plaintiffs may use to prosecute the claims in this lawsuit and/or demonstrate the unconstitutionality of the challenged ordinance provisions.

8.     Plaintiffs object to these discovery requests to the extent they are unreasonably and unjustifiably intrusive and to the extent responses would create unjustified and unnecessary safety risks to Plaintiffs and their families.

9.     Plaintiffs object to each definition, instruction, document request, and interrogatory to the extent it calls for the production or identification of sensitive confidential information such as Social Security numbers and personal financial information.  Such information has been redacted from documents containing otherwise responsive nonprivileged material.

10.    When Plaintiffs state they will produce responsive documents or provide information, they so state only to the extent responsive documents or information exist and are in their possession, custody, or control.

11.     Each individual Plaintiff objects, responds to, and answers these discovery requests only for himself, herself, or itself, and does not make any representations as to any objections, responses, or answers proffered by any other Plaintiff.

12.     Plaintiffs reserve all objections to the admissibility of any information into evidence in this litigation (including information contained in the responses to these discovery requests), including, without limitation, objections as to relevance and materiality.

Subject to and without waiving any of the foregoing General Objections, which are hereby incorporated into each response given below, Plaintiffs are answering these discovery requests in substance to the extent practicable and reasonable under the present circumstances, as stated below.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents relating to any firearm in your possession, custody, or control, whether or not such firearm is currently possessed in, or registered with, the City of Chicago, including but not limited to: (i) purchase records or receipts; (ii) insurance policies for the firearm; (iii) records of permits, licenses, certifications, or registrations obtained from any governmental entity or agency for the firearm; or (iv) documents relating to any suspensions or revocations of any permits, licenses, certifications, or registrations, or any other discipline, imposed by the entity or agency.

**RESPONSE TO REQUEST NO. 1:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request. Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege.

Plaintiffs Benson, Pacholski, Tyler and Hall object to this Request, to the extent it calls for "[a]ll documents relating to any firearm," as vague, ambiguous, overly burdensome, and calling for documents and information irrelevant to this lawsuit. These Plaintiffs also object to the Request to the extent it calls for "insurance policies" or "records of permits, licenses,

certifications, or registrations obtained" from government entities or agencies other than the City of Chicago or State of Illinois. Such documents and information are not required to possess firearms in the City of Chicago, and are wholly irrelevant to any issue in this lawsuit. These Plaintiffs further object to this Request to the extent it calls for "records of permits, licenses, certifications, or registrations obtained" from, and applications for the same submitted to, the City of Chicago, as such records are already in the City's possession and are thus as equally available to the City as they are to Plaintiffs. Plaintiffs further object to this Request to the extent it calls for documents relating to firearms Plaintiffs own or possess but do not intend to posses within the City of Chicago, as such documents and information are irrelevant to any issue in this lawsuit and production of them would unreasonably invade Plaintiffs' privacy and subject them to unnecessary safety risks.

In addition to asserting and incorporating the above-noted objections, Plaintiffs Pere and ILAFR object to this Request as seeking documents and information wholly irrelevant to any claim they are asserting in this lawsuit.

Subject to and without waiving the above-noted objections, Plaintiffs Benson, Pacholski, Tyler, Hall, and Pere will produce (i) copies of firearms permits, licenses, certifications, or registrations obtained from the City of Chicago or State of Illinois, and (ii) copies of purchase receipts for firearms possessed in the City of Chicago. Plaintiff Pacholski will also produce a concealed carry permit issued by the State of Florida. These Plaintiffs further state that, if not produced in conjunction with this Response, they no longer possess copies of applications for these permits, licenses, certifications, or registrations—or documents submitted with these applications—because such documents were turned over to the relevant permitting authorities or not otherwise retained. These Plaintiffs further state that they have no documents "relating to

any suspensions or revocations of any permits, licenses, certifications, or registrations, or any

other discipline, imposed by the entity or agency" issuing any firearms permit, license,

certification, or registration.

Subject to and without waiving the above-noted objections, Plaintiff Pere will produce a

copy of his Illinois Firearms Owner Identification card.

**REQUEST NO. 2:** All documents relating to permits, licenses, certifications, or registrations
obtained from any governmental entity or agency authorizing you to possess firearms, including
but not limited to: (i) applications submitted; (ii) documents submitted in connection with those
applications; (iii) documents issued by the issuing governmental entity or agency; or (iv)
documents relating to any suspensions or revocations of any permits, licenses, certifications, or
registrations, or any other discipline, imposed by the entity or agency.

**RESPONSE TO REQUEST NO. 2:** Plaintiffs reiterate their General Objections as if

specifically set forth below in response to this Request. Plaintiffs object to this Request to the

extent it seeks documents or information subject to the attorney-client privilege, the work-

product privilege, or any other applicable privilege.

Plaintiffs Benson, Pacholski, Tyler and Hall object to this Request, to the extent it calls

for "[a]ll documents relating to permits, licenses, certifications, or registrations obtained from

any governmental entity or agency authorizing you to possess firearms," as vague, ambiguous,

overly burdensome, and calling for documents and information irrelevant to this lawsuit.

Plaintiffs hereby reference and incorporate their Response to Request No. 1.

**REQUEST NO. 3:** All documents relating to any application you submitted to the City to possess
a firearm, including but not limited to: (i) applications for a Chicago Firearms Permit; (ii)
applications for a Firearm Registration Certificate; (iii) documents submitted in connection with
such applications; (iv) documents issued by the City in connection with such applications; or (v)
documents relating to any suspensions or revocations of any permits, licenses, certifications, or
registrations, or any other discipline, imposed by the City.

**RESPONSE TO REQUEST NO. 3:** Plaintiffs reiterate their General Objections as if

specifically set forth below in response to this Request. Plaintiffs object to this Request to the

extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege.

Plaintiffs Benson, Pacholski, Tyler and Hall object to this Request, to the extent it calls for "[a]ll documents relating to any application you submitted to the City to possess a firearm," as vague, ambiguous, overly burdensome, and calling for documents and information irrelevant to this lawsuit.

Plaintiffs hereby reference and incorporate their Response to Request No. 1.

**REQUEST NO. 4:** All documents relating to any visit you have made to a firearms shooting range, including but not limited to any ranges in Illinois, Wisconsin, or Indiana, and including but not limited to: (i) the date of the visit; (ii) the manner, duration, and cost of travel to the range; (iii) any shooting and/or firearms training services or courses offered at the range; or (iv) any shooting and/or firearms services or courses you engaged or participated in at the range.

**RESPONSE TO REQUEST NO. 4:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request. Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege.

Plaintiffs Benson, Pacholski, Tyler, and Hall object to this Request as vague, ambiguous and overly burdensome, including to the extent it calls for "[a]ll documents relating to any visit … to any shooting range." These Plaintiffs further object to this Request as calling for documents and information that are not relevant to any issue in this lawsuit.

In addition to asserting and incorporating the above-noted objections, Plaintiffs Pere and ILAFR object to this Request as seeking documents and information wholly irrelevant to any claim they are asserting in this lawsuit. Plaintiff Pere further objects that this Request is vague, ambiguous, and overly burdensome as it appears to call for every document relating in any way to his occupation as a firearms instructor.

Subject to and without waiving these objections, Plaintiffs Benson, Pacholski, Tyler, and Hall will produce any non-privileged, responsive documents that are available after a reasonable search for documents directly "relating to" their visits to firearms shooting ranges.

Subject to and without waiving his objections, Plaintiff Pere hereby references and incorporates his response to Request No. 13.

**REQUEST NO. 5:** All documents relating to any firearms shooting range in Illinois, Wisconsin, or Indiana, including but not limited to: (i) the location of the range; or (ii) any shooting and/or firearms training services offered at the range.

**RESPONSE TO REQUEST NO. 5:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request. Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege. Plaintiffs object to this Request as vague, ambiguous, and overly burdensome, including to the extent it calls for "[a]ll documents relating to any firearms shooting range." Plaintiffs further object to this Request, to the extent it seeks documents or information beyond that sought in Request No. 4, as calling for information that are publicly available or in the possession, custody, and/or control of third parties and are thus as readily or more easily accessed by Defendants than by Plaintiffs. For example, and without waiving these objections, at least one publicly available listing of firearms shooting ranges in Illinois, Wisconsin, or Indiana is available at http://www.wheretoshoot.org/Find_Range/index.asp.

Plaintiff ILAFR further objects to this Request to the extent it calls for identification of its confidential membership list and information; this membership list and information is privileged from compelled disclosure by the government pursuant to the First and Fourteenth Amendments to the United States Constitution. Plaintiff ILAFR further objects to this Request

8

to the extent it seeks documents and information that reveal confidential trade secrets.  Plaintiff

ILAFR further objects to this Request to the extent that it seeks documents and information in

the possession, custody, and control of third parties.  Plaintiff ILAFR references and incorporates

its response to Interrogatory No. 13.

Plaintiff Pere further objects that this Request is vague, ambiguous, and overly

burdensome as it appears to call for every document relating in any way to his occupation as a

firearms instructor.

**REQUEST NO. 6:** All documents relating to any visit made by you or a person acting on your
behalf to a store or vendor that sells firearms, including but not limited to any stores or vendors
in Illinois, Wisconsin, or Indiana, and including but not limited to: (i) the date of the visit; (ii) the
manner, duration, and cost of travel to the store or vendor; (iii) the firearms offered for sale at the
location; or (iv) any firearms purchased by your or a person acting on your behalf at the location.

**RESPONSE TO REQUEST NO. 6:**  Plaintiffs reiterate their General Objections as if

specifically set forth below in response to this Request.  Plaintiffs object to this Request to the

extent it seeks documents or information subject to the attorney-client privilege, the work-

product privilege, or any other applicable privilege.

Plaintiffs Benson, Pacholski, Tyler, and Hall object to this Request as vague, ambiguous

and overly burdensome, including to the extent it calls for "[a]ll documents relating to any visit

… to a store or vendor that sells firearms."  Plaintiffs further object that this Request calls for

documents and information that are irrelevant to any issue in this lawsuit.

In addition to asserting and incorporating the above-noted objections, Plaintiffs Pere and

ILAFR object to this Request as seeking documents and information wholly irrelevant to any

claim they are asserting in this lawsuit.

Subject to and without waiving the above-noted objections, Plaintiffs Benson, Pacholski,

Tyler, and Hall reference and incorporate their response to Request No. 1 and answer to

9

Interrogatory No. 6.

**REQUEST NO. 7:** All documents relating to the location of any store or vendor in Illinois, Wisconsin, or Indiana that sells firearms, including but not limited to: (i) the location of the store or vendor; or (ii) the firearms offered for purchase at the location.

      **RESPONSE TO REQUEST NO. 7:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request.  Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege.  Plaintiffs object to this Request as vague, ambiguous, and overly burdensome, including to the extent it calls for "[a]ll documents relating to any store or vendor … that sells firearms."  Plaintiffs further object to this Request to the extent it seeks information or documents beyond that sought in Request No. 6, as calling for documents and information that are publicly available or in the possession, custody, and/or control of third parties and are thus as readily or more easily accessed by Defendants than by Plaintiffs.  For example, and without waiving these objections, Plaintiffs are aware (i) that the Bureau of Alcohol, Tobacco, Firearms, and Explosives, at http://www.atf.gov/about/foia/ffl-list.html, maintains a list of Federal Firearms Licensees, including location information and the type of sales authorized under the license, and (ii) that a publicly available listing of firearms stores and vendors in Illinois, Wisconsin, or Indiana can be found at http://www.nssf.org/retailers/find.cfm.

      Plaintiff ILAFR further objects to this Request to the extent it calls for identification of its confidential membership list and information; this membership list and information is privileged from compelled disclosure by the government pursuant to the First and Fourteenth Amendments to the United States Constitution.  Plaintiff ILAFR further objects to this Request to the extent it seeks documents and information that reveal confidential trade secrets.  Plaintiff

ILAFR references and incorporates its response to Interrogatory No. 13.

Plaintiff Pere further objects that this Request is vague, ambiguous, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it calls for a voluminous and ill-defined quantum of documents relating in any way to his occupation as a firearms instructor.

**REQUEST NO. 8:** All documents relating to any purchase of firearms by you or a person acting on your behalf through mail order, internet order, or telephone order, including but not limited to: (i) the physical location of the store or vendor; (ii) the date of purchase; (iii) the cost of purchase, including any processing or shipping charges, (iv) the firearm purchased; (v) the length of time it took for the purchased firearm to arrive; or (vi) the firearms offered for sale by the store or vendor.

**RESPONSE TO REQUEST NO. 8:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request. Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege.

Plaintiffs Benson, Pacholski, Tyler, and Hall object to this Request as vague, ambiguous and overly burdensome, including to the extent it calls for "[a]ll documents relating to any purchase of firearms" and/or "[a]ll documents" "relating to … the firearms offered for sale by the store or vendor." Plaintiffs further object that this Request calls for documents and information that is irrelevant to any issue in this lawsuit. These Plaintiffs further object to this Request to the extent it seeks documents and information that are publicly available or in the possession, custody, and/or control of third parties and are thus as or more easily accessible to Defendants than to Plaintiffs.

In addition to asserting and incorporating the above-noted objections, Plaintiffs Pere and ILAFR object to this Request as seeking documents and information wholly irrelevant to any claim they are asserting in this lawsuit.

11

Subject to and without waiving these objections, Plaintiffs Benson, Pacholski, Tyler, and Hall refer to and incorporate their response to Request No. 1.

**REQUEST NO. 9:** All documents relating to communications to, from, or concerning the National Rifle Association of America, or any person or entity acting on its behalf, and relating to: (i) this lawsuit; (ii) the City's firearms ordinances and/or regulations; or (iii) filing a lawsuit to challenge the City's firearms ordinances and/or regulations.

**RESPONSE TO REQUEST NO. 9:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request. Plaintiffs object to this Request as vague, ambiguous, overbroad, and not reasonably tailored to lead to the discovery of information relevant to this lawsuit. Plaintiffs further object to this Request on the grounds that it seeks documents or information subject to the attorney-client privilege and the work-product privilege. Plaintiffs further object to this Request on the grounds that it seeks documents that are privileged from compelled production by the government under the First and Fourteenth Amendments to the United States Constitution.

Subject to and without waiving these objections, Plaintiffs state that aside from privileged communications with litigation counsel in this action, they possess no documents responsive to this Request.

**REQUEST NO. 10:** All documents relating to any crime committed against you, a family member, a person with whom you reside(d), your property (whether real or personal, and whether owned or leased), or property you merely use(d), including but not limited to: (i) communications or reports submitted to police departments or other law enforcement entities; (ii) communications, reports, or claims submitted to insurance companies or agents; (iii) photographs relating to the crime; (iv) medical records of any injury relating to the crime.

**RESPONSE TO REQUEST NO. 10:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request. Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege.

12

Plaintiffs Benson, Pacholski, Tyler, and Hall object to this Request as vague, ambiguous and overly burdensome, including to the extent it calls for "[a]ll documents relating to any crime committed against you, a family member, a person with whom you reside(d), your property (whether real or personal, and whether owned or leased), or property you merely use(d)." Plaintiffs further object that this Request calls for documents and information that are irrelevant to any issue in this lawsuit. Plaintiffs have brought claims under the Second and Fourteenth Amendments to the United States Constitution. The rights secured by those Amendments are not contingent upon having been a crime victim (or a relative or cohabitant of a crime victim) in the past. These Plaintiffs further object to this Request to the extent it seeks documents and information relating to events occurring outside the City of Chicago, as such documents and information are not relevant to any issue in this lawsuit. These Plaintiffs further object to this Request as it seeks private and confidential information. Plaintiffs further object to the production of private "medical records" that are protected as confidential under federal, state, or any other law. These Plaintiffs further object to this Request to the extent it calls for documents and information in the possession, custody, and/or control of third parties.

In addition to asserting and incorporating the objections of other Plaintiffs to this Request, Plaintiffs Pere and ILAFR object to this Request as seeking documents and information wholly irrelevant to any claim they are asserting in this lawsuit.

Subject to and without waiving these objections, Plaintiffs Benson, Pacholski, and Tyler state that they are not in possession of any nonprivileged documents relating to crimes committed or attempted in Chicago against them or a cohabitating family member.

Subject to and without waiving these objections, Plaintiff Hall states that he will produce insurance papers filed in connection with a property crime committed against him in Chicago in

2008.

**REQUEST NO. 11:**  All documents relating to any instance in which you have brandished, discharged or otherwise used, or threatened to brandish, discharge, or otherwise use, a firearm. This request includes, but is not limited to, instances taken in response to perceived, threatened, attempted, or completed criminal acts against you, a family member, a person with whom you reside(d), your property (whether real or personal, and whether owned or leased), or property you merely use(d).  This request does not encompass instances constituting lawful use of a shooting range or lawful hunting or target shooting activities, or instances in connection with military service.

  **RESPONSE TO REQUEST NO. 11:**  Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request.  Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege.

  Plaintiffs Benson, Pacholski, Tyler, and Hall object to this Request as vague, ambiguous and overly burdensome, including to the extent the terms "brandished" and "otherwise used" could be read to seek all instances in which Plaintiffs have handled a firearm.  Plaintiffs further object that this Request calls for documents and information that are irrelevant to any issue in this lawsuit.  Plaintiffs have brought claims under the Second and Fourteenth Amendments to the United States Constitution.  The rights secured by those Amendments are not contingent upon past necessity for defensive use of firearms.  These Plaintiffs further object to this Request as it seeks private and confidential information.

  In addition to asserting and incorporating the objections of other Plaintiffs to this Request, Plaintiffs Pere and ILAFR object to this Request as seeking documents and information wholly irrelevant to any claim they are asserting in this lawsuit.

  Subject to and without waiving these objections, Plaintiffs Benson, Pacholski, Tyler, and Hall state they are not in possession of any nonprivileged documents responsive to Request.

**REQUEST NO. 12:** All documents relating to any firearms shooting range, or to any store or other

14

vendor that sells firearms, operated in whole or in part by any Plaintiff, any entity in which any Plaintiff has an interest, or any entity that is a member of any Plaintiff, including but not limited to: (i) permits, licenses, certifications, or registrations issued by any governmental entity or agency; (ii) applications submitted in connection with such permits, licenses, or certifications; (iii) documents reflecting the location of the enterprise; or (iv) documents reflecting the services or firearms offered at the location.

**RESPONSE TO REQUEST NO. 12:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request. Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege.

Plaintiff ILAFR objects to this Request as vague, ambiguous, and overly burdensome, including to the extent is seeks "[a]ll documents relating to any firearms shooting range, or to any store or other vender" that is a member of ILAFR. Plaintiff ILAFR further objects to this Request to the extent that it seeks production of confidential membership lists and information. Such information is privileged from compelled production by the government under the First and Fourteenth Amendments to the United States Constitution. Plaintiff ILAFR further objects to this Request to the extent it seeks confidential trade secrets. Plaintiff ILAFR further objects to this Request to the extent it seeks documents and information in the possession, custody, or control of third parties.

Subject to and without waiving their objections, Plaintiffs Benson, Pacholski, Tyler, and Hall state that they are not in possession, custody, or control of any nonprivileged documents responsive to this Request.

Subject to and without waiving his objections, Plaintiff Pere states that he is not in possession of any nonprivileged documents responsive to this Request.

Subject to and without waiving its objections, Plaintiff ILAFR states that the only responsive documents in its possession, custody, or control are privileged membership lists and

information.  Plaintiff ILAFR further responds by referencing and incorporating its response to

Interrogatory No. 13.

**REQUEST NO. 13:**  All documents relating to any firearms training or firearms vending activities
offered by any Plaintiff, or any entity that is a member of any Plaintiff, including but not limited
to: (i) permits, licenses, certifications, or registrations issued by any governmental entity or
agency; or (ii) applications submitted in connection with such permits, licenses, certifications, or
registrations.

     **RESPONSE TO REQUEST NO. 13:**  Plaintiffs reiterate their General Objections as if

specifically set forth below in response to this Request.  Plaintiffs object to this Request to the

extent it seeks documents or information subject to the attorney-client privilege, the work-

product privilege, or any other applicable privilege.  Plaintiffs object to this Request as vague,

ambiguous, and unduly burdensome, including to the extent it seeks "[a]ll document relating to

any firearms training or firearms vending activities offered."

     Plaintiff Pere further objects to this Request as vague, ambiguous, and unduly

burdensome to the extent it can be read to seek every document relating to his occupation as a

firearms instructor.

     Plaintiff ILAFR objects to this Request as vague, ambiguous, and overly burdensome,

including to the extent is seeks "[a]ll documents relating to any firearms shooting range, or to

any store or other vender" that is a member of ILAFR.  Plaintiff ILAFR further objects to this

Request to the extent that it seeks production of confidential membership lists and information.

Such information is privileged from compelled production by the government under the First and

Fourteenth Amendments to the United States Constitution.  Plaintiff ILAFR further objects to

this Request to the extent it seeks confidential trade secrets.  Plaintiff ILAFR further objects to

this Request to the extent it seeks documents and information in the possession, custody, or

control of third parties.

Subject to and without waiving their objections, Plaintiffs Benson, Pacholski, Tyler, and Hall state that they are not in possession, custody, or control of any nonprivileged documents responsive to this Request.

Subject to and without waiving his objections, Plaintiff Pere will produce permits, licenses, certifications, and registrations relating to firearms training activities that he offers as a firearms instructor.

Subject to and without waiving its objections, Plaintiff ILAFR states that the only responsive documents in its possession, custody, or control are privileged membership lists and information. Plaintiff ILAFR further responds by referencing and incorporating its response to Interrogatory No. 13.

**REQUEST NO. 14:** All documents describing or depicting any real property owned, leased, or used by any Plaintiff for residential or business purposes, whether full or part time, including but not limited to: (i) records of title, plats of survey, or property leases; (ii) documents describing or depicting any residences, businesses, or other structures thereon; or (iii) documents describing or depicting the interior or exterior layout of any residence, business, or other structures thereon.

**RESPONSE TO REQUEST NO. 14:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request. Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege. Plaintiffs further object to this Request as vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks "[a]ll documents describing or depicting any real property owned, leased, or used." For example, this Request (i) calls for every photograph or document Plaintiffs may possess depicting or describing any portion of property they have "used" in the past five years for any reason, and (ii) calls for production of confidential financial information that is wholly irrelevant to any issue in this lawsuit. Plaintiffs further object to this

17

Request to the extent that production of responsive documents would reveal private and confidential information that might endanger the health and safety of Plaintiffs and their families, including the precise internal layout of their houses and businesses. These concerns are heightened in light of the overall combination and breadth of documents and information Defendants are seeking in these discovery requests information that may, when taken together, reveal the precise internal layout of Plaintiffs' homes, the location where firearms are kept, and the identities of persons residing in those homes and rooms. Plaintiffs further object to this Request to the extent it requires production of documents and information, such as publicly recorded instruments, that are already in the possession of the City of Chicago or are as easily accessible to the City as they are to Plaintiffs. Plaintiffs further object to this Request to the extent it seeks documents and information relating to property situated outside the City of Chicago, as such documents and information are not relevant to any issue in this lawsuit. Plaintiff further object to this request to the extent it calls for the production of blueprints or other like materials that cannot be reproduced without undue burden and expense.

In addition to asserting and incorporating the above-noted objections, Plaintiffs Pere and ILAFR object to this Request as seeking documents and information wholly irrelevant to any claim they are asserting in this lawsuit.

Subject to and without waiving these objections, Plaintiffs Benson, Pacholski, Tyler, and Hall will produce documents, or portions of documents, in their possession that are sufficient to depict basic details of property situated inside the City of Chicago that they own or lease for residential or business purposes. These Plaintiffs further respond by incorporating their Answers to Interrogatory No. 11.

**REQUEST NO. 15:** All documents relating to any instance in which you or a person with whom you reside has been arrested, criminally charged, tried, convicted, or sentenced.

**RESPONSE TO REQUEST NO. 15:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request. Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege. Plaintiffs further object to this Request to the extent it seeks information wholly irrelevant to this lawsuit. Plaintiffs Benson, Pacholski, Tyler, and Hall are all qualified to possess firearms in the City of Chicago and are not disabled from doing so by reason of any prior arrest, charge, trial, conviction, or sentence. Thus, to the extent any such arrest, charge, trial, conviction, or sentence exists, it is irrelevant. Plaintiff Pere is a certified firearms instructor (several times over), and is not disqualified under Illinois or Chicago law from operating as a firearms instructor by reason of any prior arrest, charge, trial, conviction, or sentence. Thus, to the extent any such arrest, charge, trial, conviction, or sentence exists, it is irrelevant.

Subject to and without waiving these objections, Plaintiffs state that they do not possess any nonprivileged documents responsive to this Request.

**REQUEST NO. 16:** All documents you intend to offer as evidence at the trial in this matter.

**RESPONSE TO REQUEST NO. 16:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request. Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege. Plaintiffs object to this Request to the extent it requires identification of information in advance of the deadlines established by the orders of the Court in this matter, the Local Rules of the Northern District of Illinois, and/or the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, and without conceding the relevance or

admissibility of any of the following, Plaintiffs hereby refer to and incorporate their responses to

all discovery requests propounded by Defendants, to Defendants' responses to Plaintiffs'

discovery requests, to the responses of third parties to Plaintiffs' or Defendants' discovery

requests, and to any materials or documents referred to therein or produced therewith. All of

these documents are already in Defendants' possession or are as equally available to Defendants

as they are to Plaintiffs. Plaintiffs further state that other documents that Plaintiffs may use as

evidence at trial in this matter will be produced prior to trial according to such schedules as the

Court, the Local Rules of the Northern District of Illinois, or the Federal Rules of Civil

Procedure may require.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO DEFENDANTS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the address of each residence, business, or other real property that you own, occupy, or work at, and indicate your primary place of residence.

**RESPONSE TO INTERROGATORY NO. 1**: Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory.  Plaintiffs object to this Interrogatory to the extent it seeks identification of information about property situated outside the City of Chicago, as such information is irrelevant to this lawsuit.  Plaintiffs Pere and ILAFR object to this Interrogatory as unduly burdensome as it seeks information not relevant to any issue in this lawsuit and not likely to lead to admissible evidence.

At present, and subject to and without waiving these objections, Plaintiffs' rights to supplement their response to this Interrogatory, or to proffer other information, Plaintiffs state as follows:

Plaintiff Benson states that the address of his primary residence is 1435 South Prairie Ave., Unit G Chicago, IL 60605.  Plaintiff Benson further states that the address of his business is 141 West Jackson Blvd., Suite 1910A Chicago, IL 60604.

Plaintiff Hall states that the address of his primary residence is 11254 Bell Ave., Chicago, IL 60643.  Plaintiff Hall further states that the address of his business is 819 Sheridan Road, Highland Park, IL 60035.

Plaintiff Pacholski states that the address of his primary residence is 2620 West Jerome St., Chicago, IL 60645.  Plaintiff Pacholski further states that the address of his business is Gary/Chicago International Airport, 6001 Industrial Highway, Gary, IN 46406.

Plaintiff Tyler states that the address of her primary residence is 2620 West Jerome St., Chicago, IL 60645.  Plaintiff Tyler further states that the address of her business is 5545 N. Clark

St., Chicago, IL 60640.

Plaintiff Pere states that the address of his primary residence is 413 W. Park Ave Round Lake, IL 60073. Plaintiff Pere further states that he does not own or lease separate property at which he conducts his business.

Plaintiff ILAFR states that its incorporation address is 292 San Diego Rd., Carbondale, IL 62901.

**INTERROGATORY NO. 2**: For each address identified in response to Interrogatory No.1, identify each individual who resides at that address.

**RESPONSE TO INTERROGATORY NO. 2**: Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory. Plaintiffs further object to this Interrogatory as seeking information that is not relevant to any issue in this lawsuit. Plaintiffs further object to this Interrogatory as unreasonably seeking private information, the disclosure of which may subject Plaintiffs or their families to safety risks, harassment, or injury.

At present, and subject to and without waiving these objections, Plaintiffs' rights to supplement their response to this Interrogatory, or to proffer other information, Plaintiffs Benson, Pacholski, Tyler, and Hall state as follows:

Plaintiff Benson states that his wife and children reside at his primary residence with him.

Plaintiff Pacholski states that his wife, Kathryn Tyler, resides at his primary residence with him.

Plaintiff Tyler states that her husband, Kenneth Pacholski, resides at her primary residence with her.

Plaintiff Hall states that his wife, and some of his children, reside at his primary residence with him.

**INTERROGATORY NO. 3**: For each vehicle you own, possess, or use, identify the make, model,

22

and year.

**RESPONSE TO INTERROGATORY NO. 3:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory. Plaintiffs object to this Interrogatory as seeking information irrelevant to any issue in this lawsuit. Plaintiffs object to this Interrogatory as seeking information that is already in the City's possession, custody, or control.

At present, and subject to and without waiving these objections, Plaintiffs' rights to supplement their response to this Interrogatory, or to proffer other information, Plaintiffs Benson, Pacholski, Tyler, and Hall state that he or she owns a functioning motor vehicle that is capable of travelling both inside and outside the City of Chicago.

**INTERROGATORY NO. 4:** For each firearm you own, possess, or use, identify the make, model, serial number, date of acquisition, source of acquisition, and each address and room where the firearm is stored or kept, whether full or part-time, and regardless of whether such firearm is registered with the City of Chicago.

**RESPONSE TO INTERROGATORY NO. 4:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory. Plaintiffs object to this Interrogatory as unduly burdensome to the extent it seeks information already in the City's possession. Plaintiffs object to identifying the room in which a firearm is kept, as such information is not relevant to any issue in this lawsuit and disclosure of such information poses unreasonable and unnecessary safety risks for Plaintiffs and their families. Combined with Defendants' other discovery requests—such as for information regarding the exact layout of each Plaintiffs' home and the identities of family members who live in those homes—this Interrogatory is particularly intrusive and unreasonable. Plaintiffs further object to identifying firearms they own that they do not intend to possess inside the City of Chicago, as such information is irrelevant to any issue in this lawsuit.

In addition to asserting and incorporating the objections of other Plaintiffs to this Interrogatory, Plaintiffs Pere and ILAFR object to this Request as seeking information wholly irrelevant to any claim they are asserting in this lawsuit.

At present, and subject to and without waiving these objections, Plaintiffs' rights to supplement their response to this Interrogatory, or to proffer other information, Plaintiffs Pacholski, Tyler, and Hall refer to and incorporate their responses to Document Request No. 1 and the documents produced therewith.

**INTERROGATORY NO. 5:** If any firearm identified in response to interrogatory number 4 is registered with the City of Chicago, identify the date on which you registered it with the City and the date(s) on which you renewed that registration, if applicable.

**RESPONSE TO INTERROGATORY NO. 5:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory. At present, and subject to and without waiving these objections, Plaintiffs' rights to supplement their response to this Interrogatory, or to proffer other information, Plaintiffs hereby refer to and incorporate their answers to Interrogatory No. 4 and their responses to Document Request No. 1.

**INTERROGATORY NO. 6:** Identify and describe all firearms shooting ranges, stores that sell firearms, or other firearms vendors that you or a person acting on your behalf has visited in the past five years, including the dates and locations of such visits, any training obtained during such visits, and any firearms purchased or acquired by you or a person acting on your behalf during such visits.

**RESPONSE TO INTERROGATORY NO. 6:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory. Plaintiffs object to this Interrogatory as vague, ambiguous, and unduly burdensome, including to the extent it asks Plaintiffs to "describe all firearms shooting ranges, stores that sell firearms, or other firearms vendors."

In addition to asserting and incorporating the objections of other Plaintiffs to this

Interrogatory, Plaintiffs Pere and ILAFR object to this Request as seeking information wholly irrelevant to any claim they are asserting in this lawsuit. Plaintiff Pere further objects to this Interrogatory as vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it could be read to seek a description of virtually everything Plaintiff Pere has done as a firearms instructor during the past five years.

At present, and subject to and without waiving these objections, Plaintiffs' rights to supplement their response to this Interrogatory, or to proffer other information, Plaintiffs Benson, Pacholski, Tyler, and Hall refer to and incorporate their answers to Interrogatory No. 4 and their responses to Document Request No. 1 and further answer as follows:

Plaintiff Benson states that, to the best of his present recollection, since August 1, 2005, he has visited the following firearms shooting ranges, stores that sell firearms, or other firearms vendors: Dick's Sporting Goods in Lombard, Illinois; Gander Mountain in Peoria, Illinois; Gander Mountain in Joliet, Illinois; Wal-Mart in Morris, Illnois; Freddie Bear Sports in Tinley Park, Illinois; Cabela's in Hammond, Indiana; firearms range at Sporting Arms and Supply in Posen, Illinois (Chicago Firearms Permit training obtained); firearms range at Midwest Gun Collectors' Association in Washburn, Illinois. Plaintiff Benson further states that he does not recall all of the specific dates on which he visited each of these stores, vendors, or ranges, but generally can state that he visits stores that sell firearms approximately five times per year, and that he visits shooting ranges approximately four times per year.

Plaintiffs Pacholski and Tyler state that, to the best of their present recollection, since August 1, 2005, they have visited the following firearms shooting ranges, stores that sell firearms, or other firearms vendors: firearms range at Maxon Shooter's Supply & Indoor Range in Des Plaines, Illinois (Chicago Firearms Permit training obtained; concealed carry course taken

by Mr. Pacholski; pistol safety courses taken by Dr. Tyler); J&G Sales in Prescott, Arizona (by

Internet); Bass Pro Shops in Gurnee, Illinois; G.A.T. Guns in Dundee, Illinois; Dick's Sporting

Goods in Niles, Illinois; and The Adventure Store in Waukegan, Illinois.  Plaintiffs Pacholski

and Tyler further state that they do not recall all of the specific dates on which they visited each

of these stores, vendors, or ranges, but generally can state that they visit stores that sell firearms

approximately one time per year, and that they visit shooting ranges approximately one to two

times per year.

Plaintiff Hall states that, to the best of his current recollection, since August 1, 2005, he

has visited the following firearms shooting ranges, stores that sell firearms, or other firearms

vendors: firearms range at Chuck's Gun Shop in Riverdale, Illinois; firearms range at Sporting

Arms and Supply in Posen, Illinois (Chicago Firearms Permit training obtained); Cabela's in

Hammond, Indiana; Cabela's in Hoffman Estates, Illinois; Bass Pro Shops in Gurnee, Illinois;

Dick's Sporting Goods in Highland, Illinois; various and sundry Wal-Marts and hardware stores

in Illinois and South Dakota during hunting trips.  Plaintiff Hall further states that he does not

recall all the specific dates on which he visited each of these stores, vendors, or ranges.

**INTERROGATORY NO. 7:** Identify and describe all perceived, threatened, attempted, or completed
criminal acts against you, a family member, a person with whom you reside(d), your property
(whether real or personal, and whether owned or leased, or property you merely used), including
the date, location, outcome, and whether you or someone else other than the perpetrator(s) was
present.

**RESPONSE TO INTERROGATORY NO. 7:** Plaintiffs reiterate their General Objections as if

specifically set forth below in response to this Interrogatory.  Plaintiffs Benson, Pacholski, Tyler,

and Hall object to this Interrogatory as vague, ambiguous and overly burdensome, including to

the extent it calls for identification of "all perceived, threatened, attempted, or completed

criminal acts."  Plaintiffs further object to this Interrogatory to the extent it requires them to

identify perceptions of persons other than themselves.  Plaintiffs further object that this

Interrogatory calls for information that is irrelevant to any issue in this lawsuit.  Plaintiffs have

brought claims under the Second and Fourteenth Amendments to the United States Constitution.

The rights secured by those Amendments are not contingent upon having been a crime victim (or

a relative or cohabitant of a crime victim) in the past, or upon having had a family member or

cohabitant who, somewhere, at sometime, has been a crime victim or a perceived crime victim.

These Plaintiffs further object to this Interrogatory to the extent it seeks information relating to

events occurring outside the City of Chicago, as such information is not relevant to any issue in

this lawsuit.  These Plaintiffs further object to this Interrogatory as it seeks private and

confidential information.  Plaintiffs further object to this Interrogatory as it calls for legal

conclusions.

In addition to asserting and incorporating the objections of other Plaintiffs to this

Interrogatory, Plaintiffs Pere and ILAFR object to this Interrogatory as seeking information

wholly irrelevant to any claim they are asserting in this lawsuit.

At present, and subject to and without waiving these objections, Plaintiffs' rights to

supplement their answers to this Interrogatory, or to proffer other information, Plaintiffs Benson,

Pacholski, Tyler, and Hall answer as follows with respect to crimes or attempted crimes

committed within the City of Chicago against them personally or against their property:

Plaintiff Benson states that, to the best of his current knowledge and recollection, he has

not been the victim of personal or property crime or attempted crime since August 1, 2005.

Plaintiffs Pacholski and Tyler state that, to the best of their current knowledge and

recollection, they have not been the victims of personal or property crime or attempted crime

since August 1, 2005.

Plaintiff Hall states that on or about May 8, 2008, his automobile was broken into and burglarized. The perpetrators stole a number of personal items. Mr. Halls believes this burglary was part of a string of similar incidents occurring in his neighborhood, but does not know if the perpetrators were caught or whether charges were filed. Plaintiff Hall further states that in or about June 2008, his neighbors interrupted and prevented the theft of a go-cart from his garage. The perpetrators were not caught and no charges were filed in connection with this incident. Plaintiff Hall further states that in or about April 2010, his automobile was broken into and burglarized. The perpetrators were not caught and no charges were filed in connection with this incident.

**INTERROGATORY NO. 8**: Identify and describe all instances in which you have, brandished, discharged or otherwise used, or threatened to brandish, discharge, or otherwise use, a firearm, including the date, location, outcome, and whether someone else was present. This request includes, but is not limited to, instances taken in response to perceived, threatened, attempted, or completed criminal acts against you, a family member, a person with whom you reside(d), your property (whether real or personal, and whether owned or leased), or property you merely used). This request does not encompass instances constituting lawful use of a shooting range or lawful hunting or target shooting activities, or instances in connection with military service.

**RESPONSE TO INTERROGATORY NO. 8:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory. Plaintiffs Benson, Pacholski, Tyler, and Hall object to this Interrogatory as vague, ambiguous and overly burdensome, including to the extent the terms "brandished" and "otherwise used" could be read to seek all instances in which Plaintiffs have handled a firearm. Plaintiffs further object that this Interrogatory calls for documents and information that are irrelevant to any issue in this lawsuit. Plaintiffs have brought claims under the Second and Fourteenth Amendments to the United States Constitution. The rights secured by those Amendments are not contingent upon past necessity for defensive use of firearms. These Plaintiffs further object to this Interrogatory as it seeks private and confidential information. Plaintiffs further object to this Interrogatory as it calls for legal

conclusions.

In addition to asserting and incorporating the objections of other Plaintiffs to this Interrogatory, Plaintiffs Pere and ILAFR object to this Interrogatory as seeking documents and information wholly irrelevant to any claim they are asserting in this lawsuit.

At present, and subject to and without waiving these objections, Plaintiffs' rights to supplement their answers to this Interrogatory, or to proffer other information, Plaintiffs Benson, Pacholski, Tyler, and Hall state that, to the extent the terms of this Interrogatory are reasonably comprehensible and do not sweep in every instance of handling a firearm, they have not engaged in a defensive gun use since August 1, 2005.

**INTERROGATORY NO. 9:** Identify and describe all firearms shooting ranges or firearms stores operated in whole or in part by any Plaintiff, any entity in which any Plaintiff has an interest, or any entity that is a member of any Plaintiff, including the name of each range or store, its location, and the length of time it has been in operation.

**RESPONSE TO INTERROGATORY NO. 9**: Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory.

Plaintiff ILAFR objects to this Interrogatory as vague, ambiguous, and overly burdensome, including to the extent that it asks Plaintiff to "describe all firearms shooting ranges or firearms stores." Plaintiff ILAFR further objects to this Interrogatory to the extent that it seeks identification of confidential membership lists and information. Such information is privileged from compelled production by the government under the First and Fourteenth Amendments to the United States Constitution. Plaintiff ILAFR further objects to this Request to the extent it seeks confidential trade secrets. Plaintiff ILAFR further objects to this Request to the extent it seeks documents and information in the possession, custody, or control of third parties.

At present, and subject to and without waiving these objections, Plaintiffs' rights to

supplement their answers to this Interrogatory, or to proffer other information, Plaintiffs Benson,

Pacholski, Tyler, Hall, and Pere state that they have not, since August 1, 2005, operated in whole

or in part, or had an interest in, any firearms shooting range or store.

**INTERROGATORY NO. 10:** Identify and describe all firearms training or firearms vending activities offered by any Plaintiff, or any entity that is a member of any Plaintiff, including the location(s) where such activities are offered or take place, the business or other name under which the activities are offered, and the length of time such activities have been offered.

**RESPONSE TO INTERROGATORY NO. 10:** Plaintiffs reiterate their General Objections as

if specifically set forth below in response to this Interrogatory. Plaintiffs objects to this

Interrogatory as vague, ambiguous, and overly burdensome, including to the extent it asks

Plaintiff to "describe all firearms training or firearms vending activities."

Plaintiff ILAFR further objects to this Interrogatory to the extent that it seeks

identification of confidential membership lists and information. Such information is privileged

from compelled production by the government under the First and Fourteenth Amendments to

the United States Constitution. Plaintiff ILAFR further objects to this Request to the extent it

seeks confidential trade secrets. Plaintiff ILAFR further objects to this Request to the extent it

seeks documents and information in the possession, custody, or control of third parties.

Plaintiff Pere objects to this Interrogatory as vague, ambiguous, and unduly burdensome

to the extent it asks him to "describe" all "firearms training … activities" he offers, as this

essentially asks him to describe every fact about his occupation as a firearms instructor. To the

extent Defendants seek information in addition to the general description below, the deposition

of Mr. Pere is the more appropriate, and less burdensome forum, for seeking specific

information.

At present, and subject to and without waiving these objections, Plaintiffs' rights to

supplement their answers to this Interrogatory, or to proffer other information, Plaintiffs Benson,

Pacholski, Tyler, and Hall state that they have never offered firearms training or firearms vending activities in any professional capacity.

At present, and subject to and without waiving these objections, his right to supplement his answers to this Interrogatory, or to proffer other information, Plaintiff Pere states that since August 1, 2005, he has offered firearms training courses that fit the following descriptions: basic firearms training using handguns, shotguns, rifles, or pistols; personal protection firearms training; firearms for women; firearms for executive protection; basic armed security officer training; peace officer firearms training; and concealed-carry training.  Mr. Pere conducts these training courses all over the country for police, security officers, corporations, and individuals and has no central classroom or firing range associated with his business.  Mr. Pere teaches approximately 1,000 students per year.

**INTERROGATORY NO. 11:** Identify and describe any real property owned, leased, or used by any Plaintiff for residential or business purposes, whether full or part-time, including a description of the nature, size, and interior and exterior layout of any residences, businesses, or other structures thereon.

**RESPONSE TO INTERROGATORY NO. 11:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory.  Plaintiffs Benson, Pacholski, Tyler, and Hall object to this Interrogatory as vague, ambiguous, unduly burdensome, and as seeking irrelevant information, including to the extent it requires Plaintiffs to "describe any real property owned, leased, or used," and to the extent it requires a description of the "nature" of such property.  These Plaintiffs further object to this Interrogatory to the extent it seeks information about properties situated outside the City of Chicago, as such information is irrelevant to any issue in this lawsuit.  These Plaintiffs further object to this Interrogatory to the extent it seeks information regarding property no longer owned, leased, or used, but that may have been owned, leased, or used since August 1, 2005.  These Plaintiffs further object to this

31

Interrogatory to the extent that providing information regarding the intimate details of the layout of their homes and business would unjustifiably subject Plaintiffs and their families to increased safety risks.

In addition to asserting and incorporating the objections of the other Plaintiffs to this Interrogatory, Plaintiffs Pere and ILAFR object to this Interrogatory as seeking information wholly irrelevant to any claim they are asserting in this lawsuit.

At present, and subject to and without waiving these objections, Plaintiffs' rights to supplement their answers to this Interrogatory, or to proffer other information, Plaintiffs Benson, Pacholski, Tyler, and Hall reference and incorporate their response to Document Request No. 14, and further state as follows:

Plaintiff Benson states that he owns a three-bedroom townhouse located at 1435 South Prairie Ave., Unit G, Chicago, IL 60605. The townhouse is located in a complex of other townhouses; these several units share a garage located underneath the complex. The back of Mr. Benson's townhouse has a small patio, enclosed by a brick wall. Mr. Benson's place of business is located in the Chicago Mercantile Exchange Building at 141 West Jackson Suite 1910A, Chicago, Il. 60604. He shares a small, windowless office space (approximately 8 feet by 12 feet) with several coworkers.

Plaintiffs Pacholski and Tyler state that they own a two-story, three-bedroom home of approximately 2,000 square feet and located at 2620 West Jerome St. Chicago, IL 60645. The property has a basement, a detached, two-car garage, and a backyard that is surrounded by a fence. Plaintiff Tyler further states that she rents approximately 4,000 square feet of office space located at 5545 N. Clark St., Chicago, IL 60640. The office space is located on the ground floor of an office building, and contains five exam rooms, several offices, a reception area, kitchen

facilities, and restrooms.

Plaintiff Hall states that he owns a five-bedroom, two-story house located at 11254 Bell Ave., Chicago, IL 60643. The house is approximately 3,000 square feet. The house has a covered front porch, a detached garage, and an unfinished basement. Plaintiff Hall further states that he conducts his business from an office in his house.

**INTERROGATORY NO. 12:** Identify and describe all instances in which you or a person with whom you reside has been arrested, criminally charged, tried, convicted, or sentenced, including but not limited to the date, location, and nature of the underlying incident, the forum and case number associated with any legal proceedings taken against you or the perpetrator, and the date and nature of any final disposition of any such proceedings.

**RESPONSE TO INTERROGATORY NO. 12:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory. Plaintiffs further object to this Interrogatory to the extent it seeks information wholly irrelevant to this lawsuit. Plaintiffs Benson, Pacholski, Tyler, and Hall are all qualified to possess firearms in the City of Chicago and are not disabled from doing so by reason of any prior arrest, charge, trial, conviction, or sentence (relating to them or a cohabitant). Thus, to the extent any such arrest, charge, trial, conviction, or sentence exists, it is irrelevant. Plaintiff Pere is a certified firearms instructor (several times over), and is not disqualified under Illinois or Chicago law from operating as a firearms instructor by reason of any prior arrest, charge, trial, conviction, or sentence (relating to him or a cohabitant). Thus, to the extent any such arrest, charge, trial, conviction, or sentence exists, it is irrelevant.

At present, and subject to and without waiving these objections, Plaintiffs' rights to supplement their answers to this Interrogatory, or to proffer other information, each individual Plaintiff states that neither he or she, nor anyone with whom he or she resides, has been arrested, criminally charged, tried, convicted, or sentenced, and Plaintiff ILAFR states that the corporation

has never been arrested, criminally charged, tried, convicted, or sentenced.

**INTERROGATORY NO. 13**: Identify all members of Plaintiff Illinois Association of Firearms Retailers.

**RESPONSE TO INTERROGATORY NO. 13:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory.

Plaintiffs Benson, Pacholski, Tyler, Hall, and Pere object to this Interrogatory as seeking information not reasonably within their knowledge, possession, custody, or control.

Plaintiff ILAFR objects to this Interrogatory as it calls for identification of its confidential membership information; this membership information is privileged from compelled disclosure by the government pursuant to the First and Fourteenth Amendments to the United States Constitution. Plaintiff ILAFR further objects to this Interrogatory to the extent it seeks confidential trade secrets. Plaintiff ILAFR further object to this Interrogatory on the grounds that the identification of ILAFR's entire membership list is irrelevant to any issue in this lawsuit. Pursuant to controlling precedent, an organization has standing to sue on behalf of its members if "one member [has] standing to present, in his or her own right, the claim (or the type of claim) pleaded by the association." *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 555 (1996). Moreover, "[t]his requirement … still allows for the member on whose behalf the suit is filed to remain unnamed by the organization." *Disability Rights of Wisconsin, Inc. v. Walworth County Bd. of Supervisors*, 522 F.3d 796, 802 (7th Cir. 2008).

At present, and subject to and without waiving these objections, his right to supplement his answer to this Interrogatory, or to proffer other information, and without waiving the First Amendment objections of ILAFR or its other members, Plaintiff Pere states that he is a member of ILAFR.

At present, and subject to and without waiving these objections, Plaintiff ILAFR's right

to supplement its answer to this Interrogatory, or to proffer other information, and without

waiving its First Amendment objections with respect to other members, Plaintiff ILAFR states

that the following members are willing to disclose their membership in ILAFR:

1) Rick Pere
413 W. Park Ave
Round Lake, IL 60073

2) William Campion
Camco Sales & Service
1769 Paw Paw Rd.
Steward, IL 60553

3) Donald R. Norton, Sr.
Rt. 3
Box 137
Golconda, IL 62938

4) Tony Kole
Ghost Industries, LLC
6528 N. Lakewood Ave., #4
Chicago, IL 60626

Registered Agent for Service of Process:
Arthur E. Mertes
730 W. Randolph, St.
Suite 600
Chicago, IL 60661

**INTERROGATORY NO. 14:** Identify all witnesses, including experts, you will or may call at the trial in this matter.

**RESPONSE TO INTERROGATORY NO. 14:** Plaintiffs reiterate their General Objections as

if specifically set forth below in response to this Interrogatory. Plaintiffs object to this

Interrogatory to the extent it seeks information subject to the attorney-client privilege, the work-

product privilege, or any other applicable privilege. Plaintiffs object to this Interrogatory to the

extent it requires identification of information in advance of the deadlines established by the

orders of the Court in this matter, the Local Rules for the Northern District of Illinois, and the Federal Rules of Civil Procedure.

At present, and subject to and without waiving these objections, Plaintiffs' right to supplement their answer to this Interrogatory, or to proffer other information, Plaintiffs state that they may call the following persons as witnesses at trial in this matter:

1) Any person participating in or identified at the proceedings of the Chicago City Council Committee on Police and Fire occurring on June 18, June 29, and July 1, 2010;

2) Any person participating in or identified at the proceedings of the Chicago City Council on July 2, 2010;

3) Any person participating in the drafting, negotiations, legislative process, or passage of the firearms ordinance enacted by the Chicago City Council on July 2, 2010;

4) Any official or employee of the City of Chicago who communicated with any witness appearing, or asked to appear, at the hearings of the Chicago City Council Committee on Police and Fire held on June 18, June 29, and July 1, 2010;

5) Any person identified in any discovery response provided to any discovery request served in this matter, whether served to a party or non-party;

6) Any person identified in any deposition in this matter, whether the deposition is of a party or non-party;

7) Richard Daley, Mayor of the City of Chicago;

8) Alderman Anthony Beale of the Chicago City Council;

9) Any Alderman who voted in favor of the firearms ordinance passed by the Chicago City Council on July 2, 2010;

10) Mara Georges, Corporation Counsel of the City of Chicago;

11) Rose Kelly of the Office of Corporation Counsel for the City of Chicago;

12) Jody P. Weis, Superintendent of the Chicago Police Department;

13) Ernest Brown of the Chicago Police Department;

14) Daniel Bartoli of the Chicago Police Department;

15) Kevin Johnson of the Chicago Police Department;

16) Patricia A. Scudiero, Commissioner of the Chicago Department of Zoning and Land Use Planning;

17) David Hemenway of Harvard University;

18) Juliet Leftwich of the Legal Community Against Gun Violence;

19) Robyn Thomas of the Legal Community Against Gun Violence;

20) Jens Ludwig of the University of Chicago;

21) Thomas Mannard of the Illinois Council Against Handgun Violence;

22) Mark Walsh of the Illinois Campaign to Prevent Gun Violence;

23) Marie Crandall of Trauma Unit of the Northwestern Medical Faculty Foundation;

24) Any person identified to testify at deposition in response to the Rule 30(b)(6) notice served by Plaintiffs on the City of Chicago;

25) Any person who testified at the preliminary injunction hearing in *Ezell v. City of Chicago*, No. 10-05135 (N.D. Ill), or who may testify in any future proceeding in that case, or who was or may be deposed in that case;

26) Steven Elliot
    C&E Gun Shows
    4225 Fortress Drive
    Blacksburg, VA  24060;

27) Whitney O'Daniel;

28) William Campion;

29) Donald R. Norton, Sr.;

30) Tony Kole;

31) Brett Benson;

32) Kenneth Pacholski;

33) Kathryn Tyler;

34) Michael Hall;

35) Rick Pere;

36) Any person or entity that the Defendants may depose or call as a witness in this action;

37) Any person or entity that the Defendants have identified or should have identified, or pursuant to their continuing obligation to update their Initial Disclosures under Fed. R. Civ. P. 26(a)(1) may identify, as likely to have discoverable information that the Defendants may use to support its defenses.

Plaintiffs further state that because Defendants have not fulfilled their obligation to identify all persons that have discoverable information that Defendants may use to support their defenses, this list is necessarily incomplete.  Plaintiffs further state that other potential witnesses that Plaintiffs call at trial in this matter will be identified prior to trial according to such schedules as the Court or the Federal Rules of Civil Procedure may require.

Dated: November 22, 2010        Respectfully submitted,

Stephen Kolodziej        s/ Charles J. Cooper
Atty. ID# 6216375        Charles J. Cooper
BRENNER FORD MONROE & SCOTT LTD.    David H. Thompson
33 N. Dearborn St., Suite 300    Jesse Panuccio
Chicago, IL  60602        COOPER & KIRK, PLLC
Tel: (312) 781-1970        1523 New Hampshire Ave., NW
Fax: (312)781-9202        Washington, D.C.  20036

Email: skolodziej@brennerlawfirm.com

Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

*Counsel for Plaintiffs*

## VERIFICATION

**STATE OF ILLINOIS**

**CITY OF CHICAGO**

Brett Benson states that the information pertaining to him contained in the foregoing responses has been collected and the responses prepared with the advice and assistance of counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and information still in existence and thus far discovered, the responses are true to the best of his knowledge, recollection, and belief based upon the information known or made available to him.

DATED: November 22, 2010

_____

Brett Benson

## **VERIFICATION**

**STATE OF ILLINOIS**

**CITY OF CHICAGO**

Kenneth Pacholski states that the information pertaining to him contained in the foregoing responses has been collected and the responses prepared with the advice and assistance of counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and information still in existence and thus far discovered, the responses are true to the best of his knowledge, recollection, and belief based upon the information known or made available to him.

DATED: November 22, 2010

Kenneth Pacholski

## VERIFICATION

**STATE OF ILLINOIS**

**CITY OF CHICAGO**

Kathryn Tyler states that the information pertaining to her contained in the foregoing responses has been collected and the responses prepared with the advice and assistance of counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and information still in existence and thus far discovered, the responses are true to the best of her knowledge, recollection, and belief based upon the information known or made available to her.

DATED: November 22, 2010

Kathryn Tyler

## **VERIFICATION**

**STATE OF ILLINOIS**

**CITY OF CHICAGO**

    Michael Hall states that the information pertaining to him contained in the foregoing

responses has been collected and the responses prepared with the advice and assistance of

counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and

information still in existence and thus far discovered, the responses are true to the best of his

knowledge, recollection, and belief based upon the information known or made available to him.

DATED: November 22, 2010

                                   Michael Hall

**<u>VERIFICATION</u>**

**<u>STATE OF ILLINOIS</u>**

**<u>CITY OF CHICAGO</u>**


Rick Pere states that the information pertaining to him contained in the foregoing responses has been collected and the responses prepared with the advice and assistance of counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and information still in existence and thus far discovered, the responses are true to the best of his knowledge, recollection, and belief based upon the information known or made available to him.

DATED: November 22, 2010


**Rick Pere**

<u>**VERIFICATION**</u>

<u>**STATE OF ILLINOIS**</u>

<u>**CITY OF CARBONDALE**</u>

Whitney O'Daniel states that the information pertaining to the Illinois Association of Firearms Retailers contained in the foregoing responses has been collected and the responses prepared with the advice and assistance of counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and information still in existence and thus far discovered, the responses are true to the best of his knowledge, recollection, and belief based upon the information known or made available to him.

DATED: November 22, 2010



_____

Whitney O'Daniel

On Behalf of the Illinois Association of Firearms Retailers

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRETT BENSON, KENNETH PACHOLSKI,** | ) | |
| **KATHRYN TYLER, MICHAEL HALL,  RICK** | ) | |
| **PERE, and the ILLINOIS ASSOCATION OF** | ) | |
| **FIREARMS RETAILERS,** | ) | **No. 10-CV-4184** |
| | ) | **Judge Ronald A. Guzman** |
| **Plaintiffs,** | ) | **Magistrate Judge Geraldine Soat** |
| | ) | **Brown** |
| **v.** | ) | |
| | ) | |
| **THE CITY OF CHICAGO and** | ) | |
| **RICHARD M. DALEY, Mayor of the** | ) | |
| **City of Chicago,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND SET OF
REQUESTS FOR PRODUCTION AND SECOND SET OF INTERROGATORIES**

  Plaintiffs Brett Benson, Kenneth Pacholski, Kathryn Tyler, Michael Hall, Rick Pere, and

the Illinois Association of Firearms Retailers ("ILAFR"), by and through their attorneys, hereby

submit their objections and responses to Defendants' Second Set of Requests for Production and

Second Set of Interrogatories.

**<u>GENERAL OBJECTIONS</u>**

  1.  Plaintiffs object to each definition, instruction, document request, and

interrogatory to the extent that it attempts to impose discovery obligations greater than those

required under the Federal Rules of Civil Procedure, the Local Rules of the United States District

Court for the Northern District of Illinois, and/or the orders of the Court in this case.

  2.  Plaintiffs object to each definition, instruction, document request, and

interrogatory to the extent that it requests information not relevant to this litigation or not

reasonably calculated to lead to the discovery of admissible evidence.

1

3.      Plaintiffs object to each definition, instruction, document request, and interrogatory to the extent that it calls for the disclosure of any information or document that (a) contains privileged attorney-client communications, (b) constitutes attorney work product, (c) is otherwise protected from disclosure under applicable privileges, immunities, laws, or rules.

4.      Plaintiffs' counsel and Defendants' counsel have reached a reciprocal agreement whereby communications between litigation counsel and clients specifically about the *Benson, Ezell,* and *Second Amendment Arms* litigations is not considered responsive to discovery requests and does not have to be logged on a privilege log.  These Objections and Responses are tendered in reliance on that agreement.

5.      Plaintiffs object to each definition, instruction, document request, and interrogatory to the extent that it requests information outside the Plaintiffs' possession, custody, or control.

6.      Plaintiffs object to each definition, instruction, document request, and interrogatory as unduly burdensome and beyond the scope of obligations imposed by the Federal Rules of Civil Procedure to the extent it seeks documents and information that are publicly available and/or otherwise in the custody and control of third parties.  To the extent Defendants' discovery requests place an obligation on Plaintiffs to produce documents and information from individuals and/or entities who are not uniquely within Plaintiffs' custody and control, the Requests are objectionable.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

7.      Plaintiffs object to each definition, instruction, document request, and interrogatory to the extent that it seeks legal bases, legal conclusions, or opinions.

8.      Plaintiffs object to each definition, instruction, document request, and interrogatory to the extent it prematurely calls for production or identification of documents and

information that need not be made available under the Court's orders and/or are otherwise unavailable to Plaintiffs in final form at this time. Accordingly, although Plaintiffs are responding to these discovery requests to the best of their present ability subject to the objections noted herein, the information contained herein is necessarily and expressly subject to change and to supplementation as circumstances associated with and surrounding this litigation continue to develop and unfold. Plaintiffs reserve the right to seasonably supplement their responses to Defendants' discovery requests and to proffer other information that Plaintiffs may use to prosecute the claims in this lawsuit and/or demonstrate the unconstitutionality of the challenged ordinance provisions.

9.      Plaintiffs object to these discovery requests to the extent they are unreasonably and unjustifiably intrusive and to the extent responses would create unjustified and unnecessary safety risks to Plaintiffs and their families.

10.     Plaintiffs object to each definition, instruction, document request, and interrogatory to the extent it calls for the production or identification of sensitive confidential information such as Social Security numbers and personal financial information. Such information will be redacted from documents containing otherwise responsive nonprivileged material.

11.     When Plaintiffs state they will produce responsive documents or provide information, they so state only to the extent responsive documents or information exist and are in their possession, custody, or control.

12.     Each individual Plaintiff objects, responds to, and answers these discovery requests only for himself, herself, or itself, and does not make any representations as to any objections, responses, or answers proffered by any other Plaintiff.

13.     Plaintiffs reserve all objections to the admissibility of any information into evidence in this litigation (including information contained in the responses to these discovery requests), including, without limitation, objections as to relevance and materiality.

Subject to and without waiving any of the foregoing General Objections, which are hereby incorporated into each response given below, Plaintiffs are answering these discovery requests in substance to the extent practicable and reasonable under the present circumstances, as stated below.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO DEFENDANTS' SECOND SET OF DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents relating to Chicago residents who have purchased or otherwise acquired firearms or used shooting ranges at any member of the Illinois Association of Firearms Retailers, including but not limited to documents reflecting or describing: (a) the number of Chicago residents who have acquired firearms or used shooting ranges at each member; (b) the residential and business address of such Chicago residents; (c) the cost of any firearms or shooting range activities purchased by such Chicago residents at each member; (d) the nature and type of any firearms acquired or shooting range activities engaged in by such Chicago residents at each member.

**RESPONSE TO REQUEST NO. 1:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request.  Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege.  Plaintiffs object to this Request as vague, ambiguous, unduly burdensome, and as calling for documents and information irrelevant to this lawsuit, including but not limited to the extent it seeks "[a]ll documents relating to Chicago residents who have purchased or otherwise acquired firearms or used shooting ranges." Plaintiffs further object to this Request to the extent it seeks documents and information in the possession, custody, or control of third parties and thus attempts to place an obligation on Plaintiffs to collect and produce documents and information from individuals and/or entities who

4

are not uniquely within Plaintiffs' custody and control. Plaintiffs further object to this Request to the extent it seeks documents and information that are as equally available to Defendants as they are to Plaintiffs.

Plaintiff ILAFR further objects to this Request to the extent responding to it requires production or identification of confidential membership lists and information. Such information is privileged from compelled production by the government under the First and Fourteenth Amendments to the United States Constitution. Plaintiff ILAFR further objects to this Request to the extent it seeks confidential trade secrets and business records.

Subject to and without waiving his objections, Plaintiff Pere states that whether an entity or person, other than himself, is a member of ILAFR is not a fact within his personal knowledge. Moreover, to the extent documents in Plaintiff Pere's possession may reflect that a Chicago resident has "used shooting ranges at any member of the Illinois Association of Firearms Retailers," Mr. Pere objects to this Request as vague, ambiguous, and unduly burdensome to the extent it, combined with Request No. 2, can be read to seek every document relating to his activities, if any, as a firearms instructor for Chicago residents.

Subject to and without waiving their objections, Plaintiffs Benson, Pacholski, Tyler, and Hall state that whether an entity or person, other than himself or herself, is a member of ILAFR is not a fact within their personal knowledge, but to the extent they may have "purchased or otherwise acquired firearms or used shooting ranges at any member of the Illinois Association of Firearms Retailers" without knowing the membership status of a firearms vendor or range, these Plaintiffs reference and incorporate their responses to Request Nos. 1, 4, 5, 6, 7, 8, 12, and 13 in Defendants' First Set of Requests for Production.

Subject to and without waiving its objections, Plaintiff ILAFR states that it is not in

possession, custody, or control of any nonprivileged documents responsive to this Request.

**REQUEST NO. 2:** All documents relating to Chicago residents who have purchased or otherwise acquired firearms or used shooting ranges at any entity or person that is not a member of the Illinois Association of Firearms Retailers, including but not limited to documents reflecting or describing: (a) the number of Chicago residents who have acquired firearms or used shooting ranges at each non-member; (b) the residential and business address of such Chicago residents; (c) the cost of any firearms or shooting range activities purchased by such Chicago residents at each non-member; (d) the nature and type of any firearms acquired or shooting range activities engaged in by such Chicago residents at each non-member.

**RESPONSE TO REQUEST NO. 2:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request. Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, the work-product privilege, or any other applicable privilege. Plaintiffs object to this Request as vague, ambiguous, unduly burdensome, and as calling for documents and information irrelevant to this lawsuit, including but not limited to the extent it seeks "[a]ll documents relating to Chicago residents who have purchased or otherwise acquired firearms or used shooting ranges." Plaintiffs further object to this Request to the extent it seeks documents and information in the possession, custody, or control of third parties and thus attempts to place an obligation on Plaintiffs to collect and produce documents and information from individuals and/or entities who are not uniquely within Plaintiffs' custody and control. Plaintiffs further object to this Request to the extent it seeks documents and information that are as equally available to Defendants as they are to Plaintiffs.

Plaintiff ILAFR further objects to this Request to the extent responding to it requires production or identification of confidential membership lists and information. Such information is privileged from compelled production by the government under the First and Fourteenth Amendments to the United States Constitution. Plaintiff ILAFR further objects to this Request

6

to the extent it seeks confidential trade secrets and business records.

Subject to and without waiving his objections, Plaintiff Pere states that whether an entity or person, other than himself, is a non-member of ILAFR is not a fact within his personal knowledge. Moreover, to the extent documents in Plaintiff Pere's possession may reflect that a Chicago resident has "used shooting ranges at any entity or person that is not a member of the Illinois Association of Firearms Retailers," Mr. Pere objects to this Request as vague, ambiguous, and unduly burdensome to the extent it, combined with Request No. 1, can be read to seek every document relating to his activities, if any, as a firearms instructor for Chicago residents.

Subject to and without waiving their objections, Plaintiffs Benson, Pacholski, Tyler, and Hall state that whether an entity or person, other than himself or herself, is a non-member of ILAFR is not a fact within their personal knowledge, but to the extent they may have "purchased or otherwise acquired firearms or used shooting ranges at any entity or person that is not a member of the Illinois Association of Firearms Retailers" without knowing the membership status of a firearms vendor or range, these Plaintiffs reference and incorporate their responses to Request Nos. 1, 4, 5, 6, 7, 8, 12, and 13 in Defendants' First Set of Requests for Production.

Subject to and without waiving its objections, Plaintiff ILAFR states that it is not in possession, custody, or control of any nonprivileged documents responsive to this Request.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO DEFENDANTS' SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** For each of the past 20 years, identify and describe the number of Chicago residents who have purchased or otherwise acquired firearms or used shooting ranges at any member of the Illinois Association of Firearms Retailers, the revenue and profit obtained by any member in connection with offering firearms or shooting range activities to Chicago residents, and the nature and type of any firearms or shooting range activities engaged in by Chicago residents at any member.

**RESPONSE TO INTERROGATORY NO. 1**: Plaintiffs reiterate their General Objections as if

specifically set forth below in response to this Interrogatory. Plaintiffs object to this

Interrogatory as vague, ambiguous, unduly burdensome, and as calling for information irrelevant

to this lawsuit. Plaintiffs further object to this Interrogatory to the extent it seeks information not

in their personal knowledge or possession but rather in the knowledge and possession of third

parties and thus attempts to place an obligation on Plaintiffs to collect and produce documents

and information from individuals and/or entities who are not uniquely within Plaintiffs' custody

and control. Plaintiffs further object to this Interrogatory to the extent it seeks information that is

as equally available to Defendants as it is to Plaintiffs.

Plaintiff ILAFR further objects to this Interrogatory to the extent responding to it requires

identification of its confidential membership lists and information. Such information is

privileged from compelled production by the government under the First and Fourteenth

Amendments to the United States Constitution. Plaintiff ILAFR further objects to this

Interrogatory to the extent it seeks confidential trade secrets and business records.

Subject to and without waiving his objections, Plaintiff Pere further states that whether an

entity or person, other than himself, is a member of ILAFR is not a fact within his personal

knowledge. Mr. Pere objects to this Interrogatory as vague, ambiguous, and unduly burdensome

to the extent it, combined with Interrogatory No. 2, can be read to seek virtually all information

8

relating to his activities, if any, as a firearms instructor for Chicago residents.

Subject to and without waiving their objections, Plaintiffs Benson, Pacholski, Tyler, Hall, and Pere state that whether an entity or person, other than himself or herself, is a member of ILAFR is not a fact within their personal knowledge.

Subject to and without waiving its objections, Plaintiff ILAFR states that it does not have within its knowledge information regarding "the number of Chicago residents who have purchased or otherwise acquired firearms or used shooting ranges."

**INTERROGATORY NO. 2**: For each of the past 20 years, identify and describe the number of Chicago residents who have purchased or otherwise acquired firearms or used shooting ranges at any entity or person that is not a member of the Illinois Association of Firearms Retailers, the revenue and profit obtained by any non-member in connection with offering firearms or shooting range activities to Chicago residents, and the nature and type of any firearms or shooting range activities engaged in by Chicago residents at any non-member.

**RESPONSE TO INTERROGATORY NO. 2**: Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory.  Plaintiffs object to this Request as vague, ambiguous, unduly burdensome, and as calling for information irrelevant to this lawsuit. Plaintiffs further object to this Interrogatory to the extent it seeks information not in their personal knowledge or possession but rather in the knowledge and possession of third parties and thus attempts to place an obligation on Plaintiffs to collect and produce documents and information from individuals and/or entities who are not uniquely within Plaintiffs' custody and control.  Plaintiffs further object to this Interrogatory to the extent it seeks information that is as equally available to Defendants as it is to Plaintiffs.

Plaintiff ILAFR further objects to this Interrogatory to the extent responding to it requires identification of its confidential membership lists and information.  Such information is privileged from compelled production by the government under the First and Fourteenth Amendments to the United States Constitution.  Plaintiff ILAFR further objects to this

9

Interrogatory to the extent it seeks confidential trade secrets and business records.

Subject to and without waiving his objections, Plaintiff Pere further states that whether an entity or person, other than himself, is a non-member of ILAFR is not a fact within his personal knowledge. Mr. Pere objects to this Interrogatory as vague, ambiguous, and unduly burdensome to the extent it, combined with Interrogatory No. 1, can be read to seek virtually all information relating to his activities, if any, as a firearms instructor for Chicago residents.

Subject to and without waiving their objections, Plaintiffs Benson, Pacholski, Tyler, Hall, and Pere state that whether an entity or person, other than himself or herself, is a non-member of ILAFR is not a fact within their personal knowledge.

Subject to and without waiving its objections, Plaintiff ILAFR states that it does not have within its knowledge information regarding "the number of Chicago residents who have purchased or otherwise acquired firearms or shooting ranges."


Dated: December 6, 2010

Respectfully submitted,

Stephen Kolodziej
Atty. ID# 6216375
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn St., Suite 300
Chicago, IL 60602
Tel: (312) 781-1970
Fax: (312)781-9202
Email: skolodziej@brennerlawfirm.com

s/ Charles J. Cooper
Charles J. Cooper
David H. Thompson
Jesse Panuccio
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

*Counsel for Plaintiffs*

## VERIFICATION

**STATE OF ILLINOIS**

**CITY OF CHICAGO**

Brett Benson states that the information pertaining to him contained in the foregoing responses has been collected and the responses prepared with the advice and assistance of counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and information still in existence and thus discovered, the responses are true to the best of his knowledge, recollection, and belief based upon the information known or made available to him.

DATED: December 6, 2010

Brett Benson

## VERIFICATION

**STATE OF ILLINOIS**

**CITY OF CHICAGO**


Michael Hall states that the information pertaining to him contained in the foregoing responses has been collected and the responses prepared with the advice and assistance of counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and information still in existence and thus discovered, the responses are true to the best of his knowledge, recollection, and belief based upon the information known or made available to him.


DATED: December 6, 2010


_____

Michael Hall

## <u>VERIFICATION</u>

<u>STATE OF ILLINOIS</u>

<u>CITY OF CARBONDALE</u>

Whitney O'Daniel, on behalf of the Illinois Association of Firearms Retailers, states that the information pertaining to the Illinois Association of Firearms Retailers contained in the foregoing responses has been collected and the responses prepared with the advice and assistance of counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and information still in existence and thus discovered, the responses are true to the best of his knowledge, recollection, and belief based upon the information known or made available to him.

DATED: December 6, 2010

_____

Whitney O'Daniel

On behalf of the Illinois Association of
Firearms Retailers

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ILLINOIS ASSOCIATION OF FIREARMS** | ) | |
| **RETAILERS, KENNETH PACHOLSKI,** | ) | **Civil Action No. 10-cv-04184** |
| **KATHRYN TYLER, and MICHAEL HALL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Judge Edmond E. Chang** |
| | ) | |
| **v.** | ) | **Magistrate Judge Geraldine Soat** |
| | ) | **Brown** |
| **THE CITY OF CHICAGO and** | ) | |
| **RICHARD M. DALEY, Mayor of the** | ) | |
| **City of Chicago,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' THIRD SET OF
REQUESTS FOR PRODUCTION AND THIRD SET OF INTERROGATORIES**

Plaintiffs Kenneth Pacholski, Kathryn Tyler, Michael Hall, and the Illinois Association of

Firearms Retailers ("ILAFR"), by and through their attorneys, hereby submit their objections and

responses to Defendants' Third Set of Requests for Production and Third Set of Interrogatories.

**GENERAL OBJECTIONS**

1.      Plaintiffs object to each definition, instruction, document request, and

interrogatory to the extent that it attempts to impose discovery obligations greater than those

required under the Federal Rules of Civil Procedure, the Local Rules of the United States District

Court for the Northern District of Illinois, and/or the orders of the Court in this case.

2.      Plaintiffs object to each definition, instruction, document request, and

interrogatory to the extent that it requests information not relevant to this litigation or not

reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiffs object to each definition, instruction, document request, and

interrogatory to the extent that it calls for the disclosure of any information or document that (a) contains privileged attorney-client communications, (b) constitutes attorney work product, (c) is otherwise protected from disclosure under applicable privileges, immunities, laws, or rules.

4.  Plaintiffs' counsel and Defendants' counsel have reached a reciprocal agreement whereby communications between litigation counsel and clients specifically about the *ILAFR, Ezell,* and *Second Amendment Arms* litigations is not considered responsive to discovery requests and does not have to be logged on a privilege log. These Objections and Responses are tendered in reliance on that agreement.

5.  Plaintiffs object to each definition, instruction, document request, and interrogatory to the extent that it requests information outside the Plaintiffs' possession, custody, or control.

6.  Plaintiffs object to each definition, instruction, document request, and interrogatory as unduly burdensome and beyond the scope of obligations imposed by the Federal Rules of Civil Procedure to the extent it seeks documents and information that are publicly available and/or otherwise in the custody and control of third parties. To the extent Defendants' discovery requests place an obligation on Plaintiffs to produce documents and information from individuals and/or entities who are not uniquely within Plaintiffs' custody and control, the Requests are objectionable. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

7.  Plaintiffs object to each definition, instruction, document request, and interrogatory to the extent that it seeks legal bases, legal conclusions, or opinions.

8.  Plaintiffs object to each definition, instruction, document request, and interrogatory to the extent it prematurely calls for production or identification of documents and information that need not be made available under the Court's orders and/or are otherwise

unavailable to Plaintiffs in final form at this time. Accordingly, although Plaintiffs are

responding to these discovery requests to the best of their present ability subject to the objections

noted herein, the information contained herein is necessarily and expressly subject to change and

to supplementation as circumstances associated with and surrounding this litigation continue to

develop and unfold. Plaintiffs reserve the right to seasonably supplement their responses to

Defendants' discovery requests and to proffer other information that Plaintiffs may use to

prosecute the claims in this lawsuit and/or demonstrate the unconstitutionality of the challenged

ordinance provisions.

9.      Plaintiffs object to these discovery requests to the extent they are unreasonably

and unjustifiably intrusive and to the extent responses would create unjustified and unnecessary

safety risks to Plaintiffs and their families.

10.     Plaintiffs object to each definition, instruction, document request, and

interrogatory to the extent it calls for the production or identification of sensitive confidential

information such as Social Security numbers and personal financial information. Such

information will be redacted from documents containing otherwise responsive nonprivileged

material.

11.     When Plaintiffs state they will produce responsive documents or provide

information, they so state only to the extent responsive documents or information exist and are in

their possession, custody, or control.

12.     Each individual Plaintiff objects, responds to, and answers these discovery

requests only for himself, herself, or itself, and does not make any representations as to any

objections, responses, or answers proffered by any other Plaintiff.

13.     Plaintiffs reserve all objections to the admissibility of any information into

evidence in this litigation (including information contained in the responses to these discovery requests), including, without limitation, objections as to relevance and materiality.

Subject to and without waiving any of the foregoing General Objections, which are hereby incorporated into each response given below, Plaintiffs are answering these discovery requests in substance to the extent practicable and reasonable under the present circumstances, as stated below.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO DEFENDANTS' THIRD SET OF DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents relating to any ILAFR member's desire, intention, anticipation, and/or plan to sell firearms and/or operate shooting ranges inside Chicago, including but not limited to all documents reflecting or describing:  (a) business plans, sales or profit projections or forecasts, and market or customer analyses or studies, whether contemplated, anticipated, projected, actual; (b) the cost or other investment or outlay entailed in opening the business, whether contemplated, anticipated, projected, or actual; (c) the location, size, type, and nature of the business; (d) the inventory, goods, and/or services to be offered at the business, including the prices at which they will be offered to the public; (e) purchase contracts, leases, architectural renderings, or other documents relating to the acquisition and/or use of land in Chicago on which the business would be operated; (f) communications with attorneys, real estate agents, accountants, bankers, construction contractors, vendors, suppliers, governmental licensing or permitting authorities, or any other person or entity regarding the business.

**RESPONSE TO REQUEST NO. 1:**  Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request.  Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, work-product protection, or any other applicable privilege.  Plaintiffs object to this Request as vague, ambiguous, and overly burdensome, and as calling for documents and information irrelevant to this lawsuit, including to the extent it seeks all documents relating to the "desire, intention, anticipation, and/or plan to sell firearms and/or operate shooting ranges inside Chicago" of any and all ILAFR members.  Plaintiffs further object to this Request to the extent it seeks documents and information in the possession, custody, or control of third parties.

Plaintiff ILAFR further objects to this Request to the extent that it seeks production of confidential membership information. Such information is privileged from compelled production by the government under the First and Fourteenth Amendments to the United States Constitution. Plaintiff ILAFR further objects to this Request to the extent it seeks confidential trade secrets.

Subject to and without waiving its objections, Plaintiff ILAFR states that it is not in possession, custody, or control of any nonprivileged documents responsive to this request.

Subject to and without waiving the objections, the individual Plaintiffs state that they are not in possession, custody, or control of any nonprivileged documents responsive to this request.

**REQUEST NO. 2:** All documents relating to or depicting every trigger lock, barrel lock, or other mechanism (other than a firearm safety mechanism) designed to render a firearm temporarily inoperable that is used, is usable, or has been used on a firearm owned or possessed by any individual Plaintiff.

**RESPONSE TO REQUEST NO. 2:** Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Request. Plaintiffs object to this Request to the extent it seeks documents or information subject to the attorney-client privilege, work-product protection, or any other applicable privilege.

Plaintiffs object to this Request, to the extent it calls for all documents relating to every "trigger lock, barrel lock, or other mechanism … designed to render a firearm temporarily inoperable that is used, is usable, or has been used on a firearm" they have owned or possessed, as vague, ambiguous, overly burdensome, and calling for documents and information irrelevant to this lawsuit. Plaintiffs further object to this Request as calling for documents that are publicly available or in the possession, custody, and/or control of third parties and are thus as readily or more easily accessed by Defendants than by Plaintiffs, including, for example, to the extent the Request calls for all documents related to mechanisms that are "usable" on firearms the

5

individual Plaintiffs have registered with the City.

Subject to and without waiving the above-noted objections, the individual Plaintiffs will produce any non-privileged documents that are available after a reasonable search for documents directly relating to trigger locks, barrel locks, or other mechanisms (other than a firearm safety mechanism) designed to render a firearm temporarily inoperable that they use or have used on a firearm they own or possess.

Subject to and without waiving the above-noted objections, Plaintiff ILAFR states that it is not in possession, custody, or control of any nonprivileged documents responsive to this request.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO DEFENDANTS' THIRD SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** For each of the past 20 years, and as to each ILAFR member that desires, intends, anticipates, and/or plans to sell firearms and/or operate shooting ranges inside Chicago, identify that member and identify and describe all facts relating to that desire, intention, anticipation, and/or plan, including but not limited to:  (a) business plans, sales or profit projections or forecasts, and market or customer analyses or studies, whether contemplated, anticipated, projected, actual; (b) the cost or other investment or outlay entailed in opening the business, whether contemplated, anticipated, projected, or actual; (c) the location, size, type, and nature of the business; (d) the inventory, goods, and/or services to be offered at the business, including the prices at which they will be offered to the public; (e) purchase contracts, leases, architectural renderings, or other documents relating to the acquisition and/or use of land in Chicago on which the business would be operated; (f) communications with attorneys, real estate agents, accountants, bankers, construction contractors, vendors, suppliers, governmental licensing or permitting authorities, or any other person or entity regarding the business.

**RESPONSE TO INTERROGATORY NO. 1**:  Plaintiffs reiterate their General Objections as if specifically set forth below in response to this Interrogatory.  Plaintiffs object to this Interrogatory as vague, ambiguous, and overly burdensome, and as calling for documents and information irrelevant to this lawsuit, including to the extent it seeks all documents relating to the "desire, intention, anticipation, and/or plan to sell firearms and/or operate shooting ranges inside Chicago" of any and all ILAFR members for "each of the past 20 years."  Plaintiffs object to this Interrogatory to the extent it seeks documents and information in the possession, custody, or control of third parties.

Plaintiff ILAFR further objects to this Interrogatory to the extent that it seeks production of confidential membership information.  Such information is privileged from compelled production by the government under the First and Fourteenth Amendments to the United States Constitution.  Plaintiff ILAFR further objects to this Interrogatory to the extent it seeks confidential trade secrets.

Subject to and without waiving these objections, Plaintiffs state that ILAFR member William Campion intends to sell firearms, ammunition and accessories at sporting goods shows

and/or gun shows in Chicago if the ordinance at issue in this lawsuit is found unconstitutional.

He would arrange for the delivery of firearms through local federally licensed firearms dealers

after all the buyer's required qualifications are confirmed. The firearms he would sell would be

strictly limited to those covered by his Class I Federal Firearms License. Generally, these are

shotguns, rifles and handguns. Prices would be determined based on market conditions at the

time of the sale.

**INTERROGATORY NO. 2**: Identify and describe, including by make, model, and manufacturer, every trigger lock, barrel lock, or other mechanism (other than a firearm safety mechanism) designed to render a firearm temporarily inoperable that is used, is usable, or has been used on a firearm owned or possessed by any individual Plaintiff.

**RESPONSE TO INTERROGATORY NO. 2**: Plaintiffs reiterate their General Objections as if

specifically set forth below in response to this Interrogatory. Plaintiffs object to this

Interrogatory, to the extent it calls for information relating to every "trigger lock, barrel lock, or

other mechanism … designed to render a firearm temporarily inoperable that is used, is usable,

or has been used on a firearm" they have owned or possessed, as vague, ambiguous, overly

burdensome, and calling for information irrelevant to this lawsuit. Plaintiffs further object to this

Interrogatory as calling for information that is publicly available or in the possession, custody,

and/or control of third parties and is thus as readily or more easily accessed by Defendants than

by Plaintiffs, including, for example, to the extent the Interrogatory calls for information related

to mechanisms that are "usable" on firearms the individual Plaintiffs have registered with the

City.

At present, and subject to and without waiving these objections, Plaintiffs' rights to

supplement their response to this Interrogatory, or to proffer other information, Plaintiffs state as

follows:

Plaintiff Tyler states that she has not used a trigger lock, barrel lock, or other mechanism

(other than a firearm safety mechanism) designed to render a firearm temporarily inoperable.

Plaintiff Pacholski states that he has used Franzen keyed trigger locks. Plaintiff Pacholski incorporates by reference the descriptions of Franzen keyed trigger locks contained in documents produced in response to Document Request No. 2. Plaintiff Pacholski states that he has also used a plastic coated steel cable that runs through the triggers of several guns kept in a display case. The steel cable is locked to handles that are mounted into the side of the cabinet with 2 keyed Master locks.

Plaintiff Hall states that he has used a padlock with an approximately 12-inch flexible steel cable that is looped from the opening end of the lock, through the open slide of a firearm, and then returned to the padlock. This locking device came with the Stoeger pistol he has registered with the City. He has also used an armadillo padlock, made by Ruger, which runs through the chamber of a firearm. It has an approximately 4-inch solid steel loop that runs from the opening part of the loop, through the chamber, and back into the keyed padlock. It can only be used with the firearm's barrel removed. He has also used a Master Lock 94 resettable combination gun lock and a Regal Model RTL06 trigger lock. Plaintiff Hall incorporates by reference the descriptions of these two locking mechanisms contained in documents produced in response to Document Request No. 2.

Dated: March 9, 2011

Stephen Kolodziej
Atty. ID# 6216375
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn St., Suite 300
Chicago, IL 60602
Tel: (312) 781-1970
Fax: (312) 781-9202
Email: skolodziej@brennerlawfirm.com

Respectfully submitted,

Charles J. Cooper
David H. Thompson
Peter A. Patterson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600

9

Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

*Counsel for Plaintiffs*

## VERIFICATION

**STATE OF ILLINOIS**

**CITY OF CHICAGO**


**Michael Hall** states that the information pertaining to him contained in the foregoing responses has been collected and the responses prepared with the advice and assistance of counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and information still in existence and thus discovered, the responses are true to the best of his knowledge, recollection, and belief based upon the information known or made available to him.


**DATED: March 9, 2011**


_Michael Hall_

**Michael Hall**

## VERIFICATION

**STATE OF ILLINOIS**

**CITY OF CHICAGO**


Kenneth Pacholski states that the information pertaining to him contained in the foregoing responses has been collected and the responses prepared with the advice and assistance of counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and information still in existence and thus discovered, the responses are true to the best of his knowledge, recollection, and belief based upon the information known or made available to him.


DATED:  March 9, 2011


Kenneth Pacholski

## VERIFICATION

**STATE OF ILLINOIS**

**CITY OF CHICAGO**

Kathryn Tyler states that the information pertaining to her contained in the foregoing responses has been collected and the responses prepared with the advice and assistance of counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and information still in existence and thus discovered, the responses are true to the best of her knowledge, recollection, and belief based upon the information known or made available to her.

DATED:  March 9, 2011

*Kathryn J Tyler*

Kathryn Tyler

## VERIFICATION

**STATE OF ILLINOIS**

**CITY OF CARBONDALE**


Whitney O'Daniel, on behalf of the Illinois Association of Firearms Retailers, states that the information pertaining to the Illinois Association of Firearms Retailers contained in the foregoing responses has been collected and the responses prepared with the advice and assistance of counsel, and that, subject to any inadvertent or undiscovered errors, and based on the records and information still in existence and thus discovered, the responses are true to the best of his knowledge, recollection, and belief based upon the information known or made available to him.


DATED: March 9, 2011

_____

Whitney O'Daniel

On behalf of the Illinois Association
of Firearms Retailers

## CERTIFICATE OF SERVICE

I, Aaron Cummings, hereby certify that on this 9th day of March, 2011, I caused a

copy of the foregoing to be served by first-class United States mail on:

Michael A. Forti
Andrew W. Worseck
Rebecca Alfert Hirsch
William Macy Aguiar
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

Aaron Cummings