IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL, | ) ) ) ) ) ) | No. 10 CV 4184 |
| Plaintiffs, | ) ) | Judge Edmond E. Chang |
| v. | ) ) ) | Magistrate Judge Geraldine Soat Brown |
| THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
TO RECONSIDER ORDER GRANTING DEFENDANTS' MOTION TO COMPEL**

Defendants City of Chicago (the "City") and Mayor Richard M. Daley (collectively, "Defendants"), by and through their attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, hereby respond to Plaintiffs' Motion to Reconsider Order Granting Defendants' Motion to Compel ("Plaintiffs' Motion") as follows:

**I.  Plaintiffs' Motion is Not Properly Confined to the Court's Ruling.**

Plaintiffs give only a passing mention to the actual ruling by this Court – that Plaintiffs must respond to Mayor Daley's First Set of Interrogatories ("Interrogatories") by June 6, 2011 – and indeed, do not seek reconsideration of such ruling. *See* Motion, p. 1. Instead, Plaintiffs raise other substantive objections to the Interrogatories that they have not formally served on Defendants, that have not been the subject of a mandatory Rule 37(a) conference, and have not been presented to or addressed by the Court. As such, Plaintiffs' Motion is improper and should be denied.

During the May 13 Rule 37(a) conference on Plaintiffs' objection to the timeliness of the Interrogatories, and again during another telephone conference on May 17, Plaintiffs held fast to their refusal to respond to the Interrogatories based on their view that they were under no obligation to do so. Even though Plaintiffs informed Defendants that they had underlying substantive objections to the Interrogatories, Plaintiffs still resisted formally providing a responses to the Interrogatories. Indeed, in Mr. Patterson's May 18 email correspondence to Defendants informing them of some of Plaintiffs' objections, he stated that "[w]e of course reserve the right to supplement this list of objections in the event we are required to respond to the Interrogatories." *See* Defendants' Motion, Exhibit D. Thus, despite providing this list of objections to Defendants, Plaintiffs made clear that these were *not* their responses. Moreover, Plaintiffs left open the possibility that they would assert *additional* objections, if and when they were ordered to respond. It would not have made sense, nor was it ripe, for Defendants to address an informal and incomplete list of objections in their motion to compel, when Plaintiffs may have chosen to assert more objections at a later date, if ordered to respond, and before a Rule 37(a) conference had occurred regarding these objections. Defendants chose the most logical and efficient course of action in bringing the threshold issue of Plaintiffs' refusal to answer the Interrogatories before the Court so it could be determined quickly.

It is axiomatic that motions for reconsideration can be made only to address errors of law or newly discovered evidence with respect to *a previous ruling by the Court. See, e.g.*, *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *Zurich Capital Markets, Inc. v. Coglianese*, 383 F. Supp.2d 1041, 1045 (N.D. Ill. 2005). To be sure, the Court stated that, due to the fact that the Court was granting Defendants' motion to compel before the noticed date and before Plaintiffs had an opportunity to respond, Plaintiffs may file a motion for

reconsideration. *See* May 20, 2011 Minute Order. Presumably, this was meant to allow Plaintiffs a chance to raise arguments with respect to the sole issue in Defendants' motion – timeliness – and not an invitation to raise substantive objections to the Interrogatories that were not part of the Court's ruling and that the parties had not conferred about yet. Furthermore, nothing in the Court's order deprives Plaintiffs of asserting these objections as part of their responses when they do respond.

Accordingly, Plaintiffs' Motion should be denied because it does not seek reconsideration of the Court's ruling, and Plaintiffs can include any and all of their substantive objections in their responses to the Interrogatories by June 6, 2011. Nevertheless, because they lack merit, Defendants briefly respond to Plaintiffs' objections below.[1]

## II. The Interrogatories Do Not Seek Pure Legal Conclusions.

Plaintiffs contend that the Interrogatories improperly seek legal conclusions or raise issues of "pure law," and thus they need not answer them. *See* Plaintiffs' Motion, pp. 2-3. Contrary to Plaintiffs' assertion, Defendants are not seeking legal conclusions about the scope of the Second Amendment, but rather are seeking the factual contours and averments underlying Claim V of Plaintiffs' Second Amended Complaint. The Interrogatories seek information about where Plaintiffs believe they can, or should be able to, carry firearms and the factual reasons why carriage may or may not be appropriate in particular locations.

Plaintiffs allege that the Ordinance imposes "a complete and total ban in Chicago on possessing or carrying a firearm outside one's home," which thereby infringes upon their Second and

---

[1] In a footnote, Plaintiffs imply, but do not argue, that the City and Mayor Daley should be treated as only one defendant and thus held to a combined total of 25 interrogatories. *See* Plaintiffs' Motion, p. n.1. Defendants respond only to point out that it was Plaintiffs' choice to name Mayor Daley as a separate Defendant, and that Defendants have served only 28 interrogatories combined between the two Defendants.

Fourteenth Amendment rights. *See* Plfs.' Am. Comp., ¶ 69. In order to fully understand Plaintiffs' contentions regarding where they believe they should be permitted to carry firearms, and to be able to properly develop their defenses thereto, Defendants inquired about locations where Plaintiffs believe it should be permissible to carry. These types of interrogatories (commonly referred to as "contention" interrogatories) are fully permissible under the federal rules. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact..."); *Pratt v. Tarr,* 464 F.3d 730, 733 (7th Cir. 2006) (contention interrogatories allow party to learn factual bases of opposing party's claim); *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 915 (7th Cir. 1985 (contention interrogatories require plaintiffs to particularize theory of suit); *Ziemack v. Centel Corp.*, 1995 WL 729295, * 2 (N.D. Ill. 1995) (among other things, contention interrogatories may ask party to "take a position and apply law and facts in defense of that position."). That is precisely what Mayor Daley's Interrogatories do here – seek to discover the facts and contentions underlying Plaintiffs' carry claim in Count V – and Plaintiffs should be required to answer them.[2]

Moreover, Plaintiffs' misapprehension about the nature of the Interrogatories as seeking pure legal conclusions is exactly the type of issue that might have been resolved had the parties engaged in a meet and confer pursuant to Rule 37(a). Defendants could have explained that they are not seeking Plaintiffs' pure legal opinions about the scope of the Second Amendment, but rather whether any facts exist that would render a ban on carriage in certain places appropriate, including under a

---

[2] Rule 32(a)(2) further provides that courts may order that contention interrogatories need not be answered until designated discovery is complete or until a pretrial conference or some other time. Here, Defendants served these Interrogatories as their last discovery requests and at the close of fact discovery and, therefore, they are ripe to be answered.

regime where the Second Amendment's scope extends to these places – *i.e.*, irrespective of the Second Amendment's legal scope. Rule 37(a) ensures that the parties have attempted to reach common ground or understanding about the scope of discovery requests, sometimes clarifying or narrowing such requests, before bringing motions before the Court, and that Rule should have been followed here.

**III.     Plaintiffs' Carry Claim in Count V is Broadly Stated.**

Plaintiffs also contend that the Interrogatories are improper because they are not relevant to the parties' claims or defenses in the case. *See* Plaintiffs' Motion, p. 3. Specifically, Plaintiffs argue that, as explained in their supplemental briefing in response to Defendants' Motion to Dismiss Count V, they seek only "to vindicate a narrow interest: the right to carry firearms in ways permitted by Illinois law, but disallowed by the City." *Id*. at 2. Thus, they argue, the Interrogatories seek right-to-carry information from Plaintiffs that goes beyond the scope of the issues in the case. *Id.*

Despite Plaintiffs' narrow characterization of their claim in two legal briefs, Count V as stated in their complaint reads broadly. *See* Am. Comp. Count V ("the Ordinance imposes a complete and total ban in Chicago on possessing or carrying a firearm outside one's home," which thereby infringes upon their Second and Fourteenth Amendment rights ). Plaintiffs' request for relief goes on to seek a declaration of invalidity, and an injunction against enforcement, of, *inter alia*, Chicago Mun. Code §§ 8-20-020, 8-20-030, and 8-20-010, which combined act to bar possession of handguns outside the home. *See* Plfs.' Am. Comp., pp. 16-17. Defendants would be remiss in not exploring the full extent of the claim *as pled,* especially since nothing would prevent Plaintiffs from taking a broader approach later on. *See also Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) (recognizing basic principle that complaints cannot be amended by arguments made in briefs).

Indeed, one of the very reasons Defendants served the Interrogatories was in an attempt to have Plaintiffs commit to, and explain the scope of, their carry claim.

For discovery purposes, relevancy is construed broadly to encompass any matter that bears on, or that could reasonably lead to other matters that could bear on, any issue that is or may be in the case. *See, e.g., Northwest Mem. Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004); *Shapo v. Engle*, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001) (discovery request should be considered relevant if there is "any possibility" that information sought may be relevant to subject matter of case). Thus, unless the Court grants Defendants' motion to dismiss or otherwise limits the scope of the claim, or Plaintiffs formally amend their complaint to limit the scope of the claim and the relief sought, the Interrogatories seek relevant information and Plaintiffs should be required to answer them.[3]

WHEREFORE, for the reasons stated above, Defendants respectfully request that the Court deny Plaintiffs' Motion to Reconsider Order Granting Defendants' Motion to Compel, and for all other relief the Court deems just.

Dated: May 25, 2011                                   Respectfully submitted,

                                                      MARA S. GEORGES
                                                      CORPORATION COUNSEL
                                                      CITY OF CHICAGO

                                              BY:     /s/ Rebecca Alfert Hirsch
                                                      One of Its Attorneys

---

[3] Furthermore, even assuming *arguendo* that the scope of Plaintiffs' carry claim in Count V is limited to only those locations not covered by Illinois law, the Interrogatories still seek relevant information. For example, Defendants asked Plaintiffs to explain why or why not they believe that they should be allowed to carry firearms in public spaces such as parks, shopping malls, theaters, or stadiums. Even if Plaintiffs do not challenge banning carriage in these locations, answers to the Interrogatories are relevant to whether carriage is appropriate in other areas, such as yards and porches, banned by the City's laws.

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the Defendants, hereby certifies that on May 25, 2011, she served a copy of the foregoing **Defendants' Response to Plaintiffs' Motion to Reconsider Order Granting Defendants' Motion to Compel** on the parties listed below by electronic means pursuant to Electronic Case Filing (ECF):

| | |
|---|---|
| Charles J. Cooper | Stephen Kolodziej |
| David H. Thompson | Brenner Ford Monroe & Scott Ltd. |
| Peter Patterson | 33 N. Dearborn Street, Suite 300 |
| Cooper & Kirk, PLLC | Chicago, IL 60602 |
| 1523 New Hampshire Ave., NW | |
| Washington, DC 20036 | |

/s/ Rebecca Alfert Hirsch