IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago,<br><br>Defendants | Case No: 10-CV-4184<br>Judge Edmond E. Chang |

**DEFENDANTS' MOTION TO EXTEND EXPERT DISCOVERY DEADLINES**

Defendants City of Chicago ("City") and Mayor Richard M. Daley (collectively "Defendants") respectfully move this Court for a 60-day extension of expert discovery deadlines. If this request is granted, expert disclosures would be due on August 15, 2011; rebuttal expert disclosures would be due on September 15, 2011 and expert discovery would close on September 30, 2011.

1.   As this Court is aware, Plaintiffs have challenged the constitutionality of various provisions of the City's Responsible Gun Owner's Ordinance ("Ordinance") enacted on July 2, 2010.[1]

---

[1] Plaintiffs' Second Amended Complaint attacks: (a) the Ordinance's ban on the possession of firearms outside of the "home," to the extent the Ordinance's definition of "home" excludes such areas as garages, yards, and porches; (b) the ban on sales or transfers of firearms within the City; (c) the ban on shooting galleries and firearm ranges within the City; (d) the ban on the possession of more than one operable firearm per qualified person in the home; and (e) the ban on carrying firearms. Plaintiffs also challenge the City's Zoning Ordinance, Title 17 of the Chicago Municipal Code, to the extent it prohibits the construction or operation of a firearm retail business or a shooting range.

1

2

2. Plaintiffs initiated this action on July 6, 2010, shortly after the enactment of the Ordinance. They have amended their Complaint twice, most recently on February 9, 2011.

3. Judge Ronald A. Guzman, as a matter of course, set an initial schedule for fact discovery to open on September 1, 2010 and close on January 7, 2010. This case, however, raises complex constitutional issues of first impression. As such, the parties jointly moved for an extension of all discovery deadlines, which Judge Guzman granted on December 16, 2010. Pursuant to that order, fact discovery was set to close on March 31, 2011 with expert disclosures due on May 2, 2011, rebuttal expert disclosures due on June 15, 2011, and the close of expert discovery set for June 30, 2011.

4. Defendants, at the time represented solely by attorneys from the City of Chicago Law Department ("Law Department"), worked diligently towards meeting these deadlines. But given the scope of discovery requested by Plaintiffs, the complexity and importance of the matter, and the other professional obligations of the Law Department, on March 14, 2011, Defendants moved to extend all discovery deadlines and sought the assistance of Mayer Brown LLP as outside counsel.

5. On March 17, 2011, this Court granted an extension of the discovery schedule set out by Judge Guzman. The Court credited Defendants' good faith effort to move promptly on discovery by retaining outside counsel and narrowed the scope of discovery by denying Plaintiffs' motion to compel discovery into the legislative process. The Court granted an extension of the discovery schedule set out by Judge Guzman. This Court's March 17, 2011 Order set June 1, 2011 as the close of fact discovery. At that time, the Court also set the deadline for expert disclosures to be shortly thereafter on June

AMECURRENT 700162021 11070255

15, 2011, with rebuttal expert disclosures due on July 15, 2011 and expert discovery closing on August 1, 2011.

6.  Since that time, the Law Department has worked quickly to get Mayer Brown up to speed on this matter. The parties have taken a number of depositions and exchanged a number of documents. As a result, Defendants are on course to complete fact discovery on or before June 1, 2011.[2]

7.  Despite the diligent efforts of both the Law Department and Mayer Brown, however, Defendants are not well positioned to exchange expert reports on June 15, 2011. <u>First</u>, although Defendants have been able to consult with a number of the most prominent criminologists, economists and public health researchers with expertise on the issues raised in this matter over the course of the last several weeks (and had been considering which experts to contact long before that), their prior academic, research and teaching commitments have prevented them from giving due consideration to the preparation of an expert report by June 15, 2011. These experts have expressed a willingness to participate in the City's defense if they can have time over the course of the summer to turn their full attention to the project. Defendants would be prejudiced in their ability to retain the experts of their choice if that time is not afforded to the experts. <u>Second</u>, although the Court correctly notes a degree of overlap between fact discovery and expert discovery in this matter, it is precisely for this reason that Defendants' potential experts have expressed a desire for additional time to review the depositions and documents produced during the last several weeks of fact discovery before drafting their expert reports.

---

[2] Per the Court's May 20 and 25 rulings regarding Defendant Mayor Daley's First Set of Interrogatories, fact discovery may be extended for purposes of Plaintiffs' response to those interrogatories.

AMECURRENT 700162021 11070255

8. Proceeding with expert discovery on the current schedule would unduly prejudice Defendants' ability to present its defense and deprive the Court of a complete record in assessing the constitutionality of the challenged provisions of the Ordinance. The requested extension does not affect fact discovery and would only delay the close of expert discovery eight weeks. It would allow all discovery to be completed in just over six months after Defendants retained outside counsel for the purpose of ensuring the prompt close of discovery and the minimization of the time Plaintiffs would have to wait to try their claims, if necessary. Defendants conferred with Plaintiffs regarding this extension and they have indicated that they will oppose it. To extent that Plaintiffs point to the constitutional nature of their alleged interests, there is no additional harm to those interests attributable to a short and reasonable extension under the circumstances.

9. The requested extension is not made for any improper purpose or to delay this matter and will serve the interests of justice.

WHEREFORE, Defendants move this Court for a 60-day extension of expert discovery deadlines.

Dated May 27, 2011                                    Respectfully submitted,

                                                            /s/ Ranjit Hakim
                                                            Craig Woods
                                                            Ranjit Hakim
                                                           MAYER BROWN LLP
                                                           71 S. Wacker Drive
                                                           Chicago, IL 60606-4637
                                                           (312) 782-0600 (phone)
                                                           (312) 701-7711 (fax)
                                                           *Attorneys for Defendants*
                                                           *City of Chicago and Mayor Richard M. Daley*