IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS ASSOCATION OF FIREARMS RETAILERS , KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL, | ) ) ) ) | |
| **Plaintiffs,** | ) ) | No. 10-CV-4184 Judge Edmond E. Chang |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, | ) ) ) ) ) | |
| **Defendants.** | ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXTEND EXPERT DISCOVERY DEADLINES

Plaintiffs Illinois Association of Firearms Retailers, Kenneth Pacholski, Kathryn Tyler, and Michael Hall hereby respond to Defendants' (the "City's") Motion to Extend Expert Discovery as follows:

1. On March 17, 2011, the Court, on the City's motion, extended the discovery period in this case. In doing so, however, the Court emphasized that "absent the most extraordinary of circumstances, … these [new discovery deadlines] are hard and fast dates." March 17, 2011 Tr. of Hr'g at 26 (attached as Exhibit A). The City is once again before this Court seeking to extend discovery, this time asking to extend the expert discovery deadlines by 60 additional days. Because the City has failed to identify any "extraordinary circumstances" in support of its motion, it should be denied.

2. Far from extraordinary, the City's reasons for seeking extra time for expert discovery are in fact quite ordinary, and they at any rate are the consequence of the City's own actions.

According to the City, some of the experts it would like to engage apparently have "prior academic, research and teaching commitments" that may make it difficult for them to prepare an expert report by the June 15 deadline. Doc. No. 126 at 3. But it is hardly noteworthy that certain potential experts may be busy, particularly given that the City has only contacted these experts "over the course of the last several weeks." *Id*.

The City has had plenty of time to contact potential experts, and it should not be excused for waiting until the last several weeks to do so: Plaintiffs filed this lawsuit 11 months ago, and the City's opportunity to develop expert support for its ordinance extends even further back in time because, as this Court recognized, "the City relied on experts in fashioning its legislation." March 17, 2011 Tr. of Hr'g at 18. Indeed, the City itself acknowledges that it had been considering which experts to contact "long before" it got around to doing so. Doc. No. 126 at 3.

The City is thus effectively asking this Court to reconsider its March 17 order, which rejected the City's proposed four-month extension in favor of a two-month extension, on the basis not of extraordinary circumstances but of little more than its own delay in contacting potential experts. *Compare* Doc. No. 95 at 2 (requesting extension of expert discovery to October 1, 2011), *with* Doc. No. 126 at 1 (requesting extension of expert discovery to September 30, 2011).[1]

3. The City raises the possibility that if its motion is not granted it may not be able to proceed with "the experts of [its] choice." Doc. No. 126 at 3. But unlike the fundamental right

---

[1] The City also claims that the experts it has contacted desire additional time to review the depositions and documents produced during the last several weeks of fact discovery before drafting their expert reports. Doc. No. 126 at 3. But this does not constitute an extraordinary circumstance justifying an extension of discovery, as the Court and the parties plainly contemplated that fact discovery would extend through the fact discovery period. At any rate, because the vast majority of the witnesses deposed and documents produced over the past several weeks have been put forward by the City, the City could have made these resources available to potential experts at an earlier date.

2

to keep and bear arms, there is no constitutional protection for litigating with the expert of one's choice. *See* March 17, 2011 Tr. of Hr'g at 15 ("the Supreme Court tells us there is a Constitutional right to possess a firearm for one's self-defense, and that is a significant interest"). And every day that discovery is extended in this matter is another day the City's ordinance infringing Plaintiffs' Second Amendment rights remains on the books.

    4. For these reasons, the City's Motion to Extend Expert Discovery Deadlines should be denied.

Dated: June 3, 2011　　　　　　　　　　　　　　　　　Respectfully submitted,

Stephen Kolodziej  
Atty. ID # 6216375  
BRENNER FORD MONROE & SCOTT LTD.  
33 N. Dearborn St., Suite 300  
Chicago, IL 60602  
Tel: (312) 781-1970  
Fax: (312)781-9202  
Email: skolodziej@brennerlawfirm.com  

/s/ Charles J. Cooper  
Charles J. Cooper*  
David H. Thompson*  
Peter A. Patterson*  
COOPER & KIRK, PLLC  
1523 New Hampshire Ave., NW  
Washington, D.C. 20036  
Tel: (202) 220-9600  
Fax: (202) 220-9601  
Email: ccooper@cooperkirk.com  

*Admitted *pro hac vice*.

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I, Charles J. Cooper, hereby certify that on this 3rd day of June, 2011, I caused a copy of the foregoing to be served by electronic filing on:

    Michael A. Forti
    Mardell Nereim
    Andrew W. Worseck
    William Macy Aguiar
    Rebecca Alfert Hirsch
    City of Chicago, Department of Law
    Constitutional and Commercial Litigation Division
    30 N. LaSalle St., Suite 1230
    Chicago, IL 60602

    Craig Woods
    Ranjit Hakim
    MAYER BROWN LLP
    71 S. Wacker Drive
    Chicago, IL 60606-4637

                                              /s/ Charles J. Cooper
                                              Charles J. Cooper