IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, <br><br> Defendants | Case No: 10-CV-4184 <br> Judge Edmond E. Chang |

**DEFENDANTS' MOTION TO EXTEND THE EXPERT DISCLOSURE DEADLINE**

Defendants City of Chicago ("City") and Mayor Richard M. Daley (collectively "Defendants") respectfully move this Court for a 11-day extension of the expert disclosure deadline. If this request is granted, expert disclosures would be due on August 26, 2011. Rebuttal expert disclosures would still be due on September 15, 2011 and expert discovery would still close on September 30, 2011 per the expert discovery schedule in this matter.

1. As this Court is aware, Plaintiffs have challenged the constitutionality of various provisions of the City's Responsible Gun Owner's Ordinance ("Ordinance") enacted on July 2, 2010.[1] Plaintiffs initiated this action on July 6, 2010, shortly after the enactment of the Ordinance and have amended their Complaint twice, most recently on February 9, 2011.

---

[1] Plaintiffs' Second Amended Complaint attacks: (a) the Ordinance's ban on the possession of firearms outside of the "home," to the extent the Ordinance's definition of "home" excludes such areas as garages, yards, and porches; (b) the ban on sales or transfers of firearms within the City; (c) the ban on shooting galleries and firearm ranges within the City; (d) the ban on the possession of more than one operable firearm per qualified person in the home; and (e) the ban on carrying firearms. Plaintiffs also challenge the City's Zoning Ordinance, Title 17 of the Chicago Municipal Code, to the extent it prohibits the construction or operation of a firearm retail business or a shooting range. The City has since withdrawn its ban on shooting galleries and firearm ranges.

1

2

2. In recognition of the complexity of the constitutional issues of first impression raised, the potential for additional guidance on these issues from the Seventh Circuit and the City's good faith effort to quickly complete discovery, including by retaining Mayer Brown LLP as outside counsel to assist in the process, this Court first extended all discovery deadlines on March 14, 2011, and then more recently extended expert discovery deadlines on June 7, 2011.

3. The latter extension moved the date for expert disclosures from June 15, 2011 to August 15, 2011. The Court granted this extension to accommodate certain academics who wished to offer expert testimony on behalf of the Defendants but whose prior academic, research and teaching commitments prevented them from giving due consideration to the preparation of an expert report by June 15, 2011.

4. The Law Department and Mayer Brown have diligently worked with these academics (both prior to and after receiving the June 7, 2011 extension) to meet the August 15, 2011 deadline for expert disclosures. Defendants are very much aware that the Court is not inclined to grant any further extensions and have made every effort to impress upon the experts that reports must be completed, and disclosures made, in the next two weeks to meet this deadline.

5. In spite of this effort, the schedules of the Defendants' experts may require a very brief extension to complete the drafting of their reports. In addition to completing reports for the Defendants, these experts have had to travel internationally for conferences, as well as attend to personal matters such as funerals during the summer. Defendants do not anticipate that the experts will require all eleven days of the requested extension to complete their reports and have asked the experts to proceed as if no such extension will

AMECURRENT 700392227 11070255

be granted. Defendants will make expert disclosures as soon as the experts have completed their reports and will do so before August 26, 2011, if possible.

6. The requested extension would not affect the close of expert discovery on September 30, 2011, and as such will not prejudice Plaintiffs who would still have over 30 days to depose Defendant's experts and proceed to trial if they wish on exactly the same schedule already approved in this matter. Denying the request would unduly prejudice Defendants' ability to present its defense, deprive the Court of a complete record in assessing the constitutionality of the challenged provisions of the Ordinance, and needlessly waste the efforts of Defendants' experts who have put significant resources into the completion of their reports during the course of the last several months.

7. Defendants conferred with Plaintiffs regarding this extension and they have indicated that they will oppose it.

8. The requested extension is not made for any improper purpose or to delay this matter and will serve the interests of justice.

WHEREFORE, Defendants move this Court for a 11-day extension of expert discovery deadlines.

Dated August 1, 2011   Respectfully submitted,

  /s  Ranjit Hakim_____
Craig Woods
Ranjit Hakim
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL  60606-4637
(312) 782-0600 (phone)
(312) 701-7711 (fax)
*Attorneys for Defendants*
*City of Chicago and Mayor Richard M. Daley*

3