**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 10-CV-04184 Judge Edmond E. Chang |
| THE CITY OF CHICAGO and RAHM EMANUEL, Mayor of the City of Chicago, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO EXTEND THE EXPERT DISCLOSURE DEADLINE**

Plaintiffs Illinois Association of Firearms Retailers, Kenneth Pacholski, Kathryn Tyler, and Michael Hall hereby respond to Defendants' (the "City's") Motion to Extend the Expert Disclosure Deadline as follows:

1. On March 17, 2011, the Court, on the City's motion, extended the discovery period in this case. In doing so, however, the Court emphasized that "absent the most extraordinary of circumstances, . . . these [new discovery deadlines] are hard and fast dates." March 17, 2011 Tr. Of Hr'g (Doc. No. 118) at 26. And on June 7, 2011, the Court extended the discovery period at the City's request. At that hearing, the Court was clear that "*[t]here will be no further extensions for Defendants.*" Doc. No. 130 at 1 (emphasis added).

2. The City now seeks yet again to extend the discovery clock, in flat contradiction of the Court's ruling that the Defendants are entitled to "no further extensions." The Court should not reconsider its June 7 ruling, and it should deny Defendants' motion.

1

3. The City's reasons for seeking extra time for expert discovery are unavailing. The City requests additional time because its "experts have had to travel internationally for conferences." Doc. No. 132 at 2. But the City presents no evidence that these travel plans were unknown when it agreed to the current deadline for expert discovery. And if these travel opportunities did arise after the Court's current order, Defendants' experts should have declined to go on these trips if they were inconsistent with meeting the Court's deadlines.

4. The City makes vague reference to the fact that its experts have had to "attend to personal matters such as funerals during the summer." Doc. No. 132 at 2. But an unfortunate death in the family for one expert surely cannot justify a deadline extension *for all experts*. Nor should an opaque reference to other undisclosed "personal matters" overcome this Court's clear rule that the Defendants are entitled to no further extensions.

5. The City claims that it "do[es] not anticipate that the experts will require all eleven days of the requested extension," and that it will file the reports as soon as possible. Doc. No. 132 at 2. The City's explicit statement that it does not actually anticipate using all of the additional time vitiates any argument that extraordinary circumstances *require* an extension.

6. The City insists that its request will not affect the close of expert discovery on September 30, 2011, and thus "will not prejudice Plaintiffs who would still have over 30 days to depose Defendants' experts." Doc. No. 132 at 3. But Plaintiffs are entitled to *45 days* to depose Defendants' experts. Additionally, the Court has set has a September 15 deadline for rebuttal expert disclosures. The City's proposed timeline *would cut nearly in half* the time Plaintiffs' experts have to rebut the City's experts. Plaintiffs would face substantial prejudice if the Court grants the City's motion, particularly in light of the City's concession that this case "raises complex constitutional issues of first impression." Doc. No. 126 at 2.

7. And extending both the September 15 and September 30 deadline to accommodate a later August 26 deadline will not do. This case was filed over one year ago, and each additional day of delay presumptively causes Plaintiffs irreparable harm. *Ezell v. City of Chicago*, No. 10-3525, slip op. at 24 (7th Cir. July 6, 2011). The Court should stand by its ruling that Defendants are not entitled to any further extensions in the expert discovery timeline.

## CONCLUSION

For these reasons, the City's Motion should be denied.

Dated: August 2, 2011                                                  Respectfully submitted,

| | |
|---|---|
| Stephen Kolodziej | s/ Charles J. Cooper |
| Atty. ID # 6216375 | Charles J. Cooper* |
| BRENNER FORD MONROE & SCOTT LTD. | David H. Thompson* |
| 33 N. Dearborn St., Suite 300 | Peter A. Patterson* |
| Chicago, IL 60602 | COOPER & KIRK, PLLC |
| Tel: (312) 781-1970 | 1523 New Hampshire Ave., NW |
| Fax: (312)781-9202 | Washington, D.C. 20036 |
| Email: skolodziej@brennerlawfirm.com | Tel: (202) 220-9600 |
| | Fax: (202) 220-9601 |
| | Email: ccooper@cooperkirk.com |
| | *Admitted *pro hac vice*. |
| | *Counsel for Plaintiffs* |

# **CERTIFICATE OF SERVICE**

I, Charles J. Cooper, hereby certify that on this 2nd day of August, 2011, I caused a copy of the foregoing to be served by electronic filing on:

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602

Craig Woods
Ranjit Hakim
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606-4637

                                                s/ Charles J. Cooper
                                                Charles J. Cooper