IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PACHOLSKI, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-4184 |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, ET AL., | ) | Magistrate Judge Geraldine Soat |
| | ) | Brown |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO DEPOSE PLAINTIFFS' REBUTTAL EXPERT AFTER THE CLOSE OF EXPERT DISCOVERY, AND FOR LEAVE TO CONDUCT THE DEPOSITION IN EXCESS OF SEVEN HOURS**

Defendants City of Chicago (the "City") and Richard M. Daley (collectively, "Defendants"), by their counsel, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby move for an order granting Defendants until November 18, 2011 to depose Dr. Gary Kleck, Plaintiffs' rebuttal expert, and, pursuant to Fed. R. Civ. P. 26(b)(2)(A) & 30(d), for leave to conduct that deposition over two days lasting no more than 14 total hours. In support of this Motion, Defendants state as follows:

1. On August 4, the court adjusted the expert discovery schedule in this case as follows:

    a. Defendants had until August 15 to disclose two of their expert witnesses (Mr. Joseph Vince and Dr. Daniel Webster);

    b. Defendants had until August 26 to disclose their third expert witness (Dr. Philip Cook);

    c. Plaintiffs had until September 15 to disclose their rebuttal expert(s) as to the reports of by Mr. Vince and Dr. Webster;

    d.        Plaintiffs had until September 26 to disclose their rebuttal expert(s) as to the report of Dr. Cook;

    e.        Expert discovery was to close on September 30.

    2.        Defendants disclosed their expert reports pursuant to this schedule. However, after Defendants did so, the parties jointly moved to amend the remainder of the schedule. Specifically, in accord with Plaintiffs' request that they be allowed to depose all of the Defendants' experts prior to issuing any rebuttal report, September 30 was selected as the disclosure date for all rebuttal report(s) Plaintiffs might submit. In addition, in accord with Defendants' belief at that time that they would be able to complete the deposition of Plaintiffs' rebuttal expert(s) by October 10, that date was selected as the close of expert discovery. The court granted this motion on September 16.

    3.        On September 30, Plaintiffs submitted a single, omnibus rebuttal report from Dr. Gary Kleck, a criminologist and economist at Florida State University. (Dr. Kleck's report is attached hereto as Exhibit A). It was not sent to Defendants until after the close of business on that date (which was a Friday). It is 92 pages long. The primary report is 46 pages of single-spaced text, and the remaining 46 pages contain citation to at least 118 references, which are largely academic studies and government reports. The report purports to comprehensively, although misleadingly, rebut the reports and opinions of all three of Defendants' experts, virtually line-by-line. It raises complex issues concerning not only firearms violence and crime, but also the very econometric and statistical methodologies (and other methodologies) that one should use to evaluate those subjects. Dr. Kleck also apparently purports to reanalyze data from epidemiologic models addressed by Defendants' experts, but he does not include the data and

calculations from those reanalyses. *See* Ex. A at 11. Defendants are thus left to guess at what those reanalyses were and how they were conducted.

4. To be sure, Defendants believe that the evidence will show that Dr. Kleck's purported rebuttal is riddled with misleading, unsupported, and inappropriate analyses and statements. Nevertheless, Defendants anticipate that unwinding the technical mischaracterizations and misrepresentations within the 46 pages of text will take considerable deposition time given the combative tone taken by Dr. Kleck in the report. This, coupled with the report's length and density, means that Defendants will be unable to adequately cover the required material in only 7 hours of deposition time, nor will they be able to properly prepare to depose Dr. Kleck in just 10 days after disclosure of his report.

5. Fed. R. Civ. P. 30(d)(1) states in part that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent." Even in a conventional case, the deposition of an expert witness often warrants additional time. The 2000 Committee notes to Rule 30(d) state that "with regard to expert witnesses, there may more often be a need for additional time – even after the submission of the report required by Rule 26(a)(2) – for full exploration of the theories upon which the witness relies." And this is not a conventional case. It raises novel issues of constitutional law and the interplay between emerging Second Amendment doctrine and the factual record, the latter of which poses potentially complex questions of firearms operation, firearms utility, and the impact of various firearms practices (such as storage, carry, and transfer) on individual firearm uses and criminal encounters as well as city-wide levels of criminal activity and public safety.

6. Defendants' need for more time to depose Dr. Kleck on these matters is perhaps

best shown by the amount of time Plaintiffs took to depose Defendants' experts:

    a.    Mr. Vince was deposed on September 16 – *i.e.*, 32 days after his report was disclosed. The deposition lasted approximately 3.75 hours (excluding breaks), and Plaintiffs used 12 exhibits.

    b.    Dr. Webster was deposed on September 21 – *i.e.*, 37 days after his report was disclosed. His deposition lasted approximately 5.25 hours (excluding breaks), and Plaintiffs used 33 exhibits.

    c.    Dr. Cook was deposed on September 28 – *i.e.*, 33 days after his report was disclosed. His deposition lasted approximately 6.25 hours (excluding breaks), and Plaintiffs used 20 exhibits.

In sum, Plaintiffs' deposition of Defendants' experts entailed approximately 15.25 total hours and 65 total exhibits, and took three days (which were non-consecutive; the three days themselves were spread over 13 days). And all of this occurred at least a month after the respective expert disclosures. This illustrates perfectly the complexity of the issues involved in the case, the amount of time needed to prepare for an expert deposition following the issuance of a report covering those issues, and the number of deposition hours needed to fairly discover the bases for the expert opinions in this case.

    7.    As such, it would be unduly prejudicial and fundamentally unfair to require Defendants to take a single deposition of no more than 7 hours, and within 10 days after the issuance of Plaintiffs' report. It would be far out of line with the amount of time Plaintiffs had to prepare for and take the depositions of Defendants' experts, and would deprive Defendants from properly discovering and testing the bases for Plaintiffs' positions on core issues in the case.

Further, Defendants had no control over Plaintiffs' decision to select a single rebuttal expert rather than three. Limiting Defendants to 7 hours of total deposition time because there is only one person in the chair would unfairly penalize Defendants and prize form over substance. On the other hand, Plaintiffs will suffer no prejudice from the requested relief. This case is just over a year old, and the deposition of Plaintiffs' expert is the last item remaining before the parties can proceed to dispositive motions and/or trial. And, of course, the Court will benefit from a fair and thorough exploration of the bases of Dr. Kleck's opinions.

8. It is true that Defendants previously agreed to October 10 as the cut-off date for expert depositions. But Defendants are not mind readers. We could not at that time know the content, length, opinions, and purported bases of the report that Plaintiffs would submit. Nor could Defendants know that Plaintiffs' expert would cite at least 118 references and reanalyze data without providing his methodology and calculations. (Indeed, this latter fact – and perhaps other aspects of the report – could necessitate the issuance of a document subpoena to Dr. Kleck, and a timely response would be needed before Defendants could depose him.) Only upon receiving the report could Defendants begin in earnest to prepare for the deposition, and a proper deposition will require additional preparation. As the 1970 Committee notes to Rule 26(b)(4) explain, "[e]ffective cross-examination of an expert witness requires advance preparation. The lawyer even with the help of his own experts frequently cannot anticipate the particular approach his adversary's expert will take or the data on which he will base his judgment on the stand."

9. In light of these changed circumstances, and for the other reasons detailed above, good cause exists for granting this motion. Accordingly, Defendants respectfully submit that they be granted until November 18 to take Dr. Kleck's deposition, and that they be afforded 14

hours total, spread over two days. This is eminently reasonable in light of the 15-plus hours of deposition spread over three days that Plaintiffs were afforded. *See Arachnid Inc. v. Valley Recreation Products, Inc.*, 143 F.R.D. 192, 194 (N.D. Ill. 1992) (expert depositions lasting "two or three days" are not "unreasonably long" in case where expert testimony was important). Moreover, November 18 as the outer window for completing Dr. Kleck's deposition is appropriate because Plaintiffs had 44 days from the first of Defendants' expert disclosures to the taking of the final deposition of Defendants' experts. Defendants should have the same general amount of time to depose Plaintiffs' expert, who is addressing all of the various subjects that Defendants' three experts addressed piecemeal.

10. In addition, logistical reasons warrant selecting November 18: It is Defendants' understanding that Dr. Kleck is available for deposition only on Mondays and Fridays, which significantly limits the pool of dates that could potentially work with the schedules of Plaintiffs' and Defendants' counsel.

11. The undersigned represents that he conferred with David Thompson, counsel for Plaintiffs, in a good-faith effort to resolve the current dispute. Counsel spoke via telephone at roughly 12:15 p.m. on October 4 (the second business day following the tendering of Dr. Kleck's report), which was followed by an exchange of emails later that day in which the parties continued to address the dispute. The undersigned indicated that, for substantially the same reasons set forth in this Motion, Defendants would not be in a position to depose Dr. Kleck on October 7 (the date selected by the parties *before* Defendants had received Dr. Kleck's report) and sought Plaintiffs' agreement as to both an extension of time in which to take Dr. Kleck's deposition, as well as more than 7 hours of deposition time. Plaintiffs rejected this proposal.

**CONCLUSION**

WHEREFORE, for the reasons stated herein, Defendants respectfully request that the Court enter an order: (1) granting Defendants until November 18, 2011 to depose Dr. Kleck; (2) allowing Defendants to conduct that deposition for up to 14 hours spread over two days; (3) setting a status hearing for November 21 or as soon as practicable thereafter.

Date: October 6, 2011                    Respectfully submitted,

STEPHEN R. PATTON,

Corporation Counsel for the City of Chicago

By:   /s/ Andrew Worseck

Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975 / 7129 / 4216

Attorneys for Defendants