IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL, ) ) ) ) | |
| Plaintiffs, ) ) | Case No: 10-CV-4184 Judge Edmond E. Chang |
| v. ) ) | |
| THE CITY OF CHICAGO and RAHM EMANUEL, Mayor of the City of Chicago, ) ) ) | |
| Defendants ) ) ) | |

**OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO DEPOSE PLAINTIFFS' REBUTTAL EXPERT AFTER CLOSE OF DISCOVERY, AND FOR LEAVE TO CONDUCT THE DEPOSITION IN EXCESS OF SEVEN HOURS**

Plaintiffs Illinois Association of Firearms Retailers, Kenneth Pacholski, Kathryn Tyler, and Michael Hall (collectively, "Plaintiffs") oppose Defendants' Motion for Leave to Depose Plaintiffs' Rebuttal Expert After Close of Discovery, and For Leave to Conduct the Deposition in Excess of Seven Hours ("Motion"). For the following reasons, this Court should deny the Motion. As a threshold matter, we wish to clarify the nature of our opposition. Contrary to Chicago's elliptical description of our position, we agreed to allow Chicago to take our expert's deposition on October 24 or October 28 provided the City agreed to limit the deposition to 7 hours. As the Court is aware, we are eager to move this case to resolution promptly, but we offered this accommodation in a spirit of compromise and in the hope that the Court's attention would not need to be diverted to this matter. Chicago flatly rejected our proposed compromise which was communicated within hours of Chicago's first voicing any concern about its intent to

1

meet the agreed upon and court ordered schedule. And having rejected our compromise, Chicago then waited until it was too late to present the motion before the expiration of expert discovery and thus has sought to grant itself a unilateral extension of discovery. These tactics should not be rewarded.

1. On June 7, 2011, on Defendants' motion, this Court extended the previously established expert discovery deadlines in this case by 60 days. As a result of this extension, expert disclosures were due August 15, rebuttal expert disclosures were due September 15, and expert discovery was set to close on September 30. In addition, the Court stated that "[t]here will be no further extensions for Defendants." Doc. No. 130.

2. The Court subsequently extended the disclosure deadline for one of Defendants' three outside experts and the time for rebuttal on the subjects of that expert's report by 11 days in light of an "unforeseen personal matter that arose" – a death in the expert's family. Doc. No. 136. The parties later agreed that Plaintiffs should have until September 30 to disclose their rebuttal expert and that expert discovery should close on October 10. The Court ratified this agreement on September 16, and these deadlines remain in force. Doc. No. 140. Pursuant to this agreed schedule, Plaintiffs disclosed their rebuttal expert on September 30.

3. Despite this Court's admonishment that they not be granted any further extensions, and despite their agreement to the current schedule, Defendants now ask, in a motion noticed for after the close of expert discovery, for a **seven-week** extension of time to depose Plaintiffs' expert and for an extra seven hours of deposition time.

4. Defendants claim that their request is warranted by the purportedly unanticipated length and scope of Plaintiffs' rebuttal expert's report, but that claim cannot withstand closer scrutiny. When Defendants agreed to the current expert discovery deadline, they agreed to

2

having a period of ten days to disclose Plaintiffs' rebuttal expert from the time of the disclosure of his report. In entering this agreement, Defendants knew that Plaintiffs would be disclosing a single expert to rebut Defendants' experts. *See* Sept. 6, 2011 Email from D. Thompson to R. Hakim (discussing potential deposition date for "our expert") (Exhibit A). Given the extent of Defendants' expert disclosures – three reports with text collectively exceeding 50 pages in length – the length our rebuttal expert's report should have come as no surprise. *See* Exhibits B-D. Yet Defendants agreed to the October 10 deadline, and they breathed not one word about needing more than seven hours to depose Plaintiffs' rebuttal expert – indeed, Defendants implicitly agreed to a seven hour limitation since (1) they knew that we had one expert and (2) the agreed date of the deposition October 7 is the last non-holiday in the discovery period. By agreeing to an October 7 deposition date, Defendants agreed to limit their preparation time to one week. *See* Exhibit A. Defendants' claims of surprise and unforeseen circumstances are thus unfounded.

5. Defendants also give short shrift to Plaintiffs' willingness to compromise in response to Defendants' attempt to back out of the parties' agreement. Plaintiffs consistently emphasized that their rebuttal expert remained available for deposition on October 7, the date previously agreed to by the parties. And Plaintiffs offered to move the deposition to October 24 or October 28 so long as it was limited to seven hours in length. *See* October 4, 2011 Email from D. Thompson to A. Worseck (Exhibit E). Plaintiffs nevertheless forewent their opportunity to depose our rebuttal expert before the close of expert discovery or by agreement at a later date. Our position all along has simply been that Defendants cannot unilaterally grant themselves an extension of the discovery deadline, and as we have explained they have not presented this Court with a sufficient reason for granting their belated requests.

For these reasons, Defendants' Motion should be denied. Alternatively, the Defendants should be permitted to take a 7 hour deposition of Plaintiffs' expert on October 24th or October 28th, as proposed by Plaintiffs.

Dated October 7, 2011                                    Respectfully submitted,

                                                                     s/ Charles J. Cooper

| | |
|---|---|
| Stephen Kolodziej | Charles J. Cooper* |
| BRENNER FORD MONROE & SCOTT LTD | David H. Thompson* |
| 33 N. Dearborn St., Suite 300 | Peter A. Patterson* |
| Chicago, IL 60602 | COOPER & KIRK, PLLC |
| Tel: (312) 781-1970 | 1523 New Hampshire Ave., NW |
| Fax: (312)781-9202 | Washington, DC 20036 |
| Email: skolodziej@brennerlawfirm.com | Tel: (202) 220-9600 |
| | Fax: (202) 220-9601 |
| | Email: ccooper@cooperkirk.com |

*Admitted *pro hac vice*.

*Counsel for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

   I, Charles J. Cooper, hereby certify that on this 7th day of October, 2011, I caused a copy of the foregoing to be served by electronic filing on:

| | |
|---|---|
| Michael A. Forti | Craig Woods |
| Andrew W. Worseck | Ranjit Hakim |
| Mardell Nereim | MAYER BROWN LLP |
| Rebecca Alfert Hirsch | 71 S. Wacker Drive |
| William Macy Aguiar | Chicago, IL  60606-4637 |
| City of Chicago, Department of Law | |
| Constitutional and Commercial Litigation Division | |
| 30 N. LaSalle St., Suite 1230 | |
| Chicago, IL  60602 | |

                  s/ Charles J. Cooper
                    Charles J. Cooper