**Pete Patterson**

| | |
|---|---|
| **From:** | David Thompson |
| **Sent:** | Thursday, September 08, 2011 1:52 PM |
| **To:** | Hakim, Ranjit J. |
| **Cc:** | Forti, Michael; Worseck, Andrew; Woods, Craig A.; Pete Patterson |
| **Subject:** | RE: IAFR v. Chicago |

Ranjit,

I have just been able to confirm October 7 in DC so I think that settles all the scheduling items.

The one remaining issue is our next status conference. As you know, we are currently scheduled to meet with Judge Chang in Chicago on the morning of October 6. I think there is some wisdom in keeping that date since we know it works for all of us, and the issues we need to address (e.g., the timing of summary judgment motions) will not be affected by the taking of the rebuttal witneses's deposition the next day. But the next week is also pretty open for me.

Regards,
David

---

**From:** Hakim, Ranjit J. [RHakim@mayerbrown.com]
**Sent:** Thursday, September 08, 2011 1:00 PM
**To:** David Thompson
**Cc:** Forti, Michael; Worseck, Andrew; Woods, Craig A.; Pete Patterson
**Subject:** RE: IAFR v. Chicago

David,

We would prefer to have the rebuttal report for all of the topics the rebuttal expert will cover a couple of business days in advance of deposing the rebuttal expert, but we are having a hard time making Monday, October 3 work anyway.

You mentioned that the rebuttal expert's best availability is on Mondays and Fridays. We could do Friday, October 7 in DC or FL if that works for the rebuttal expert. We could also do October 14 (though it sounds like the rebuttal expert can't), October 17, October 24 and October 28. We have conflicts on October 10 and October 21.

Hopefully we can find an overlapping date in October. Let me know if you'd like me to check some Tuesdays, Wednesdays or Thursdays.

Ranjit

---

**From:** David Thompson [mailto:dthompson@cooperkirk.com]
**Sent:** Wednesday, September 07, 2011 4:38 PM
**To:** Hakim, Ranjit J.
**Cc:** Forti, Michael; Worseck, Andrew; Woods, Craig A.; Pete Patterson
**Subject:** RE: IAFR v. Chicago

Unfortunately, the rest of that week looks to be unavailable.  Would the prior Monday October 3 work -- we could get you the rebuttal to Vince and Webster on September 26 to give you adequate time to prepare if October 3 would work?

---

**From:** Hakim, Ranjit J. [RHakim@mayerbrown.com]
**Sent:** Wednesday, September 07, 2011 5:05 PM
**To:** David Thompson
**Cc:** Forti, Michael; Worseck, Andrew; Woods, Craig A.; Pete Patterson
**Subject:** RE: IAFR v. Chicago

David,

Sorry for the delay in getting back to you.  We have a conflict on October 10th that we cannot schedule around.  Does Tuesday, October 11, work for the expert?  I can check on other dates in that week as well if that would help speed up coordination.

Ranjit

---

**From:** David Thompson [mailto:dthompson@cooperkirk.com]
**Sent:** Tuesday, September 06, 2011 8:05 PM
**To:** Hakim, Ranjit J.
**Cc:** Forti, Michael; Worseck, Andrew; Woods, Craig A.; Pete Patterson
**Subject:** RE: IAFR v. Chicago

Ranjit,

Would you be willing to depose our expert on Monday October 10?  If so, then I think we have a deal and could agree to the dates you have set forth below.  I look forward to hearing from you.

Regards,
David

---

**From:** Hakim, Ranjit J. [RHakim@mayerbrown.com]
**Sent:** Monday, September 05, 2011 5:41 PM
**To:** David Thompson
**Cc:** Forti, Michael; Worseck, Andrew; Woods, Craig A.; Pete Patterson
**Subject:** RE: IAFR v. Chicago

David,

Mr. Vince and Prof. Webster are no longer available in the final two weeks before the original September 15th deadline for rebuttal reports.  I appreciate both your willingness to accommodate the witnesses' busy schedules and the desire to have the rebuttal reports include any information gleaned from the deposition of Defendants' experts, but Defendants' concern is that if all of the rebuttal witnesses are only disclosed on September 26th, the City will have very little time to complete depositions of those experts prior to the close of expert discovery on September 30th.  Based on the parties' prior inability to agree to reasonable accommodations in the expert discovery schedule, Defendants are wary of agreeing to move the rebuttal report disclosure date now only to have to fight for more time if the rebuttal experts (who I also presume are all busy) cannot all be deposed in the final week of September.  Without some assurance that this will not occur, Defendants will not prejudice their defense to unilaterally accommodate Plaintiffs' late request with respect to Vince and Webster.

Rather than agreeing to less though, it strikes me that the mutually beneficial path forward is to simply agree to more. Specifically, we can agree to dates for the deposition of Defendants' experts and Plaintiffs' rebuttal experts and then advise the Court of new rebuttal expert disclosure and close of discovery dates that accommodate the experts' availability. September 16th for Mr. Vince and September 21st for Prof. Webster seem agreeable based on our prior discussion. Prof. Cook was not available on September 23rd, but he said he could be available on September 28th. In that case, September 30th might make sense as a date for rebuttal disclosures. Depending on when your rebuttal experts would be available for deposition in the week or two following, we would pick a new agreeable date for the close of expert discovery. By keeping the Court advised as to the parties' agreement with respect to these dates, neither party will be left holding the bag in an attempt to reasonably accommodate the other.

Ranjit

---

**From:** David Thompson [mailto:dthompson@cooperkirk.com]
**Sent:** Saturday, September 03, 2011 12:33 PM
**To:** Hakim, Ranjit J.
**Cc:** Forti, Michael; Worseck, Andrew; Woods, Craig A.; Pete Patterson
**Subject:** RE: IAFR v. Chicago

Dear Ranjit,

Thank you for your note.

I want to make clear: we are fully prepared to meet the September 15 deadline; and we also prepared to accomodate the witnesses' schedules but not at the risk of prejudicing our case. If you prefer that we stick with the September 15 deadline, then please provide me with a date for each witness before the September 15 deadline -- we will make the dates work since we know your witnesses are busy.

Please let me know your preference by Tuesday since we have not withdrawn our notices.

Also, please note I have also asked you for dates for Professor Cook that would be convenient for him prior to the September 26 deadline.


Thanks,
David

---

**From:** Hakim, Ranjit J. [RHakim@mayerbrown.com]
**Sent:** Friday, September 02, 2011 5:55 PM
**To:** David Thompson
**Cc:** Forti, Michael; Worseck, Andrew; Woods, Craig A.
**Subject:** IAFR v. Chicago

Dear David:

I am following up on our phone call from yesterday regarding the deposition notices Plaintiffs issued for Joe Vince and Daniel Webster.

On August 30, 2011—notably, more than two weeks after receiving their expert reports—Plaintiffs noticed depositions for Mr. Vince and Prof. Webster on September 8, 2011, and September 13, 2011, respectively. Plaintiffs selected these

dates without first reaching out to Defendants regarding Mr. Vince or Prof. Webster's availability. Upon receiving the deposition notices, I consulted with Mr. Vince and Prof. Webster, and, as I advised you yesterday, neither expert is available for deposition on those dates. As we discussed, Mr. Vince and Prof. Webster are available for deposition on September 16 and September 21, respectively. You explained to me Plaintiffs' desire to depose Mr. Vince and Prof. Webster prior to disclosing your rebuttal experts on September 15, 2011, but that the new dates were agreeable so long as Defendants agreed to push the date for disclosure of all rebuttal witnesses to September 26, 2011.

As appears customary in this matter, any modification to the schedule set by the Court with respect to expert discovery will require a motion to that effect. You are free to make your case to the Court for good cause shown given that Plaintiffs waited to issue these notices until two weeks prior to their deadline to disclose rebuttal experts and failed to consult with Defendants about the experts' availability prior to doing so.

Although we note that Plaintiffs did not extend the same professional courtesy to Defendants when we requested exactly the same 10-day extension to make all initial expert disclosures, we do not expect to oppose such a motion. We must, however, insist that the motion be brought before the Court in the first instance.

Sincerely,

Ranjit Hakim

**Ranjit Hakim** | Mayer Brown LLP
71 S. Wacker | Chicago, IL 60606
312.701.8758 | 312.706.9124(f)
rhakim@mayerbrown.com

_____

IRS CIRCULAR 230 NOTICE. Any tax advice expressed above by Mayer Brown LLP was not intended or written to be used, and cannot be used, by any taxpayer to avoid U.S. federal tax penalties. If such advice was written or used to support the promotion or marketing of the matter addressed above, then each offeree should seek advice from an independent tax advisor.

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.