**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PACHOLSKI, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-CV-4184 |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, ET AL., | ) | Magistrate Judge Geraldine Soat |
| | ) | Brown |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO DEPOSE PLAINTIFFS' REBUTTAL EXPERT AFTER THE CLOSE OF EXPERT DISCOVERY, AND FOR LEAVE TO CONDUCT THE DEPOSITION IN EXCESS OF SEVEN HOURS**

Defendants City of Chicago (the "City") and Richard M. Daley (collectively, "Defendants"), by their counsel, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby submit their Reply to Plaintiffs' Response to Defendants' Motion for Leave to Depose Plaintiffs' Rebuttal Expert After The Close of Discovery, and For Leave to Conduct The Deposition In Excess of Seven Hours ("Motion"):

Plaintiffs' Response mischaracterizes the discussions between counsel. The reason Defendants' Motion did not reference Plaintiffs' offer to move Dr. Kleck's deposition to October 24 or 28 (while still limiting it to seven hours), is that, before making the offer, Plaintiff's counsel expressly stated that he did not want to see it repeated to the Court should the parties be unable to resolve their dispute. Defendants honored this request, in an effort to facilitate frank and productive negotiations and in a spirit of professional cooperation. Indeed, it would have been to Defendants' benefit to reference the offer in the Motion: Plaintiffs' willingness to move the deposition date shows that they are not prejudiced by it. Plaintiffs' unilateral decision to

affirmatively (albeit misguidedly) use the offer in a court filing after insisting that it remain out of court is inappropriate.

However, the more important point is that Plaintiffs always indicated that they would not agree to more than seven hours for the deposition. That too is a critical piece of Defendants' requested relief, and, without it, there could be no resolution of the dispute. As detailed in the Motion, the nature, content, and length of Dr. Kleck's rebuttal report require not only an extension of the deposition date, but also 14 hours of deposition time in order for Defendants to adequately and fairly discover and test the bases for Dr. Kleck's opinions. Plaintiffs are hardly prejudiced by this request, as 14 hours is less than the number of hours Plaintiffs spent deposing Defendants' experts. Plaintiffs' Response rebuts none of this; nor does it assert that the parties ever expressly discussed and agreed upon a time limit for Dr. Kleck's deposition. Plaintiffs merely argue that Defendants should be held to the discovery schedule that existed *before* Defendants received Plaintiffs' rebuttal report and had a chance to analyze it. Further, Defendants' Motion explains that it may be necessary to subpoena Dr. Kleck for documents relating to matters raised in his report, and to receive those documents, before taking his deposition. This is a further reason why more time is needed before taking Dr. Kleck's deposition, and one that Plaintiffs do not address.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, and those stated in Defendants' Motion, the Court should grant the relief requested therein.

Date: October 7, 2011							Respectfully submitted,


							STEPHEN R. PATTON,

							Corporation Counsel for the City of Chicago


					By:	/s/ Andrew Worseck

							Assistant Corporation Counsel

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
Rebecca Alfert Hirsch
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-9018 / 6975  / 7129 / 4216

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the Defendants, hereby certifies that on October 7, 2011, he served a copy of the foregoing **Defendants' Reply to Plaintiffs' Reponse to Defendants' Motion for Leave to Depose Plaintiffs' Rebuttal Expert After The Close of Discovery, and For Leave to Conduct The Deposition In Excess of Seven Hours**, and this **Certificate of Service**, on the parties listed below by electronic means pursuant to Electronic Case Filing (ECF):

Charles J. Cooper
David H. Thompson
Peter Patterson
Cooper & Kirk, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036

Stephen Kolodziej
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn Street, Suite 300
Chicago, IL 60602

/s/ Andrew Worseck