# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4184 | **DATE** | 1/18/2012 |
| **CASE TITLE** | Benson vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Defendant's motion [83] to dismiss count 5 is denied for the reasons stated in the Statement.

■[ For further details see text below.]

## STATEMENT

    Defendant City of Chicago has moved to dismiss [R. 83] the fifth count in Plaintiffs' Second Amended Complaint. Each count in the Second Amended Complaint challenges specific provisions of the City's Responsible Gun Ownership Ordinance. R. 80. In Count 5, Plaintiffs single out the following provisions:

▸ Section 8-20-020, which makes it "unlawful for any person to carry or possess a handgun, except when in the person's home."

▸ Section 8-20-030, which makes it "unlawful for any person to carry or possess a long gun, except when in the person's home or fixed place of business."

R. 80 ¶ 68. In other words, carrying or possessing a handgun is limited to a person's home, and carrying or possessing a long gun is limited to a person's home or fixed place of business.

    According to the City, Count 5 must be dismissed because Illinois state gun-control laws also prohibit much of the same conduct barred by these Ordinance provisions, and thus Plaintiffs seek relief for a non-redressable claim. But the parties' briefs and supplemental filings make clear that the Ordinance is indeed more restrictive, in certain instances, than state law. Most obviously, state law *permits* a person to carry or possess a handgun in the person's fixed place of business, 720 ILCS 5/24-1(a)(4), (10), whereas the Ordinance *bars* handguns in a person's business place (the Ordinance permits a long gun, § 8-20-030). Plaintiff Kathryn Tyler, a veterinarian who owns an animal clinic in Chicago, specifically alleges that she would prefer to use a handgun, rather than a long gun, for self-defense at her

**STATEMENT**

clinic. R. 80 ¶¶ 29, 31. A successful challenge to the handgun ban at a person's business place would offer relief to Tyler, and thus she presents a redressable claim.

Similarly, state law permits the carrying or possession of a handgun (actually, of any firearm) "in the legal dwelling of another person as an invitee with that person's permission." 720 ILCS 5/24-1(a)(4). The Ordinance bans such carriage or possession because the Ordinance restricts handgun carriage or possession to a person's own home, § 8-20-020, and restricts long guns to a person's own home or business place, § 8-20-030.

The bottom line is that Plaintiffs have made clear that they challenge only those Ordinance provisions (or those applications of the provisions) that are more restrictive than state law: in Plaintiffs' words, "Count V in fact seeks to vindicate only a narrow interest: the right to carry firearms *in ways permitted by Illinois law, but disallowed by the City*." R. 144 at 5 (emphasis in original). That characterization of the claim in Count 5 distinguishes the cases cited by the City in support of its non-redressability claim. Accordingly, the motion to dismiss [R. 83] Count 5 is denied.