```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION


BRETT BENSON, RAYMOND SLEDGE,      )
KENNETH PACHOLSKI, DR. KATHRYN     )
TYLER, ILLINOIS ASSOCIATION OF     )
FIREARMS RETAILERS, MICHAEL        )
HALL, and RICK PERÉ,               )
                                   )
              Plaintiffs,          )
                                   )
vs.                                )  No. 10 C 04184
                                   )
THE CITY OF CHICAGO,               )  Chicago, Illinois
RICHARD M. DALEY, et al.,          )  November 3, 2011
                                   )  9:15 o'clock a.m.
              Defendants.          )


    TRANSCRIPT OF PROCEEDINGS - STATUS AND MOTION HEARING
           BEFORE THE HONORABLE EDMOND E. CHANG


APPEARANCES:

  For the Plaintiffs:       BRENNER, FORD, MONROE & SCOTT,
                            LTD.
                            MR. STEPHEN A. KOLODZIEJ
                            33 North Dearborn Street
                            Chicago, IL 60602
                            312-781-1970
                            skolodziej@brennerlawfirm.com


                            COOPER & KIRK, PLLC
                            MR. DAVID H. THOMPSON
                            1523 New Hampshire Avenue, N.W.
                            Washington, DC 20036
                            202-220-9600
                            dthompson@cooperkirk.com
```

| | | |
|---|---|---|
| 1 | For the Defendants: | CITY OF CHICAGO, DEPARTMENT OF LAW |
| 2 | | MR. MICHAEL A. FORTI |
| | | MR. ANDREW W. WORSECK |
| 3 | | 30 North LaSalle Street |
| | | Chicago, Illinois 60602 |
| 4 | | 312-744-9010 |
| | | mforti@cityofchicago.org |

```
                FEDERAL OFFICIAL COURT REPORTER
                     MS. KRISTA BURGESON
                   219 South Dearborn Street
                    Chicago, Illinois 60604
                         312-435-5567
                krista_burgeson@ilnd.uscourts.gov
```

1    THE CLERK: 10 C 4184, Benson versus City of Chicago.
2    MR. THOMPSON: Good morning, your Honor. David
3 Thompson for the plaintiffs.
4    MR. KOLODZIEJ: Good morning. Steven Kolodziej,
5 local counsel for the plaintiffs.
6    MR. WORSECK: Good morning, your Honor. Andrew
7 Worseck for the defendants.
8    MR. FORTI: Good morning, your Honor. Michael Forti
9 on behalf of the defendants.
10    THE COURT: Good morning to you all.
11    THE CLERK: Excuse me, Judge.
12    Was an attorney supposed to appear by telephone
13 today?
14    MR. KOLODZIEJ: That was my office that called, and
15 Mr. Thompson actually came.
16    THE CLERK: He came in person, okay.
17    MR. KOLODZIEJ: Yes.
18    MR. THOMPSON: Yes, and thank you.
19    THE CLERK: Thank you.
20    THE COURT: So did the expert discovery close?
21    MR. THOMPSON: Yes, your Honor.
22    MR. WORSECK: Yes.
23    THE COURT: Very good. I appreciate all of your
24 efforts on that.
25    So at this point I think based on our prior

1  discussions, I owe you a ruling on that Count 5 motion, but we
2  will -- I think what you both want now is a summary judgment
3  briefing schedule?
4          MR. THOMPSON:  That is what we would like, your
5  Honor.
6          MR. WORSECK:  I believe that is correct, your Honor.
7          And we appreciate you continuing to look at our
8  motion to dismiss.  We would submit that we think a predicate
9  event that should take place before the parties start to brief
10 summary judgment in earnest would be a ruling on that motion
11 because we think it would impact the scope of the carry claim
12 that would be addressed by the parties, and Rule 56
13 statements, and the briefs on summary judgment, and if it is a
14 broad carry claim that remains in the case, then that would
15 entail a much different and much more detailed summary
16 judgment submission than a narrower claim.
17         THE COURT:  I think what I would prefer to do is set
18 the schedule, it will be fairly far out, depending on what you
19 ask for, I don't have a particular length of time in mind, but
20 I will promptly get out a ruling on the motion to dismiss.
21 Obviously you can work on the many other parts of the
22 ordinance in your motions that go beyond just the carry claim.
23         MR. WORSECK:  Along those lines, your Honor, just by
24 way of background, we have been in a discussion this morning
25 with plaintiffs' counsel, and we would also submit that Count

1   3, which is the count challenging the City's former ban on
2   shooting ranges, is subject to dismissal on grounds of
3   mootness.  The City has since amended its ordinance to allow
4   for the operation and utilization of shooting ranges in the
5   City.  We think that that claim could be dismissed out prior
6   to the parties' proceeding in earnest to summary judgment.
7           It seems like, based on our discussions with counsel,
8   that they might be amenable to agree to a dismissal of that
9   claim, and that is something that hopefully the parties can
10  resolve in the next weeks.  If we can't resolve it by
11  agreement, then the City expects to file a short motion
12  raising the mootness argument.  We think it is pretty clear
13  cut argument favoring dismissal, and we don't think it would
14  consume the Court's time to any great degree to rule on that
15  motion, if the parties can't agree.
16          MR. THOMPSON:  And your Honor, we think it is highly
17  likely that we would agree to dismissal.  We would like a week
18  to think about that issue, and if we don't agree, then maybe
19  the summary judgment schedule needs to be rejiggled, but we
20  think it is highly likely it will be agreed to and we can move
21  forward with whatever schedule is set forth today.
22          THE COURT:  Okay.  That is fine.
23          Then was there anything else before I -- I wanted to
24  raise one other thing.
25          MR. WORSECK:  Not from us.

```
 1              MR. THOMPSON:  No, your Honor.
 2              THE COURT:  Okay.
 3              So I happened to -- I was going to visit Judge
 4    Kendall on some unrelated matter and she was still on the
 5    bench.  I walked in and there was the Ezell hearing going on.
 6    It reminded me that there is -- I am not sure exactly what is
 7    left in Ezell.  It is back on remand, as I understand it.  And
 8    of course the initial preliminary injunction had addressed the
 9    shooting range issue, and that ordinance will amend it.
10              Now, I think I saw you, Mr. Forti, up there at the
11    podium?
12              MR. FORTI:  Yes.
13              THE COURT:  Does Ezell challenge other parts of the
14    ordinance?
15              MR. FORTI:  Let me answer your question this way,
16    Judge.
17              I think in the end all parties agree that it would be
18    inappropriate, and I think Judge Kendall agreed, it would be
19    inappropriate to enter an injunction based on the ordinance
20    that is no longer on the books.  That prompted the plaintiffs
21    to file an amended complaint where they argue that the new
22    ordinance either amounts to a de facto ban, which of course
23    we vigorously disagree with, or that the component parts are
24    nevertheless violative of the second amendment.
25              So, we are now at the point of an amended complaint
```

1  having been filed, we expect to answer in the next couple of
2  days, and Judge Kendall, in the absence of a motion for a
3  preliminary injunction, set out a discovery schedule, which
4  takes us into I believe August of 2012.
5   THE COURT:  And so aside from the -- the amended
6  complaint addresses the amended ordinance, but does the
7  amended complaint also challenge other nonshooting range
8  provisions?
9   MR. FORTI:  No, it does not.
10   THE COURT:  I see.
11   MR. FORTI:  So Ezell still remains a shooting range
12  exclusive, if you will, type of case.
13   THE COURT:  Okay.  All right.
14   MR. FORTI:  Just let me also add though, because it
15  could impact what happens here, is that Mr. Siegel represented
16  that they did intend to again move for a preliminary
17  injunction, you may have heard some of that, that they intend
18  to move, but Judge Kendall said, in the absence of a motion I
19  am not going to go there.
20   THE COURT:  Okay.  Thank you.
21   MR. FORTI:  Yes.
22   THE COURT:  I just had -- you know, there are always
23  concerns, of course, intra-district, that there could be
24  conflicting opinions on the same subject matter, and so I
25  wanted to avoid that, but it sounds like that is not going to

1  happen in this case if you agree to dismiss that Count 3.
2  Okay.
3         So, around how long would you like to file your
4  opening briefs?
5         MR. THOMPSON:  Your Honor, we would like 60 days to
6  file, and we thought 30 days for briefs and opposition and
7  30 days for replies.
8         MR. WORSECK:  Your Honor, we would submit that
9  120 days would be the appropriate amount for the opening
10 round, and we would be happy to re-visit the response or reply
11 dates after opening briefs are filed, or we can go ahead and
12 set that schedule now.  If we had 120 days for the opening
13 round, we think 60 and 60, or 60 and 30, for the follow-up
14 round would be appropriate.
15        We think given the nature of the issues in the case,
16 the fact they are all novel issues and factual and expert
17 discovery has been had, we think there is just a good deal of
18 information to put before the Court.
19        We, of course, are cognizant of the summary judgment
20 standards, we think we would be entitled to a judgment on
21 summary judgment, but we, none the less, think that there
22 would be not only a lot of factual and expert material, but
23 historical analyses in the briefs and legal discussions and so
24 forth to -- that would be necessary to appropriately address
25 all the issues and present the kind of showing that we think

1 would entitle the City to summary judgment.

2     THE COURT: Can I ask before I decide on the length
3 of time, have you considered either amongst yourselves or
4 between yourselves, does the cross motions really make sense,
5 or would it make more sense for one side to go first rather
6 than the other and just have responses? Instead of having six
7 briefs just having three?

8     MR. THOMPSON: Your Honor, we have been involved in
9 many cases that have done it both ways, and we really defer to
10 the Court's pleasure, whatever would be most useful to the
11 Court. We are happy to do it either way.

12     MR. WORSECK: I think we would be open to that kind
13 of arrangement with the caveat that, of course, we would not
14 want to waive our ability to move, so if we weren't the first
15 filing party, we would not want that to be held against us.
16 We would want to have, you know, our statuses and movants be
17 preserved and our entitlement to obtain a judgment.

18     And also --

19     THE COURT: Go ahead.

20     MR. WORSECK: Also, I don't know, there is an issue
21 as to who gets the last word in this kind of situation, and as
22 it is the defendant in the case who would be moving, in most
23 cases it is the defendant who moves for summary judgment, we
24 would certainly not want to prejudice our ability to fully
25 present the issues under the kind of briefing schedule that

1 usually attains on summary judgment.

2     MR. FORTI: I would just add to it, Judge, I could
3 see -- for example, if the plaintiffs were to move first for
4 summary judgment, that we may be able to articulate genuine
5 issues of material fact, which would dispose at least in our
6 view of the merits of the plaintiffs' motion, but on the other
7 hand, it would require, perhaps, a whole different analysis to
8 demonstrate to the Court's satisfaction that the defendant is
9 entitled to summary judgment.

10     THE COURT: Right.

11     I mean, one way to take care of it, I guess, is the
12 last word is for whoever the movant is. But here is what I
13 think makes sense.

14     Since the City does have the burden to show that
15 there is justification and sufficient tailoring for the
16 ordinance, I think it makes sense for the City to move first
17 and set forth its reasons why it believes that there is no
18 genuine issue of fact and that the ordinance is -- both has
19 sufficient interest and sufficient tailoring. And then the
20 plaintiff responds, probably that is what discovery has been
21 like, you try to poke holes in the justification of the
22 tailoring, and then the City would file its reply. If the
23 plaintiff feels like it would need a surreply, then I could
24 consider granting that request. But I think if instead of
25 having cross motions, where there would be a lot of ships

```
 1  passing in the night and a lot of overlap, let's do that.
 2  Okay?  So we will have the defendant file the opening brief.
 3          I do appreciate how much effort you are going to have
 4  to put into the briefing.  I think I will just pick the
 5  compromise position of 90 days to file the opening brief.
 6          THE CLERK:  That will be February 1st.
 7          THE COURT:  And then how long would you like to
 8  respond?
 9          MR. THOMPSON:  30 days, your Honor, would be
10  adequate.
11          THE COURT:  Okay.
12          THE CLERK:  March 2nd.
13          THE COURT:  And then you want 30 to reply?
14          MR. WORSECK:  Yes, Judge.
15          THE CLERK:  April 3rd.
16          MR. THOMPSON:  And your Honor, in terms of page
17  limits, this is a case where I think there is a large volume
18  of material, and it might be beneficial to the Court if we had
19  50 pages each as opposed to a shorter presentation that would
20  be truncated.
21          THE COURT:  How about let's do 14,000 words, like the
22  7th Circuit requirements.  So don't worry so much about the
23  pages as the word requirement.
24          MR. THOMPSON:  Thank you, your Honor.
25          THE COURT:  And also, I think there is -- you also
```

1  have to leave -- I believe there is a 40 paragraph limit in
2  terms of the response to the statement of additional facts
3  that you think raise genuine issue.  So neither side needs to
4  worry about their 56.1 statements being capped at some
5  paragraph number.
6              MR. WORSECK:  Thank you.
7              MR. THOMPSON:  Thank you, Judge.
8              MR. WORSECK:  And is it safe to say that the 7th
9  Circuit's rules on word counting, what is in and what is out,
10 would be applicable here on the 14,000-word count?  So we know
11 what to count as a word count toward the 14,000 and what not
12 to count?  You know, signature block, index of contents,
13 closing --
14             THE COURT:  You don't have to file the certificate,
15 don't worry about that, that it is 13,999 words.  Don't worry
16 about that.  I will trust that you will do that.
17             Anything else?
18             MR. THOMPSON:  No, your Honor.
19             MR. WORSECK:  No.
20             THE COURT:  So let's just set a status for -- I may
21 not need to see you, but let's set a status for mid January.
22             THE CLERK:  We will see you back here on January 19th
23 at 9:00 a.m.
24             MR. FORTI:  Judge, how would you like us to handle
25 this question about the ban on the ranges?

```
1        THE COURT:  Why don't you file in 2 weeks a joint
2   statement on whether that has been -- on how that has been
3   resolved.
4        Anything else?
5        MR. WORSECK:  Not from defendants.
6        MR. THOMPSON:  No, your Honor.
7        THE COURT:  Thank you very much.
8        (Whereupon a recess was had.)
9        (Proceedings concluded.)
```

**C E R T I F I C A T E**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/Krista Burgeson, CSR, RMR, CRR      November 13, 2011
Federal Official Court Reporter        Date