IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS ASSOCIATION OF  FIREARMS RETAILERS, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 10-CV-4184 |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, ET AL., | ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants City of Chicago and Mayor Rahm Emanuel ("Defendants" or "Chicago"), by their attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby submit their Motion, pursuant to Fed. R. Civ. P. 56 and pursuant to prior leave granted by the Court, for the entry of summary judgment in favor of Defendants and against Plaintiffs on all of Plaintiffs' claims raised in the Second Amended Complaint. In support of this Motion, Defendants state as follows:

### Restriction on carry outside the home

1. In Counts I & V, Plaintiffs challenge Municipal Code of Chicago ("MCC") 8-20-020 & -030 to the extent that they prohibit carrying operable handguns outside one's "home" and operable long guns outside one's "home" or "fixed place of business."[1] "Home" is defined in

---

[1] These provisions permit firearms outside of one's home or business so long as they are "lawful[ly] transport[ed]," which, under MCC 8-20-010, means that they are "(i) broken down in a nonfunctioning state; (ii) not immediately accessible; and (iii) unloaded and in a firearm case." *See* MCC 8-20-020(b)(17), -030(b)(1). Plaintiffs also challenge MCC 8-20-140(a), & -180(c) to the extent that they replicate the restrictions of -020 and -030.

MCC 8-20-010 as "the inside of a person's dwelling unit which is traditionally used for living purposes, including the basement and attic;" it excludes "(i) any garage, including an attached garage, on the lot; (ii) any space outside the dwelling unit, including any stairs, porches, back, side or front yard space, or common areas; or (iii) any dormitory, hotel, or group living, as that term is defined in section 17-17-0102-A." Plaintiffs do not advance a right to carry firearms anywhere outside the home, but only in those places that are currently permitted under Illinois law. *See* Jan. 18, 2012 Order; Dkt. No. 114, at 2. Plaintiffs seek to carry firearms "anywhere on one's own land," to keep a handgun at one's "fixed place of business," and to carry firearms "on the land of another person as an invitee with that person's permission." Dkt. No. 114 at 5-6.

2. Chicago is entitled to judgment on these claims because the desired activities do not fall within the Second Amendment's scope. Further, even if covered by the Second Amendment, Chicago's regulations pass muster under intermediate scrutiny. The restrictions are substantially related to the important governmental objective of preventing firearms violence outside the home. In particular, the restrictions: (1) reduce deaths from violent encounters involving guns carried by both law-abiding citizens and criminals, (2) reduce violence by gang members and affiliates, (3) reduce unintentional deaths caused by shooting firearms outside of the home, and (4) reduce gun theft and robbery. The restriction on handguns in a fixed place of business reduces the risk of firearm injury or death to coworkers and the public. The restriction on carrying guns in the home of another reduces the risks of suicide, homicide, and unintentional firearm death in the home, reduces the risk of other firearm injury in the home, and prevents evasion of Chicago's requirement that residents possess a Chicago Firearm Permit in order to possess firearms.

3. In justifying these restrictions, Chicago need not prove their efficacy or support

them with admissible evidence that has been subjected to adversarial testing; logic and data alone can suffice. So long as Chicago makes a sufficient showing, summary judgment in its favor is appropriate even if the evidence is disputed or Plaintiffs proffer evidence, even expert testimony, supporting a contrary conclusion.

### Regulation of gun sales and transfers

4. In Count II, Plaintiffs challenge MCC 8-20-100, which provides in relevant part that "no firearm may be sold, acquired or otherwise transferred within the city, except through inheritance," and MCC 4-144-010, which states that a holder of a Chicago weapons dealer license may not sell or transfer firearms. They also challenge, in Count VI, Chicago's Zoning Code to the extent it prohibits gun stores.

5. Chicago is entitled to judgment on these claims because the regulations do not impose an undue burden on a resident's ability to acquire firearms for self-defense, and do not otherwise implicate protected conduct. Chicago also prevails under intermediate scrutiny. Chicago's regulations are substantially related to reducing firearms violence and other crime in Chicago. In particular, they reduce gun possession by criminals by: (1) making it harder for Chicago criminals to access licensed dealers, businesses that routinely flout the law and are the sources of almost all crime guns, and (2) increasing the hurdles to buying guns in the illegal Chicago market. In addition, they prevent gun stores from operating in Chicago. Gun dealers are not properly policed by the ATF, and massive numbers of crime guns can flow from even a single deviant dealer.

### Safe storage regulations

6. Count IV challenges MCC 8-20-040's requirement that each CFP holder "keep no more than one firearm in his home assembled and operable" and that "[a]ll other firearms kept or

possessed by that person in his home shall be broken down in a nonfunctioning state or shall have a trigger lock or other mechanism, other than the firearm safety mechanism, designed to render the firearm temporarily inoperable."

7. Chicago is entitled to judgment on this claim because the regulation does not impose an undue burden on armed self-defense in the home, and does not otherwise implicate protected conduct. Further, even under intermediate scrutiny, Chicago still prevails. Chicago's safe storage regulations are substantially related to preventing firearms violence. In particular, they: (1) reduce acquisition of guns by criminals through residential theft, (2) reduce the risk of suicide, homicide, and unintentional firearm death in the home, and (3) reduce the risk of injury or death to first responders.

8. All of the grounds entitling Chicago to judgment are more fully set forth in Defendants' Memorandum in Support of Their Motion for Summary Judgment, which is being filed concurrently herewith, and which is incorporated by reference. Defendants represent that, according to Word Perfect's word count function, the Memorandum (excluding the table of contents, table of authorities, and signature block) is less than 14,000 words.

WHEREFORE, for the foregoing reasons, and those stated in Defendants' Memorandum in Support of Their Motion for Summary Judgment, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs on all claims.

Dated: March 2, 2012                                            Respectfully submitted,

                                                                   STEPHEN R. PATTON
                                                                   CORPORATION COUNSEL
                                                                   CITY OF CHICAGO


                                                    BY:     /s/ Andrew Worseck
                                                                         One of Its Attorneys


Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Alfert Hirsch
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 744-9010

## **CERTIFICATE OF SERVICE**

  The undersigned, an attorney of record for the Defendants, hereby certifies that on March 2, 2012, he served a copy of the foregoing **Defendants' Motion for Summary Judgment**, along with **Defendants' Memorandum in Support**, on the parties listed below by electronic means pursuant to Electronic Case Filing (ECF):

Charles J. Cooper
David H. Thompson
Peter Patterson
Cooper & Kirk, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036

Stephen Kolodziej
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn Street, Suite 300
Chicago, IL 60602

               /s/ Andrew Worseck