**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS ) <br> RETAILERS, KENNETH PACHOLSKI, ) <br> KATHRYN TYLER, and MICHAEL HALL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF CHICAGO and RAHM ) <br> EMANUEL, Mayor of the City of Chicago, ) <br> ) <br> Defendants. ) | Case No: 10-CV-4184 <br> Judge Edmond E. Chang |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Kenneth Pacholski, Kathryn Tyler, Michael Hall, and the Illinois Association of Firearms Retailers (collectively, Plaintiffs)[1], by and through undersigned counsel, hereby submit their motion, pursuant to FED. R. CIV. P. 56, for summary judgment in favor of Plaintiffs and against Defendants on all of Plaintiffs' pending claims raised in the Second Amended Complaint.[2] In support of their Motion, Plaintiffs state as follows:

**Restrictions on Where Firearms May be Carried or Possessed**

1. Counts I and V challenge provisions of the Municipal Code of Chicago that limit the locations where law-abiding citizens of Chicago may carry or possess operable firearms for self-defense. Section 8-20-020 makes it unlawful for a person to carry or possess a handgun,

---

[1] Facts about each of the plaintiffs are provided in our Rule 56.1(a)(3) Statement of Material Facts, filed herewith.

[2] Count III, which challenged the City's repealed range ban, is no longer pending. *See* Doc. No. 147. Count VI remains pending, but not to the extent it challenged the effect of the City's Zoning Ordinance on the construction or operation of a shooting range. *See* Doc. No. 151.

1

except when in the person's home. Section 8-20-030 makes it unlawful for a person to carry or possess a long gun, except when in the person's home or fixed place of business. Each provision contains exceptions that are not relevant here (*e.g.*, for a patron of a licensed shooting range while at the range facility). *See* MCC 8-20-020(b) & 8-20-030(b). "Home" is defined narrowly to mean "the inside of a person's dwelling unit which is traditionally used for living purposes, including the basement and attic. A 'home' does not include (i) any garage, including an attached garage, on the lot; (ii) any space outside the dwelling unit, including any stairs, porches, back, side or front yard space, or common areas; or (iii) any dormitory, hotel, or group living, as that term is defined in section 17-17-0102-A." MCC 8-20-010. These restrictions are reflected in Chicago's permitting scheme. Section 8-20-140(a) makes it unlawful for a person to carry or possess a firearm without a firearm registration certificate, and Section 8-20-180(c) provides that a registration certificate shall be valid only for the address on the certificate. Except in the lawful transportation of a firearm, a person is not permitted to carry or possess a firearm at any location other than that authorized by the registration certificate. (To lawfully transport a firearm within the City, the firearm must be broken down in a nonfunctioning state, not immediately accessible, and unloaded and in a firearm case. MCC 8-20-010.)

2. Plaintiffs challenge these restrictions to the extent they prohibit the carriage or possession of operable firearms in locations where Illinois law permits such possession and carriage. In particular, Illinois law permits (a) carriage or possession of a firearm anywhere on a person's "land," (b) carriage or possession of a handgun in a person's fixed place of business, and (c) carriage or possession of a firearm on the land or in the legal dwelling of another person as an invitee with that person's permission. *See* 720 ILCS 5/24-1(a)(4)&(10) & 5/24-1.6(a).

2

3. These challenged restrictions on the carriage and possession of firearms violate the Second Amendment to the United States Constitution, incorporated against the City of Chicago through the Fourteenth Amendment. First, Chicago cannot demonstrate that the challenged restrictions burden activity outside of the Second Amendment's scope. Indeed, the ban on carrying or possessing a firearm on a person's own property outside the four walls of the home and the ban on invitees carrying or possessing a firearm on the land or in the home of another strike directly at the fundamental right of responsible, law-abiding citizens to use arms in defense of hearth and home. *See District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). And the ban on carrying or possessing handguns in a place of business cannot be excused by permitting carriage or possession of a long gun. *Id.* at 629. Second, Chicago's restrictions on possessing and carrying firearms are broadly prohibitory, not merely regulatory, and thus they are flatly unconstitutional under both United States Supreme Court and Seventh Circuit precedent. *See Ezell v. City of Chicago*, 651 F.3d 684, 703 (7th Cir. 2011). Third, if application of means-ends scrutiny is necessary, such scrutiny must be stringent. Chicago cannot satisfy such exacting scrutiny and, indeed, cannot satisfy any form of heightened scrutiny.[3]

**Ban on Transfers of Firearms**

4. Count II challenges the City's ban on firearms transfers. Subject to irrelevant exceptions, Section 8-20-100(a) provides that "no firearm may be sold, acquired, or otherwise transferred within the city, except through inheritance of the firearm." Section 4-144-010 makes

---

[3] A fact that goes to whether a law satisfies means-end scrutiny is a classic example of a legislative fact. *See Menora v. Illinois High Sch. Ass'n*, 683 F.2d 1030, 1036 (7th Cir. 1982). Any dispute regarding such "facts" does not foreclose the Court from deciding this case at the summary judgment stage. *See Indiana Harbor Belt R. Co. v. American Cyanamid Co.*, 916 F.2d 1174, 1182 (7th Cir. 1990); FED. R. EVID. 201, 1972 advisory committee note.

it unlawful "to engage in the business of selling firearms, or to sell, give away or otherwise transfer, any firearm." Count VI challenges the City's Zoning Ordinance to the extent it likewise bans the construction or operation of a firearms retail business.

5. The challenged provisions amount to a complete ban on private firearms transactions in Chicago. This ban violates the Second Amendment to the United States Constitution, incorporated against the City of Chicago through the Fourteenth Amendment. First, Chicago cannot demonstrate that the ability to acquire a firearm falls outside the scope of the Second Amendment. Second, because "Supreme Court cases hold that … restricting the ability to purchase an item is tantamount to restricting that item's use," *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 743 (5th Cir. 2008), the sales ban is no more constitutional than the City's former handgun ban. Under *Heller*, *McDonald*, and *Ezell*, it is thus flatly unconstitutional. *See Ezell*, 651 F.3d at 703. Third, if application of means-ends scrutiny is necessary, such scrutiny must be stringent. Chicago cannot satisfy such exacting scrutiny and, indeed, cannot satisfy any form of heightened scrutiny.

### One-Operable-Firearm Limitation

6. Count IV challenges the City's limitation of residents to a single operable firearm in the home. Section 8-20-040 provides that "every person who keeps or possesses a firearm in his home shall keep no more than one firearm in his home assembled and operable." "All other firearms kept or possessed by that person in his home shall be broken down in a nonfunctioning state or shall have a trigger lock or other mechanism, other than the firearm safety mechanism, designed to render the firearm temporarily inoperable."

7. The ban on more than a single operable firearm in the home infringes the fundamental right of law abiding residents of Chicago to armed defense of themselves, their

families, and their homes, and it thus violates the Second Amendment to the United States Constitution, incorporated against Chicago through the Fourteenth Amendment. First, Chicago cannot demonstrate that the restricted activity lies outside of the Second Amendment's scope, particularly when history demonstrates that law-abiding citizens have the right to assemble force to defend their homes. Second, this broadly prohibitory ban is flatly unconstitutional under Supreme Court and Seventh Circuit authority. *See Ezell*, 651 F.3d at 703. Third, if application of means-ends scrutiny is necessary, such scrutiny must be stringent. Chicago cannot satisfy such exacting scrutiny and, indeed, cannot satisfy any form of heightened scrutiny.

8. All of the grounds entitling Plaintiffs to judgment are more fully set forth in Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment, which is being filed concurrently herewith, and which is incorporated by reference. Plaintiffs represent that, according to Microsoft Word's word count function, the Memorandum (excluding the table of contents, table of authorities, and signature block) is less than 14,000 words.

WHEREFORE, for the foregoing reasons and those stated in Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants on all pending claims.

Dated: April 27, 2012

Stephen Kolodziej
FORD & BRITTON, P.C.
33 N. Dearborn St., Suite 300
Chicago, IL 60602
Tel: (312) 924-7500
Fax: (312) 924-7516
Email: skolodziej@fordbritton.com

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

*Admitted *pro hac vice*.

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I, Charles J. Cooper, hereby certify that on this 27th day of April, 2012, I caused a copy of the foregoing to be served by electronic filing on:

| | |
|---|---|
| Michael A. Forti | Craig Woods |
| Mardell Nereim | Ranjit Hakim |
| Andrew W. Worseck | MAYER BROWN LLP |
| William Macy Aguiar | 71 S. Wacker Drive |
| Rebecca Alfert Hirsch | Chicago, IL 60606-4637 |
| City of Chicago, Department of Law | |
| Constitutional and Commercial Litigation Division | |
| 30 N. LaSalle St., Suite 1230 | |
| Chicago, IL 60602 | |

                                                      s/ Charles J. Cooper
                                                            Charles J. Cooper