IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 10-CV-4184 |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, ET AL., | ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT BRIEFING, OR, IN THE ALTERNATIVE, DEFENDANTS' UNOPPOSED MOTION TO EXTEND THE BRIEFING SCHEDULE**

Defendants City of Chicago and Mayor Rahm Emanuel, by their attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, respectfully move for an order: (1) staying summary judgment briefing in this case until after the Seventh Circuit's resolution of the pending appeals in *Moore v. Madigan*, No. 12-1269, and *Shepard v. Madigan*, No. 12-1788 (together, "the Appeals"), or (2) in the alternative, extending the date for Defendants' reply in support of their motion for summary judgment and Defendants' response to Plaintiffs' motion for summary judgment ("Reply/Response") until June 29, 2012. This latter request is unopposed by Plaintiffs. In support of this motion, Defendants state as follows:

1. On February 13, the Court set a summary judgment briefing schedule wherein Defendants' motion was due on March 2, Plaintiffs' response was due (pursuant to Plaintiffs' request) on April 13, and Defendants' reply was due on May 14. *See* Exhibit A hereto. Defendants filed their motion and associated materials on March 2. Plaintiffs thereafter

requested that their response date be extended to April 27. Defendants did not oppose this request, and, on April 10, the Court granted it and further set May 28 as the date for Defendants' reply. *See* Exhibit B hereto.

2. The Appeals challenge, under the Second Amendment, the constitutionality of Illinois' ban on carrying firearms in public. *See* 720 ILCS 5/24-1(a)(4) & (10); 720 ILCS 5/24-1.6(a). The Appeals present the issues of: (1) whether the scope of the Second Amendment extends to protect a right to carry firearms for self-defense in public spaces; (2) if so, what form of means-end scrutiny applies; and (3) whether Illinois has satisfied means-end scrutiny. *See* Exhibit C hereto at 1. The Seventh Circuit's ruling in the Appeals may therefore provide important guidance on the issues presented in this case. Most notably, it may inform resolution of Counts I & V, which challenge Municipal Code of Chicago ("MCC") 8-20-020 & -030 to the extent that they prohibit carrying operable handguns outside one's "home" and operable long guns outside one's "home" or "fixed place of business."

3. To be sure, the scope of carrying at issue in the Appeals is not coterminous with that at issue here: Plaintiffs challenge Chicago's carry restrictions only insofar as they prohibit conduct that is allowed under the Illinois statutes (such carrying in one's yard). Nonetheless, the ruling in the Appeals may still inform resolution of this claim by indicating, for instance, whether the Second Amendment extends anywhere outside the home, and, if so, what form of means-end scrutiny should apply. Indeed, Plaintiffs themselves recognize that the Appeals may influence this case, for they have filed a brief as *amicus curiae* in the *Shepard* appeal. *See* Exhibit D hereto.[1] (Plaintiffs' counsel here are also counsel for the *Shepard* plaintiffs.) As a basis for their

---

[1] The City has also filed an *amicus* brief in the Appeals.

2

participation as *amicus curiae*, Plaintiffs noted their status as Plaintiffs in this case and asserted that Chicago here argues "that the Second Amendment right does not extend beyond the home and that the risks of public mayhem outweigh the right to keep and bear arms," arguments that "have likewise been raised by the Defendants in [*Shepard*]." *Id.* at 1.

4. Defendants therefore respectfully submit that briefing on the parties' respective motions for summary judgment should be stayed until the Seventh Circuit rules in the Appeals. That course would be more efficient, and consume fewer resources of the parties and the Court, than proceeding with the existing schedule. The ruling in the Appeals could have a substantial impact on the instant case. The parties in the Appeals present many of the same arguments that are presented in this case concerning whether the Second Amendment extends outside the home as a historical matter and, if so, the appropriate standard of scrutiny. *See generally* Exhibit C. In addition, the Appeals may provide guidance that could inform resolution of the other claims in this case. A stay would therefore allow Defendants to file a single brief that is contoured to and incorporates the Seventh Circuit's ruling in the Appeals, rather than complete the Reply/Response now under a framework that may be altered by the Seventh Circuit and seek leave to file (or file at the Court's direction) an additional, supplemental brief following the ruling. And Plaintiffs, of course, would likely seek leave to file such a brief. Given the size and length of the parties' respective submissions to date, there is great value in minimizing the number of briefs going forward.

5. Further, there is no basis for assuming that a briefing stay here will cause this case to drag on indefinitely. Indeed, while Defendants do not presume to speak for the Seventh Circuit, the way the Appeals have unfolded procedurally suggests that the Seventh Circuit wishes

3

to rule sooner rather than later. *Moore* was docketed on February 6. *See* Exhibit E hereto. *Shepard* was docketed on April 3. *See* Exhibit F hereto. Since then, opening and response briefs have been filed, and the cases have been set on the same schedule as to replies and oral argument. Reply briefs in both cases are due on May 23, and the cases are set to be argued on June 8, 2012. *See* Exhibits G & H hereto. The Seventh Circuit has thus set a schedule in which the Appeals will have been filed, fully briefed, and argued in just over four months (and, in the case of *Shepard*, just over two months). And in setting that schedule, the Seventh Circuit rejected Illinois' request to submit its response briefs in June, because "that would postpone oral argument until next September, an unnecessary delay." Exhibit G hereto. Instead, the Seventh Circuit set a schedule that "will permit" argument to take place in late May or the first week of June. *Id.*

   6. In the alternative, if the Court declines to stay briefing, Defendants respectfully request that the date for their Reply/Response be extended from May 28 to June 29. This request is necessitated in part by the nature and volume of Plaintiffs' April 27 submissions. In particular, Plaintiffs have filed their own motion for summary judgment and submitted an accompanying Local Rule 56.1(a)(3) Statement of Material Facts. Defendants will need to respond to these in addition to preparing the reply submission in support of their own motion. Further, Plaintiffs' Response to Defendants' Local Rule 56.1(a)(3) Statement of Material Facts is 174 pages. The first 158 pages contain Plaintiffs' "Response to Defendants' Statement," which amounts to a point-by-point response to nearly every fact asserted in Defendants' Local Rule 56.1(a)(3) Statement of Material Facts. Many of these responses involve detailed and lengthy discussions of empirical or scientific literature or studies. The remaining 16 pages consist of Plaintiffs'

"Statement of Additional Facts." While Local Rule 56.1 only expressly contemplates the Defendants having an opportunity to respond to Plaintiffs' Statement of Additional Facts, Defendants will also need to respond to the facts asserted in Plaintiffs' "Response to Defendants' Statement" because Plaintiffs heavily cite and rely upon those facts in their brief and use them as a basis for their own motion for summary judgment. Defendants will therefore need additional time to properly respond to these facts.

7. In addition, an extension is necessitated by the professional obligations of Defendants' counsel. In particular, over the past three weeks, counsel have had to attend to various matters relating to the City's hosting of the NATO summit on May 20-21.

8. The requested extension would result in Defendants having 63 days to reply/respond to Plaintiffs' April 27 submission. This is commensurate with the 56 days that Plaintiffs received (as a result of their own prior requests) to respond to Defendants' March 2 submission. The additional 7 days that would be afforded Defendants is warranted because, as discussed above, Defendants will be replying not only in support of their own motion for summary judgment, but also responding to Plaintiffs' independent motion for summary judgment.

9. Plaintiffs will not be prejudiced by staying the briefing schedule or by granting the requested extension. Counsel for Plaintiffs has indicated that Plaintiffs do not oppose Defendants' request to extend the briefing schedule, but that Plaintiffs do oppose the request to stay briefing.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court enter an order: (1) staying summary judgment briefing in this case pending the Seventh Circuit's

resolution of the appeals in *Moore v. Madigan*, No. 12-1269 and *Shepard v. Madigan*, No. 12-1788, or (2) in the alternative, extending the date for Defendants' reply in support of their motion for summary judgment and response to Plaintiffs' motion for summary judgment until June 29, 2012.

Dated: May 21, 2012

Respectfully submitted,

STEPHEN R. PATTON
CORPORATION COUNSEL
CITY OF CHICAGO

BY: /s/ Andrew Worseck
One of Its Attorneys

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Alfert Hirsch
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 744-9010