IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, KENNETH PACHOLSKI, KATHRYN TYLER, and MICHAEL HALL, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF CHICAGO and RAHM EMANUEL, Mayor of the City of Chicago, <br><br> Defendants. | Case No: 10-CV-4184 <br> Judge Edmond E. Chang |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY SUMMARY
JUDGMENT BRIEFING, OR, IN THE ALTERNATIVE,
TO EXTEND THE BRIEFING SCHEDULE**

Plaintiffs, by their undersigned counsel, hereby respond to Defendants' Motion to Stay Summary Judgment Briefing, or, in the Alternative, to Extend the Briefing Schedule.

1. Plaintiffs oppose Defendants' request to stay summary judgment briefing until after the Seventh Circuit's resolution of the appeals pending in *Moore v. Madigan*, No. 12-1269, and *Shepard v. Madigan*, No. 12-1788 (together, "the Appeals"), two cases that challenge Illinois's ban on carrying firearms in public for self-defense. By seeking a stay, Defendants ask this Court to depart from the normal course of permitting concurrent adjudication of separate cases. *See Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936) ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."); *Radio Corp. of Am. v. Rauland Corp.*, 16 F.R.D. 160, 163 (N.D. Ill. 1954) (in general, "a Federal Court should not stay proceedings in its own jurisdiction to await the determination of issues in another Federal jurisdiction unless it appears

1

that the parties and the issues are the same"). Defendants bear the burden to justify this departure. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."). Indeed, Defendants "must make out a clear case of hardship or inequity in being required to go forward" if "there is even a fair possibility that the stay … will work damage to" Plaintiffs. *Landis*, 299 U.S. at 255; *see also Se-Kure Controls, Inc. v. Vanguard Prods. Group, Inc.*, No. 02 C 3767, 2009 WL 5174701, at *1 (N.D. Ill. Dec. 18, 2009) (quoting *Landis*).

    2.  There is certainly at least a "fair possibility" that a stay will damage Plaintiffs. The challenged provisions of Chicago's firearms ordinance were "unconstitutional when enacted and violate[] their Second Amendment rights every day [they] remain on the books." *Ezell v. City of Chicago*, 651 F.3d 684, 698 (7th Cir. 2011). The continuing harm these provisions inflict on Plaintiffs' right of armed self-defense is irreparable. *See id.* at 699-700.

  Defendants attempt to minimize the potential delay that staying this case will cause by pointing to the alacrity with which the Appeals have been proceeding in the Seventh Circuit. *See* Chi. Mot. 3-4. But even if proceedings in the Seventh Circuit continue to move quickly, the panel will likely take months from the June 8 argument date to issue a decision. *See, e.g., Ezell*, 651 F.3d 684 (over three months from argument to decision). And the panel decision may not be the Seventh Circuit's last word; *en banc* rehearing potentially could add months onto the time the Appeals are pending in the Seventh Circuit. In *Skoien*, for example—a Second Amendment challenge to the federal law disarming domestic violence misdemeanants—over 15 months elapsed from the panel argument to the en banc court's resolution of the case. *See United States v. Skoien*, 587 F.3d 803 (7th Cir. 2009), *on rehearing en banc* 614 F.3d 638 (7th Cir. 2010).

3. Defendants also overstate the benefits of staying this case, and they certainly have not made "out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Plaintiffs do not deny that there are similarities between this case and the Appeals, nor could they given their participation as amici in the Appeals. But while the Seventh Circuit's resolution of the Appeals could provide guidance for resolution of this case, the cases are by no means identical. Indeed, this case only challenges instances in which the City of Chicago has imposed restrictions on the right to keep and bear arms that go *beyond* those imposed by the State of Illinois. Illinois bans the carrying of firearms in public for self-defense. Chicago does as well, but it also bans possession of firearms on one's own property outside one's home or as a guest in another's home or on another's property, bans possession of handguns in a person's fixed place of business, bans individuals from having more than a single operable firearm in the home, and bans all sales of firearms in the City. These latter restrictions are the subject of this case.

4. Should the Seventh Circuit resolve the Appeals before this Court issues a decision, the parties may, with the Court's permission, file supplemental briefs addressing the impact of that resolution on this case. While this may not "minimize[e] the number of briefs going forward," Def. Mot. 3, it will ensure that briefs addressing a Seventh Circuit ruling in the Appeals are focused on the impact of that ruling.

5. For these reasons, Plaintiffs submit that this Court should deny Defendants' stay motion. We do not oppose Defendants' alternative request for an extension of the briefing schedule, and we reserve the right to seek this Court's leave to file a reply in support of our motion for summary judgment.

| | |
|---|---|
| Dated May 23, 2012 | Respectfully submitted, |
| Stephen Kolodziej<br>FORD & BRITTON, P.C.<br>33 N. Dearborn St., Suite 300<br>Chicago, IL 60602<br>Tel: (312) 924-7500<br>Fax: (312) 924-7516<br>Email: skolodziej@fordbritton.com | s/ Charles J. Cooper<br>Charles J. Cooper*<br>David H. Thompson*<br>Peter A. Patterson*<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Ave., NW<br>Washington, DC 20036<br>Tel: (202) 220-9600<br>Fax: (202) 220-9601<br>Email: ccooper@cooperkirk.com |

*Admitted *pro hac vice*.

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I, Charles J. Cooper, hereby certify that on this 23rd day of May, 2012, I caused a copy of the foregoing to be served by electronic filing on:

| | |
|---|---|
| Michael A. Forti | Craig Woods |
| Andrew W. Worseck | Ranjit Hakim |
| Mardell Nereim | MAYER BROWN LLP |
| Rebecca Alfert Hirsch | 71 S. Wacker Drive |
| William Macy Aguiar | Chicago, IL 60606-4637 |
| City of Chicago, Department of Law | |
| Constitutional and Commercial Litigation Division | |
| 30 N. LaSalle St., Suite 1230 | |
| Chicago, IL 60602 | |

                                                 s/ Charles J. Cooper
                                                     Charles J. Cooper