IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS ) <br> RETAILERS, KENNETH PACHOLSKI, ) <br> KATHRYN TYLER, and MICHAEL HALL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF CHICAGO and RAHM ) <br> EMANUEL, Mayor of the City of Chicago, ) <br> ) <br> Defendants. ) | Case No: 10-CV-4184 <br> Judge Edmond E. Chang |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO CITE ADDITIONAL AUTHORITY**

Pursuant to the Court's December 4, 2012 Order, Plaintiffs, by their undersigned counsel, respond to Defendants' citation of *Kachalsky v. County of Westchester*, __ F.3d __, 2012 WL 5907502 (2d Cir. Nov. 27, 2012), and *Jackson v. City & County of San Francisco*, No. C 09-2143 (N.D. Cal. Nov. 26, 2012), in support of their Motion for Summary Judgment as follows:

**A.**   *Kachalsky v. County of Westchester*

1.  The State of New York generally prohibits possession of handguns without a license. Unlike the City of Chicago, however, New York does not categorically prohibit law-abiding citizens from carrying handguns for self-defense outside the home. Under the State's handgun licensing regime, an individual who demonstrates "proper cause" may obtain a license to carry a concealed handgun "without regard to … place of possession," *i.e.*, without regard to whether the handgun is carried inside or outside the home. *Kachalsky*, 2012 WL 5907502, at *3. Furthermore, New York law does not generally prohibit carrying long guns outside the home. *Id.* at *2 & n.3.

2. In *Kachalsky*, the Second Circuit held that New York does not violate the Second Amendment by requiring its citizens to demonstrate "proper cause" to carry a handgun outside the home. The Second Circuit did not, however, hold that the right to bear arms is limited to the home. To the contrary, the Court acknowledged that "[t]he plain text of the Second Amendment does not limit the right to bear arms to the home" and that *Heller*'s "analysis suggests … that the Amendment must have *some* application in the … context of the public possession of firearms." *Id*. at *5 & n.10.

3. Ultimately, the Second Circuit "assum[ed]" without deciding that "the Second Amendment applies" outside the home. *Id*. at *8. The Second Circuit assumed correctly: as we have shown, the right to bear arms includes the right to bear arms outside the home. *See* Doc. No. 175, Plaintiffs' Memorandum in Support of their Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment ("Pl. Mem.") 24-32. It follows that State and local governments cannot flatly ban the practice: that "policy choice[]" is "off the table." *District of Columbia v. Heller*, 554 U.S. 570, 636 (2008).

4. Thus, while we disagree with much in *Kachalsky* – for example, that the Second Amendment's "core" protection is limited to "self-defense in the home," 2012 WL 5907502, at *9 (quotation marks omitted); *see* Pl. Mem. 25-28, that regulations on carrying arms outside the home need only satisfy "intermediate scrutiny," 2012 WL 5907502, at *11; *see* Pl. Mem. 6-7, and, ultimately, that New York's licensing regime is constitutional – it does not support Chicago's carry ban.

5. Indeed, the Second Circuit emphasized that New York does not categorically "forbid[] anyone from carrying a handgun" outside of the home and that "[r]ifles and shotguns are not subject to the [State's] licensing provisions." *Kachalsky*, 2012 WL 597502, at *2, *13.

Chicago, by contrast, does forbid law-abiding citizens from carrying a handgun outside of the narrowly defined confines of the home, *see* MCC 8-20-020(a), and it also forbids carrying long guns outside of the home or fixed place of business, *see* MCC 80-20-030(a). Regardless of the constitutionality of New York's licensing regime, Chicago's carry ban cannot be reconciled with the fundamental, enumerated constitutional right to bear arms.

**B.**     *Jackson v. City & County of San Francisco*

1.     The Seventh Circuit has already rejected the legal principles underlying Chicago's citation of *Jackson*. First, Chicago argues that the case supports applying an undue burden standard to the City's firearms sales ban and one-operable-firearm limit, but the Seventh Circuit has expressly rejected Chicago's plea to import that standard into the Second Amendment context. *See Ezell v. City of Chicago*, 651 F.3d 684, 706-07 (7th Cir. 2011); *see also* Pl. Mem. 7. Second, Chicago argues that *Jackson* supports its attempt to justify the sales ban by the ability of Chicago residents to acquire firearms outside of the City. But the Seventh Circuit has squarely rejected the notion "that the harm to a constitutional right is measured by the extent to which it can be exercised in another jurisdiction." *Ezell*, 651 F.3d at 697; *see also* Pl. Mem. 13.

2.     Furthermore, regardless of whether *Jackson* was correctly decided, the burdens Chicago imposes on Second Amendment rights far exceed those imposed by the San Francisco laws at issue in that case. First, Chicago flatly bans the sale of firearms. *See* MCC 8-20-100. San Francisco, by contrast, prohibits the sale of "*ammunition that has been enhanced to increase the damage it inflicts on the human body*." *Jackson* Op. 2 (emphasis added). Second, Chicago limits each resident to keeping a single "assembled and operable" firearm in the home. MCC 8-20-040. San Francisco, by contrast, does not restrict the manner in which long guns are kept, and it allows its residents to keep an unlimited number of assembled and operable handguns so

3

long as those handguns are "store[d] in locked containers when not carried on their persons." *Jackson* Op. 2; *see also* Pl. Mem. 39-40 (arguing that Chicago's restriction is "overinclusive, for it requires even a second firearm that is locked in a biometric safe to be inoperable"). Thus, while *Jackson* does not support Chicago's contention that its firearms restrictions are constitutional, it does substantiate the boast that the City's gun laws go "farther than anyone else ever has" in restricting the use and possession of firearms. Plaintiffs' Statement of Additional Facts ¶ 1, Doc. No. 187 at 237.

## CONCLUSION

Neither *Kachalsky* nor *Jackson* is controlling upon this Court, and, for the foregoing reasons, neither provides even persuasive authority for the proposition that the Chicago laws at issue in this case are constitutional.

Dated: December 10, 2012

Stephen Kolodziej
FORD & BRITTON, P.C.
33 N. Dearborn Street, Suite 300
Chicago, IL 60602
Tel: (312) 924-7500
Fax: (312) 924-7516
Email: skolodziej@fordbritton.com

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

*Admitted *pro hac vice*.

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I, Charles J. Cooper, hereby certify that on this 10th day of December, 2012, I caused a copy of the foregoing to be served by electronic filing on:

| | |
|---|---|
| Mardell Nereim | Craig Woods |
| Andrew W. Worseck | Ranjit Hakim |
| William Macy Aguiar | MAYER BROWN LLP |
| Rebecca Alfert Hirsch | 71 South Wacker Drive |
| City of Chicago, Department of Law | Chicago, IL  60606-4637 |
| Constitutional & Commercial Litigation Division | |
| 30 N. LaSalle Street, Suite 1230 | |
| Chicago, IL  60602 | |

                                                          s/ Charles J. Cooper
                                                             Charles J. Cooper