IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS RETAILERS, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 10-CV-4184 |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, ET AL., | ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO REASSIGN CASE AS RELATED**

Defendants City of Chicago and Mayor Rahm Emanuel ("Defendants" or "City"), by their attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby respectfully move this Court to reassign the case *Hall, et al. v. City of Chicago*, No. 13 CV 441 (N.D. Ill.) ("*Hall*"), filed on January 18, 2013 and currently pending in this District before Judge James B. Zagel, to the calendar of this Court as a related case under Local Rule 40.4. The *Hall* Complaint is attached as Exhibit A hereto. In support of this motion, Defendants state as follows:

1. In Counts I & V of their Second Amended Complaint in this case, Plaintiffs challenge, as violating the Second Amendment, Municipal Code of Chicago ("MCC") sections 8-20-020, -030, & -180(c) to the extent that these sections prohibit carrying operable handguns outside one's "home" and operable long guns outside one's "home" or "fixed place of business." "Home" is defined in MCC 8-20-010 as "the inside of a person's dwelling unit which is traditionally used for living purposes, including the basement and attic;" it excludes "(i) any garage, including an attached garage, on the lot; (ii) any space outside the dwelling unit,

including any stairs, porches, back, side or front yard space, or common areas; or (iii) any dormitory, hotel, or group living, as that term is defined in section 17-17-0102-A." Plaintiffs do not advance a right to carry firearms anywhere outside the home, but only in those places that are currently permitted under Illinois law. *See* Jan. 18, 2012 Order, Dkt. No. 114 ("Jan. 2012 Order"), at 2. Plaintiffs seek to carry firearms "anywhere on one's own land," to keep a handgun at one's "fixed place of business," and to carry firearms "on the land of another person as an invitee with that person's permission." *Id.* at 5-6.

  2. The Complaint in *Hall* replicates nearly all of this "private property and workplace" carry claim. The *Hall* Complaint contains one count, which challenges, as violating the Second Amendment, the same City restrictions on carrying guns outside the home discussed above – *i.e.*, MCC 8-20-010's definition of "home," MCC 8-20-020, MCC 8-20-030, and MCC 8-20-180(c). The two plaintiffs in *Hall* – Michael Hall and Dr. Kathryn Tyler – are also plaintiffs in this case,[1] and both the *Hall* Complaint ("*Hall* Compl."), and the Second Amended Complaint in this case ("*ILAFR* Compl.") contain virtually identical allegations regarding how these provision prevent them from carrying guns on their private property and in the workplace. Both complaints describe burglaries of Mr. Hall's vehicles on his driveway and contend that Mr. Hall is prohibited from carrying guns "on all parts of his property, including the curtilage of his home." *Hall* Compl. ¶ 17; *ILAFR* Compl. ¶ 36. *See also Hall* Compl. ¶ 21 (Dr. Tyler wishes to carry handgun in her backyard and garage). And both lawsuits allege that the alarm at Dr. Tyler's business has gone off and that she would carry a handgun there if not prohibited by the City. *Hall* Compl. ¶ 20; *ILAFR* Compl. ¶ 31.

---

[1] The *Hall* plaintiffs are also represented by Plaintiffs' counsel in this case

3. *Hall* also challenges the cited MCC provisions to the extent that they prevent residents from carrying guns in "public" areas beyond their private property or workplace. For instance, *Hall* describes the resident wanting to carry while walking the dog around the block, a store owner wanting to carry while *en route* to work, or a salesman wanting to carry while doing business in certain neighborhoods. *See Hall* Compl. ¶ 10. *See also id.* ¶ 24 (Hall and Tyler would carry "a loaded and accessible weapon . . . in their cars for self-defense").[2]

4. Local Rule 40.4(c) requires a motion for reassignment based on relatedness to be filed with the judge before whom the lowest-numbered case of the claimed related set is pending. A later filed case may be reassigned based on relatedness to the calendar of a judge before whom an earlier numbered case is assigned if two conditions are met: First, the two cases must be related within the meaning of Local Rule 40.4(a). A case is related under Local Rule 40.4(a) if one or more of the following conditions is met: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." Second, each of the criteria for reassignment set forth in Local Rule 40.4(b) must be met. Those criteria are that: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time

---

[2] Defendants previously construed Count V in Plaintiffs' Second Amended Complaint in the instant case as encompassing this "public carry" claim as well as the "private property and workplace" claim. But in the course of briefing Defendants' motion to dismiss Count V, Plaintiffs took the position that their carry claim in this case does not seek to carry in areas prohibited under Illinois law and is therefore essentially limited to a "private property and workplace" claim. *See* Jan. 2012 Order, at 2. Accordingly, Plaintiffs Hall and Tyler are now, through the filing of *Hall*, bringing the "public carry" challenge to MCC 8-20-010, -020, -030 & 180(c) in a new lawsuit.

and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

5. The City respectfully submits that *Hall* should be reassigned to this calendar as related to the instant case pursuant to Local Rule 40.4. As to the criteria of Local Rule 40.4(a), the cases involve common issues of law and fact. Both cases raise the questions whether the Second Amendment applies outside the "home," and whether, if so, Chicago's restriction on carrying guns outside the home passes constitutional muster. Both cases challenge the same City ordinance provisions, namely MCC 8-20-010, -020, -030, & 180(c). And both cases raise the specific question whether the City's restriction on carrying guns on private residential property outside the home and on possessing handguns in a place of business are constitutional.

6. Each of the criteria for reassignment set forth in Local Rule 40.4(b) is also met. *First*, both cases are pending in the Northern District of Illinois. *Second*, the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. In particular, this Court is already familiar with the MCC provisions challenged in *Hall* (because they are also challenged here) and with the law and history governing whether the Second Amendment applies outside the home, including the Seventh Circuit's decision in *Moore v. Madigan* and *Shepard v. Madigan*, __ F.3d __, 2012 WL 6156062 (7th Cir. Dec. 11, 2012). Moreover, the City anticipates that much of the factual arguments and evidence that it would use in *Hall* to justify its restriction on carrying guns in public will be the same as already presented in this case in defending its restriction on carrying guns on private property outside the home and in the workplace. Accordingly, any merits briefing in *Hall* is likely to be similar to the merits

briefing already completed in this case. *Third*, reassignment of *Hall* would not delay resolution of this case. The parties' respective motions for summary judgment in this case are fully briefed, and *Hall*'s reassignment would not impact the Court's timeframe for ruling on those motions. *Fourth*, both cases are susceptible of resolution in a single proceeding. Both cases share common legal issues, and, as the evidence in both cases is likely to be substantially the same, that evidence could be presented in a single trial (should a trial be necessary). Further, both cases seek the same declaratory and injunctive relief. In particular, both cases seek an injunction against enforcement of MCC 8-20-010's definition of "home," MCC 8-20-020, MCC 8-20-030, and MCC 8-20-180(c).

## **CONCLUSION**

For the foregoing reasons, the City respectfully submits that this Court should reassign *Hall, et al. v. City of Chicago*, No. 13 CV 441 (N.D. Ill.) to the calendar of this Court as a related case under Local Rule 40.4.

Respectfully submitted,

STEPHEN R. PATTON
CORPORATION COUNSEL
CITY OF CHICAGO

Dated: February 8, 2013             BY:   /s/ Andrew Worseck
                                          One of Its Attorneys

Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Alfert Hirsch
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 744-9010