IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS ASSOCIATION OF FIREARMS )<br>RETAILERS, KENNETH PACHOLSKI, )<br>KATHRYN TYLER, and MICHAEL HALL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE CITY OF CHICAGO and RAHM )<br>EMANUEL, Mayor of the City of Chicago, )<br>)<br>Defendants. ) | Case No: 10-CV-4184<br>Judge Edmond E. Chang |

## *HALL* PLAINTIFFS' RESPONSE IN OPPOSITION
## TO MOTION TO REASSIGN CASE AS RELATED

### INTRODUCTION

"The primary purpose of reassignment of a case based on relatedness is to save judicial time and effort." *Iosello v. Lawrence*, No. 03-987, 2005 WL 2293680, at *3 (N.D. Ill. Sept. 16, 2005). Indeed, for realignment to be proper it must be found that "the handling of both cases by the same judge is likely to result in a *substantial* saving of judicial time and effort." L.R. 40.4(b)(2) (emphasis added). Given the narrow overlap between the claims in *Hall v. City of Chicago*, No. 13-441 (N.D. Ill.), and the claims in this case, *Illinois Association of Firearms Retailers v. City of Chicago*, No. 10-4184 (N.D. Ill.) ("*ILAFR*"), it is doubtful that reassigning *Hall* would result in a substantial savings of judicial time and effort. Furthermore, given the drastically different procedural postures of the two cases, any effort to coordinate proceedings in the two cases for the sake of efficiency would run afoul or another prerequisite for reassignment: that proceedings in the earlier-filed case not be delayed substantially by reassignment of a later-filed case. L.R. 40.4(b)(3). The parties have been litigating *ILAFR* for over two-and-a-half

1

years, and the Court now has before it fully briefed cross-motions for summary judgment. *Hall*, by contrast, has been pending for less than a month, and the City of Chicago has yet even to file a responsive pleading. It should thus be clear that any substantial savings of judicial time and effort that could be had by reassigning *Hall* could come only at the cost of intolerable delay in *ILAFR*. And that delay would be particularly intolerable here, for law-abiding citizens experience irreparable harm every day that a law infringing their fundamental Second Amendment rights remains on the books. *See Ezell v. City of Chicago*, 651 F.3d 684, 698-99 (7th Cir. 2011). For these reasons, the City of Chicago's motion to reassign *Hall* should be denied.

## BACKGROUND

On June 28, 2010, the United States Supreme Court held that the Second Amendment restrains the action of state and local governments through incorporation by the Fourteenth Amendment. *See McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010). On July 2, responding to that decision, the City of Chicago replaced its effective ban on the private ownership of handguns with a new firearms ordinance. This case was filed on July 6, and for the past two-and-a-half years the parties have been litigating whether several provisions of the ordinance violate the Second Amendment. Those provisions (1) prohibit the private sale or transfer of firearms in the City of Chicago, *see* Doc. No. 80, Second Amended Complaint, Count II; (2) limit licensed firearm owners to a single assembled and operable firearm in the home, *id.*, Count IV; and (3) restrict licensed firearm owners' possession of operable handguns to the "home" – narrowly defined to exclude any space outside the four walls of the dwelling place, including a porch, garage, or yard – and possession of operable long guns to the "home" and place of business, *id.*, Counts I & V. Because Illinois law at the time independently barred possession of

firearms in public, and because *ILAFR* does not challenge that Illinois law, the carriage claim in *ILAFR* is a narrow one, limited to the instances in which the City of Chicago's restrictions are more severe than Illinois's. *See* Doc. No. 149-1. In particular, this claim is limited to the City of Chicago's restrictions on the possession of handguns in a person's own place of business and to its restrictions on the possession of all firearms on a person's own property but outside the person's "home" and on the property of another as an invitee of that person. It is, in the words of Defendants, a "private property and workplace claim." Doc. No. 211 at 3 n.2.

Since this case was filed, the parties have engaged in motion practice, conducted extensive fact and expert discovery, and fully briefed cross-motions for summary judgment which are currently pending before the Court.

On December 11, 2012, the Seventh Circuit struck down the State of Illinois's ban on carrying operable firearms in public. *See Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012). On January 18, 2013, Michael Hall and Kathryn Tyler – both also plaintiffs in this case – filed a new case with a single count "bringing the 'public carry' challenge" against the City of Chicago's firearms ordinance that this case does not. Doc. No. 211 at 3 n.2; Doc. No. 211-1, *Hall* Complaint, Count I. The City of Chicago has yet to answer or file a responsive pleading in *Hall*, and it has requested and obtained a 30-day extension until March 14 to do so.

## ARGUMENT

Local Rule 40.4(a) provides that "[t]wo or more civil cases may be related" if certain conditions are met, including if "the cases involve some of the same issues of fact or law." L.R. 40.4(a)(2). Local Rule 40.4(b), in turn, provides that "[a] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge," but only if each of four conditions is met:

> (1) both cases are pending in this Court;
> (2) the handling of both cases by the same judge is likely to result in a substantial savings of judicial time and effort;
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
> (4) the cases are susceptible of disposition in a single proceeding.

While *ILAFR* and *Hall* may be related, the City of Chicago has not met its burden to show that the conditions of Local Rule 40(b)(4) are satisfied. In particular, the City cannot satisfy both conditions (2) and (3).

For two cases to be deemed related, they need only "involve some of the same issues of fact or law." L.R. 40.4(a). While *ILAFR* and *Hall* may meet this modest requirement, the overlap between the two cases is quite narrow. *ILAFR*, but not *Hall*, challenges the City of Chicago's ban on firearms sales and its limitation of licensed firearm owners to a single assembled and operable firearm in the home. *Hall*, but not *ILAFR*, mounts a "public carry" challenge against the City's firearms ordinance. The only overlap between the cases is that they both encompass a "private property and workplace" claim. This narrow overlap is not sufficient to satisfy the "more stringent criteria for [*Hall*] to qualify for reassignment." *Williams v. Walsh Constr.*, No. 05-6807, 2007 WL 178309, at *2 (N.D. Ill. Jan. 16, 2007).

As an initial matter, *ILAFR* has progressed to the point where reassigning *Hall* would be likely to delay the proceedings in *ILAFR* substantially. *ILAFR* was filed over two-and-a-half years ago, the parties have completed extensive fact and expert discovery, and the parties' pending cross-motions for summary judgment were fully briefed six months ago. In *Hall*, by contrast, the City of Chicago has yet to even file a responsive pleading. This Court has found much less significant disparities in the progress of two cases to preclude reassignment. *See, e.g.*, *Martin v. Midland Funding LLC*, No. 11-3104, 2011 WL 3876965, at *2 (N.D. Ill. Aug. 31, 2011) ("reassignment would likely delay the proceedings in [the earlier-filed case], since the

4

deadline for the close of discovery is approximately one month away"); *Goldhamer v. Nagode*, No. 07-5286, 2007 WL 4548228, at *2 (N.D. Ill. Dec. 20, 2007) ("It is also clear that the Woo Action has proceeded to a point where consolidation will substantially delay that proceeding. The Woo Defendants have answered the amended complaint in the Woo Action and this court has already set discovery dates."). And the potential for delay is particularly critical here, because "irreparable harm is presumed" for infringements of Second Amendment rights. *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011); *see also id.* at 698 ("If [plaintiffs] are right, then the range ban was unconstitutional when enacted and violates their Second Amendment rights every day it remains on the books.").

Chicago counters that there is no potential for delay because reassignment of *Hall* "would not impact the Court's timeframe for ruling on" the parties' motions for summary judgment in *ILAFR*. Doc. No. 211 at 5. To be sure, this Court could reassign *Hall* and continue to treat the two cases separately, for reassignment does not necessarily entail consolidation. *See DBD Franchising, Inc. v. DeLaurentis*, No. 09-669, 2009 WL 1766751, at *5 (N.D. Ill. June 23, 2009) ("reassignment would not consolidate the two cases into one"). But adopting Chicago's reasoning would effectively eliminate the delay factor from the reassignment calculus, for this potential is present in every reassignment scenario.

Furthermore, this argument undermines Chicago's ability to satisfy a separate requirement for reassignment: that reassignment will result in a *substantial* savings of judicial time and effort. *See Mach. Movers, Riggers & Mach. Erectors, Local 136 Defined Contribution Ret. Fund v. Joseph/Anthony, Inc.*, No. 03-8707, 2004 WL 1631646, at *3 (N.D. Ill. July 16, 2004) ("the saving of judicial time and effort must be *substantial* in order for reassignment to be appropriate"). As we have explained, the overlap between *Hall* and *ILAFR* is actually quite

5

narrow. And if the only way to avoid delaying *ILAFR* is to treat the two cases separately even to the extent that they do overlap, it is difficult to see how reassignment could result in substantial savings of judicial time and effort. *Cf. Sunstar, Inc. v. Alberto-Culver Co., Inc.*, No. 01-0736, 2003 WL 21801428 (N.D. Ill. Aug. 1, 2003) ("because the Consolidated Cases have progressed to the eve of trial and *Alberto II* is at the pleadings stage, reassigning *Alberto II* based on relatedness would not only delay the proceedings in the Consolidated Cases but it would be an inefficient use of judicial time").

The City argues that reassignment will save judicial resources because "this Court is already familiar with the MCC provisions challenged in *Hall* … and with the law and history governing whether the Second Amendment applies outside the home, including the Seventh Circuit's decision in *Moore v. Madigan*." Doc. No. 211 at 4. We are sympathetic to this argument to a certain extent: for the same reasons that the Seventh Circuit's decision in *Moore* requires a ruling for plaintiffs on the narrow carry claim in this case, *see* Pl. Supp. Br. on *Moore*, Doc. No. 206; Pl. Supp. Resp. on *Moore*, Doc. No. 209, it also requires a ruling for plaintiffs on the broader carry claim in *Hall*. But we doubt the City sees things the same way. The City has already argued that *Moore* can be distinguished for purposes of the "private property and workplace" carry claim at issue here, *see* Chicago Supp. Br. on *Moore*, Doc. No. 207, and the City presumably will take the same position with respect to the "public carry" claim at issue in *Hall*. Furthermore, given the City's insistence that "guns and public places are a lethal combination," Brief Amici Curiae of the City of Chicago et al. in Support of Rehearing En Banc at 5, *Moore v. Madigan*, Nos. 12-1269 & 12-1788 (7th Cir.), ECF No.59; *see also id.* at 2 (emphasizing alleged "public safety implications of the panel majority's decision that the Second Amendment protects a right to carry guns in public"), we suspect that the City may argue that

6

analysis and resolution of the "private property and workplace" carry claim and the "public carry" claim do not necessarily go hand-in-hand, although we cannot say for certain given that the City has not yet filed a responsive pleading in *Hall*.

The City also argues that it "anticipates that much of the factual arguments and evidence that it would use in *Hall* to justify its restriction on carrying guns in public will be the same as already presented in this case in defending its restrictions on carrying guns on private property outside the home and in the workplace." Doc. No. 211 at 4. But that will be true regardless of whether *Hall* is reassigned. And given that discovery in *ILAFR* has already happened, reassignment will not alleviate any potential factual development burdens in *Hall*. And at any rate, under *Moore* the *Hall* Plaintiffs' claim should succeed as a matter of law without the need for discovery.

Finally, Chicago's argument that both cases are susceptible of resolution in a single proceeding also highlights the tension between the City's argument that reassignment, on the one hand, will not substantially delay resolution of *ILAFR*, and, on the other hand, will result in substantial savings of judicial time and effort. "Both cases share common legal issues," the City says, "and, as the evidence in both cases is likely to be substantially the same, that evidence could be presented in a single trial (should a trial be necessary)." Doc. No. 211 at 5. But given that *Hall* is in its infancy, it is unlikely that both cases *could* be resolved in a single trial without substantially delaying resolution of *ILAFR* – unless, of course, the City were to stipulate that no additional discovery or factual development would be necessary to resolve *Hall*, which the City has not done.

In sum, Chicago has not demonstrated that reassigning *Hall* will *both* (a) result in substantial savings of judicial time and effort, *and* (b) avoid a likelihood of substantial delay in

7

the proceedings in this case. Because both these factors must be met before a case is reassigned, reassignment should be denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Reassign *Hall* as Related should be denied.

Dated: February 14, 2013

Stephen Kolodziej
FORD & BRITTON, P.C.
33 N. Dearborn Street, Suite 300
Chicago, IL 60602
(312) 924-7500
(312) 924-7516 (fax)
skolodziej@fordbritton.com

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
Nicole J. Moss[*]
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, DC 20036
(202) 220-9600
(202) 220-9601 (fax)
ccooper@cooperkirk.com

*Motion to appear *pro hac vice* pending in No. 13-441.

*Attorneys for Hall Plaintiffs*

# **CERTIFICATE OF SERVICE**

I, Charles J. Cooper, hereby certify that on this 14th day of February, 2013, I caused a copy of the foregoing to be served by electronic filing on:

| | |
|---|---|
| Mardell Nereim | Craig Woods |
| Andrew W. Worseck | Ranjit Hakim |
| William Macy Aguiar | MAYER BROWN LLP |
| Rebecca Alfert Hirsch | 71 South Wacker Drive |
| City of Chicago, Department of Law | Chicago, IL  60606-4637 |
| Constitutional & Commercial   Litigation Division | |
| 30 N. LaSalle Street, Suite 1230 | |
| Chicago, IL  60602 | |

                                          s/ Charles J. Cooper  
                                            Charles J. Cooper