IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS ASSOCIATION OF<br>FIREARMS RETAILERS, ET AL., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 10-CV-4184<br>Judge Edmond E. Chang |
| CITY OF CHICAGO, ET AL., | )<br>) | Magistrate Judge Geraldine Soat<br>Brown |
| Defendants. | ) | |

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM ADDRESSING PUBLIC ACT 98-0063

Defendants City of Chicago and Mayor Rahm Emanuel ("Defendants" or "City"), by their attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby submit, pursuant to the Court's orders of July 9 &15, 2013, this supplemental memorandum addressing the effect of Public Act 98-0063 of the Illinois General Assembly, effective July 9, 2013 ("the Statute," available at http://www.ilga.gov/legislation/publicacts/98/PDF/098-0063.pdf), on this case.

**I.     Plaintiffs' claims.**

*Restrictions on carry*:  In Counts I & V of their Second Amended Complaint, Plaintiffs challenge, as violating the Second Amendment, Municipal Code of Chicago ("MCC") sections 8-20-020, -030, & -180(c) to the extent that these sections prohibit carrying operable handguns outside one's "home" and operable long guns outside one's "home" or "fixed place of business." "Home" is defined in MCC 8-20-010 as "the inside of a person's dwelling unit which is traditionally used for living purposes, including the basement and attic;" it excludes "(i) any

garage, including an attached garage, on the lot; (ii) any space outside the dwelling unit, including any stairs, porches, back, side or front yard space, or common areas; or (iii) any dormitory, hotel, or group living, as that term is defined in section 17-17-0102-A." Plaintiffs do not advance a right to carry firearms anywhere outside the home, but only "on one's own land" or "on the land of another person as an invitee with that person's permission," and also to keep a handgun at one's "fixed place of business." *See* Jan. 18, 2012 Order, Dkt. No. 114, at 2, 5-6.

*Safe storage regulations*: Count IV challenges MCC 8-20-040's requirement that each Chicago Firearm Permit holder "keep no more than one firearm in his home assembled and operable" and that "[a]ll other firearms kept or possessed by that person in his home shall be broken down in a nonfunctioning state or shall have a trigger lock or other mechanism, other than the firearm safety mechanism, designed to render the firearm temporarily inoperable."

*Restrictions on sales and transfers*: Count II challenges MCC 8-20-100, which provides in relevant part that "no firearm may be sold, acquired or otherwise transferred within the city, except through inheritance," and MCC 4-144-010, which states that a holder of a Chicago weapons dealer license may not sell or transfer firearms. Plaintiffs also challenge, in Count VI, Chicago's Zoning Code to the extent it prohibits gun stores.

## II. The Statute.

Sections 1 through 95 of the Statute constitute the Illinois Firearm Concealed Carry Act ("FCCA"). The FCCA authorizes the Illinois Department of State Police to issue licenses for the concealed carrying of firearms to persons meeting certain qualifications and requirements. *See* Statute, §§ 10, 25, 75. A license allows the holder to "carry a loaded or unloaded concealed firearm, fully concealed or partially concealed, on or about his or her person, and to "keep or

2

carry a loaded or unloaded concealed firearm on or about his or her person within a vehicle." *Id.* § 10(c). But the FCCA prohibits license holders from carrying firearms in various enumerated places. *See id.* § 65. Further, the FCCA preempts certain aspects of municipal home rule power. It states:

> The regulation, licensing, possession, registration, and transportation of handguns and ammunition for handguns by licensees are exclusive powers and functions of the State. Any ordinance or regulation, or portion thereof, enacted on or before the effective date of this Act that purports to impose regulations or restrictions on licensees or handguns and ammunition for handguns in a manner inconsistent with this Act shall be invalid in its application to licensees under this Act on the effective date of this Act. This Section is a denial and limitation of home rule powers and functions under subsection (h) of Section 6 of Article VII of the Illinois Constitution.

*Id.* § 90.

In addition to establishing the FCCA, the Statute also amends various provisions of the Illinois Firearm Owner Identification Card Act, 430 ILCS 65/0.01 *et seq.* ("FOICA"). In particular, Section 150 of the Statute amends FOICA Section 13.1 (430 ILCS 65/13.1) and also preempts certain aspects of municipal home rule power. As amended, Section 13.1 now reads as follows

> Sec. 13.1. Preemption.
>
> (a) Except as otherwise provided in the Firearm Concealed Carry Act and subsections (b) and (c) of this Section, the provisions of any ordinance enacted by any municipality which requires registration or imposes greater restrictions or limitations on the acquisition, possession and transfer of firearms than are imposed by this Act, are not invalidated or affected by this Act.
>
> (b) Notwithstanding subsection (a) of this Section, the regulation, licensing, possession, and registration of handguns and ammunition for a handgun, and the transportation of any firearm and ammunition by a holder of a valid Firearm Owner's Identification Card issued by the Department of State Police under this Act are exclusive powers and functions of this State. Any ordinance or regulation, or portion of that ordinance or regulation, enacted on or before the effective date

> of this amendatory Act of the 98th General Assembly that purports to impose regulations or restrictions on a holder of a valid Firearm Owner's Identification Card issued by the Department of State Police under this Act in a manner that is inconsistent with this Act, on the effective date of this amendatory Act of the 98th General Assembly, shall be invalid in its application to a holder of a valid Firearm Owner's Identification Card issued by the Department of State Police under this Act.
>
> (c) Notwithstanding subsection (a) of this Section, the regulation of the possession or ownership of assault weapons are exclusive powers and functions of this State. Any ordinance or regulation, or portion of that ordinance or regulation, that purports to regulate the possession or ownership of assault weapons in a manner that is inconsistent with this Act, shall be invalid unless the ordinance or regulation is enacted on, before, or within 10 days after the effective date of this amendatory Act of the 98th General Assembly. Any ordinance or regulation described in this subsection (c) enacted more than 10 days after the effective date of this amendatory Act of the 98th General Assembly is invalid. An ordinance enacted on, before, or within 10 days after the effective date of this amendatory Act of the 98th General Assembly may be amended. The enactment or amendment of ordinances under this subsection (c) are subject to the submission requirements of Section 13.3. For the purposes of this subsection, "assault weapons" means firearms designated by either make or model or by a test or list of cosmetic features that cumulatively would place the firearm into a definition of "assault weapon" under the ordinance.
>
> (d) For the purposes of this Section, "handgun" has the meaning ascribed to it in Section 5 of the Firearm Concealed Carry Act.
>
> (e) This Section is a denial and limitation of home rule powers and functions under subsection (h) of Section 6 of Article VII of the Illinois Constitution.

As indicated in the FCCA and FOICA provisions quoted above, the preemption at issue is preemption of local municipal home rule authority under Article VII, Section 6 of the Illinois constitution. Section 6 generally vests Illinois home rule municipalities, like Chicago, with the power to "exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt." Ill. Const. Art. VII, § 6(a). It is

pursuant to this power that the City enacted the MCC provisions at issue here. But Section 6 also empowers the General Assembly to divest or preempt municipalities of certain aspects of their home rule power. *See* Ill. Const. Art. VII, § 6(g), (h), (i). To do so, the General Assembly must pass a statute expressly preempting home rule authority and stating what particular home rule powers are preempted. *See, e.g., City of Chicago v. Roman*, 184 Ill.2d 504, 512-18 (1998) (discussing preemption of home rule authority under Illinois constitution).

### III.     The City's proposed ordinance repealing certain firearms regulations.

In response to the Statute, the Mayor's Office sponsored proposed City Council legislation (O2013-6015) amending various provisions of the MCC relating to firearms. A copy of O2013-6015 is attached as Exhibit A. Of relevance to this case, O2013-6015 would repeal MCC 8-20-020, -030, -040, -180, and the definition of "home" contained in MCC 8-20-010. *See id.* at 5, 12-14, 20. This proposed legislation was introduced to the City Council on July 24, 2013, and was referred to the City Council Committee on Public Safety for further consideration. *See id.* at 1.[1] The next scheduled meeting of the City Council is September 11, 2013.

### IV.     The impact of the proposed ordinance and the Statute on this case.

Because it seeks to repeal MCC 8-20-020, -030, -040, -180, the proposed ordinance, if enacted, would render moot Plaintiffs' claims in Counts I & V (challenging MCC 8-20-020, -030, -180(c), and the definition of "home" in -010) and in Count IV (challenging MCC 8-20-040). "It is fundamental to the exercise of judicial power under Article III of the United States Constitution that 'federal courts may not give opinions upon moot questions or abstract

---

[1] Page 1 of Exhibit A erroneously indicates that the City Council meeting date at which O2013-6015 was introduced was July 25; the date was July 24. *See* Exhibit B.

5

propositions.'" *Zessar v. Keith*, 536 F.3d 788, 793 (7th Cir. 2008) (citation omitted). And "any dispute over the constitutionality of a statute becomes moot if a new statute is enacted in its place during the pendency of the litigation, and the plaintiff seeks only prospective relief." *Id.*; *see also Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003); *Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir. 1995). "[T]he complete repeal of a challenged law renders a case moot, unless there is evidence creating a reasonable expectation that the City will reenact the ordinance or one substantially similar." *Federation*, 326 F.3d at 930. And when the defendants are public officials, the courts generally "place greater stock in . . . acts of self-correction, so long as they appear genuine." *Federation*, 326 F.3d at 929.

In light of this pending proposal to repeal many of the MCC provisions at issue in this case, the City respectfully submits that it is unnecessary at this time – and may never be necessary – for the Court to decide the scope and impact of the home rule preemption provisions in the FCCA or in the amendments to the FOICA: If the proposed ordinance is enacted, the claims discussed above will be rendered moot by operation of the repeal. And that would spare the parties and the Court from having to wade into lengthy briefing and argument on the difficult state-law issue of what the complex preemption provisions in the FCCA and the amended FOICA mean and encompass. Accordingly, the City respectfully submits that the parties defer addressing the preemptive impact of the Statute on Counts I, IV & V until O2013-6015 is enacted or rejected, or at least September 11, 2013, when the City Council will next be able to take up, and could enact, the proposed ordinance. This deferral will not prejudice Plaintiffs. The Chicago Police Department has issued a notice to all members regarding the FCCA, and it directs

that Department members are not to enforce certain MCC provisions, including MCC 8-20-020, -030, -040, & -180. *See* Exhibit C hereto (Department Notice D13-10, July 9, 2013), Part IV.D. Thus, Plaintiffs do not run the risk of arrest and prosecution for violation of those provisions while O2013-6015 is pending before the City Council.

On the other hand, the proposed ordinance would not moot Plaintiffs' challenge to the City's restrictions on the sale and transfer of firearms in Counts II & VI. The proposed ordinance does not purport to repeal MCC 8-20-100 or 4-144-010, nor does it address City zoning requirements that may govern gun stores. Further, the Statute does not moot the issue by preempting the City's home rule authority to legislate regarding firearm sales and transfers. Neither the FCCA nor the amended FOICA preemption provisions purport to preempt this aspect of home rule power. Accordingly, regardless of what happens with the proposed amendments to the City's firearms laws, Plaintiffs' challenge to the City's firearms sales and transfer regulations will remain live and appropriate for judicial resolution.

## CONCLUSION

For the foregoing reasons, the City respectfully submits that the Court defer resolution of Counts I, IV & V until O2013-6015 is enacted or rejected, or at least September 11, 2013, when the City Council will next be able to take up, and could enact, the proposed ordinance.

Respectfully submitted,

STEPHEN R. PATTON
CORPORATION COUNSEL
CITY OF CHICAGO

Dated: August 2, 2013                    BY:  /s/ Andrew Worseck
                                              One of Its Attorneys

7

Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Alfert Hirsch
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 744-9010

# CERTIFICATE OF SERVICE

  The undersigned, an attorney of record for the Defendants, hereby certifies that on August 2, 2013, she served a copy of the foregoing **Defendants' Supplemental Memorandum Addressing Public Act 98-0063** on counsel listed below by electronic means pursuant to Electronic Case Filing (ECF):

  Charles J. Cooper
  David H. Thompson
  Peter Patterson
  Cooper & Kirk, PLLC
  1523 New Hampshire Ave., NW
  Washington, DC 20036

                /s/ Rebecca Alfert Hirsch