**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ILLINOIS ASSOCIATION OF** | ) | |
| **FIREARMS RETAILERS, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 10-CV-4184** |
| | ) | **Judge Edmond E. Chang** |
| **CITY OF CHICAGO, ET AL.,** | ) | **Magistrate Judge Geraldine Soat** |
| | ) | **Brown** |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION TO STAY AND TO DELAY THE EFFECTIVE DATE OF
ANY INJUNCTION, AND FOR RELIEF UNDER FED R. CIV. P. 59(E)**

Defendants City of Chicago and Mayor Rahm Emanuel ("Defendants" or "City"), by their

attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, hereby move, pursuant to

this Court's January 6, 2014 Memorandum Opinion and Order ("Order"), for an order staying the

effect of the Order and delaying entry of any injunction for 180 days, and vacating the Court's

separate judgment under Fed. R. Civ. P. 58, also entered on January 6, 2014 ("Judgment"). The

purpose of this request is to allow the City time to enact reasonable and comprehensive regulations

governing firearms sales and transfers that will protect public safety while also respecting Second

Amendment rights. In support of this motion, the City states as follows:

1. In its Order, the Court ruled on the merits of the parties' cross motions for summary

judgment. The Court granted Plaintiffs' motion and denied the City's motion as to Plaintiffs'

challenge to Municipal Code of Chicago § 8-20-100 (Count II) and § 17-16-0201 (Count VI),

which generally prohibit the sale or transfer of firearms in the City. The Order declared that the

prohibition is unconstitutional under the Second Amendment because it "goes too far" in regulating firearms sales and transfers.   Order at 2, 35.   That same day, the Court entered the Judgment on a separate form.   See Doc. No. 239.   The Judgment states that judgment is "entered in favor of Plaintiffs and against Defendants on Counts II and VI.   By prior agreement of the parties, Counts I, III, IV, and V are dismissed as moot."

2.      The Order went on to state that "the judgment's effect is stayed, at the very least until after the City has filed a motion for stay pending appeal, after Plaintiffs are given a chance to respond (perhaps Plaintiffs would not object to a stay pending appeal), and after the Court rules on that stay motion."   Order at 35.   The Court added that, "[e]ven if the City were to decide not to appeal, the City should have a limited time, before the judgment becomes effective, to consider and enact other sales-and-transfer restrictions short of a complete ban."   Id.

3.      Rather than pursue an appeal, the City plans to devote its resources to carefully crafting comprehensive regulations governing the sale and transfer of firearms in the City – a package that would ensure fidelity to the Second Amendment while also combating criminal access to guns and risks to public safety.   Yet the City needs sufficient time to adequately consider, draft, support, and enact appropriately-tailored regulations.   Accordingly, the City will forgo an appeal in this case if the effect of the Order is stayed, and the effective date of any injunction is delayed, for 180 days, during which time the City would devise and adopt a new regulatory scheme.[1]

---

[1]   The Order does not appear to be a "final decision" for purposes of appeal under 28 U.S.C. § 1291, as the Order rendered only a declaration of unconstitutionality and did not rule upon Plaintiffs' request for injunctive relief.   See Order at 35.   "[I]f a plaintiff requests both declaratory and injunctive relief, and succeeds in obtaining a declaratory judgment, the district court must decide whether to grant or deny injunctive relief.   Until it does so, there is something

4.     This time period is necessary and appropriate.   New City regulations will have many detailed components, including zoning, licensing, and operational requirements for gun dealers, as well as robust regulations targeting particular illegal sales and transfer practices, such as straw purchasing and straw selling.   Indeed, the Court recognized the City's prerogative to consider such measures in its Order.   See Order at 31, 32, 34.   And comprehensive regulation of firearms sales and transfers by businesses and between private individuals requires the evaluation and expertise of numerous City departments, such as Police, Fire, Buildings, Zoning, and Licensing.   Each of these departments will need time to thoroughly evaluate existing regulations, including best practices in other jurisdictions, and to then propose appropriate regulations for Chicago.   The City Council will then need time to consider these proposals and enact legislation. We estimate that approximately six months is necessary for all of this to happen, although the City will, of course, make every effort to proceed as quickly as possible.

5.     Plaintiffs will not be prejudiced by this stay.   Indeed, the City's proposal tracks that endorsed by the Seventh Circuit in Moore v. Madigan, where that Court stayed its mandate invalidating Illinois' blanket ban on carrying guns in public for 180 days so that Illinois could "craft a new gun law that will impose reasonable limitations, consistent with the public safety and the Second Amendment."   702 F.3d 933, 942 (7th Cir. 2012).   That is precisely what the City intends to do here.   See also Shepard v. Madigan, 734 F.3d 748, 751 (7th Cir. 2013) (plaintiffs'

---

left for the court to do, and therefore, the district court's decision is not final and appealable." Southworth v. Grebe, 124 F.3d 205, 1997 WL 411225, at *2 (7th Cir. Jul. 11, 1997).   On this view, the Rule 58 Judgment was entered prematurely and should be vacated.

If, on the other hand, the Order were deemed to be a "final decision," then a motion under Rule 59(e) would be required to preserve the City's rights while this motion remains pending. Accordingly, in an abundance of caution, the City also requests, pursuant to Fed. R. Civ. P. 59(e), that the Court amend the Order to allow time to enact new regulations.   This will eliminate any ambiguity about the finality of the Order.

"insistence on 'first day' relief" is "untenable" because it is "obvious that transition to a new regime of gun rights [will] require considered, complex [government] action, and therefore [can] not be instantaneous").   Further, Plaintiffs already possess firearms with which to defend themselves, and, should they wish to acquire additional firearms during the stay period, they can do so without significant burden by traveling to adjoining suburbs.   On the other hand, the City and the security of its residents would be severely prejudiced if a stay is denied, as there would be no City ordinances or regulations governing where or how firearm acquisition and transfer can occur, including restrictions intended to reduce acquisition by criminals.   Indeed, the Court recognized that "[t]he stark reality facing the City each year is thousands of shooting victims and hundreds of murders committed with a gun," Order at 1, and that the City may enact "appropriately tailored measures" to "reduc[e] criminal access to firearms."   Order at 34.   The City respectfully submits that a 180-day stay is necessary for the City to do this in a way that both protects public safety and comports with the Second Amendment.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court enter an order staying the effect of the Order and delaying entry of any injunction for 180 days, and vacating the Rule 58 Judgment.

Dated: January 13, 2014.                          Respectfully submitted,

                                                              STEPHEN R. PATTON
                                                              CORPORATION COUNSEL
                                                              CITY OF CHICAGO

BY:      /s/ Andrew Worseck
                                                              One of Its Attorneys

Mardell Nereim
Andrew W. Worseck
William M. Aguiar
Rebecca Hirsch
Constitutional & Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 744-9010

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the Defendants, hereby certifies that on January 13, 2014, he served a copy of the foregoing **Defendants' Motion to Stay and to Delay the Effective Date of Any Injunction, and for Relief Under Fed. R. Civ. P. 59(e)**, on the parties listed below by electronic means pursuant to Electronic Case Filing (ECF):

Charles J. Cooper
David H. Thompson
Peter Patterson
Cooper & Kirk, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036

Stephen Kolodziej
BRENNER FORD MONROE & SCOTT LTD.
33 N. Dearborn Street, Suite 300
Chicago, IL 60602

/s/ Andrew Worseck